IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRONIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

**DEFENDANT HEWLETT-PACKARD COMPANY'S**
**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Hewlett-Packard Company ("Hewlett-Packard"), by and

through its counsel, states as follows for its Answer and Counterclaims:

1.    Plaintiff, St. Clair Intellectual Property Consultants, Inc., is a Michigan
corporation having its principal place of business as 16845 Kercheval Avenue, Suite
Number Two, Gross Pointe, Michigan 48230-1551.

**Hewlett-Packard's Answer to Paragraph #1:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 1 and, on that basis, denies same.

2.    Defendant Samsung Electronics Co., Ltd. is a Korean corporation having
its principal place of business at 250 2-ga Taepyung-ro, Jung-gu, Seoul 100-742, Korea.

**Hewlett-Packard's Answer to Paragraph #2:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 2 and, on that basis, denies same.

3.      Defendant Samsung Electronics America, Inc. is a New York corporation
having its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660.

**Hewlett-Packard's Answer to Paragraph #3:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 3 and, on that basis, denies same.

4.      Defendant Samsung Telecommunications America, L.P. is a Delaware
corporation having its principal place of business at 1301 E. Lookout Drive, Richardson,
TX 75082.

**Hewlett-Packard's Answer to Paragraph #4:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 4 and, on that basis, denies same.

5.      Defendant Matsushita Electric Industrial Co., Ltd. is a Japanese
corporation having its principal place of business at 1006 Oaza Kadoma, Kadoma-shi,
Osaka 571-8501, Japan.

**Hewlett-Packard's Answer to Paragraph #5:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 5 and, on that basis, denies same.

6.      Defendant Matsushita Electric Corporation of America is a Delaware
corporation having its principal place of business at One Panasonic Way, Secaucus, NJ
07094.

**Hewlett-Packard's Answer to Paragraph #6:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 6 and, on that basis, denies same.

      7.      Defendant Victor Company of Japan, Ltd. is a Japanese corporation having its principal place of business at 12 Moriaya-choi 3-chome Kanagawa-ku, Yokohama, Kanagawa 221-8528, Japan.

**Hewlett-Packard's Answer to Paragraph #7:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 7 and, on that basis, denies same.

      8.      Defendant JVC Company of America is a New York corporation having its principal place of business at 1700 Valley Road, Wayne, NJ 07470.

**Hewlett-Packard's Answer to Paragraph #8:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 8 and, on that basis, denies same.

      9.      Defendant Nokia Corporation is a Finnish corporation having its principal place of business at Keilalahdentie 4, P.O. Box 226, Espoo Fin-00045, Finland.

**Hewlett-Packard's Answer to Paragraph #9:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 9 and, on that basis, denies same.

      10.      Defendant Nokia, Inc. is a Delaware corporation having its principal place of business at 6000 Connection Drive, Irving, TX 75039.

**Hewlett-Packard's Answer to Paragraph #10:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 10 and, on that basis, denies same.

11. Defendant Hewlett-Packard Company is a Delaware corporation having its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304.

**Hewlett-Packard's Answer to Paragraph #11:**

Hewlett-Packard admits that it is a Delaware corporation having its principal place of

business at 3000 Hanover Street, Palo Alto, CA 94304.

12. Defendant Eastman Kodak Company is a New Jersey corporation having its principal place of business at 343 State Street, Rochester, NY 14650.

**Hewlett-Packard's Answer to Paragraph #12:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 12, and, on that basis, denies same.

13. This is an action for patent infringement arising under the Acts of Congress relating to patents, including Title 35 United States Code § 271 and §§ 281-285. This Court has subject matter jurisdiction under the provisions of Title 28 United States Code § 1338(a), and venue with respect to the defendants is properly within this district under the provisions of Title 28 United States Code § 1391(b) and (c) and § 1400(b). Personal jurisdiction over Defendants comports with the United States Constitution and 10 Del. C. § 3104 of the Delaware Code because defendants have committed and continue to commit and have contributed and continue to contribute to acts of patent infringement in this district as alleged in this complaint, and with respect to Samsung Telecommunications America, L.P., Matsushita Electric Corporation of America, Nokia, Inc., and Hewlett-Packard Company because they are citizens of this state.

**Hewlett-Packard's Answer to Paragraph #13:**

Hewlett-Packard admits that the Complaint purports to state a claim for patent

infringement, that this Court has subject matter jurisdiction over the claim of patent

infringement, and that it is a citizen of the state of Delaware and, therefore, as to Hewlett-

Packard, venue is proper in this Court. Hewlett-Packard denies that it has committed or

contributed to any of the acts of infringement complained of. Hewlett-Packard is without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 13 and, on that basis, denies same.

