IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 04-1436-JJF |
| v. | ) ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOM AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S
FIRST AMENDED COMPLAINT BY MATSUSHITA ELECTRIC INDUSTRIAL
CO., LTD., MATSUSHITA CORPORATION OF AMERICA (NOW KNOWN AS
PANASONIC CORPORATION OF AMERICA), VICTOR COMPANY OF JAPAN,
LTD., AND JVC COMPANY OF AMERICA AND DEMAND FOR JURY TRIAL**

Defendants Matsushita Electric Industrial Co., Ltd., Matsushita Corporation Of America (now known as Panasonic Corporation Of America), Victor Company Of Japan, Ltd., and JVC Company Of America (collectively, the "answering defendants"), by their undersigned attorneys, hereby respond to the First Amended Complaint filed by Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), as follows:

## **GENERAL DENIAL**

Unless specifically admitted below, the answering defendants deny each and every allegation contained in the First Amended Complaint.

## **RESPONSE TO SPECIFIC ALLEGATIONS**

In answer to the separately numbered paragraphs in the First Amended Complaint, the answering defendants state the following:

1. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis deny those allegations.

2. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and on that basis deny those allegations.

3. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis deny those allegations.

4. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and on that basis deny those allegations.

5. The allegations in paragraph 5 are admitted.

6. The answering defendants deny that Matsushita Corporation of America is the correct name for the corporate entity. The remaining allegations in paragraph 6 are admitted.

7. The allegations of paragraph 7 are admitted.

8. The allegations of paragraph 8 are admitted.

9. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis deny those allegations.

10. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis deny those allegations.

11. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and on that basis deny those allegations.

12. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis deny those allegations.

13. The answering defendants admit that this is an action for purported patent infringement and that the this Court has subject matter jurisdiction over the action. As to Matsushita Electric Industrial Corporation and Victor Company of Japan, Ltd., the answering defendants deny that venue is proper and that the Court has personal jurisdiction. As to Matsushita Corporation of America (now know as Panasonic Corporation of America) and JVC Company of America, the answering defendants admit that venue is proper. The remaining allegations in paragraph 13 are denied as to the answering defendants. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 concerning other defendants and on that basis deny those allegations.

14. The answering defendants admit that U.S. Patent No. 5,138,459 (the "'459 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC)

Compatible Digital Format Output," issued on August 11, 1992, and names Marc K. Roberts, Matthew A Chikosky and Jerry A. Speasl as inventors. On information and belief, The answering defendants deny the remaining allegations in paragraph 14.

15. On information and belief, the allegations in paragraph 15 are denied.

16. The answering defendants admit that U.S. Patent No. 6,094,219 (the "'219 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," issued on July 25, 2000, and names Marc K. Roberts, Matthew A Chikosky and Jerry A. Speasl as inventors. On information and belief, the answering defendants deny the remaining allegations in paragraph 16.

17. The answering defendants admit that U.S. Patent No. 6,233,010 (the "'010 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," issued on May 15, 2001, and names Marc K. Roberts, Matthew A Chikosky and Jerry A. Speasl as inventors. On information and belief, the answering defendants deny the remaining allegations in paragraph 17.

18. The answering defendants admit that U.S. Patent No. 6,233,899 (the "'899 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," issued on November 27, 2001, and names Marc K. Roberts, Matthew A Chikosky and Jerry A. Speasl as inventors. On information and belief, the answering defendants deny the remaining allegations in paragraph 18.

19. On information and belief, the allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are admitted.

21. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis deny those allegations.

22. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis deny those allegations.

23. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and on that basis deny those allegations.

24. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis deny those allegations.

25. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and on that basis deny those allegations.

26. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and on that basis deny those allegations.

27. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and on that basis deny those allegations.

28. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and on that basis deny those allegations.

29. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and on that basis deny those allegations.

30. The allegations in paragraph 30 are admitted.

31. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and on that basis deny those allegations.

32. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and on that basis deny those allegations.

33. The allegations in paragraph 33 are denied as to the answering defendants. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 concerning other defendants and on that basis deny those allegations.

