## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. )))) | |
| Plaintiff, )) | |
| v. )) | C.A. No. 04-1436 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, ))))))))))) | **JURY TRIAL DEMANDED** |
| Defendants. )) | |

### DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, L.P.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, L.P. (collectively "Samsung Defendants") hereby answer the allegations of the First Amended Complaint for Patent Infringement ("First Amended Complaint") of Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") as follows:

1.      Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore deny them.

2.      Samsung Defendants admit the allegations contained in paragraph 2.

3.      Samsung Defendants admit the allegations contained in paragraph 3.

4.      Samsung Defendants admit the allegations contained in paragraph 4.

5.      Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore deny them.

6.      Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore deny them.

7.      Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore deny them.

8.      Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore deny them.

9.      Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore deny them.

10.     Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore deny them.

11.     Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore deny them.

12.     Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore deny them.

13.     The allegations in paragraph 13 state legal conclusions to which no response is required.  To the extent a response is deemed to be required, Samsung Defendants do not dispute that the First Amended Complaint purports to assert an action for patent infringement under the laws of the United States, that this Court has subject matter jurisdiction over the purported action, and that venue as to Samsung Defendants is proper in this Court.  Samsung Defendants, however, deny that they have committed or contributed to any of the acts of infringement alleged in the First Amended Complaint and deny that there is any legal or factual basis for any claim of

2

this purported action.  To the extent paragraph 13 contains any other or different allegations directed to Samsung Defendants, Samsung Defendants deny them.  With respect to the allegations contained in paragraph 13 that are directed at defendants other than Samsung Defendants, Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

14.    Samsung Defendants admit that a document purporting to be a copy of United States Patent No. 5,138,459 ("the '459 patent") is attached to the First Amended Complaint and that, on its face, the '459 patent indicates an issue date of August 11, 1992, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and names Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors.  On information and belief, Samsung Defendants deny that the '459 patent was duly and legally issued, and deny all remaining allegations contained in paragraph 14.

15.    On information and belief, Samsung Defendants deny the allegations contained in paragraph 15.

16.    Samsung Defendants admit that a document purporting to be a copy of United States Patent No. 6,094,219 ("the '219 patent") is attached to the First Amended Complaint and that, on its face, the '219 patent indicates an issue date of July 25, 2000, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and names Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors.  On information and belief, Samsung Defendants deny that the '219 patent was duly and legally issued, and deny all remaining allegations contained in paragraph 16.

17.    Samsung Defendants admit that a document purporting to be a copy of United States Patent No. 6,233,010 ("the '010 patent") is attached to the First Amended Complaint and

3

that, on its face, indicates an issue date of May 15, 2001, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and names Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors. On information and belief, Samsung Defendants deny that the '010 patent was duly and legally issued, and deny all remaining allegations contained in paragraph 17.

18.      Samsung Defendants admit that a document purporting to be a copy of United States Patent No. 6,323,899 ("the '899 patent") is attached to the First Amended Complaint and that, on its face, indicates an issue date of November 27, 2001, is entitled "Process for Use in Electronic Camera," and names Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors. On information and belief, Samsung Defendants deny that the '899 patent was duly and legally issued, and deny all remaining allegations contained in paragraph 18.

19.      On information and belief, Samsung Defendants deny the allegations contained in paragraph 19.

20.      Samsung Defendants admit that various claim terms of the patents-in-suit were construed by the Court's Memorandum Opinion and Order of September 3, 2002 in Civil Action No. 01-557-JJF, a separate proceeding between St. Clair and Sony Corporation that did not involve Samsung Defendants. To the extent paragraph 20 contains any other or different allegations, Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

21.      Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore deny them.

22.      Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore deny them.

4

23.    Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore deny them.

24.    Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore deny them.

25.    Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore deny them.

26.    Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore deny them.

27.    Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and therefore deny them.

28.    Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and therefore deny them.

29.    Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and therefore deny them.

30.    Samsung Defendants admit that various claim terms of the patents-in-suit were construed by the Court's Memorandum Opinion and Order of August 31, 2004 in Civil Action No. 03-241-JJF, a separate proceeding between St. Clair and Canon Inc. and Fuji Photo Film Co., Ltd. that did not involve Samsung Defendants.  To the extent paragraph 30 contains any other or different allegations, Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

31.    Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and therefore deny them.

