**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., ) ) )   Plaintiff,                     ) )      v.                                        ) )  SAMSUNG ELECTRONICS CO., LTD.,      ) SAMSUNG ELECTRONICS AMERICA, INC., ) SAMSUNG TELECOMMUNICATIONS         ) AMERICA, L.P., MATSUSHITA ELECTRIC ) INDUSTRIAL CO., LTD., MATSUSHITA    ) ELECTRIC CORPORATION OF AMERICA,   ) VICTOR COMPANY OF JAPAN, LTD.,      ) JVC COMPANY OF AMERICA, NOKIA      ) CORPORATION, NOKIA, INC., HEWLETT- ) PACKARD COMPANY, EASTMAN KODAK    ) COMPANY,                                ) )   Defendants.                   ) | C.A. No. 04-1436 (JJF)   **JURY TRIAL DEMANDED** |

**ANSWER OF NOKIA CORPORATION AND NOKIA, INC.
TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS OF NOKIA, INC.**

Defendants Nokia Corporation and Nokia, Inc. (collectively "Nokia"), by and through their undersigned counsel, respond to the First Amended Complaint (the "Complaint") of St. Clair Intellectual Property Consultants, Inc. ("St. Clair" or "Plaintiff") and assert counterclaims as follows:

1-8.   Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 8 of the Complaint, and therefore denies the allegations contained therein.

9-10.   Nokia admits the allegations contained in paragraphs 9 and 10 of the Complaint.

11-12.   Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11 and 12 of the Complaint, and therefore denies the allegations contained therein.

13.   Nokia admits that the Complaint purports to be an action for patent infringement and that venue is proper in this Court.  Nokia admits that Nokia, Inc. is incorporated in Delaware.  Nokia admits that it has transacted business in this judicial district, but denies that such business included any acts of patent infringement and denies that this Court has subject matter jurisdiction.  No answer is required to the allegations contained in paragraph 13 insofar as they are directed at defendants other than Nokia.  Except as so admitted and where no answer is required, Nokia denies each and every allegation of paragraph 13 of the Complaint.

14.   Nokia admits that, on its face, U.S. Patent No. 5,138,459 ("'459 Patent") indicates an issue date of August 11, 1992, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and lists Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and Personal Computer Cameras, Inc. as the assignee.  Nokia denies that the '459 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 14 of the Complaint.

15.   Nokia denies the allegations contained in paragraph 15 of the Complaint.

16.   Nokia admits that, on its face, U.S. Patent No. 6,094,219 ("'219 Patent) indicates an issue date of July 25, 2000, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and lists Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and St. Clair Intellectual Property Consultants, Inc. as the assignee.  Nokia denies that the '219 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 16 of the Complaint.

17. Nokia admits that, on its face, U.S. Patent No. 6,233,010 ("'010 Patent") indicates an issue date of May 15, 2001, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and lists Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and St. Clair Intellectual Property Consultants, Inc. as the assignee. Nokia denies that the '010 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 17 of the Complaint.

18. Nokia admits that, on its face, U.S. Patent No. 6,323,899 ("'899 Patent") indicates an issue date of November 27, 2001, is entitled "Process For Use In Electronic Camera," and lists Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and St. Clair Intellectual Property Consultants, Inc. as the assignee. Nokia denies that the '899 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 18 of the Complaint.

19. Nokia denies the allegations contained in paragraph 19 of the Complaint.

20. Nokia admits that certain claim terms of the patents-in-suit were construed by the Court's Memorandum Opinion and Order of September 3, 2002 in Civil Action No. 01-557-JJF, which was based on submissions as to which Nokia had no input or involvement. Except as so admitted, Nokia denies each and every allegation of paragraph 20 of the Complaint.

21. Nokia denies the allegations contained in paragraph 21 of the Complaint.

22-29. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22 through 29 of the Complaint.

30. Nokia admits that certain claim terms of the patents-in-suit were construed by the Court's Memorandum Opinion and Order of August 31, 2004 in Civil Action No. 03-241-JJF,

which was based on submissions as to which Nokia had no input or involvement. Except as so admitted, Nokia denies each and every allegation of paragraph 30 of the Complaint.

31-32. Nokia denies the allegations of paragraphs 31 and 32 of the Complaint.

33-36. Nokia denies the allegations contained in paragraphs 33 through 36 insofar as they are directed to Nokia. No answer is required to the allegations contained in paragraphs 33 through 36 insofar as they are directed to defendants other than Nokia. Except as so admitted and where no answer is required, Nokia denies each and every allegation of paragraphs 33 through 36 of the Complaint.

37. Nokia admits that Plaintiff has demanded a jury trial.

## FIRST DEFENSE

38. Plaintiff is not entitled to any relief against Nokia because Nokia has not infringed the patents-in-suit, has not actively induced infringement of the patents-in-suit, and has not contributed to infringement of the patents-in-suit.

