IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. ) ) ) ) Plaintiff, ) ) ) v. ) ) ) SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ) ELECTRONICS AMERICA, INC., SAMSUNG ) TELECOMMUNICATIONS AMERICA, L.P., ) MATSUSHITA ELECTRIC INDUSTRIAL CO., ) LTD., MATSUSHITA ELECTRIC CORPORATION ) OF AMERICA, VICTOR COMPANY OF JAPAN, ) LTD., JVC COMPANY OF AMERICA, NOKIA ) CORPORATION, NOKIA, INC., HEWLETT- ) PACKARD COMPANY, EASTMAN KODAK ) COMPANY, ) ) ) Defendants. ) ) ) | Civil Action No. 04-1436 JJF<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.'S REPLY TO DEFENDANT HEWLETT-PACKARD COMPANY'S COUNTERCLAIMS

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), for its Reply to the Counterclaims asserted by Defendant Hewlett-Packard Company ("Hewlett-Packard"), states and alleges as follows:

### GENERAL DENIAL

Unless specifically admitted below, St. Clair denies each and every allegation set forth in Hewlett-Packard's Counterclaims.

Word 20133050.1

## RESPONSE TO SPECIFIC ALLEGATIONS

In answer to the separately numbered paragraphs of Hewlett-Packard's Counterclaims, St. Clair states the following:

1. St. Clair admits that in paragraph 1 of the Counterclaims Hewlett-Packard alleges a counterclaim for declaratory judgment of non-infringement and invalidity, but denies that Hewlett-Packard is entitled to any relief.

2. The allegation in paragraph 2 of the Counterclaims is a legal conclusion and does not require a response. To the extent that a response is deemed to be required, St. Clair does not dispute that the counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

3. The allegation in paragraph 3 of the Counterclaims is a legal conclusion and does not require a response. To the extent that a response is deemed to be required, St. Clair does not dispute that jurisdiction is proper under 28 U.S.C. §§ 1338(a), 2201, and 2202.

4. The allegation in paragraph 4 of the Counterclaims is a legal conclusion and does not require a response. To the extent that a response is deemed to be required, St. Clair does not dispute that St. Clair is subject to personal jurisdiction in this judicial district.

5. The allegation in paragraph 5 of the Counterclaims is a legal conclusion and does not require a response. To the extent that a response is deemed to be required, St. Clair does not dispute that venue is proper under 28 U.S.C. §§ 1391 and 1400.

6. St. Clair admits the allegations in paragraph 6 of the Counterclaims.

7. Upon information and belief, St. Clair admits the allegations in paragraph 7 of the Counterclaims.

8. St. Clair admits the allegations in paragraph 8 of the Counterclaims.

9. St. Clair denies the allegations in paragraph 9 of the Counterclaims.

10. St. Clair admits the allegations in paragraph 10 of the Counterclaims.

## COUNT I

11. St. Clair admits that in paragraph 11 of the Counterclaims, Hewlett-Packard repeats and re-alleges the allegations of paragraphs 1-10 and in response to paragraph 11, St. Clair restates and incorporates by reference its answers to paragraphs 1-10 and denies any allegation not expressly admitted.

12. St. Clair denies the allegations in paragraph 12 of the Counterclaims.

13. St. Clair denies the allegations in paragraph 13 of the Counterclaims.

## COUNT II

14. St. Clair admits that in paragraph 14 of the Counterclaims, Hewlett-Packard repeats and re-alleges the allegations of paragraphs 1-13 and in response to paragraph 14, St. Clair restates and incorporates by reference its answers to paragraphs 1-13 and denies any allegation not expressly admitted.

15. St. Clair denies the allegations in paragraph 15 of the Counterclaims.

16. St. Clair denies the allegations in paragraph 16 of the Counterclaims.

## COUNT III

17. St. Clair admits that in paragraph 17 of the Counterclaims, Hewlett-Packard repeats and re-alleges the allegations of paragraphs 1-16 and in response to paragraph 17, St. Clair restates and incorporates by reference its answers to paragraphs 1-16 and denies any allegation not expressly admitted.

18. St. Clair denies the allegations in paragraph 18 of the Counterclaims.

19. St. Clair denies the allegations in paragraph 19 of the Counterclaims.

## COUNT IV

20. St. Clair admits that in paragraph 20 of the Counterclaims, Hewlett-Packard repeats and re-alleges the allegations of paragraphs 1-19 and in response to paragraph 20, St. Clair restates and incorporates by reference its answers to paragraphs 1-19 and denies any allegation not expressly admitted.

21. St. Clair denies the allegations in paragraph 21 of the Counterclaims.

22. St. Clair denies the allegations in paragraph 22 of the Counterclaims.

## RESPONSE TO HEWLETT-PACKARD'S PRAYER FOR RELIEF

St. Clair denies that Hewlett-Packard is entitled to any relief whatsoever in this action, either as prayed for in its Counterclaims or otherwise.

## AFFIRMATIVE DEFENSES

Hewlett-Packard's Counterclaims fail to state a claim upon which relief can be granted.

## DEMAND FOR A JURY TRIAL

St. Clair hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedures, on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, St. Clair denies that Hewlett-Packard is entitled to any relief for its Counterclaims and prays for judgment in its favor as prayed for in the First Amended Complaint and against Hewlett-Packard as follows:

A. Dismissing Hewlett-Packard's Counterclaims with prejudice on the merits;

B. Awarding St. Clair its costs, disbursements and attorney's fees incurred in connections with the Counterclaims; and

C.  Awarding St. Clair such other and further relief as the Court deems just, equitable and proper.

| Of Counsel: | SEITZ, VAN OGTROP & GREEN |
|---|---|
| Ronald J. Schutz, Esquire<br>Jake M. Holdreith, Esquire<br>Becky R. Thorson, Esquire<br>Carrie M. Lambert, Esquire<br>Kimberly G. Miller, Esquire<br>ROBINS, KAPLAN, MILLER &<br>  CIRESI LLP<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>(612) 349-8500 | /s/ Patricia P. McGonigle<br>By: _____<br>George H. Seitz, III, Esquire (No. 667)<br>James S. Green, Esquire (No. 481)<br>Patricia P. McGonigle, Esquire (No. 3126)<br>222 Delaware Avenue, Suite 1500<br>P.O. Box 68<br>Wilmington, DE 19899<br>(302) 888-0600<br><br>Attorneys for St. Clair Intellectual Property Consultants, Inc. |

Dated: May 5, 2005

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, hereby certify that on this 5th day of May 2005, a copy of the foregoing *Plaintiff St. Clair Intellectual Property Consultants, Inc.'s Reply to Defendant Hewlett-Packard Company's Counterclaims* was served on counsel via United States Mail, postage prepaid, as follows:

Mark D. Selwyn, Esquire
Wilmer, Cutler, Pickering, Hale and Dorr, LLP
60 State Street
Boston, MA 02109
*Counsel for Eastman Kodak Company*

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter, Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for Eastman Kodak Company*

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899
*Counsel for Samsung Defendants*

Donald L. Rhoads, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022
*Counsel for Nokia Corporation and Nokia Inc.*

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
*Counsel for Nokia Corporation and Nokia Inc.*

48019 v1

Stuart Lubitz, Esquire
2049 Century Park East
Los Angeles, CA 90067
*Counsel to Defendants Matsushita Electric Industrial Co., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., and JVC Company of America*

John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Counsel to Defendants Matsushita Electric Industrial Co., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., and JVC Company of America*

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle, III (ID No. 3126)
pmcgonigle@svglaw.com

48019 v1