IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY,<br><br>Defendants. | Civil Action No. 04-1436 JJF<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.'S REPLY TO DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, L.P.'S COUNTERCLAIMS

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), for its Reply to the Counterclaims asserted by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, L.P. (collectively "Samsung"), states and alleges as follows:

### GENERAL DENIAL

Unless specifically admitted below, St. Clair denies each and every allegation set forth in Samsung's Counterclaims.

## RESPONSE TO SPECIFIC ALLEGATIONS

In answer to the separately numbered paragraphs of Samsung's Counterclaims, St. Clair states the following:

56. The language in paragraph 56 of the Counterclaims is introductory and does not require a response. To the extent that a response is deemed to be required, St. Clair denies any allegation not expressly admitted.

57. Upon information and belief, St. Clair admits the allegations in paragraph 57 of the Counterclaims.

58. Upon information and belief, St. Clair admits the allegations in paragraph 58 of the Counterclaims.

59. Upon information and belief, St. Clair admits the allegations in paragraph 59 of the Counterclaims.

60. St. Clair admits the allegations in paragraph 60 of the Counterclaims.

61. The allegations in paragraph 61 of the Counterclaims are legal conclusions and do not require a response. To the extent that a response is deemed to be required, St. Clair admits that Samsung seeks declarations of non-infringement, invalidity, and unenforceability arising under 35 U.S.C. § 100 *et seq.* and 28 U.S.C. §§ 2201 and 2202, but denies that Samsung is entitled to any relief.

62. The allegations in paragraph 62 of the Counterclaims are legal conclusions and do not require a response. To the extent that a response is deemed to be required, St. Clair does not dispute that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

63. The allegation in paragraph 63 of the Counterclaims is a legal conclusion and does not require a response. To the extent that a response is deemed to be required, St. Clair does not dispute that personal jurisdiction is proper in this Court.

64. The allegations in paragraph 64 are legal conclusions and do not require a response. To the extent that a response is deemed to be required, St. Clair does not dispute that venue is proper in this district.

## COUNT I

65. St. Clair admits that in paragraph 65 of the Counterclaims Samsung repeats and re-alleges the allegations of paragraphs 56-64 and in response to paragraph 65, St. Clair restates and incorporates by reference its answers to paragraphs 56-64 and denies any allegation not expressly admitted.

66. St. Clair admits the allegation in paragraph 66 of the Counterclaims.

67. St. Clair admits the allegation in paragraph 67 of the Counterclaims.

68. St. Clair denies the allegations in paragraph 68 of the Counterclaims.

69. St. Clair denies the allegations in paragraph 69 of the Counterclaims.

70. St. Clair admits the allegations in paragraph 70 of the Counterclaims.

71. St. Clair denies the allegations in paragraph 71 of the Counterclaims.

## COUNT II

72. St. Clair admits that in paragraph 72 of the Counterclaims Samsung repeats and re-alleges the allegations of paragraphs 56-71 and in response to paragraph 72, St. Clair restates and incorporates by reference its answers to paragraphs 56-71 and denies any allegation not expressly admitted.

73. St. Clair admits the allegation in paragraph 73 of the Counterclaims.

74. St. Clair admits the allegation in paragraph 74 of the Counterclaims.

75. St. Clair denies the allegations in paragraph 75 of the Counterclaims.

76. St. Clair denies the allegations in paragraph 76 of the Counterclaims.

77. St. Clair admits the allegations in paragraph 77 of the Counterclaims.

78. St. Clair denies the allegations in paragraph 78 of the Counterclaims.

## COUNT III

79. St. Clair admits that in paragraph 79 of the Counterclaims Samsung repeats and re-alleges the allegations of paragraphs 56-78 and in response to paragraph 79, St. Clair restates and incorporates by reference its answers to paragraphs 56-78 and denies any allegation not expressly admitted.

