**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C. A. No. 04 -1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY and EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY
ACTION PENDING RESOLUTION OF PATENT OWNERSHIP DISPUTE
BETWEEN PLAINTIFF AND MIRAGE SYSTEMS, INC.**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants
Eastman Kodak Company and
Hewlett-Packard Corporation*

Dated:  May 19, 2005

OF COUNSEL:

William F. Lee
Donald R. Steinberg
Mark D. Selwyn
Joseph F. Haag
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William P. DiSalvatore
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY  1002
(212) 230-8800

*Attorneys for Defendants*
*Eastman Kodak Company*

OF COUNSEL:

Stuart Lubitz
Bruce G. Chapman
David A. Ben-Meir
HOGAN & HARTSON LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067
(310) 789-5100

OF COUNSEL:

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764
Telephone:  312.832.4500

Bruce Kuyper
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

*Attorneys for Defendants*
*Hewlett-Packard Corporation*

Steven J. Balick
John G. Day
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*
*Matsushita Electric Industrial Co., Ltd., Victor*
*Company of Japan, Ltd., Panasonic*
*Corporation of America and JVC Company of*
*America*

OF COUNSEL:

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
KRAMER LEVIN NAFTALIS &
    FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212)

Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P. O. Box 1347
Wilmington, DC  19899
(302) 575-7291
jblumenfeld@mnat.com

*Attorneys for Defendants*
*Nokia Corporation and Nokia, Inc.*


OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY  10022-4675
(212) 446-4800

Josy W. Ingersoll
1000 West Street, 17th Floor
YOUNG CONAWAY STARGATT &
TAYLOR LLP
P. O. Box 391
Wilmington, DE  19899
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd., Samsung Electronics America, Inc.*
*and Samsung Telecommunications*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

PRELIMINARY STATEMENT ...........................................................................................2

FACTUAL BACKGROUND...............................................................................................3

     A.    This Action.........................................................................................................3

     B.    *Mirage Systems, Inc. v. Speasl* (Cal. Sup. Ct.)............................................3

     C.    *St. Clair Intellectual Prop. Consultants, Inc. v.*
           *Mirage Sys., Inc.* (D. Del.) ............................................................................6

LEGAL STANDARD............................................................................................................8

ARGUMENT..........................................................................................................................9

     THIS CASE SHOULD BE STAYED PENDING THE
     RESOLUTION OF THE OWNERSHIP DISPUTE
     BETWEEN MIRAGE AND ST. CLAIR. ....................................................................9

     I.     The Issuance Of A Stay Would Not Unduly
           Prejudice Or Present A Clear Tactical
           Disadvantage To St. Clair. .....................................................................10

     II.    The Issuance Of A Stay Pending Resolution Of
           The Patent Ownership Dispute Between Mirage
           and St. Clair Will Simplify The Issues And Trial
           Of The Case. ............................................................................................13

     III.   Discovery Is Not Completed And No Trial Date
           Has Been Set. ............................................................................................14

CONCLUSION....................................................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Bechtel Corp. v. Laborers' International Union,*
    544 F.2d 1207 (3d Cir. 1976)................................................................8

*Colorado River Conservation District v. United States,*
    424 U.S. 800 (1976)............................................................................9

*Commissariat A L'Energie Atomique v. Dell Computer Corp.,*
    C. A. No. 03-484-KAJ, 2004 WL. 1554382 (D. Del. May 13, 2004) ............8, 9, 13

*Gen-Probe Inc. v. Amoco Corp.,*
    926 F. Supp. 948 (S.D. Cal. 1996).........................................................11

*Honeywell Int'l Inc. v. Audiovox Comm. Corp.,*
    C. A. No. 04-1337-KAJ (D. Del. May 18, 2005) ..........................................8, 9, 15

*Intermedics Infusaid v. Regents of University of Minnesota,*
    804 F.2d 129 (Fed. Cir. 1986).........................................................13, 14

*L.E.A. Dynatech, Inc. v. Allina,*
    49 F.3d 1527 (Fed. Cir. 1995)...............................................................14

*Landis v. N. America Co.,*
    299 U.S. 248 (1936)...........................................................................9

