# EXHIBIT F

Westlaw.

Not Reported in F.Supp.
1990 WL 312778 (E.D.N.C.), 19 U.S.P.Q.2d 1396
(Cite as: 1990 WL 312778 (E.D.N.C.))

Page 1

H
United States District Court, E.D. North Carolina, Wilmington Division.
SANTRADE, LTD., et al., Plaintiffs
v.
GENERAL ELECTRIC COMPANY, Defendant
No. 90-107-CIV-7-D.

Dec. 6, 1990.

George Rountree, III, Rountree, Seagle & Brawley, Wilmington, N.C., for Santrade, Ltd. and Sandivk Special Metals Corporation.

Michael Murchison, Murchison, Taylor, Kendrick, Gibson & Davenport, Wilmington, N.C., for General Electric Co.

*ORDER*

DUPREE, District Judge.

*1 Plaintiffs, Santrade, Ltd. (Santrade), and Sandvik Special Metals Corporation (Sandvik), sued defendant, General Electric Company, alleging patent infringement pursuant to 35 U.S.C. §§ 271 and 281-85. Plaintiffs request an injunction preventing further infringement. The action is now before the court upon defendant's motion to stay the proceedings until the disposition of a related case involving the same patents and the same parties currently pending in a Washington state court.

*FACTS*

This action was filed on August 16, 1990. Plaintiffs claim infringement of United States Letters Patents 4,450,016 and 4,450,020 which define processes for manufacturing zirconium-based cladding tubs for fuel rods used in nuclear reactors. Prior to this filing, on January 3, 1990, General Electric filed suit against Santrade and Sandvik, among others, in a Washington state court for breach of fiduciary obligations and misappropriation of technical information. In that action, General Electric asks that a constructive trust be imposed upon patents 4,450,016 and 4,450,020 and that Santrade and Sandvik be required to convey them to General Electric.

Sandvik is the named assignee of these two patents at this time. In the Washington action, however, General Electric contends that the technical information upon which the patents are based was misappropriated from General Electric in 1974 in violation of a technical exchange agreement. Therefore, it claims that it is the rightful owner of the patents.

*ANALYSIS*

A district court exercises its discretion in determining whether to grant a stay.

[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*International Nickel Company, Inc. v. Martin J Barry, Inc.*, 204 F.2d 583, 586 (4th Cir.1953), quoting *Landis v. North American Company*, 299 U.S. 248, 254-55 (1936). There is no "rigid mechanical solution," rather the court must apply "an ample degree of discretion" and give "regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* quoting *Kerotest Manufacturing Company v. C-O-Two Fire Equipment Company*, 342 U.S. 180, 183 (1952).

Courts have considered a number of factors in deciding whether to stay an action pending determination of a prior case involving the same

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
1990 WL 312778 (E.D.N.C.), 19 U.S.P.Q.2d 1396
(Cite as: 1990 WL 312778 (E.D.N.C.))

patent. In *International Nickel, supra,* the Fourth Circuit affirmed a Maryland district court's decision to stay an infringement action until the outcome of a suit involving the same patent in the Southern District of New York. The action in New York was instituted first and that court was the most convenient to the parties, counsel and witnesses. It was also not judicially economical to try the action in a piecemeal fashion.

*2 A like result was reached by the Federal Circuit in *Intermedics Infusaid, Inc. v. Regents of the University of Minnesota,* 804 F.2d 129 (Fed.Cir.1986). That court affirmed the grant of a stay in a patent validity case, pending the disposition of a previously filed state action which would determine whether a licensee held a royalty free license under the same patent. The state action was filed first and was well advanced at the time that the stay was sought. Additionally, if the state court held that the license was royalty free, the federal suit would be moot. Lastly, patent validity was not an issue in the state court action, and so the state court would not be called upon to apply federal law.

In evaluating the facts in the present case, the balance weighs in favor of staying the proceedings. Therefore, for the reasons set forth below, defendant's motion will be granted.

The Washington action was instituted first and has progressed further than the action here. Discovery has commenced in the state case, while none has begun in the federal case.

A second and important factor is that a disposition in General Electric's favor in the Washington action will moot the infringement action here. If General Electric is held to be the rightful owner of United States Letters Patents 4,450,016 and 4,450,020, it could not be liable for infringement. Therefore, a stay conserves the time and resources of the parties, counsel, and the courts should that be the outcome of that case. Lastly, all of the issues in Washington will be disposed of by the application of state substantive law, rather than the interpretation of any federal patent statutes.

On the other hand, Santrade and Sandvik will not be unduly prejudiced by the granting of the stay. If they prevail in Washington, they are still entitled to continue the patent infringement case in this court, with any damages accruing during the time that the stay is in effect. The stay will allow the ownership issue to be determined by the Washington court and necessitate this court's involvement only if needed to rule upon the federal issue. This will occur if Santrade and Sandvik prevail in the state court action.

*CONCLUSION*

Accordingly, defendant's motion to stay the proceedings in this suit is granted. It will remain in effect pending disposition of *General Electric Company v Sandvik Special Metals Corporation,* No. 90-2-00013-1, in the Washington state court.

SO ORDERED.

1990 WL 312778 (E.D.N.C.), 19 U.S.P.Q.2d 1396

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.