# EXHIBIT G

Westlaw.

1987 WL 19882

Page 1

1987 WL 19882 (E.D.Pa.)

(Cite as: 1987 WL 19882 (E.D.Pa.))

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Fred F. PIRKLE and Therm-Omega Tech, Inc.
v.
OGONTZ CONTROLS COMPANY and Thomas M. Kenny.
Civ. A. No. 86-3374.

Nov. 12, 1987.

Thomas B. Kenworthy, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiffs.

Dale M. Heist, Norman L. Norris, Woodcock, Washburn, Kurtz, Mackiewicz & Norris, David H. Marion, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Ogontz Controls Company and T. Kenny.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

*1 In light of the October 30, 1987 decree nisi issued by Judge Sugarman in the parallel state action *Ogontz Controls Company v Pirkle,* Court of Common Pleas of Chester County, Pennsylvania, Equity Action No. 152 (1983), defendants Ogontz Controls Company ("Ogontz") and Thomas M. Kenny have moved this court to stay the present action until a final determination is reached with respect to the ownership of the patents in dispute between Ogontz and plaintiffs. Upon consideration of defendants' motion and plaintiffs' response in opposition thereto, and following oral argument, a stay of this federal action shall be granted for the reasons stated below.

On September 6, 1983, defendant Ogontz commenced litigation in state court against former employee Fred F. Pirkle, alleging that Pirkle, in breach of his employment agreement with the company, misappropriated trade secrets and technological information of his former employer to invent an improved drain valve for use in the railroad industry and to market it for his own benefit. As relief Ogontz sought a declaratory judgment that the patents obtained by Pirkle for the invention were really the property of Ogontz and a preliminary injunction against Pirkle's marketing of the drain valve.

After extensive litigation in state court at both the trial and appellate levels, plaintiffs initiated this action against Ogontz in federal court on June 9, 1986, seeking both monetary and declaratory relief. In the complaint, plaintiffs assert eight separate causes of action. The first three counts are federal law claims for patent infringement, monopolization of sales of railroad mechanical freeze protection valves and attempted monopolization of repairs to such valves, and unlawful combination in restraint of trade. Counts four through seven consist of claims based on state law. Finally, the eighth count seeks a declaratory judgment in favor of Pirkle with regard to the ownership of the patents.

On October 30, 1987, Judge Sugarman, ruling on an extensive state record, decided in Ogontz' favor. He stated:

[W]e have, as the result of our assessment of the credibility of the witnesses who appeared before us, determined that the devices which are the subjects of the United States Patents hereinbefore referred to [nos. 4,438,777 and 4,460,007] were and remain the property of the Plaintiff [Ogontz] and therefore must be assigned to the Plaintiff by the Defendant [Pirkle].

(Decree nisi, October 30, 1987, p. 3).

Counsel for Pirkle at oral argument has made clear his intention to file exceptions to the decree nisi and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1987 WL 19882

1987 WL 19882 (E.D.Pa.)

(Cite as: 1987 WL 19882 (E.D.Pa.))

Page 2

to appeal the decision if necessary. Consequently, it appears that the issue of ownership, despite Judge Sugarman's ruling, cannot be taken as settled until plaintiffs have had a full opportunity to exhaust their remedies in state court.

Although plaintiffs are correct in asserting that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976), I find that the exceptional circumstances of the instant case calls for judicial deference to the pending state proceeding.

*2 In *Colorado River*, the Supreme Court recognized that

there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."

424 U.S. at 817 (quoting *Kerotest Mfg. Co v C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). In accordance with this recognition, the Court determined that circumstances permitting the dismissal of a federal suit in response to parallel state proceedings for reasons of wise judicial administration, "though exceptional, do nevertheless exist." 424 U.S. at 818.

The "exceptional circumstances" test as formulated by the Court in *Colorado River* and restated in its subsequent decision in *Moses H. Cone Memorial Hospital v Mercury Construction Corp*, 460 U.S. 1 (1983), requires a consideration of the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation and the order in which jurisdiction was obtained by 15. Two additional factors highlighted in *Moses H. Cone* are the comparative progress made in each proceeding and whether federal or state law provides the rule of decision governing the issues in dispute. 460 U.S. at 16.

The second factor cited by the Court clearly militates in favor of staying this federal action. First it is a waste of judicial resources for this court to rehear extensive evidence and arguments already presented before the state court with regard to the issue of ownership. Second, it is unfair to impose on either party the burden of litigating the identical issue of ownership in two forums. The eighth count of Pirkle's complaint unquestionably duplicates the issue being litigated in the state court proceedings. In addition, this court cannot disregard the almost symbiotic relationship between the remaining federal causes of action of plaintiff's complaint and the resolution of the issue of ownership. [FN1] Indeed, the very foundation of plaintiffs' patent infringement claim requires the determination of ownership of the patents which defendants allegedly infringed. If Ogontz is the owner as determined by the state court, plaintiffs have no standing to assert a claim of patent infringement in federal court. Where as here, a state court has decided that the patents were to the contrary owned by the alleged infringer it would be both injudicious as well as contrary to principles of comity for this court to proceed on the infringement claim in the absence of a final ruling from the state court. With regard to the monopolization claim, the issue of ownership is very pertinent to plaintiffs' ability to satisfy the antitrust injury requirement of Clayton Act § 4. The remaining claims of plaintiffs' complaint arrive in federal court by way of pendent jurisdiction. The clear nexus between the federal and state actions weighs in favor of staying the present proceeding since it avoids the evil of piecemeal litigation. As Justice Cardoza observed in *Landis v. North American Co*, 299 U.S. 248, 254-55 (1936),

*3 the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1987 WL 19882

1987 WL 19882 (E.D.Pa.)

**(Cite as: 1987 WL 19882 (E.D.Pa.))**

Page 3

Another factor warranting a stay is the substantial time lag of this federal action behind the state proceedings. While this court's jurisdiction was not invoked until June of 1986, the state trial and appellate courts have had jurisdiction over the dispute on the ownership of the patents since as September of 1983.

Finally, where as here, the rules of decision with regard to the ownership of the patents are governed by state law, and the state court has substantially progressed with the task of deciding issues of state law of critical importance to a parallel action in federal court, principles of comity in addition to those of wise judicial administration strongly counsel deference to the state court determination by staying the federal action.

In accordance with this court's conclusion that exceptional circumstances warrant a stay and that the current litigation in the Pennsylvania courts is "an adequate vehicle for the complete and prompt resolution of the issues between the parties," *Moses H Cone,* 460 U.S. at 28, defendants' motion for a stay of the entire federal proceeding will be granted, and the Clerk of the Court directed to place the above-captioned action on this court's suspense docket.

An appropriate order follows.

### ORDER

AND NOW, this 12th day of November, 1987, upon consideration of defendants' motion for a stay and plaintiffs' response in opposition thereto, and following oral argument, IT IS ORDERED that defendants' motion for a stay is GRANTED, and the Clerk of the Court shall place the above-captioned action on this court's suspense docket.

> FN1. This court also notes the acknowledgment made by counsel for Pirkle during oral argument on the stay that a counterclaim containing certain claims similar to those asserted in Pirkle's federal complaint was filed in state court by Pirkle, but was subsequently withdrawn.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.