SEITZ, VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

Writer's Direct Dial: (302) 888-7602
Writer's E-Mail Address: gseitz@svglaw.com
www.lawyers.com/svglaw

(302) 888-0600
FAX: (302) 888-0606

May 23, 2005

**Via E-file**
The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Lock Box 27
Wilmington, DE 19801

Re: St. Clair v. Samsung, et al.
C. A. No.: 04-1436 JJF

Dear Judge Farnan:

Enclosed please find a proposed scheduling order submitted by plaintiff in *St. Clair v. Samsung et al.* (C.A. 04-1436-JJF). The parties met and conferred, however, could not reach agreement on a joint proposed scheduling order. Accordingly, each side is submitting a separate proposal.

One of the major differences between proposals is the timeline for pretrial events and date of trial. Plaintiff's proposal sets forth a schedule that is more consistent with Your Honor's May 5, 2005 letter – that this case should be trial ready within 16 months of the filing date. Plaintiff's proposal modifies that 16 month schedule slightly, to account for the time spent with defendants in substantive settlement discussions. As set forth in St. Clair's separate action against Mirage (Civil Action No. 05-273-JJF), these discussions collapsed after Mirage filed a lawsuit in California state court. Each of the defendants have now filed answers and St. Clair's proposal puts this case on track for trial July 2006. Defendants' joint proposal calls for a complicated sequence of phased discovery and bifurcated trials, which would delay trial of the infringement case until at least Summer 2007.

Outlined below are specific aspects of Defendants proposed scheduling order, which are unreasonable and to which St. Clair objects.

**Bifurcation and timing.** St. Clair opposes Defendants' proposed phasing of discovery and bifurcated issues for trial. The phasing and bifurcation proposed would unduly delay resolution of this case. Defendants proposal subjects St. Clair to more than 21 months of sequenced discovery, which would unfairly increase the expense of this litigation to St. Clair. Further, under Defendants' scheme, St. Clair would get no discovery from defendants until February 2006. Finally, Defendants' proposal sets a final trial for Summer 2007, over two years from now and more than 32 months after this case was filed.

**Number of interrogatories, document request and requests for admission.** Defendants propose 50 interrogatories and 100 requests for admissions for each party. This is unduly burdensome on St. Clair, who would be in the position of potentially answering 250 interrogatories and 500 requests for admission. St. Clair's proposal of 25 interrogatories per party, as permitted in Fed. R. Civ. P. 33(a), and 50 requests for admissions is more manageable and reasonable. This was the number allowed in the *St. Clair v. Canon* litigation which was more than sufficient.

**Documents from prior litigations.** Defendants' proposal requires St. Clair to produce all pleadings, deposition transcripts, trial transcripts, and exhibits prior to the start of fact discovery and absent an actual document request. The timing of this proposal unfairly imposes additional burdens on St. Clair without any reciprocal discovery obligations on defendants. Moreover, many of these documents are confidential and St. Clair needs permission from third parties to produce them. As St. Clair proposes, this production should occur during fact discovery and pursuant to a formal request, not outside the ordinary course of discovery.

**Depositions.** Both plaintiff and defendants propose the coordination of depositions so that no individual deponent would be deposed more than once in this litigation. Defendants, however, refuse to agree to St. Clair's proposal to limit an individual deposition to no more than two days, which offers Defendants more than the time allotted by the Federal Rules of Civil Procedure 30(d)(2). The two-day limitation St. Clair proposes reduces the likelihood either party will need to burden the Court with a request to lengthen the time for any individual deposition. Further, this limitation was agreed to by the defendants in the *St. Clair v. Canon* litigation and worked well.

**Initial claim charts.** The parties agree that St. Clair will produce initial infringement charts. Further, St. Clair proposes to produce these initial charts very early in discovery, in fact, before any depositions even begin. (*See* Paragraph 3(j)). Defendants' proposal, however, permits supplementation of St. Clair's claim charts only if permitted by the Court. This requirement is unreasonable because the initial charts will certainly require supplementation after defendants produce complete discovery regarding their digital cameras and how they work and after Defendants' technical witnesses are deposed.

**Markman hearing.** St. Clair does not believe a Markman Hearing is necessary. The defendants have not identified any claim terms that have not already been construed by this Court in the *St. Clair v. Sony* matter or the *St. Clair v. Canon et al.* matter.

In conclusion, St. Clair respectfully requests the Court accept St. Clair's Proposed Scheduling Order.

Very truly yours,

George H. Seitz (3128)

George H. Seitz
DE Bar No. 667
gseitz@svglaw.com

GHS:drc
Enclosure

cc: Clerk of Court
Steven J. Balick, Esquire (via e-file)
Richard L. Horwitz, Esquire (via e-file)
Karen Elizabeth Keller, Esquire (via e-file)
Jack B. Blumenfeld, Esquire (via e-file)