IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| | ) C.A. No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOM AMERICA, L.L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., PANASONIC AVC NETWORKS COMPANY, MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC AMERICAS CORPORATION, JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA MOBILE PHONES, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S PROPOSED RULE 16 SCHEDULING ORDER**

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a Scheduling Conference on _____ pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange within 14 days of the 26(f) conference the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. L.R. 16.2.

2.  **Joinder of Other Parties.** All motions to join other parties shall be filed on or before **November 25, 2005**.

3.  **Discovery.**

(a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by **September 5, 2005**.

(1) Each party requesting documents from a third party (not a party to this action) by subpoena shall ensure that all parties in this action are contemporaneously notified of such request and shall promptly provide all parties access to such documents.

(b) Maximum of **twenty-five (25)** interrogatories (including all discrete subparts), including contention interrogatories, for plaintiff of each defendant party and for each defendant party as defined below. For purposes of this Scheduling Order, each "defendant party" is defined as follows:

(1) "Samsung" to include Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecom America, L.L.P.

(2) "Matsushita" to include Matsushita Electronic Industrial Co., Ltd., Panasonic AVC Networks Company, Matsushita Electric Corporation of America, Vicor Company of Japan, Ltd., JVC Americas Corporation, JVC Company of America

48291 v1

(3) "Nokia" to include Nokia Corporation, Nokia Mobile Phones, Nokia, Inc.

(4) "HP" to include Hewlett-Packard Company

(5) "Kodak" to include Eastman Kodak Company

(c) Maximum of **fifty (50)** requests for admission (including all discrete subparts), for plaintiff on each defendant party and for each defendant party as defined in Paragraph 3. Notwithstanding the foregoing, there is no limitation on the number of requests for admissions that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence.

(d) Maximum of **150 hours** to conduct fact and 30(b)(6) depositions by plaintiff of each defendant party, excluding expert depositions. Each defendant party shall be subject to the same deposition time limits set forth above for plaintiff, however, if more than four defendant parties remain in the case, the defendants deposition time shall not collectively exceed **600 hours**. Depositions shall not commence until the discovery required by Paragraphs 3(a, b and c) is completed.

(1) The parties agree to coordinate scheduling of depositions (i.e. the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness) so that no witness will be deposed

48291 v1

more than once in this action in the capacity as an individual and, to the extent practical, once in this action in the capacity as a 30(b)(6) witness.

(2) No individual deposition shall exceed two seven-hour days.

(e) Fact discovery shall be completed by **February 24, 2006**.

(f) Opening reports from retained experts required by Fed. R. Civ. P. 26(a)(2) shall be filed by **March 24, 2006**; rebuttal expert reports shall be filed by **April 21, 2006**.

(g) Expert discovery, including all depositions, shall be completed by **May 19, 2006**.

(h) If a defendant party intends to rely upon legal advice of counsel as a defense to plaintiff's charge of willful infringement, it will make this election by **August 1, 2005**. The electing defendant party shall produce documents consistent with any Order of the Court and/or the parties' obligations under the Federal Rules of Civil Procedure. Any further motion to bifurcate willfulness issues shall be filed by **August 15, 2005**.

(i) If St. Clair decides to waive privilege regarding patent applications, St. Clair will make its election by **August 1, 2005**.

48291 v1

(j)  **Initial infringement charts.** On or before **September 5, 2005**, St. Clair shall identify the claims of each of the patents-in-suit that it asserts are infringed by each of the Defendants, and serve its initial infringement charts on each Defendant.  The charts must apply the asserted claims of the patents-in-suit individually to each accused product on an element-by-element basis.

(k)  **Prior Art Disclosures.** Defendants each shall serve the following on St. Clair by **October 17, 2005**:

- a list of all of the prior art on which it relies for any purpose in this matter;

- copies of all such art;

- for each cited art, a written statement setting forth in detail the purpose for which the art is relied upon by defendant, including, without limitation, the asserted teaching or suggestion of the art, and the asserted relevance on a claim by claim basis to the patents in suit, plaintiff's claims, and defendant's defenses; and

- certified English translations of any such art published in a foreign language.

This provision of the Court's Scheduling Order specifically supersedes Section 282.

48291 v1

4.  **Discovery Disputes.**

(a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1.  Said motion shall not exceed a total of four (4) pages and must specify that the filing is pursuant to the Discovery Dispute procedures provided in this paragraph.  An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion.  No reply is permitted.

(b) All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c) Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

(d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

5.  **Amendment of the Pleadings.**  All motions to amend the pleadings shall be filed on or before **November 25, 2005.**

48291 v1

6. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **May 26, 2006**. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7. **Markman.** The Court adopts in its entirety its claim constructions in the proceeding related litigations, Case File No. 01-557-JJF entered September 3, 2002 and Case File No. 03-241-JJF entered August 31, 2004.

8. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. L.R. 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

48291 v1

(c)   No telephone calls shall be made to Chambers.

(d)   Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.

9.   **Pretrial Conference and Trial.**   After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference.  If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

SEITZ, VAN OGTROP & GREEN, P.A.

Dated: May 23, 2005

By: /s/ George H. Seitz, III
George H. Seitz, III (No. 667)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
gseitz@svglaw.com

48291 v1

and

Ronald J. Schutz
Jake M. Holdreith
Becky R. Thorson
Carrie M. Lambert
Kimberly G. Miller
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
Minneapolis, MN 55402
(612) 349-8500

                          ATTORNEYS FOR PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.

48291 v1