# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT

JOHN T. DORSEY
M. BLAKE CLEARY

ATHANASIOS E. AGELAKOPOULOS
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
ALISON G.M. GOODMAN
SEAN T. GREECHER
KARA S. HAMMOND
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
MATTHEW B. LUNN
JOSEPH A. MALFITANO
GLENN C. MANDALAS
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MATTHEW B. MCGUIRE
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MICHAEL P. STAFFORD
JOHN E. TRACEY
ALFRED VILLOCH, III
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WRITER'S DIRECT DIAL NUMBERS
VOICE: (302) 571-6689
FAX: (302) 576-3334

E-MAIL: jshaw@ycst.com

H. ALBERT YOUNG
1929-1982
H. JAMES CONAWAY, JR.
1947-1990
WILLIAM F. TAYLOR
1954-2004

STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
OF COUNSEL

JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
PATRICIA A. WIDDOSS
SPECIAL COUNSEL

GEORGETOWN OFFICE
110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

May 23, 2005

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 N. King Street
Wilmington, DE 19801

      Re:    St. Clair v. Samsung, et al., Civil Action No. 04-1436 (D. Del.)

Dear Judge Farnan:

      Defendants in the above action submit this letter in support of their joint proposed Rule 16(b) scheduling order.[1]

      As an initial matter, Defendants believe that a schedule should not be entered until a threshold issue of standing — the subject of Defendants' pending motion to stay this action — has been resolved. (See DI 30, 31, filed May 19, 2005.) As discussed in that motion, the threshold standing issue is whether Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") owns the patents-in-suit, or whether the patents-in-suit are instead owned by a different

---

[1] The Defendants in this case are Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., Hewlett-Packard Company and Eastman Kodak Company.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
May 23, 2005
Page 2

company Mirage Systems, Inc. ("Mirage"), which employed the inventors when they did the work allegedly underlying the patents-in-suit. Within the past two months, this ownership dispute has itself become the subject of two separate lawsuits between St. Clair and Mirage.[2] The resolution of either of those lawsuits may render this action unnecessary (or at least reduce the number of parties and amount of associated costs), either by requiring dismissal of St. Clair's complaint for lack of standing if Mirage prevails, or by permitting the parties to consider settling this case on reasonable terms if St. Clair is adjudicated the proper owner. Indeed, in its complaint against Mirage, St. Clair acknowledges that the possibility of settlement has been foreclosed as a result of the ownership dispute.[3]

       Nevertheless, if the Court would prefer to enter a scheduling order at this time, Defendants submit that their proposed schedule, which provides for an initial expedited discovery period culminating in an early trial of the ownership issue — to be followed immediately, if warranted, by traditional patent discovery including *Markman* proceedings — is more likely to lead to the efficient resolution of this action (by verdict or settlement) than the scheduling order proposed by St. Clair. For easy reference we have also enclosed a summary of the key dates in defendants' proposed schedule.

       First, for the same reasons stated by Defendants in their motion for stay, Defendants believe that the threshold standing/ownership issue should be resolved before the more complex and potentially unnecessary issues of non-infringement and patent invalidity. Accordingly, Defendants submit that their proposed schedule, which allows the threshold ownership/standing issue to proceed first and be resolved on an expedited basis within seven months is preferable to St. Clair's proposed schedule, which fails to provide any mechanism for the early resolution of this potentially case-dispositive issue.

       Second, consistent with this Court's Model Rule 16 Scheduling Order and the practice of this Court, Defendants' proposed schedule provides for a *Markman* hearing and related proceedings. St. Clair, in contrast, refuses even to schedule a *Markman* hearing on the ground that this Court has previously construed some of the terms that appear in some of the claims of the patents-in-suit. Under St. Clair's proposal, Defendants would be precluded from

---

[2] On April 12, 2005, Mirage filed an action against St. Clair (and others) in California state court alleging that Mirage is the rightful owner of the patents-in-suit by virtue of employment agreements signed by the named inventors. See *Mirage Systems, Inc. v. Speasl, et al.*, Case No. 105CV039164 (Cal. Sup. Ct.). On May 6, 2005, St. Clair filed an action against Mirage in this Court alleging that St. Clair is the owner. See *St. Clair Intellectual Property Consultants v. Mirage Systems, Inc.*, Civil Action No. 05-273 (D. Del.) (Farnan, J.).

