IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, <br><br> Defendants. | Civil Action No. 04-1436 JJF |

## DEFENDANTS' [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a Scheduling Conference on _____ pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange within 14 days from the agreed-upon completion of the 26(f) conference the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. L.R. 16.2.

2. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before **December 9, 2005.**

3. **Discovery Relating to the Ownership of the Patents-in-Suit:**

(a) To streamline discovery relating to the ownership of the patents-in-suit, Plaintiff shall produce (subject to entry of a protective order) all documents, pleadings, expert reports, deposition transcripts and exhibits, and trial transcripts and exhibits from *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp. et al.*, Civil Action No. 01-00557, and *St. Clair Intellectual Property Consultants, Inc. v. Canon Inc. et al.*, Civil Action No. 03-0241, both filed in the District of Delaware, relating to the ownership of the patents-in-suit by **June 10, 2005.**

(b) Production and completion of contention interrogatories, identification of fact witnesses, and document production relating to the ownership of the patents-in-suit shall commence on **June 10, 2005** so as to be completed by **August 26, 2005.**

(i) Each party requesting documents from a third party (not a party to this action) by subpoena shall ensure that all parties in this action are contemporaneously notified of such request and shall promptly provide all parties access to such documents.

(c) Interrogatories. Each Defendant Party shall be limited to **ten (10)** interrogatories relating to the ownership

of the patents-in-suit (including all discrete subparts), including contention interrogatories. For purposes of this Scheduling Order, each "Defendant Party" is defined as follows:

  (i) Defendant Party Samsung means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, L.P.;

  (ii) Defendant Party Matsushita means Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., and JVC Company of America;

  (iii) Defendant Party Nokia means Nokia Corporation and Nokia, Inc.;

  (iv) Defendant Party HP means Hewlett-Packard Company; and

  (v) Defendant Party Kodak means Eastman Kodak Company.

  (d) Requests for Admission. Each Defendant Party shall be limited to **twenty (20)** requests for admission relating to the ownership of the patents-in-suit (including all discrete subparts). Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document or thing is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility of evidence.

WP3:1115039.1                       63900.1001

(e) Depositions.

(i) Fact depositions relating to the ownership of the patents-in-suit may commence on **August 26, 2005**. Each Defendant Party shall have up to **70 hours** to conduct fact and 30(b)(6) depositions of Plaintiff and any third parties relating to the ownership of the patents-in-suit. If, however, more than four Defendant Parties remain in the case at the time fact depositions relating to the ownership of the patents-in-suit commence, the Defendant Parties collective deposition time shall not collectively exceed **280 hours**.

(ii) The parties agree to coordinate scheduling of depositions (i.e., the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness) so that to the extent possible, no witness will be deposed more than once in this action with respect to the ownership of the patents-in-suit in the capacity as an individual and, to the extent practical, once in this action with respect to the ownership of the patents-in-suit in the capacity as a 30(b)(6) witness.

(iii) Defendant Parties may serve multiple 30(b)(6) notices of deposition relating to the ownership of the patents-in-suit provided that subsequent notices do not cover the same topics as previous notices.

(iv) To further streamline the deposition process, depositions taken in the actions *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp. et al.*, Civil Action No. 01-00557, and *St. Clair Intellectual Property Consultants, Inc. v. Canon Inc. et al.*, Civil Action No. 03-0241, and depositions taken by other defendants in this action, may be used by a defendant in this action pursuant to the Federal Rules of Civil Procedure as if they were taken by that defendant.

