IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, <br><br> Defendants. | Civil Action No. 04-1436 JJF <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ANSWERING BRIEF TO DEFENDANTS' JOINT MOTION TO STAY ACTION PENDING RESOLUTION OF PATENT OWNERSHIP DISPUTE BETWEEN ST. CLAIR AND MIRAGE SYSTEMS, INC. AND OPENING BRIEF IN SUPPORT OF ITS MOTION TO BIFURCATE AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUES IN THE PRESENT ACTION**

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: June 3, 2005

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

48458 v1

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................................ 1

NATURE OF PROCEEDINGS ................................................................................................... 1

BACKGROUND ......................................................................................................................... 2

ARGUMENT ............................................................................................................................... 4

CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ciena Corp. v. Corvis Corp.*,
 210 F.R.D. 519 (D. Del. 2002) (Farnan, J.) .................................................................. 6

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
 820 F.2d 1209 (Fed. Cir. 1987) ..................................................................................... 6

*In re Paoli R.R. Yard PCB Litig.*,
 113 F.3d 444 (3d Cir. 1997) .......................................................................................... 6

## INTRODUCTION AND SUMMARY OF ARGUMENT

Determination of Plaintiff St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair") ownership of the patents-in-suit (hereinafter defined) has become a significant priority to the just and speedy resolution of this case and the case St. Clair has filed in this Court against Mirage Systems, Inc. ("Mirage") and two of Mirage's principals (Civil Action No. 05-273-JJF). To effectively and efficiently resolve these two disputes, St. Clair opposes a stay in this action and seeks expedited resolution of the ownership issue. St. Clair therefore moves to bifurcate ownership from the infringement claims and expeditiously proceed litigating ownership alone in this action. St. Clair will move to bifurcate the declaratory judgment ownership claims pending before this Court in *St. Clair v. Mirage Systems, Inc.* as well and, to the extent that litigation proceeds ahead of the instant action, may later consent to a stay in this case pending the resolution of St. Clair's ownership claims against Mirage.

## NATURE OF PROCEEDINGS

This action was filed on November 9, 2004. To accommodate settlement discussions, St. Clair did not immediately serve the Complaint on the above-named defendants; St. Clair instead began meeting with individual defendants in December of 2004 and January of 2005. Upon its request Eastman Kodak Company ("Kodak") was served early, on January 7, 2005, and answered on January 27, 2005. The other defendants were served on March 1, 2005, but were given extensions to answer or otherwise move in order to further pending settlement agreements. All defendants answered by April 29, 2005, and St. Clair responded to all counterclaims by May 19, 2005. The Court has not yet entered a Scheduling Order. The parties submitted separate scheduling proposals on May 23, 2005 with the defendants proposing phasing the case and St. Clair proposing a unified schedule. Upon review of Defendants' joint motion, St. Clair agrees

that prompt determination of St. Clair's ownership may best be served by bifurcation; however, not in the specific framework defendants propose in their 26(f) report. Accordingly, if the Court grants St. Clair's motion to bifurcate, St. Clair will work with defendants to submit an updated proposed scheduling order outlining a schedule for the ownership litigation, with a bench trial to occur as soon as reasonably feasible.

## BACKGROUND

St. Clair is the titleholder of record in the United States Patent Office of U.S. Patents Nos. 5,138,459, 6,094,219, 6,233,010, and 6,323,899 ("the patents-in-suit"). As the owner of the patents-in-suit, St. Clair has already tried three patent infringement cases to jury verdict before this Court. The first lawsuit was filed in August of 2001 against Sony Corporation, Sony Electronics, Inc., and Sony Corporation of America (collectively "Sony"). (Civil Action No. 01-557-JJF.) After a jury verdict of infringement in St. Clair's favor in a phased trial, Sony entered into an agreement to license the patents-in-suit.

St. Clair filed a second lawsuit in February of 2003, naming Casio Computer Co., Ltd., Casio, Inc., Seiko Epson Corporation, Epson American, Inc., Kyocera Corporation, Kyocera International, Inc., Minolta Co., Ltd., Minolta Corporation, Nikon Corporation, Nikon, Inc., Olympus Optical Co., Ltd., Olympus America, Inc., Canon, Inc. and Canon U.S.A., Inc. (collectively "Canon"), and Fuji Photo Film Co., Ltd. and Fujifilm America, Inc. (collectively "Fuji") as defendants. (Civil Action No. 03-241-JJF.) All defendants but Canon and Fuji settled and entered into agreements to license the patents-in-suit. Last fall, in back-to-back trials against Canon and Fuji, two separate juries found all asserted claims of the patents-in-suit valid and infringed and awarded damages.

The issue of ownership of the Roberts patents is not new to this Court. In July and August of 2004, Mirage principals George J. Moussally, Kenneth L. Ford and Philip A. Fialer, and former Mirage principal Fred J. Heinzmann submitted declarations in this Court to support Canon and Fuji's eleventh-hour Summary Judgment motion on ownership and thus lack of standing. This Court denied Canon and Fuji's motion because St. Clair had established that it is the titleholder of record in the United States Patent and Trademark Office. D.I. No. 812, Memorandum Opinion and Order of Sept. 16, 2004, at 3-4. The ownership defense was then severed from both trials after Canon disclosed a "Consulting Agreement" between Canon and Mirage to St. Clair's counsel in the middle of trial. Whether the ownership defense is available at all to Canon or Fuji is subject to this Court's pending investigation into their counsel's conduct.

The present lawsuit against the above-named defendants was filed on November 9, 2004. In December of 2004 and January of 2005, St. Clair entered into settlement discussions with each of the defendants, in addition to other camera and camera-phone manufacturers. St. Clair entered into license agreements with two non-defendants. By early April, St. Clair had reached agreements with four of the five defendants and another a non-defendant. St. Clair was also progressing in discussions with others.

