## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY  )
CONSULTANTS, INC.,                )
                                  )
                                  )
                    Plaintiff,    )
                                  )
        v.                        )   C. A. No. 04 -1436 JJF
                                  )
SAMSUNG ELECTRONICS CO., LTD.,    )
SAMSUNG ELECTRONICS AMERICA, INC., )
SAMSUNG TELECOMMUNICATIONS        )
AMERICA, L.P., MATSUSHITA ELECTRIC )   **JURY TRIAL DEMANDED**
INDUSTRIAL CO., LTD., MATSUSHITA  )
ELECTRIC CORPORATION OF AMERICA,  )
VICTOR COMPANY OF JAPAN, LTD.,    )
JVC COMPANY OF AMERICA,           )
NOKIA CORPORATION, NOKIA, INC.,   )
HEWLETT-PACKARD COMPANY and       )
EASTMAN KODAK COMPANY,            )
                                  )
                    Defendants.   )

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY ACTION PENDING RESOLUTION OF PATENT OWNERSHIP DISPUTE BETWEEN PLAINTIFF AND MIRAGE SYSTEMS, INC.

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants*
*Eastman Kodak Company and*
*Hewlett-Packard Corporation*

Dated:  June 10, 2005

OF COUNSEL:

William F. Lee
Donald R. Steinberg
Mark D. Selwyn
Joseph F. Haag
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

William P. DiSalvatore
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

*Attorneys for Defendants*
*Eastman Kodak Company*


OF COUNSEL:

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764
Telephone: 312.832.4500

Bruce Kuyper
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

*Attorneys for Defendants*
*Hewlett-Packard Corporation*


OF COUNSEL:

Stuart Lubitz
Bruce G. Chapman
David A. Ben-Meir
HOGAN & HARTSON LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 789-5100

Steven J. Balick
John G. Day
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*
*Matsushita Electric Industrial Co., Ltd., Victor*
*Company of Japan, Ltd., Panasonic*
*Corporation of America and JVC Company of*
*America*

OF COUNSEL:

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
KRAMER LEVIN NAFTALIS &
    FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212)

Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P. O. Box 1347
Wilmington, DC 19899
(302) 575-7291
jblumenfeld@mnat.com

*Attorneys for Defendants*
*Nokia Corporation and Nokia, Inc.*


OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4675
(212) 446-4800

Josy W. Ingersoll
1000 West Street, 17th Floor
YOUNG CONAWAY STARGATT &
TAYLOR LLP
P. O. Box 391
Wilmington, DE 19899
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd., Samsung Electronics America, Inc.*
*and Samsung Telecommunications*

# TABLE OF CONTENTS

ARGUMENT .................................................................................................................................1

CONCLUSION..........................................................................................................................4

# TABLE OF AUTHORITIES

## CASES

*Pinpoint, Inc. v. Amazon.com, Inc.,*
  347 F. Supp. 2d 579 (N.D. Ill. 2004) ....................................................................2

## ARGUMENT[1]

In its answering brief St. Clair admits that the ownership issue should be resolved first, before other merits issues,[2] and that it is preferable for the ownership issue to be resolved in a direct action between St. Clair and Mirage.[3] Logically, those two statements compel the conclusion that the present action should be stayed until the ownership issue between St. Clair and Mirage is resolved. Yet, that is not the position St. Clair takes.

Instead, St. Clair attempts to straddle different positions, arguing that it *might* be willing to stay this case if this Court expedites the St. Clair action against Mirage, but unless that happens, it "*deserves* to be heard on the ownership issue in a timely fashion" by bifurcating and fast-tracking the ownership issue in this case, even though the same ownership dispute will be proceeding at the same time in the action that St. Clair itself brought against Mirage in this district (and also in the California action that Mirage brought against St. Clair). (*See* St. Clair Br. at 4, 5 (emphasis added).)

The problem with St. Clair's proposal is that St. Clair's interests are not the only ones that matter in deciding whether to issue a stay. In fact, St. Clair's interests should be accorded little weight, given that: (1) St. Clair chose to file a lawsuit in this

---

[1] St. Clair combines its Answering Brief to defendants' motion to stay with its Opening Brief in support of St. Clair's motion to bifurcate. This reply is in support of defendants' joint motion to stay this action only. Pursuant to the Court's Local Rules, defendants will file their Answering Brief in opposition to St. Clair's motion to bifurcate on or before June 17, 2005.

[2] St. Clair Br. at 5 (ownership dispute should be "put . . . at the forefront").

[3] St. Clair Br. at 4-5 ("Ideally, the ownership dispute between St. Clair and Mirage should be resolved as promptly as possible in the separate Delaware action" between St. Clair and Mirage.).

district against Mirage, which is an admission that the proper means of resolving the ownership dispute is in a direct action (either in California or in Delaware); and (2) St. Clair alleged in its Complaint against Mirage that St. Clair will suffer substantial damages by having to continue to litigate against potentially settling defendants in this case. Notably, St. Clair does not even attempt to reconcile its allegations in the Mirage action with its proposal to proceed, on an expedited basis, with the ownership issue here. They are in *direct conflict*.

