IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY,<br><br>Defendants. | Civil Action No. 04-1436 JJF<br><br>**JURY TRIAL DEMANDED** |

**MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF TO PLAINTIFF'S ANSWERING BRIEF TO DEFENDANTS' JOINT MOTION TO STAY ACTION PENDING RESOLUTION OF PATENT OWNERSHIP DISPUTE BETWEEN ST. CLAIR AND MIRAGE SYSTEMS, INC. AND PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO BIFURCATE AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUES IN THE PRESENT ACTION**

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby submits this Motion for Leave to File a Supplemental Brief, attached as Exhibit 1, which would supplement Plaintiff St. Clair's Answering Brief to Defendants' Joint Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between St. Clair and Mirage Systems, Inc. and Memorandum in Support of its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issues in the Present Action (D.I. 40).

St. Clair requests leave to file its Supplemental Brief because it has come to St. Clair's attention that on June 10, 2005, the day Defendants filed their Reply Brief to Defendants' Joint Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between St. Clair and Mirage Systems, Inc. (D.I. 41), Defendant Eastman Kodak Company ("Kodak") acquired whatever rights, title and interest to any invention claimed by Mirage that relates to the patents-in-suit. Kodak did not inform the Court of its deal with Mirage in its June 10, 2005 submission, has not otherwise notified this Court, and did not disclose that its Motion to Stay is now moot because Kodak has stepped into Mirage's shoes and the ownership dispute between Kodak/Mirage and St. Clair can take place in the instant case without any stay whatsoever. St. Clair respectfully requests that it be permitted to submit this Supplemental Brief because, based on this new information regarding the Kodak-Mirage relationship, the relief St. Clair sought in its Motion to Bifurcate and Expeditiously Proceed With the Ownership Issues in the Present Action is even more appropriate and the ownership dispute in the instant case may be bifurcated and may commence immediately. Moreover, Defendants' previous opening and reply briefs as filed substantially misrepresent the facts as they exist today and, accordingly, the relief Defendants requested in their joint opening and reply briefs is no longer applicable.

Dated: June 15, 2005

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

/s/ Patricia P. McGonigle
_____
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
(302) 888-0600
pmcgonigle@svglaw.com
ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

48692 v1

2

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY,<br><br>Defendants. | Civil Action No. 04-1436 JJF<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUPPLEMENTAL BRIEF TO ITS ANSWERING BRIEF TO DEFENDANTS' JOINT MOTION TO STAY ACTION PENDING RESOLUTION OF PATENT OWNERSHIP DISPUTE BETWEEN ST. CLAIR AND MIRAGE SYSTEMS, INC. AND MEMORANDUM IN SUPPORT OF ITS MOTION TO BIFURCATE AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUES <u>IN THE PRESENT ACTION</u>**

Dated: June 15, 2005

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

48694 v1

## INTRODUCTION AND SUMMARY OF ARGUMENT

On Friday, June 10, 2005, Defendants filed their Reply Brief to Defendants' Joint Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between St. Clair and Mirage Systems, Inc. asking this Court to stay the instant case in favor of resolving the "direct ownership action" between St. Clair and Mirage. (D.I. 41). Defendant Eastman Kodak Company ("Kodak") neglected to tell the Court that at the time it filed its Reply, Kodak had been in negotiations to acquire whatever rights, title and interest to any invention claimed by Mirage that relates to the patents-in-suit and that Kodak did in fact acquire Mirage's claimed rights on that very day--June 10, 2005. The Defendants' Motion to Stay is now (and was last week) moot because Kodak has now stepped into Mirage's shoes and the ownership dispute between Kodak/Mirage and St. Clair can take place in the instant case without any stay whatsoever. Instead, the relief St. Clair sought in its Motion to Bifurcate and Expeditiously Proceed With the Ownership Issues in the Present Action is proper and the ownership dispute in the instant case should be bifurcated and commence immediately.[1]

