IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, and EASTMAN KODAK COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. 04-1436-JJF<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT EASTMAN KODAK COMPANY'S ANSWERING BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION TO BIFURCATE
AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUE
IN THE PRESENT ACTION**

*Of Counsel:*

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10002
(212) 230-8800

Dated: June 17, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Eastman Kodak Company*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii

Introduction .................................................................................................................................1

Background .................................................................................................................................2

Argument .....................................................................................................................................5

I.   Bifurcation Would Be Inconvenient,
     Inefficient and Wasteful of Judical Resources ..................................................................5

     A.   This Action Involves the Wrong Parties to
          Decide the Ownership of the Patents-in-Suit ...........................................................5

     B.   California Is a More Appropriate Jurisdiction for
          Determination of the Ownership of the Patents-in-Suit ...........................................7

II.  Denial of Bifurcation Would Not Prejudice St. Clair ........................................................9

Conclusion .................................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

General Eng'g Corp. v. Martin Marietta Alumina, Inc.,
    783 F.2d 352 (3d Cir. 1986)..................................................................................7

Helicopteros Nacionales de Colombia, S.A. v. Hall,
    466 U.S. 408 (1984)..........................................................................................6

Integral Dev. Corp. v. Weissenbach,
    99 Cal. App. 4th 576 (CA. App. 6. Dist. 2002).....................................................6

Pedus Bldg. Svs, Inc. v. Allen,
    96 Cal. App. 4th 152 (Cal. App. 2. Dist. 2002).....................................................6

Real v. Bunn-O-Matic Corp.,
    195 F.R.D. 618 (N.D. Ill. 2000).............................................................................5

THK America, Inc. v. NSK Co.,
    151 F.R.D. 625 (N.D. Ill. 1993)............................................................................5

TM Patents, L.P. v. International Bus. Machs. Corp.,
    121 F. Supp. 2d 349 (S.D.N.Y. 2000)..................................................................8

## OTHER AUTHORITIES

35 U.S.C. § 261..........................................................................................................1, 8

Fed. R. Civ. P. 42(b)..................................................................................................5, 9

## INTRODUCTION

Since briefing completed on Defendants' motion to stay pending resolution of the ownership issue, Defendant Eastman Kodak Company ("Kodak") acquired ownership of the patents-in-suit from Mirage Systems, Inc. ("Mirage") on June 10, 2005. St. Clair argues that this new fact moots the Defendants' motion to stay. On the contrary, this new fact only strengthens the reasons why the Court should reject St. Clair's motion for bifurcation and stay this action.

Kodak has begun the process of entering the two current Mirage litigations, both of which seek to resolve the issue of patent ownership: *Mirage Systems, Inc. v. Speasl et al.*, Case No. 105 CV 039164 (Cal. Sup. Ct. filed Apr. 12, 2005) ("the California action"),[1] and *St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc. et al.*, C. A. No. 05-273 (D. Del. filed May 6, 2005).

By filing its declaratory judgment action, only three weeks after Mirage's California action, St. Clair acknowledged that ownership needs to be resolved at least between itself and Mirage. That declaratory judgment action consists of state law claims, and a lone federal cause of action based on 35 U.S.C. § 261, which is inapplicable to the ownership issue. Section 261 is merely a recording statute; it cannot confer legal title on St. Clair when the inventors had no title to give and does not apply because Mirage had no document to record and no notice of its rights to the patents-in suit. Here, the inventors signed employment agreements assigning to Mirage all of their rights in any inventions developed during their employment. Whether this assignment is valid turns on California state law, and not the patent recording provisions.

---

[1] In the California action, Mirage will file a motion to substitute Kodak as plaintiff on June 17, 2005.

Bifurcation would result in litigation of the ownership issues concurrently in three different actions, before two different courts. There can be no judicial economy to that approach.

Further, St. Clair's argument that this Court is already familiar with this issue from the *St. Clair v. Canon* action is misleading. That assertion ignores facts that counsel directly against bifurcation or maintaining this action at all, the foremost being that: (1) this Court *never* considered the ownership issue during the *St. Clair v. Canon* trial; and (2) what little it did learn about the ownership dispute was not from Mirage, but from *Canon* (who merely asserted that it had a covenant not to sue). Determining Mirage's ownership claim requires both the discovery of facts from three individuals, i.e., the inventors, who are neither parties to this action nor parties to the *St. Clair v. Canon* action, and the weighing of those facts by a California jury, as demanded in Mirage's April 12, 2005, Complaint.

