## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRONIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ANSWERING BRIEF OF DEFENDANTS SAMSUNG, MATSUSHITA, NOKIA, JVC, AND HEWLETT-PACKARD IN PARTIAL SUPPORT OF AND PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO BIFURCATE AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUES IN THE PRESENT ACTION[1]**

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391

*Attorneys for Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc., and*
*Samsung Telecommunications America, L.P.*

---

[1]    This brief is being filed by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, L.P. on behalf of Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett-Packard Company

## PRELIMINARY STATEMENT

In their Rule 16(b) scheduling order, Defendants proposed bifurcating the threshold issue of patent ownership from other merits issues and resolving the ownership dispute before proceeding with discovery and trial of the remaining, and potentially unnecessary, merits issues. After previously opposing bifurcation of ownership, Plaintiff St. Clair in its motion to bifurcate now supports just that — bifurcation of discovery and trial of ownership before proceeding with discovery of other issues. More importantly, in light of Defendant Kodak's recent acquisition of Mirage's interests, if any, in the patents-in-suit (which took place *after* Defendants had filed their motion-to-stay reply brief), the parties necessary to resolve the ownership issue are now before this Court. In view of these developments, the above-named Defendants[2] support bifurcating and litigating the ownership issue in this action along the lines proposed in their Rule 16(b) scheduling order.

## ARGUMENT

As the Court is aware, this case is unlike most patent cases. Here, the very ownership of the patents-in-suit — a threshold issue that goes directly to St. Clair's standing to assert infringement — is itself in dispute. Resolution of this potentially case-dispositive issue could render this entire action unnecessary, as a ruling against St. Clair would require dismissal of this case for lack of standing and a ruling in favor of St. Clair would allow the parties to consider settling this case with the rightful owner to avoid the costs of litigation. As St. Clair itself has recognized, the possibility of settling this case

---

[2] The Defendants joining in this brief are Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett-Packard Company. The remaining defendant, Eastman Kodak Company ("Kodak"), is filing a separate answering brief to St. Clair's motion to bifurcate.

(with the associated benefits to the parties and this Court) is effectively foreclosed while the ownership of the patents-in-suit remains in dispute.

Accordingly, the above-named Defendants support bifurcation and an early trial of the ownership issue. In their Rule 16(b) scheduling order, Defendants proposed bifurcating the ownership issue by providing an initial discovery period and trial regarding ownership — to be followed, if necessary, by traditional patent discovery and a trial of the remaining merits issues. (D.I. 34 at 1-4). Such an approach would conserve judicial resources, eliminate potentially unnecessary litigation, and allow for a possible settlement of this case with the rightful owner after resolution of the ownership issue. *See* Fed. R. Civ. P. 42(b); *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002) (Farnan, J.) (bifurcating patent case under Fed. R. Civ. P. 42(b)).

During the parties' Rule 26(f) meet-and-confer and in its proposed Rule 16(b) scheduling order, St. Clair *opposed* bifurcating the ownership issue and instead proposed that discovery go forward on all issues simultaneously. Significantly, St. Clair did not provide any mechanism for the early resolution of the potentially case-dispositive ownership issue. (D.I. 33 at 1-3). Now, however, St. Clair has reversed its position, agreeing that bifurcation is the only plan that makes sense. In light of Defendant Kodak's recent acquisition of Mirage's alleged interests in the patents-in-suit (which took place *after* Defendants had filed their motion-to-stay reply brief and without all Defendants' knowledge), the parties necessary to resolve the ownership issue are now before this Court (and that issue has been joined). Therefore, in view of these developments, the above-named Defendants believe that bifurcation and an early trial of the threshold ownership issue in this action is a reasonable way to proceed.

Although acknowledging the need for bifurcation, St. Clair's proposal as set forth in its motion lacks sufficient detail. For example, St. Clair does not discuss the need to stay discovery on the remaining issues in this case while treatment of the ownership issue goes forward, although that would be the logical implication of St. Clair's motion to bifurcate (and would defeat the purpose of bifurcation if not implemented). Accordingly, the above-named Defendants oppose St. Clair's motion to the extent that it fails to provide for a stay of the non-ownership issues along the lines proposed in Defendants' Rule 16(b) scheduling order.

## CONCLUSION

For the reasons above, the above-named Defendants support the bifurcation of the ownership issue in this action, but oppose St. Clair's motion to the extent it does not require a stay of the non-ownership merits issues.

Dated:  June 17, 2005

By: _Karen E. Keller_

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
**YOUNG CONAWAY STARGATT &**
**TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6600
kkeller@ycst.com

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
**KIRKLAND & ELLIS LLP**
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Attorneys for Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc. and*
*Samsung Telecommunications America, L.P.*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on June 17, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George H. Seitz, III, Esquire
> Seitz Van Ogtrop & Green, P.A.
> 222 Delaware Avenue, Suite 1500
> Wilmington, DE  19801
>
> Steven J. Balick, Esquire
> Ashby & Geddes
> 222 Delaware Avenue
> Wilmington, DE  19801
>
> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street, Hercules Plaza
> Wilmington, DE  19801
>
> Jack B. Blumenfeld, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> Wilmington, DE  19899-1347

I further certify that on June 17, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

> Donald L. Rhoads, Esquire
> Kramer Levin Naftalis & Frankel LLP
> 1177 Avenue of the Americas
> New York, NY 10036

Ronald J. Schutz, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Stuart Libitz, Esquire
Bruce G. Chapman, Esquire
David A. Ben-Meir, Esquire
Hogan & Hartson LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

Sharon Barner, Esquire
Sheldon Karon, Esquire
Marianne C. Holzhall, Esquire
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60610-4764

Bruce Kuyper, Esquire
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

William F. Lee, Esquire
Donald R. Steinberg, Esquire
Mark D. Selwyn, Esquire
Joseph F. Haag, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

William P. DiSalvatore, Esquire
Nora Q.E. Passamaneck, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Karen E. Keller  (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Samsung Electronics Co., Ltd., Samsung
Electronics America, Inc., Samsung Telecom America, L.L.P