IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANT EASTMAN KODAK COMPANY IN SUPPORT OF ITS MOTION TO BIFURCATE AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUE IN THE PRESENT ACTION**

Dated: June 24, 2005

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

48864 v1

## TABLE OF CONTENTS

**Page**

INTRODUCTION……………………………………...……………………….. 1

NATURE OF PROCEEDINGS AND BACKGROUND………………………. 2

ARGUMENT………………………………………………………………….... 3

CONCLUSION………………………………………………………………… 8

## TABLE OF AUTHORITIES

**Page**

**OTHER AUTHORITIES**

Fed. R. Civ. P. 1 ............................................................................................................. 4

Fed. R. Civ. P. 42(b) ....................................................................................................... 4

35 U.S.C. § 261 ........................................................................................................... 5, 6

# INTRODUCTION[1]

Bifurcating and immediately litigating the ownership issue in the present action guarantees the most effective and efficient resolution of this case. Defendant Eastman Kodak Company's ("Kodak") recent purchase of Mirage Systems, Inc.'s ("Mirage") alleged "rights" in the patents-in-suit further demands bifurcation and resolution in the instant action because it ensures the determination of threshold ownership questions before engaging in additional litigation.[2] Kodak instead argues to settle this patent ownership dispute in a presently stalled, state-court action by a judge who is completely unfamiliar with its subject matter and its facts and who has indicated that she may not even be interested in hearing the dispute.

Bifurcation in this action will simplify the issues, eliminate all uncertainty, and relieve parties of potentially needless litigation. Given that these considerations mirror those driving Defendants' Joint Motion to Stay (D.I. 31), it is no surprise that the other eleven parties to this litigation—all parties except Kodak—have now agreed to expeditiously proceed with resolving ownership in the present action. Based on these reasons and those detailed below, St. Clair respectfully requests that this action be bifurcated and that the ownership issue be litigated immediately.

---

[1] Although St. Clair filed one unified Motion to Bifurcate and Expeditiously Proceed with the Ownership Issue in the Present Action against all Defendants, Defendant Eastman Kodak Company ("Kodak") filed a separate Answering Brief (D.I. 44). Accordingly, this pleading serves as a response to Kodak's Answering Brief only, and an additional Reply will be filed in response to the other Defendants' Answering Brief (D.I. 44). This Reply incorporates by reference the arguments made in Plaintiff's Reply Brief to Defendants Samsung, Matsushita, Nokia, JVC, and Hewlett-Packard in Support of its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issue in the Present Action.

[2] To date and despite numerous requests, Kodak has yet to produce any document evidencing its purchase of Mirage's alleged "rights" in the patents-in-suit. St. Clair therefore reserves the right to modify its arguments in support of bifurcation if the evidence shows that Kodak's interest is different than Kodak has represented to date.

MP3 20139847.1

1

## NATURE OF THE PROCEEDINGS AND BACKGROUND[3]

Kodak represents to the Court that it purchased Mirage's alleged "rights" in the patents-in-suit on June 10, 2005. While Kodak initially neglected to inform the Court of this material fact,[4] Kodak has since disclosed that there is a Kodak-Mirage deal in its Answering Brief to this Motion to Bifurcate (D.I. 44). Procedurally, Kodak is now attempting to enter the other two litigations concerning ownership of the patents-in-suit, the litigation before this Court (C.A. No. 05-273 (JJF)) and the litigation in California state court (Case No. 1:05-CV-039164). These substitution attempts have considerably slowed the progress of these litigations, due both to Kodak's failure to offer evidence of its agreement with Mirage and Kodak's inability to step into Mirage's shoes for all pending claims.

At an *ex parte* hearing on June 17, 2005, Mirage and Kodak applied to substitute Kodak as plaintiff in the California state-court litigation. The hearing was before Judge Jamie Jacobs-May, the family-law judge to whom the case has been assigned. St. Clair opposed Mirage and Kodak's proposed substitution, because St. Clair had been given no proof of the existence or the scope of any Kodak-Mirage deal and it was therefore unclear what, if any, role Kodak played in ownership or in any other asserted claims. Judge Jacobs-May denied Mirage and Kodak's proposed substitution that same day and ordered briefing on the issue. A briefing schedule has yet to be determined. Additionally, because Mirage filed an amended complaint to reflect the

---

[3] St. Clair incorporates the Nature of Proceedings and Background sections from St. Clair's Response to Defendants' Motion to Stay filed on June 3, 2005 (D.I. 40) and from St. Clair's Supplemental Response to Defendants' Motion to stay filed on June 15, 2005 (D.I. 42).

