IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, <br><br> Defendants. | Civil Action No. 04-1436 JJF <br><br> **JURY TRIAL DEMANDED** |

### DECLARATION OF KENNETH L. NISSLY IN SUPPORT OF PLAINTIFF'S MOTION TO BIFURCATE AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUE IN THE PRESENT ACTION

I, Kenneth L. Nissly, declare as follows:

1.  I am a member of the law firm of Thelen Reid & Priest LLP, counsel representing St. Clair Intellectual Property Consultants, Inc. ("St. Clair") in the Mirage Systems, Inc. v. Speasl action pending in California Superior Court, County of Santa Clara (Case No.: 1-05-CV-039164). I am submitting this Declaration in support of Plaintiff's Motion to Bifurcate and Expeditiously Proceed with the Ownership Issue in the Present Action in the above-captioned action.

2.  On June 17, 2005, I attended an ex parte hearing before Judge Jamie Jacobs-May at which Mirage Systems, Inc. ("Mirage") moved to substitute Eastman Kodak Company

("Kodak") as plaintiff in the <u>Mirage Systems, Inc. v. Speasl</u> matter. The usual practice in the Superior Court is that ex parte hearings are not transcribed, and that was the case on this application.

4.  At this hearing, I requested that Mirage ex parte application be denied so that the parties could have an opportunity to brief the issue. I told Judge Jacobs-May that St. Clair's ownership of the patents was also at issue in the prior-filed action brought by St. Clair against Kodak, and I submitted a highlighted copy of the complaint filed by St. Clair in this matter.

5.  Judge Jacobs-May denied Mirage's ex parte application and set the matter down for hearing on August 16, 2005. During the discussion at the ex parte hearing Judge Jacobs-May mentioned that a stay of the Superior Court action might be appropriate if the same issues were involved in the Delaware case.

I declare under penalty of perjury under the laws of the State of Delaware and of the United States that the foregoing is a true and correct to the best of my knowledge.

Dated: June 23, 2005

By: /s/ Kenneth L. Nissly
Kenneth L. Nissly
THELEN REID & PRIEST LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113

MP3 20140315.1