IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY,<br><br>Defendants. | Civil Action No. 04-1436 JJF<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS SAMSUNG, MATSUSHITA, NOKIA, JVC, AND HEWLETT-PACKARD IN SUPPORT OF ITS MOTION TO BIFURCATE AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUE IN THE PRESENT ACTION**

Dated: June 24, 2005

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.

48863 v1

# INTRODUCTION[1]

In their Answering Brief (D.I. 45), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett-Packard Company (collectively, "Defendants") agree with St. Clair that bifurcation and an early trial of the threshold ownership issue in this action is a reasonable way to proceed. (Def.'s Br. at 2.) Bifurcating the ownership claims from the infringement claims in the present action and immediately proceeding to litigate the ownership claims likely will offer the most efficient resolution of this case. Bifurcation will resolve a threshold issue that should either end the litigation or allow settlement to resolve the case as to most if not all of the defendants. Now that Defendant Eastman Kodak Company ("Kodak") has purchased Mirage Systems, Inc.'s ("Mirage") alleged "rights" in the patents-in-suit, St. Clair's bifurcation arguments apply with even greater force: all parties needed to adjudicate the ownership issue are presently before this Court.

# ARGUMENT

It appears that all parties have reached an agreement in principle, except Kodak. Because Kodak has brought Mirage's alleged "rights" before this Court in this action, St. Clair now agrees to proceed with this litigation with a schedule similar to that proposed by Defendants in the their joint Rule 16(b) Scheduling Order. Discovery and trial will proceed on the ownership

---

[1] Although St. Clair filed one unified Motion to Bifurcate and Expeditiously Proceed with the Ownership Issue in the Present Action against all Defendants, the above-defined Defendants filed a separate Answering Brief (D.I. 45). Accordingly, this pleading serves as a response to the above-defined Defendants' Answering Brief only, and an additional Reply will be filed in response to Defendant Kodak's Answering Brief (D.I. 44). This Reply incorporates by reference the arguments made in Plaintiff's Reply Brief to Defendant Eastman Kodak Company in Support of its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issue in the Present Action.

48863 v1

issue first[2] and only after this issue is ultimately resolved will the parties begin discovery in the patent infringement case if any issues remain unresolved by settlement. Indeed, should the Court grant St. Clair's Motion to Bifurcate, St. Clair proposes that the parties draft a new scheduling order with a bifurcated schedule and with ownership discovery beginning immediately. St. Clair proposes a bench trial within four (4) to nine (9) months as is custom in this Court.

## CONCLUSION

For the foregoing reasons, St. Clair requests that the Court grant its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issues in the Present Action.

Dated: June 24, 2005

SEITZ, VAN OGTROP & GREEN

By: /s/ George H. Seitz, III
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

ATTORNEYS FOR PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.

---

[2] In fact, St. Clair served interrogatories and document requests related to the ownership issue today, June 24, 2005.

48863 v1

## CERTIFICATE OF SERVICE

I, George H. Seitz, III, Esquire, hereby certify that on this 24th day of June 2005, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS SAMSUNG, MATSUSHITA, NOKIA, JVC, AND HEWLETT-PACKARD IN SUPPORT OF ITS MOTION TO BIFURCATE AND EXPEDITIOUSLY PROCEED WITH THE OWNERSHIP ISSUE IN THE PRESENT ACTION**

/s/ George H. Seitz
_____
George H. Seitz, III (ID No. 667)
gseitz@svglaw.com

48469 v1