IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO
SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,
AND SAMSUNG TELECOMMUNICATIONS AMERICA, L.P.**

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 26 of the Federal Rules of Civil

Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests

that you produce for inspection and/or copying the following documents at the offices of Robins,

Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue South, Minneapolis,

Minnesota 55402-2015, or such other mutually agreed upon location, within thirty (30) days of

the date of service of these requests upon you.

**INSTRUCTIONS**

1.     In producing documents, furnish all documents known or available to you,

grouped by response to each document request, regardless of whether documents are possessed

48855 v1

directly by you, or any parent, subsidiary or affiliated corporation, or any of your officers, directors, employees, agents, representatives, present or former contractors, consultants or attorneys.

2.      Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.      With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, state the document production (i.e. "Bates") number(s), the basis for the privilege claimed, the name and address of the author(s) and addressee(s), the date, the type of document, the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

4.      This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive document that may be located or acquired by you or your employees after the date of your original production.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.      The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2.      The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

2

3.      The terms "Defendants," "you," or "your" shall refer to named Defendants Samsung Electronics Co., Ltd. Samsung Electronics America, Inc., and Samsung Telecommunications America, L.P. and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

4.      The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5.      The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6.      The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.      The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8.      The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9.      The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10.     The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11.    The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

12.    The term "identify" when used in reference to a person means to provide the following information:

      a.  Full name;

      b.  Present or last known address; and

      c.  Present or last known telephone number.

13.    The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

MP3 20139757.1

## DOCUMENT REQUESTS

Produce the following:

### REQUEST NO. 1:

All documents identified, relied upon, reviewed, or consulted in responding to Plaintiff's

First Set of Interrogatories.

### REQUEST NO. 2:

All documents that support your Twelfth Defense that St. Clair claims for relief are

barred based on the doctrine of unclean hands.

### REQUEST NO. 3:

All documents that support your Thirteenth Defense that St. Clair does not own the

patents-in-suit.

### REQUEST NO. 4:

All documents that support your Fourteenth Defense that not all owners of the patents-in-

suit have been joined in the above captioned matter.

### REQUEST NO. 5:

All documents referring or relating to your knowledge of any third party's, other than St.

Clair's, asserted ownership rights of the patents-in-suit.

### REQUEST NO. 6:

All documents referring or relating to the circumstances of your knowledge of any third

party's, other than St. Clair's, asserted rights of the patents-in-suit.

### REQUEST NO. 7:

All documents referring or relating to your contact with any person associated with any

third party, other than St. Clair, regarding ownership of the patents-in-suit.

**REQUEST NO. 8:**

All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 9:**

All documents referring or relating to written communications of any employee or agent of Defendants with any third party, other than St. Clair, regarding any third party's asserted ownership rights of the patents-in-suit.

**REQUEST NO. 10:**

All documents referring or relating to Mirage's employment agreements during the period of 1988 – 1993.

**REQUEST NO. 11:**

All documents referring or relating to Mirage's or Kodak's procedures for disclosing an invention by an employee.

**REQUEST NO. 12:**

All document referring or relating to Mirage's or Kodak's knowledge of the invention claimed in the patents-in-suit.

**REQUEST NO. 13:**

All documents referring or relating to a) Jerry Speasl; b) Marc Roberts; c) Matthew Chikosky; d) PCC; e) St. Clair.

**REQUEST NO. 14:**

All documents referring or relating to Defendants' statement that "Defendant Kodak's recent acquisition of Mirage's interests, if any, in the patents-in-suit...." (*see Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC and Hewlett Packard dated June 17, 2005)*

including, but not limited to the agreement demonstrating Kodak's acquisition of Mirage's rights

in the patents-in-suit.

## REQUEST NO. 15:

All documents referring or relating to the scope of Mirage's business or research or

development from 1988 through 1993.

## REQUEST NO. 16:

All documents that you believe demonstrate that the inventions in the patents-in-

suit are related to or useful in the business or research or development of Mirage.

## REQUEST NO. 17:

All documents that you believe demonstrate that the inventors of the patents-in-suit have

not complied with Sec. 2870 of the California Labor Code.

Dated: 6/24/05

Of Counsel:

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By:

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for St. Clair Intellectual Property
Consultants, Inc.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO HEWLETT PACKARD COMPANY

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 26 of the Federal Rules of Civil

Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests

that you produce for inspection and/or copying the following documents at the offices of Robins,

Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue South, Minneapolis,

Minnesota 55402-2015, or such other mutually agreed upon location, within thirty (30) days of

the date of service of these requests upon you.

