IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) ) ) | |

SUPPLEMENTAL BRIEF OF DEFENDANTS SAMSUNG, MATSUSHITA, NOKIA,
AND HEWLETT-PACKARD IN SUPPORT OF MOTION TO STAY ACTION

Richard L. Horwitz, Esq.
David E. Moore, Esq.
POTTER ANDERSON & CORROON LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Counsel for Hewlett-Packard Company and
filing on behalf of above-named Defendants

## TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ...............................................................................................................1

ARGUMENT ....................................................................................................................2

I.    THE USPTO HAS NOW REJECTED THE ONLY CLAIM OF THE
      '010 PATENT AND CLAIMS 1 AND 2 OF THE '899 PATENT ..........................2

      A.    The Examiner's Claim Construction ......................................................2

      B.    Anticipation In Light Of Kuhberger .......................................................4

      C.    The Examiner's Reasoning Applies With Equal Force To
            The Two Other Patents-In-Suit ...............................................................5

II.   PENDING THE FINAL OUTCOME OF THE REEXAMINATIONS
      OF THE PATENTS-IN-SUIT, THIS ACTION SHOULD BE STAYED ..............7

CONCLUSION ..................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Honeywell Int'l Inc. v. Audiovox Comm. Corp.*,
      C. A. No. 04-1337-KAJ (D. Del. May 18, 2005) ................................................7

*St. Clair Intellectual Prop. Consultants, Inc. v. Canon Inc.*,
      2004 WL 1941340 (D. Del. Aug. 31, 2004) ..................................................6

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
      766 F. Supp. 212 (D. Del. 1991) ..............................................................7

**Statutes and Rules**

Fed. R. Evid. 201 ....................................................................................3

37 C.F.R. 1.550(c) ..................................................................................8

## INTRODUCTION

This supplemental brief[1] is relevant to two motions that are currently pending before this Court: (i) the Defendants' joint motion to stay this action pending the resolution of the patent ownership dispute between St. Clair and Mirage/Kodak, and (ii) St. Clair's motion to bifurcate and fully litigate the ownership dispute in this action before proceeding with other merits issues.

The Defendants originally moved to stay this action because St. Clair and Mirage had filed two separate declaratory judgment actions against each other, with each entity claiming that it owned the patents-in-suit. This ownership dispute created a serious threshold question regarding St. Clair's standing to sue in this case and also foreclosed any possibility of settlement. Subsequently, one of the defendants in this case, Kodak, acquired Mirage's interests in the patents-in-suit. That development suggested that the ownership issue could still be resolved in one of the pending actions between St. Clair and Mirage/Kodak or, alternatively, by bifurcating and fully litigating the ownership issue in this action before proceeding with other merits issues. Accordingly, the above-named Defendants[2] have filed briefs recognizing the benefits of these approaches.

The above-named Defendants now file this supplemental brief to inform the Court of a further, material development that strongly supports a temporary stay of

---

[1] Undersigned counsel conferred with counsel for St. Clair, who consented to the filing of this supplemental brief.

[2] These defendants include Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc. and Hewlett Packard Company.

1

this action and that would not be adequately addressed by bifurcation. Specifically, on June 20, 2005, the United States Patent and Trademark Office ("USPTO") issued office actions in the *ex parte* reexamination of two of the patents-in-suit that *rejected* the sole claim of U.S. Patent No. 6,233,010 ("the '010 patent"), and two of the four claims (claims 1 and 2) of U.S. Patent No. 6,323,899 ("the '899 patent"), as being anticipated by PCT Int'l Pub. WO 90/09717 to Kuhberger ("Kuhberger").

The unique circumstances surrounding these developments at the USPTO strongly support a temporary stay. These office actions are part of the USPTO's announced campaign to resolve all *ex parte* reexamination proceedings pending for more than two years by September 2005 — *i.e.*, a few short months from now. Thus, St. Clair's reexamination proceedings will proceed expeditiously and not languish in the USPTO. Moreover, this reexamination effort is being conducted using multi-person task forces to expedite the process and to better ensure correct results. Here, the Examiner's analysis — which resulted in the rejection of most of the claims — has already been reviewed and approved by at least two Supervisory Patent Examiners.

