IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 04-1436 JJF<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO DEFENDANTS SAMSUNG, MATSUSHITA, NOKIA, AND HEWLETT-PACKARD'S SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO STAY ACTION**

Dated: July 20, 2005

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

49306 v1

## TABLE OF CONTENTS

                                                                            **Page**

INTRODUCTION..................................................................................1

ARGUMENT......................................................................................2

    I.    THE PTO'S ACTION RECONFIRMS THE VIABILITY OF
           ST. CLAIR'S CLAIMS.....................................................2

    II.   A STAY OF THIS ACTION PENDING REEXAMINATION
           CANNOT BE JUSTIFIED....................................................3

CONCLUSION..................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Gould v. Control Laser Corp.*,
　705 F.2d 1340 (Fed. Cir. 1983)..................................................................3

*Slip Track Sys., Inc. v. Metal Lite, Inc.*,
　159 F.3d 1337 (Fed. Cir. 1998)..................................................................3

*Rohm & Haas Co. v. Brotech Corp.*,
　C.A. No. 90-109 (RRM), 1992 U.S. Dist. LEXIS 21721 (D. Del. July 16, 1992)...3, 4, 5

**STATUTES**

35 U.S.C. § 307..........................................................................................5

37 C.F.R. § 1.552.......................................................................................4

49306 v1

## INTRODUCTION

A stay of the instant action pending reexamination[1] will accomplish only delay and duplication. On June 20, 2005, the Examiner overseeing the reexamination of the patents-in-suit *affirmed* two of the claims asserted against Defendants[2] and Eastman Kodak Company in this litigation. Defendants downplay this significant aspect of the PTO's action by focusing instead on three claims rejected in light of a single piece of prior art—rejections that are non-final and that Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") has the opportunity to overcome. Moreover, Defendants do not truly dispute the decisive fact that the two affirmed claims *alone* are sufficient to maintain St. Clair's charge of infringement. A stay of this action makes no sense because, in addition to other reasons detailed below, the PTO has already confirmed that St. Clair's infringement case is ripe for adjudication by this Court.

Prior to filing this motion, Defendants had agreed that a stay of this action was inappropriate and that bifurcation and immediate litigation of the ownership issue in the instant action was a reasonable way to proceed. (D.I. 45 at 2.) The PTO's action does not adversely affect this analysis. In fact, the PTO's action in affirming some of the asserted claims further supports this position by reinforcing the need for this Court—not the PTO—to fully resolve all issues in this litigation. Because moving forward in this action with bifurcation and immediate litigation of the ownership issue will foster the just and speedy determination of all St. Clair litigation, St. Clair again urges the Court to deny Defendants' Motion to Stay.

---

[1] In re Reexamination of U.S. Patent No. 5,138,459 (the "'459 Patent") (Control No. 90/006,435); U.S. Patent No. 6,094,219 (the "'219 Patent") (Control No. 90/006,436); U.S. Patent No. 6,233,010 (the "'010 Patent") (Control No. 90/006,437) and U.S. Patent No. 6,323,899 (the "'899 Patent"). The '459 Patent, the '219 Patent, the '010 Patent, and the '899 Patent are collectively referred to as the "patents-in-suit."

[2] As used herein, "Defendants" refers to all defendants in this litigation except Eastman Kodak Company, namely Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett-Packard Company.

1

49306 v1

## ARGUMENT

### I. THE PTO'S ACTION RECONFIRMS THE VIABILITY OF ST. CLAIR'S CLAIMS.

The PTO's June 20, 2005 office actions vindicate a basic reexamination truth: reexamination proceedings rarely result in the cancellation of patents.[3] Claims 3 and 4 of the '899 Patent read as follows:

> 3. For use in an electronic camera having an image pick-up unit and a storage device, a process for taking and storing digital pictures, the process comprising:
> selecting one of a plurality of computer image file formats in the camera;
> generating a digital image signal corresponding to an image incident on the image pick-up unit;
> formatting the digital image signal in the selected computer image file format; and
> storing the formatted computer image file the storage device.
> 4. A process as in claim 3, wherein the storage device is removable.

