# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT    OF    NEW JERSEY

St. Clair Intellectual Property Consultants, Inc.,

        Plaintiff,

v.

Samsung, et. al.,

        Defendant.

**SUBPOENA DUCES TECUM IN A CIVIL CASE**

Case Number:[1] 04-CV-1436(JJF)
District of Delaware

TO: **Professional Security Bureau, Ltd.**
c/o Corporation Trust Company, Registered Agent
820 Bear Tavern Road
West Trenton NJ 08628

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. ***See Attachment B for topics.***

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Rosenberg & Associates<br>425 Eagle Rock Avenue<br>Roseland, New Jersey 07068 | 12/07/05<br>9:00 a.m. |

⦁ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): ***See Attachment A.***

| PLACE | DATE AND TIME |
| --- | --- |
| Rosenberg & Associates<br>425 Eagle Rock Avenue<br>Roseland, New Jersey 07068 | 11/30/05<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ Patricia P. McGonigle DE3126, Counsel for Plaintiff | October 28, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia P. McGonigle, Esq., Seitz Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19801

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

50745 v1

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 10/28/05 | 820 BEAR TAVERN ROAD, WEST TRENTON, NJ 08628 |

SERVED: Professional Security Bureau, LTD

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| TYEASHA WEAVER | By HAND at 1:56 PM |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| MARSHAL MANLOVE | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  10/28/05
/DATE

SIGNATURE OF SERVER

PARCELS INC
ADDRESS OF SERVER

230 N MARKET ST, WILM. DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

50745 v1

# ATTACHMENT A TO PROFESSIONAL SECURITY BUREAU LTD. SUBPOENA

## INSTRUCTIONS

1. In producing documents, furnish all documents known or available to you, grouped by response to each document request, regardless of whether documents are possessed directly by you, or any parent, subsidiary or affiliated corporation, or any of you officers, directors, employees, agents, representatives, present or former contractors, consultants or attorneys.

2. Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3. With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, state in privilege log the document production (i.e. "Bates") number(s), the basis for the privilege claimed, the name and address of the author(s) and addressee(s), the date, the type of document, the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

4. If a privilege log will be produced, it must be produced by the date specified in the cover page of the Subpoena at the location specified for inspection and copying of any responsive documents or objects.

5. You are requested to produce the responsive documents and/or communications either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests.

6. Each request calls for production of each document and/or communication in its entirety, without abbreviation, redaction, or modification.

7. This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive documents that may be located or acquired by you or your employees after the date of your original production.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1. The term "Plaintiff" or "St. Clair" shall mean St. Clair Intellectual Property Consultants, Inc., and its officers, agents, employees, and representatives, including its principals, Thomas W. Baumgarten, Jr. and Edmund M. Chung.

2. The terms "Professional Security Bureau" and "PSB" shall refer to Professional Security Bureau Ltd., a third party, located at 88 Park Avenue, Nutley, New Jersey 07110, and includes without limitation, its divisions, subsidiaries, directors, agents, affiliates, representatives, attorneys and employees and any predecessor with an interest.

3. The term "Samsung" shall refer to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

4. The term "Matsushita" shall refer to Defendants Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd. JVC Company of America, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

5.  The term "Nokia" shall refer to Defendants Nokia Corporation, Nokia, Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

6.  The term "Hewlett-Packard" shall refer to Defendant Hewlett-Packard Company and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

7.  The term "Kodak" shall refer to Defendant Eastman Kodak Company and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

8.  The term "Mirage" shall refer to third party Mirage Systems, Inc. and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

9.  The term "Kirkland & Ellis" shall refer to Defendant Samsung's counsel, Kirkland & Ellis LLP, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, Young Conaway Stargatt & Taylor LLP, and employees and any predecessor with an interest.

10. The term "Hogan & Hartson" shall refer to Defendant Matsushita's counsel, Hogan & Hartson LLP, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, Ashby & Geddes, and employees and any predecessor with an interest.

11. The term "Kramer Levin" shall refer to Defendant Nokia's counsel, Kramer Levin Naftalis & Frankel LLP, and includes without limitation, its divisions, subsidiaries, directors,

agents, representatives, attorneys, including local Delaware counsel, Morris, Nichols, Arsht & Tunnell, and employees and any predecessor with an interest.

