IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## NOTICE OF TAKING THE DEPOSITION OF KENNETH L. GROTH

**PLEASE TAKE NOTICE** that attorneys for Plaintiff St. Clair Intellectual Property Consultants, Inc. will take the deposition of Kenneth L. Groth by oral examination before a qualified notary public or other person authorized by law to administer oaths at the Fairmont San Jose, 170 South Market Street, San Jose, CA 95113 at 9:00 a.m., on the 20th day of February, 2006, and thereafter by adjournment until the same shall be completed. The deposition will be recorded in real time stenographic means and video.

51791 v1

| | |
|---|---|
| Dated:  January 12, 2006. | SEITZ, VAN OGTROP & GREEN |
| | |
| Of Counsel: | /s/ Patricia P. McGonigle<br>By:_____<br>George H. Seitz, III, Esquire (No. 667) |
| Ronald J. Schutz, Esquire | gseitz@svglaw.com |
| Jake M. Holdreith, Esquire | James S. Green, Esquire (No. 481) |
| Becky R. Thorson, Esquire | jgreen@svglaw.com |
| Carrie M. Lambert, Esquire | Patricia P. McGonigle, Esquire (No. 3126) |
| Kimberly G. Miller, Esquire | pmcgonigle@svglaw.com |
| ROBINS, KAPLAN, MILLER &  CIRESI LLP | 222 Delaware Avenue, Suite 1500 |
| 2800 LaSalle Plaza | P.O. Box 68 |
| 800 LaSalle Avenue | Wilmington, DE 19899 |
| Minneapolis, MN 55402 | (302) 888-0600 |
| (612) 349-8500 | |

**Attorneys for St. Clair Intellectual Property Consultants, Inc.**

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN   DISTRICT OF   CALIFORNIA

St. Clair Intellectual Property Consultants, Inc.,

    Plaintiff,

V.

Samsung Electronics Co. et. al.,

    Defendant.

**SUBPOENA DUCES TECUM
IN A CIVIL CASE**

Case Number:[1] 04-1436(JJF)

Court: U.S.D.C. Delaware

TO:    Kenneth L. Groth
115 Lancewood Place
Los Gatos CA 95032 - 1722

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| **Fairmont San Jose**<br>**170 South Market Street**<br>**San Jose CA 95113** | **February 20, 2006**<br>**9:00 a.m.** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See Attachment A.*

| PLACE | DATE AND TIME |
| --- | --- |
| **Thelen, Reid & Priest LLP**<br>**225 West Santa Clara Street, Suite 1200**<br>**San Jose, CA 95113 - 1723** | **February 6, 2006**<br>**9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]*, Counsel for Plaintiff | January 16, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia P. McGonigle, Seitz, Van Ogtrop & Green, P.A. 222 Delaware Avenue, Suite 1500, Wilmington, DE 19801: (302) 888-7605

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

51800 v1

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

MP3 20163933.1



## ATTACHMENT "A" TO SUBPOENA OF KENNETH L. GROTH

Pursuant to Federal Rules of Civil Procedure 26, 34 and 45, you are requested to produce the following documents:

### INSTRUCTIONS

1. In producing documents, furnish all documents in your custody, possession or control, regardless of whether documents are possessed directly by you, or any of your employers, employees, agents, representatives, present or former contractors, consultants or attorneys.

2. Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it is derived sufficient to permit rendering of the materials intelligible.

3. With respect to any document and/or communication that you are unwilling to produce because the document and/or communication is asserted to be protected by an attorney-client privilege, work product immunity, or any other ground, then state separately for each such document and/or communication:

   a. the date of the document and/or communication;

   b. the names of all persons who signed the document and the names of all persons who prepared the document and/or communication;

   c. the names of all persons to whom the document and/or communication was given or sent;

   d. a brief description of the nature and subject matter of the document and/or communication;

   e. the basis for withholding the document and/or communication from production.

51846 v1

4.  You are requested to produce the responsive documents and/or communications either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests.

