**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 04-1436 JJF |
| Defendants. | ) ) | |

**NOTICE OF 30(b)(6) DEPOSITION OF MIRAGE SYSTEMS, INC.**

TO:    MIRAGE SYSTEMS, INC.  1031 E. Duane Avenue Suite F, Sunnyvale, CA 94085.

PLEASE TAKE NOTICE that pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") will take the deposition of a person or persons designated by Mirage Systems, Inc. (Mirage") before a certified court reporter at Fairmont San Jose, 170 South Market Street, San Jose, CA 95113 or at some other location mutually agreed upon by counsel, commencing at 9:00 a.m., February 13, 2006 until adjournment upon completion.  It will be recorded by stenographic means and also may be videotaped.  The deposition shall be taken before an officer qualified to administer oaths under the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Mirage is to designate one or more officers, directors, or managing agents, or persons who consent to testify on Mirage's behalf regarding the topics listed in Attachment B to Mirage Systems, Inc. Subpoena, which should be interpreted broadly, and with application of the definitions and instructions included in Attachment A to the same subpoena. Failure to designate a person or persons who is prepared to provide a full and complete testimony regarding these topics may be treated as a failure to comply with this deposition notice and may be treated as contempt of court.

Dated: January 16, 2006

SEITZ, VAN OGTROP & GREEN

Of Counsel:

/s/ Patricia P. McGonigle

By: _____
George H. Seitz, III, Esquire (No. 667)
gseitz@svglaw.com
James S. Green, Esquire (No. 481)
jgreen@svglaw.com
Patricia P. McGonigle, Esquire (No. 3126)
pmcgonigle@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

**Attorneys for St. Clair Intellectual Property
Consultants, Inc.**

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN    DISTRICT OF    CALIFORNIA

| | |
|---|---|
| St. Clair Intellectual Property Consultants, Inc., | **SUBPOENA DUCES TECUM**<br>**IN A CIVIL CASE** |
| Plaintiff, | |
| V. | Case Number:[1]  04-1436(JJF) |
| Samsung Electronics Co., et. al., | Court:  U.S.D.C. Delaware |
| Defendants. | |

TO:    Mirage Systems, Inc.
       1031 E. Duane Avenue Suite F
       Sunnyvale CA 94085

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

∵ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. *See Attachment B.*

| PLACE OF DEPOSITION<br>**Fairmont San Jose**<br>**170 South Market Street**<br>**San Jose, CA 95113** | DATE AND TIME<br>**February 13, 2006**<br>**9:00 a.m.** |
|---|---|

∵ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See Attachment A.*

| PLACE<br>Thelen Reid & Priest LLP<br>225 West Santa Clara Street, Suite 1200<br>San Jose CA 95113 - 1723 | DATE AND TIME<br>**February 6, 2006**<br>**9:00 a.m.** |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>, Counsel for Plaintiff | DATE<br>January 16, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Patricia P. McGonigle, Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington DE 19801; (302) 888-7605

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) if a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



## ATTACHMENT A TO MIRAGE SYSTEMS, INC. SUBPOENA

## INSTRUCTIONS

1.      In producing documents, furnish all documents known or available to you, grouped by response to each document request, regardless of whether documents are possessed directly by you, or any parent, subsidiary or affiliated corporation, or any of you officers, directors, employees, agents, representatives, present or former contractors, consultants or attorneys.

2.      Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.      With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, state in privilege log the document production (i.e. "Bates") number(s), the basis for the privilege claimed, the name and address of the author(s) and addressee(s), the date, the type of document, the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

4.      If a privilege log will be produced, it must be produced by the date specified in the cover page of the Subpoena at the location specified for inspection and copying of any responsive documents or objects.

5.      You are requested to produce the responsive documents and/or communications either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests.

6.      Each request calls for production of each document and/or communication in its entirety, without abbreviation, redaction, or modification.

7.    This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive documents that may be located or acquired by you or your employees after the date of your original production.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "document(s)" shall be understood as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including by way of example and without limitation originals and copies of e-mails, letters, memoranda, notes, records, minutes, reports, notebooks, messages, telegraphs, ledgers, legal instruments, lab books, agreements, drawings, specifications, purchase orders, circuits, diagrams, schematics, block diagrams, manuals, test procedures, sketches, graphs, prints, rough drafts, secretarial notes, work pads, diaries, films, tapes, computer tapes, computer discs, computer diskettes, photographs, videotapes, books, publications, advertisements, literature, brochures, manuals, price lists, announcements, or other writings or tangible objects produced or reproduced mechanically, electronically, photographically or chemically.  Electronic documents should be produced in that manner.

