IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT EASTMAN KODAK COMPANY'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

*Attorneys for Defendant Eastman Kodak Company*

William F. Lee
Mark D. Selwyn
Michael J. Summersgill
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

PAUL M. LUKOFF (I.D. No. 96
DAVID E. BRAND (I.D. No. 201)
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, Delaware 19899
(302) 888-6500

January 19, 2006

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

I. INTRODUCTION ................................................................................................1

II. NATURE AND STAGE OF PROCEEDINGS ....................................................3

    A. The California Action. ..............................................................................3

    B. St. Clair's Delayed Pursuit Of Discovery In This Action ..........................5

III. SUMMARY OF THE ARGUMENT ...................................................................6

IV. CONCISE STATEMENT OF FACTS ................................................................7

V. ARGUMENT ........................................................................................................7

    A. The California State Court Is The Proper Forum For Discovery Regarding The Ownership Issue. ..............................................................8

    B. Conducting The Same Discovery In This Action Would Impose An Unnecessary Burden On This Court And The Parties. ............................11

    C. St. Clair Will Not Be Harmed By A Protective Order .............................12

VI. CONCLUSION ...................................................................................................13

## TABLE OF AUTHORITIES

Federal Cases

*BNS Inc. v. Koppers Co.*,
   683 F. Supp. 454 (D. Del. 1988) .................................................................................. 7, 12

*Chiropractic America v. Lavecchia*,
   180 F.3d 99 (3d Cir. 1999) ................................................................................................ 10

*Coastal States Gas Corp. v. Dep't of Energy*,
   84 F.R.D. 278 (D.C. Del. 1979) ....................................................................................... 12

*Corning Inc. v. SRU Biosystems, LLC*,
   223 F.R.D. 191 (D. Del. 2004) .......................................................................................... 7

*Davox Corp. v. Digital Systems Intern., Inc.*,
   846 F. Supp. 144 (D. Mass. 1993) ................................................................................... 11

*General Eng'g Corp. v. Martin Marietta Alumina, Inc.*,
   783 F.2d 352 (3d Cir. 1986) ............................................................................................. 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ............................................................................................................ 9

*Jahncke Service, Inc. v. OKC Corp.*,
   301 F. Supp. 866 (D.C. Del. 1969) .................................................................................. 10

*Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*,
   201 F.R.D. 337 (D. Del. 2001) .......................................................................................... 9

*Landry v. Air Line Pilots Ass'n*,
   901 F.2d 404 (5th Cir. 1990) .............................................................................................. 7

*Nichols v. Baptist Memorial Hosp., Inc.*,
   2004 WL 2905406, No. 02-2561-MAV (W.D. Tenn. April 2, 2004) ........................... 8

*Regions Bank of Louisiana v. Rivet*,
   244 F.3d 483 (5th Cir. 2000) ............................................................................................ 10

*Sherwin-Williams Co. v. Holmes County*,
   343 F.3d 383 (5th Cir. 2003) .............................................................................................. 9

*Trent v. National City Bank of Indiana*,
   145 Fed. Appx. 896 (5th Cir. 2005) .................................................................................. 9

*U.S. v. County of Nassau,*
  188 F.R.D. 187 (E.D.N.Y. 1999) ................................................................................. 8

<u>State Rules</u>

Cal. Civ. Proc. § 418.10 ................................................................................................... 4

I.  **INTRODUCTION**

In this action, St. Clair Intellectual Property Consultants ("St. Clair") accuses the defendants of infringing four patents. There is, however, a question as to whether St. Clair is the true owner of the asserted patents and, as a result, whether it has the standing to pursue this action. All parties agree that this threshold question of ownership should be resolved before this action proceeds.

The ownership issue is the subject of an action pending in California Superior Court, Santa Clara County (the "California action").[1] In that action, Mirage Systems, Inc. ("Mirage") seeks, among other relief, a declaration that it, rather than St. Clair, is the true owner of the patents-in-suit and additional related patents. After the California action was filed, Eastman Kodak Company ("Kodak") purchased Mirage's rights to the asserted patents and its counsel is handling the litigation. All parties agree that if Mirage is found to be the true owner of the asserted patents, St. Clair may not assert them in this action.[2]

Kodak moved last year to stay the current action pending the determination of the issue of ownership in the California action. Notwithstanding that pending motion, St. Clair now is attempting, after a long delay, to pursue discovery in this action. It demands the production of documents and answers to interrogatories in response to requests to which Kodak objected *over five months ago*. Last week, it also served multiple deposition notices relating to the issue of ownership. Kodak therefore moves for a

---

[1] *See* Exhibit A, Amended Complaint in *Mirage Sys., Inc. v. Speasl*, Case No. 105 CV 039164 (Cal. Sup. Ct.) ("Mirage's Amended Complaint). As used herein, "Exhibit" refers to the specified exhibit contained in the Appendix submitted in support of this motion.

