EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO EASTMAN KODAK COMPANY

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 26 of the Federal Rules of Civil

Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby requests

that you produce for inspection and/or copying the following documents at the offices of Robins,

Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue South, Minneapolis,

Minnesota 55402-2015, or such other mutually agreed upon location, within thirty (30) days of

the date of service of these requests upon you.

## INSTRUCTIONS

1.    In producing documents, furnish all documents known or available to you,

grouped by response to each document request, regardless of whether documents are possessed

48852 v1

directly by you, or any parent, subsidiary or affiliated corporation, or any of your officers, directors, employees, agents, representatives, present or former contractors, consultants or attorneys.

2.    Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.    With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, state the document production (i.e. "Bates") number(s), the basis for the privilege claimed, the name and address of the author(s) and addressee(s), the date, the type of document, the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

4.    This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive document that may be located or acquired by you or your employees after the date of your original production.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "Plaintiff" or "St. Clair " shall mean St. Clair Intellectual Property Consultants, Inc. and its officers, agents, employees, and representatives, including the individuals Thomas W. Baumgarten, Jr. and Edmund Chung.

2.    The term "PCC" shall mean Personal Computer Cameras, Inc. and its officers, agents, employees and representatives.

3.    The terms "Defendants", "Kodak", "you," or "your" shall refer to named Defendants Eastman Kodak Company.

4.    The term "Mirage" shall refer to Mirage Systems, Inc. and includes without limitation its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

5.    The term "Kodak" shall refer to Eastman Kodak Company and includes without limitation on its divisions, subsidiaries, directors, agents, representatives, attorneys, employees and any predecessor with an interest.

6.    The term "the inventors" shall mean Marc Roberts, Jerry Speasl and Matt Chikosky.

7.    The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

8.    The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

9.    The term "person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

10.    The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11.    The term "document" shall mean all writings, drawings, graphs, charts, photographs, recordings, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or

MP3 20140119.1                                  3

otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

    12.    The term "identify" when used in reference to a person means to provide the following information:

        a.  Full name;

        b.  Present or last known address; and

        c.  Present or last known telephone number.

    13.    The terms "St. Clair patents," "St. Clair patents-in-suit" and "patents-in-suit" mean United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output;" and United States Letters Patent No. 6,323,899 ("'899") entitled "Process For Use In Electronic Camera."

## DOCUMENT REQUESTS

Produce the following:

## REQUEST NO. 1:

All documents identified, relied upon, reviewed, or consulted in responding to Plaintiff's First Set of Interrogatories.

06/24/2005 17:09 IFAX                                → George        019/065

**REQUEST NO. 2:**

All documents referring or relating to your knowledge of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 3:**

All documents referring or relating to the circumstances of your knowledge of any third party's, other than St. Clair's, asserted rights of the patents-in-suit.

**REQUEST NO. 4:**

All documents referring or relating to your contact with any person associated with any third party, other than St. Clair, regarding ownership of the patents-in-suit.

**REQUEST NO. 5:**

All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**REQUEST NO. 6:**

All documents referring or relating to written communications of any employee or agent of Defendants with any third party, other than St. Clair, regarding any third party's asserted ownership rights of the patents-in-suit.

**REQUEST NO. 7:**

All documents referring or relating to Mirage's employment agreements during the period of 1988 – 1993.

**REQUEST NO. 8:**

All documents referring or relating to Mirage's or Kodak's procedures for disclosing an invention by an employee.

**REQUEST NO. 9:**

All document referring or relating to Mirage's or Kodak's knowledge of the invention claimed in the patents-in-suit.

**REQUEST NO. 10:**

All documents referring or relating to a) Jerry Speasl; b) Marc Roberts; c) Matthew Chikosky; d) PCC; e) St. Clair.

**REQUEST NO. 11:**

All documents referring or relating to Defendants' statement that "Defendant Kodak's recent acquisition of Mirage's interests, if any, in the patents-in-suit...." (*see Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC and Hewlett Packard dated June 17, 2005*) including, but not limited to the agreement demonstrating Kodak's acquisition of Mirage's rights in the patents-in-suit.

**REQUEST NO. 12:**

All documents referring or relating to the scope of Mirage's business or research or development from 1988 through 1993.

**REQUEST NO. 13:**

All documents that you believe demonstrate that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage.

**REQUEST NO. 14:**

All documents that you believe demonstrate that the inventors of the patents-in-suit have not complied with Sec. 2870 of the California Labor Code.

MP3 20140119.1                                    6

06/24/2005 17:09 IFAX                          → George                    ☑021/065

Dated: 6/24/05

Of Counsel:

Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By: _____
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for St. Clair Intellectual Property
Consultants, Inc.

