EXHIBIT F

   
# ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-416
www.rkmc.com

ATTORNEYS AT LAW

**FROM:** **Carrie M. Lambert**

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

**DATE:** December 22, 2005

**TO:**

| NAME: | NAME | .NAME: |
|---|---|---|
| William P. DiSalvatore, Esq. | Bruce D. Kuyper , Esq. | Jack B. Blumenfeld, Esq. |
| Caren K. Khoo, Esq. | **Fax:** **213.891.8763** | **Fax:** **302.658.3989** |
| Nora Q.E. Passamaneck, Esq. | Phone: 213.891.8001 | Phone: 302.658.9200 |
| **Fax:** **212.937.7300** | | |
| Phone: 212.937.7202 | Stuart Lubitz, Esq. | John M. Desmarais, Esq. |
| | Laurence H. Pretty, Esq. | Gregory S. Arovas, Esq. |
| William F. Lee, Esq. | David A. Ben-Meir, Esq. | Jordan N. Malz, Esq. |
| Mark D. Selwyn, Esq. | **Fax:** **213.337.6701** | Thomas D. Pease, Esq. |
| Loouis W. Tompros, Esq. | Phone: 213.337.6700 | **Fax:** **212.446.4900** |
| **Fax:** **617.526.5000** | | Phone: 212.446.4739 |
| Phone: 617.526.6556 | Steven J. Balick, Esq. | |
| | John G. Day, Esq. | Josy W. Ingersoll, Esq. |
| Richard L. Horwitz, Esq. | Tiffany Geyer Lydon, Esq. | John W. Shaw, Esq. |
| David E. Moore, Esq. | **Fax:** **302.654.2067** | Karen E. Keller, Esq. |
| **Fax:** **302.658.1192** | Phone: 302.654.1888 | **Fax:** **302.576.3301** |
| Phone: 302.658.6027 | | Phone: 302.571.6600 |
| | John E. Daniel, Esq. | |
| Sharon R. Barner, Esq. | Donald L. Rhoads, Esq. | Paul M. Lukoff, Esq. |
| Sheldon Karon, Esq. | Vito J. DeBari, Esq. | David E. Brand, Esq. |
| Marianne C. Holzhall, Esq. | **Fax:** **212.715.8195** | **Fax:** **302.658.8111** |
| **Fax:** **312.832.4700** | Phone: 212.715.9195 | Phone: 302.888.6500 |
| Phone: 312.832.4500 | | |
| | | George Seitz, Esq. |
| | | **Fax:** **302.888.0606** |
| | | Phone: 302.888.0600 |

**FILE NO.:** 121865.0011

NUMBER OF PAGES INCLUDING COVER SHEET: 3

**If transmission problems occur, or you are not the intended recipient, please call 612-349-8730 or contact Sharon George at 612.349.8216.**

ATLANTA     BOSTON     LOS ANGELES     MINNEAPOLIS     NAPLES     SAINT PAUL     SANTA ANA     WASHINGTON, D.C.

## ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel: 612-349-8500 Fax: 61:
www.rkmc.com

ATTORNEYS AT LAW

CARRIE M. LAMBERT
612-349-8292

December 22, 2005

## VIA FACSIMILE AND MAIL

William F. Lee
Mark D. Selwyn
Louis W. Tompros
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

William P. DiSalvatore
Karen K. Khoo
Nora Q.E. Passamaneck
Wilmer Cutler Pickering
  Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Re: *St. Clair Intellectual Property Consultants, Inc. v.*
*Samsung Electronics Co. et. al*
Our File No.: 121865.0011

Dear Counsel:

I am writing in regard to Kodak's failure to respond to St. Clair's discovery requests in the above-referenced action. As you know, this case was filed over a year ago, on November 8, 2004. After all Defendants finally answered St. Clair's First Amended Complaint, St. Clair served its First Set of Interrogatories and its First Set of Requests for Documents and Things on June 24, 2005. Kodak served its response to St. Clair's first sets of discovery requests on July 25, 2005. Kodak did not, however, actually respond to St. Clair's requests. Instead, Kodak improperly asserted, in addition to the litany of standard objections, that discovery was premature given Defendants' pending Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc. (D.I. 31).

KODAK Counsel
December 22, 2005
Page 2

St. Clair's discovery requests seek relevant and discoverable information, and this information must be produced so this matter can proceed without further delay. As just one example, our first sets of requests were narrowly tailored to discover information relevant to the ownership defense, and Kodak has admitted that it has responsive information and documents in its possession and control. In fact, as the basis for its motion to substitute in both the *St. Clair v. Mirage* (05-273-JJF (D. Del.)) and *Mirage v. Speasl* (1-05-CV-039164 (Cal Sup. Ct.)) actions, for example, Kodak has represented to the Court that it is the owner of Mirage's purported "rights" to the patents-in-suit. Any agreements between Kodak and Mirage would be relevant to at least Interrogatory No. 1 and Requests for Production Nos. 1, 2, 3, 4, and 11.

