IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., ) ) | |
| Plaintiff, ) | Civil Action No. 04-1436 JJF |
| v. ) | |
| EASTMAN KODAK COMPANY, et al., ) | |
| Defendants. ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER COMPELLING DEFENDANT EASTMAN KODAK COMPANY TO SUBSTANTIVELY RESPOND TO PLAINTIFF'S OUTSTANDING DISCOVERY REQUESTS AND TO MOVE FORWARD WITH OWNERSHIP-RELATED DISCOVERY IN THIS CASE

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") moves this Court[1] for an Order compelling Defendant Eastman Kodak Company ("Kodak") to produce documents and substantive answers to St. Clair's outstanding document requests and interrogatories related to ownership of the patents-in-suit and to move forward, as all of the other Defendants in this case have agreed, with ownership-related discovery in this case.[2] St. Clair properly served ownership-related written discovery requests on all Defendants on June 24, 2005 and began serving deposition notices on third party witnesses last week. (*See* D.I. 77-84) Kodak, however, has repeatedly refused to produce **any** relevant documents or information despite Kodak's claims that it is the actual owner of St. Clair's patents by virtue of a May 20, 2005 Asset Purchase Agreement with Mirage. After months of formal and informal requests from St. Clair, Kodak disclosed that document on January 13, 2006 in the California action, yet refuses to produce it in this case (which was filed long before Mirage's tag-along California case)

---

[1] As required under Civil Local Rule 7.1.1., counsel for St. Clair have made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in this Motion, but were unable to resolve these issues. *See* Ex. 1, 12/22/05 Lambert Ltr.; Ex. 2, 12/30/05 Summersgill Ltr.; Ex. 3, 1/4/06 Lambert Ltr.; Ex. 4, 1/6/06-1/9/06 E-mail string; Ex. 7, 1/13/06 Ward Ltr.; Ex. 9, 1/24/06 Lambert Ltr.; Ex. 10, 1/24/06 Schutz Ltr.; and Ex. 11, 1/25/06 Ward Ltr. attached to the Affidavit of Patricia J. McGonigle attached herewith (McGonigle Aff.).

[2] Pursuant to Civil Local Rules 5.4(c) and 37.1, St. Clair has attached true and correct copies of the following discovery at issue in this Motion: (1) Ex. 12, Defendant Eastman Kodak Company's Response to Plaintiff's First Request for Production of Documents; (2) Ex. 13, Defendant Eastman Kodak Company's Response to Plaintiff's Second Request for Production of Documents; (3) Ex. 14, Defendant Eastman Kodak Company's Answers to Plaintiff's First Set of Interrogatories; and (4) Ex. 15, Defendant Eastman Kodak Company's Answers to Plaintiff's Second Set of Interrogatories.

and refuses to allow St. Clair to even inform this Court of its terms. As such, St. Clair can only discuss the few details that have been publicly disclosed by Kodak and/or Mirage until St. Clair's Motion for Leave to File Under Seal is addressed.[3] It is an understatement to say that this document, and potentially hundreds of others related to it, are directly responsive to St. Clair's outstanding requests, are relevant to this case in Delaware and may be of great interest to this Court. Kodak's calculated attempts to avoid its obligations in Delaware and to keep this Court and St. Clair in the dark must end and Kodak should be compelled to produce substantive responses to all of St. Clair's outstanding discovery and to move forward with ownership-related discovery in this case.

## BACKGROUND

St. Clair filed this patent infringement lawsuit on November 9, 2004 (D.I. 1) and Kodak answered St. Clair's Complaint almost a year ago on January 27, 2005 (D.I. 7). The parties had their Rule 26(f) conference in May 2005 and were negotiating a Proposed Scheduling Order during that month. Then, on May 19, 2005, one day before Kodak entered into an Asset Purchase Agreement to buy Mirage's "rights" in the patents-in-suit, all Defendants filed a Motion to Stay Pending Resolution of the Patent Ownership Dispute, favoring the California case. (D.I. 31). St. Clair responded to that Motion by agreeing that ownership discovery should go forward in a bifurcated sequence, but it should proceed in Delaware instead. (D.I. 40). Every Defendant except Kodak agreed and amended their Motion. (D.I. 45). St. Clair accordingly served narrowly-tailored ownership-related discovery on all Defendants on June 24, 2005. (Exs. 12-15). Erroneously believing that their Motion to Stay absolved them of all discovery obligations, Defendants objected to all of the ownership-related discovery St. Clair served on July 24, 2005 and wrongly refused to produce any documents, including the Asset Purchase Agreement dated May 20, 2005, in this action. (*Id.*) After months of formal and informal requests for the Agreement, Kodak's refusal to produce it continued even after it based a Motion for Substitution in this Court on that very document. (D.I. 14, Civ. Action No. 1:05-

