# EXHIBIT 1

MILLER & CHEST

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

CARRIE M. LAMBERT
612-349-8292

December 22, 2005

**VIA FACSIMILE AND MAIL**

William F. Lee                          Paul M. Lukoff
Mark D. Selwyn                          David E. Brand
Louis W. Tompros                        Prickett, Jones & Elliott, P.A.
Wilmer Cutler Pickering                 1310 King Street
  Hale and Dorr LLP                      P.O. Box 1328
60 State Street                         Wilmington, DE 19899
Boston, MA 02109

William P. DiSalvatore
Karen K. Khoo
Nora Q.E. Passamaneck
Wilmer Cutler Pickering
  Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

> Re:  *St. Clair Intellectual Property Consultants, Inc. v.*
>      *Samsung Electronics Co. et. al*
>      Our File No.: 121865.0011

Dear Counsel:

I am writing in regard to Kodak's failure to respond to St. Clair's discovery requests in the above-referenced action. As you know, this case was filed over a year ago, on November 8, 2004. After all Defendants finally answered St. Clair's First Amended Complaint, St. Clair served its First Set of Interrogatories and its First Set of Requests for Documents and Things on June 24, 2005. Kodak served its response to St. Clair's first sets of discovery requests on July 25, 2005. Kodak did not, however, actually respond to St. Clair's requests. Instead, Kodak improperly asserted, in addition to the litany of standard objections, that discovery was premature given Defendants' pending Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc. (D.I. 31).

KODAK Counsel
December 22, 2005
Page 2

St. Clair's discovery requests seek relevant and discoverable information, and this information must be produced so this matter can proceed without further delay. As just one example, our first sets of requests were narrowly tailored to discover information relevant to the ownership defense, and Kodak has admitted that it has responsive information and documents in its possession and control. In fact, as the basis for its motion to substitute in both the *St. Clair v. Mirage* (05-273-JJF (D. Del.)) and *Mirage v. Speasl* (1-05-CV-039164 (Cal Sup. Ct.)) actions, for example, Kodak has represented to the Court that it is the owner of Mirage's purported "rights" to the patents-in-suit. Any agreements between Kodak and Mirage would be relevant to at least Interrogatory No. 1 and Requests for Production Nos. 1, 2, 3, 4, and 11.

Kodak must immediately respond to St. Clair's discovery requests set forth in its First Set of Interrogatories and First Set of Requests for Documents and Things. A pending motion is not an excuse to ignore basic discovery rules. In the District of Delaware, "unless and until it is granted a stay, [a party] should be required to conduct discovery as if no motion had been filed at all." *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

We have made numerous requests for this information in correspondence with you. To date, our requests have been ignored. It is inexcusable that Kodak has not responded to St. Clair's repeated requests—especially in light of our very narrowly tailored discovery in this matter. St. Clair therefore asks that you submit substantive responses to its discovery requests by January 3, 2006 or St. Clair will be forced to seek appropriate relief from the Court.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Carrie M. Lambert

CML/scg

cc:    Sharon R. Barner          John M. Desmarais
       Sheldon Karon             Gregory S. Arovas
       Marianne C. Holzhall      Thomas D. Pease
       Naikang Tsao              Jordan N. Malz
       Bruce D. Kuyper           Josy W. Ingersoll
       Richard L. Horwitz        John W. Shaw
       David E. Moore            Karen E. Keller
       Stuart Lubitz             John E. Daniel
       Laurence H. Pretty        Donald L. Rhoads
       David A. Ben-Meir         Vito J. DeBari
       Steven J. Balick          Jack B. Blumenfeld
       John G. Day               George H. Seitz III
       Tiffany Geyer Lydon

MP3 20161744.1

# EXHIBIT 2

```
12/30/2005 14:11 FAX  212 230 8888      WILMER CUTLER PICKERING            @ 001/004
```

# WILMERHALE

Date December 30, 2005

| | | |
|---|---|---|
| To Ms. Carrie M. Lambert, Esq.<br>Ronald J. Schutz, Esq.<br>Jake M. Holdreith, Esq.<br>Becky R. Thorson, Esq.<br>Robins, Kaplan, Miller & Ciresi, LLP | Fax<br>Tel | (612) 339-4181<br>(612) 349-8500 |
| Richard L. Horwitz, Esq.<br>David E. Moore, Esq.<br>Potter Anderson & Corroon LLP | Fax<br>Tel | (302) 658-1192<br>(302) 984-6027 |
| Sharon R. Barner, Esq.<br>Sheldon Karon, Esq.<br>Marianne C. Holzhall, Esq.<br>Foley & Lardner LLP | Fax<br>Tel | (312) 832-4700<br>(312) 832-4569 |
| Bruce Kuyper, Esq.<br>Latham & Watkins LLP | Fax<br>Tel | (213) 891-8763<br>(213) 485-1234 |
| Steven J. Balick, Esq.<br>John G. Day, Esq.<br>Tiffany Geyer Lydon, Esq.<br>Ashby & Geddes | Fax<br>Tel | (302) 654-2067<br>(302) 654-1888 |
| Jack B. Blumenfeld, Esq.<br>Morris, Nichols, Arsht & Tunnell | Fax<br>Tel | (302) 658-3989<br>(302) 658-9200 |
| John M. Desmarais, Esq.<br>Gregory S. Arovas, Esq.<br>Jordan N. Malz, Esq.<br>Thomas D. Pease, Esq. | Fax<br>Tel | (212) 446-4900<br>(212) 446-4739 |

This facsimile transmission is confidential and may be privileged. If you are not the intended recipient, please immediately call the sender or, if the sender is not available, call + and destroy all copies of this transmission. If the transmission is incomplete or illegible, please call the sender or, if the sender is not available, call +. Thank you.

WILMERHALE

Kirkland & Ellis LLP

| | | |
|---|---|---|
| Josy W. Ingersoll, Esq. | Fax | (302) 571-1253 |
| John W. Shaw, Esq | Tel | (302) 571-6672 |
| Karen E. Keller, Esq. | | |
| Young Conaway Stargatt & Taylor LLP | | |
| | | |
| Paul M. Lukoff, Esq. | Fax | (302) 888-6331 |
| David E. Brand, Esq. | Tel | (302) 888-6500 |
| Prickett, Jones & Elliott, P.A. | | |
| | | |
| George H. Seitz, III, Esq. | Fax | (302) 888-0606 |
| James S. Green, Esq. | Tel | (302) 888-0600 |
| Patricia P. McGonigle, Esq. | | |
| Seitz, Van Ogtrop & Green, PA | | |
| | | |
| Stuart Lubitz, Esq. | Fax | (213) 337-6701 |
| Laurence H. Pretty, Esq. | Tel | (213) 337-6700 |
| David A. Ben-Meir, Esq. | | |
| | | |
| John E. Daniel, Esq. | Fax | (212) 715-8195 |
| Donald L. Rhoads, Esq. | Tel | (212)715-9195 |
| Vito J. DeBari, Esq. | | |

cc

From  Nora Q.E. Passamaneck, Esq.          Pages  (including cover)  4

Re

12/30/2005 14:11 FAX  212 230 8888        WILMER CUTLER PICKERING              ☑003/004

WILMERHALE

Michael J. Summeragill

+1 617 526 6761 (t)
+1 617 526 5000 (f)
michael.summeragill@wilmerhale.com

December 30, 2005

**Via Facsimile and U.S. Mail**

Carrie M. Lambert, Esq.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re: *St. Clair Intellectual Property Consultants, Inc. v. Samsung et al.*

Dear Carrie:

This is in response to your December 22, 2005 letter regarding St. Clair's discovery requests in the above-referenced action.

Regarding the status and pace of this action, we note that Kodak answered St. Clair's amended complaint on January 27, 2005, after which St. Clair allowed several extensions such that all of the defendants did not answer until April 29, 2005. Soon after, on May 19, 2005, defendants jointly filed a motion to stay this action pending resolution of the ownership dispute between St. Clair and Mirage. Then, on May 23, 2005, St. Clair and Defendants submitted separate letters and proposed scheduling orders to the Court. These separate letters and proposals were necessary because of the parties' very different positions on how this action should proceed. In its letter to the Court, defendants specifically stated that they "believe that a schedule should not be entered until a threshold issue of standing – the subject of Defendants' pending motion to stay this action – has been resolved." In light of these issues, on July 25, 2005, Kodak responded to St. Clair's First Set of Discovery Requests and explained that it did not believe discovery was appropriate at this time. St. Clair raised no objection to Kodak's position until your December 22, 2005 letter. Indeed, contrary to your statement that "we have made numerous requests for this information in correspondence with you," your December 22, 2005 letter was the first time St. Clair has requested any further response to its discovery requests.