14.    On August 11, 1992, United States Letters Patent No. 5,138,459 ("'459
patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC)
Compatible Digital Format Output" was duly and legally issued to Personal Computer
Cameras, Inc., as assignee of the inventors, Mark K. Roberts, Matthew A. Chikosky, and
Jerry A. Speasl. A copy of the '459 patent is attached hereto as Exhibit A.

**Hewlett-Packard's Answer to Paragraph #14:**

Hewlett-Packard admits that a copy of United States Patent No. 5,138,459 ("the '459

Patent") is attached to the Complaint and further states that the document is the best

evidence of its contents. Hewlett-Packard denies the remaining allegations in Paragraph

14.

15.    On or about November 21, 1995, plaintiff St. Clair acquired ownership of
all Personal Computer Cameras, Inc.'s digital camera patents and technology, including
the '459 patent, by assignment.

**Hewlett-Packard's Answer to Paragraph #15:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 15 and, on that basis, denies same.

16.    On July 25, 2000, United States Letters Patent No. 6,094,219 ("'219
patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC
Compatible Digital Format Output" was duly and legally issued to plaintiff St. Clair as
assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl.
A copy of the '219 patent is attached hereto as Exhibit B.

**Hewlett-Packard's Answer to Paragraph #16:**

Hewlett-Packard admits that a copy of United States Patent No. 6,094,219 ("the '219

Patent") is attached to the Complaint and further states that the document is the best

evidence of its contents. Hewlett-Packard denies the remaining allegations in Paragraph

16.

17.    On May 15, 2001, United States Letters Patent No. 6,233,010 ("'010
patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC)
Compatible Digital Format Output" was duly and legally issued to plaintiff St. Clair as
assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl.
A copy of the '010 patent is attached hereto as Exhibit C.

**Hewlett-Packard's Answer to Paragraph #17:**

Hewlett-Packard admits that a copy of United States Patent No. 6,233,010 ("the '010

Patent") is attached to the Complaint and further states that the document is the best

evidence of its contents. Hewlett-Packard denies the remaining allegations in Paragraph

17.

18.    On November 27, 2001, United States Letters Patent No. 6,323,899 ("'899
patent") entitled "Process For Use In Electronic Camera" was duly and legally issued to
plaintiff St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky
and Jerry A. Speasl. A copy of the '899 patent is attached hereto as Exhibit D.

**Hewlett-Packard's Answer to Paragraph #18:**

Hewlett-Packard admits that a copy of United States Patent No. 6,323,899 ("the '899

Patent") is attached to the Complaint and further states that the document is the best

evidence of its contents. Hewlett-Packard denies the remaining allegations in Paragraph

18.

19.     Plaintiff St. Clair has been and is still the owner of the '459, '219, '010 and '899 patents, collectively the "patents-in-suit."

**Hewlett-Packard's Answer to Paragraph #19:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 19 and, on that basis, denies same.

20.     Claims of the patents-in-suit have been construed by this Court in Civil Action No. 01-557 (JJF), by the Court's Memorandum Opinion and Order of September 3, 2002.

**Hewlett-Packard's Answer to Paragraph #20:**

Hewlett-Packard admits that claims of the patents-in-suit were construed by the District

Court in Civil Action No. 01-557-JJF, a separate proceeding between St. Clair

Intellectual Property Consultants, Inc. and Sony Corporation that did not involve and thus

cannot bind Hewlett-Packard by the Court's Memorandum Opinion and Order of

September 3, 2002.

21.     By unanimous jury verdict on February 25, 2003, the jury in Civil Action No. 01-557 (JJF) found 15 asserted claims of the patents-in-suit infringed by digital cameras sold in the United States by Sonly Corporation and awarded damages in the amount of $25,000,000.00.

**Hewlett-Packard's Answer to Paragraph #21:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 21 and, on that basis, denies same.

22.     Sony Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #22:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 22 and, on that basis, denies same.

23.    Nikon Corporation has entered into an agreement with St. Clair to license
the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #23:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 23 and, on that basis, denies same.

24.    Minolta Co., Ltd. has entered into an agreement with St. Clair to license
the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #24:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 24 and, on that basis, denies same.

25.    Olympus Optical Co., Ltd. has entered into an agreement with St. Clair to
license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #25:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 25 and, on that basis, denies same.

26.    Seiko Epson Corporation has entered into an agreement with St. Clair to
license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #26:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies same.

27.    Casio Computer Co., Ltd. has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #27:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies same.

28.    Kyocera Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #28:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies same.

29.    Pentax Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #29:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies same.

30.    Claims of the patents-in-suit have also been construed by this Court in Civil Action No. 03-241 (JJF), by the Court's Memorandum Opinion and Order of August 31, 2004.