34. The allegations in paragraph 34 are denied as to the answering defendants. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 concerning other defendants and on that basis deny those allegations.

35. The allegations in paragraph 35 are denied as to the answering defendants. The answering defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 35 concerning other defendants and on that basis deny those allegations.

36. The allegations in paragraph 36 are denied as to the answering defendants. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 concerning other defendants and on that basis deny those allegations.

37. The allegations in paragraph 37 constitute an jury demand and require no answer. The answering defendants also demands trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Further answering St. Clair's Complaint, the answering defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

38. As to Matsushita Electric Industrial Corporation and Victor Company of Japan, Ltd., the court lacks personal jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

39. The answering defendants do not infringe and have not infringed any claim of the '459, '219, '010, and '899 patents (collectively, the "patents-in-suit").

### THIRD AFFIRMATIVE DEFENSE

40. The claims of the patents-in-suit are invalid for failure to meet the requirements of patentability under 35 United States Code § 101 *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

41. At least a portion of St. Clair's claim for damages is barred by failure to comply with the requirements of 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE

42. St. Clair's claim for relief regarding the '219, '010 and '899 patents is barred by the doctrine of prosecution laches.

## SIXTH AFFIRMATIVE DEFENSE

43. On information and belief, the patents-in-suit, which are all closely related, are unenforceable for inequitable conduct because Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl, working with their attorneys and/or St. Clair, during the pendency of one or more of the applications for the patents-in-suit, withheld information from the U.S. Patent and Trademark Office ("PTO) with the intent to deceive the PTO. This information would have been important and material to the prosecution of the patents-in-suit. On information and belief, the withheld information included the following:

- The best mode for producing the claimed invention
- U.S. Patent No. 4,262,301 to Erlichman
- The Canon XapShot camera
- The Dycam Model 1 camera
- The following patent documents:

| U.S. Patent No. 4,074,324 Barrett | U.S. Patent No. 4,829,383 Harase | U.S. Patent No. 5,032,927 Watanabe |
|---|---|---|
| U.S. Patent No. 4,131,919 Lloyd | U.S. Patent No. 4,837,628 Sasaki | U.S. Patent No. 5,138,459 Roberts |
| U.S. Patent No. 4,302,776 Taylor | U.S. Patent No. 4,847,677 Music | U.S. Patent No. 5,164,831 Kuchta |
| U.S. Patent No. 4,420,773 Toyoda | U.S. Patent No. 4,903,132 Yamawaki | U.S. Patent No. 5,170,262 Kinoshita |
| U.S. Patent No. 4,456,931 Toyoda | U.S. Patent No. 4,905,092 Koshiishi | U.S. Patent No. 5,231,501 Sakai |
| U.S. Patent No. 4,571,638 Schneider | U.S. Patent No. 4,943,850 Asalda | 63-284987 JP |
| U.S. Patent No. 4,614,977 Kawahara | U.S. Patent No. 4,963,986 Fukutama | 9030076.5 EPO |

| U.S. Patent No. 4,803,554 Pape | U.S. Patent No. 4,972,266 Tani | 0390421/A1 EPA |
| U.S. Patent No. 4,827,347 Bell | U.S. Patent No. 5,018,017 Sasaki | |

- The following publications:

    Robinson, Phillip, The Still Video Picture: Numerous Uses For Still Video Technology, COMPUTER GRAPHICS WORLD, vol. 13 no. 2, Feb. 1991, at 69.

    Eikonix, New Release, Atlanta GA, Sep. 29, 1988.

    Electronics World & Wireless World, Oct. 1990.

    Holland, Samuel D., Digital Electronic Still Camera, NASA TECH BRIEFS, June 30, 1993 at 39.

    How Sony Beat Digital-Camera Rivals, THE WALL STREET JOURNAL, Jan. 25, 1999, at B1

    Izawa, F. et al., Digital Still Video Camera Using Semiconductor Memory Card, IEEE TRANSACTIONS ON CONSUMER ELECTRONICS, Feb. 1990.

    Laser Focus World, ELECTRONIC IMAGING, Apr. 1990, at 72.