5

32.     Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and therefore deny them.

33.     Samsung Defendants deny the allegations contained in paragraph 33 that are directed to Samsung Defendants.  With respect to the allegations contained in paragraph 33 that are directed at defendants other than Samsung Defendants, Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

34.     Samsung Defendants deny the allegations contained in paragraph 34 that are directed to Samsung Defendants.  With respect to the allegations contained in paragraph 34 that are directed at defendants other than Samsung Defendants, Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

35.     Samsung Defendants deny the allegations contained in paragraph 35 that are directed to Samsung Defendants.  With respect to the allegations contained in paragraph 35 that are directed at defendants other than Samsung Defendants, Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

36.     Samsung Defendants deny the allegations contained in paragraph 36 that are directed to Samsung Defendants.  With respect to the allegations contained in paragraph 36 that are directed at defendants other than Samsung Defendants, Samsung Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

WP3:1107927.1                    999999.0755

37.    The allegations contained in paragraph 37 state a demand for jury trial to which no response is required.  To the extent a response is deemed to be required, Samsung Defendants admit that St. Clair has demanded a jury trial, but deny that St. Clair is entitled to any relief in this action from either Samsung Defendants or this Court, including the relief sought in paragraphs 37(a)-(g), or otherwise.

38.    Samsung Defendants deny any of the allegations of the First Amended Complaint not specifically admitted in the responses set forth in paragraphs 1-37 above.

## DEFENSES

39.    Samsung Defendants allege and assert the following defenses in response to the allegations of the First Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE

40.    The First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

41.    Samsung Defendants do not and have not infringed any valid and enforceable claim of the '459, '219, '010 and '899 patents (collectively, "patents-in-suit"), either directly or indirectly, nor literally or under the doctrine of equivalents.

## THIRD DEFENSE

42.    Samsung Defendants do not and have not willfully infringed any valid and enforceable claim of the patents-in-suit.

7

**FOURTH DEFENSE**

43.     The claims of the patents-in-suit are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

**FIFTH DEFENSE**

44.     St. Clair's claims for relief are barred in whole or in part by the statute of limitations set forth in 35 U.S.C. § 286.

**SIXTH DEFENSE**

45.     St. Clair's claims for relief are barred in whole or in part by failure to comply with the requirements of 35 U.S.C. § 287.

**SEVENTH DEFENSE**

46.     St. Clair's claims for relief are barred in whole or in part by the doctrine of laches.

**EIGHTH DEFENSE**

47.     St. Clair's claims for relief are barred in whole or in part by the doctrine of prosecution laches.

**NINTH DEFENSE**

48.     St. Clair's claims for relief are barred in whole or in part by the doctrine of equitable estoppel.

**TENTH DEFENSE**

49.     Depending on the outcome of pending reexamination proceedings in the USPTO, St. Clair's claims for relief are or may be barred in whole or in part by Samsung Defendants' intervening rights.

WP3:1107927.1          999999.0755

### ELEVENTH DEFENSE

50.    St. Clair's claims for relief are barred in whole or in part by the doctrine of double patenting.

### TWELFTH DEFENSE

51.    On information and belief, St. Clair's claims for relief are barred in whole or in part by the doctrine of unclean hands, at least because St. Clair has alleged that Samsung Defendants and other defendants are liable to St. Clair for alleged infringement of the patents-in-suit, although St. Clair knew or should have known of another entity's (Mirage Systems, Inc.) asserted ownership of the patents-in-suit.

### THIRTEENTH DEFENSE

52.    On information and belief, St. Clair does not own the patents-in-suit and lacks standing to bring this action.

### FOURTEENTH DEFENSE

53.    On information and belief, not all owners of the patents-in-suit have been joined as plaintiffs in this action.

### FIFTEENTH DEFENSE

54.    St. Clair has improperly joined Samsung Defendants in this action in violation of Fed. R. Civ. P. 20(a).

### SIXTEENTH DEFENSE

55.    Samsung Defendants reserve their right to assert any additional defenses to St. Clair's claims as they become known and to adopt and rely upon any defenses asserted by other parties in this proceeding.