## SECOND DEFENSE

39. The claims of the patents-in-suit are invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

## THIRD DEFENSE

40. The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

41. Plaintiff has neither ownership nor other rights in the patents-in-suit and this Court lacks subject matter jurisdiction over the subject matter of the Complaint.

**FIFTH DEFENSE**

42. The relief sought by Plaintiff is banned in whole or in part by the doctrine of prosecution history estoppel.

**SIXTH DEFENSE**

43. The relief sought by Plaintiff is barred in whole or in part by the doctrine of estoppel.

**SEVENTH DEFENSE**

44. The relief sought by Plaintiff is barred in whole or in part by the doctrine of laches.

**EIGHTH DEFENSE**

45. The relief sought by Plaintiff is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

**NINTH DEFENSE**

46. Depending upon the outcome of the pending re-examination proceedings in the United States Patent and Trademark Office, Plaintiff's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

**TENTH DEFENSE**

47. At least a portion of Plaintiff's claim for damages for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

**ELEVENTH DEFENSE**

48. The relief sought by Plaintiff is barred in whole or in part by the doctrine of unclean hands.

**TWELFTH DEFENSE**

49.     St. Clair's demand in this action for relief including for injunctive relief and for damages is barred by virtue of the delay in prosecuting the '219, '010 and '899 patents.

**THIRTEENTH DEFENSE**

50.     The relief sought by Plaintiff is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Nokia, for its counterclaims against St. Clair, alleges as follows:

1.     These are counterclaims for declarations of non-infringement, invalidity, and unenforceability of one or more claims of U.S. Patent Nos. 5,138,459, 6,094,219, 6,233,010, and 6,323,899, collectively the "patents-in-suit."

2.     The counterclaim plaintiff Nokia, Inc. is a Delaware corporation having its principal place of business at 6000 Connection Drive, Irving, TX 75039.

3.     The counterclaim defendant St. Clair Intellectual Property Consultants, Inc. ("St. Clair") alleges in its Complaint that it is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Gross Pointe, Michigan 48230-1551.

4.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5.     St. Clair has sued Nokia claiming that St. Clair is the owner of the patents-in-suit and accusing Nokia of infringing the patents-in-suit.

6.     An actual case and controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in-suit, and that controversy is ripe for adjudication by this Court.

## COUNT I

## ('459 Patent)

7.  Paragraphs 1-6 are realleged and incorporated fully as if set forth herein.

8.  One or more claims of the '459 Patent are invalid and unenforceable for failing to meet one or more conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

9.  Nokia is entitled to a declaratory judgment that it has not infringed and is not infringing the '459 Patent, and that the '459 Patent is invalid.

10. The relief sought by Plaintiff is banned in whole or in part by the doctrine of prosecution history estoppel.

11. The relief sought by Plaintiff is barred in whole or in part by the doctrine of estoppel.

12. The relief sought by Plaintiff is barred in whole or in part by the doctrine of laches.

13. The relief sought by Plaintiff is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

14. Depending upon the outcome of the pending re-examination proceedings in the United States Patent and Trademark Office, Plaintiff's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

15. At least a portion of Plaintiff's claim for damages for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

16. The relief sought by Plaintiff is barred in whole or in part by the doctrine of unclean hands.

17. The relief sought by Plaintiff is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

18. Plaintiff has neither ownership nor other rights in the patents-in-suit.

## COUNT II

## ('219 Patent)

19. Paragraphs 1-18 are realleged and incorporated fully as if set forth herein.

20. One or more claims of the '219 Patent are invalid and unenforceable for failing to meet one or more conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

21. Nokia is entitled to a declaratory judgment that it has not infringed and is not infringing the '219 Patent, and that the '219 is invalid.

22. The relief sought by Plaintiff is banned in whole or in part by the doctrine of prosecution history estoppel.

23. The relief sought by Plaintiff is barred in whole or in part by the doctrine of estoppel.

24. The relief sought by Plaintiff is barred in whole or in part by the doctrine of laches.

25. The relief sought by Plaintiff is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

26. Depending upon the outcome of the pending re-examination proceedings in the United States Patent and Trademark Office, plaintiff's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

27. At least a portion of plaintiff's claim for damages for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

28. The relief sought by Plaintiff is barred in whole or in part by the doctrine of unclean hands.

29. The relief sought by Plaintiff is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

30. St. Clair's demand in this action for relief including for injunctive relief and for damages is barred by virtue of the delay in prosecuting the '219, '010 and '899 patents.

31. Plaintiff has neither ownership nor other rights in the patents-in-suit.

## COUNT III

### ('010 Patent)

32. Paragraphs 1-31 are realleged and incorporated fully as if set forth herein.

33. One or more claims of the '010 Patent are invalid and unenforceable for failing to meet one or more conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

34. Nokia is entitled to a declaratory judgment that it has not infringed and is not infringing the '010 Patent, and that the '010 Patent is invalid.