80. St. Clair admits the allegation in paragraph 80 of the Counterclaims.

81. St. Clair admits the allegation in paragraph 81 of the Counterclaims.

82. St. Clair denies the allegations in paragraph 82 of the Counterclaims.

83. St. Clair denies the allegations in paragraph 83 of the Counterclaims.

84. St. Clair admits the allegations in paragraph 84 of the Counterclaims.

85. St. Clair denies the allegations in paragraph 85 of the Counterclaims.

## COUNT IV

86. St. Clair admits that in paragraph 86 of the Counterclaims Samsung repeats and re-alleges the allegations of paragraphs 56-85 and in response to paragraph 86, St. Clair restates and incorporates by reference its answers to paragraphs 56-85 and denies any allegation not expressly admitted.

87. St. Clair admits the allegation in paragraph 87 of the Counterclaims.

88. St. Clair admits the allegation in paragraph 88 of the Counterclaims.

89. St. Clair denies the allegations in paragraph 89 of the Counterclaims.

90. St. Clair denies the allegations in paragraph 90 of the Counterclaims.

91. St. Clair admits the allegations in paragraph 91 of the Counterclaims.

92. St. Clair denies the allegations in paragraph 92 of the Counterclaims.

### RESPONSE TO SAMSUNG'S PRAYER FOR RELIEF

St. Clair denies that Samsung is entitled to any relief whatsoever in this action, either as prayed for in its Counterclaims or otherwise.

### AFFIRMATIVE DEFENSES

Samsung's Counterclaims fail to state a claim upon which relief can be granted.

### DEMAND FOR A JURY TRIAL

St. Clair hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, St. Clair denies that Samsung is entitled to any relief for its Counterclaims and prays for judgment in its favor as prayed for in the First Amended Complaint and against Samsung as follows:

A. Dismissing Samsung's Counterclaims with prejudice on the merits;

B. Awarding St. Clair its costs, disbursements and attorney's fees incurred in connections with the Counterclaims; and

C. Awarding St. Clair such other and further relief as the Court deems just, equitable and proper.

| | |
|---|---|
| Of Counsel:<br><br>Ronald J. Schutz, Esquire<br>Jake M. Holdreith, Esquire<br>Becky R. Thorson, Esquire<br>Carrie M. Lambert, Esquire<br>Kimberly G. Miller, Esquire<br>ROBINS, KAPLAN, MILLER &<br>  CIRESI LLP<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>(612) 349-8500 | SEITZ, VAN OGTROP & GREEN<br><br>By: /s/ Patricia P. McGonigle<br>George H. Seitz, III, Esquire (No. 667)<br>James S. Green, Esquire (No. 481)<br>Patricia P. McGonigle, Esquire (No. 3126)<br>222 Delaware Avenue, Suite 1500<br>P.O. Box 68<br>Wilmington, DE 19899<br>(302) 888-0600<br>email address: pmcgonigle@svglaw.com<br><br>Attorneys for St. Clair Intellectual Property Consultants, Inc. |

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, hereby certify that on this 19th day of May 2005, a copy of the foregoing *Plaintiff St. Clair Intellectual Property Consultants, Inc.'s Reply to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, L.P.'s Counterclaims* was served on counsel via United States Mail, postage prepaid, as follows:

Mark D. Selwyn, Esquire
Wilmer, Cutler, Pickering, Hale and Dorr, LLP
60 State Street
Boston, MA 02109
*Counsel for Eastman Kodak Company*

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter, Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for Eastman Kodak Company*

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899
*Counsel for Samsung Defendants*

Donald L. Rhoads, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022
*Counsel for Nokia Corporation and Nokia Inc.*

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
*Counsel for Nokia Corporation and Nokia Inc.*

48233 v1

Stuart Lubitz, Esquire
2049 Century Park East
Los Angeles, CA 90067
*Counsel to Defendants Matsushita Electric Industrial Co.,
Matsushita Electric Corporation of America, Victor Company of
Japan, Ltd., and JVC Company of America*

John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Counsel to Defendants Matsushita Electric Industrial Co.,
Matsushita Electric Corporation of America, Victor Company of
Japan, Ltd., and JVC Company of America*


/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle, III (ID No. 3126)
pmcgonigle@svglaw.com

48233 v1