*Mirage System, Inc. v. Speasl,*
    Case No. 105 CV 039164 .............................................................. *passim*

*Moss v. Moss Tubes, Inc.,*
    No. 96 CV 1407, 1997 WL. 727611 (N.D.N.Y. Aug. 21, 1997)...........................10

*Pirkle v. Ogontz Controls Co.,*
    C. A. No. 86-1987, 1987 WL. 19882 (E.D. Pa. Nov. 12, 1987),
    *aff'd*, 852 F.2d 1293 (Fed. Cir. 1988) ....................................................11

*Santrade, Ltd. v. General Electric Co.,*
    No. 90-107-CIV-7-D, 1990 WL. 312778 (E.D.N.C. Dec. 9, 1990) ...............11, 14

*St. Clair Intellectual Prop. Consultants, Inc. v. Mirage System, Inc.,*
    Civil Action No. 05-273-JJF (D. Del. filed May 6, 2005).............................. *passim*

*Summa Four, Inc. v. AT&T Wireless Services, Inc.,*
    994 F. Supp. 575 (D. Del. 1998).............................................................9

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
    766 F. Supp. 212 (D. Del. 1991)...........................................................................3, 9

## INTRODUCTION

This is a patent infringement action brought by St. Clair Intellectual Property Consultants, Inc. ("St. Clair") against the above named defendants, alleging infringement of four patents.[1]  The case has not progressed beyond the initial pleadings stage.  No discovery has taken place and no trial date has been set.

In the past five weeks, two separate lawsuits have been filed, which raise a serious question regarding the ownership of the four patents-in-suit (and two other related patents).[2]  Specifically, on April 12, 2005, Mirage Systems, Inc. ("Mirage") filed a lawsuit against St. Clair and the named inventors in California state court, alleging that it owns the patents-in suit by virtue of Employment Agreements that the inventors signed. (*See* Compl. in *Mirage Sys., Inc. v. Speasl*, Case No. 105 CV 039164 (Cal. Sup. Ct. filed Apr. 12, 2005) (Exh. A hereto).)

In response, on May 6, 2005, St. Clair filed a federal declaratory judgment action against Mirage and two of its officers in this Court, seeking a declaration that it owns the patents-in-suit.  (*See* Compl. in *St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc.*, Civil Action No. 05-273-JJF (D. Del. filed May 6, 2005) (Exh. B hereto).)

This flurry of activity by Mirage and St. Clair has created great uncertainty for all parties to this action.  After all, if it turns out that St. Clair is not the

---

[1]  The patents-in-suit are United States Patent Nos. 5,138,459 (the "'459 patent"), 6,094,219 (the "'219 patent"), 6,233,010 (the "'010 patent") and 6,323,899 (the "'899 patent").

[2]  Aside from the four patents-in-suit, the ownership dispute also involves United States Patent Nos. 5,576,757 (the "'757 patent") and 6,496,222 (the "'222 patent").

owner of the patents-in-suit, then it lacks standing to bring this infringement action. Moreover, the pendency of the ownership dispute has foreclosed any possibility of settlement in this case (with the associated benefits to the parties and this Court) because St. Clair is no longer in a position to warrant that it has title to the patents-in-suit.

Based on these and other considerations discussed below, defendants, by and through their respective counsel, hereby seek a stay of this action pending the resolution of the ownership dispute between Mirage and St. Clair.

### PRELIMINARY STATEMENT

As evidenced by this Court's previous cases involving St. Clair's assertion of the patents-in-suit, this action is complex, will be vigorously litigated, and will likely occupy significant resources, not only of the twelve parties, but of the Court as well. Yet this Court need not adjudicate this action now, and might never need to do so, because a single threshold standing issue — whether St. Clair rightfully owns the patents-in-suit — is presently being litigated in two separate co-pending actions involving Mirage, the company that employed the named patent inventors when they did the work allegedly underlying the patents-in-suit.

Indeed, resolution of the Mirage ownership issue could render this entire action unnecessary, as a finding in favor of Mirage would require dismissal of St. Clair's Complaint and a finding in favor of St. Clair would allow the parties to consider whether to settle this case on reasonable terms, a possibility that — as St. Clair itself has recognized — is effectively foreclosed while the ownership of the patents-in-suit remains in dispute. Accordingly, because resolution of this threshold ownership issue may very well render this litigation unnecessary, Defendants respectfully request that this case be

2

stayed until it has been determined which entity — St. Clair or Mirage — rightfully owns the patents-in-suit.