[3] See St. Clair Complaint at ¶ 119 ("The delay and failure in licensing that has resulted from the [Mirage] Defendants' dissemination of the allegations in Mirage's Complaint and/or other allegations of Mirage's claim of ownership has caused St. Clair *substantial damages…includ[ing] at least St. Clair's expenses and burden of continuing litigation of defendants who would have settled but for the [Mirage] Defendants' tortious conduct* together with lost licensing revenue in the tens of millions of dollars.") (emphasis added).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
May 23, 2005
Page 3

identifying additional or different terms, or aspects of terms, for construction. Similarly, Defendants would be prevented from raising any claim construction arguments not made in the prior litigations. This attempt to deprive Defendants of their rights to litigate this issue is particularly troubling in light of the pending reexamination of some patents-in-suit before the United States Patent and Trademark Office. Whether St. Clair's proposal is an attempt to prevent Defendants from raising any reexamination history estoppel arguments resulting from any amendments or arguments made by St. Clair during the reexamination is unclear. What is clear, however, is that Defendants have a right to be heard regarding the proper construction of any of the terms of the claims of the patents-in-suit, whether those terms have previously been construed or not. St. Clair's failure to schedule any *Markman* hearing or briefing, therefore, represents a fatal flaw in its proposal, and warrants denial of its proposed schedule.

Finally, given that St. Clair chose to commence this action against a variety of unrelated companies based on their sales of different products, Defendants believe that any scheduling order adopted by the Court should be balanced and should not unilaterally favor one party at the expense of the others. While Defendants' proposed schedule strives for and is likely to achieve that balance, St. Clair's proposal is decidedly one-sided in favor of St. Clair. For example, as discussed above, St. Clair's proposal fails to schedule and seeks to deprive defendants of their rights to a *Markman* hearing. In addition, St. Clair seeks an extremely aggressive and rushed schedule despite the fact that St. Clair repeatedly postponed the answer due dates — the last of which was filed on April 29, 2005 — by five months as part of its effort to secure a pre-litigation settlement. St. Clair's accelerated schedule, in effect, now seeks to charge all Defendants with the five-month extension that St. Clair, for its own benefit, provided to some defendants in an effort to secure a pre-litigation settlement. Given the multi-defendant format in which St. Clair chose to commence this action, it is hardly fair for St. Clair to insist on a rushed schedule that does not permit Defendants to prosecute their cases.

Accordingly, in light of the presently pending lawsuits between St. Clair and Mirage contesting the very ownership of the patents-in-suit, Defendants submit that this action should be stayed with no schedule to be entered at this time. If, however, the Court is inclined to enter a scheduling order at this time, Defendants respectfully submit that the Court adopt their jointly-submitted schedule, rather than unfair and unworkable schedule proposed by St. Clair.

Respectfully yours,

John W. Shaw

JWS/prt
Enclosures

WP3:1115044.1                                                                                             63900.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
May 23, 2005
Page 4


cc:   Clerk of the Court (by hand delivery)
      George H. Seitz, III, Esquire (by electronic filing & hand delivery)
      Steven J. Balick, Esquire (by electronic filing & hand delivery)
      Richard L. Horwitz, Esquire (by electronic filing & hand delivery)
      Jack B. Blumenfeld, Esquire (by electronic filing & hand delivery)
      Ronald J. Schutz, Esquire (by Federal Express)
      Stuart Lubitz, Esquire (by Federal Express)
      Mark D. Selwyn, Esquire (by Federal Express)
      Donald L. Rhoads, Esquire (by Federal Express)
      John M. Desmarais, Esquire (by electronic mail)

WP3:1115044.1

63900.1001