(f) Discovery of all facts not subject to paragraph 3(a) of this Scheduling Order relating to ownership of the patents-in-suit, (i.e., requests for admission, non-contention interrogatories, depositions) shall be completed by **November 18, 2005.**

(g) A trial on whether St. Clair has standing to assert ownership of the patents-in-suit shall take place in **January 2006.**

4. **Remaining (Non-Ownership) Discovery:** Discovery regarding any issue other than ownership of the patents-in-suit shall not commence before the end of the trial on the issue of ownership. To the extent that any controversy remains between the parties after a determination of ownership of the patents-in-suit, the following schedule shall apply:

(a) To streamline remaining discovery, Plaintiff shall produce (subject to entry of a protective order) all

outstanding documents, pleadings, expert reports, deposition transcripts and exhibits, and trial transcripts and exhibits from *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp. et al.*, Civil Action No. 01-00557, and *St. Clair Intellectual Property Consultants, Inc. v. Canon Inc. et al.*, Civil Action No. 03-0241, both filed in the District of Delaware, by **February 13, 2006**.[1]

    (b) Exchange and completion of contention interrogatories, identification of fact witnesses, and document production relating to the claims and defenses of the parties shall commence on **February 13, 2006** so as to be completed by **July 17, 2006**.

    (i) Each party requesting documents from a third party (not a party to this action) by subpoena shall ensure that all parties in this action are contemporaneously notified of such request and shall promptly provide all parties access to such documents.

    (c) Interrogatories. Plaintiff shall be limited to **forty (40)** interrogatories (including discrete subparts), including contention interrogatories, to each Defendant Party as defined above. Each Defendant Party shall be limited to **forty**

---

[1] Should the Court decline to allow early, bifurcated discovery regarding ownership, defendants propose that all of the dates from this point on be shortened by three (3) months.

**(40)** interrogatories (including all discrete subparts), including contention interrogatories.

(d) Requests for Admission. Plaintiff shall be limited to **eighty (80)** requests for admission (including all discrete subparts) to each Defendant Party as defined above. Each Defendant Party shall be limited to **eighty (80)** requests for admission (including all discrete subparts) with respect to Plaintiff. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document or thing is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility of evidence.

(e) Depositions.

(i) Fact depositions relating to the claims and defenses of the parties may commence on **July 17, 2006.** Plaintiff shall have up to **150 hours** to conduct fact and 30(b)(6) depositions (excluding expert depositions) of each Defendant Party and any third parties relating to its claims or defenses concerning that Defendant Party. Each Defendant Party shall have up to **150 hours** to conduct fact and 30(b)(6) depositions (excluding expert depositions) of Plaintiff and any third parties. If, however, more than four Defendant Parties remain in the case at the time fact depositions commence, the

WP3:1115039.1      63900.1001

Defendant Parties collective deposition time shall not collectively exceed **600 hours**.

    (ii) The parties agree to coordinate scheduling of depositions (i.e., the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness) so that, to the extent possible, no witness will be deposed more than once in this action in the capacity as an individual and, to the extent practical, once in this action in the capacity as a 30(b)(6) witness. However, no deposition in connection with discovery relating to the ownership of the patents-in-suit shall apply for purposes of this sub-section.

    (iii) The parties may serve multiple 30(b)(6) notices of deposition provided that subsequent notices do not cover the same topics as previous notices.

    (iv) To further streamline the deposition process, depositions taken in the actions *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp. et al.*, Civil Action No. 01-00557, and *St. Clair Intellectual Property Consultants, Inc. v. Canon Inc. et al.*, Civil Action No. 03-0241, and depositions taken by other defendants in this action, may be used by a defendant in this action pursuant to the Federal Rules of Civil Procedure as if they were taken by that defendant.

8

WP3:1115039.1                     63900.1001

(f) Discovery of all facts not subject to paragraph 4(a) of this Scheduling Order, (i.e., requests for admission, non-contention interrogatories, depositions) shall be complete by **December 20, 2006.**

(g) Expert discovery shall be commenced after **February 19, 2007** and be completed by **April 18, 2007.**

(i) Expert reports compliant with Fed. R. Civ. P. 26(a)(2) on issues for which a party has the burden of proof shall be served by **January 22, 2007.** Rebuttal expert reports shall be served by **February 19, 2007.** Reports served pursuant to this paragraph may be supplemented to the extent that a Markman ruling is not entered prior to the above dates.