Mirage's challenge to St. Clair's ownership has now derailed the settlement negotiations. More than sixteen months after Mirage became aware of St. Clair's patent infringement actions before this Court and about a year after it executed its secret "Consulting Agreement" with Canon, Mirage filed a lawsuit against St. Clair and the individual inventors in California state court. (Case No. 105 CV 039164 (Cal. Sup. Ct.) filed April 12, 2005.) After Mirage's filing, all settlement discussions with the defendants and other non-defendant companies collapsed.

Additionally, in answering St. Clair's First Amended Complaint, three of the five defendants then pled lack of ownership as an affirmative defense or a counterclaim; of the two defendants that did not, one has since expressed a desire to amend its answer to add an ownership counterclaim.

Because of the significant enforcement efforts pending in the District of Delaware, St. Clair filed a declaratory judgment action with this Court against Mirage and its officers George J. Moussally and Kenneth L. Ford on May 6, 2005. (Civil Action No. 05-273-JJF)  Among other things, St. Clair's declaratory claims seek relief under 28 U.S.C. § 2201 and 35 U.S.C. § 261 to quiet St. Clair's title to the patents-in-suit. D.I. No. 1 at 8, 12.

St. Clair believes Mirage's dispute of St. Clair's ownership is without merit. Nevertheless, St. Clair acknowledges that Mirage's assertions have impeded and will continue to stall the efficient and complete resolution of the litigation against the five above-named defendants. Bifurcating ownership in the present action will facilitate settlements with the defendants without additional litigation expense to re-litigate the underlying infringement and validity issues. Accordingly, St. Clair moves to bifurcate ownership in the present action (and as set forth above, will move to bifurcate St. Clair's declaratory claim in the *St. Clair v. Mirage* lawsuit) and litigate this critical issue as soon as possible.

**ARGUMENT**

St. Clair does not believe that a stay of this case, as proposed by Defendants, will lead to the most efficient and effective resolution to this matter. St. Clair deserves to be heard on the ownership issue in a timely fashion. At present, this action is the one which is progressing most expeditiously towards resolution of the ownership issue on the merits. Ideally, the ownership dispute between St. Clair and Mirage should be resolved as promptly as possible in the separate

Delaware action (Civil Action No. 05-273-JJF) and St. Clair will move that that action be bifurcated and fast-tracked because resolution between St. Clair and Mirage would likely resolve ownership once and for all, including as to third-parties. However, for one reason or another, fast-tracking that case may not be possible. The defendants in that case have yet to answer St. Clair's Complaint and the parties have not yet conferred under Rule 26(f) to propose a discovery and pretrial schedule. Accordingly, bifurcating the ownership issue in the present action may provide the most efficient opportunity to decide the ownership issue. If the Mirage Delaware action moves forward quickly, St. Clair may revisit a stay in this action. Presently, however, without a firm timeframe in the Mirage Delaware litigation, St. Clair respectfully opposes staying the instant action.

The most judicially efficient way to resolve all St. Clair litigation is to put the ownership dispute at the forefront through bifurcation of the issue in this case or in St. Clair's separate lawsuit against the Mirage defendants in the District of Delaware. St. Clair therefore opposes a stay in this case to await the resolution of the California case filed by Mirage. (*Mirage Systems, Inc. v. Speasl et al.*, 105-CV-039164 (Cal. Sup. Ct.)). As noted in footnote 1, that action brought by Mirage in California is not on track to proceed rapidly. Moreover, this Court is familiar with the relevant facts surrounding the ownership issue, and it has already invested significant judicial resources in it after the standing defense was raised by Canon and Fuji almost one year ago. Mirage's principals appeared in this Court asserting their alleged property interests in detailed sworn declarations back in July and August of 2004—more than eight months before they finally filed their lawsuit in California. Here, three of the five defendants have raised the issue about ownership through affirmative defenses and a counterclaim. Further, whether St. Clair is a bona fide purchaser of the patents for valuable consideration under 35 U.S.C. § 261 is a question

invoking federal patent law. This Court should therefore hear the ownership issue through bifurcation of the present litigation.

Bifurcating ownership in the present litigation and simultaneously proceeding with the *St. Clair v. Mirage* litigation in Delaware is within this Court's power, consistent with the Rules, and accomplishes each of the goals set forth in Rule 1 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 42 provides that a court may order a separate trial of any claim or any issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). District courts have broad discretion to determine whether bifurcation is appropriate under this rule. *See, e.g., In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 452-53 n.5 (3d Cir. 1997); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987). When exercising this discretion, courts should consider whether bifurcation "will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002) (Farnan, J.). Bifurcation is commonly used in patent litigation. *Id.* at 521.

Bifurcation of ownership in the present action will lead to the just, speedy, and inexpensive determination of this action as required by Rule 1 of the Federal Rules of Civil Procedure. If St. Clair prevails on this issue, the defendants and the parties will likely resume settlement discussions. If St. Clair does not prevail, this litigation need not proceed. Should the Court agree with this proposal for sequencing the litigation, St. Clair will work with defendants to finalize a discovery schedule with a bench trial in four (4) to nine (9) months as is custom in this Court.

## CONCLUSION

For the reasons stated above, St. Clair opposes a stay in this action and moves to bifurcate ownership in the instant action.

Dated: June 3, 2005

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By: /s/ Patricia P. McGonigle
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

48458 v1

7

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 3rd day of June 2005, I electronically filed the *Plaintiff's Answering Brief To Defendants' Joint Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between St. Clair and Mirage Systems, Inc. and Opening Brief in Support of its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issues in the Present Action* with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Patricia P. McGonigle
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

48444 v1