There are other interests at stake here, which combined with St. Clair's own actions and statements, strongly support a stay. First, defendants "deserve" – to use St. Clair's word - to know the identity of the actual owner of the patents-in-suit before they are required to incur significant (and potentially unnecessary) expenses in defending this case against St. Clair. The ownership dispute between St. Clair and Mirage is a serious one, as evidenced by the two pending mirror-image actions, and by St. Clair's admission that the named inventors were employed by Mirage at the time of the alleged invention and were required by their Employment Agreements to assign inventions related to their work to Mirage. *See, e.g., Pinpoint, Inc. v. Amazon.com, Inc.*, 347 F. Supp. 2d 579, 581 (N.D. Ill. 2004) (Posner, C.J., sitting by designation) ("Nothing is more common than for an inventor to agree that the owner of a patented product or process that he invents will be someone besides himself, such as his employer.").[4]

If Mirage prevails in the pending ownership litigation, then this action is over, as St. Clair readily admits. (*See* St. Clair Br. at 6.) If St. Clair prevails in the

---

[4] St. Clair contends (Br. at 2) that it "is the titleholder of record" and "owner of the patents-in-suit," but its uncertainty in that regard is evidenced by its unwillingness to warrant ownership of the patents-in-suit as a condition of settlement.

2

pending ownership litigation, then any outstanding settlement discussions can proceed in this case - at cost savings to both St. Clair and potentially settling defendants - and the streamlined case may proceed against any non-settling defendants with the cloud surrounding ownership lifted.

Second, this Court has interests in managing its docket and insuring that duplicative and unnecessary litigation does not occur. St. Clair never explains why it makes sense to litigate the ownership issue in this case first, where the outcome will have no binding effect on Mirage, and could lead to inconsistent judgments in *three* different fora. In this regard, it is notable that St. Clair talks about a generalized need for expedition, but nowhere responds to defendants' argument in its opening brief that, as a patent holding company that acquires revenue from licensing rather than from the sale of products, St. Clair will not be harmed *in any way* by a stay. St. Clair's silence in response to this issue speaks volumes.

In sum, St. Clair's own actions and arguments in this litigation and in the Mirage-St. Clair litigations demonstrate that a stay of this action is warranted. Simply put, it makes no sense to require this Court to hear, and defendants to litigate, the same ownership dispute while there are already two pending ownership actions in which Mirage is a party. This action should be stayed pending resolution of the dispute between Mirage and St. Clair.[5]

---

[5] In their proposed pretrial scheduling order, defendants argued that bifurcating patent ownership issues from other merits issues would be preferable to St. Clair's then-suggested approach of full-fledged discovery and litigation of all issues in this case notwithstanding the patent ownership dispute between Mirage and St. Clair, in the event that the defendants' motion to stay were not granted. St. Clair, however, has since reversed its scheduling order position and now recognizes that resolution of the patent ownership dispute between St. Clair and Mirage "has become a significant priority to the just and speedy resolution of this case." (*See* St. Clair Br. at 1.) Defendants submit that

## CONCLUSION

For the reasons stated above and in the opening brief, this action should be stayed pending the resolution of the patent ownership dispute between Mirage and St. Clair.

OF COUNSEL:

William F. Lee
Donald R. Steinberg
Mark D. Selwyn
Joseph F. Haag
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William P. DiSalvatore
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  1002
(212) 230-8800

*Attorneys for Defendants*
*Eastman Kodak Company*


Dated:  June 10, 2005

POTTER ANDERSON & CORROON LLP

By: _____
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 North Market Street
      Wilmington, DE 19801
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for Defendants Eastman Kodak*
*Company and Hewlett-Packard Corporation*

OF COUNSEL:

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764
(312).832.4500

Bruce Kuyper
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

*Attorneys for Defendant*
*Hewlett-Packard Corporation*

---

Cont'd.
this case should be stayed for the reason - admitted by St. Clair - that the ownership issue
between Mirage and St. Clair should be resolved prior to other merits issues.

OF COUNSEL:

Stuart Lubitz
Bruce G. Chapman
David A. Ben-Meir
HOGAN & HARTSON LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067
(310) 789-5100

ASHBY & GEDDES

By:    /s/ Steven J. Balick
Steven J. Balick
John G. Day
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants
Matsushita Electric Industrial Co., Ltd., Victor
Company of Japan, Ltd., Panasonic Corporation
of America and JVC Company of America*

OF COUNSEL:

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
KRAMER LEVIN NAFTALIS &
    FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100

MORRIS, NICHOLS, ARSHT & TUNNELL

By:    /s/ Jack B. Blumenfeld
Jack B. Blumenfeld
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899
(302) 575-7291
jblumenfeld@mnat.com

*Attorneys for Defendants
Nokia Corporation and Nokia, Inc.*

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY  10022-4675
(212) 446-4800

YOUNG CONAWAY STARGATT & TAYLOR LLP

By:    /s/ Josy W. Ingersoll
Josy W. Ingersoll
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Defendants Samsung Electronics
Co., Ltd., Samsung Electronics America, Inc. and
Samsung Telecommunications*

686116

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 10, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

George H. Seitz, III
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

Josy W. Ingersoll
Young Conaway Stargatt & Taylor Llp
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

I hereby certify that on June 10, 2005, I have Federal Expressed the attached document to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Stuart Lubitz
Bruce G. Chapman
David A. Ben-Meir
Hogan & Hartson LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036


Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY  10022-4675


Bruce Kuyper
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007


Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com


683066