## NATURE OF PROCEEDINGS AND BACKGROUND

St. Clair incorporates the Nature of Proceedings and Background sections from St. Clair's Response to Defendants' Motion to Stay filed on June 3, 2005. (D.I. 40). On June 10, 2005, Defendants, including Kodak, filed their Reply Brief to their Joint Motion to Stay. (D.I. 41). Kodak did not disclose that on the same day, June 10, 2005, Kodak in fact closed a transaction for whatever rights, title and interest to any invention claimed by Mirage that relates to the patents-in-suit. St. Clair's counsel wrote a letter to Kodak's counsel asking why this material

---

[1] This Supplemental Brief is in support of both St. Clair's Answering Brief to Defendants' Motion to Stay and St. Clair's Motion to Bifurcate which were combined together on June 3, 2005. (D.I. 40). Pursuant to the Local Rules, Defendants have until June 17, 2005 to respond to St. Clair's Motion to Bifurcate and St. Clair has until June 24, 2005 to file its Reply Brief to its Motion to Stay. This brief supplements St. Clair's June 3, 2004 submissions and does not take the place of its Reply Brief due on June 24, 2005.

48694 v1

information was not disclosed to the Court in Kodak's Reply Brief. Ex. A,[2] 6/13/05 Schutz Letter to DiSalvatore. Kodak's counsel wrote back stating it was justified in withholding this information from the Court based on a difference in time zones. Ex. B, 6/13/05 DiSalvatore Letter to Schutz. Because St. Clair was unfamiliar with this rule, St. Clair's counsel asked for additional clarification on this issue. Ex. C, 6/14/05 Schutz Letter to DiSalvatore. Counsel for Kodak has not informed the Court of its ownership of Mirage's claimed rights and has not given any indication of when it might do so. Ex. B, 6/13/05 DiSalvatore Letter to Schutz.

## ARGUMENT

Now that Kodak owns Mirage's alleged "rights" in the patents-in-suit, a stay of this case is completely unwarranted. Although St. Clair does not know the details surrounding the Mirage-Kodak transaction, it is clear that Kodak has now "stepped into the shoes" of Mirage and will be fighting the ownership issue directly against St. Clair. All of the proper parties are in front of the Court on ownership *in the instant case in front of the Court* and that issue should go forward immediately. Kodak argued jointly with all Defendants that the only finality (and the most cost-effective finality) will come when the ownership issue is decided between Mirage and St. Clair. D.I. 41 at 2-3. Now that Kodak owns Mirage's claimed rights, that issue can and should be addressed in the instant case. Defendants' other argument that the case be stayed to avoid unnecessary litigation and burdening the Court's docket is also moot considering all ownership issues can be decided in the pending litigation since all parties to the ownership issue are present in the instant litigation.

---

[2] All exhibits cited herein are attached to the Affidavit of Patricia P. McGonigle in Support of St. Clair's Motion for Leave to File a Supplemental Brief to Plaintiff's Answering Brief to Defendants' Joint Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between St. Clair and Mirage Systems, Inc. and Plaintiff's Memorandum in Support of its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issues in the Present Action.

48694 v1

As stated in St. Clair's Answering Brief, bifurcating ownership in the present litigation and simultaneously proceeding with the *St. Clair v. Mirage* litigation in Delaware is within this Court's power, is consistent with the Rules, and accomplishes each of the goals set forth in Rule 1 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 42 provides that a court may order a separate trial of any claim or any issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). The fastest, most efficient way to resolve the ownership dispute is not to stay this case and wait for another court to pick up the issue in the future. Since Kodak now owns any alleged rights Mirage claims to have in the patents-in-suit, and since Kodak steps into Mirage's shoes in this ownership fight, there is no reason why the ownership issue cannot be bifurcated from the rest of the instant case and litigated quickly and expeditiously before this Court.