St. Clair's motion to bifurcate should be rejected for what it is -- an attempt to sidestep the serious questions of fraud, misrepresentation, conversion, breach of contract, breach of fiduciary duties, tortious interference with prospective business advantage, misappropriation of trade secrets, unjust enrichment and, ultimately, of whether St. Clair has title to patents that it has asserted against and wrongfully recovered from third parties.

## BACKGROUND

Since St. Clair filed this patent infringement action in November 2004, it has been plagued with assertions that it does not own the patents it alleges eleven companies infringe -- and with good reason. The inventors listed on United States Patent Nos.

5,138,459, 6,094,219, 6,233,010, and 6,323,899 (collectively "the patents-in-suit"),[2] signed agreements with their employer, Mirage, assigning their rights to all inventions made during the time of their employment. St. Clair does not dispute that the inventions were made during the inventors' employment at Mirage. Therefore, a determination of ownership will necessarily focus on the inventors' work with Mirage, the scope of Mirage's business and the inventors' failure to disclose this invention to Mirage in breach of their duties to Mirage.

Until recently, the details of Mirage's ownership claim have not been public. While the *St. Clair v. Canon* trial transcript mentions Canon's alleged covenant not to sue with Mirage, that trial proceeded without any discussion of ownership issues. It was only when Mirage filed its California action that the extent of the inventors' fraud and St. Clair's knowing complicity in wrongfully acquiring the patents came to light. Obviously, St. Clair deems these claims significant, or it would not have filed its *own* action against Mirage and two California citizens in the District of Delaware. All of these actions show that the ownership issue must be decided, but raise the necessary issues of what the appropriate forum is, and who the proper parties are.

On June 10, 2005, Kodak purchased Mirage's ownership interest in the patents-in-suit, and now steps into the shoes of Mirage for purposes of the various actions

---

[2] Kodak also purchased intellectual property rights in U.S. Patents Nos. 5,576,757 and 6,496,222, neither of which are at issue in this action.

3

described above.[3] Kodak made its purchase after conducting three weeks of extensive due diligence, which revealed, among other facts, that: (1) the inventors, through their employment agreements, assigned to Mirage all inventions discovered or created during their employment; (2) the invention described in the patents-in-suit would have been complementary to Mirage's business; in fact, Mirage actually incorporated digital cameras and imaging into projects in the 1990s, and Matthew Chikoksy, one of the inventors, was a key player and liaison to customers on one such project; and (3) the inventors never disclosed the invention to Mirage, despite have both the duty and ample opportunity to disclose the invention to Mirage.

Based on the strength of these facts, on June 15, 2005, Kodak began the process of entering the California action by assisting Mirage in filing an Amended and Supplemental Complaint and responding to the baseless demurrers of St. Clair and Speasl and Chikosky's motion to quash the summons for lack of personal jurisdiction. Kodak fully expects the California action to proceed against all parties on all claims before a jury. In the St. Clair declaratory judgment action, papers responding to St. Clair's complaint will be filed in this Court on Tuesday, June 21, 2005, including a motion to dismiss for many of the same reasons that weigh against bifurcation.

---

[3] Contrary to St. Clair's assertion that Kodak "neglected" to tell the Court of this transaction, Kodak's negotiations with Mirage did not close until well after filing of Defendants' Reply Brief in Support of Defendants' Joint Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc. on June 10, 2005.

4

## ARGUMENT

I. **BIFURCATION WOULD BE INCONVENIENT, INEFFICIENT AND WASTEFUL OF JUDICIAL RESOURCES**

St. Clair's motion must be denied because bifurcation is not the appropriate remedy under these circumstances. St. Clair asks for bifurcation of its own patent infringement case on an ownership issue, where there already exists both a state court action and a later-filed St. Clair action on this very issue.

Bifurcation is permissible only "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). As in other cases, "[b]ifurcation in patent cases is the exception, not the rule." Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D. Ill. 2000). Bifurcation should be denied where, as here, it would increase "the delay, expense, and inconvenience to all concerned." See THK Am., Inc. v. NSK Co., 151 F.R.D. 625, 631 (N.D. Ill. 1993) (denying bifurcation in a patent case).