[4] Kodak contends that its negotiations with Mirage "did not close *until well after* filing of Defendants' Reply Brief" on June 10, 2005. (D.I. 44 at 4 n.3 (emphasis added).) The Kodak-Mirage deal was effective "as of the close of business on June 10, 2005." While "close of business" was allegedly understood as "West Coast time," St. Clair does not see how the duty of candor can be avoided on a time-difference technicality, especially in light of the fact that, with electronic filing, Kodak could have timely filed its own reply brief in Delaware up to four (4) hours after "close of business" in California. Indeed, Defendants' Reply Brief was filed after Delaware "close of business" at 5:14 p.m. Moreover, Kodak admits in its Reply Brief that it had conducted three weeks of due diligence before entering into the agreement and therefore had ample opportunity to notify the Court prior to June 10, 2005. (D.I. 44 at 4.)

Kodak-Mirage deal, the demurrer hearing scheduled for June 28, 2005 was cancelled, and the parties were given yet another pushed-back schedule to at least August 16, 2005, the date on which the demurrer hearing is now scheduled.

At the June 17, 2005 *ex parte* hearing, Judge Jacobs-May was told that St. Clair's ownership of the patents-in-suit was also at issue in the present action. During discussion, Judge Jacobs-May mentioned that a stay of the California state-court action might be appropriate if the same issues were involved in the present action. (Nissly Decl. ¶ 5.) To be sure, it is not certain when or if the California state-court matter will ever go forward—especially since one inventor has challenged personal jurisdiction, another has not been served to St. Clair's knowledge, and the third inventor, with St. Clair, has moved to dismiss all causes of action pursuant to a statute-of-limitation demurrer.

In Delaware, Kodak is attempting to replace Mirage in the *St. Clair v. Mirage* action also pending before this Court. On June 21, 2005, Kodak moved for an order substituting Kodak as a defendant for Mirage with respect to Counts I-V of St. Clair's Complaint. Also on June 21, 2005, Kodak moved to dismiss for improper venue as to Mirage principals George J. Moussally and Kenneth L. Ford and moved to dismiss the litigation, or in the alternative, to stay the litigation pending resolution of the California state-court litigation.

## ARGUMENT

Bifurcation of the present action is appropriate and necessary. St. Clair knows that the Kodak-Mirage ownership claims are meritless. But ownership is a dispositive issue that should be decided before the infringement case—or settlement discussion—continues.

Given its significant past and present enforcement efforts, St. Clair ought to be able to prove its ownership of the patents-in-suit as expeditiously as possible. In its Opening Brief (D.I.

40), St. Clair generally argued that a separate and immediate ownership trial would promote efficiency and was thus required to ensure the just, speedy, and inexpensive determination of the St. Clair litigations. *See* Fed. R. Civ. P. 1 and 42(b). Now that Kodak has apparently stepped into Mirage's shoes regarding ownership, St. Clair's arguments apply with even greater force since all parties needed to adjudicate the ownership issue are presently before this Court.

Eleven out of the twelve parties involved in this litigation want to bifurcate and immediately litigate the ownership issue in the present action. (*See* D.I. 45 at 1.) This almost-universal agreement is easily explained. First, the present action is the only one actually progressing towards resolution of the ownership issue on its merits. The California state-court action is proceeding at a snail's pace. Given the proposed substitution of parties and the amended complaint in that action, St. Clair's anticipated demurrer will not be heard until late this summer, which means that a decision—that is, if the action is not stayed—is not likely for many months. Only if the demurrer is decided favorably to the plaintiff(s) will St. Clair answer the amended complaint. In contrast, St. Clair has already served discovery requests regarding the ownership issue in the present action and an ownership trial could begin as soon as this Motion is granted, with a bench trial in four (4) to nine (9) months as is custom in this Court.

Second, because a separate ownership trial is ripe and can proceed well before it could in the California action, bifurcation in the present action will promote judicial economy. Kodak has brought Mirage's alleged "rights" before this Court in this, the first-filed action. Any judgment on the merits of the ownership issue here will thus have a binding effect on all interested parties. If St. Clair prevails in a bifurcated ownership trial, the Defendants will most likely resume settlement discussions; if St. Clair does not prevail, all litigation of the patent infringement claims by St. Clair at the trial court level will be over, pending any appeal. No party will have to

be forced to proceed with—and no trial court will be forced to hear—additional litigation in California or elsewhere, subject to any appeal.