### INSTRUCTIONS

1.    In producing documents, furnish all documents known or available to you,

grouped by response to each document request, regardless of whether documents are possessed

directly by you, or any parent, subsidiary or affiliated corporation, or any of your officers, directors, employees, agents, representatives, present or former contractors, consultants or attorneys.

2.    Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.    With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, state the document production (i.e. "Bates") number(s), the basis for the privilege claimed, the name and address of the author(s) and addressee(s), the date, the type of document, the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

4.    This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive document that may be located or acquired by you or your employees after the date of your original production.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2.    The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

3. The terms "Defendants," "you," or "your" shall refer to named Defendants Hewlett Packard Company.

4. The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5. The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6. The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7. The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8. The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9. The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10. The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11. The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or

otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

12.     The term "identify" when used in reference to a person means to provide the following information:

      a.  Full name;

      b.  Present or last known address; and

      c.  Present or last known telephone number.

13.     The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## DOCUMENT REQUESTS

Produce the following:

## REQUEST NO. 1:

All documents identified, relied upon, reviewed, or consulted in responding to Plaintiff's First Set of Interrogatories.

**REQUEST NO. 2:**

All documents referring or relating to your knowledge of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 3:**

All documents referring or relating to the circumstances of your knowledge of any third party's, other than St. Clair's, asserted rights of the patents-in-suit.

**REQUEST NO. 4:**

All documents referring or relating to your contact with any person associated with any third party, other than St. Clair, regarding ownership of the patents-in-suit.

**REQUEST NO. 5:**

All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 6:**

All documents referring or relating to written communications of any employee or agent of Defendants with any third party, other than St. Clair, regarding any third party's asserted ownership rights of the patents-in-suit.

**REQUEST NO. 7:**

All documents referring or relating to Mirage's employment agreements during the period of 1988 – 1993.

**REQUEST NO. 8:**

All documents referring or relating to Mirage's or Kodak's procedures for disclosing an invention by an employee.

**REQUEST NO. 9:**

All document referring or relating to Mirage's or Kodak's knowledge of the invention claimed in the patents-in-suit.

### REQUEST NO. 10:

All documents referring or relating to a) Jerry Speasl; b) Marc Roberts; c) Matthew Chikosky; d) PCC; e) St. Clair.

### REQUEST NO. 11:

All documents referring or relating to Defendants' statement that "Defendant Kodak's recent acquisition of Mirage's interests, if any, in the patents-in-suit...." (*see Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC and Hewlett Packard dated June 17, 2005*) including, but not limited to the agreement demonstrating Kodak's acquisition of Mirage's rights in the patents-in-suit.

### REQUEST NO. 12:

All documents referring or relating to the scope of Mirage's business or research or development from 1988 through 1993.

### REQUEST NO. 13:

All documents that you believe demonstrate that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage.

### REQUEST NO. 14:

All documents that you believe demonstrate that the inventors of the patents-in-suit have not complied with Sec. 2870 of the California Labor Code.

Dated: 6/24/05

Of Counsel:

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By: _____
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for St. Clair Intellectual Property
Consultants, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO EASTMAN KODAK COMPANY

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 26 of the Federal Rules of Civil

Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests

that you produce for inspection and/or copying the following documents at the offices of Robins,

Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue South, Minneapolis,

Minnesota 55402-2015, or such other mutually agreed upon location, within thirty (30) days of

the date of service of these requests upon you.

### INSTRUCTIONS

1.     In producing documents, furnish all documents known or available to you,

grouped by response to each document request, regardless of whether documents are possessed

directly by you, or any parent, subsidiary or affiliated corporation, or any of your officers, directors, employees, agents, representatives, present or former contractors, consultants or attorneys.

2.      Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.      With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, state the document production (i.e. "Bates") number(s), the basis for the privilege claimed, the name and address of the author(s) and addressee(s), the date, the type of document, the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

4.      This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive document that may be located or acquired by you or your employees after the date of your original production.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.      The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2.      The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

3.    The terms "Defendants", "Kodak", "you," or "your" shall refer to named Defendants Eastman Kodak Company.

4.    The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5.    The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6.    The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.    The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8.    The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9.    The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10.    The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11.    The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or

otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

12.    The term "identify" when used in reference to a person means to provide the following information:

    a.  Full name;

    b.  Present or last known address; and

    c.  Present or last known telephone number.

13.    The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## DOCUMENT REQUESTS

Produce the following:

## REQUEST NO. 1:

All documents identified, relied upon, reviewed, or consulted in responding to Plaintiff's First Set of Interrogatories.