In light of these developments, this action should be temporarily stayed pending the conclusion of the pending USPTO reexamination proceedings.

ARGUMENT

I.     **THE USPTO HAS NOW REJECTED THE ONLY CLAIM OF THE '010 PATENT AND CLAIMS 1 AND 2 OF THE '899 PATENT.**

     A.     **The Examiner's Claim Construction**

In the two office action rejections issued on June 20, 2005, the Examiner[3] construed the key claim limitations as follows:

> As used in the '010 patent, the claim limitation "a digital control unit for formatting said digital image signal in one of a plurality of computer formats" means "*formatting the image signal as one of an IBM PC/Clone, Apple Macintosh, or other PC format.*"
>
> As used in the '899 patent, the claim limitation "formatting the digital image signal in one of a plurality of computer image file formats" means "*formatting the image signal as one of an IBM PC/Clone, Apple Macintosh, or other PC format.*"

*See* Declaration of Richard L. Horwitz (filed contemporaneously herewith), Exhibit A ('010 patent office action at 3); Exhibit B ('899 patent office action at 3) (emphases added).[4]

The Examiner recognized that his claim construction was "a very different interpretation than that adopted by the court." But, in the Examiner's view, this claim construction was required by the common disclosure in U.S. Patent No. 5,138,459 ("the '459 patent") and the other patents-in-suit. *See id.*, Exhibit A at 2-3; Exhibit B at 2-3 Specifically, the Examiner noted:

---

[3] The "Examiner," as used in this document, refers to Examiner Brian C. Genco. However, Examiner Genco's action appears to have been reviewed and approved by at least two Supervisory Patent Examiners, Wendy R. Graber and James J. Groody.

[4] Because the June 20, 2005 office actions are public acts of the USPTO, those documents also are subject to judicial notice under Fed. R. Evid. 201.

3

> In particular, Examiner notes the disclosure of USPN
> 5,138,459 to Roberts et al. Examiner notes that the
> patentee indicated that the field of invention is that in
> which a still camera converts a still picture into an operator
> selectable compressed digital signal format . . . , formatted
> into personal Computer (PC) compatible format. This is
> accomplished by formatting an already compressed digital
> frame into "either an IBM PC/Clone (such as GIFF) or
> Apple Macintosh (such as PICT II) image file format
> depending on the setting selected by the operator for a user
> switch 17( Fig. 6) position on the control panel 2."
> (column 4, line 68 – column 5, line 4).
>
> Examiner believes the confusion of the interpretation of the
> claim language arises out of the apparent disclosure that a
> user is selecting between two different image file types,
> such as between GIFF or PICT II. However, upon further
> inspection of the disclosure *this is not found to be the case.*
> Examiner notes that the disclosure goes on to teach that the
> user selects "the desired PC format (IBM PC/Clone or
> Apple Macintosh, etc.) via switch 17 (Fig. 6) on the control
> panel 2." (column 6, line 42-45). As such, a user is
> selecting between the PC format by using switch 17, not
> the image file type. . . .
>
> In looking at the disclosure on the whole a user is given an
> option for selecting between PC formats by using switch
> 17, wherein a particular image file type is assigned to each
> of the PC formats. . . . While Examiner notes that Roberts
> et al. discloses that other formats can be used[,] this is
> accomplished by "changing the software format routines",
> *i.e.*, reprogramming the camera, *there is no disclosure in
> the Roberts et al. patents to suggest that once the user
> selects that the image is to be output as an IBM PC/Clone,
> for example, that the user is further given the option of
> selecting between various image file formats such as GIFF,
> TIFF, BMP, JFIF, etc.*

*See id.* at 2-3 (emphases added). Given this construction, defendants believe that

St. Clair could not maintain a charge of infringement if any claims are later allowed.