The Examiner, who, as Defendants point out, was assisted by two Supervisory Patent Examiners, *affirmed* these two claims, judging them unanticipated by the Kühberger reference: "Claims 3 and 4 are still deemed allowable over the prior art of record." (Horowitz Decl. Ex. B ('899 Patent office action at 5) (D.I. 53).) In addition to Kühberger, these claims were deemed allowable in light of the over 1300 references that St. Clair disclosed to the Examiner, including all of the references listed by Sony, Canon, and Fuji as alleged prior art, and in light of thousands of pages of additional supporting material. The PTO has thus strongly indicated that claims of the patents-in-suit will survive reexamination proceedings, thereby making complete resolution of the issues in this litigation impossible without the aid of this Court.

In their brief, Defendants completely ignore this critical affirmation of the patents-in-suit. Defendants instead focus their stay argument on the tentative rejection, based on Kühberger, of

---

[3] Based on PTO data from 2003, for example, in over 20 years, only ten percent of all patents in reexamination were cancelled in their entirety. (McGonigle Decl. Ex. B ¶ 8(b).)

2

49306 v1

Claim 1 of the '010 Patent and Claims 1 and 2 of the '899 Patent. Defendants' focus is flawed for two basic reasons. First and most importantly, the affirmed claims of the '899 Patent alone are sufficient to maintain St. Clair's infringement charges. Second, the PTO's June 20, 2005 rejection of claims is not final. Before the PTO can issue a final—but still appealable—action, St. Clair must be given the opportunity to rebut the PTO's tentative rejections. St. Clair has yet to have the chance to argue claim construction before the PTO and to establish why Kühberger does not teach the claims of the patents-in-suit. As has already been demonstrated to this Court in two jury decisions, the Kühberger reference is easily overcome by St. Clair. (*See* Jury Verdict, *St. Clair v. Canon, Inc.* (C.A. No. 03-241-JJF) (D.I. 880); Jury Verdict, *St. Clair v. Fuji Photo Film Co.* (C.A. No. 03-241-JJF) (D.I. 926).)

## II. A STAY OF THIS ACTION PENDING REEXAMINATION CANNOT BE JUSTIFIED.

Given the PTO's confirmation that claims of the patents-in-suit will survive reexamination, a stay of this action cannot be justified. It is within the Court's discretion to manage its docket by granting or denying a stay pending the conclusion of a reexamination proceeding. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Courts have rejected a request for a stay in a number of circumstances: (1) where the stay will not simplify the issues; (2) where there is no risk of duplicative efforts between the court and the PTO; (3) where the delay from the stay will outweigh any potential benefit of the reexamination; or (4) where the stay is a dilatory tactic. *See* Mem. Order at 2, *St. Clair v. Sony Corp.* (C.A. No. 01-557-JJF) (D.I. 261); *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1340-1341 (Fed. Cir. 1998); *Rohm & Haas Co. v. Brotech Corp.*, C.A. No. 90-109-RRM, 1992 U.S. Dist LEXIS 21721, at **7-11 (D. Del. July 16, 1992) (McGonigle Decl. Ex. A).

3

49306 v1

A stay of this action pending reexamination will neither simplify the issues in this litigation nor eliminate the risk of duplicative efforts between this Court and the PTO. The PTO's June 20th office actions demonstrate that reexamination cannot resolve or even simplify this litigation because claims of the patents-in-suit will undoubtedly survive reexamination in tact. Courts recognize that there is little to be gained, if anything at all, from a stay if claims will remain regardless of the PTO's reexamination decision. *See, e.g., Rohm & Haas*, 1992 U.S. Dist LEXIS 21721, at *7 (lifting stay when it became clear that some of a patent's claims would survive reexamination and would thus have to be resolved by the court). The PTO has already affirmed two key claims of the patents-in-suit, and additional claims will certainly be affirmed as the reexamination proceedings move forward.