12. The term "Foley & Lardner" shall refer to Defendant Hewlett Packard's counsel, Foley & Lardner LLP, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, Potter Anderson & Corroon LLP, and employees and any predecessor with an interest.

13. The term "Latham & Watkins" shall refer to Defendant Hewlett-Packard's counsel, Latham & Watkins LLP, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, Potter Anderson & Corroon LLP, and employees and any predecessor with an interest.

14. The term "Wilmer Cutler" shall refer to Defendant Kodak's counsel, Wilmer Cutler Pickering Hale and Dorr LLP, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, Young Conaway Stargatt & Taylor LLP, and employees and any predecessor with an interest.

15. The term "Mount & Stoelker" shall refer to third party Mirage's counsel, Mount & Stoelker, P.C., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, Morris, James, Hitchens & Williams, LLP or Prickett, Jones & Elliot, P.A., and employees and any predecessor with an interest.

16. The term "Canon" shall refer to third party Canon Inc., Canon USA, Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, Kramer Levin and local Delaware counsel, Morris, Nichols, Arsht & Tunnell, and employees and any predecessor with an interest.

17. The term "Fuji" shall refer to third party Fuji Film Co., Ltd., Fuji Photo Film U.S.A., Inc., FujiFilm America, Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, Hogan & Hartson and local Delaware counsel, Ashby & Geddes, and employees and any predecessor with an interest.

18. The term "Glen(n) Puthill" shall refer to the person who identified himself as a student named Glen(n) Puthill when he called Edmund M. Chung on or around October 5, 2005 to discuss St. Clair's digital camera litigation.

19. The term "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

20. The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

21. The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

22. The term "document(s)" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

23. The term "identify" when used in reference to a person means to provide the following information:

   a.   full name;

     b.     present or last known address; and

     c.     present or last known telephone number.

24. The term "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("the '459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," United States Letters Patent No. 6,094,219 ("the '219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," United States Letters Patent No. 6,233,010 ("the '010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," United States Letters Patent No. 6,323,899 ("the '899 patent") entitled "Process For Use In Electronic Camera."

25. The term "PCC" shall refer to Personal Computer Cameras, Inc., the company formed by the three inventors of the St. Clair patents: Jerry A. Speasl, Marc K. Roberts and Matthew A. Chikosky.

26. The term "surveillance" as used herein includes, but is not limited to, the following meanings: investigation, observation, shadowing, staking out, tailing, following, watching, eavesdropping, and wiretapping.

27. The term "and" and "or" are not intended to be read disjunctively, but rather conjunctively unless the context of the particular request clearly indicates otherwise.

**DOCUMENT REQUESTS**

Produce the following:

**REQUEST NO. 1**

All documents referring or relating to St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr. and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr. including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 2**

All documents referring or relating to communications between you and St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr. and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr. including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 3**

All records showing any telephone calls to St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr. and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr. including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 4**

All documents referring or relating to any surveillance by PSB and/or any other investigators of St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 5**

All documents referring or relating to *St. Clair v. Samsung, et al.*, Case No. 04-1436-JJF, in the United States District Court for the District of Delaware.

**REQUEST NO. 6**

All documents referring or relating to the St. Clair patents.

**REQUEST NO. 7**

All documents referring or relating to the inventors of the St. Clair patents, Jerry A. Speasl, Marc K. Roberts and Matthew Chikosky including, but not limited to, any communications with the inventors.

**REQUEST NO. 8**

All documents referring or relating to PCC.

**REQUEST NO. 9**

All documents referring or relating to Glen(n) Puthill or anyone who has alleged to be Glen(n) Puthill.

**REQUEST NO. 10**

All documents referring or relating to Samsung and/or its counsel Kirkland & Ellis including, but not limited to any communications with Samsung and/or its counsel Kirkland & Ellis regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 11**

All documents referring or relating to Matsushita and/or its counsel Hogan & Hartson including, but not limited to any communications with Matsushita and/or its counsel Hogan & Hartson regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W.

Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

### REQUEST NO. 12

All documents referring or relating to Nokia and/or its counsel Kramer Levin including, but not limited to, any communications with Nokia and/or its counsel Kramer Levin regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

### REQUEST NO. 13

All documents referring or relating to Hewlett-Packard and/or its counsel Foley & Lardner and/or Latham & Watkins including, but not limited to, any communications with Hewlett Packard and/or its counsel Foley & Lardner and/or Latham & Watkins regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

### REQUEST NO. 14

All documents referring or relating to Kodak and/or its counsel Wilmer Cutler including, but not limited to, any communications with Kodak and/or its counsel Wilmer Cutler regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 15**

All documents referring or relating to Mirage and/or its counsel Mount & Stoelker including, but not limited to, any communications with Mirage and/or its counsel Mount & Stoelker regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 16**

All documents referring or relating to Canon and/or its counsel Kramer Levin including, but not limited to, any communications with Canon and/or its counsel Kramer Levin regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 17**

All documents referring or relating to Fuji and/or its counsel Hogan & Hartson including, but not limited to, any communications with Fuji and/or its counsel Hogan & Hartson regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 18**

All documents referring or relating to a vehicle with Michigan license plate number ABG4141.

**REQUEST NO. 19**

All documents referring or relating to Raymond S. Trojan.

**REQUEST NO. 20**

All documents referring or relating to a company called Certified Supply Inc., which is or was located at 40 Avenue At The Common in Shrewsbury, New Jersey 07702, including but not limited to, communications regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**REQUEST NO. 21**

All documents referring or relating to a company called PSB Ltd. Investigations, which is or was located at 43 River Road in Nutley, New Jersey 07110, including, but not limited to, communications regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

## ATTACHMENT B TO PROFESSIONAL SECURITY BUREAU LTD. SUBPOENA

1. The location, possession, custody and control of any document or material described in the Document Requests listed in Attachment A.

2. The content and circumstances surrounding any document or material described in the Document Requests listed in Attachment A.

3. Communications, documentation, surveillance, and knowledge relating to St. Clair, Thomas W. Baumgarten, Jr., Edmund M. Chung and/or anyone affiliated with St. Clair, Thomas W. Baumgarten, Jr. and Edmund M. Chung including, but not limited to, any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr. including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten

4. Communications, documentation, surveillance and knowledge relating to *St. Clair v. Samsung, et al.*, Case No. 04-1436-JJF, in the United States District Court in the District of Delaware.

5. Communications, documentation, surveillance and knowledge of the inventors of the St. Clair patents, Jerry A. Speasl, Marc K. Roberts, Matthew A. Chikosky, and their company, PCC.

6. Knowledge of Glen(n) Puthill or anyone alleging to be Glen(n) Puthill.

7. Knowledge of Samsung and/or its counsel Kirkland & Ellis including, but not limited to, communications with Samsung and/or its counsel Kirkland & Ellis regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

8. Knowledge of Matsushita and/or its counsel Hogan & Hartson including, but not limited to, communications with Matsushita and/or its counsel Hogan & Hartson regarding St.

Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

9. Knowledge of Nokia and/or its counsel Kramer Levin including, but not limited to, communications with Nokia and/or its counsel Kramer Levin regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

10. Knowledge of Hewlett-Packard and/or its counsel Foley & Lardner and Latham & Watkins including, but not limited to, communications with Hewlett Packard and/or its counsel Foley & Lardner and/or Latham & Watkins regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

11. Knowledge of Kodak and/or its counsel Wilmer Cutler including, but not limited to, communications with Kodak and/or its counsel Wilmer Cutler regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

12. Knowledge of Mirage and/or its counsel Mount & Stoelker including, but not limited to, communications with Mirage and/or its counsel Mount & Stoelker regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

13. Knowledge of Canon and/or its counsel Kramer Levin including, but not limited to, communications with Canon and/or its counsel Kramer Levin regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

14. Knowledge of Fuji and/or its counsel Hogan & Hartson including, but not limited to, communications with Fuji and/or its counsel Hogan & Hartson regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

15. Knowledge of a vehicle with Michigan license plate number ABG4141

16. Knowledge of Raymond S. Trojan.

17. Knowledge of a company called Certified Supply Inc., which is or was located at 40 Avenue At The Common in Shrewsbury, New Jersey 07702, including, but not limited to, communications regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

18. Knowledge of a company called PSB Ltd. Investigations, which is or was located at 43 River Road in Nutley, New Jersey 07110, including, but not limited to, communications regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten.

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 31st day of October 2005, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

**SUBPOENA DUCES TECUM IN A CIVIL CASE DIRECTED TO
PROFESSIONAL SECURITY BUREAU, LTD. WITH PROOF OF SERVICE**


/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

50777 v1