5.  Each request calls for production of each document and/or communication in its entirety, without abbreviation, redaction, expurgation, or modification.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.  The term "document(s)" shall be understood as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including by way of example and without limitation originals and copies of e-mails, letters, memoranda, notes, records, minutes, reports, notebooks, messages, telegraphs, ledgers, legal instruments, lab books, agreements, drawings, specifications, purchase orders, circuits, diagrams, schematics, block diagrams, manuals, test procedures, sketches, graphs, prints, rough drafts, secretarial notes, work pads, diaries, films, tapes, computer tapes, computer discs, computer diskettes, photographs, videotapes, books, publications, advertisements, literature, brochures, manuals, price lists, announcements, or other writings or tangible objects produced or reproduced mechanically, electronically, photographically or chemically.  Electronic documents should be produced in that manner.

2.  The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

3.  The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

4. The terms "you," or "your" shall refer to Kenneth L. Groth.

5. The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

6. The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7. The term "Kyocera" shall refer to named Defendants Kyocera Corporation, Kyocera International, Inc. and Kyocera Optics, Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

8. The term shall refer to named Defendants Nikon Corporation and Nikon Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

9. The term "Minolta" shall refer to named Defendants Minolta Co., Ltd. and Minolta Corporation, and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

10. The term "Olympus" shall refer to named Defendants Olympus Optical Co., Ltd. and Olympus America Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

11. The term "Seiko" shall refer to named Defendants Seiko Epson Corporation and Epson America, Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

12. The term "Canon" shall refer to Defendants Canon Inc. and Canon U.S.A., Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

13. The term "Fuji" shall refer to Defendants Fuji Photo Film Co. Ltd., Fuji Photo Film U.S.A., Inc., and Fujifilm America, Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

14. The term "Kramer" shall refer to Defendants Canon Inc. and Canon U.S.A., Inc.'s counsel, Kramer Levin Naftalis & Frankel LLP, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, and employees and any predecessor with an interest.

15. The term "Hogan" shall refer to Defendants Fuji Photo Film Co. Ltd., Fuji Photo Film U.S.A., Inc., and Fujifilm America, Inc.'s counsel, Hogan & Hartson, L.L.P., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, and employees and any predecessor with an interest.

16. The term "Kodak", "you" or "your" shall refer to Defendant Eastman Kodak Company and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

17. The term "Samsung" shall refer to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., and includes

without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

18. The term "MEI" shall refer to Defendants Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd. JVC Company of America, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

19. The term "Nokia" shall refer to Defendants Nokia Corporation, Nokia, Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

20. The term "HP" shall refer to Defendant Hewlett-Packard Company and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

21. The term "AURA" shall refer to Aura Associates, Inc. and its officers, agents, employees and representatives.

22. The term "Epix" shall refer to Epix Technologies Limited and its officers, agents, employees and representatives.

23. The term "Mirage" shall refer to third party Mirage Systems, Inc. and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

24. The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

25. The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing,

evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

26.     The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

27.     The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

28.     The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

29.     The term "identify" when used in reference to a person means to provide the following information:

Full name;

Present or last known address; and

Present or last known telephone number.

30.     The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal

Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

31.     "USPTO" shall refer to the United States Patent and Trademark Office.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All documents referring or relating to your understanding of Mirage's business, core technology, and research and development areas from 1988 through present day.

**REQUEST NO. 2:**

All documents referring or relating to the your understanding of the scope of Mirage's business, core technology, and research and development areas from 1988 through present day.

**REQUEST NO. 3:**

All documents in your custody, control or possession referring or relating to Mirage business plans, business or sales forecasts, and business or sales planning documents.

**REQUEST NO. 4:**

All documents in your custody, control or possession referring or relating to Mirage's employment agreements, including, but not limited to, any employment agreement you have or had with Mirage.

**REQUEST NO. 5:**

All documents in your custody, control or possession referring or relating to Mirage's alleged employment agreements with the named inventors of the patents-in-suit.

**REQUEST NO. 6:**

All documents in your custody, control or possession referring or relating to the circumstances of Jerry Speasl's, Marc Roberts's and Matt Chikosky's employment with Mirage.

**REQUEST NO. 7:**

All documents in your custody, control or possession referring or relating to Mirage's claimed procedures for disclosing an invention by an employee.

**REQUEST NO. 8:**

All documents in your custody, control or possession referring or relating to any inventions or patents Mirage owns or claims to own.

**REQUEST NO. 9:**

All documents in your custody, control or possession referring or relating to Mirage's knowledge of the invention claimed in the patents-in-suit.

**REQUEST NO. 10:**

All documents in your custody, control or possession referring or relating to your knowledge of the invention claimed in the patents-in-suit.