2.    The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

3.    The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

4.    The terms "you," or "your" shall refer to Mirage Systems, Inc. ("Mirage").

5.      The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

6.      The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.      The term "Kyocera" shall refer to named Defendants Kyocera Corporation, Kyocera International, Inc. and Kyocera Optics, Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

8.      The term shall refer to named Defendants Nikon Corporation and Nikon Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

9.      The term "Minolta" shall refer to named Defendants Minolta Co., Ltd. and Minolta Corporation, and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

10.      The term "Olympus" shall refer to named Defendants Olympus Optical Co., Ltd. and Olympus America Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

11.      The term "Seiko" shall refer to named Defendants Seiko Epson Corporation and Epson America, Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

12.     The term "Canon" shall refer to Defendants Canon Inc. and Canon U.S.A., Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

13.     The term "Fuji" shall refer to Defendants Fuji Photo Film Co. Ltd., Fuji Photo Film U.S.A., Inc., and Fujifilm America, Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

14.     The term "Kramer" shall refer to Defendants Canon Inc. and Canon U.S.A., Inc.'s counsel, Kramer Levin Naftalis & Frankel LLP, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, and employees and any predecessor with an interest.

15.     The term "Hogan" shall refer to Defendants Fuji Photo Film Co. Ltd., Fuji Photo Film U.S.A., Inc., and Fujifilm America, Inc.'s counsel, Hogan & Hartson, L.L.P., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, and employees and any predecessor with an interest.

16.     The term "Kodak", "you" or "your" shall refer to Defendant Eastman Kodak Company and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

17.     The term "Samsung" shall refer to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., and includes

without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

18.    The term "MEI" shall refer to Defendants Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd. JVC Company of America, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

19.    The term "Nokia" shall refer to Defendants Nokia Corporation, Nokia, Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

20.    The term "HP" shall refer to Defendant Hewlett-Packard Company and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

21.    The term "AURA" shall refer to Aura Associates, Inc. and its officers, agents, employees and representatives.

22.    The term "Epix" shall refer to Epix Technologies Limited and its officers, agents, employees and representatives.

23.    The term "Mirage" shall refer to third party Mirage Systems, Inc. and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

24.    The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

25.    The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing,

evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

26.    The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

27.    The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

28.    The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

29.    The term "identify" when used in reference to a person means to provide the following information:

Full name;

Present or last known address; and

Present or last known telephone number.

30.    The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal

Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No.

6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

      31.     "USPTO" shall refer to the United States Patent and Trademark Office.

## DOCUMENTS REQUESTED

### REQUEST NO. 1:

All documents referring or relating to Mirage's business functions, including, but without limitation, Mirage's corporate structure, Mirage's corporate officers, Mirage's shareholders, Mirage's shareholder meetings, Mirage's board meetings and Mirage's day-to-day business functions.

### REQUEST NO. 2:

All documents referring or relating to Mirage's business, core technology, and research and development areas from 1988 through present day.

### REQUEST NO. 3:

All documents referring or relating to the scope of Mirage's business, core technology, and research and development areas from 1988 through present day.

### REQUEST NO. 4:

All documents referring or relating to the marketing or advertising of Mirage's business or research or development from 1988 through present day.

### REQUEST NO. 5:

All documents referring or relating to Mirage business plans, business or sales forecasts, and business or sales planning documents.

### REQUEST NO. 6:

All documents referring or relating to Mirage's employment agreements.

**REQUEST NO. 7:**

All documents referring or relating to Mirage's alleged employment agreements with the named inventors of the patents-in-suit.

**REQUEST NO. 8:**

All documents referring or relating to the circumstances of Jerry Speasl's, Marc Roberts's and Matt Chikosky's employment with Mirage.

**REQUEST NO. 9:**

All documents referring or relating to Mirage's claimed procedures for disclosing an invention by an employee.

**REQUEST NO. 10:**

All documents referring or relating to any inventions Mirage owns or claims to own.

**REQUEST NO. 11:**

All documents referring or relating to any patents Mirage claims to own.

**REQUEST NO. 12:**

All documents referring or relating to Mirage's knowledge of the invention claimed in the patents-in-suit.

**REQUEST NO. 13:**

All documents referring or relating to Mirage's knowledge regarding the patents-in-suit, including, without limitation, the identity of each of your representatives who became aware of any of the patents-in-suit, the dates on which each such representative became aware of each of the patents-in-suit, the manner in which each representative became aware of each of the patents-in-suit, and what Mirage did after it became aware of the patents-in-suit.