[2] The patents-in-suit in this action are United States Patent Nos. 5,138,459, 6,094,219, 6,233,010, and 6,323, 899. In the California action, Mirage alleges ownership of these patents-in-suit, as well as related patents including United States Patent Nos. 5,576,757 and 6,496,222. Kodak purchased Mirage's rights to all of these patents on June 10, 2005.

protective order to prevent all discovery pending the determination of ownership in the California action. Such an order is warranted for the following reasons:

First, as discussed in briefs supporting Defendants' Motion to Stay Pending Resolution of the Patent Ownership Dispute between Plaintiff and Mirage (D.I. 30), the California state court is the appropriate forum for resolution of the ownership issue and therefore discovery regarding the ownership issue. (D.I. 44.) Unlike this action, the California action includes all relevant parties to the ownership issue, including the named inventors of the asserted patents, their former employer Mirage, and St. Clair. Indeed, the named inventors, who are critical to the ownership determination, are likely not even subject to the jurisdiction of this Court. The determination of ownership will also require an analysis of California state law and California employment agreements. St. Clair's motion to dismiss the California action was recently rejected and discovery in that action has begun.

Second, duplicating ownership discovery in this forum would place an unnecessary burden on this Court and the parties. It would require the Court to address discovery disputes that should be resolved in California; it would burden the other ten defendants who have no role in the ownership dispute; it would require Kodak, which through Mirage also seeks relief from the named inventors who are not parties here, to conduct such discovery in two forums; and it raises the possibility of inconsistent court rulings regarding the proper scope of discovery on the patent ownership issue.

Finally, St. Clair will suffer no harm from the entry of a protective order here. Discovery pertaining to the ownership issue already has begun in the California action. As a practical matter, therefore, St. Clair will receive all of the ownership discovery in

the California action that it otherwise would have received here. To the extent it prevails in the California action, St. Clair then could pursue infringement discovery here. In fact, St. Clair's own conduct confirms that it will suffer no harm by reason of any delay in discovery here: St. Clair waited over *five months* before responding to Kodak's objections to pursuing ownership discovery in this action.

## II.    NATURE AND STAGE OF PROCEEDINGS

### A.    The California Action.

St. Clair filed this action for alleged patent infringement on November 9, 2004. Thereafter, on April 12, 2005, Mirage filed a complaint in California state court against the named inventors (who were employees of Mirage at the time of the invention) and St. Clair, alleging, among other causes of action, that Mirage was the true owner of the asserted patents.

Mirage's Amended Complaint outlines a scheme perpetuated by the named inventors and St. Clair to take an invention that rightfully belonged to Mirage. Specifically, the Amended Complaint outlines the following:

- The individual defendants, as employees of Mirage, were specifically tasked to explore and exploit *new business opportunities* relating to surveillance, reconnaissance and intelligence technology on behalf of Mirage. (Exhibit A, Mirage's Amended Complaint ¶ 24.)

- Each of the individual defendants signed employment agreements requiring them to *disclose* to Mirage any inventions conceived during their employment, and *assigning* to Mirage inventions relating to or useful in the business of Mirage. (*Id.* ¶ 30.)

- During the course of their work for Mirage, and in response to the suggestion of a Mirage customer, the individual defendants conceived and developed an idea for a digital camera that could be used in aerial surveillance. (*Id.* ¶¶ 47-49.)

- Despite their express duties to Mirage, the individual defendants never disclosed to Mirage the business opportunities presented by the customer, the circumstances of the invention, or the invention itself. (*Id.* ¶¶ 49-51.)

- Despite knowing that the named inventors were employees of Mirage and had no rights in the inventions, St. Clair provided investment capital to them and in the summer of 1995, purported to purchase the patents-in-suit and began to represent falsely that it owned them. (*Id.* 97-100, 102, 108.)

On December 1, 2005, St. Clair and the named inventors demurred to (moved to dismiss) Mirage's amended complaint. On January 3, 2006, the California court denied the demurrers and instructed the parties to begin proceeding cooperatively with discovery. (Exhibit B, January 3, 2006 Order Re: Motions For Admission Pro Hac Vice/Demurrers.) Earlier this week, St. Clair filed a motion to sever and stay the California action based on forum non conveniens. Kodak believes that this motion will be denied, however, because, among other reasons, St. Clair waived the right to make any such motion under California procedural rules. *See* Cal. Civ. Pro. § 418.10 (e)(3) ("Failure to make a motion under this section at the time of filing a demurrer or motion to strike constitutes a waiver of the issues of . . . inconvenient forum."). In any event, St. Clair's most recent motion does not stay discovery in the California action.