MP3 20140119.1                          7

EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, <br><br>         Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, and EASTMAN KODAK COMPANY, <br><br>         Defendants. | C. A. No. 04-1436 (JJF) |

## DEFENDANT EASTMAN KODAK COMPANY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Delaware, Defendant Eastman Kodak Company ("Kodak") hereby responds to Plaintiff St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair")'s First Set of Requests for Documents and Things to Eastman Kodak Company.

## GENERAL OBJECTIONS

1.   Kodak objects to the Document Requests to the extent that they seek to impose burdens or obligations that differ from or are in excess of those required by Rules 26 and 34 of the Federal Rules of Civil Procedure or the Local Rules of this Court. By way of illustration and not limitation, Kodak objects to the Document Requests to the extent they require Kodak to

produce all documents known or available to Kodak and group them by response to each document request.

2.    Kodak objects to the Document Requests as unduly burdensome, premature and inappropriate at this time, given that the Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc. is currently pending and the Court has not yet entered a Scheduling Order.

3.    Kodak objects to any Document Request that seeks documents or responses that constitute or contain information concerning communications that are protected by the attorney-client privilege or that constitute or contain trial preparation material prepared in anticipation of, or as a result of, litigation, that otherwise is protected by the work product doctrine or any other available privilege or protection.

4.    Kodak objects to any Document Request that seeks documents covered by a non-disclosure or confidentiality agreement with a third party where Kodak is under an obligation not to disclose such confidential information unless Kodak is able to obtain permission from the non-party to do so.

5.    These responses are made solely for the purpose of this pending action.  The specific responses below are based upon information now available to Kodak.  Kodak reserves the right, at any time, to revise, correct, add to, or clarify the specific responses.  By answering the succeeding Document Requests, Kodak does not waive any of its defenses or admit any liability.

6.    The documents and information provided in response to any Document Request shall not be construed as any form of an admission or as a waiver as to the confidentiality of any such information.

7.    None of these responses is an admission relative to the existence of any documents, to the relevance, materiality or admissibility of any document provided in response to these Document Requests in this or in any subsequent proceeding or at the trial of this or any other action, on any ground.  A partial response to any Document Request that has not been objected to, in whole or in part, is not intended to be a waiver of the objection.

8.    Kodak objects to the Document Requests to the extent that they seek documents that are not in the possession, custody, or control of Kodak.

9.    Kodak objects to the Document Requests to the extent that any request seeks production of documents containing both discoverable and non-discoverable or objectionable material.  Kodak reserves the right to redact from documents produced any matter that is not called for or with respect to which Kodak has objected to the request for production.

10.    Kodak objects to the definitions provided of "Defendants," "Kodak," "you" or "your" as vague and ambiguous to the extent that St. Clair has provided multiple definitions of "Kodak."  To the extent understandable, Kodak objects to the definition of "Kodak" to the extent that it includes consulting experts who will not be called to testify at trial, or whose opinions will not be relied upon, in whole or in part by any testifying expert.  Kodak further objects to the inclusion of attorneys in the definition of "Kodak" to the extent the answer to any request is or would be subject to the attorney-client privilege or the attorney work product doctrine.

11.    Kodak objects to the definition of the phrase "referring or relating too" as being overly broad and burdensome in that it covers a vast array of information that is not relevant or cannot be used to support any claims or defenses alleged in this action.

12.    Kodak objects to the Document Requests to the extent any request seeks "all documents."

13.    The inadvertent production by Kodak of documents containing information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, shall not constitute a waiver by Kodak of such protection. Kodak reserves the right to demand the return of any such documents inadvertently produced.

14.    Kodak objects to the Document Requests to the extent that any request seeks documents that are already known to St. Clair, that are publicly available, or that are contained or could be found in St. Clair's own files.

15.    Kodak objects to the Document Requests to the extent they seek documents before a protective order governing discovery in this case is entered by the Court.

16.    Unless otherwise indicated, Kodak will not provide any documents encompassed by the foregoing objections.

17.    For these reasons, and without waiving its rights to raise other objections at the appropriate time, Kodak objects to St. Clair's First Set of Requests for Production. Kodak incorporates each of the foregoing General Objections into each and every response below, and subject to and without waiving these General Objections, Kodak responds specifically as follows:

## REQUEST NO. 1:

All documents identified, relied upon, reviewed, or consulted in responding to Plaintiff's First Set of Interrogatories.

## RESPONSE NO. 1:

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action, in that the phrase

"identified, relied upon, reviewed or consulting in responding to" is undefined, vague and ambiguous.