Kodak must immediately respond to St. Clair's discovery requests set forth in its First Set of Interrogatories and First Set of Requests for Documents and Things. A pending motion is not an excuse to ignore basic discovery rules. In the District of Delaware, "unless and until it is granted a stay, [a party] should be required to conduct discovery as if no motion had been filed at all." *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

We have made numerous requests for this information in correspondence with you. To date, our requests have been ignored. It is inexcusable that Kodak has not responded to St. Clair's repeated requests—especially in light of our very narrowly tailored discovery in this matter. St. Clair therefore asks that you submit substantive responses to its discovery requests by January 3, 2006 or St. Clair will be forced to seek appropriate relief from the Court.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Carrie M. Lambert

CML/scg

cc:  Sharon R. Barner
     Sheldon Karon
     Marianne C. Holzhall
     Naikang Tsao
     Bruce D. Kuyper
     Richard L. Horwitz
     David E. Moore
     Stuart Lubitz
     Laurence H. Pretty
     David A. Ben-Meir
     Steven J. Balick
     John G. Day
     Tiffany Geyer Lydon

     John M. Desmarais
     Gregory S. Arovas
     Thomas D. Pease
     Jordan N. Malz
     Josy W. Ingersoll
     John W. Shaw
     Karen E. Keller
     John E. Daniel
     Donald L. Rhoads
     Vito J. DeBari
     Jack B. Blumenfeld
     George H. Seitz III

EXHIBIT G

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 2905406 (W.D.Tenn.)
(Cite as: Not Reported in F.Supp.2d)

C

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, W.D. Tennessee,
Western Division.
Jenny NICHOLS, individually and as Widow and
Next of Kin of Darrell D. Nichols, Deceased and for
the Benefit of Jordan Wallace Nichols, Surviving
Minor Child of Darrell D. Nichols, Deceased,
Plaintiffs,
v.
BAPTIST MEMORIAL HOSPITAL, INC., Ramon
Ungab, M.D., Steven J. Stack, M.D., Miduel H.
Rodriguez, M.D., Lloyd R. Thomas, Jr., M.D., and
Bartlett-Raleigh Internal Medicine Group, P.C.,
Defendants.
No. 02-2561-MAV.

April 2, 2004.

Richard Glassman, Esq., Glassman Edwards Wade &
Wyatt, P.C., Memphis, TN, for Plaintiff.
James D. Wilson, Esq., Harris Shelton Dunlap Cobb
& Ryder, Teresa J. Sigmon, Esq., Claire Cissell,
Sigmon Law Firm, William A. Lucchesi, Esq., Loys
A. Jordan, Esq., McDonald Kuhn Pembroke Square,
David M. Cook, Esq., Greg A. Ziskind, Esq., The
Hardison Law Firm, Memphis, TN, for Defendants.

ORDER STAYING DISCOVERY PENDING
RESOLUTION OF DEFENDANTS' MOTION TO
DISMISS FOR LACK OF JURISDICTION

VESCOVO, Magistrate J.
*1 Before the court is the March 16, 2004 motion of
the defendants, Ramon Ungab, M.D., and Bartlett-
Raleigh Internal Medicine Group ("Bartlett-
Raleigh"), for a protective order to stay the
deposition of Dr. Ungab, scheduled for April 6, 2004,
until a pending motion to dismiss for lack of
jurisdiction is decided. In the alternative, Dr. Ungab
and Barltett-Raleigh request that the deposition of
Miduel Rodriguez, M.D., be completed prior to the
taing of Dr. Ungab's deposition, as agreed upon by all
counsel prior to the filing of the motion to dismiss.
The motion was referred to the United States
Magistrate Judge for determination.

The plaintiff, Jenny Nichols, filed the original
complaint for medical malpractice on July 17, 2002

alleging that the defendants, including Dr. Ungab and
Bartlett-Raleigh, were negligent in failing to diagnose
a dissecting aortic aneurysm in her husband, Darrell
Nichols, the decedent. (Compl. at 3-8.) On February
5, 2003, Dr. Ungab and Bartlett-Raleigh were
dismissed from the lawsuit by order of voluntary
dismissal, and the case proceeded against the
remaining defendants. During the course of
discovery, Nichols obtained information during the
deposition of Dr. Miduel Rodriguez, as well as from
written discovery responses and document
production, that led her to file a motion to amend the
complaint to rename Dr. Ungab and Bartlett-Raleigh
back as defendants in this litigation. A summons was
reissued to Dr. Ungab and Bartlett-Raleigh on
September 25, 2003. As a result, all deadlines under
the court's previous scheduling order were suspended
and have not been reset.