---

[3] Since Kodak will not allow St. Clair to attach the Agreement to this Motion, St. Clair has filed a Motion for Leave to File a Supplemental Brief and Attached Document Under Seal.

cv-00273-JJF). While continuing its pursuit of Kodak's "deal" documents, St. Clair also spent the Summer and Fall of 2005 combating Kodak/Mirage's attempts to avoid litigation in Delaware and appearing before the Special Master in the extensive investigative sanctions proceedings in the Canon and Fuji cases. Meanwhile, Kodak ignored St. Clair's requests, forcing St. Clair to press Kodak for its overdue discovery responses. (Exs. 1, 2, 3, 4, 7, 9, 10, 11.) The parties met and conferred on January 9, 2006 to discuss the outstanding discovery responses and all Defendants except Kodak agreed to respond to St. Clair's outstanding discovery and go forward with all ownership discovery in this case. (Exs. 5, 6, 16, 8, 9). Kodak, however, moved for a protective order to prevent any discovery from occurring in this case, just days after it produced the Asset Purchase Agreement to St. Clair on January 13, 2006 for "limited" use in the California action only. (D.I. 85). St. Clair opposes Kodak's motion and moves this Court to compel ownership-related discovery, including written discovery and depositions.

## ARGUMENT

### I. KODAK MUST RESPOND TO ST. CLAIR'S DISCOVERY REQUESTS AND MOVE FORWARD WITH OWNERSHIP-RELATED DISCOVERY IN THIS CASE.

Kodak's tactics in hiding the ball and avoiding proper discovery in this first-filed case has paralyzed this litigation, has unfairly prejudiced St. Clair, is contrary to the law, and must not be permitted. To begin with, this case—not the California case—was filed **first**. Ownership of the patents was at issue in Delaware **first**. Indeed, long before Mirage's California action was brought, Mirage worked in secret cooperation with Canon to challenge St. Clair's ownership of the patents in the District of Delaware action. The parties in this case agreed to move ownership discovery forward in this case **first**. St. Clair served its discovery in this case back in June 2005. Kodak has no basis to withhold any responses to discovery in this case and its attempts to avoid discovery by challenging this Court's jurisdiction should be seen for what they are: calculated efforts to hide its scheme with Mirage and avoid the rightful glare of this Court.

Second, Kodak, by virtue of its claimed position as alleged "owner" of the rights to the

patents-in-suit, must be required to engage in discovery regarding its allegations of ownership in this case so that St. Clair discover evidence to disprove elements of Kodak's claims. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Kodak, for example, has flaunted its Asset Purchase Agreement to other parties, to St. Clair, to this Court in its Motion for Substitution, and in California, yet refuses to allow St. Clair to discover it in this litigation. Instead, Kodak's bold-yet-unsubstantiated claims regarding ownership, coupled with refusal to participate in discovery, have stalled all progress in St. Clair's settlement discussions, have diverted all attention away from St. Clair's patent infringement cases, and have hijacked St. Clair's business in general. Ownership must be determined in this case and the Agreement, and discovery on the ownership issue must proceed in order to "secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1. Kodak should be compelled to answer ownership interrogatories, produce all documents or information that pertain to ownership of the patents-in-suit, and proceed with ownership-related depositions.

## CONCLUSION

For the foregoing reasons, St. Clair respectfully requests that its Motion for an Order Compelling Defendant Eastman Kodak Company to Produce Responses to Plaintiff's Outstanding Discovery Requests and to Move Forward with Ownership Discovery in this Case be granted.

Dated: January 26, 2006.
Of Counsel:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By: /s/ Patricia P. McGonigle
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
**Attorneys for St. Clair Intellectual Property Consultants, Inc.**

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 26th day of January 2006, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Patricia P. McGonigle
───────────────────────────
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

51868 v1