In the absence of either a ruling on the motion to stay or the entry of a scheduling order, we believe that proceeding with discovery is premature and could result in a waste of the Court's and

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Baltimore  Beijing  Berlin  Boston  Brussels  London  Munich  New York  Northern Virginia  Oxford  Palo Alto  Waltham  Washington

US1DOCS 5445094v1

WILMERHALE

Carvie M. Lambert
December 30, 2005
Page 2

the parties' resources. However, since the other defendants have requested a meet and confer
pursuant to Local Rule 7.1.1, we would like to participate in any meeting and further discuss
these issues.

Very truly yours,

*Michael J. Summersgill*    EM

Michael J. Summersgill

cc: Ronald J. Schutz, Esq.                Stuart Lubitz, Esq.
    Jake M. Holdreith, Esq.               Laurence H. Pretty, Esq
    Becky R. Thorson, Esq.                David A. Ben-Meir, Esq.
    Kimberly G. Miller, Esq.              Steven J. Balick, Esq.
    George H. Seitz III, Esq.             John G. Day, Esq,
    James S. Green, Esq.                  Tiffany Geyer Lydon, Esq.
    Patricia P. McGonigle, Esq.           John M. Demarais, Esq.
    David E. Brand, Esq.                  Gregory S. Arovas, Esq.
    Sharon R. Barner, Esq.               Thomas D. Pease, Esq.
    Sheldon Karon, Esq.                   Jordan N. Malz, Esq.
    Marianne C. Holzhall, Esq.            Josy W. Ingersoll, Esq.
    Naikang Tsao, Esq.                    John W. Shaw, Esq.
    Bruce D. Kuyper, Esq.                 Karen E. Keller, Esq.
    Richard L. Horwitz, Esq.             John B. Daniel, Esq.
    David E. Moore, Esq.                  Donald L. Rhoads, Esq.
    Vito J. DeBari, Esq.                  Jack B. Blumenfeld, Esq.

# EXHIBIT 3

ROBINS KAPLAN MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

CARRIE M. LAMBERT
612-349-8292

January 4, 2006

**VIA FAX AND FEDERAL EXPRESS**

William F. Lee
Mark D. Selwyn
Louis W. Tompros
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109

William P. DiSalvatore
Karen K. Khoo
Nora Q.E. Passamaneck
Wilmer Cutler Pickering
  Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
Foley & Lardner LLP
321 N. Clark St., #2800
Chicago, IL 60610-4764

Naikang Tsao
Foley & Lardner LLP
150 East Gilman St.
Verex Plaza
Madison, WI 53703

Bruce D. Kuyper
Latham & Watkins LLP
633 W. Fifth St., Suite 4000
Los Angeles, CA 90071

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

Stuart Lubitz
Laurence H. Pretty
David A. Ben-Meir
Hogan & Hartson LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Samsung Defendants' Counsel
January 4, 2006
Page 2

John M. Desmarais                          John E. Daniel
Gregory S. Arovas                          Donald L. Rhoads
Thomas D. Pease                            Vito J. DeBari
Jordan N. Malz                             Kramer Levin Naftalis
Kirkland & Ellis LLP                        & Frankel LLP
153 East 53rd Street                       1177 Avenue of the Americas
New York, NY 10022                         New York, NY 10036

Josy W. Ingersoll                          Jack B. Blumenfeld
John W. Shaw                               Morris, Nichols, Arsht & Tunnell
Karen E. Keller                            1201 N. Market Street
Young Conaway Stargatt & Taylor, LLP       P. O. Box 1347
The Brandywine Building                    Wilmington, DE 1989
1000 West Street, 17th Floor
Wilmington, DE 19899


         Re:    *St. Clair Intellectual Property Consultants, Inc. v.*
                *Samsung Electronics Co. et al.*
                Our File No.: 121865.0011

Dear Counsel:

In response to the letters we received from Mr. Malz, Mr. Pretty and Mr. Summersgill dated December 30, 2005 regarding Defendants' outstanding discovery responses in the above-referenced matter, we propose Monday, January 9, 2006 at 1:00 p.m. C.S.T. for a meet-and-confer discussion between the parties. If everyone is available at that time, I will arrange for and circulate a call-in number for the conference. Please let me know as soon as possible if this proposal is agreeable to you.

I look forward to hearing from you.

                              Very truly yours,

                              ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                              Carrie M. Lambert

CML/scg

    cc:    George H. Seitz III


MP3 20163058.1

```
** JOB STATUS REPORT **              AS OF  JAN 04 2006 16:50    PAGE. 01

                                            R. K. M. & C.  LLP

        JOB #358

        DATE   TIME         TO/FROM       MODE   MIN/SEC   PGS   STATUS
  001  1/04  16:31        12129377300    G3--S   00'58"    003   OK
  002        16:32        16175265000    EC--S   00'52"    003   OK
  003        16:34        13026581192    EC--S   00'26"    003   OK
  004        16:35        13128324700    EC--S   00'26"    003   OK
  005        16:36        12138918763    G3--S   01'04"    003   OK
  006        16:37        12133376701    EC--S   00'33"    003   OK
  007        16:38        13026542067    EC--S   00'31"    003   OK
  008        16:39        12127158195    G3--S   01'16"    003   OK
  009        16:41        13026583989    EC--S   00'52"    003   OK
  010        16:43        12124464900    EC--S   00'34"    003   OK
  011        16:44        13025763301    EC--S   02'01"    003   OK
  012        16:46        13026588111    EC--S   00'52"    003   OK
  013        16:48        13028880606    G3--S   01'31"    003   OK
```

# ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LaSALLE PLAZA
800 LaSALLE AVENUE
MINNEAPOLIS, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

**ATTORNEYS AT LAW**

FROM:  Carrie M. Lambert

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

DATE:  January 4, 2006

TO:

| NAME: | NAME | .NAME: |
|---|---|---|
| William P. DiSalvatore, Esq. | Bruce D. Kuyper , Esq. | Jack B. Blumenfeld, Esq. |
| Caren K. Khoo, Esq. | **Fax:** 213.891.8763 | **Fax:** 302.658.3989 |
| Nora Q.E. Passamaneck, Esq. | Phone: 213.891.8001 | Phone: 302.658.9200 |
| **Fax:** 212.937.7300 | | |
| Phone: 212.937.7202 | Stuart Lubitz, Esq. | John M. Desmarais, Esq. |
| | Laurence H. Pretty, Esq. | Gregory S. Arovas, Esq. |
| | David A. Ben-Meir, Esq. | Jordan N. Malz, Esq. |
| William F. Lee, Esq. | **Fax:** 213.337.6701 | Thomas D. Pease, Esq. |
| Mark D. Selwyn, Esq. | Phone: 213.337.6700 | **Fax:** 212.446.4900 |
| Loouis W. Tompros, Esq. | | Phone: 212.446.4739 |
| **Fax:** 617.526.5000 | | |
| Phone: 617.526.6556 | Steven J. Balick, Esq. | |
| | John G. Day, Esq. | Josy W. Ingersoll, Esq. |
| | Tiffany Geyer Lydon, Esq. | John W. Shaw, Esq. |
| Richard L. Horwitz, Esq. | **Fax:** 302.654.2067 | Karen E. Keller, Esq. |
| David E. Moore, Esq. | Phone: 302.654.1888 | **Fax:** 302.576.3301 |
| **Fax:** 302.658.1192 | | Phone: 302.571.6600 |
| Phone: 302.658.6027 | | |
| | John E. Daniel, Esq. | Paul M. Lukoff, Esq. |
| | Donald L. Rhoads, Esq. | David E. Brand, Esq. |
| Sharon R. Barner, Esq. | Vito J. DeBari, Esq. | **Fax:** 302.658.8111 |
| Sheldon Karon, Esq. | **Fax:** 212.715.8195 | Phone: 302.888.6500 |
| Marianne C. Holzhall, Esq. | Phone: 212.715.9195 | |
| **Fax:** 312.832.4700 | | |
| Phone: 312.832.4500 | | George Seitz, Esq. |
| | | **Fax:** 302.888.0606 |
| | | Phone: 302.888.0600 |

FILE NO.:    121865.0011

NUMBER OF PAGES INCLUDING COVER SHEET: 3

If transmission problems occur, or you are not the intended recipient, please call 612-349-8730 or contact Sharon George at 612.349.8216.



ATLANTA     BOSTON     LOS ANGELES     | MINNEAPOLIS |     NAPLES     SAINT PAUL     SANTA ANA     WASHINGTON, D.C.