**Hewlett-Packard's Answer to Paragraph #30:**

Hewlett-Packard admits that claims of the patents-in-suit were construed by the District

Court in Civil Action No. 03-241-JJF, a separate proceeding between St. Clair

Intellectual Property Consultants, Inc. and Canon Inc. and Fuji Photo Film Co., Ltd. that

did not involve and thus cannot bind Hewlett-Packard by the Court's Memorandum

Opinion and Order of August 31, 2004.

    31.    By unanimous jury verdict on October 8, 2004, the jury in Civil Action
No. 03-241 (JJF) found 16 asserted claims of the patents-in-suit valid and infringed by
digital cameras sold in the United States by Canon Inc. and awarded damages in the
amount of $34,716,482.49.

**Hewlett-Packard's Answer to Paragraph #31:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 31 and, on that basis, denies same.

    32.    By majority jury verdict on October 25, 2004, the jury in Civil Action No.
03-241 (JJF) found 16 asserted claims of the patents-in-suit valid and infringed by digital
cameras sold in the United States by Fuji Photo Film Co., Ltd. and awarded damages in
the amount of $3,003,465.00.

**Hewlett-Packard's Answer to Paragraph #32:**

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 32 and, on that basis, denies same.

    33.    Defendants have made, offered to sell, imported, used and/or sold in this
judicial district and elsewhere in the United States, digital cameras that directly,
contributorily, or by inducement infringe one or more of the claims of the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #33:**

Hewlett-Packard denies the allegations in Paragraph 33 insofar as they are directed to

Hewlett-Packard. Hewlett-Packard is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 33 and, on that

basis, denies same.

34.    Defendants have, by their advertising, product instruction, import and/or
sale of digital cameras in the United States, induced infringement of one or more claims
of the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #34:**

Hewlett-Packard denies the allegations in Paragraph 34 insofar as they are directed to

Hewlett-Packard. Hewlett-Packard is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 34 and, on that

basis, denies same.

35.    The infringement by Defendants of the patents-in-suit has injured St. Clair
and will cause St. Clair added irreparable injury and damage in the future unless
Defendants are enjoined from infringing said patents.

**Hewlett-Packard's Answer to Paragraph #35:**

Hewlett-Packard denies the allegations in Paragraph 35 insofar as they are directed to

Hewlett-Packard. Hewlett-Packard is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 35 and, on that

basis, denies same.

36.    Defendants Samsung Electronics Co., Ltd., Samsung Electronics America,
Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co.,

Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Hewlett-Packard Company, and Eastman Kodak Company have had for some time actual knowledge of the patents-in-suit and have willfully, deliberately, and intentionally infringed the claims of said patents.

**Hewlett-Packard's Answer to Paragraph #36:**

Hewlett-Packard admits that St. Clair informed one of its representatives about the

patents-in-suit prior to the date on which the Complaint in this action was filed.  Hewlett-

Packard denies the remaining allegations in Paragraph 36 insofar as they are directed to

Hewlett-Packard. Hewlett-Packard is without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 36 that are not directed to

Hewlett-Packard and, on that basis, denies same.

37.     A jury trial is demanded on all triable issues, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**Hewlett-Packard's Answer to Paragraph #37:**

St. Clair's request for jury trial does not state factual allegations, and thus no response to

Paragraph 37 is required.

**FIRST DEFENSE**
**(Non-infringement)**

Hewlett-Packard has not infringed, is not now infringing, and is not

threatening to infringe the valid scope, if any, of the patents-in-suit either literally or

under the doctrine of equivalents, or by inducing or contributing to the infringement of

the patents-in-suit.

12

## SECOND DEFENSE
### (Invalidity and/or Unenforceability)

The patents-in-suit are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112.

## THIRD DEFENSE
### (Laches and Estoppel)

Plaintiff is barred by laches from making any claim for damages prior to the date of the complaint and is barred by estoppel from asserting the patents-in-suit against Hewlett-Packard.

## FOURTH DEFENSE
### (Prosecution Laches)

Plaintiff is barred by prosecution laches from asserting one or more of the patents-in-suit against Hewlett-Packard due to Plaintiff's unreasonable delay in prosecution and Hewlett-Packard's intervening adverse rights.

## FIFTH DEFENSE
### (Intervening Rights)

Based upon the pending reexamination proceedings in the United States Patent and Trademark Office, Plaintiff is or may be precluded from any relief for alleged infringement of the claims of the patents-in-suit, based on intervening rights of Hewlett-Packard.

### SIXTH DEFENSE
### (Limitations on Damages)

Plaintiff is precluded from recovering damages from Hewlett-Packard under the statute of limitations for any alleged infringement committed more than six years prior to the filing of the complaint under 35 U.S.C. § 286.

### SEVENTH DEFENSE
### (Marking and Notice)

Plaintiff is precluded from recovering at least a portion of the Plaintiff's claimed damages by its failure to comply with the requirements under 35 U.S.C. § 287.