    MACINTOSH®, System Software User's Guide, ver. 6.0, 1988.

    Personal Vision™, Live Video/Frame Grabber For Macintosh II, Orange Micro, Inc., 1989.

## SEVENTH AFFIRMATIVE DEFENSE

44.  On information and belief, St. Clair does not own the patents-in-suit and lacks standing to bring this action.

## COUNTERCLAIMS

The answering defendants, for their counterclaims against St. Clair, allege as follows:

## GENERAL ALLEGATIONS

45.  Paragraphs 1 through 44 of the Answer and Affirmative Defenses raised by the answering defendants are incorporated by reference as though fully pleaded herein.

9

## JURISDICTION AND VENUE

46. An actual controversy regarding the patent-in-suit exists between St. Clair and the answering defendants. In their counterclaims, the answering defendants seek to obtain a judgment declaring that the patents-in-suit are invalid, not infringed by the answering defendants, and unenforceable. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, §§ 2201 and 2202, and Title 35 of the United States Code. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a) and 2201 *et seq*. Venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement)

47. The answering defendants do not directly, contributorily, or by inducement, infringe any claim of the patents-in-suit, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity)

48. The patents-in-suit, and each claim thereof, are invalid because they fail to comply with the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101 *et seq*.

## THIRD COUNTERCLAIM

### (Declaration of Unenforceability)

49. Paragraph 43 of the Answer and Affirmative Defenses raised by the answering defendants is incorporated by reference as though fully pleaded herein.

50. The patents-in-suit are unenforceable due to inequitable conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE, the answering defendants prays for judgment:**

A. Entering judgment against Plaintiff and in favor of the answering defendants with respect to Plaintiff's Complaint and the answering defendants' affirmative defenses;

B. Denying all remedies and relief sought by Plaintiff in its Complaint;

C. Dismissing the Complaint with prejudice;

D. Declaring that the answering defendants and their customers do not infringe and have not infringed any of the claims of the patents-in-suit;

E. Declaring that the patents-in-suit are invalid;

F. Declaring that the patents-in-suit are not enforceable.

F. Declaring that this case is an exceptional case under 35 U.S.C. § 285 and awarding the answering defendants their costs, attorneys' fees, and expenses; and

G. Awarding the answering defendants any other and further relief as the Court may deem just and proper.

## REQUEST FOR JURY TRIAL

The answering defendants demand a trial by jury for all issues so triable.

                        ASHBY & GEDDES

                        /s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Matsushita Electric Industrial Co., Ltd,. Matsushita Corporation Of America (now known as Panasonic Corporation Of America), Victor Company Of Japan, Ltd., and JVC Company Of America*

*Of Counsel:*

Stuart Lubitz
Bruce G. Chapman
David A. Ben-Meir
HOGAN & HARTSON LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 789-5100

Dated: April 15, 2005
155898.1

12

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day April, 2005, the attached **ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT BY MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA CORPORATION OF AMERICA (NOW KNOWN AS PANASONIC CORPORATION OF AMERICA), VICTOR COMPANY OF JAPAN, LTD., AND JVC COMPANY OF AMERICA AND DEMAND FOR JURY TRIAL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| George H. Seitz, III, Esquire<br>Seitz, Van Ogtrop & Green, P.A.<br>222 Delaware Avenue, Suite 1500<br>P.O Box 68<br>Wilmington, DE  19899 | **VIA ECF FILE AND SERVE** |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899 | **VIA ECF FILE AND SERVE** |
| Josy W. Ingersoll, Esquire<br>Young, Conaway, Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899 | **VIA ECF FILE AND SERVE** |
| Jack B. Blumenfeld, Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899 | **VIA ECF FILE AND SERVE** |

David Ellis Moore, Esquire  
Potter Anderson & Corroon, LLP  
1313 N. Market Street  
Hercules Plaza, 6th Floor  
P.O. Box 951  
Wilmington, DE  19899

<u>VIA ECF FILE AND SERVE</u>

*/s/ John G. Day*
John G. Day

155267.1