WP3:1107927.1        999999.0755

## COUNTERCLAIMS

56.     Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, L.P. (collectively "Samsung Counterclaim-Plaintiffs"), for their counterclaims against St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), state as follows:

57.     Counterclaim-Plaintiff Samsung Electronics Co., Ltd. is a Korean corporation having its principal place of business at 250 2-ga Taepyung-ro, Jung-gu, Seoul 100-742, Korea.

58.     Counterclaim-Plaintiff Samsung Electronics America, Inc. is a New York corporation having its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660.

59.     Counterclaim-Plaintiff Samsung Telecommunications America, L.P. is a Delaware corporation having its principal place of business at 1301 E. Lookout Drive, Richardson, TX 75082.

60.     Counterclaim-Defendant St. Clair is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Grosse Pointe, Michigan, 48230-1551.

61.     This is an action for a declaration of non-infringement, invalidity and unenforceability of all claims of the patents-in-suit, arising under the Patent Laws of the United States, Title 35 U.S.C. § 100 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

62.     This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

63.     This Court has personal jurisdiction over St. Clair at least because St. Clair has commenced the underlying patent infringement action in this Court.

WP3:1107927.1          999999.0755

64.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a), and by virtue of St. Clair's admissions in the First Amended Complaint that venue is proper in this district.

## COUNT I

### (Declaratory Judgment Action for Declaration of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 5,138,459)

65.     Samsung Counterclaim-Plaintiffs repeat and reallege the allegations of paragraphs 56-64 as if fully set forth herein.

66.     St. Clair claims to be the owner of the '459 patent.

67.     St. Clair has initiated a civil action against Samsung Counterclaim-Plaintiffs by filing the First Amended Complaint in this Court alleging that Samsung Counterclaim-Plaintiffs have infringed one or more claims of the '459 patent.

68.     Samsung Counterclaim-Plaintiffs have not infringed, and do not infringe, any valid and enforceable claim of the '459 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

69.     The claims of the '459 patent are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

70.     As evidenced by St. Clair's First Amended Complaint against Samsung Counterclaim-Plaintiffs, and Samsung Counterclaim-Plaintiffs' denials, defenses and counterclaims, an actual case or controversy exists between St. Clair and Samsung Counterclaim-Plaintiffs concerning the non-infringement, invalidity and unenforceability of one or more claims of the '459 patent, and that controversy is ripe for adjudication by this Court.

71.    Samsung Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid and enforceable claim of the '459 patent, and that the claims of the '459 patent are invalid and/or unenforceable.

## COUNT II

### (Declaratory Judgment Action for Declaration of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 6,094,219)

72.    Samsung Counterclaim-Plaintiffs repeat and reallege the allegations of paragraphs 56-71 as if fully set forth herein.

73.    St. Clair claims to be the owner of the '219 patent.

74.    St. Clair has initiated a civil action against Samsung Counterclaim-Plaintiffs by filing the First Amended Complaint in this Court alleging that Samsung Counterclaim-Plaintiffs have infringed one or more claims of the '219 patent.

75.    Samsung Counterclaim-Plaintiffs have not infringed, and do not infringe, any valid and enforceable claim of the '219 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

76.    The claims of the '219 patent are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

77.    As evidenced by St. Clair's First Amended Complaint against Samsung Counterclaim-Plaintiffs, and Samsung Counterclaim-Plaintiffs' denials, defenses and counterclaims, an actual case or controversy exists between St. Clair and Samsung Counterclaim-Plaintiffs concerning the non-infringement, invalidity and unenforceability of one or more claims of the '219 patent, and that controversy is ripe for adjudication by this Court.

78.     Samsung Counterclaim-Plaintiffs are entitled to a declaratory judgment that they
have not infringed, and are not infringing, any valid and enforceable claim of the '219 patent,
and that the claims of the '219 patent are invalid and/or unenforceable.

## COUNT III

### (Declaratory Judgment Action for Declaration of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 6,233,010)

79.     Samsung Counterclaim-Plaintiffs repeat and reallege the allegations of paragraphs
56-78 as if fully set forth herein.