35. The relief sought by Plaintiff is banned in whole or in part by the doctrine of prosecution history estoppel.

36. The relief sought by Plaintiff is barred in whole or in part by the doctrine of estoppel.

37. The relief sought by Plaintiff is barred in whole or in part by the doctrine of laches.

38. The relief sought by Plaintiff is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

39. Depending upon the outcome of the pending re-examination proceedings in the United States Patent and Trademark Office, plaintiff's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

40. At least a portion of plaintiff's claim for damages for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

41. The relief sought by Plaintiff is barred in whole or in part by the doctrine of unclean hands.

42. The relief sought by Plaintiff is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

43. St. Clair's demand in this action for relief including for injunctive relief and for damages is barred by virtue of the delay in prosecuting the '219, '010 and '899 patents.

44. Plaintiff has neither ownership nor other rights in the patents-in-suit.

## COUNT IV

### ('899 Patent)

45. Paragraphs 1-44 are realleged and incorporated fully as set forth herein.

46. One or more claims of the '899 Patent are invalid and unenforceable for failing to meet one or more conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

47. Nokia is entitled to a declaratory judgment that it has not infringed and is not infringing the '899 Patent, and that the '899 Patent is invalid.

48. The relief sought by Plaintiff is banned in whole or in part by the doctrine of prosecution history estoppel.

49. The relief sought by Plaintiff is barred in whole or in part by the doctrine of estoppel.

50. The relief sought by Plaintiff is barred in whole or in part by the doctrine of laches.

51. The relief sought by Plaintiff is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

52. Depending upon the outcome of the pending re-examination proceedings in the United States Patent and Trademark Office, plaintiff's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

53. At least a portion of plaintiff's claim for damages for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

54. The relief sought by Plaintiff is barred in whole or in part by the doctrine of unclean hands.

55. The relief sought by Plaintiff is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

56. St. Clair's demand in this action for relief including for injunctive relief and for damages is barred by virtue of the delay in prosecuting the '219, '010 and '899 patents.

57. Plaintiff has neither ownership nor other rights in the patents-in-suit.

WHEREFORE, Nokia requests that the Court enter a judgment in its favor and against St. Clair as follows:

(a)   Dismiss the Complaint in its entirety, with prejudice;

(b)   Declare that St. Clair take nothing by this action, St. Clair is not entitled to an injunction and St. Clair is otherwise barred from obtaining any of the relief it has requested;

(c)   Declare that Nokia has not infringed, and is not infringing, the '459 Patent;

(d)   Declare that one or more of the claims of the '459 Patent are invalid, void, and/or unenforceable;

(e)   Declare that Nokia has not infringed, and is not infringing, the '219 Patent;

(f)   Declare that one or more of the claims of the '219 Patent are invalid, void, and/or unenforceable;

(g)   Declare that Nokia has not infringed, and is not infringing, the '010 Patent;

(h)   Declare that one or more of the claims of the '010 Patent are invalid, void, and/or unenforceable;

(i)   Declare that Nokia has not infringed, and is not infringing, the '899 Patent;

(j)   Declare that one or more of the claims of the '899 Patent are invalid, void, and/or unenforceable;

(k)   Declare that St. Clair is estopped from asserting its patents against Nokia;

(l)   Declare that St. Clair has acted with unclean hands and is entitled to no equitable relief;

(m)   Declare that St. Clair has misused its patents in asserting them against Nokia;

(n)   Award Nokia its costs and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285;

(o)   Award Nokia all its costs; expenses and attorney's fees in this action; and

(p)   Grant such other further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. 38(b), Nokia demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200

Attorneys For Defendants
Nokia Corporation And Nokia, Inc.

OF COUNSEL:

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036

April 29, 2005

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on April 29, 2005 I electronically filed Answer of Nokia Corporation and Nokia, Inc. to First Amended Complaint and Counterclaims of Nokia, Inc. with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green

Patricia Pyles McGonigle
Seitz, Van Ogtrop & Green

Steven J. Balick
Ashby & Geddes

John G. Day
Ashby & Geddes

Richard L. Horwitz
Potter Anderson & Corroon

David E. Moore
Potter Anderson & Corroon

I also certify that copies were caused to be served on April 29, 2005 upon the following in the manner indicated:

BY HAND

George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE  1989

Patricia Pyles McGonigle
Seitz, Van Ogtrop & Green
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE  1989

Steven J. Balick
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

Richard L. Horwitz
Potter Anderson & Corroon
1313 N. Market Street
Wilmington, DE  19801

David E. Moore
Potter Anderson & Corroon
1313 N. Market Street
Wilmington, DE  19801

/s/   Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

KL3:2408333.1