## FACTUAL BACKGROUND

### A.    This Action

On November 9, 2004, plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") filed this action against defendants, alleging infringement of the '459, '219, '010 and '899 patents.[3]  On January 3, 2005, St. Clair filed a First Amended Complaint.

Defendants have filed responsive pleadings and the parties' Proposed Pretrial Scheduling Order will be filed on or before May 23, 2005.  No discovery has been served in this case and no trial date has been set.  To date, St. Clair and some of the defendants (who have asserted defenses including non-infringement, invalidity and laches) have discussed the possibility of settling this case, which would make any litigation before this Court unnecessary.

### B.    *Mirage Systems, Inc. v. Speasl*  (Cal. Sup. Ct.)

The first of the currently pending actions concerning the rightful owner of the patents-in-suit is *Mirage Systems, Inc. v. Speasl*.  On April 12, 2005, Mirage filed that action in California state court against St. Clair, the three named inventors of the '459, '757, '219, '010, '899 and '222 patents (Jerry Speasl, Mark Roberts and Matthew Chikosky) and other unnamed "Doe" defendants.  The Complaint alleges that Mirage —

---

[3]  On January 8, 2003, the United States Patent and Trademark Office ordered the reexamination of the four patents-in-suit, and that pending reexamination provides a further basis for a stay of this action. *See, e.g., United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 219 (D. Del. 1991).

3

not St. Clair — is the rightful owner of the patents by virtue of Employment Agreements signed by Speasl, Robert and Chikosky, which required them "to disclose to Mirage any proprietary information and inventions they make or learn of during their employment" and "vest[ed] in Mirage all rights to any proprietary information and inventions made or learned of by the Inventors during their employment." (*See Mirage* Compl. ¶ 28 (Exh. A hereto).)

Specifically, the *Mirage* Complaint alleges that the named inventors began their employment with Mirage in 1987 (Speasl) and 1989 (Roberts and Chikosky). (*Id.* ¶¶ 18, 21.) According to Mirage, it created the new Communications, Command, Control, and Intelligence ("C3I") division to provide technology and engineering solutions for the intelligence community, including the Central Intelligence Agency and National Security Agency, and to explore new business opportunities relating to surveillance and reconnaissance. (*Id.* ¶ 17.) Speasl was an officer of Mirage and General Manager of the C3I division. Roberts and Chikosky worked in the C3I division under Speasl. (*Id.* ¶¶ 18, 21-22.) All three named inventors had "substantially identical" written Employment Agreements with Mirage, which are governed by California law. (*Id.* ¶¶ 6, 27-28.) The job duties of the inventors included conceiving and creating new product lines for Mirage's electronic applications and capabilities, including its surveillance and reconnaissance applications. (*Id.* ¶¶ 22, 31.)

Mirage alleges that the idea of a new type of digital camera was raised by a Mirage customer to Chikosky in 1989. (*Id.* ¶¶ 23-25.) The named inventors allegedly failed to disclose to Mirage the digital camera concept or the specifications the customer

had described to Chikosky in his capacity as a Mirage employee, as required by their Employment Agreements. (*Id.* ¶ 26.)

Speasl resigned from Mirage on or about August 1991 and, during his exit process, reaffirmed to Mirage that there were no inventions that he wished to exclude from the operation of his Employment Agreement. (*Id.* ¶ 34.) Roberts resigned from Mirage in *January 1993* and, during his exit process, reaffirmed to Mirage that there were no inventions that he wished to exclude from the operation of his Employment Agreement (except for three inventions he had when he joined the company, which were unrelated to the patents at issue). (*Id.* ¶¶ 30, 35.) Chikosky left Mirage in *1996*. (*See St. Clair* Compl. ¶ 20 (Exh. B hereto).)