(ii) Expert depositions shall be completed by **April 18, 2007.**

(h) If a Defendant intends to rely upon legal advice as a defense to Plaintiff's charge of willful infringement, it will make this election by **May 29, 2006.** Any further motion to bifurcate willfulness issues shall be filed on or before **June 28, 2006.**

(i) If St. Clair decides to waive privilege regarding patent applications, St. Clair will make its election by **May 29, 2006.**

(j) **Initial Infringement Charts.** On or before **May 16, 2006,** Plaintiff shall identify the claims of each of the

patents-in-suit that it asserts are infringed by each of the Defendants, and serve its initial infringement charts on each Defendant. The charts must apply the asserted claims of the patents-in-suit individually to each accused product on an element-by-element basis.

(k) **Initial Prior Art Disclosures.** On or before **July 31, 2006**, each Defendant shall serve on Plaintiff a list and copies of all prior art that it intends to rely on in this action and that it has identified as of that date, including certified translations of any prior art that was published in a foreign language.

5. **Discovery Disputes.**

(a) A party seeking discovery that the opposing party refuses to provide shall file a motion (no brief) pursuant to Fed. R. Civ. P. 37 and D. Del. L.R. 37.1. Said motion shall not exceed a total of four (4) pages and must specify that the filing is made pursuant to the Discovery Dispute procedures provided in this paragraph. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b) All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c) Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

(d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before **December 9, 2005**.

7. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **May 18, 2007**. Briefing shall be pursuant to D. Del. L.R. 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

8. **Markman.** A Markman Hearing will be held in **November 2006**. The parties shall contact the Court's Case Manager for time allocations at least ten (10) days prior to the hearing. The parties shall address claim construction issues in the following manner:

(a) On or before **August 15, 2006**, each party shall identify the terms, clauses, or phrases it contends require construction.

(b) On or before **August 31, 2006**, the parties shall simultaneously exchange a proposed construction for each term, clause, or phrase identified by any party.

(c) On or before **September 8, 2006**, the parties shall meet and confer in an attempt to narrow the issues regarding claim construction.

(d) On of before **September 15, 2006**, the parties shall complete and file with the Court a pre-claim construction hearing statement which contains the following information:

    (i) The construction of the terms, phrases, or clauses on which the parties agree;

    (ii) Each party's proposed construction of each disputed term, phrase, or clause, together with supporting references; and

    (iii) The anticipated length of time for the claim construction hearing.

(e) On or before **October 6, 2006**, each party shall file its opening claim construction brief.

(f) On or before **October 27, 2006**, each party shall file a reply claim construction brief.

9. **Applications by Motion.**

   (a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995) and the Court's standing order concerning electronic filing (February 8, 2005). Any non-dispositive motion shall contain the statement required by D. Del. L.R. 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

   (b) No facsimile transmissions will be accepted.

   (c) No telephone calls shall be made to Chambers.

   (d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

10. **Pretrial Conference and Trial:** Although discovery in this matter shall be consolidated, there shall be separate pre-trial and trial proceedings for each Defendant Party. After receiving the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference for each respective Defendant Party.

13

The Court will determine whether a trial date for each Defendant Party should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date for each Defendant Party is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for trials against each Defendant Party to be begin within sixty (60) to (90) days of the Pretrial Conference.

There shall be separate trials against each defendant. The Court shall choose the order of the trials against the defendants.

11. **Other matters**

(a) **Protective order**: The parties shall negotiate in good faith in an attempt to each agree on a protective order that will govern the production of documents and other information in this case. If the parties reach an agreement, they will submit a stipulated order for entry by the Court. If the parties are unable to reach agreement, they will submit simultaneous briefs supporting their respective proposed protective orders. Until a protective order is in effect, D. Del. L.R. 26.2 shall apply.

_____      _____
DATE                          UNITED STATES DISTRICT JUDGE