## CONCLUSION

For the reasons stated above, and based on the new information St. Clair received regarding Kodak's acquisition of any alleged rights claimed by Mirage regarding the patents-in-suit, St. Clair requests that the Court accordingly deny Defendants' Motion to Stay and grant St. Clair's Motion to Bifurcate Ownership in the Instant Action.

Dated: June 15, 2005

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

/s/ Patricia P. McGonigle
_____
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
(302) 888-0600
pmcgonigle@svglaw.com
ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

48694 v1

**EXHIBIT A**

**ROBINS KAPLAN MILLER & CIRESI** LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

RONALD J. SCHUTZ
(612) 349-8435

June 13, 2005

*Via Facsimile & U.S. Mail*

Mr. William P. DiSalvatore, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

  Re: *St. Clair v. Samsung, et al.*
    Our File No. 121865.0011

Dear Mr. DiSalvatore:

I had a chance to review Kodak's June 10, 2005 Reply Brief in Support of Defendants' Joint Motion to Stay in which Kodak, along with its co-Defendants, demanded that the Court stay the *St. Clair v. Samsung et al.* case because it is "preferable" that the ownership issue be resolved in a direct action between St. Clair and Mirage. I understand that on the same day Kodak filed its Reply Brief, Kodak acquired all rights, title and interest to any invention claimed by Mirage that relates to the patents-in-suit, yet Kodak made no mention of this material fact in its submission to the Court. We believe that Kodak should have notified the Court of this and that Kodak must supplement its Reply Brief with this information and the circumstances surrounding the acquisition of the Mirage rights. If Kodak refuses, St. Clair will inform the Court of Kodak's purchase and subsequent omission.

           Very truly yours,

           ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

           Ronald J. Schutz

RJS/CML
cc: William F. Lee, Esq.
   Richard Horwitz, Esq.
   Sharon R. Barner, Esq.
   Bruce Kuyper, Esq.
   Stuart Lubitz, Esq.
   Steven J. Balick, Esq.

MP3 20138753.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Mr. William P. DiSalvatore, Esq.
June 13, 2005
Page 2

      John E. Daniel, Esq.
      Jack B. Blumenfeld, Esq.
      John M. Desmarais, Esq.
      Josy W. Ingersoll, Esq.

**EXHIBIT B**

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

June 13, 2005

*Via Facsimile*

Ronald J. Schutz, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

William DiSalvatore

399 PARK AVENUE
NEW YORK, NY 10022
+1 212 937 7202
+1 212 230 8888 fax
william.disalvatore@wilmerhale.com

Re: *St. Clair Property Consultants, Inc. v. Samsung Electronics Co., Ltd. et al.,*
    Civil Action No. 04-1436 JJF

Dear Ron:

While I appreciate the free legal advice concerning our client's responsibilities to the Court in the above-referenced action, your conclusion about the sequence of events is inaccurate and surprising to us because your "understanding" is based on what we believed were confidential settlement meetings with St. Clair. Since you have decided to publish only half of your "understanding" to the parties in this case, let me complete the circle for our readers. As late as this past Wednesday, you personally participated in a confidential set of meetings with Eastman Kodak Company where you and Messrs. Holdreith, Chung and Baumgarten were explicitly told that *if* the transaction were to close, it would happen at the close of business West Coast time on Friday, June 10, 2005 -- well after the filing in the District of Delaware.

Nevertheless, we are pleased to report that Eastman Kodak's transaction with Mirage did close, and we will be making the appropriate notifications to the Court and counsel in the above-referenced action and the other actions as soon as possible once conflict issues are resolved around respective local counsel.

Very truly yours,

William DiSalvatore

cc: George H. Seitz, III, Esq.
    Richard Horwitz, Esq.
    Sharon Barner, Esq.
    Bruce Kuyper, Esq.
    Stuart Lubitz, Esq.
    Steven J. Balick, Esq.
    John E. Daniel, Esq.