St. Clair's motion is a request for this Court to decide this issue without all of the necessary parties (i.e., the inventors), that denies the parties' right to be heard by a jury and avoids the damages issues to which it would be exposed. (See Plaintiff's Answering Br. at 5 (comparing this litigation to the California litigation) (D.I. 40). The only question that this Court needs to answer to deny St. Clair's motion is whether bifurcation would serve judicial economy to hear the ownership issue in this action. The answer is no.

A. *This Action Involves the Wrong Parties to Decide the Ownership of the Patents-in-Suit.*

Kodak's claim of ownership in the patents-in-suit is based on the inventors' employment agreements with Mirage at the time of the invention. The employment

5

agreements required that the inventors disclose to Mirage any inventions made during the course of their employment; the agreements also contained provisions granting Mirage all rights for any inventions made by the inventors during their employment. The inventions at issue were made while the inventors were employed by Mirage, on Mirage's time, using Mirage resources, and related to Mirage's business. Accordingly, final resolution of the ownership issue requires a decision binding on the inventors.

Crucially, the inventors are not parties either to this action or to the declaratory judgment action in this jurisdiction. Moreover, even if Kodak or St. Clair were to attempt to remedy this flaw by seeking to join the inventors, it is not clear that this Court would have personal jurisdiction over them. None of the inventors resides in Delaware. There is no evidence that any of the inventors has conducted "continuous and systematic" business activities in Delaware such that general jurisdiction would lie. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Nor does the controversy in this action "arise out of" minimum contacts (if any) that the inventors may have had with Delaware, such that specific personal jurisdiction would lie. Id. at 414.

By contrast, the inventors are parties to the California action. Unlike Delaware, California has personal jurisdiction over the inventors, because the inventors' employment agreements state on their face that they are to be governed by California law, and because the inventors' employer was Mirage, a California company. See Pedus Bldg. Svs, Inc. v. Allen, 96 Cal. App. 4th 152, 165 (2002) (approving exercise of California jurisdiction over party who had entered into a contract that expressly stated that California law applied); Integral Dev. Corp. v. Weissenbach, 99 Cal. App. 4th 576, 581 (2002) (allowing exercise of personal jurisdiction over out-of-state employee of

California corporation).[4] The pending California action, therefore, is the only pending action capable of producing a decision binding on the inventors and both of the parties claiming ownership. Efficiency and judicial economy favor permitting the California action to resolve the ownership dispute.

The instant patent infringement action not only lacks parties critical to the ownership determination, but also involves ten other defendants, none of whom have asserted any ownership interest in the patents. At its core, the ownership issue does not involve any of the defendants, other than Kodak, and their participation would result in delay, duplicative and unnecessary discovery, additional expense for the parties, and waste of time for the Court. Rather, it is a dispute between Kodak, St. Clair, and the inventors. These are precisely the parties already litigating the issue in the California action.

### B. *California Is a More Appropriate Jurisdiction for Determination of the Ownership of the Patents-in-Suit.*

Resolution of the ownership dispute will turn entirely on California law. Kodak's ownership claim is based on the inventors' employment agreements with Mirage. The construction and application of those agreements is a matter of California law, not federal law. See General Eng'g Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 356 (3d Cir. 1986) ("The construction of contracts is usually a matter of state, not federal, common law.").

---

[4] One of the inventors -- Matthew Chikosky -- has made a motion to quash for lack of personal jurisdiction in the California action. Kodak expects that the court will deny that motion because specific jurisdiction over Chikosky exists under California law. Among other bases for jurisdiction, Chikosky was bound through his employment agreement by California law and the causes of action against him arose out of his employment with Mirage.