Third, this Court is better suited to adjudicate the ownership issue. This Court is familiar with the facts surrounding the ownership issue and has invested significant judicial resources in understanding them. The ownership issue has been before this Court since it was raised almost one year ago in the *St. Clair v. Canon* action (C.A. No. 03-241 (JJF)). Kodak's characterization of this Court's familiarity with the ownership issue in the *St. Clair v. Canon* matter is incorrect. The Court's familiarity with the ownership issue goes far beyond Canon's on-record acknowledgment of its covenant not to sue with Mirage. The Court actually considered the ownership issue in the *St. Clair v. Canon* action—with the help of fact-intensive briefs and declarations of present and former Mirage principles—when it evaluated Canon and Fuji's eleventh-hour motion for lack of standing.[5] The Court's thorough understanding of the ownership issue is demonstrated by its September 16, 2004 Order denying Canon and Fuji's Motion, which recognized that St. Clair had established itself as the titleholder of record in the United States Patent and Trademark Office. (D.I. 812.) Moreover, to the extent that the ownership dispute involves a determination of whether the inventions claimed by the patents-in-suit would have been complimentary to Mirage's business, this Court's familiarity with the actual patents-in-suit is unmatched, having presided over three-year's worth of intense infringement litigation.

The ownership issue is also better suited to be adjudicated by this Court because it is rooted in a federal statute. Contrary to Kodak's suggestion, ownership of the patents-in-suit will turn on a federal question—the application of 35 U.S.C. § 261. "A certificate of

---

[5] Additionally, pending the outcome of the discovery-sanctions briefing in the *St. Clair v. Canon* matter, an ownership trial might soon be underway before this Court regardless of Kodak's claims.

MP3 20139847.1

5

acknowledgement under the hand and official seal of a person authorized to administer oaths . . . shall be prima facie evidence of the execution of an assignment." 35 U.S.C. § 261. This is the only statute that speaks to patent assignments. And St. Clair has a certified written assignment document concerning the patents-in-suit that has yet to be adjudicated. The ownership issue is thus properly litigated in a federal court; it does not matter that adjudicating the merits of the certified written assignment might involve the interpretation of certain provisions in an employment agreement under state law.

Kodak's further assertion that all necessary parties—namely, the inventors—need to and cannot be brought before this Court is baseless. The inventors are not needed to reach an ownership decision that binds all interested parties. The parties to the various actions in which the ownership issue has been raised have asked the Court to resolve the ownership claim by awarding ownership to St. Clair or to Mirage/Kodak. No party has ever suggested that there is any basis on which ownership should be awarded to the inventors. The inventors are not necessary parties because they do not claim an interest in the title to the patents-in-suit.

Kodak claims that, because the inventors are named parties, the California state-court action is a more appropriate venue to reach a final resolution of the ownership issue. Initially, assuming that the inventors are necessary parties for argument's sake, the California state-court action facilitates their participation no more than the present one; one inventor continues to dispute personal jurisdiction in California and another inventor to the best of St. Clair's knowledge has yet to be served. In any event, the inventors are named in the California action primarily to respond to tort and contract allegations against them, not to respond to claims to quiet title to the patents-in-suit. Kodak has not sought to implead the inventors before this Court

and they are not in fact necessary or even appropriate parties to the question of who owns the patents.

Kodak alleges that St. Clair is trying to "sidestep" serious questions like fraud, misrepresentation, breach of contract, breach of fiduciary duties, tortious interference with prospective business advantage, and misappropriation of trade secrets by arguing to bifurcate and immediately litigate the ownership issue in the present action. (D.I. 44 at 2.) On the contrary, St. Clair wants and deserves to have ownership expeditiously decided, and those additional issues are irrelevant to ownership and are asserted in the California state-court litigation against the inventors—not St. Clair. Like with the infringement claims in the present action, the few non-ownership claims asserted against St. Clair in the California state-court litigation—conversion, unfair competition, and unjust enrichment—can and should be evaluated after the resolution of the ownership issue in the present action to avoid needless litigation.

Bifurcation and expedited litigation of the ownership claims in the present action guarantees the just, speedy, and inexpensive determination of all St. Clair litigation. Eleven out of the twelve parties to this suit agree in principle with St. Clair's proposal. Should the Court be inclined to grant this Motion, St. Clair will work with defendants to finalize a discovery schedule with a bench trial in four (4) to nine (9) months as is custom in this Court.

## CONCLUSION

For the foregoing reasons, St. Clair requests that the Court grant its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issues in the Present Action.

Dated: June 24, 2005

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By: /s/ George H. Seitz, III
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

**CERTIFICATE OF SERVICE**

I, George H. Seitz, III, Esquire, hereby certify that on this 24th day of June 2005, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

**PLAINTIFF'S REPLY BRIEF TO DEFENDANT EASTMAN KODAK COMPANY IN SUPPORT OF ITS MOTION TO BIFURCATE AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUE IN THE PRESENT ACTION**

/s/ George H. Seitz
_____
George H. Seitz, III (ID No. 667)
gseitz@svglaw.com

48866 v1