**REQUEST NO. 2:**

All documents referring or relating to your knowledge of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 3:**

All documents referring or relating to the circumstances of your knowledge of any third party's, other than St. Clair's, asserted rights of the patents-in-suit.

**REQUEST NO. 4:**

All documents referring or relating to your contact with any person associated with any third party, other than St. Clair, regarding ownership of the patents-in-suit.

**REQUEST NO. 5:**

All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 6:**

All documents referring or relating to written communications of any employee or agent of Defendants with any third party, other than St. Clair, regarding any third party's asserted ownership rights of the patents-in-suit.

**REQUEST NO. 7:**

All documents referring or relating to Mirage's employment agreements during the period of 1988 – 1993.

**REQUEST NO. 8:**

All documents referring or relating to Mirage's or Kodak's procedures for disclosing an invention by an employee.

**REQUEST NO. 9:**

All document referring or relating to Mirage's or Kodak's knowledge of the invention claimed in the patents-in-suit.

**REQUEST NO. 10:**

All documents referring or relating to a) Jerry Speasl; b) Marc Roberts; c) Matthew Chikosky; d) PCC; e) St. Clair.

**REQUEST NO. 11:**

All documents referring or relating to Defendants' statement that "Defendant Kodak's recent acquisition of Mirage's interests, if any, in the patents-in-suit...." (*see Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC and Hewlett Packard dated June 17, 2005*) including, but not limited to the agreement demonstrating Kodak's acquisition of Mirage's rights in the patents-in-suit.

**REQUEST NO. 12:**

All documents referring or relating to the scope of Mirage's business or research or development from 1988 through 1993.

**REQUEST NO. 13:**

All documents that you believe demonstrate that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage.

**REQUEST NO. 14:**

All documents that you believe demonstrate that the inventors of the patents-in-suit have not complied with Sec. 2870 of the California Labor Code.

Dated: 6/24/05

Of Counsel:

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By: _____
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for St. Clair Intellectual Property
Consultants, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, )<br><br>Defendants. ) | Civil Action No. 04-1436 JJF<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA CORPORATION OF AMERICA (NOW KNOWN AS PANASONIC CORPORATION OF AMERICA), VICTOR COMPANY OF JAPAN, LTD., AND JVC COMPANY OF AMERICA

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 26 of the Federal Rules of Civil

Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests

that you produce for inspection and/or copying the following documents at the offices of Robins,

Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue South, Minneapolis,

Minnesota 55402-2015, or such other mutually agreed upon location, within thirty (30) days of

the date of service of these requests upon you.

## INSTRUCTIONS

1.    In producing documents, furnish all documents known or available to you, grouped by response to each document request, regardless of whether documents are possessed directly by you, or any parent, subsidiary or affiliated corporation, or any of your officers, directors, employees, agents, representatives, present or former contractors, consultants or attorneys.

2.    Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.    With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, state the document production (i.e. "Bates") number(s), the basis for the privilege claimed, the name and address of the author(s) and addressee(s), the date, the type of document, the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

4.    This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive document that may be located or acquired by you or your employees after the date of your original production.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2.      The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

3.      The terms "Defendants," "you," or "your" shall refer to named Defendants Matsushita Electric Industrial Co., Ltd., Matsushita Corporation of America (now known as Panasonic Corporation of America), Victor Company of Japan, Ltd., and JVC Company of America, and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

4.      The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5.      The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6.      The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.      The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8.      The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9.      The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10.     The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11.     The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

12.     The term "identify" when used in reference to a person means to provide the following information:

   a.  Full name;

   b.  Present or last known address; and

   c.  Present or last known telephone number.

13.     The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## DOCUMENT REQUESTS

Produce the following:

### REQUEST NO. 1:

All documents identified, relied upon, reviewed, or consulted in responding to Plaintiff's First Set of Interrogatories.

### REQUEST NO. 2:

All documents that support your Seventh Defense asserted in Answer and Counterclaims to Plaintiff's First Amended Complaint and Counterclaims by Matsushita Electric Industrial Co., Ltd., Matsushita Corporation of America (now known as Panasonic Corporation of America), Victor Company of Japan, Ltd., and JVC Company of America.

### REQUEST NO. 3:

All documents referring or relating to your knowledge of any third party, other than St. Clair, asserted ownership rights of the patents-in-suit.

### REQUEST NO. 4:

All documents referring or relating to the circumstances of your knowledge of any third party, other than St. Clair, asserted rights of the patents-in-suit.

### REQUEST NO. 5:

All documents referring or relating to your contact with any person associated with any third party's, other than St. Clair's, regarding ownership of the patents-in-suit.