## B.    Anticipation In Light Of Kuhberger

Accordingly, the Examiner rejected claim 1 of the '010 patent, finding that

it was anticipated by Kuhberger:

> Kuhberger discloses a digital camera for taking pictures and storing them in a removable storage device in the camera, said digital camera apparatus comprising:
>
> > an image pickup unit for generating and outputting a digital image signal photoelectrically converted from an image incident thereon on, and , and
> >
> > a digital control unit for formatting said digital image signal in one of a plurality of computer formats . . . .

*See id.*, Exhibit A ('010 patent office action at 4 (citations omitted).)

The Examiner also rejected claims 1 and 2 of the '899 patent, finding that they were likewise anticipated by Kuhberger:

> > In regards to claim 1 Kuhberger discloses an electronic camera having an image pick-up unit and a storage device, a process for taking pictures and storing digital pictures, the process comprising:
> >
> > > generating a digital image signal corresponding to an image incident on the image pick-up unit;
> > >
> > > formatting the digital image signal in one of a plurality of computer image file formats; and
> > >
> > > storing the formatted image file in the storage device . . . .

*See* Horwitz Decl., Exhibit B ('899 office action at 4 (citations omitted).)

With regard to claim 2, the Examiner noted that "Kuhberger discloses a process as in claim 1, wherein the storage device is removable (*e.g.*, Kuhberger discloses using a floppy disk)." *Id.* at 5 (citation omitted).[5]

---

[5] The Examiner allowed claim 3 (and dependent claim 4) of the '899 patent because "Kuhberger does not disclose to select one of a plurality of computer formats to output the image into, *i.e.*, Kuhberger does not disclose to select whether to encode the TIF file for use on an IBM/PC Clone or an Apple Macintosh personal computer." *See* Horwitz Decl., Exhibit B ('899 patent office action at 5). But, of significance, the Examiner's claim construction of the "computer image file formats" limitation in rejected

**C.     The Examiner's Reasoning Applies With Equal Force To The Two
         Other Patents-In-Suit**

Although the USPTO has not yet issued its office actions with respect to the two

other patents-in-suit being reexamined (*i.e.*, the '459 patent and the '219 patent), the

Examiner's reasons for rejecting claim 1 of the '010 patent and claims 1 and 2 of the '899

patent will be relevant to those patents as well. First, all four of the patents-in-suit share

a common specification (from the '459 patent), which the Examiner has already utilized

in connection with its recent office action rejections. Furthermore, in the prior *Canon*

action, St. Clair took the position — and this Court agreed — that although the claims of

the various patents "occasionally use different terms than claim 16 of the '459 patent[,]"

they "generally convey the same meaning" and thus "the terms and phrases of the various

patents should be construed consistently." *St. Clair Intellectual Prop. Consultants, Inc. v.

Canon Inc.*, C.A. No. 03-241 JJF, 2004 WL 1941340, at *4 (D. Del. Aug. 31, 2004)

(Exhibit 1 hereto); *see also id.* ("Similar, if not identical, terms are used in each patent

and each patent contains the same specification."); St. Clair's 3/3/04 Proposed Claim

Construction in *Canon* at 2, 5, 6 (proposing same construction for each of the "format"

limitations in each of the four patents-in-suit). Therefore, the Examiners' claim

construction and rejection of the '010 and '899 patents will be relevant to, and likely will

result in the rejection of at least some of the claims of the two other patents-in-suit.

Whatever claims remain either will not be infringed or will significantly narrow the

issues to be litigated.

---

Cont'd.
claims 1 and 2 applies to those claims as well. As noted above, in light of this
construction, defendants believe that St. Clair could not maintain a charge of
infringement under allowed claims 3 and 4.

6

## II.   PENDING THE FINAL OUTCOME OF THE REEXAMINATIONS OF THE PATENTS-IN-SUIT, THIS ACTION SHOULD BE STAYED.

This court considers the following factors in deciding whether to stay an action: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. *Honeywell Int'l Inc. v. Audiovox Comm. Corp.*, C. A. No. 04-1337-KAJ at 6 (D. Del. May 18, 2005) (quoting *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991)) (Def's' Mot. to Stay, Exhibit C.)