Moreover, Defendants have raised a variety of defenses that have and will not be considered by the PTO during reexamination and that will have to be decided by this Court. Reexamination in the PTO is limited to examination of novelty over prior art patents and printed publications. *See* 37 C.F.R. § 1.552(a) ("Claims in an *ex parte* reexamination proceeding will be examined on the basis of patents or printed publications . . ."); *Id.* § 1.552(c) ("Issues other than those indicated in paragraph (a) . . . of the section will not be resolved in a reexamination.") Here, Defendants' defenses and counterclaims raise issues of validity under Section 112 of the Patent Act, laches, estoppel, unclean hands, and failure to mark. These non-overlapping issues will require the consideration of many facts that are not involved in the reexamination, such as: (1) contacts between the parties; (2) licensing efforts; and (3) notice of infringement.

Because the PTO's June 20th office actions confirm that claims of the patents-in-suit will survive reexamination, there are also no real benefits to staying the instant action that weigh against the prejudice that would result from the accompanying delay. Courts should deny a stay

4

49306 v1

when the delay from the stay will outweigh any potential benefit of the reexamination. *See, e.g., Rohm & Haas*, 1992 U.S. Dist. LEXIS 21721, at **7-11 (lifting a stay in part to reduce costs and delay). Contrary to Defendants' assertion, lofty governmental "goal[s]" cannot dictate a "September 2005" conclusion to the reexamination proceedings. (Defs.' Br. at 7 (D.I. 52).) The PTO cannot issue a certificate of patentability, unpatentability, or claim cancellation until "the time for appeal has expired or [until] any appeal proceeding has terminated." 35 U.S.C. § 307. In other words, not only must St. Clair be given two months to respond to the PTO's June 20th actions before the PTO can begin to even formulate "final" actions, but any appeals to the Board of Patent Appeals and Interferences and then to the Court of Appeals for the Federal Circuit must also be exhausted before these reexamination proceedings can be considered closed. All this and the PTO has yet to issue an *initial* office action in the proceedings for the '459 and '219 Patents! St. Clair deserves its day in Court against all defendants who are infringing the patents-in-suit, and a stay would prejudice St. Clair by indefinitely postponing its rightful relief.

At base, Defendants are simply attempting to revisit what this Court has already decided—twice. In both the *Sony* and *Canon* litigations, this Court denied motions to stay pending reexamination because such a course of action would not have helped the Court adjudicate the issues at hand. (Mem. Order at 3, *St. Clair v. Sony Corp.* (C.A. No. 01-557-JJF) (D.I. 261) ("[It is] unlikely the pending reexamination proceedings will do much to simplify the issues that need to be tried in this case."); Mem. Order at 1, *St. Clair v. Canon, Inc.* (C.A. No. 03-241) (D.I. 143) ("[A] stay in the circumstances argued by movants will not assist in the efficient and just disposition of the issues presented in the instant litigation.").) The PTO's June 20, 2005 office actions do not give the Court any reason to reverse itself. In fact, they make the Court's reasoning in *Sony* and *Canon* apply with even greater force. Whereas in *Sony* and

5

49306 v1

*Canon* the Court could base its stay decision only on reasonable probability, after the PTO's June 20th office actions, it is now more certain that claims of the patents-in-suit will survive reexamination, thereby making this Court's involvement imperative to achieve the full and final resolution of this issues in this litigation.

Before this last-resort attempt at delaying the inevitable, eleven out of the twelve parties to this litigation had agreed that a stay was inappropriate and that bifurcation and immediate litigation of the ownership issue in the instant action was a reasonable way to proceed. (*See* D.I. 45 at 2.) Should the Court deny Defendants' Motion to Stay and grant St. Clair's Motion to Bifurcate, St. Clair proposes, as before, to work with Defendants to finalize a discovery schedule with a bench trial in four (4) to nine (9) months as is custom in this Court.

## CONCLUSION

For the foregoing reasons, St. Clair again requests that the Court deny Defendants' Motion to Stay.

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By: /s/ Patricia P. McGonigle
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
pmcgonigle@svglaw.com

ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

49306 v1

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 20th day of July 2005, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

**PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO DEFENDANTS
SAMSUNG, MATSUSHITA, NOKIA, AND HEWLETT-PACKARD'S
SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO STAY ACTION**

/s/ Patricia P. McGonigle
———————————————
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

49312 v1