**REQUEST NO. 11:**

All documents in your custody, control or possession referring or relating to any communications between you and any person about Mirage's involvement with digital cameras.

**REQUEST NO. 12:**

All documents in your custody, control or possession referring or relating to any communications between you and any person about Mirage's or your involvement with any invention claimed by Jerry Speasl, Marc Roberts, Matthew Chikosky or St. Clair.

**REQUEST NO. 13:**

All documents in your custody, control or possession referring or relating to any communications between you and/or Mirage and any third parties, including but not limited to, Sony, Fuji, Canon, Casio, Kyocera, Nikon, Minolta, Olympus, Seiko Epson, Hogan & Hartson,

Kramer Levin, Kodak, Samsung, Nokia, HP, MEI, or any other digital camera company and/or their counsel regarding PCC, St. Clair, AURA, EPix, Thomas Baumgarten, Edmund Chung, any of the St. Clair lawsuits, Jerry Speasl, Marc Roberts, Matt Chikosky and/or the patents-in-suit.

**REQUEST NO. 14:**

All documents in your custody, control or possession referring or relating to St. Clair's involvement with, investment in, and recordation, licensing and enforcement of the patents-in-suit

**REQUEST NO. 15:**

All documents in your custody, control or possession referring or relating to communications between you and/or Mirage and any person about (a) St. Clair's claimed rights in the patents-in-suit; (b) the value of St. Clair's claimed rights in the patents-in-suit; (c) Mirage's attempts to obtain rights to the patents-in-suit; (d) Canon's attempts to obtain rights to the patents-in-suit; (e) Kodak's attempts to obtain rights to the patents-in-suit; (f) any other party's attempts to obtain rights to the patents-in-suit; (g) any other party's, including Mirage's, alleged claims to rights in the patents-in-suit.

**REQUEST NO. 16:**

All documents in your custody, control or possession referring or relating to any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 17:**

All documents in your custody, control or possession referring or relating to licenses, agreements and assignments between Mirage and any third party.

**REQUEST NO. 18:**

All documents in your custody, control or possession referring or relating to the April 30, 2004 Consulting Agreement and Covenant Not to Sue between Mirage and Canon.

**REQUEST NO. 19:**

All documents in your custody, control or possession referring or relating to the July 22, 2004 Motion to Dismiss filed by Canon in the *St. Clair v. Canon et al.* litigation in the United States District Court for the District of Delaware, Civil Action No. 03-241-JJF.

**REQUEST NO. 20:**

All documents in your custody, control or possession referring or relating to Mirage's and/or your involvement in the *St. Clair v. Canon et al.* litigation in the United States District Court for the District of Delaware, Civil Action no. 03-241-JJF, and subsequent trial.

**REQUEST NO. 21:**

All documents in your custody, control or possession referring or relating to the May 20, 2005 Asset Purchase Agreement between Mirage and Kodak.

**REQUEST NO. 22:**

All documents in your custody, control or possession referring or relating to Mirage's and/or your review or evaluation of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 23:**

All documents in your custody, control or possession referring or relating to Mirage's and/or your review or evaluation of St. Clair's asserted ownership rights of the patents-in-suit.

**REQUEST NO. 24:**

All documents in your custody, control or possession referring or relating to Mirage's and/or your claims that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage.

**REQUEST NO. 25:**

All documents in your custody, control or possession referring or relating to Mirage's and/or your relationship and agreements with Kodak, including, but not limited to, when the relationship began, who initiated the relationship, dates, subject and content of discussions between Mirage and Kodak, and dates, subject and content of discussions between Mirage, Kodak and other third parties regarding the patents-in-suit.

**REQUEST NO. 26:**

All documents in your custody, control or possession referring or relating to your knowledge of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 27:**

All documents in your custody, control or possession referring or relating to the circumstances of your knowledge of any third party's, other than St. Clair's, asserted rights of the patents-in-suit.

**REQUEST NO. 28:**

All documents in your custody, control or possession referring or relating to your contact with any person associated with any third party, other than St. Clair, regarding ownership of the patents-in-suit.

**REQUEST NO. 29:**

All documents in your custody, control or possession referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit

**REQUEST NO. 30:**

All documents in your custody, control or possession referring or relating to a) Jerry Speasl; b) Marc Roberts; c) Matthew Chikosky; d) PCC; e) St. Clair

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 16th day of January 2006, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

51868 v1