**REQUEST NO. 14:**

All documents referring or relating to any communications between you and any person about Mirage's involvement with digital cameras.

**REQUEST NO. 15:**

All documents referring or relating to any communications between you and any person about Mirage's involvement with any invention claimed by Jerry Speasl, Marc Roberts, Matthew Chikosky or St. Clair.

**REQUEST NO. 16:**

All documents referring or relating to any communications between you and any third parties, including but not limited to, Sony, Fuji, Canon, Casio, Kyocera, Nikon, Minolta, Olympus, Seiko Epson, Hogan & Hartson, Kramer Levin, Kodak, Samsung, Nokia, HP, MEI, or any other digital camera company and/or their counsel regarding PCC, St. Clair, AURA, EPix, Thomas Baumgarten, Edmund Chung, any of the St. Clair lawsuits, Jerry Speasl, Marc Roberts, Matt Chikosky and/or the patents-in-suit.

**REQUEST NO. 17:**

All documents referring or relating to St. Clair's involvement with, investment in, and recordation, licensing and enforcement of the patents-in-suit.

**REQUEST NO. 18:**

All documents referring or relating to communications between you and any person about (a) St. Clair's claimed rights in the patents-in-suit; (b) the value of St. Clair's claimed rights in the patents-in-suit; (c) Mirage's attempts to obtain rights to the patents-in-suit; (d) Canon's attempts to obtain rights to the patents-in-suit; (e) Kodak's attempts to obtain rights to the

patents-in-suit; (f) any other party's attempts to obtain rights to the patents-in-suit; (g) any other

party's, including Mirage's, alleged claims to rights in the patents-in-suit.

**REQUEST NO. 19:**

All documents referring or relating to any third party's, other than St. Clair's, asserted

ownership rights of the patents-in-suit.

**REQUEST NO. 20:**

All documents referring or relating to licenses, agreements and assignments between

Mirage and any third party.

**REQUEST NO. 21:**

All documents referring or relating to the April 30, 2004 Consulting Agreement and

Covenant Not to Sue between Mirage and Canon.

**REQUEST NO. 22:**

All documents referring or relating to the July 22, 2004 Motion to Dismiss filed by

Canon in the *St. Clair v. Canon et al.* litigation in the United States District Court for the District

of Delaware, Civil Action No. 03-241-JJF.

**REQUEST NO. 23:**

All documents referring or relating to Mirage's involvement in the *St. Clair v. Canon et

al.* litigation in the United States District Court for the District of Delaware, Civil Action no. 03-

241-JJF, and subsequent trial.

**REQUEST NO. 24:**

All documents referring or relating to the May 20, 2005 Asset Purchase Agreement

between Mirage and Kodak.

**REQUEST NO. 25:**

All documents referring or relating to Mirage's review or evaluation of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 26:**

All documents referring or relating to Mirage's review or evaluation of St. Clair's asserted ownership rights of the patents-in-suit.

**REQUEST NO. 27:**

All documents referring or relating to Mirage's claims that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage.

**REQUEST NO. 28:**

All documents referring or relating to Mirage's sales revenue, profits, expenses, losses and expenditures for the years 1988 through the present.

**REQUEST NO. 29:**

All documents referring or relating to Mirage's annual reports.

**REQUEST NO. 30:**

All documents referring or relating to Mirage's relationship and agreements with Kodak, including, but not limited to, when the relationship began, who initiated the relationship, dates, subject and content of discussions between Mirage and Kodak, and dates, subject and content of discussions between Mirage, Kodak and other third parties regarding the patents-in-suit.

**REQUEST NO. 31:**

All documents referring or relating to your knowledge of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 32:**

All documents referring or relating to the circumstances of your knowledge of any third party's, other than St. Clair's, asserted rights of the patents-in-suit.

**REQUEST NO. 33:**

All documents referring or relating to your contact with any person associated with any third party, other than St. Clair, regarding ownership of the patents-in-suit.

**REQUEST NO. 34:**

All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 35:**

All documents referring or relating to a) Jerry Speasl; b) Marc Roberts; c) Matthew Chikosky; d) PCC; e) St. Clair.

**B**

## ATTACHMENT B TO MIRAGE SYSTEMS, INC. SUBPOENA

## INSTRUCTIONS

1.      In producing documents, furnish all documents known or available to you, grouped by response to each document request, regardless of whether documents are possessed directly by you, or any parent, subsidiary or affiliated corporation, or any of you officers, directors, employees, agents, representatives, present or former contractors, consultants or attorneys.