In response to Mirage's action filed in California state court, and in recognition of the fact that this patent action was not the proper action for resolution of the ownership issue, St. Clair also filed its own action against Mirage and two of its officers in this Court seeking a declaration of ownership on May 6, 2005.[3] (Exhibit C, Compl. in *St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc.*, Civil Action No. 05-273-JFF (D. Del.).)

---

[3] Currently pending in *St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc.*, Civil Action No. 05-273-JFF (D. Del.), are defendants Mirage, Kodak, Ford and Moussally's fully briefed motion to dismiss in favor of Mirage's earlier filed state court action.

4

## B.    St. Clair's Delayed Pursuit Of Discovery In This Action.

On May 19, 2005, in light of the pendency of two ownership actions, defendants here jointly filed a Motion to Stay Pending Resolution of the Patent Ownership Dispute Between Plaintiff and Mirage. (D.I. 30.)

On June 3, 2005, recognizing that the issue of ownership must be determined before this patent infringement action can proceed, St. Clair filed a Motion to Bifurcate and Expeditiously Proceed with the Ownership Issue in the Present Action. (D.I. 39.) In response, on June 17, 2005, Kodak filed a reply outlining that it had purchased Mirage's interests in the patents-in-suit and other related patents, and confirming the reasons supporting defendants' motion to stay. (D.I. 44.) Kodak argued that only the California action involves all of the parties necessary to resolve the ownership dispute, including the named inventors of the patents-in-suit. Neither the named inventors nor Mirage are parties here. In contrast, this suit includes ten defendants who are accused of infringing the patents-in-suit but who otherwise do not have any role in the ownership dispute.

Rather than waiting for this Court to resolve the question of whether this action should be stayed, on June 24, 2005, St. Clair served document requests and interrogatories on all defendants. (*See e.g.*, Exhibit D, Plaintiff's First Set Of Requests For Documents And Things To Eastman Kodak Company.) On July 25, 2005, Kodak timely served objections to these discovery requests and stated that it would provide non-privileged, responsive information if the Court denied defendants' motion to stay. (*See* Exhibit E, Eastman Kodak Company's Response to Plaintiff's First Set Of Requests For Documents And Things.)

5

St. Clair voiced no objection to this response for five months. However, on December 22, 2005, just before the hearing on St. Clair's demurrer to the amended complaint in California, St. Clair demanded substantive responses from all defendants to the previously-served discovery. (Exhibit F, December 22, 2005 letter of Ms. Lambert to Counsel for Kodak.) Then, on January 16, St. Clair served multiple notices of deposition on third parties relating to the issue of ownership. (D.I. 77-84.)

In the meantime, discovery in the California action commenced. On January 13, 2006, Mirage initiated its document production by producing the Asset Purchase Agreement between Mirage and Kodak. On January 17, 2006, Mirage served Interrogatories and Document Requests on St. Clair and the named inventors.

On January 9, 2006, counsel for all parties met by telephone pursuant to Local Rule 7.1.1 to discuss the dispute, but were unsuccessful in reaching a resolution satisfactory to Kodak. Kodak therefore moves for a protective order to prevent duplicative and potentially unnecessary discovery in this action.

### III.   SUMMARY OF THE ARGUMENT

A protective order is warranted here because the burden on Kodak, the Court, and the other defendants of proceeding with discovery on ownership of the patents-in-suit in this action substantially outweighs any potential harm of a protective order to St. Clair.

1.   Discovery on the issue of ownership is proper in the California action because the California action includes all of the necessary parties, determination of the ownership issue turns on an analysis of California state law, and because most of the relevant documents and witnesses are located in California.

2.  Given the existence of the California action, discovery on the ownership issue in this action would be unnecessary and duplicative.

3.  St. Clair will not be harmed by the entry of a protective order. St. Clair will receive all ownership discovery in the California action that it would have otherwise received here. If St. Clair proves in the California action that it owns the patents-in-suit, it can continue this suit and will receive full discovery relating to its infringement allegations. St. Clair's own six-month delay initiating discovery in this action demonstrates that it will incur no serious harm by the issuance of a protective order.

IV.  **CONCISE STATEMENT OF FACTS**

For a concise statement of the facts, Kodak respectfully refers the Court to Section II above.