Kodak further objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 2:**

All documents referring or relating to your knowledge of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**RESPONSE NO. 2:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action in that the term "any third party's" is undefined, vague and ambiguous.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 3:**

All documents referring or relating to the circumstances of your knowledge of any third party's, other than St. Clair's, asserted rights of the patents-in-suit.

**RESPONSE NO. 3:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action in that the terms "referring or relating to," "circumstances," "any third party's" and "asserted rights" are undefined, vague and ambiguous.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 4:**

All documents referring or relating to your contact with any person associated with any third party, other than St. Clair, regarding ownership of the patents-in-suit.

**RESPONSE NO. 4:**

In addition to its General Objections, Kodak objects to this request on the ground that the phrase "associated with" is undefined, vague and ambiguous, making this request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

## REQUEST NO. 5:

All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

## RESPONSE NO. 5:

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action, in that the terms "referring or relating," "review, evaluations and discussions" and "any third party's" are undefined, vague and ambiguous.

Kodak objects to this request as calling for the protected mental impressions and opinions of counsel.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be

produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 6:**

All documents referring or relating to written communications of any employee or agent of Defendants with any third party, other than St. Clair, regarding any third party's asserted ownership rights of the patents-in-suit.

**RESPONSE NO. 6:**

In addition to its General Objections, Kodak objects to this request on the ground that the term "agent" is undefined, vague and ambiguous, making this request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 7:**

All documents referring or relating to Mirage's employment agreements during the period of 1988-1993.

**RESPONSE NO. 7:**

In addition to its General Objections, Kodak objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used

to support any claims or defenses in this action to the extent it seeks all documents referring or relating to Mirage's employment agreements during the period of 1988-1993.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

## REQUEST NO. 8:

All documents referring or relating to Mirage's or Kodak's procedures for disclosing an invention by an employee.

## RESPONSE NO. 8:

In addition to its General Objections, Kodak objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action to the extent it seeks Kodak's procedures for disclosing an invention by any employee.

Kodak further objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action to the extent it is unlimited as to time.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be

produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 9:**

All documents referring or relating to Mirage's or Kodak's knowledge of the invention claimed in the patents-in-suit.

**RESPONSE NO. 9:**

In addition to its General Objections, Kodak objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action to the extent it seeks Kodak's knowledge of the invention claimed in the patents-in-suit.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 10:**

All documents referring or relating to (a) Jerry Speasl; (b) Marc Roberts; (c) Matthew Chikosky; (d) PCC; (e) St. Clair.

**RESPONSE NO. 10:**

In addition to its General Objections, Kodak objects to this request as overly broad, vague, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

## REQUEST NO. 11:

All documents referring or relating to Defendants' statement that "Defendant Kodak's recent acquisition of Mirage's interests, if any, in patents-in-suit…." *(see Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC and Hewlett Packard dated June 17, 2005)* including, but not limited to the agreement demonstrating Kodak's acquisition of Mirage's rights in the patents-in-suit.

## RESPONSE NO. 11:

In addition to its General Objections, Kodak objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action to the extent it seeks documents referring or relating to a statement that was not by Kodak.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 12:**

All documents referring or relating to the scope of Mirage's business or research or development from 1988 through 1993.

**RESPONSE NO. 12:**

In addition to its General Objections, Kodak objects to this request on the grounds that the terms "referring or relating to" and "scope" are undefined, ambiguous and vague, rendering this request overly broad, vague, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 13:**

All documents that you believe demonstrate that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage.

**RESPONSE NO. 13:**

In addition to its General Objections, Kodak objects to this request on the ground that the term "useful" is undefined, vague and ambiguous, making this request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak objects to this request as calling for the protected mental impressions and opinions of counsel.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

## REQUEST NO. 14:

All documents that you believe demonstrate that the inventors of the patents-in-suit have not complied with Sec. 2870 of the California Labor Code.

## RESPONSE NO. 14:

In addition to its General Objections, Kodak objects to this request as seeking documents in the possession of parties other than Kodak, such that this request is overly broad, vague, unduly burdensome and calls for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action.

Kodak objects to this request as calling for documents to prove a negative.

Kodak objects to this request as calling for the protected mental impressions and opinions of counsel.

Kodak objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

PRICKETT, JONES & ELLIOTT, P.A.

*Paul M. Lukoff*

PAUL M. LUKOFF (I.D. #96)
DAVID E. BRAND  (I.D. #201)
1310 King Street
P. O. Box 1328
Wilmington, Delaware  19899
(302) 888-6500

OF COUNSEL:

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

*Attorneys for Defendant,*
*Eastman Kodak Company*

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Date:  July 25, 2005