After being renamed as defendants in this case, Dr.
Ungab and Bartlett-Raleigh contacted counsel for
Nichols to schedule the depositions of the plaintiff,
the plaintiff's expert, and Dr. Rodriguez. (Mot. for
Protective Order as to the Depos. of Def. Dr. Ungab
at 2.) According to Dr. Ungab and Bartlett-Raleigh,
counsel for both parties agreed that the newly named
defendants would take the depositions they desired
prior to the deposition of Dr. Ungab. (Id. at 2.)
Nichols' deposition was taken on February 20, 2004,
and the plaintiff's expert's deposition was completed
on March, 2, 2004. The deposition of co-defendant
Dr. Rodriguez was noticed for March 3, 2004, and
Nichols filed a notice to take the deposition of Dr.
Ungab on April 6, 2004.

After the deposition of Nichols but before the date
Dr. Rodriguez was scheduled to be deposed, Dr.
Ungab and Bartlett-Raleigh discovered that the
decedent was never a resident of Mississippi. In light
of that information, the defendants filed a Joint
Motion to Dismiss for Lack of Jurisdiction arguing
that complete diversity does not exist in this case.
Additionally, the newly named defendants canceled
or postponed [FN1] the noticed deposition of Dr.
Rodriguez and asked the plaintiffs to postpone the
noticed deposition of Dr. Ungab, which was
scheduled for April 6, 2004, until the court decided
the motion to dismiss. Nichols refused to postpone
Dr. Ungab's deposition and intends to take Dr.
Ungab's deposition as scheduled. (Pl.'s Resp. to Def.'s
Mot. for Protective Order as to the Depos. of Dr.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                             Page 2
Not Reported in F.Supp.2d, 2004 WL 2905406 (W.D.Tenn.)
(Cite as: Not Reported in F.Supp.2d)

Ungab at 2.) In response, Dr. Ungab and Bartlett-Raleigh filed this motion for a protective order, asking the court to delay the deposition of Dr. Ungab while the motion to dismiss is still pending.

FN1. The record is unclear as to whether the Dr. Ungab and Bartlett-Raleigh cancelled or merely asked to postpone Dr. Rodriguez's deposition. (See Mot. for Protective Order as to the Depos. of Def. Dr. Ungab at 3; Pl.'s Resp. to Pl.'s Mot. for Protective Order as to the Depos. of Dr. Ungab at 2.)

*2 Although Dr. Ungab and Bartlett-Raleigh have asked the court for a protective order with regard to Dr. Ungab's deposition, the court is inclined at this time, pursuant to Rule 26(c), to stay all discovery in this action pending resolution of the defendants' motion to dismiss for lack of jurisdiction. Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part that

upon motion by a party or by the person from who discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from ... undue burden or expense, including ... that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

FED. R. CIV. P. 26(c). Although Rule 26 does not explicitly authorize the imposition of a stay of discovery, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.C.2001); see also Sprague v. Brook, 149 F.R.D. 575, 578 (N.D.Ill.1993); Hachette Distrib., Inc. v. Hudson County News Co., 136 F.R.D. 356, 358 (E.D.N.Y.1991) (citations omitted); Simpson v. Specialty Retail Concepts, 121 F.R.D. 261, 263 (M.D.N.C.1988). Furthermore, Rule 1 states that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1.

Nevertheless, a stay of discovery is not proper in every circumstance. For example, a stay of discovery "is rarely appropriate when the pending motion will not dispose of the entire case." Chavous, 201 F.R.D. at 3 (quoting Keystone Coke Co. v. Pasquale, No. Civ. A. 97-6074, 1999 WL 46622, at *1 (E.D.Pa.

Jan.7, 1999)). A trial court also "should not stay discovery which is necessary to gather facts in order to defend against [a] motion [to dismiss]." Id. (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D.Fla.1997). Furthermore, a trial court must consider whether the party seeking the discovery will be prejudiced by the delay. See id. at 3-4; Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y.2002) (finding that a stay of discovery was proper where plaintiff failed to demonstrate prejudice by a stay).

In this case, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, if granted, would dispose of the entire case before the federal court. On its face, the defendants' motion to dismiss appears to this court as if it has merit and is likely to be granted. Nichols has already filed a response in opposition to the defendants' motion to dismiss and has not argued that she would be unable to defend that motion in the absence of Dr. Ungab's deposition testimony. Additionally, a stay would not prejudice any party in this case because all discovery and dispositive motion deadlines, as well as the trial date, have been suspended due to the addition of Dr. Ungab and Bartlett-Raleigh as defendants to this litigation.

*3 Accordingly, in the interest of judicial economy, the defendants' request for a protective order is granted in that all discovery in this action is stayed until resolution of the joint motion to dismiss for lack of jurisdiction. The stay will be lifted only upon a showing to the court that particular discovery would be needed to further respond to the motion to dismiss or upon the court's ruling on the motion to dismiss.

IT IS SO ORDERED.

W.D.Tenn.,2004.
Nichols v. Baptist Memorial Hosp., Inc.
Not Reported in F.Supp.2d, 2004 WL 2905406 (W.D.Tenn.)

Briefs and Other Related Documents (Back to top)

• 2:02CV02561 (Docket) (Jul. 17, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.