# EXHIBIT 4

Re: St. Clair v. Samsung et al.                                                    Page 1 of 3

## George, Sharon C.

| | |
|---|---|
| **From:** | Lambert, Carrie M. |
| **Sent:** | Monday, January 09, 2006 10:48 AM |
| **To:** | Passamaneck, Nora; JDaniel@KRAMERLEVIN.com; Lee, William; Selwyn, Mark; Tompros, Louis; Summersgill, Michael; caren.khoo@wilmerhale.com; pmlukoff@prickett.com; debrand@prickett.com; sbarner@foley.com; skaron@foley.com; mholzhall@foley.com; ntsao@foley.com; bruce.kuyper@lw.com; rhorwitz@potteranderson.com; dmoore@potteranderson.com; slubitz@hhlaw.com; lhpretty@hhlaw.com; dhben-meir@hhlaw.com; sballck@ashby-geddes.com; jday@ashby-geddes.com; jdesmarais@kirkland.com; garovas@kirkland.com; tpease@kirkland.com; jmalz@kirkland.com; jingersoll@ycst.com; jshaw@ycst.com; kkeller@ycst.com; DRhoads@KRAMERLEVIN.com; VDeBari@KRAMERLEVIN.com; jblumenfeld@mnat.com |
| **Cc:** | Schutz, Ronald J.; Holdreith, Jake M.; Thorson, Becky R. |
| **Subject:** | RE: St. Clair v. Samsung et al. |

Counsel:
The meet-and-confer has been changed to 1:30 p.m. C.S.T. The call-in number and passcode remain the same (see e-mail below). Thanks.
-Carrie

---

**From:** Passamaneck, Nora [mailto:Nora.Passamaneck@wilmerhale.com]
**Sent:** Friday, January 06, 2006 5:56 PM
**To:** Lambert, Carrie M.; JDaniel@KRAMERLEVIN.com; Lee, William; Selwyn, Mark; Tompros, Louis; Summersgill, Michael; karen.khoo@wilmerhale.com; pmlukoff@prickett.com; debrand@prickett.com; sbarner@foley.com; skaron@foley.com; mholzhall@foley.com; ntsao@foley.com; bruce.kuyper@lw.com; rhorwitz@potteranderson.com; dmoore@potteranderson.com; slubitz@hhlaw.com; lhpretty@hhlaw.com; dhben-meir@hhlaw.com; sballck@ashby-geddes.com; jday@ashby-geddes.com; jdesmarais@kirkland.com; garovas@kirkland.com; tpease@kirkland.com; jmalz@kirkland.com; jingersoll@ycst.com; jshaw@ycst.com; kkeller@ycst.com; DRhoads@KRAMERLEVIN.com; VDeBari@KRAMERLEVIN.com; jblumenfeld@mnat.com
**Cc:** Schutz, Ronald J.; Holdreith, Jake M.; Thorson, Becky R.
**Subject:** Re: St. Clair v. Samsung et al.

The time change is fine with Kodak.
Regards,
Nora
------------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Lambert, Carrie M. <CMLambert@rkmc.com>
To: Daniel, John E. <JDaniel@KRAMERLEVIN.com>; Lee, William <William.Lee@wilmerhale.com>; Selwyn, Mark <Mark.Selwyn@wilmerhale.com>; Tompros, Louis <Louis.Tompros@wilmerhale.com>; Summersgill, Michael <Michael.Summersgill@wilmerhale.com>; karen.khoo@wilmerhale.com <karen.khoo@wilmerhale.com>; Passamaneck, Nora <Nora.Passamaneck@wilmerhale.com>; pmlukoff@prickett.com <pmlukoff@prickett.com>; debrand@prickett.com <debrand@prickett.com>; sbarner@foley.com <sbarner@foley.com>; skaron@foley.com <skaron@foley.com>; mholzhall@foley.com <mholzhall@foley.com>; ntsao@foley.com <ntsao@foley.com>; bruce.kuyper@lw.com <bruce.kuyper@lw.com>; RHorwitz@potteranderson.com <RHorwitz@potteranderson.com>; dmoore@potteranderson.com <dmoore@potteranderson.com>; slubitz@hhlaw.com <slubitz@hhlaw.com>; lhpretty@hhlaw.com <lhpretty@hhlaw.com>; dhben-meir@hhlaw.com <dhben-meir@hhlaw.com>; sballck@ashby-geddes.com <sballck@ashby-geddes.com>; jday@ashby-geddes.com <jday@ashby-geddes.com>; jdesmarais@kirkland.com <jdesmarais@kirkland.com>; garovas@kirkland.com <garovas@kirkland.com>; tpease@kirkland.com <tpease@kirkland.com>; jmalz@kirkland.com <jmalz@kirkland.com>; jingersoll@ycst.com <jingersoll@ycst.com>; jshaw@ycst.com <jshaw@ycst.com>; kkeller@ycst.com <kkeller@ycst.com>; Rhoads, Donald L. <DRhoads@KRAMERLEVIN.com>; DeBari, Vito J. <VDeBari@KRAMERLEVIN.com>; jblumenfeld@mnat.com <jblumenfeld@mnat.com>
CC: Schutz, Ronald J. <RJSchutz@rkmc.com>; Holdreith, Jake M. <JMHoldreith@rkmc.com>; Thorson, Becky R. <BRThorson@rkmc.com>

1/9/2006

Re: St. Clair v. Samsung et al.                                          Page 2 of 3

Sent: Fri Jan 06 17:46:53 2006
Subject: RE: St. Clair v. Samsung et al.

>>>> Please read the confidentiality statement below <<<<

If the other parties confirm that they can attend at 1:30 p.m., we can switch it to that time.  Please let me know if that is agreeable to
all parties as soon as possible.

————

From: Daniel, John E. [mailto:JDaniel@KRAMERLEVIN.com]
Sent: Friday, January 06, 2006 4:28 PM
To: Lambert, Carrie M.; william.lee@wilmerhale.com; mark.selwyn@wilmerhale.com; louis.tompros@wilmerhale.com;
michael.summersgill@wilmerhale.com; karen.khoo@wilmerhale.com; nora.passamaneck@wilmerhale.com; pmlukoff@prickett.com;
debrand@prickett.com; sbarner@foley.com; skaron@foley.com; mholzhall@foley.com; ntsao@foley.com; bruce.kuyper@lw.com;
rhorwitz@potteranderson.com; dmoore@potteranderson.com; slubitz@hhlaw.com; lhpretty@hhlaw.com; dhben-meir@hhlaw.com;
sbalick@ashby-geddes.com; jday@ashby-geddes.com; jdesmarais@kirkland.com; garovas@kirkland.com; tpease@kirkland.com;
jmalz@kirkland.com; jingersoll@ycst.com; jshaw@ycst.com; kkeller@ycst.com; Rhoads, Donald L.; DeBari, Vito J.;
jblumenfeld@mnat.com
Cc: Schutz, Ronald J.; Holdreith, Jake M.; Thorson, Becky R.
Subject: RE: St. Clair v. Samsung et al.


Nokia will attend but would like to do it at 1:30. Thanks.

-----Original Message-----
From: Lambert, Carrie M. [mailto:CMLambert@rkmc.com]
Sent: Friday, January 06, 2006 5:11 PM
To: william.lee@wilmerhale.com; mark.selwyn@wilmerhale.com; louis.tompros@wilmerhale.com;
michael.summersgill@wilmerhale.com; karen.khoo@wilmerhale.com; nora.passamaneck@wilmerhale.com; pmlukoff@prickett.com;
debrand@prickett.com; sbarner@foley.com; skaron@foley.com; mholzhall@foley.com; ntsao@foley.com; bruce.kuyper@lw.com;
rhorwitz@potteranderson.com; dmoore@potteranderson.com; slubitz@hhlaw.com; lhpretty@hhlaw.com; dhben-meir@hhlaw.com;
sbalick@ashby-geddes.com; jday@ashby-geddes.com; jdesmarais@kirkland.com; garovas@kirkland.com; tpease@kirkland.com;
jmalz@kirkland.com; jingersoll@ycst.com; jshaw@ycst.com; kkeller@ycst.com; Daniel, John E.; Rhoads, Donald L.; DeBari, Vito
J.; jblumenfeld@mnat.com
Cc: Schutz, Ronald J.; Holdreith, Jake M.; Thorson, Becky R.
Subject: St. Clair v. Samsung et al.


>>>> Please read the confidentiality statement below <<<<


Dear Counsel:

Representatives for Matsushita, HP and Samsung have responded to my January 4, 2006 letter and have informed me that they are
available for a phone conference on Monday, January 9, 2006 at 1:00 p.m. C.S.T. to discuss the Defendants' outstanding discovery
responses.  Although I haven't heard from representatives for Nokia or Kodak yet, I made the following dial-in reservation:
Monday, January 9, 2006 at 1:00 p.m. CST

Call in number is: 1.866.244.8528

Passcode is: 948826

If any party is unable to attend this conference call, please let me know immediately so we can get another time scheduled as soon as
possible.