### EIGHTH DEFENSE
### (Other Defenses Based on Later Discovered Evidence)

Hewlett-Packard reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Defendant Hewlett-Packard Company ("Hewlett-Packard"), counterclaims as follows:

### PARTIES, JURISDICTION AND VENUE

1.      This is a counterclaim for declaratory judgment of non-infringement and invalidity of United States Patent Nos. 5,138,459 ("the '459 patent"); 6,094,219 ("the '219 patent"); 6,233,010 ("the '010 patent"); and 6,323,899 ("the '899 patent") (collectively, "the patents-in-suit").

2.    This counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

3.    This Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 1338(a), 2201 and 2202.

4.    Counterclaim defendant St. Clair Intellectual Property Consultants, Inc., ("St. Clair") is subject to personal jurisdiction in this judicial district.

5.    Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

6.    Counterclaim defendant St. Clair alleges in its Complaint that it is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Gross Pointe, Michigan 48230-1551.

7.    Counterclaim plaintiff Hewlett-Packard is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, CA 94304.

8.    St.Clair claims to be the owner of the patents-in-suit and has sued Hewlett-Packard alleging that it infringes these patents.

9.    Hewlett-Packard does not make, use, sell or offer for sale any products that infringe any valid claims of the patents-in-suit, either literally or under the doctrine of equivalents, and Hewlett-Packard does not induce or contribute to the infringement of the patents-in-suit.

10.    By reason of the commencement of this action, an actual controversy exists between Hewlett-Packard and St. Clair with respect to the validity, enforceability and/or alleged infringement of the patents-in-suit.

## COUNT I

### (Non-Infringement, Invalidity, and Unenforceability of '459 Patent)

11.    Hewlett-Packard realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1-10 of this counterclaim.

12.    Hewlett-Packard does not infringe, contribute to the infringement, or induce the infringement of the valid scope of any claim of the '459 patent, nor has it ever done so.

13.    One or more claims of the '459 patent are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112.

## COUNT II

### (Non-Infringement, Invalidity and Unenforceability of '219 Patent)

14.    Hewlett-Packard realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1-13 of this counterclaim.

15.    Hewlett-Packard does not infringe, contribute to the infringement, or induce the infringement of the valid scope of any claim of the '219 patent, nor has it ever done so.

16.    One or more claims of the '219 patent are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112.

## COUNT III

### (Non-Infringement, Invalidity and Unenforceability of '010 Patent)

17.    Hewlett-Packard realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1-16 of this counterclaim.

18.    Hewlett-Packard does not infringe, contribute to the infringement, or induce the infringement of the valid scope of any claim of the '010 patent, nor has it ever done so.

19.    One or more claims of the '010 patent are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112.

## COUNT IV

### (Non-Infringement, Invalidity and Unenforceability of '899 Patent)

20.    Hewlett-Packard realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1-19 of this counterclaim.

21.    Hewlett-Packard does not infringe, contribute to the infringement, or induce the infringement of the valid scope of any claim of the '899 patent, nor has it ever done so.

22.    One or more claims of the '899 patent are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Hewlett-Packard demands a trial by jury on all issues triable to a jury.

17

## **PRAYER FOR RELIEF**

WHEREFORE, Hewlett-Packard respectfully requests this Court to dismiss the Complaint of the Plaintiff with prejudice and with costs and attorneys fees to Defendant; and

WHEREFORE, Hewlett-Packard asks that the Court enter judgment for the Defendant and against the Plaintiff as follows:

A.    Declaring that Hewlett-Packard does not infringe any claim of the patents-in-suit, or contribute to, or induce such infringement;

B.    Declaring that the claims of the patents-in-suit are, as to each of the claims asserted against Hewlett-Packard, invalid, unenforceable and void in law;

C.    Declaring this to be an exceptional case and awarding Hewlett-Packard its costs and attorneys fees pursuant to 35 U.S.C. § 285;

D.    Granting such additional relief as the Court may deem appropriate.


Of Counsel:

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764
Telephone:  312.832.4500
Facsimile:  312.832.4700

Bruce Kuyper
**LATHAM & WATKINS LLP**
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

Dated:  April 15, 2005

**POTTER ANDERSON & CORROON LLP**

By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, Delaware 19801
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*Hewlett-Packard Company*

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 15, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

George H. Seitz, III
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899
(302) 888-0600
Email: gseitz@svglaw.com

Patricia Pyles McGonigle
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899
(302) 888-0600
Email: pmcgonigle@svglaw.com

Steven J. Balick (No.2114)
Ashby & Geddes
222 Delaware Avenue
17th Floor
Wilmington, DE  19801
Telephone:  (302) 654-1888
sbalick@ashby-geddes.com

David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware  19899-0951
Tel:  (302) 984-6000
E-mail: dmoore@potteranderson.com

678366v1