80.     St. Clair claims to be the owner of the '010 patent.

81.     St. Clair has initiated a civil action against Samsung Counterclaim-Plaintiffs by
filing the First Amended Complaint in this Court alleging that Samsung Counterclaim-Plaintiffs
have infringed one or more claims of the '010 patent.

82.     Samsung Counterclaim-Plaintiffs have not infringed, and do not infringe, any
valid and enforceable claim of the '010 patent, either directly or indirectly, and either literally or
under the doctrine of equivalents.

83.     The claims of the '010 patent are invalid and/or unenforceable for failure to
comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of
the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

84.     As evidenced by St. Clair's First Amended Complaint against Samsung
Counterclaim-Plaintiffs, and Samsung Counterclaim-Plaintiffs' denials, defenses and
counterclaims, an actual case or controversy exists between St. Clair and Samsung
Counterclaim-Plaintiffs concerning the non-infringement, invalidity and unenforceability of one
or more claims of the '010 patent, and that controversy is ripe for adjudication by this Court.

85.    Samsung Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid and enforceable claim of the '010 patent, and that the claims of the '010 patent are invalid and/or unenforceable.

## COUNT IV

**(Declaratory Judgment Action for Declaration of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 6,323,899)**

86.    Samsung Counterclaim-Plaintiffs repeat and reallege the allegations of paragraphs 56-85 as if fully set forth herein.

87.    St. Clair claims to be the owner of the '899 patent.

88.    St. Clair has initiated a civil action against Samsung Counterclaim-Plaintiffs by filing the First Amended Complaint in this Court alleging that Samsung Counterclaim-Plaintiffs have infringed one or more claims of the '899 patent.

89.    Samsung Counterclaim-Plaintiffs have not infringed, and are not infringing, any valid and enforceable claim of the '899 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

90.    The claims of the '899 patent are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

91.    As evidenced by St. Clair's First Amended Complaint against Samsung Counterclaim-Plaintiffs, and Samsung Counterclaim-Plaintiffs' denials, defenses and counterclaims, an actual case or controversy exists between St. Clair and Samsung Counterclaim-Plaintiffs concerning the non-infringement, invalidity and unenforceability of one or more claims of the '899 patent, and that controversy is ripe for adjudication by this Court.

14

92.    Samsung Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid and enforceable claim of the '899 patent, and that the claims of the '899 patent are invalid and/or unenforceable.

## DEMAND FOR JURY TRIAL

93.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Samsung Counterclaim-Plaintiffs demand a trial by jury on all issues so triable.

94.

## REQUEST FOR RELIEF ON THEIR COUNTERCLAIMS

WHEREFORE, Samsung Counterclaim-Plaintiffs request that the Court enter a judgment in its favor and against St. Clair as follows:

A.    Dismissing with prejudice St. Clair's First Amended Complaint in its entirety as it relates to Samsung Defendants;

B.    Denying all remedies and relief sought by St. Clair in its First Amended Complaint;

C.    Declaring that Samsung Counterclaim-Plaintiffs have not infringed, and are not infringing, any valid and enforceable claim of the patents-in-suit, either directly or indirectly, and either literally or under the doctrine of equivalents;

D.    Declaring that the claims of the patent-in-suit are invalid, unenforceable and void in law;

E.    Declaring this to be an exceptional case and awarding Samsung Defendants its costs, attorneys' fees, and expenses pursuant to 35 U.S.C. § 285; and

15

F.    Granting such other and further relief as the Court may deem just and proper.

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: _Karen E Keller_

Of Counsel:

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
**KIRKLAND & ELLIS LLP**
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

Dated April 29, 2005

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
kkeller@ycst.com

*Attorneys for Defendants/Counterclaim-Plaintiffs
Samsung Electronics Co., Ltd., Samsung
Electronics America, Inc., and Samsung
Telecommunications America, L.P.*

16

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 29, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

George H. Seitz, III, Esquire
Seitz Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Steven J. Balick, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19801

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, Hercules Plaza
Wilmington, DE 19801

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

I further certify that on April 29, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

Donald L. Rhoads, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Karen E. Keller  (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Samsung Electronics Co., Ltd., Samsung
Electronics America, Inc., Samsung Telecom America, L.L.P