On November 20, 1990, while still employees of Mirage, the named inventors filed a patent application, which issued as the '459 patent on August 11, 1992. (*Mirage* Compl. ¶ 37 (Exh. A hereto).) The '459 patent is the parent application for several other patents at issue in the ownership dispute, including the '757, '219, '010, '899 and '222 patents. (*Id.* ¶ 38.) That same month, while still employed by Mirage, the named inventors incorporated their own private company - Personal Computer Camera, Inc. ("PCC") - in Richmond, Virginia. (*Id.* ¶ 40.) The named inventors were officers and directors of PCC. (*Id.* ¶ 41.)

In January 1992, while *Roberts and Chikosky were still employed by Mirage,* the named inventors executed an assignment purportedly transferring the rights and title to the patented technology to PCC. (*See St. Clair* Compl. ¶¶ 19, 20, 33 (Exh. B hereto).) St. Clair in turn entered into an agreement with PCC purportedly acquiring all of its assets and liabilities in or about 1995. (*Mirage* Compl. ¶ 45 (Exh. A hereto).)

5

St. Clair paid the inventors a lump sum of cash and share of future income obtained by St. Clair for the patents. (*Id.*) According to the Complaint, St. Clair knew or had reason to know that the named inventors worked for Mirage, had respective Employment Agreements, and conceived and designed the inventions while employed by Mirage. (*Id* ¶ 46.) Mirage alleges that it first learned of the patents many years later from a defendant in one of the prior St. Clair infringement actions. (*Id.* ¶ 53.)

### C.    *St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc.* (D. Del.)

The second of the currently pending actions concerning the rightful owner of the patents-in-suit is *St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc.* On May 6, 2005, St. Clair filed that declaratory judgment action against Mirage and two of its officers (George Moussally and Kenneth Ford) in this Court, which essentially mirrors the *Mirage* Complaint. St. Clair seeks a declaration of its ownership rights and to quiet title as to the same patents at issue in the *Mirage* action (filed in California state court three weeks earlier).

The filing of the *St. Clair* Complaint confirms that the ownership issue is very real and in dispute. The factual allegations in the *St. Clair* Complaint are strikingly similar to those in the *Mirage* Complaint. St. Clair alleges that Roberts, Chikosky and Speasl conceived of the purported digital camera invention in 1989 when all of the named inventors were employed by Mirage. (*St. Clair* Compl. ¶¶ 15-16 (Exh. B hereto).) St. Clair further acknowledges the existence of the Mirage Employment Agreements in its causes of action. (*See id.* ¶¶ 81-94.) St. Clair also admits that, at the time the inventors filed the application that issued as the '459 patent, they were Mirage employees. (*Id.* ¶¶ 15, 18-20.)

Mirage and St. Clair agree that the named inventors executed an assignment of the digital camera invention to PCC on January 9, 1992, and that at that time, both inventors Roberts and Chikosky were still employed by Mirage. (*Id.* ¶¶ 19, 20, 33.) On November 1, 1995, St. Clair executed a purchase agreement with PCC for the '459 patent and related patents and applications, and agreed to pay PCC $60,000 as well as 50% of all net licensing revenue related to enforcement. (*Id.* ¶ 37.)

St. Clair's Complaint demonstrates that the ownership dispute regarding the patents-in-suit has effectively foreclosed any possibility of settlement between the parties in this action. For example, St. Clair alleges that:

> 44.    On April 12, 2005, St. Clair had substantially completed negotiations related to license agreements with several companies including, but not limited to, defendants in pending Civil Action No. 04-1436 (JJF) in the U.S. District Court for the District of Delaware.
>
> 45.    To allow settlement discussions to continue, St. Clair agreed to extensions of time for several defendants to answer St. Clair's patent infringement complaint.
>
> 46.    Many draft agreements had been exchanged between St. Clair and prospective licensees including, but not limited to defendants in pending Civil Action No. 0[4]-1436 (JJF) in the U.S. District Court for the District of Delaware. *License agreements were on the verge of being signed.*
>
> 47.    The license agreements would have led to payments of several tens of millions of dollars to St. Clair.
>
> *    *    *
>
> 50.    On April 12, 2005, Defendant Mirage filed a Complaint in California State court alleging ownership of the patents-in-suit.
>
> 51.    One or more of the defendants in Civil Action No. 04-1436 (JJF) in the U.S. District Court for the District of Delaware and other potential licensees have withdrawn or

substantially limited their settlement offers specifically because of the allegations in Mirage's Complaint . . . regarding ownership of [the patents-in-suit].