BALTIMORE   BEIJING   BERLIN   BOSTON   BRUSSELS   LONDON
   MUNICH   NEW YORK   NORTHERN VIRGINIA   OXFORD   WALTHAM   WASHINGTON

Ronald J. Schutz, Esq.
May 17, 2005
Page 2

    Jack B. Blumenfeld, Esq.
    John M. Desmarais, Esq.
    Josy W. Ingersoll, Esq.

06/13/2005 19:38 FAX  212 230 8888        WILMER CUTLER PICKERING                    ☒001/004

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

**FACSIMILE**

399 PARK AVENUE
NEW YORK, NEW YORK 10022
+1 212 230 8800
+1 212 230 8888 fax
wilmerhale.com

| DATE |  |
|---|---|
| June 13, 2005 |  |
| **TO** | **FAX** |
| Ronald J. Schutz, Esq.<br>Robins, Kaplan, Miller & Ciresi, LLP | fax: (612) 339-4181<br>phone: (612) 349-8500 |
| Bruce D. Kuyper, Esq.<br>Latham & Watkins LLP | fax: (213) 891-8763<br>phone: (213) 891-8001 |
| Stuart Lubitz, Esq.<br>Hogan & Hartson LLP | fax: (213) 337-6701<br>phone: (213) 337-6700 |
| Steven J. Balick, Esq.<br>Ashby & Geddes | fax: (302) 654-2067<br>phone: (302) 654-1888 |
| John E. Daniel, Esq.<br>Kramer Levin Naftalis & Frankel LLP | fax: (212) 715-8195<br>phone: (212) 715-9195 |
| Jack B. Blumenfeld, Esq.<br>Morris, Nichols, Arsht & Tunnell | fax: (302) 658-3989<br>phone: (302) 658-9200 |
| John M. Desmarais, Esq.<br>Kirkland & Ellis LLP | fax: (212) 446-4900<br>phone: (212) 446-4739 |
| Josy W. Ingersoll, Esq.<br>Young Conaway Stargatt & Taylor LLP | fax: (302) 576-3301<br>phone: (302) 571-6600 |
| Sharon R. Barner, Esq.<br>Foley & Lardner LLP | fax: (312) 832-4700<br>phone: (312) 832-4500 |
| George H. Seitz, III, Esq.<br>Seitz, Van Ogtrop & Green | fax: (302) 888-0606<br>phone: (302) 888-0600 |
| Richard Horwitz, Esq.<br>Potter Anderson & Corroon LLP | fax: (302) 658-1192<br>phone: (302) 984-6027 |
| **FROM** | **NUMBER OF PAGES, INCLUDING COVER** |
| Nora Q.E. Passamaneck | 3 |

**MESSAGE**

Please see the attached correspondence in the St. Clair v. Samsung, et al. action.

This facsimile transmission is confidential and may be privileged. If you are not the intended recipient, please immediately call the sender or, if the sender is not available, call +1 212 230 8800 and destroy all copies of this transmission. If the transmission is incomplete or illegible, please call the sender or, if the sender is not available, call +1 212 230 8800. Thank you.

BALTIMORE  BEIJING  BERLIN  BOSTON  BRUSSELS  LONDON
MUNICH  NEW YORK  NORTHERN VIRGINIA  OXFORD  WALTHAM  WASHINGTON

PAGE 1/4 * RCVD AT 6/13/2005 7:34:13 PM [Central Daylight Time] * SVR:MP-RIGHTFAX/4 * DNIS:812 * CSID:212 230 8888 * DURATION (mm-ss):01-16

**EXHIBIT C**

**ROBINS KAPLAN MILLER & CIRESI LLP**

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

RONALD J. SCHUTZ
612-349-8435
RJSchutz@rkmc.com

June 14, 2005

**VIA FACSIMILE & U.S. MAIL**

William P. DiSalvatore, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Re: *St. Clair v. Samsung, et al*
File No.: 121865.0011

Dear William:

I got your letter of June 13th.

I had no intention of offering any free legal advice. I was just wondering why Kodak hadn't been forthright with the Court when it filed its brief. Your letter has now set me straight. I was unaware of the three hour time difference rule to the candor requirement.