7

To overcome the inevitable motion to dismiss it will face in its declaratory judgment action in the District of Delaware, St. Clair has claimed that the Court has federal question jurisdiction over the ownership issue. Specifically, St. Clair claims that 35 U.S.C. § 261 -- the statute governing recording of assignments of patents -- applies to protect its claim of ownership as a purchaser of the patent for valuable consideration. (See Complaint, St. Clair Intellectual Property Consultants, Inc. v. Mirage Systems, Inc., C. A. No. 05-273-JJF, ¶¶ 71-80; Plaintiff's Answering Br. at 5-6.)[5] Section 261 is inapplicable to this case, because it applies only to assignments "by an instrument in writing." 35 U.S.C. § 261. The assignment from the inventors to Mirage was an assignment by operation of law, under the terms of the employment agreements. The recording requirement of § 261 does not apply to assignments that occur paperlessly as a matter of law, rather than through a document of assignment. See TM Patents, L.P. v. International Bus. Machs. Corp., 121 F. Supp. 2d 349, 366 (S.D.N.Y. 2000) (holding that § 261 does not require recording when title passes "by operation of law"); id. at 366 n.10 (finding no requirement of recording under § 261 when "[t]here was no document of

---

[5] St. Clair argues that the "issue of ownership of the [patents-in-suit] is not new to this Court" and implies that because this Court denied Canon and Fuji's Motion to Dismiss for Lack of Standing and Subject Matter Jurisdiction, the Court somehow determined that St. Clair holds title to the patents-in-suit pursuant to 35 U.S.C. § 261. (Plaintiff's Answering Br. at 3.) Nothing could be further from the truth. As explained above, (see, supra at pp. 2-4), St. Clair's familiarity argument is a purposeful ignorance of crucial facts, if not an outright misrepresentation of the record. This Court's September 16, 2004, Order denying summary judgment merely acknowledged that, assuming that St. Clair was a bona fide purchaser for value for the purposes of deciding the motion, there was a material question of fact that precluded dismissal. (See D.I. 812 at 3-4.) The Court did not rule substantively on whether St. Clair holds valid title to the patents-in-suit (it does not) or whether it is a bona fide purchaser for value (it is not) such that 35 U.S.C. § 261 would apply (which it does not).

assignment to record."). This single, meritless issue does not transform the ownership dispute into a federal question.

Because a California state court will resolve this question of state law, it is a waste of judicial resources for this Court to consider and to decide this state-law issue in parallel. Rather, Rule 42(b)'s articulated interests of judicial economy and convenience would be better served if this Court were to wait for the California court to resolve the state-law ownership dispute.

## II.   DENIAL OF BIFURCATION WOULD NOT PREJUDICE ST. CLAIR

St. Clair has not offered any reason why denying bifurcation would result in any prejudice toward St. Clair. To the contrary, St. Clair and Kodak alike would benefit from a full, final resolution of the state-law contract claims by a state court.

St. Clair does not allege any prejudice that would result if the California action were permitted to proceed, but only generally contends that Mirage's California action has "derailed" settlement negotiations between St. Clair and several manufacturers of digital cameras. (Plaintiff's Answering Br. at 5.)

To the extent that Mirage and Kodak's actions in vindicating their own ownership rights in the patents-in-suit have "derailed" St. Clair's negotiations to secure license payments from defendants, Mirage and Kodak were and are entirely within their rights as patent owners. St. Clair has no right to settlement payments from accused infringers of patents that St. Clair does not actually own. Mirage and Kodak are well within their rights to challenge the ownership of the patents-in-suit, and St. Clair has suffered no unfair prejudice as a result.

9

## CONCLUSION

For the foregoing reasons, Kodak respectfully requests that this Court deny St. Clair's motion for bifurcation and instead stay this proceeding pending adjudication of the ownership of the patents-in-suit in the California action.

Respectfully submitted,

**EASTMAN KODAK COMPANY,**

By its attorneys,

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| William F. Lee<br>Mark D. Selwyn<br>Louis W. Tompros<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>(617) 526-6000 | By: _____<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| William P. DiSalvatore<br>Caren K. Khoo<br>Nora Q.E. Passamaneck<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>399 Park Avenue<br>New York, NY  1002<br>(212) 230-8800 | *Attorneys for Defendants<br>Eastman Kodak Company* |

Dated:  May 19, 2005

687087

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on June 17, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

George H. Seitz, III
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899

Josy W. Ingersoll
Young Conaway Stargatt & Taylor Llp
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

I hereby certify that on June 17, 2005, I have Federal Expressed the attached document to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402

Stuart Lubitz
Bruce G. Chapman
David A. Ben-Meir
Hogan & Hartson LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036


Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY  10022-4675

Bruce Kuyper
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007


/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683066