### REQUEST NO. 6:

All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 7:**

All documents referring or relating to written communications of any employee or agent of Defendants with any third party, other than St. Clair, regarding any third party's asserted ownership rights of the patents-in-suit.

**REQUEST NO. 8:**

All documents referring or relating to Mirage's employment agreements during the period of 1988 – 1993.

**REQUEST NO. 9:**

All documents referring or relating to Mirage's or Kodak's procedures for disclosing an invention by an employee.

**REQUEST NO. 10:**

All document referring or relating to Mirage's or Kodak's knowledge of the invention claimed in the patents-in-suit.

**REQUEST NO. 11:**

All documents referring or relating to a) Jerry Speasl; b) Marc Roberts; c) Matthew Chikosky; d) PCC; e) St. Clair.

**REQUEST NO. 12:**

All documents referring or relating to Defendants' statement that "Defendant Kodak's recent acquisition of Mirage's interests, if any, in the patents-in-suit…." (*see Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC and Hewlett Packard dated June 17, 2005)* including, but not limited to the agreement demonstrating Kodak's acquisition of Mirage's rights in the patents-in-suit.

**REQUEST NO. 13:**

All documents referring or relating to the scope of Mirage's business or research or development from 1988 through 1993.

**REQUEST NO. 14:**

All documents that you believe demonstrate that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage.

**REQUEST NO. 15:**

All documents that you believe demonstrate that the inventors of the patents-in-suit have not complied with Sec. 2870 of the California Labor Code.

Dated: 6/24/05

Of Counsel:                                    SEITZ, VAN OGTROP & GREEN

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire          By:_____
Carrie M. Lambert, Esquire          George H. Seitz, III, Esquire (No. 667)
Kimberly G. Miller, Esquire          James S. Green, Esquire (No. 481)
ROBINS, KAPLAN, MILLER &       Patricia P. McGonigle, Esquire (No. 3126)
 CIRESI LLP                                 222 Delaware Avenue, Suite 1500
2800 LaSalle Plaza                        P.O. Box 68
800 LaSalle Avenue                       Wilmington, DE 19899
Minneapolis, MN 55402                 (302) 888-0600
(612) 349-8500

                                                  Attorneys for St. Clair Intellectual Property
                                                  Consultants, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO NOKIA CORPORATION AND NOKIA, INC.

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 26 of the Federal Rules of Civil Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests that you produce for inspection and/or copying the following documents at the offices of Robins, Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue South, Minneapolis, Minnesota 55402-2015, or such other mutually agreed upon location, within thirty (30) days of the date of service of these requests upon you.

### INSTRUCTIONS

1.     In producing documents, furnish all documents known or available to you, grouped by response to each document request, regardless of whether documents are possessed

directly by you, or any parent, subsidiary or affiliated corporation, or any of your officers, directors, employees, agents, representatives, present or former contractors, consultants or attorneys.

2.     Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.     With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, state the document production (i.e. "Bates") number(s), the basis for the privilege claimed, the name and address of the author(s) and addressee(s), the date, the type of document, the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

4.     This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive document that may be located or acquired by you or your employees after the date of your original production.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.     The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2.     The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

2

3.      The terms "Defendants," "you," or "your" shall refer to named Defendants Nokia Corporation and Nokia, Inc. and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

4.      The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5.      The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6.      The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.      The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8.      The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9.      The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10.     The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11.     The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical

3

copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

12. The term "identify" when used in reference to a person means to provide the following information:

    a. Full name;

    b. Present or last known address; and

    c. Present or last known telephone number.

13. The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## DOCUMENT REQUESTS

Produce the following:

### REQUEST NO. 1:

All documents identified, relied upon, reviewed, or consulted in responding to Plaintiff's First Set of Interrogatories.

4

**REQUEST NO. 2:**

All documents that support your Fourth Defense and Counts I ¶ 18, II ¶ 31, III ¶ 44 and IV ¶ 57, in Answer of Nokia Corporation and Nokia, Inc. to First Amended Complaint and Counterclaims of Nokia.

**REQUEST NO. 3:**

All documents referring or relating to your knowledge of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 4:**

All documents referring or relating to the circumstances of your knowledge of any third party's, other than St. Clair's, asserted rights of the patents-in-suit.

**REQUEST NO. 5:**

All documents referring or relating to your contact with any person associated with any third party, other than St. Clair, regarding ownership of the patents-in-suit.

**REQUEST NO. 6:**

All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 7:**

All documents referring or relating to written communications of any employee or agent of Defendants with any third party's, other than St. Clair's, regarding any third party's asserted ownership rights of the patents-in-suit.