The Examiner's issuance of the instant office actions rejecting claims of the patents-in-suit is a new development, which, especially when combined with the ongoing patent ownership dispute, strongly supports a stay of this action at this time over any other case management procedure.

First, a stay would not unduly prejudice St. Clair. Unlike the situation where a party seeks a stay of a patent action based on the mere *filing* of a reexamination request (where the court is required to weigh the effect of an open-ended stay on its docket and the interests of the parties), the June 20th office actions indicate that the reexamination proceeding will be approaching a definitive conclusion in the near future.[6] Indeed, the ball is now in the patent owner's court -- whoever that may be (*i.e.*, St. Clair

---

[6] In his April 21, 2005 statement to the Senate Subcommittee on Intellectual Property, the Director of the PTO, Jon W. Dudas, testified that: "[o]ur goal is that, by the end of FY 2005 [*i.e.*, September 2005], we will have resolved *all* instances of *ex parte* reexamination proceedings that have been pending with an examiner for more than two years." *See* Horwitz Decl., Exhibit C at 6 (emphasis added). This statement has relevance here because the requests for reexaminations of the patents-in-suit would fall within the class of patents subject to a September 2005 resolution.

or Mirage/Kodak) — to respond to the office action and try to convince the Examiner to change his claim construction or his finding that the referenced claims are anticipated by Kuhberger.[7] St. Clair cannot complain about further "delay" because it bears significant responsibility for the speed of the reexamination, which will depend on how quickly it responds to these office actions.

Second, the issuance of a stay will simplify the issues and trial of the case. Given the progress in the reexaminations, and the fact that the Examiner has now rejected the claim constructions that St. Clair advocated in the prior actions (and is bound to in this action), allowing the PTO proceeding to run its course will avoid the risk of inconsistent judgments and will clarify what, if anything, is left to litigate in this case once the reexamination proceeding is final. A stay not only holds the potential to have this case dismissed or settled by resolution of the ownership issue, but also to have this case dismissed by resolution of the validity or non-infringement issues as well.

Finally, in light of the pending motions for stay/bifurcation, defendants maintain that no discovery is appropriate at this time, and no trial date has been set in this case, thereby making a stay reasonable under the circumstances.

In sum, the Court and the parties to this case should not be required to incur the significant time and expenses associated with this complex, and potentially unnecessary, patent litigation when: (a) it is not clear who owns the patents-in-suit; and (b) the USPTO has already construed and rejected the same claims that St. Clair is asserting in this action — with more rejections of some of the claims of the '459 and '219

---

[7] If no response is received, the office actions will become final and the PTO will issue a certificate in accordance with the Examiner's office actions. 37 C.F.R. 1.550(c).

8

patents likely to follow in the near future. Therefore, the USPTO's recent rejections of the patents-in-suit during the pending reexamination and St. Clair's and Mirage/Kodak's ongoing patent ownership dispute support a temporary stay of this action at this time.

## CONCLUSION

For the reasons stated above, this Court should stay this action in its entirety, pending the final outcome of the reexaminations of the patents-in-suit.

Dated: July 13, 2005

By: _____
Richard L. Horwitz, Esq.
David E. Moore, Esq.
POTTER ANDERSON &
CORROON LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Counsel for Hewlett-Packard Company
and filing on behalf of above-named
Defendants

690364

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 13, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

George H. Seitz, III
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

Josy W. Ingersoll
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

Paul M. Lukoff
Prickett Jones & Elliott
1310 King Street
P. O. Box 1328
Wilmington, DE 19899

I hereby certify that on July 13, 2005, I have Federal Expressed the attached document to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Stuart Lubitz
Bruce G. Chapman
David A. Ben-Meir
Hogan & Hartson LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036


William F. Lee
Donald R. Steinberg
Mark D. Selwyn
Joseph F. Haag
Wilmer Cutler Pickering Hale
          and Dorr LLP
60 State Street
Boston, MA  02109

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY  10022-4675


William P. DiSalvatore
Nora Q.E. Passamaneck
Wilmer Cutler Pickering Hale
          and Dorr LLP
399 Park Avenue
New York, NY  10022


Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

678366