2.      Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.      With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, state in privilege log the document production (i.e. "Bates") number(s), the basis for the privilege claimed, the name and address of the author(s) and addressee(s), the date, the type of document, the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

4.      If a privilege log will be produced, it must be produced by the date specified in the cover page of the Subpoena at the location specified for inspection and copying of any responsive documents or objects.

5.      You are requested to produce the responsive documents and/or communications either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests.

6.      Each request calls for production of each document and/or communication in its entirety, without abbreviation, redaction, or modification.

7.     This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive documents that may be located or acquired by you or your employees after the date of your original production.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.     The term "document(s)" shall be understood as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including by way of example and without limitation originals and copies of e-mails, letters, memoranda, notes, records, minutes, reports, notebooks, messages, telegraphs, ledgers, legal instruments, lab books, agreements, drawings, specifications, purchase orders, circuits, diagrams, schematics, block diagrams, manuals, test procedures, sketches, graphs, prints, rough drafts, secretarial notes, work pads, diaries, films, tapes, computer tapes, computer discs, computer diskettes, photographs, videotapes, books, publications, advertisements, literature, brochures, manuals, price lists, announcements, or other writings or tangible objects produced or reproduced mechanically, electronically, photographically or chemically.  Electronic documents should be produced in that manner.

2.     The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

3.     The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

4.     The terms "you," or "your" shall refer to Mirage Systems, Inc. ("Mirage").

5.      The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

6.      The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.      The term "Kyocera" shall refer to named Defendants Kyocera Corporation, Kyocera International, Inc. and Kyocera Optics, Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

8.      The term shall refer to named Defendants Nikon Corporation and Nikon Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

9.      The term "Minolta" shall refer to named Defendants Minolta Co., Ltd. and Minolta Corporation, and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

10.     The term "Olympus" shall refer to named Defendants Olympus Optical Co., Ltd. and Olympus America Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

11.     The term "Seiko" shall refer to named Defendants Seiko Epson Corporation and Epson America, Inc., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

12.     The term "Canon" shall refer to Defendants Canon Inc. and Canon U.S.A., Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

13.     The term "Fuji" shall refer to Defendants Fuji Photo Film Co. Ltd., Fuji Photo Film U.S.A., Inc., and Fujifilm America, Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

14.     The term "Kramer" shall refer to Defendants Canon Inc. and Canon U.S.A., Inc.'s counsel, Kramer Levin Naftalis & Frankel LLP, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, and employees and any predecessor with an interest.

15.     The term "Hogan" shall refer to Defendants Fuji Photo Film Co. Ltd., Fuji Photo Film U.S.A., Inc., and Fujifilm America, Inc.'s counsel, Hogan & Hartson, L.L.P., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, including local Delaware counsel, and employees and any predecessor with an interest.

16.     The term "Kodak", "you" or "your" shall refer to Defendant Eastman Kodak Company and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

17.     The term "Samsung" shall refer to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., and includes

without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

18.    The term "MEI" shall refer to Defendants Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd. JVC Company of America, and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys and employees and any predecessor with an interest.

19.    The term "Nokia" shall refer to Defendants Nokia Corporation, Nokia, Inc., and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

20.    The term "HP" shall refer to Defendant Hewlett-Packard Company and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

21.    The term "AURA" shall refer to Aura Associates, Inc. and its officers, agents, employees and representatives.

22.    The term "Epix" shall refer to Epix Technologies Limited and its officers, agents, employees and representatives.

23.    The term "Mirage" shall refer to third party Mirage Systems, Inc. and includes without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, and employees and any predecessor with an interest.

24.    The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

25.    The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing,

evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

26.    The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

27.    The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

28.    The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

29.    The term "identify" when used in reference to a person means to provide the following information:

Full name;

Present or last known address; and

Present or last known telephone number.

30.    The terms "St. Clair patents," "St. Clair patents-in-suit" and  "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal

Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No.

6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

31.    "USPTO" shall refer to the United State Patent and Trademark Office.