V.  **ARGUMENT**

Rule 26(c) of the Federal Rules of Civil Procedure authorizes courts to issue a protective order shielding the moving party from discovery for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In considering a motion for a protective order, courts weigh the non-moving party's need for discovery against the moving party's need for the protective order. *E.g. Corning Inc. v. SRU Biosystems, LLC,* 223 F.R.D. 191, 193-4 (D. Del. 2004) (Farnan, J.) ("'Rule 26 requires striking a balance between the countervailing legitimate interests and accommodating the needs of both parties.'" (quoting *BNS Inc. v. Koppers Co.,* 683 F. Supp. 454, 457 (D. Del. 1988)); *Landry v. Air Line Pilots Ass'n,* 901 F.2d 404, 436 (5th Cir. 1990) (granting protective order staying discovery pending resolution of "an issue that might preclude the need for the discovery altogether thus saving time and expense");

*U.S. v. County of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) (where "the cost of discovery . . . would be an unnecessary expense" in the event that dispositive motion is granted, harm to moving party sufficient to show good cause for a protective order is "self evident"); *Nichols v. Baptist Memorial Hosp., Inc.*, 2004 WL 2905406, No. 02-2561-MAV at *2-3 (W.D. Tenn. April 2, 2004) (granting protective order "in the interests of judicial economy" where pending motion could "dispose of the entire case") (Exhibit G). Here, the balance of interests weighs strongly in favor of a protective order.

    A.    **The California State Court Is The Proper Forum For Discovery Regarding The Ownership Issue.**

The California state court is the proper forum for the determination of this threshold issue. As a result, it is also the proper forum for discovery regarding ownership.

First, the California action includes all of the necessary parties to resolve the issue of ownership. Mirage's (and now Kodak's) claim of ownership of the patents-in-suit arises from the fact that the named inventors were employees of Mirage at the time they conceived and developed the claimed inventions. Pursuant to the named inventors' employment agreements with Mirage, the inventions became the property of Mirage. The ownership dispute therefore involves Mirage, the named inventors, and St. Clair. Each of these entities is a party to the California action.

In contrast, the named inventors, the very parties whose improper conduct has given rise to the dispute and who are indisputably critical to the resolution of ownership, are *not* parties to this action. Indeed, because none of the named inventors resides in Delaware, and there is no evidence that any of them has sufficient contacts with this

8

forum, it is likely that this Court does not have jurisdiction over the named inventors. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (exploring the nature of defendant's contacts with the state "to determine whether they constitute the kind of continuous and systematic general business contacts" necessary for jurisdiction). As a result, regardless of what happens in this action, the California action will proceed because it is likely the only forum where Mirage (Kodak) can obtain the relief it seeks from the named inventors.

The California action is therefore the proper forum for discovery regarding ownership. *See Trent v. National City Bank of Indiana*, 145 Fed. Appx. 896, 899 (5th Cir. 2005) (state forum proper where "certain parties whose interest may be affected by the district court's ruling are not participants in the federal suit"); *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003) ("A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts"); *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340 (D. Del. 2001) (Farnan, J.) (dismissing district court action where parties that would be prejudiced by judgment against defendants and "whose conduct is largely at issue in this case" are not named defendants).

Second, the California court is in a better position to determine the ownership issue because resolution of the ownership dispute turns on an analysis of California state law. Mirage's (and Kodak's) ownership claim is based on the fact that the named inventors assigned the invention to Mirage by virtue of employment agreements each of them signed with Mirage. Because these employment agreements specify that they are

9

governed by California state law, a court will need to apply California law to resolve the question of whether these agreements did in fact assign the invention(s) and resulting patents to Mirage. *See General Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356 (3d Cir. 1986) ("The construction of contracts is usually a matter of state, not federal, common law."); *Chiropractic America v. Lavecchia*, 180 F.3d 99, 103-104 (3d Cir. 1999) (noting that state court was in best position to determine issues of state law); *Regions Bank of Louisiana v. Rivet*, 244 F.3d 483, 495 (5th Cir. 2000) (finding that state court is in the best position to determine whether default judgment should be declared a nullity under state law).

Finally, the California action is the most appropriate forum for discovery regarding ownership because most of the relevant documents and witnesses are located in California. Mirage, and most of its documents, are located in California. (*See* Exhibit A, Mirage's Amended Complaint, ¶ 3.) As shown by the document requests for which St. Clair now seeks substantive responses, discovery on the ownership issue revolves around Mirage. (*See, e.g.,* Exhibit D, Plaintiff's Document Request 7 seeking "all documents referring or relating to Mirage's employment agreements during the period of 1988-1993"; Document Request 12 seeking "all documents referring or relating to the scope of Mirage's business or research or development from 1988 through 1993.") Similarly, two of the named inventors own residential property in California and accepted service of the complaint in California; none are residents of Delaware; and all were employed by a California company for the relevant time frame. *See Jahncke Service, Inc. v. OKC Corp.*, 301 F. Supp. 866, 868 (D.C. Del. 1969) (Louisiana, not Delaware, is appropriate forum where witnesses and relevant documents are located in Louisiana).