Sincerely,
Carrie Lambert

Carrie M. Lambert
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN  55402
Office phone:  (612) 349-8292

1/9/2006

Re: St. Clair v. Samsung et al.                                                      Page 3 of 3

E-mail address: <mailto:cmlambert@rkmc.com> cmlambert@rkmc.com

<http://www.rkmc.com/>

---

Information contained in this e-mail transmission is privileged,
confidential and covered by the Electronic Communications
Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute,
or reproduce this transmission.

If you have received this e-mail transmission in error, please
notify us immediately of the error by return email and please
delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal
Revenue Service, any tax advice contained in this
communication (including any attachments) is not intended
to be used, and cannot be used, for purposes of (i) avoiding
penalties imposed under the U. S. Internal Revenue Code
or (ii) promoting, marketing or recommending to another
person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

---

John E. Daniel

Partner
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: 212-715-9195
Fax: 212-715-8195
Email: JDaniel@KRAMERLEVIN.com
http://www.kramerlevin.com <http://www.kramerlevin.com/>

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that
is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If
you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of
the original communication. Thank you for your cooperation.

1/9/2006

# EXHIBIT 5

R████ ████AN, MILLER & CRES█████

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

CARRIE M. LAMBERT
612-349-8292
cmlambert@rkmc.com

January 9, 2006

## VIA FAX AND FEDERAL EXPRESS

William F. Lee
Mark D. Selwyn
Louis W. Tompros
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109

William P. DiSalvatore
Karen K. Khoo
Nora Q.E. Passamaneck
Wilmer Cutler Pickering
  Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
Foley & Lardner LLP
321 N. Clark St., #2800
Chicago, IL 60610-4764

Naikang Tsao
Foley & Lardner LLP
150 East Gilman St.
Verex Plaza
Madison, WI 53703

Bruce D. Kuyper
Latham & Watkins LLP
633 W. Fifth St., Suite 4000
Los Angeles, CA 90071

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

Stuart Lubitz
Laurence H. Pretty
David A. Ben-Meir
Hogan & Hartson LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Samsung Defendants' Counsel
January 9, 2006
Page 2


Jordan N. Malz                              John E. Daniel
Gregory S. Arovas                           Donald L. Rhoads
Thomas D. Pease                             Vito J. DeBari
Kirkland & Ellis LLP                        Kramer Levin Naftalis
153 East 53rd Street                         & Frankel LLP
New York, NY 10022                          1177 Avenue of the Americas
                                            New York, NY 10036
Josy W. Ingersoll
John W. Shaw
Karen E. Keller                             Jack B. Blumenfeld
Young Conaway Stargatt & Taylor, LLP        Morris, Nichols, Arsht & Tunnell
The Brandywine Building                     1201 N. Market Street
1000 West Street, 17th Floor                P. O. Box 1347
Wilmington, DE 19899                        Wilmington, DE 1989


             Re:    *St. Clair Intellectual Property Consultants, Inc. v.*
                    *Samsung Electronics Co. et al.*
                    Our File No.: 121865.0011

Dear Counsel:

I am writing to follow-up on our meet and confer today regarding Defendants' outstanding
discovery responses. After considering the proposal raised by Samsung, Nokia, HP and MEI, St.
Clair will agree that discovery in the above-referenced case will be confined to issues relating to
the ownership of the patents-in-suit until Judge Farnan rules on the outstanding bifurcation and
stay motions. In exchange, St. Clair understands that the Defendants agree to serve complete and
substantive responses, not simply rote objections to all outstanding discovery requests served on
Defendants by St. Clair on a date to be agreed upon. We suggest January 23, 2006.

Please let me know by end of day tomorrow if you are agreeable to this approach.

                         Very truly yours,

                         Robins, Kaplan, Miller & Ciresi L.L.P.

                         *Carrie M. Lambert*
                         Carrie M. Lambert

CML/scg
cc:    George H. Seitz III

# EXHIBIT 6

# ▪FOLEY

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
VEREX PLAZA
150 EAST GILMAN STREET
MADISON, WI 53703-1481
POST OFFICE BOX 1497
MADISON, WI 53701-1497
TELEPHONE: 608.257.5035
FACSIMILE: 608.258.4258
WWW.FOLEY.COM

## FACSIMILE TRANSMISSION

ORIGINAL WILL BE SENT BY MAIL

Total # of Pages __4__ (including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| Carrie M. Lambert<br>Ronald J. Schutz<br>Jake M. Holdreith<br>Becky R. Thorson<br>Kimberly G. Miller<br>Robins, Kaplan, Miller & Ciresi LLP | (612) 349-8500 | (612) 339-4181 |
| William P. DiSalvatore<br>Caren K. Khoo<br>Nora Q.E. Passamaneck<br>Wilmer Cutler Pickering Hale and Dorr LLP | (212) 937-7202 | (212) 937-7300 |
| William F. Lee<br>Mark D. Selwyn<br>Louis W. Tompros<br>Wilmer Cutler Pickering Hale & Dorr LLP | (617) 526-6556 | (617) 526-5000 |
| Richard L. Horwitz<br>Potter Anderson & Corroon LLP | (302) 658-6027 | (302) 658-1192 |
| Sharon R. Barner<br>Sheldon Karon<br>Foley & Lardner LLP | (312) 832-4500 | (312) 832-4700 |
| Bruce D. Kuyper<br>Latham & Watkins LLP | (213) 891-8001 | (213) 891-8763 |
| Stuart Lubitz<br>Laurence H. Pretty<br>David A. Ben-Meir<br>Hogan & Hartson LLP | (213) 337-6700 | (213) 337-6701 |
| Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>Ashby & Geddes | (302) 654-1888 | (302) 654-2067 |



CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

JAN-10-06    16:21    FROM-Foley & Lardner LLP                 608-2584250              T-320  P.002/004  F-382

# **FOLEY**

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

## FACSIMILE TRANSMISSION

| | | |
|---|---|---|
| John E. Daniel<br>Donald L. Rhoads<br>Vito J. DeBari<br>Kramer Levin Naftalis & Frankel LLP | (212) 715-9195 | (212) 715-8195 |
| Jack B. Blumenfeld<br>Morris, Nichols, Arsht & Tunnell | (302) 658-9200 | (302) 658-3989 |
| Jordan N. Malz<br>Gregory S. Arovas<br>Thomas D. Pease<br>Kirkland & Ellis LLP | (212) 446-4739 | (212) 446-4900 |
| Josy W. Ingersoll<br>John W. Shaw<br>Karen E. Keller<br>Young Conaway Stargatt & Taylor, LLP | (302) 571-6600 | (302) 576-3301 |
| Paul M. Lukoff<br>David E. Brand<br>Prickett, Jones & Elliott, P.A. | (302) 888-6500 | (302) 658-8111 |
| George H. Seitz, III<br>Seitz, Van Ogtrop & Green, P.A. | (302) 888-0600 | (302) 888-0606 |

From :  Naikang Tsao

Email Address :  ntsao@foley.com

Sender's Direct Dial :  608.258.4250

Date :  January 10, 2006

Client/Matter No :  069014-0113

User ID No :  0561

**MESSAGE:**

If there are any problems with this transmission or if you have not
received all of the pages, please call 608.258.4252.

| Operator: | Time Sent: | Return Original To:<br>Ann L. Rake |
|---|---|---|



CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

JAN-10-06    16:21    FROM-Foley & Lardner LLP                608-2584258        T-320  P.003/004  F-382

# FOLEY

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

VEREX PLAZA
150 EAST GILMAN STREET
MADISON, WI 53703-1481
POST OFFICE BOX 1497
MADISON, WI 53701-1497
608.257.5035 TEL
608.258.4258 FAX
www.foley.com

WRITER'S DIRECT LINE
608.258.4280
ntaxo@foley.com EMAIL

CLIENT/MATTER NUMBER
069014-0113

January 10, 2006

VIA FACSIMILE AND U.S. MAIL

Carrie M. Lambert, Esq.
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re:    *St. Clair Intellectual Property Consultants, Inc. v. Samsung
Electronics Co. et al.*, C.A. No. 04-1436 (JFF) (D. Del.)

Dear Carrie:

This is in response to your January 9, 2006 letter, which was sent as a follow-up to our meet and confer conference yesterday. This letter represents the views of Defendant Hewlett-Packard Company, which we represent, and also the Defendants listed below.[1]

We agree with your statement that discovery in this case should "be confined to issues relating to the ownership of the patents-in-suit until Judge Farnan rules on the outstanding bifurcation and stay motions." We also agree to supplement our responses to St. Clair's outstanding discovery requests, subject to the following two caveats.