(*Id.* ¶¶ 44-47, 50-51 (emphasis added).)  Counts VI, VII, VIII and IX further allege that:

> 117.    But for the dissemination of the allegations in Mirage's Complaint and/or other allegations of Mirage's claim of ownership, at least one or more of the defendants in Civil Action No. 04-1436 in the U.S. District Court for the District of Delaware would have settled and paid a license fee.

> 118.    As a result, several defendants in Civil Action No. 04-1436 (JJF) . . . have now alleged that St. Clair does not own the patents-in-suit.

> 119.    The delay and failure in licensing that has resulted from the [Mirage] Defendants' dissemination of the allegations in Mirage's Complaint and/or other allegations of Mirage's claim of ownership has caused St. Clair *substantial damages* in an amount to be proven at trial. Damages include at least *St. Clair's expenses and burden of continuing litigation of defendants who would have settled but for the Defendants' tortious conduct* together with lost licensing revenue in the tens of millions of dollars.

(*Id.* ¶¶ 117-19 (emphasis added); *see also* ¶¶ 124-126, 131, 134, 140-41.)  So long as the ownership of the patents-in-suit is disputed, all opportunities to settle the instant case will be foreclosed.

## LEGAL STANDARD

In general, a district court has broad discretion when deciding whether to stay proceedings. *See Honeywell Int'l Inc. v. Audiovox Comm. Corp.*, C. A. No. 04-1337-KAJ (D. Del. May 18, 2005), Mem. Order at 5 (Exh. C hereto); *Commissariat A L'Energie Atomique v. Dell Computer Corp.*, C. A. No. 03-484-KAJ, 2004 WL 1554382, at *1 (D. Del. May 13, 2004) (Exh. D hereto) (citing *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)).  The power to stay proceedings "is

incidental to the power inherent in every court to control the disposition of the cases on

its docket with economy of time and effort for itself, for counsel, and for litigants."

*Honeywell*, Mem. Order at 5 (Exh. C hereto); *see also Landis v. N. Am. Co.*, 299 U.S. 248,

254-55 (1936); *Commissariat*, 2004 WL 1554382, at *1 (same).  When considering a

motion to stay, the court considers the following factors:  (1) whether a stay would

unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2)

whether a stay will simplify the issues and trial of the case; (3) whether discovery is

completed; and (4) whether a trial date has been set.  *Honeywell*, Mem. Order at 6

(quoting *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del.

1991)) (Exh. C hereto).[4]

## ARGUMENT

### THIS CASE SHOULD BE STAYED PENDING THE RESOLUTION OF THE OWNERSHIP DISPUTE BETWEEN MIRAGE AND ST. CLAIR.

The *Mirage* action (filed in California state court), and the *St. Clair* action

(filed in this Court), have created great uncertainty regarding which entity legally owns

the patents-in-suit.  Until fully and finally resolved, these actions will foreclose all

settlement opportunities, as no defendant will agree to settle with an entity that may later

---

[4] In analyzing patent cases where a stay is sought in deference to a parallel state court action, this Court considers numerous factors in applying a modified version of the abstention doctrine set forth in *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976), under which a court may stay or dismiss a federal claim in the face of a parallel state court proceeding.  *See Summa Four, Inc. v. AT&T Wireless Servs., Inc.*, 994 F. Supp. 575, 580-81 (D. Del. 1998) (granting stay in favor of state case based on application of multi-factor test).  This doctrine, however, is inapplicable here because St. Clair's federal declaratory judgment action against Mirage in this Court takes this case out of the *Colorado River/Summa Four* abstention framework.  Thus, the issue presented is how best to control the disposition of two cases on this Court's docket, with economy of time and effort for itself, for counsel and for litigants.  *See Commissariat*, 2004 WL 1554382, at *1 (discussing basis for court's inherent power to stay proceedings) (Exh. D hereto).

be found not to own the patents. Failure to stay this case will force all defendants, including those that *have had settlement discussions* with St. Clair, to fully litigate this case and will result in yet a third case addressing the same ownership issues that are already the subject of both the *Mirage* and *St. Clair* ownership actions. In contrast, a stay of this case pending resolution of the ownership issue could render this litigation completely unnecessary, as a finding in favor of Mirage would render this case moot, and a finding in favor of St. Clair would allow the parties to at least consider whether to settle this case, a possibility that is now foreclosed because of the ownership dispute. Accordingly, consistent with the legal principles addressed above, this Court should stay this action pending the resolution of the ownership issue.