Finally, would you be so kind as to send us copies of the Kodak-Mirage deal documents. Thank you in advance.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Ronald J. Schutz

RJS/ll
cc: William F. Lee, Esq.
Richard Horwitz, Esq.
Sharon R. Barner, Esq.
Bruce Kuyper, Esq.
Stuart Lubitz, Esq.
Steven J. Balick, Esq.
John E. Daniel, Esq.
Jack B. Blumenfeld, Esq.

William P. DiSalvatore, Esq.
June 14, 2005
Page 2

       John M. Desmarais, Esq.
       Josy W. Intersoll, Esq.
       Mr. Ed Chung
       Mr. Thomas Baumgarten, Jr.

```
** JOB STATUS REPORT **              AS OF JUN 14 2005 12:09      PAGE. 01
                                         R. K. M. & C.  LLP

     JOB #449

       DATE  TIME      TO/FROM         MODE     MIN/SEC   PGS   STATUS
  001  6/14  11:57     12129377300     G3--S    00' 46"   003   OK
  002        11:58     16175265000     EC--S    00' 40"   003   OK
  003        11:59     13026581192     EC--S    00' 21"   003   OK
  004        12:00     13128324700     EC--S    00' 22"   003   OK
  005        12:01     12138918763     G3--S    00' 52"   003   OK
  006        12:02     12133376701     EC--S    00' 24"   003   OK
  007        12:03     13026542067     EC--S    00' 18"   003   OK
  008        12:04     12127158195     G3--S    00' 58"   003   OK
  009        12:06     13026583989     EC--S    00' 40"   003   OK
  010        12:07     12124464900     EC--S    00' 41"   003   OK
  011        12:08     13025763301     EC--S    00' 40"   003   OK
```

# ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel 612-349-8500 Fax 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**FROM:** Ronald J. Schutz

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

**DATE:** June 14, 2005

**TO:**

| NAME: | FACSIMILE NO.: | TELEPHONE NO.: |
|---|---|---|
| William P. DiSalvatore, Esq. | 212.937.7300 | 212.937.7202 |
| William F. Lee, Esq. | 617.526.5000 | 617.526.6556 |
| Richard L. Horwitz, Esq. | 302.658.1192 | 302.658.6027 |
| Sharon R. Barner, Esq. | 312.832.4700 | 312.832.4500 |
| Bruce D. Kuyper, Esq. | 213.891.8763 | 213.891.8001 |
| Stuart Lubitz, Esq. | 213.337.6701 | 213.337.6700 |
| Steven J. Balick, Esq. | 302.654.2067 | 302.654.1888 |
| John E. Daniel, Esq. | 212.715.8195 | 212.715.9195 |
| Jack B. Blumenfeld, Esq. | 302.658.3989 | 302.658.9200 |
| John M. Desmarais, Esq. | 212.446.4900 | 212.446.4739 |
| Josy W. Ingersoll, Esq. | 302.576.3301 | 302.571.6600 |

**FILE NO.:** 121865.0011

**NUMBER OF PAGES INCLUDING COVER SHEET:** 3

If transmission problems occur, or you are not the intended recipient, please call 612-349-8730 or contact Sharon George at 612.349.8216.

**MESSAGE:**

ATLANTA   BOSTON   LOS ANGELES   [MINNEAPOLIS]   NAPLES   SAINT PAUL   SANTA ANA   WASHINGTON, D.C.

## CERTIFICATION PURSUANT TO
## DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Pursuant to District of Delaware Local Rule 7.1.1, counsel for Plaintiff has consulted with counsel for Defendants concerning the subject matter of the attached Motion. Counsel have made reasonable efforts to reach agreement on the matters set forth in the Motion but have been unable to do so as of the filing of the Motion.

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle, Esquire (No. 3126)
pmcgonigle@svglaw.com

48698v1

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 15th day of June 2005, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

48469 v1