**REQUEST NO. 8:**

All documents referring or relating to Mirage's employment agreements during the period of 1988 – 1993.

5

**REQUEST NO. 9:**

All documents referring or relating to Mirage's or Kodak's procedures for disclosing an invention by an employee.

**REQUEST NO. 10:**

All document referring or relating to Mirage's or Kodak's knowledge of the invention claimed in the patents-in-suit.

**REQUEST NO. 11:**

All documents referring or relating to a) Jerry Speasl; b) Marc Roberts; c) Matthew Chikosky; d) PCC; e) St. Clair.

**REQUEST NO. 12:**

All documents referring or relating to Defendants' statement that "Defendant Kodak's recent acquisition of Mirage's interests, if any, in the patents-in-suit...." (*see Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC and Hewlett Packard dated June 17, 2005)* including, but not limited to the agreement demonstrating Kodak's acquisition of Mirage's rights in the patents-in-suit.

**REQUEST NO. 13:**

All documents referring or relating to the scope of Mirage's business or research or development from 1988 through 1993.

**REQUEST NO. 14:**

All documents that you believe demonstrate that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage.

6

**REQUEST NO. 15:**

All documents that you believe demonstrate that the inventors of the patents-in-suit have

not complied with Sec. 2870 of the California Labor Code.

Dated: 6/24/65

Of Counsel:                                    SEITZ, VANVOGTROP & GREEN

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire         By:
Carrie M. Lambert, Esquire            George H. Seitz, III, Esquire (No. 667)
Kimberly G. Miller, Esquire          James S. Green, Esquire (No. 481)
ROBINS, KAPLAN, MILLER &          Patricia P. McGonigle, Esquire (No. 3126)
  CIRESI LLP                          222 Delaware Avenue, Suite 1500
2800 LaSalle Plaza                    P.O. Box 68
800 LaSalle Avenue                    Wilmington, DE 19899
Minneapolis, MN 55402                 (302) 888-0600
(612) 349-8500

                                      Attorneys for St. Clair Intellectual Property
                                      Consultants, Inc.

7

MP3 20140088.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA CORPORATION OF AMERICA (NOW KNOWN AS PANASONIC CORPORATION OF AMERICA), VICTOR COMPANY OF JAPAN, LTD., AND JVC COMPANY OF AMERICA

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests that you answer the following interrogatories within thirty (30) days of the date of service of these requests upon you.

### INSTRUCTIONS

1.    Defendants should answer each and every interrogatory separately and fully, including each subdivision thereof, unless it is objected to, in which event the reason for all objections shall be specifically and separately stated. Where a complete answer to an

interrogatory is not possible, the interrogatory shall be answered to the extent possible and a statement shall be made indicating why only a partial answer is given.

2.     In the event that any information or document or part thereof subject to this request is withheld on the basis of claim of privilege, Defendants shall furnish to St. Clair a list identifying each document withheld, together with the following information:

      a.  A statement of the nature of the privilege upon which Defendants base its objection to disclosure;

      b.  A written listing, or "cast of characters," with the name, job title, and present address of each person who has received or otherwise had access to the information or document involved or copies thereof, or with whom the information or document was discussed, and the capacity in which the person had access thereto, or in which it was discussed;

      c.  The subject matter of the information or document in question;

      d.  The date of the preparation of the information or document;

      e.  The sender(s) and recipient(s) of the information or document in question including all those persons who received copies thereof; and

      f.  The name, job title and address of the present custodian of the information or document.

3.     If any "communication," "conversation," or "statement" is withheld under a claim of privilege, please furnish a list signed by the person supervising your response identifying each such communication, conversation or statement for which the privilege is claimed together with the following information:

      a.  The date of such conversation, communication, or statement;

b. The place at which it occurred and the medium involved;

c. The identity of each person involved, together with his or her job title at the time of the communication;

d. The subject matter and nature of the conversation, communication or statement;

e. The basis on which the privilege is claimed; and

f. Whether any non-privileged matter was contained in the conversation, communication, or statement.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1. The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2. The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

3. The terms "Defendants," "you," or "your" shall refer to named Defendants Matsushita Electric Industrial Co., Ltd., Matsushita Corporation of America (now known as Panasonic Corporation of America), Victor Company of Japan, Ltd., and JVC Company of America and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

4.    The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5.    The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6.    The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.    The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8.    The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9.    The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10.    The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11.    The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

12. The term "identify" when used in reference to a person means to provide the following information:

    a. Full name;

    b. Present or last known address; and

    c. Present or last known telephone number.