## TOPICS FOR 30(b)(6)

1.    The location, possession, custody and control of any document or material described in the Document Requests listed in Attachment A;

2.    The content of and circumstances surrounding the creation, intent, meaning, purpose and relevance of any document or material described in the Document Requests listed in Attachment A;

3.    Mirage's business functions, including without limitation:
    A.    Mirage's corporate structure;
    B.    Mirage's corporate officers;
    C.    Mirage's shareholders;
    D.    Mirage's shareholder meetings;
    E.    Mirage's board meetings;
    F.    Mirage's day-to-day business functions;

4.    Mirage's business generally, including without limitation;
    A.    Mirage's business, core technology, and research and development areas during the time the named inventors of the patents-in-suit were employees;
    B.    Mirage's business, core technology, and research and development areas from the time after the named inventors of the patents-in-suit were employees until present day;
    C.    The scope of Mirage's business or research or development from 1988 through present;
    D.    The marketing or advertising of Mirage's business or research or development from 1988 through present;

5.    Mirage's employment agreements;

6.    Mirage's alleged employment agreements with the named inventors of the patents-in-suit;

7.    Circumstances of Jerry Speasl's, Marc Roberts's and Matt Chikosky's employment with Mirage;

8.    Mirage's claimed procedures for disclosing an invention by an employee;

9.      Any inventions by employees that Mirage owns or claims to own as a result of its employment agreements;

10.     Any inventions Mirage owns or claims to own;

11.     Any patents Mirage claims to own;

12.     Any patents recorded by Mirage in the USPTO;

13.     Mirage's knowledge of the invention claimed in the patents-in-suit;

14.     Mirage's knowledge regarding the patents-in-suit, including without limitation:

   A.      The identity of each of your representatives who became aware of any of the patents-in-suit;
   B.      The dates on which each such representative became aware of each of the patents-in-suit;
   C.      The manner in which each representative became aware of each of the patents-in-suit;
   D.      What Mirage did after it became aware of the patents-in-suit;

15.     Any and all communications between you and any person about Mirage's involvement with (a) digital cameras; (b) any invention claimed by Jerry Speasl, Marc Roberts, Matthew Chikosky or St. Clair;

16.     Any and all communication between you and any third parties, including but not limited to, Sony, Fuji, Canon, Casio, Kyocera, Nikon, Minolta, Olympus, Seiko Epson, Hogan & Hartson, Kramer Levin, Kodak, Samsung, Nokia, HP, MEI, or any other digital camera company and/or their counsel regarding PCC, St. Clair, AURA, EPix, Thomas Baumgarten, Edmund Chung, any of the St. Clair lawsuits, Jerry Speasl, Marc Roberts, Matt Chikosky and/or the patents-in-suit;

17.     St. Clair's involvement with, investment in, and recordation, licensing and enforcement of the patents-in-suit;

18.     Any and all communications between you and any person about (a) St. Clair's claimed rights in the patents-in-suit; (b) the value of St. Clair's claimed rights in the patents-in-suit; (c) Mirage's attempts to obtain rights to the patents-in-suit; (d) Canon's attempts to obtain rights to the patents-in-suit; (e) Kodak's attempts to obtain rights to the patents-in-suit; (f) any other party's attempts to obtain rights to the patents-in-suit; (g) any other party's, including Mirage's, alleged claims to rights in the patents-in-suit;

19.     Any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit;

20.     Licenses, agreements and assignments between Mirage and any third party and any communications or documents regarding same;

21.     The April 30, 2004 Consulting Agreement and Covenant Not to Sue between Mirage and Canon Inc. and Canon U.S.A. Inc.;

22.     The Motion to Dismiss filed by Canon on July 22, 2004 in the *St. Clair v. Canon et al.* litigation in the United States District Court for the District of Delaware, Civil Action No. 03-241-JJF;

23.     Mirage's involvement in the *St. Clair v. Canon et al.* litigation in the United States District Court for the District of Delaware, Civil Action no. 03-241-JJF, and subsequent trial;

24.     Any agreements between Mirage and Kodak;

25.     The May 20, 2005 Asset Purchase Agreement between Mirage and Kodak;

26.     Mirage's review or evaluation of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit;

27.     Mirage's review or evaluation of St. Clair's asserted ownership rights of the patents-in-suit;

28.     Any and all communications by any actual or apparent agent or representative of Mirage regarding Mirage's claims that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage;

29.     Your sales revenue, profits, expenses, losses and expenditures for the years 1988 through the present;

30.     Mirage's annual reports;

31.     Mirage's relationship and agreements with Kodak, including but not limited to

    A.     When the relationship began;
    B.     Who initiated the relationship;
    C.     Dates, subject and content of discussions between Mirage and Kodak;
    D.     Dates, subject and content of discussions between Mirage, Kodak and other third parties regarding the patents-in-suit.

32.     Mirage's business plans, business or sales forecasts, and business or sales planning documents.

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 16th day of January 2006, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Patricia P. McGonigle

Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com