**B. Conducting The Same Discovery In This Action Would Impose An Unnecessary Burden On This Court And The Parties.**

Ownership discovery should take place once, in a single forum. *See Davox Corp. v. Digital Systems Intern., Inc.*, 846 F. Supp. 144, 149 (D. Mass. 1993) (where two cases would involve common discovery and witnesses, "the cases should be heard in a single forum, to conserve judicial resources and to promote an efficient resolution of all the related matters pending between the parties."). Discovery in the California action is moving forward. On January 13, 2006, Mirage commenced its document production by producing the Asset Purchase Agreement between Mirage and Kodak. On January 17, 2006, Mirage served Interrogatories and Document Requests on St. Clair and the named inventors and defendants' responses are due February 16, 2006. If and when St. Clair serves discovery on Mirage in the California action, Mirage is prepared to produce additional documents regarding its ownership of the patents-in-suit.

Since the California action is the only action that can decide the ownership issue as to *all* of the relevant parties, and because discovery is moving forward in the California action, ownership discovery in this action would be unnecessarily duplicative and a waste of judicial and party resources. Indeed, a judgment by the California court that Mirage owns the patents-in-suit would mean that any additional discovery taken by St. Clair in this action would have been needless.

A protective order will eliminate the need for this Court to address the inevitable motions that result from discovery where such motions are more appropriately resolved in California. For ten of the defendants, who are accused of patent infringement but otherwise have no involvement in the ownership dispute, a protective order will eliminate

11

the costs of litigating an issue that relates primarily to Mirage, Kodak, St. Clair, and the named inventors. Finally, for Kodak, which must continue ownership discovery of the named inventors in the California action regardless of what happens here, a protective order will shield it from the inefficiencies of conducting ownership discovery in two forums. A protective order therefore will allow the California court to determine the ownership issue and spare the Court and parties in this action from expending time and resources on discovery that is already proceeding in California. *See BNS*, 683 F. Supp. at 457 (granting protective order staying discovery where discovery may not be necessary pending outcome of tender offer); *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.C. Del. 1979) (stay of discovery pending resolution of dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources").

C.   **St. Clair Will Not Be Harmed By A Protective Order.**

A protective order staying Kodak's obligation to respond to St. Clair's discovery requests in this action will not prejudice St. Clair. St. Clair has acknowledged in its Motion to Bifurcate that ownership should be addressed first. St. Clair will receive full ownership discovery in the California action notwithstanding entry of a protective order in this action. If St. Clair is deemed the rightful owner of the patents-in-suit in the California action, it can then continue this infringement suit and receive all appropriate discovery pertaining to infringement issues. *See BNS*, 683 F. Supp. at 458 (fact that non-moving party will receive documents "if, and when" necessary is a "significant fact in the Court's efforts to accommodate the needs of the parties" and issuance of protective order).

St. Clair's own actions belie any claim that St. Clair will suffer harm from entry of a protective order. St. Clair sat silently for five months after receiving Kodak's objections to its first set of discovery requests. In the meantime, the parties were litigating the ownership issue in California. St. Clair's own delay in the face of the progressing California action indicates that a protective order staying discovery here will cause St. Clair no harm.

## VI. CONCLUSION

For the foregoing reasons, Kodak respectfully requests that this Court grant its request for a protective order pending the resolution of the ownership dispute in the California action.

PRICKETT, JONES & ELLIOTT, P.A.

PAUL M. LUKOFF (I.D. No. 96)
DAVID E. BRAND (I.D. No. 201)
1310 King Street
Wilmington, Delaware  19899
(302) 888-6500

*Attorneys for Defendant,*
*Eastman Kodak Company*

William F. Lee
Mark D. Selwyn
Michael J. Summersgill
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Date:  January 19, 2006

13

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I electronically filed **DEFENDANT EASTMAN KODAK COMPANY'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

Richard L. Horwitz, Esquire
Potter, Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor
1000 West Street
P. O. Box 391
Wilmington, DE 19899

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE 19899

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

_____
PAUL M. LUKOFF (Bar I.D. #96)
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE  19899-1328
TEL: 302-888-6500
E-MAILS:  PMLukoff@prickett.com
                  DEBrand@prickett.com

19660.2\295224v1