First, in some instances, St. Clair's document requests are sufficiently broad to cover attorney-client communications. For example, one request asks for: "All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit." Thus, we agree to supplement our responses to the extent that our prior objection to that discovery was based on Defendants' pending motion to stay. However, in cases where there are other objections (such as privilege), and no non-privileged documents exist, we intend to reassert those objections.

Second, we reserve the right to object to St. Clair's future ownership discovery, which we have yet to see. In other words, we are agreeing to provide substantive supplemental responses to St. Clair's outstanding discovery, subject to the assertion of core privileges, but are not

---

[1]  Counsel for Defendants Samsung Electronic Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation and Nokia, Inc. have indicated that their clients join in the positions expressed in this letter.

| BOSTON | JACKSONVILLE | NEW YORK | SAN DIEGO/DEL MAR | TAMPA |
|---|---|---|---|---|
| BRUSSELS | LOS ANGELES | ORLANDO | SAN FRANCISCO | TOKYO |
| CHICAGO | MADISON | SACRAMENTO | SILICON VALLEY | WASHINGTON, D.C. |
| DETROIT | MILWAUKEE | SAN DIEGO | TALLAHASSEE | WEST PALM BEACH |

MADI_612926.1

JAN-10-06   16:21   FROM-Foley & Lardner LLP           608-2594258          T-320  P.004/004  F-382

# ▪FOLEY

January 10, 2006
Page 2

waiving our right to make objections (only) to improper ownership discovery that may come
later (before the Court rules on the pending motions).

      Please let us know whether you are agreeable to this approach. If so, we propose that
Hewlett-Packard, Samsung, Nokia and MEI would supplement their initial discovery responses
by January 30, 2006.

                      Sincerely,

                      Naikang Tsao

NT:nt

cc:   Ronald J. Schutz               Steven J. Balick
      Jake M. Holdreith            John G. Day
      Becky R. Thorson           Tiffany Geyer Lydon
      Kimberly G. Miller          John E. Daniel
      William P. DiSalvatore     Donald L. Rhoads
      Caren K. Khoo             Vito J. DeBari
      Nora Q.E. Passamaneck    Jack B. Blumenfeld
      William F. Lee            Josy W. Ingersoll
      Mark D. Selwyn           John W. Shaw
      Louis W. Tompros         Karen E. Keller
      Richard L. Horwitz       Paul M. Lukoff
      Sharon R. Barner         David E. Brand
      Sheldon Karon            George H. Seitz III
      Bruce D. Kuyper          Jordan N. Malz
      Stuart Lubitz             Gregory S. Arovas
      Laurence H. Pretty       Thomas D. Pease
      David A. Ben-Meir

MADI_612925.1

# EXHIBIT 7

# WARD NORRIS HELLER & REIDY LLP

### ATTORNEYS AT LAW

300 STATE STREET
ROCHESTER, NEW YORK 14614
585.454.0700
Fax: 585.423.5910

Eric J. Ward
(585) 454-0714
ejw@wnhr.com

January 13, 2006

Ronald J. Schutz, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Lani R. Miller, Esq.
O'Melveny & Myers, LLP
1625 Eye Street NW
Washington, D.C.  20006-4001

> Re:    *Mirage Systems, Inc. v. St. Clair, et al.*
> *Ca. Superior Court (Santa Clara County) 1-05-CV-039164*

Dear Ron and Lani:

I have Ron's letters of January 4 and January 13, 2006.  We do not believe that Judge Jacobs-May's comments amount to an order.  As an accommodation, however, I enclose the Asset Purchase Agreement between Kodak and Mirage for production in the above-referenced matter (Bates Numbers CA 000001 - CA 000031).  We are producing this to you on the condition that the Agreement and the terms therein remain confidential, and limited to use by outside counsel in this action only.  In other words, neither the document nor its contents should be disclosed to your clients or any third parties.  Ultimately, I expect that there will be a protective order entered in this case, and this Agreement will be subject to that order.

I understand that several current and former of employees of Mirage, the inventor-defendants and the principals of St. Clair have given depositions and/or submitted declarations in actions commenced by St. Clair arising from the various patents that form the basis of this case.  In return for our production of the Asset Purchase Agreement, I ask that you forward to me immediately those transcripts, declarations and any documents to which they refer.  Thank you for your cooperation.

Very truly yours,

Eric J. Ward

Ronald J. Schutz, Esq.
Lani R. Miller, Esq.
January 13, 2006
Page 2


EJW/mmc
Enclosure

cc:     Joshua D. Baker, Esq.  (without encl.)
        Kenneth L. Nissly, Esq.  (without encl.)

# EXHIBIT 8

JAN-18-2006  09:18AM  FROM-FOLEY & LARDNER LLP                    8082584258        T-620  P.001/004  F-574

# ▪FOLEY

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
VEREX PLAZA
150 EAST GILMAN STREET
MADISON, WI 53703-1481
POST OFFICE BOX 1497
MADISON, WI 53701-1497
TELEPHONE: 608.257.5035
FACSIMILE: 608.258.4258
WWW.FOLEY.COM

## FACSIMILE TRANSMISSION

ORIGINAL WILL BE SENT BY MAIL

Total # of Pages ___4___ (including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| Carrie M. Lambert<br>Ronald J. Schutz<br>Jake M. Holdreith<br>Becky R. Thorson<br>Kimberly G. Miller<br>Robins, Kaplan, Miller & Ciresi LLP | (612) 349-8500 | (612) 339-4181 |
| Caren K. Khoo<br>Nora Q.E. Passamaneck<br>WilmerHale LLP | (212) 937-7202 | (212) 937-7300 |
| William F. Lee<br>Mark D. Selwyn<br>Michael J. Summersgill<br>Louis W. Tompros<br>WilmerHale LLP | (617) 526-6556 | (617) 526-5000 |
| Richard L. Horwitz<br>Potter Anderson & Corroon LLP | (302) 658-6027 | (302) 658-1192 |
| Sharon R. Barner<br>Sheldon Karon<br>Foley & Lardner LLP | (312) 832-4500 | (312) 832-4700 |
| Bruce D. Kuyper<br>Latham & Watkins LLP | (213) 891-8001 | (213) 891-8763 |
| Stuart Lubitz<br>Laurence H. Pretty<br>David A. Ben-Meir<br>Hogan & Hartson LLP | (213) 337-6700 | (213) 337-6701 |
| Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>Ashby & Geddes | (302) 654-1888 | (302) 654-2067 |

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

Cover Page 1 of 2                                    FOLEY & LARDNER LLP

MADI_612951.1

PAGE 1/4 * RCVD AT 1/18/2006 9:15:58 AM [Central Standard Time] * SVR:MP-RIGHTFAX/1 * DNIS:612 * CSID:6082584258 * DURATION (mm-ss):01-34

JAN-10-2006  08:18AM  FROM-FOLEY & LARDNER LLP          6062584258          T-620  P.002/004  F-674

# ▪FOLEY

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

## FACSIMILE TRANSMISSION

| | | |
|---|---|---|
| John E. Daniel<br>Donald L. Rhoads<br>Vito J. DeBari<br>Kramer Levin Naftalis & Frankel LLP | (212) 715-9195 | (212) 715-8195 |
| Jack B. Blumenfeld<br>Morris, Nichols, Arsht & Tunnell | (302) 658-9200 | (302) 658-3989 |
| Jordan N. Malz<br>Gregory S. Arovas<br>Thomas D. Pease<br>Kirkland & Ellis LLP | (212) 446-4739 | (212) 446-4900 |
| Josy W. Ingersoll<br>John W. Shaw<br>Karen E. Keller<br>Young Conaway Stargatt & Taylor, LLP | (302) 571-6600 | (302) 576-3301 |
| Paul M. Lukoff<br>David E. Brand<br>Prickett, Jones & Elliott, P.A. | (302) 888-6500 | (302) 658-8111 |
| George H. Seitz, III<br>Seitz, Van Ogtrop & Green, P.A. | (302) 888-0600 | (302) 888-0606 |

| | |
|---|---|
| From : | Naikang Tsao |
| Email Address : | ntsao@foley.com |
| Sender's Direct Dial : | 608.258.4250 |
| Date : | January 10, 2006 |
| Client/Matter No : | 069014-0113 |
| User ID No : | 0561 |

**MESSAGE:**

If there are any problems with this transmission or if you have not
received all of the pages, please call 608.258.4262.

| Operator: | Time Sent: | Return Original To:<br>Ann L. Rake |
|---|---|---|



CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

JAN-18-2006  09:18AM  FROM-FOLEY & LARDNER LLP                    6082584258              T-820  P.003/004  F-574

# **FOLEY**

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

VEREX PLAZA
150 EAST GILMAN STREET
MADISON, WI 53703-1481
POST OFFICE BOX 1497
MADISON, WI  53701-1497
608.257.5035 TEL
608.258.4258 FAX
www.foley.com

WRITER'S DIRECT LINE
608.258.4250
ntsao@foley.com EMAIL

CLIENT/MATTER NUMBER
069014-0113

January 18, 2006

VIA FACSIMILE AND U.S. MAIL

Carrie M. Lambert, Esq.
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re:    *St. Clair Intellectual Property Consultants, Inc. v. Samsung
        Electronics Co. et al.*, C.A. No. 04-1436 (JFF) (D. Del.)