## I.    The Issuance Of A Stay Would Not Unduly Prejudice Or Present A Clear Tactical Disadvantage To St. Clair.

An issuance of a stay would not unduly prejudice or present any clear tactical disadvantage to St. Clair. To the contrary, a stay in this case is in the best interests of all parties and the Court because it would avoid the expenses and burdens of piecemeal, duplicative (and potentially unnecessary) litigation.

First, it makes little sense to require defendants to incur the costs of litigating this case against St. Clair, or the Court to devote considerable time to this case, when a court in California (or this Court) may find that Mirage is the actual owner of the patents-in-suit, and St. Clair lacks standing to bring this action. It puts the cart (i.e., this infringement action) before the horse (i.e., the ownership dispute to resolve who has standing to bring this action).[5]

---

[5] *See Moss v. Moss Tubes, Inc.*, No. 96 CV 1407, 1997 WL 727611, at *2-*4 (N.D.N.Y. Aug. 21, 1997) (Exh. E hereto) (court stayed infringement action in favor of

St. Clair has previously denigrated Mirage's ownership claim as being baseless. However, St. Clair's Complaint acknowledges many of the core facts that give rise to Mirage's claim: the three inventors were employed by Mirage at the time of the claimed invention; they signed Employment Agreements, which required them to vest in Mirage all rights to any proprietary information and inventions made or learned of during their employment; and they applied for the application that led to the '459 patent while they were Mirage employees. Moreover, the fact that Mirage's claim prompted St. Clair *to file a mirror-image lawsuit against Mirage in this Court* speaks to the seriousness of Mirage's allegations. These facts may very well result in a determination that Mirage — and not St. Clair — owns the patents-in-suit.

Conversely, if St. Clair has some argument that could quickly dispose of Mirage's claim of ownership, that fact also would weigh in favor of the grant of a stay.

---

Cont'd.

state court proceeding where one possible outcome of proceeding was that plaintiff "will lack standing in this suit since he will no longer own the patents-in-suit"); *Gen-Probe Inc. v. Amoco Corp.*, 926 F. Supp. 948, 964 (S.D. Cal. 1996) ("Because of the massive costs that proceeding with this litigation would entail for the parties and the court, and because Gen-Probe fails to make any persuasive arguments as to the prejudice it might suffer from a stay, the Court shall grant the defendants' motion to stay this action until the conclusion of the CNS litigation[,]" which alleges ownership rights in Gen-Probe's patents); *Santrade, Ltd. v. General Elec. Co.*, No. 90-107-CIV-7-D, 1990 WL 312778, at *2 (E.D.N.C. Dec. 9, 1990) (Exh. F hereto) ("A second and important factor is that a disposition in General Electric's favor in the Washington action will moot the infringement action here. If General Electric is held to be the rightful owner of [the patents], it could not be liable for infringement. Therefore, a stay conserves the time and resources of the parties, counsel, and the courts should that be the outcome of that case."); *Pirkle v. Ogontz Controls Co.*, C. A. No. 86-1987, 1987 WL 19882, at *2-*3 (E.D. Pa. Nov. 12, 1987) (Exh. G hereto) (In staying case, court noted that "the very foundation of plaintiffs' patent infringement claim requires the determination of ownership of the patents which defendants allegedly infringed. If Ogontz is the owner as determined by the state court, plaintiffs have no standing to assert a claim of patent infringement in federal court"), *aff'd*, 852 F.2d 1293 (Fed. Cir. 1988).

11

After all, if the Mirage ownership dispute is just a nuisance that will be resolved in a short amount of time, then St. Clair cannot contend that it is prejudiced by a stay, given the great uncertainty that the present ownership dispute has engendered for all parties to this action.