13. The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

For the Seventh Affirmative Defense asserted in Answer and Counterclaims to Plaintiff's First Amended Complaint and Counterclaims by Matsushita Electric Industrial Co., Ltd., Matsushita Corporation of America (now known as Panasonic Corporation of America), Victor Company of Japan, Ltd., and JVC Company of America, state the facts upon which you base your defense.

**INTERROGATORY NO. 2:**

If you contend that any third party, other than St. Clair, including but not limited to Mirage and/or Kodak, has any ownership rights in or owns the patents-in-suit for any reason, set forth in detail the bases for your contention, including the relevant factual or legal support, and identify with specificity all documentation and activities on which you base your contention, including, without limitation, agreements, memoranda, or contracts.

**INTERROGATORY NO. 3:**

Identify by name, address, and telephone number of each person with knowledge of any and all third party asserted ownership rights of the patents-in-suit.

Dated: 6/2-6/05

Of Counsel:

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By:

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for St. Clair Intellectual Property
Consultants, Inc.

48860 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS NOKIA CORPORATION AND NOKIA, INC.

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests that you answer the following interrogatories within thirty (30) days of the date of service of these requests upon you.

### INSTRUCTIONS

1.    Defendants should answer each and every interrogatory separately and fully, including each subdivision thereof, unless it is objected to, in which event the reason for all objections shall be specifically and separately stated. Where a complete answer to an

interrogatory is not possible, the interrogatory shall be answered to the extent possible and a statement shall be made indicating why only a partial answer is given.

2.    In the event that any information or document or part thereof subject to this request is withheld on the basis of claim of privilege, Defendants shall furnish to St. Clair a list identifying each document withheld, together with the following information:

> a.    A statement of the nature of the privilege upon which Defendants base its objection to disclosure;
>
> b.    A written listing, or "cast of characters," with the name, job title, and present address of each person who has received or otherwise had access to the information or document involved or copies thereof, or with whom the information or document was discussed, and the capacity in which the person had access thereto, or in which it was discussed;
>
> c.    The subject matter of the information or document in question;
>
> d.    The date of the preparation of the information or document;
>
> e.    The sender(s) and recipient(s) of the information or document in question including all those persons who received copies thereof; and
>
> f.    The name, job title and address of the present custodian of the information or document.

3.    If any "communication," "conversation," or "statement" is withheld under a claim of privilege, please furnish a list signed by the person supervising your response identifying each such communication, conversation or statement for which the privilege is claimed together with the following information:

> a.    The date of such conversation, communication, or statement;

b. The place at which it occurred and the medium involved;

c. The identity of each person involved, together with his or her job title at the time of the communication;

d. The subject matter and nature of the conversation, communication or statement;

e. The basis on which the privilege is claimed; and

f. Whether any non-privileged matter was contained in the conversation, communication, or statement.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1. The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2. The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

3. The terms "Defendants," "you," or "your" shall refer to named Defendants Nokia Corporation and Nokia, Inc. and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

4. The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5. The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6. The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7. The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8. The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9. The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10. The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11. The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

12. The term "identify" when used in reference to a person means to provide the following information:

    a. Full name;

     b.  Present or last known address; and

     c.  Present or last known telephone number.

13.    The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

For the Fourth Defense and Counts I ¶ 18, II ¶ 31, III ¶ 44 and IV ¶ 57, asserted in Defendants Answer of Nokia Corporation and Nokia, Inc. to First Amended Complaint and Counterclaims of Nokia, Inc., state the facts upon which you base your defense.

### **INTERROGATORY NO. 2:**

If you contend that any third party, other than St. Clair, including but not limited to Mirage and/or Kodak, has any ownership rights in or owns the patents-in-suit for any reason, set forth in detail the bases for your contention, including the relevant factual or legal support, and identify with specificity all documentation and activities on which you base your contention, including, without limitation, agreements, memoranda, or contracts.

**INTERROGATORY NO. 3:**

Identify by name, address, and telephone number of each person with knowledge of any

and all third party asserted ownership rights of the patents-in-suit.

Dated: 6/24/05

Of Counsel:                              SEITZ, VAN OGTROP & GREEN

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire              By: _____
Carrie M. Lambert, Esquire             George H. Seitz, III, Esquire (No. 667)
Kimberly G. Miller, Esquire            James S. Green, Esquire (No. 481)
ROBINS, KAPLAN, MILLER &               Patricia P. McGonigle, Esquire (No. 3126)
 CIRESI LLP                            222 Delaware Avenue, Suite 1500
2800 LaSalle Plaza                     P.O. Box 68
800 LaSalle Avenue                     Wilmington, DE 19899
Minneapolis, MN 55402                  (302) 888-0600
(612) 349-8500

                                       Attorneys for St. Clair Intellectual Property
                                       Consultants, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-1436 JJF<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS HEWLETT PACKARD COMPANY

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests that you answer the following interrogatories within thirty (30) days of the date of service of these requests upon you.