Dear Carrie:

This is in response to your January 11, 2006 letter.  This letter again represents the views of Defendant Hewlett-Packard Company, which we represent, and also the Defendants listed below.[1]

As a threshold matter, we want to make clear our position in this case.  We maintain that:

(a)    this action should be stayed, for the reasons set forth in our pending motion to stay;

(b)    consistent with St. Clair's own pending motion to bifurcate, the patent ownership dispute between St. Clair and Mirage/Kodak should be decided before any other issue in this case; and

(c)    the ownership dispute should be resolved in the California state court action because, among other reasons, the Court in Delaware may lack personal jurisdiction over some of the parties to the ownership dispute, and because the dispute appears on its face to be a contract dispute

---

[1]  Counsel for Defendants Samsung Electronic Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation and Nokia, Inc. have indicated that their clients join in the positions expressed in this letter.

BOSTON            JACKSONVILLE       NEW YORK        SAN DIEGO/DEL MAR    TAMPA
BRUSSELS          LOS ANGELES        ORLANDO         SAN FRANCISCO        TOKYO
CHICAGO           MADISON            SACRAMENTO      SILICON VALLEY       WASHINGTON, D.C.
DETROIT           MILWAUKEE          SAN DIEGO       TALLAHASSEE          WEST PALM BEACH

MADI_813597.1

JAN-18-2006  09:19AM   FROM-FOLEY & LARDNER LLP              6082584258        T-620  P.004/004  F-574

# ▪FOLEY

January 18, 2006
Page 2

(involving employment contracts), which is governed by
California law.

That being said, we see little point in having a discovery fight with St. Clair over alleged
"ownership" discovery, given the extremely limited nature of the documents and information in
our (i.e., the non-Kodak defendants') possession. Thus, to avoid the time and expense associated
with such a fight—and to highlight that the patent ownership issue is a dispute between St. Clair
and Mirage/Kodak, which should be litigated in California—we are willing to supplement our
responses to St. Clair's outstanding discovery by January 30, 2006, subject to the caveats set
forth in our January 10th letter. However, that compromise is made without prejudice to our
pending motion to stay, which we continue to believe is the most efficient and logical way for
the ownership dispute to be resolved.

Sincerely,

Naikang Tsao

NT:nt

cc:    Ronald J. Schutz              Steven J. Balick
       Jake M. Holdreith             John G. Day
       Becky R. Thorson              Tiffany Geyer Lydon
       Kimberly G. Miller            John E. Daniel
       Michael J. Summersgill        Donald L. Rhoads
       Caren K. Khoo                 Vito J. DeBari
       Nora Q.E. Passamaneck         Jack B. Blumenfeld
       William F. Lee                Josy W. Ingersoll
       Mark D. Selwyn                John W. Shaw
       Louis W. Tompros              Karen E. Keller
       Richard L. Horwitz            Paul M. Lukoff
       Sharon R. Barner              David E. Brand
       Sheldon Karon                 George H. Seitz III
       Bruce D. Kuyper               Jordan N. Malz
       Stuart Lubitz                 Gregory S. Arovas
       Laurence H. Pretty            Thomas D. Pease
       David A. Ben-Meir

MADI_613597.1

# EXHIBIT 9

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

CARRIE M. LAMBERT
612-349-8292
cmlambert@rkmc.com

January 24, 2006

**VIA FAX AND FEDERAL EXPRESS**

William F. Lee
Mark D. Selwyn
Michael J. Summersgill
Louis W. Tompros
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109

Caren K. Khoo
Nora Q.E. Passamaneck
Wilmer Cutler Pickering
  Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
Foley & Lardner LLP
321 N. Clark St., #2800
Chicago, IL 60610-4764

Naikang Tsao
Foley & Lardner LLP
150 East Gilman St.
Verex Plaza
Madison, WI 53703

Bruce D. Kuyper
Latham & Watkins LLP
633 W. Fifth St., Suite 4000
Los Angeles, CA 90071

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

Stuart Lubitz
Laurence H. Pretty
David A. Ben-Meir
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Samsung Defendants' Counsel
January 24, 2006
Page 2

Jordan N. Malz
Gregory S. Arovas
Thomas D. Pease
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10022

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
Kramer Levin Naftalis
 & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 1989

Re:   *St. Clair Intellectual Property Consultants, Inc. v.*
      *Samsung Electronics Co., et al.*
      Case No. 04-CV-1436 JJF
      Our File No.: 121865.0011

Dear Counsel:

I write in response to Naikang Tsao's January 18, 2006 letter which was written on behalf of
Defendants Hewlett-Packard Company, Samsung Electronic Co. Ltd., Samsung Electronics
America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Corporation of
America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation and
Nokia, Inc. (collectively referred to as the "non-Kodak defendants").

We understand that the non-Kodak defendants will supplement their discovery to St. Clair's
outstanding discovery requests relating to ownership of the patents-in-suit by January 30, 2006.
As to the caveats set forth in Mr. Tsao's January 10, 2006 letter, which were referenced in his
January 18, 2006 letter, St. Clair reiterates that it does not waive its right to a privilege log
of responsive information or documents withheld subject to any assertion of privilege or work
product protection. St. Clair also does not waive the right to seek further supplementation if the
non-Kodak defendants' production remains deficient. We look forward to receiving substantive
responses from the non-Kodak defendants on January 30, 2006.

St. Clair intends to pursue additional discovery on ownership, including taking depositions. This
should be no surprise, as Mr. Tsao's January 10, 2005 letter acknowledges that St. Clair may
pursue "future ownership discovery." Our approach to discovery is consistent with the non-
Kodak defendants agreement that this action should be bifurcated with an early trial of the

Samsung Defendants' Counsel
January 24, 2006
Page 2

ownership issue in Delaware.[1]  We are concerned that the position you stake out in your January 18, 2006 correspondence is different and appears to be closely coordinated with Kodak's attempt to manipulate discovery and the course of this litigation.  To be clear, St. Clair will continue to oppose any stay of the ownership issue in Delaware in favor of the litigation in California.  We will timely file our opposition to Kodak's Motion for a Protective Order and a Motion to Compel Kodak Discovery.  We expect your full cooperation in ownership discovery as agreed upon and look forward to your responses on January 30, 2006.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Carrie M. Lambert

CML/scg
cc:    George H. Seitz III

---

[1] *See* Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC, and Hewlett Packard in Partial Support of and Partial Opposition to Plaintiff's Motion to Bifurcate and Expeditiously Proceed with the Ownership Issues in the Present Action, filed on June 17, 2005.

# EXHIBIT 10

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Ronald J. Schutz
612-349-8435
RJSchutz@rkmc.com

January 24, 2006

**VIA FACSIMILE**

Mr. Eric J. Ward, Esq.
Ward Norris Heller & Reidy LLP
300 State Street
Rochester, New York 14614

Re:    *St. Clair v. Samsung, et al.*
       Case No. 04-CV-1436-JJF
       Our File: 121865.0011

       *Mirage Systems, Inc. v. Speasl, et al.*
       Case No. 1-05-CV-039164
       Our File: 121865.0012

Dear Eric:

I write in response to your letter dated January 13, 2006, which discusses Kodak's production of its Asset Purchase Agreement. St. Clair will maintain the confidentiality as requested until a protective order is entered into or there is some other agreement in place. To note, this approach is consistent with the Delaware Local Rule 26.2.

To the extent your production of the Asset Purchase Agreement is further "conditioned" on the use of the agreement in the California action only, we disagree. As you know, it is St. Clair's position that resolution and discovery of the ownership dispute should move forward in Delaware and that the claims against St. Clair in California stayed. The Asset Purchase Agreement you finally provided is responsive to outstanding discovery in the *St. Clair v. Samsung* matter and we are entitled to use it in other litigation involving the Roberts patents.