Second, the prospect of settling this case and avoiding the costs of litigation weigh in favor of a stay. In light of the uncertainty surrounding the ownership of the patents-in-suit, defendants cannot at this point consider any settlement overture by St. Clair. Any rational defendant would require — as a condition of a license that would involve the payment of "several tens of millions of dollars to St. Clair" — that the patentee warrant ownership of the licensed patents. (*See St. Clair* Compl. ¶ 47 (Exh. B hereto)). In light of its present ownership dispute with Mirage, however, St. Clair cannot provide the type of warrant necessary for any settlement. In other words, in the absence of a stay, defendants who might otherwise choose to negotiate licenses with the patentee would be conscripted to incur significant litigation expenses in this action based on an ownership dispute beyond their control. The alternative is just as untenable and prejudicial to defendants: If a defendant settled and made payments to St. Clair in light of the ownership dispute, it may nonetheless face a claim by Mirage for damages if the courts determine that Mirage is the "true" owner of the patents-in-suit.

Notably, St. Clair itself alleges that it has been injured by — and is entitled to "substantial damages" for — Mirage's claim of ownership because St. Clair now will have to incur needless "expenses and burden of continuing litigation of cases against defendants" who otherwise would have taken licenses from St. Clair. (*St. Clair* Compl. ¶¶ 119, 126, 134, 141 (Exh. B hereto).) This injury to St. Clair can be avoided *in*

12

*its entirety* if a stay is granted. Thus, St. Clair's own allegations in its Complaint against Mirage support the issuance of a stay.

Third, even in the absence of the foregoing, St. Clair simply will not be prejudiced by a stay. St. Clair is a patent holding company, which does not make or sell digital cameras or camera phones. Therefore, a delay in the resolution of this action while the patent ownership issue is resolved has no market impact on St. Clair. At the end of the day, if St. Clair were to establish its ownership of the patents-in-suit and prevails on the merits, it will be entitled to pursue a damages award for past acts of infringement (plus interest) and an injunction, which, based on St. Clair's past practice (and as alleged in its Complaint against Mirage), would be resolved through the negotiation of a license. That is true whether a stay is granted or not. *Cf. Commissariat*, 2004 WL 1554382, at *2 (Exh. D hereto) (In rejecting argument that "a stay would 'substantially delay' [CEA's] right to adjudicate its claims against remaining defendants[,]" the court noted that "[s]hould CEA prevail in this case, it will be compensated for any delay it experiences in recovering damages against the remaining defendants by interest on the award."). By contrast, the prejudice to defendants if a stay is not granted — having to spend vast sums litigating against a plaintiff that may lack standing to bring this action — is something that could never be recouped.

## II.    The Issuance Of A Stay Pending Resolution Of The Patent Ownership Dispute Between Mirage and St. Clair Will Simplify The Issues And Trial Of The Case.

The resolution of the patent ownership dispute in a direct action between the parties with the greatest stake in the outcome will greatly simplify this case. If Mirage prevails in the ownership dispute, this case is over. *See Intermedics Infusaid v. Regents of Univ. of Minnesota*, 804 F.2d 129, 135 (Fed. Cir. 1986) (indicating that district

court's stay of patent case "seems to us extremely prudent" where issues in case "may be either precluded or moot" in light of state court action); *Santrade*, 1990 WL 312778, at *2 (Exh. F hereto). If St. Clair prevails in the ownership dispute, it can negotiate licenses with defendants that choose to settle (reducing the number of parties and costs associated with the litigation) and proceed against any non-settling defendants in this action. There simply is no prejudice to St. Clair under this scenario.

Furthermore, as a matter of judicial efficiency, a stay should be granted. If not, the patent ownership issue will be litigated in three separate fora at the same time: in the *Mirage v. Speasl* action (in California state court); in the *St. Clair v. Mirage* action (in this Court); and in this instant action, given that defendants have disputed St. Clair's ownership of the patents at issue based on the facts now available.

Therefore, the simplification and narrowing of the issues in this case resulting from a determination of the rightful owner of the patents-in-suit weighs in favor of a stay.