## INSTRUCTIONS

1.    Defendants should answer each and every interrogatory separately and fully, including each subdivision thereof, unless it is objected to, in which event the reason for all objections shall be specifically and separately stated. Where a complete answer to an

interrogatory is not possible, the interrogatory shall be answered to the extent possible and a statement shall be made indicating why only a partial answer is given.

2.     In the event that any information or document or part thereof subject to this request is withheld on the basis of claim of privilege, Defendants shall furnish to St. Clair a list identifying each document withheld, together with the following information:

> a.  A statement of the nature of the privilege upon which Defendants base its objection to disclosure;
>
> b.  A written listing, or "cast of characters," with the name, job title, and present address of each person who has received or otherwise had access to the information or document involved or copies thereof, or with whom the information or document was discussed, and the capacity in which the person had access thereto, or in which it was discussed;
>
> c.  The subject matter of the information or document in question;
>
> d.  The date of the preparation of the information or document;
>
> e.  The sender(s) and recipient(s) of the information or document in question including all those persons who received copies thereof; and
>
> f.  The name, job title and address of the present custodian of the information or document.

3.     If any "communication," "conversation," or "statement" is withheld under a claim of privilege, please furnish a list signed by the person supervising your response identifying each such communication, conversation or statement for which the privilege is claimed together with the following information:

> a.  The date of such conversation, communication, or statement;

    b.  The place at which it occurred and the medium involved;

    c.  The identity of each person involved, together with his or her job title at the time of the communication;

    d.  The subject matter and nature of the conversation, communication or statement;

    e.  The basis on which the privilege is claimed; and

    f.  Whether any non-privileged matter was contained in the conversation, communication, or statement.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2.    The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

3.    The terms "Defendants," "you," or "your" shall refer to named Defendants Hewlett-Packard Company and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

4.    The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5.      The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6.      The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.      The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8.      The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9.      The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10.     The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11.     The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

12.     The term "identify" when used in reference to a person means to provide the following information:

        a.  Full name;

    b. Present or last known address; and

    c. Present or last known telephone number.

13.    The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

If you contend that any third party, other than St. Clair, including but not limited to Mirage and/or Kodak, has any ownership rights in or owns the patents-in-suit for any reason, set forth in detail the bases for your contention, including the relevant factual or legal support, and identify with specificity all documentation and activities on which you base your contention, including, without limitation, agreements, memoranda, or contracts.

### **INTERROGATORY NO. 2:**

Identify by name, address, and telephone number of each person with knowledge of any and all third party asserted ownership rights of the patents-in-suit.

Dated:    6/24/65

Of Counsel:

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By:_____
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for St. Clair Intellectual Property
Consultants, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS EASTMAN KODAK COMPANY

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests that you answer the following interrogatories within thirty (30) days of the date of service of these requests upon you.

### INSTRUCTIONS

1.      Defendants should answer each and every interrogatory separately and fully, including each subdivision thereof, unless it is objected to, in which event the reason for all objections shall be specifically and separately stated. Where a complete answer to an

48857 v1

interrogatory is not possible, the interrogatory shall be answered to the extent possible and a statement shall be made indicating why only a partial answer is given.

2.      In the event that any information or document or part thereof subject to this request is withheld on the basis of claim of privilege, Defendants shall furnish to St. Clair a list identifying each document withheld, together with the following information:

> a.  A statement of the nature of the privilege upon which Defendants base its objection to disclosure;
>
> b.  A written listing, or "cast of characters," with the name, job title, and present address of each person who has received or otherwise had access to the information or document involved or copies thereof, or with whom the information or document was discussed, and the capacity in which the person had access thereto, or in which it was discussed;
>
> c.  The subject matter of the information or document in question;
>
> d.  The date of the preparation of the information or document;
>
> e.  The sender(s) and recipient(s) of the information or document in question including all those persons who received copies thereof; and
>
> f.  The name, job title and address of the present custodian of the information or document.