We should further discuss what materials you are referring to in your new request for "transcripts, declarations and any documents." Even though there was no pending document request in the *St. Clair v. Samsung* case, as a courtesy, we provided you with copies of numerous declarations back in July 2004. Further, we offered Kodak the opportunity to inspect St. Clair's initial disclosure documents over seven months ago. *See* St. Clair's Initial Disclosures Pursuant to Rule 26(a)(1) in the *St. Clair v. Samsung* litigation dated June 3, 2005. Perhaps the next step

Ward, Eric J.
January 24, 2006
Page 2

is for Kodak to set forth its January 13th request in the form of written discovery requests in the *St. Clair v. Samsung* case. Of course, please understand, St. Clair cannot disclose documents that contain confidential information of third parties without the permission of the third party or a court order allowing such disclosure.

St. Clair has repeatedly demanded Kodak's production of the Asset Purchase Agreement and other deal documents. Finally, after months of stonewalling, Judge Jacobs-May directed Kodak to produce the Asset Purchase Agreement immediately to facilitate processing Kodak's substitution in the California action. Your belated production of this agreement (which is the direct subject of our discovery in Delaware) was not part of any agreed upon document production from St. Clair in the California case. It is our position that the case should be severed and stayed and the ownership issue should proceed on an expedited basis in Delaware.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Ronald J. Schutz

RJS/ll

cc:    Kenneth L. Nissly, Esq.
       Lani R. Miller, Esq.
       Michael J. Summersgill, Esq.
       Caroline McIntyre, Esq.

MP3 20164852.1

```
** JOB STATUS REPORT **              AS OF   JAN 24 2006 10:51      PAGE. 01
                                             R. K. M. & C.  LLP

        JOB #536
        DATE  TIME          TO/FROM        MODE   MIN/SEC    PGS   STATUS
   001  1/24  10:44         15854235910    EC--S   00' 28"   003    OK
   002        10:45         14082878040    EC--S   00' 52"   003    OK
   003        10:48         16175265000    EC--S   00' 52"   003    OK
   004        10:49         14082976000    EC--S   00' 40"   003    OK
   005        10:50         12023835414    EC--S   00' 26"   003    OK
```

# ROBINS, KAPLAN, MILLER & CIRESI LLP

1800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

**ATTORNEYS AT LAW**

**FROM:** Ronald J. Schutz

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

**DATE:**    January 24, 2006

| TO: | NAME: | FACSIMILE NO.: | TELEPHONE NO.: |
|-----|-------|----------------|----------------|
| | Eric J. Ward, Esq.<br>Ward Norris Heller & Reidy LLP | 585.423.5910 | 585.454.0714 |
| | Ken Nissly, Esq.<br>Thelen Reid & Priest LLP | 408.287.8040 | 408.292.5800 |
| | Lani Miller, Esq.<br>O'Melveny & Myers LLP | 202.383.5414 | 202.383.5126 |
| | Michael Summersgill, Esq.<br>Wilmer Cutler Pickering Hale &<br>Door LLP | 617.526.5000 | 617.526.6261 |
| | Caroline McIntyre, Esq.<br>Bergeson LLP | 408.297.6000 | 407.291.6200 |

**FILE NO.:**    121865.0012; 121865.0011

**NUMBER OF PAGES INCLUDING COVER SHEET:**

**If transmission problems occur, or you are not the intended recipient, please call 612-349-8730 or contact Dannah Terry at (612) 349-0972.**

**MESSAGE:**

ATLANTA     BOSTON     LOS ANGELES     MINNEAPOLIS     NAPLES     SAINT PAUL     SANTA ANA     WASHINGTON, D.C.

# EXHIBIT 11

01/25/2006 16:53 FAX 585 423 5910          WARD NORRIS HELLER                    ☒001

# Ward Norris Heller & Reidy LLP
300 State Street
Rochester, New York 14614
Telephone: 585-454-0700
Fax: 585-423-5910

# FAX COVER SHEET

| To: | Ronald J. Schutz, Esq. | Fax No.: | (612) 339-4181 |
|---|---|---|---|
| | Lani R. Miller, Esq. | | (202) 383-5414 |
| | Kenneth L. Nissly, Esq. | | (408) 287-8040 |
| | Michael J. Summersgill, Esq. | | (617) 526-5000 |
| | Caroline McIntyre, Esq. | | (408) 297-6000 |

From:        Eric J. Ward, Esq.

Client/Matter:  *St. Clair v. Samsung, et al.*
                *Case No. 04-CV-1436-JJF*

                *Mirage Systems, Inc. v. Speasl, et al.*
                *Case No. 1-05-CV-039164*

Date:        January 26, 2006

Number of Pages (including this cover sheet):  3

COMMENTS:

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

PRIVILEGE AND CONFIDENTIALITY NOTICE
THE INFORMATION IN THIS TELECOPY IS INTENDED FOR THE NAMED
RECIPIENTS ONLY. IT MAY CONTAIN PRIVILEGED AND CONFIDENTIAL MATTER.
IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY A COLLECT TELEPHONE CALL TO (585) 454-0700 AND RETURN
THE ORIGINAL TO THE SENDER BY MAIL. WE WILL REIMBURSE YOU FOR
POSTAGE. DO NOT DISCLOSE THE CONTENTS TO ANYONE. THANK YOU.

PAGE 1/3 * RCVD AT 1/25/2006 3:54:35 PM [Central Standard Time] * SVR:MP-RIGHTFAX/4 * DNIS:612 * CSID:585 423 5910 * DURATION (mm-ss):00-50

# WARD NORRIS HELLER & REIDY LLP
### ATTORNEYS AT LAW

300 STATE STREET
ROCHESTER, NEW YORK 14614
585.454.0700
Fax: 585.423.5910

Eric J. Ward
(585) 454-0714
ejw@wnhr.com

January 25, 2006

**VIA FACSIMILE and U.S. MAIL**

Ronald J. Schutz, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

      Re:    *Mirage Systems, Inc. v. St. Clair, et al.*
               *Ca. Superior Court (Santa Clara County) 1-05-CV-039164*

Dear Ron:

      Thank you for your letter of January 24, 2006.

      Although we disagree with your assertion that Judge Jacobs-May "directed" Kodak to produce the Asset Purchase Agreement, we listened to her recommendation and produced the APA as an accommodation to you. As we noted, we produced that document for the purposes of the California litigation only.

      We moved to stay and also moved for a protective order to stay discovery in *St. Clair v. Samsung* in Delaware. In view of the pendency of these motions, we did not produce the APA in that action. So there is no confusion on the point, we do not consent to the use of the APA in any litigation other than *Mirage v. St. Clair* in California.

      We recognize that our production of the APA was not part of an agreement that St. Clair would, in return, produce certain documents. We were under the impression that, in the spirit of cooperation, and in light of Judge Jacobs-May's comments at the hearing on the demurrers, St. Clair simply would produce materials to which we clearly are entitled, such as transcripts and declarations of current and former Mirage employees, and exhibits relevant to their testimony or declarations. It sounds from your letter as though you are unwilling to provide these materials voluntarily. I am not sure I understand why, but in any event, these documents are responsive to demands we recently served in *Mirage v. St. Clair* in California. Having made the request in the

Ronald J. Schutz, Esq.
January 25, 2006
Page 2

California action, we are under no obligation, as you suggest, to make an additional request for the same documents in Delaware. Nor would such a request be appropriate in view of our position that the Delaware actions should be dismissed and/or stayed pending the resolution of the California ownership action.

As I understand it, it is St. Clair's position that all discovery on ownership should take place in *St. Clair v. Samsung*. This seems to make *St. Clair v. Mirage* in Delaware unnecessary, and consequently, we ask that you voluntarily discontinue that case.

Thank you for your consideration.

Very truly yours,

Eric J. Ward

EJW/mmc

cc:     Lani R. Miller, Esq.
        Kenneth L. Nissly, Esq.
        Michael Summersgill, Esq.
        Caroline McIntyre, Esq.

# EXHIBIT 12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY
CONSULTANTS,

                                        Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS
AMERICA, L.P., MATSUSHITA ELECTRIC
INDUSTRIAL CO., LTD., MATSUSHITA
ELECTRIC CORPORATION OF AMERICA,
VICTOR COMPANY OF JAPAN, LTD., JVC
COMPANY OF AMERICA, NOKIA
CORPORATION, NOKIA, INC., HEWLETT-
PACKARD COMPANY, and EASTMAN
KODAK COMPANY,

                                        Defendants.

C. A. No. 04-1436 (JJF)

## DEFENDANT EASTMAN KODAK COMPANY'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil

Rules of the United States District Court for the District of Delaware, Defendant Eastman Kodak

Company ("Kodak") hereby responds to Plaintiff St. Clair Intellectual Property Consultants,

Inc.'s ("St. Clair")'s First Set of Requests for Documents and Things to Eastman Kodak

Company.