## III.    Discovery Is Not Completed And No Trial Date Has Been Set.

Finally, this case has not progressed beyond the initial pleadings stage. No written discovery has been served in the case, no depositions have been noticed and no trial date has been set. Therefore, given the procedural posture of the case, there again is no prejudice to St. Clair that would result from the entry of a stay.[6] As a result, this

---

[6] To the extent that this Court is concerned about the open-ended nature of a stay, an alternative to entry of a stay is to dismiss this action without prejudice. *See L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (Fed. Cir. 1995) (noting that dismissal without prejudice may operate as an alternative to a stay of proceedings, and discussing benefits of this approach for the court and parties); *see also Intermedics*, 804 F.2d at 132 n.5.

factor weighs in favor of a stay. *See Honeywell*, Mem. Order at 9 (noting fact that

request for a stay "comes at time when discovery has not even begun and no trial date has

been set" as a reason supporting grant of stay) (Exh. C hereto).

## CONCLUSION

For the reasons stated above, this motion should be granted and this action

should be stayed pending the resolution of the patent ownership dispute between Mirage

and St. Clair.

OF COUNSEL:

William F. Lee
Donald R. Steinberg
Mark D. Selwyn
Joseph F. Haag
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William P. DiSalvatore
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  1002
(212) 230-8800

*Attorneys for Defendants*
*Eastman Kodak Company*


Dated:  May 19, 2005

POTTER ANDERSON & CORROON LLP

By:  _____
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Hercules Plaza, 6th Floor
       1313 North Market Street
       Wilmington, DE 19801
       (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

*Attorneys for Defendants Eastman Kodak*
*Company and Hewlett-Packard Corporation*

OF COUNSEL:

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764
(312).832.4500

Bruce Kuyper
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

*Attorneys for Defendant*
*Hewlett-Packard Corporation*

15

OF COUNSEL:                                ASHBY & GEDDES

Stuart Lubitz
Bruce G. Chapman                           By:    /s/ Steven J. Balick
David A. Ben-Meir                                 Steven J. Balick
HOGAN & HARTSON LLP                               John G. Day
2049 Century Park East, Suite 700                 222 Delaware Avenue, 17th Floor
Los Angeles, CA  90067                            Wilmington, DE  19801
(310) 789-5100                                    (302) 654-1888
                                                  sbalick@ashby-geddes.com
                                                  jday@ashby-geddes.com

                                           *Attorneys for Defendants
                                           Matsushita Electric Industrial Co., Ltd., Victor
                                           Company of Japan, Ltd., Panasonic Corporation
                                           of America and JVC Company of America*

OF COUNSEL:                                MORRIS, NICHOLS, ARSHT & TUNNELL

John E. Daniel
Donald L. Rhoads                           By:    /s/ Jack B. Blumenfeld
Vito J. DeBari                                    Jack B. Blumenfeld
KRAMER LEVIN NAFTALIS &                           1201 N. Market Street
    FRANKEL LLP                                   P. O. Box 1347
1177 Avenue of the Americas                       Wilmington, DE  19899
New York, NY  10036                               (302) 575-7291
(212) 715-9100                                    jblumenfeld@mnat.com

                                           *Attorneys for Defendants
                                           Nokia Corporation and Nokia, Inc.*

OF COUNSEL:                                YOUNG CONAWAY STARGATT & TAYLOR LLP

John M. Desmarais
Gregory S. Arovas                          By:    /s/ Josy W. Ingersoll
Thomas D. Pease                                   Josy W. Ingersoll
Jordan N. Malz                                    1000 West Street, 17th Floor
KIRKLAND & ELLIS LLP                              P. O. Box 391
153 East 53rd Street                              Wilmington, DE  19899
New York, NY  10022-4675                          (302) 571-6600
(212) 446-4800                                    jingersoll@ycst.com

                                           *Attorneys for Defendants Samsung Electronics
                                           Co., Ltd., Samsung Electronics America, Inc. and
                                           Samsung Telecommunications*

683042

16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 19, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

George H. Seitz, III
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

Josy W. Ingersoll
Young Conaway Stargatt & Taylor Llp
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

I hereby certify that on May 19, 2005, I have Federal Expressed the attached document to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Stuart Lubitz
Bruce G. Chapman
David A. Ben-Meir
Hogan & Hartson LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY  10022-4675


Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

678366