3.      If any "communication," "conversation," or "statement" is withheld under a claim of privilege, please furnish a list signed by the person supervising your response identifying each such communication, conversation or statement for which the privilege is claimed together with the following information:

> a.  The date of such conversation, communication, or statement;

b. The place at which it occurred and the medium involved;

c. The identity of each person involved, together with his or her job title at the time of the communication;

d. The subject matter and nature of the conversation, communication or statement;

e. The basis on which the privilege is claimed; and

f. Whether any non-privileged matter was contained in the conversation, communication, or statement.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2.    The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

3.    The terms "Defendants", "Kodak", "you," or "your" shall refer to named Defendants Eastman Kodak Company and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

4.    The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5.    The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

6.    The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

7.    The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

8.    The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

9.    The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

10.    The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

11.    The term "identify" when used in reference to a person means to provide the following information:

      a.  Full name;

      b.  Present or last known address; and

      c.  Present or last known telephone number.

12.     The terms "St. Clair patents," "St. Clair patents-in-suit" and  "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## INTERROGATORIES

### INTERROGATORY NO. 1:

If you contend that any third party, other than St. Clair, including but not limited to Mirage and/or Kodak, has any ownership rights in or owns the patents-in-suit for any reason, set forth in detail the bases for your contention, including the relevant factual or legal support, and identify with specificity all documentation and activities on which you base your contention, including, without limitation, agreements, memoranda, or contracts.

### INTERROGATORY NO. 2:

Identify by name, address, and telephone number of each person with knowledge of any and all third party asserted ownership rights of the patents-in-suit.

Dated:    6/24/05

Of Counsel:

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By: _____
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for St. Clair Intellectual Property
Consultants, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, L.P.

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 26 of the Federal Rules of Civil

Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests

that you answer the following interrogatories within thirty (30) days of the date of service of

these requests upon you.

### INSTRUCTIONS

1.      Defendants should answer each and every interrogatory separately and fully,

including each subdivision thereof, unless it is objected to, in which event the reason for all

objections shall be specifically and separately stated. Where a complete answer to an

interrogatory is not possible, the interrogatory shall be answered to the extent possible and a statement shall be made indicating why only a partial answer is given.

2.    In the event that any information or document or part thereof subject to this request is withheld on the basis of claim of privilege, Defendants shall furnish to St. Clair a list identifying each document withheld, together with the following information:

> a.  A statement of the nature of the privilege upon which Defendants base its objection to disclosure;
>
> b.  A written listing, or "cast of characters," with the name, job title, and present address of each person who has received or otherwise had access to the information or document involved or copies thereof, or with whom the information or document was discussed, and the capacity in which the person had access thereto, or in which it was discussed;
>
> c.  The subject matter of the information or document in question;
>
> d.  The date of the preparation of the information or document;
>
> e.  The sender(s) and recipient(s) of the information or document in question including all those persons who received copies thereof; and
>
> f.  The name, job title and address of the present custodian of the information or document.

3.    If any "communication," "conversation," or "statement" is withheld under a claim of privilege, please furnish a list signed by the person supervising your response identifying each such communication, conversation or statement for which the privilege is claimed together with the following information:

> a.  The date of such conversation, communication, or statement;

b.  The place at which it occurred and the medium involved;

c.  The identity of each person involved, together with his or her job title at the time of the communication;

d.  The subject matter and nature of the conversation, communication or statement;

e.  The basis on which the privilege is claimed; and

f.  Whether any non-privileged matter was contained in the conversation, communication, or statement.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2.    The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

3.    The terms "Defendants," "you," or "your" shall refer to named Defendants Samsung Electronics Co., Ltd. Samsung Electronics America, Inc., and Samsung Telecommunications America, L.P. and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

4.    The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5.     The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6.     The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.     The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8.     The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9.     The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10.    The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11.    The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

12.    The term "identify" when used in reference to a person means to provide the following information:

     a.  Full name;

b. Present or last known address; and

c. Present or last known telephone number.

13. The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## INTERROGATORIES

### INTERROGATORY NO. 1:

For the Twelfth, Thirteenth and Fourteenth Defenses asserted in Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, L.P.'s Answer to First Amended Complaint and Counterclaims, state the facts upon which you base your defenses.

### INTERROGATORY NO. 2:

If you contend that any third party, other than St. Clair, including but not limited to Mirage and/or Kodak, has any ownership rights in or owns the patents-in-suit for any reason, set forth in detail the bases for your contention, including the relevant factual or legal support, and

identify with specificity all documentation and activities on which you base your contention,

including, without limitation, agreements, memoranda, or contracts.

## INTERROGATORY NO. 3:

Identify by name, address, and telephone number of each person with knowledge of any

and all third party asserted ownership rights of the patents-in-suit.

Dated:  6/24/05

Of Counsel:

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By:
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for St. Clair Intellectual Property
Consultants, Inc.

48856 v1