### GENERAL OBJECTIONS

1.     Kodak objects to the Document Requests to the extent that they seek to impose

burdens or obligations that differ from or are in excess of those required by Rules 26 and 34 of

the Federal Rules of Civil Procedure or the Local Rules of this Court. By way of illustration and

not limitation, Kodak objects to the Document Requests to the extent they require Kodak to

produce all documents known or available to Kodak and group them by response to each document request.

2.    Kodak objects to the Document Requests as unduly burdensome, premature and inappropriate at this time, given that the Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc. is currently pending and the Court has not yet entered a Scheduling Order.

3.    Kodak objects to any Document Request that seeks documents or responses that constitute or contain information concerning communications that are protected by the attorney-client privilege or that constitute or contain trial preparation material prepared in anticipation of, or as a result of, litigation, that otherwise is protected by the work product doctrine or any other available privilege or protection.

4.    Kodak objects to any Document Request that seeks documents covered by a non-disclosure or confidentiality agreement with a third party where Kodak is under an obligation not to disclose such confidential information unless Kodak is able to obtain permission from the non-party to do so.

5.    These responses are made solely for the purpose of this pending action.  The specific responses below are based upon information now available to Kodak.  Kodak reserves the right, at any time, to revise, correct, add to, or clarify the specific responses.  By answering the succeeding Document Requests, Kodak does not waive any of its defenses or admit any liability.

6.    The documents and information provided in response to any Document Request shall not be construed as any form of an admission or as a waiver as to the confidentiality of any such information.

7.    None of these responses is an admission relative to the existence of any documents, to the relevance, materiality or admissibility of any document provided in response to these Document Requests in this or in any subsequent proceeding or at the trial of this or any other action, on any ground.  A partial response to any Document Request that has not been objected to, in whole or in part, is not intended to be a waiver of the objection.

8.    Kodak objects to the Document Requests to the extent that they seek documents that are not in the possession, custody, or control of Kodak.

9.    Kodak objects to the Document Requests to the extent that any request seeks production of documents containing both discoverable and non-discoverable or objectionable material.  Kodak reserves the right to redact from documents produced any matter that is not called for or with respect to which Kodak has objected to the request for production.

10.    Kodak objects to the definitions provided of "Defendants," "Kodak," "you" or "your" as vague and ambiguous to the extent that St. Clair has provided multiple definitions of "Kodak."  To the extent understandable, Kodak objects to the definition of "Kodak" to the extent that it includes consulting experts who will not be called to testify at trial, or whose opinions will not be relied upon, in whole or in part by any testifying expert.  Kodak further objects to the inclusion of attorneys in the definition of "Kodak" to the extent the answer to any request is or would be subject to the attorney-client privilege or the attorney work product doctrine.

11.    Kodak objects to the definition of the phrase "referring or relating too" as being overly broad and burdensome in that it covers a vast array of information that is not relevant or cannot be used to support any claims or defenses alleged in this action.

12.    Kodak objects to the Document Requests to the extent any request seeks "all documents."

13.    The inadvertent production by Kodak of documents containing information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, shall not constitute a waiver by Kodak of such protection. Kodak reserves the right to demand the return of any such documents inadvertently produced.

14.    Kodak objects to the Document Requests to the extent that any request seeks documents that are already known to St. Clair, that are publicly available, or that are contained or could be found in St. Clair's own files.

15.    Kodak objects to the Document Requests to the extent they seek documents before a protective order governing discovery in this case is entered by the Court.

16.    Unless otherwise indicated, Kodak will not provide any documents encompassed by the foregoing objections.

17.    For these reasons, and without waiving its rights to raise other objections at the appropriate time, Kodak objects to St. Clair's First Set of Requests for Production. Kodak incorporates each of the foregoing General Objections into each and every response below, and subject to and without waiving these General Objections, Kodak responds specifically as follows:

**REQUEST NO. 1:**

All documents identified, relied upon, reviewed, or consulted in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE NO. 1:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action, in that the phrase

"identified, relied upon, reviewed or consulting in responding to" is undefined, vague and ambiguous.

Kodak further objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 2:**

All documents referring or relating to your knowledge of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**RESPONSE NO. 2:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action in that the term "any third party's" is undefined, vague and ambiguous.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 3:**

All documents referring or relating to the circumstances of your knowledge of any third party's, other than St. Clair's, asserted rights of the patents-in-suit.

**RESPONSE NO. 3:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action in that the terms "referring or relating to," "circumstances," "any third party's" and "asserted rights" are undefined, vague and ambiguous.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 4:**

All documents referring or relating to your contact with any person associated with any third party, other than St. Clair, regarding ownership of the patents-in-suit.

**RESPONSE NO. 4:**

In addition to its General Objections, Kodak objects to this request on the ground that the phrase "associated with" is undefined, vague and ambiguous, making this request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 5:**

All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

**RESPONSE NO. 5:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action, in that the terms "referring or relating," "review, evaluations and discussions" and "any third party's" are undefined, vague and ambiguous.

Kodak objects to this request as calling for the protected mental impressions and opinions of counsel.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be

produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 6:**

All documents referring or relating to written communications of any employee or agent of Defendants with any third party, other than St. Clair, regarding any third party's asserted ownership rights of the patents-in-suit.

**RESPONSE NO. 6:**

In addition to its General Objections, Kodak objects to this request on the ground that the term "agent" is undefined, vague and ambiguous, making this request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 7:**

All documents referring or relating to Mirage's employment agreements during the period of 1988-1993.

**RESPONSE NO. 7:**

In addition to its General Objections, Kodak objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used

to support any claims or defenses in this action to the extent it seeks all documents referring or relating to Mirage's employment agreements during the period of 1988-1993.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 8:**

All documents referring or relating to Mirage's or Kodak's procedures for disclosing an invention by an employee.

**RESPONSE NO. 8:**

In addition to its General Objections, Kodak objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action to the extent it seeks Kodak's procedures for disclosing an invention by any employee.

Kodak further objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action to the extent it is unlimited as to time.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be

produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 9:**

All documents referring or relating to Mirage's or Kodak's knowledge of the invention claimed in the patents-in-suit.

**RESPONSE NO. 9:**

In addition to its General Objections, Kodak objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action to the extent it seeks Kodak's knowledge of the invention claimed in the patents-in-suit.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 10:**

All documents referring or relating to (a) Jerry Speasl; (b) Marc Roberts; (c) Matthew Chikosky; (d) PCC; (e) St. Clair.

**RESPONSE NO. 10:**

In addition to its General Objections, Kodak objects to this request as overly broad, vague, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

## REQUEST NO. 11:

All documents referring or relating to Defendants' statement that "Defendant Kodak's recent acquisition of Mirage's interests, if any, in patents-in-suit...." *(see Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC and Hewlett Packard dated June 17, 2005)* including, but not limited to the agreement demonstrating Kodak's acquisition of Mirage's rights in the patents-in-suit.

## RESPONSE NO. 11:

In addition to its General Objections, Kodak objects to this request on the ground that it is overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action to the extent it seeks documents referring or relating to a statement that was not by Kodak.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 12:**

All documents referring or relating to the scope of Mirage's business or research or development from 1988 through 1993.

**RESPONSE NO. 12:**

In addition to its General Objections, Kodak objects to this request on the grounds that the terms "referring or relating to" and "scope" are undefined, ambiguous and vague, rendering this request overly broad, vague, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 13:**

All documents that you believe demonstrate that the inventions in the patents-in-suit are related to or useful in the business or research or development of Mirage.

**RESPONSE NO. 13:**

In addition to its General Objections, Kodak objects to this request on the ground that the term "useful" is undefined, vague and ambiguous, making this request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak objects to this request as calling for the protected mental impressions and opinions of counsel.

Kodak objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

**REQUEST NO. 14:**

All documents that you believe demonstrate that the inventors of the patents-in-suit have not complied with Sec. 2870 of the California Labor Code.

**RESPONSE NO. 14:**

In addition to its General Objections, Kodak objects to this request as seeking documents in the possession of parties other than Kodak, such that this request is overly broad, vague, unduly burdensome and calls for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action.

Kodak objects to this request as calling for documents to prove a negative.

Kodak objects to this request as calling for the protected mental impressions and opinions of counsel.

Kodak objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that they exist, non-privileged, responsive documents will be produced if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

PRICKETT, JONES & ELLIOTT, P.A.

*Paul M. Lukoff*

PAUL M. LUKOFF (I.D. #96)
DAVID E. BRAND (I.D. #201)
1310 King Street
P. O. Box 1328
Wilmington, Delaware 19899
(302) 888-6500

*OF COUNSEL:*

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

*Attorneys for Defendant,*
*Eastman Kodak Company*

Date: July 25, 2005

USIDOCS 5173100v1