# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY )
CONSULTANTS, INC. )
)
)
Plaintiff, )
)                     Civil Action No. 04-1436 (JJF)
v. )
)
SAMSUNG ELECTRONICS CO., LTD., )
SAMSUNG ELECTRONICS AMERICA, )
INC. SAMSUNG )
TELECOMMUNICATIONS AMERICA, )
L.P., MATSUSHITA ELECTRIC )
INDUSTRIAL CO., LTD., MATSUSHITA )
ELECTRIC CORPORATION OF AMERICA, )
VICTOR COMPANY OF JAPAN, LTD., JVC )
COMPANY OF AMERICA, NOKIA )
CORPORATION, NOKIA, INC., HEWLETT- )
PACKARD COMPANY, EASTMAN )
KODAK COMPANY, )
)
Defendants. )
_____ )

## DEFENDANT EASTMAN KODAK COMPANY'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil

Rules of the United States District Court for the District of Delaware, Defendant Eastman Kodak

Company ("Kodak") hereby responds to Plaintiff St. Clair Intellectual Property Consultants,

Inc.'s ("St. Clair") Second Set of Requests for Documents and Things to Eastman Kodak

Company.

### GENERAL OBJECTIONS

1.     Kodak objects to the Document Requests to the extent that they seek to impose

burdens or obligations that differ from or are in excess of those required by Rules 26 and 34 of

the Federal Rules of Civil Procedure or the Local Rules of this Court. By way of illustration and not limitation, Kodak objects to the Document Requests to the extent they require Kodak to produce all documents known or available to Kodak and group them by response to each document request.

2.     Kodak objects to the Document Requests as unduly burdensome, premature and inappropriate at this time, given that the Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc. is currently pending and the Court has not yet entered a Scheduling Order.

3.     Kodak objects to the Instructions as vague and ambiguous to the extent that they require Kodak to produce electronic and computerized documents in an "intelligible format."

4.     Kodak objects to any Document Request that seeks documents or responses that constitute or contain information concerning communications that are protected by the attorney-client privilege, that constitute or contain trial preparation material prepared in anticipation of, or as a result of, litigation that otherwise is protected by the work product doctrine, or any other available privilege or protection.

5.     These responses are made solely for the purpose of this pending action. The specific responses below are based upon information now available to Kodak. Kodak reserves the right at any time to revise, correct, add to, or clarify the specific responses. By answering the succeeding Document Requests, Kodak does not waive any of its defenses or admit any liability.

6.     The documents and information provided in response to any Document Request shall not be construed as any form of an admission or as a waiver as to the confidentiality of any such information.

2

7.     None of these responses is an admission relative to the existence of any documents or to the relevance, materiality or admissibility of any document provided in response to these Document Requests in this or in any subsequent proceeding or at the trial of this or any other action, on any ground.  A partial response to any Document Request that has not been objected to, in whole or in part, is not intended to be a waiver of the objection.

8.     Kodak objects to the Document Requests to the extent that they seek documents that are not in the possession, custody, or control of Kodak.

9.     Kodak objects to the Document Requests to the extent that any request seeks production of documents containing both discoverable and nondiscoverable or objectionable material.  Kodak reserves the right to redact from documents produced any matter that is not called for or with respect to which Kodak has objected to the request for production.

10.     Kodak objects to the definitions provided of "Kodak," "you" or "your" to the extent that it includes consulting experts who will not be called to testify at trial, or whose opinions will not be relied upon, in whole or in part by any testifying expert.  Kodak further objects to the inclusion of attorneys in the definition of "Kodak" to the extent the answer to any request is or would be subject to the attorney-client privilege or the attorney work product doctrine.  For these same reasons, Kodak objects to the definition of "Mirage."

11.     Kodak objects to the definition of "Wilmer Cutler" to the extent that "predecessor in interest" is vague, ambiguous, and overly broad.  For this reason, Kodak also objects to the definitions of "Kirkland & Ellis," "Hogan & Hartson," "Kramer Levin," "Foley & Lardner," Latham & Watkins," and "Mount & Stoelker."  Kodak further objects to the definition of "Wilmer Cutler" as overly broad to the extent it includes "Young Conaway Stargatt & Taylor," a firm that Wilmer Cutler has not retained in relation to this action.

3

12.    Kodak objects to the definition of the phrase "referring or relating to" as being overly broad and burdensome in that it includes a vast array of information that will not be relevant or cannot be used to support any claims or defenses alleged in this action.

13.    Kodak objects to the Document Requests as unduly burdensome to the extent any request seeks "all documents".

14.    The inadvertent production by Kodak of documents containing information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, shall not constitute a waiver by Kodak of such protection.  Kodak reserves the right to demand the return of any such documents (and copies thereof) inadvertently produced.

15.    Kodak objects to the Document Requests to the extent that any request seeks documents that are already known to St. Clair, that are publicly available, or that are contained or could be found in St. Clair's own files.

16.    Kodak objects to the Document Requests to the extent they seek confidential information prior to the Court's entry of a protective order governing discovery in this case.

17.    Unless otherwise indicated, Kodak will not provide any documents encompassed by the foregoing objections.

18.    For these reasons, and without waiving its rights to raise other objections at the appropriate time, Kodak objects to St. Clair's First Set of Requests for Production.  Kodak incorporates each of the foregoing General Objections into each and every response below, and subject to and without waiving these General Objections, Kodak responds specifically as follows:

4

**REQUEST NO. 15:**

All documents identified, relied upon, reviewed, or consulted in responding to Plaintiff's Second Set of Interrogatories.

**RESPONSE NO. 15:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action in that the phrase "identified, relied upon, reviewed or consulted in responding to" is undefined, vague and ambiguous.

Kodak further objects to this request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 16:**

All documents referring or relating to any communication between you and PSB and/or any other investigators regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten and/or the relatives of Edmund M. Chung and/or Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**RESPONSE NO. 16:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

5

Kodak further objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege or work product immunity.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

## REQUEST NO. 17:

All documents referring or relating to any communication between PSB and/or any other investigators with St. Clair, Edmund M. Chung, Thomas W. Baumgarten and/or the relatives of Edmund M. Chung and/or Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

## RESPONSE NO. 17:

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action to the extent the phrase "between PSB and/or any other investigators with St. Clair ..." is vague, ambiguous and nonsensical.

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 18:**

All documents referring or relating to any surveillance by PSB and/or any other investigators of St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**RESPONSE NO. 18:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 19:**

All documents referring or relating to Glen(n) Puthill or anyone who has alleged to be Glen(n) Puthill.

**RESPONSE NO. 19:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Subject to and without waiving the General Objections and the foregoing specific objection, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 20:**

All documents referring or relating to any communications between PSB and/or any other investigators and Samsung and/or its counsel Kirkland & Ellis regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**RESPONSE NO. 20:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 21:**

All documents referring or relating to any communications between PSB and/or any other investigators and Matsushita and/or its counsel Hogan & Hartson regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**RESPONSE NO. 21:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 22:**

All documents referring or relating to any communications between PSB and/or any other investigators and Nokia and/or its counsel Kramer Levin regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or relatives of Edmund M. Chung and Thomas W. Baumgarten including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

9

**RESPONSE NO. 22:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 23:**

All documents referring or relating to any communications between PSB and/or any other investigators and Hewlett-Packard and/or its counsel Foley & Lardner and Latham & Watkins regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**RESPONSE NO. 23:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

10

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 24:**

All documents referring or relating to any communications between PSB and/or any other investigators and Mirage and/or its counsel Mount & Stoelker regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**RESPONSE NO. 24:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

## REQUEST NO. 25:

All documents referring or relating to any communications between PSB and/or any other investigators and Canon and/or its counsel Kramer Levin regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

## RESPONSE NO. 25:

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

## REQUEST NO. 26:

All documents referring or relating to any communications between PSB and/or any other investigators and Fuji and/or its counsel Hogan & Hartson regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**RESPONSE NO. 26:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Kodak further objects to this Request on the ground that the term "other investigators" is undefined, vague and ambiguous, making this Request overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 27:**

All documents referring or relating to a vehicle with Michigan license plate number ABG4141.

**RESPONSE NO. 27:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

13

**REQUEST NO. 28:**

All documents referring or relating to Raymond S. Trojan.

**RESPONSE NO. 28:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

**REQUEST NO. 29:**

All documents referring or relating to a company called Certified Supply Inc., which is or was located at 40 Avenue At The Common in Shrewsbury, New Jersey 07702, including, but not limited to, communications regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

**RESPONSE NO. 29:**

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

14

## REQUEST NO. 30:

All documents referring or relating to a company called PSB Ltd. Investigations, which is or was located at 43 River Road in Nutley, New Jersey 07110, including, but not limited to, communications regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr., including, but not limited to, Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten.

## RESPONSE NO. 30:

In addition to its General Objections, Kodak objects to this Request as overly broad, unduly burdensome and seeking documents that are not relevant or cannot be used to support any claims or defenses in this action.

Kodak further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents in the possession of parties other than Kodak.

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any documents responsive to this Request.

15

Respectfully submitted,
**EASTMAN KODAK COMPANY,**

By its attorneys,

Dated:  November 28, 2005

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, Delaware  19899
(302) 888-6514

**EXHIBIT 14**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---

ST. CLAIR INTELLECTUAL PROPERTY
CONSULTANTS,

                        Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG TELECOMMUNICATIONS
AMERICA, L.P., MATSUSHITA ELECTRIC
INDUSTRIAL CO., LTD., MATSUSHITA
ELECTRIC CORPORATION OF AMERICA,
VICTOR COMPANY OF JAPAN, LTD., JVC
COMPANY OF AMERICA, NOKIA
CORPORATION, NOKIA, INC., HEWLETT-
PACKARD COMPANY, and EASTMAN
KODAK COMPANY,

                        Defendants.

C. A. No. 04-1436 (JJF)

---

## DEFENDANT EASTMAN KODAK COMPANY'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Delaware, Defendant Eastman Kodak Company ("Kodak") hereby submits its answers to Plaintiff St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair") First Set of Interrogatories.

**GENERAL OBJECTIONS**

Kodak incorporates by reference herein the General Objections set forth in Defendant Eastman Kodak Company's Response to Plaintiff's First Request for Production of Documents, and further objects as follows:

1.    Kodak objects to these Interrogatories to the extent that they seek to impose burdens or obligations that differ from or that are in excess of those required by Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.    Kodak objects to the Interrogatories as unduly burdensome, premature and inappropriate at this time, given that the Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc. is currently pending and the Court has not yet entered a Scheduling Order.

3.    Kodak's answers are made without waiving or intending to waive any objections as to relevancy, materiality, privilege, or admissibility of any information provided in response to St. Clair's First Set of Interrogatories in this or in any subsequent proceeding or at the trial of this or any other action, on any ground.  A partial answer to any Interrogatory that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

4.    Kodak objects to any Interrogatory that seeks information or answers that call for the disclosure of documents or information that are protected by the attorney-client privilege, constitutes trial preparation material prepared in anticipation of, or as a result of, litigation, that otherwise is protected by the work product doctrine or any other available privilege or protection under the Federal Rules of Civil Procedure and relevant case law.

5.    Kodak objects to the definition of "Kodak" to the extent that it includes consulting experts who will not be called to testify at trial, or whose opinions will not be relied upon, in whole or in part by any testifying expert.  Kodak objects to the inclusion

of attorneys in the definition of "Kodak" to the extent any answer is or would be subject to the attorney-client privilege or the attorney work product doctrine.

6.      Kodak objects to the definition of "Mirage" to the extent that it includes consulting experts who will not be called to testify at trial, or whose opinions will not be relied upon, in whole or in part by any testifying expert. Kodak objects to the inclusion of attorneys in the definition of "Mirage" to the extent any answer is or would be subject to the attorney-client privilege or the attorney work product doctrine.

7.      Kodak objects to the terms "referring or relating to" as being vague and ambiguous, and as being overly broad and burdensome in that they cover a vast array of information that are not relevant or cannot be used to support any claims or defenses alleged in this action.

8.      These answers are made solely for the purpose of this pending action. The specific answers below are based upon information now available to Kodak. Kodak reserves the right, at any time, to revise, correct, add to, or clarify the specific answers. By answering the succeeding Interrogatories, Kodak does not waive any of its defenses or admit any liability.

9.      The information provided in response to these Interrogatories shall not be construed as an admission or as a waiver as to the confidentiality of any such information.

10.     None of these answers are an admission relative to the existence of any documents or to the relevance or admissibility of any document.

11.     Kodak objects to the Interrogatories to the extent they seek information before a protective order governing discovery in this case is entered by the Court.

12.    Unless otherwise indicated, Kodak will not provide any information encompassed by the foregoing objections.

13.    For these reasons, and without waiving its right to raise other objections at the appropriate time, Kodak objects to Plaintiff's First Set of Interrogatories. Kodak incorporates each of the foregoing General Objections into each and every answer below, and subject to and without waiving these General Objections, Kodak responds specifically as follows:

## INTERROGATORY NO. 1:

If you contend that any third party, other than St. Clair, including but not limited to Mirage and/or Kodak, has any ownership rights in or owns the patents-in-suit for any reason, set forth in detail the bases for your contention, including the relevant factual or legal support, and identify with specificity all documentation and activities on which you base your contention, including, without limitation, agreements, memoranda or contracts.

## ANSWER NO. 1:

Kodak objects to this Interrogatory as overly broad, vague, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action.

Kodak objections to this Interrogatory to the extent that it seeks information that is subject to a claim of privilege or otherwise protected from discovery, including, without limitation, attorney-client communications and attorney work product in anticipation or defense of litigation.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that it exists, Kodak will provide non-privileged information responsive to this Interrogatory if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

## INTERROGATORY NO. 2:

Identify by name, address, and telephone number of each person with knowledge of any and all third party asserted ownership rights of patents-in-suit.

## ANSWER NO. 2:

Kodak objects to this Interrogatory as overly broad, vague, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action.

Kodak objections to this Interrogatory to the extent that it seeks information that is subject to a claim of privilege or otherwise protected from discovery, including, without limitation, attorney-client communications and attorney work product in anticipation or defense of litigation.

Subject to and without waiving the General Objections and the foregoing specific objections, and to the extent that it exists, will provide non-privileged information responsive to this Interrogatory if and when the Court denies Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc.

PRICKETT, JONES & ELLIOTT, P.A.

*OF COUNSEL:*

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
  (212) 230-8800

  Dated:  July 25, 2005

PAUL M. LUKOFF (I.D. #96)
DAVID E. BRAND (I.D. #201)
1310 King Street
P. O. Box 1328
Wilmington, Delaware  19899
(302) 888-6500

*Attorneys for Defendant,*
*Eastman Kodak Company*

US1DOCS 5173092v1

**VERIFICATION**

Joyce P. Haag states that she is an authorized representative of Eastman Kodak Company; that she has read and knows the contents of the foregoing Objections And Answers To Plaintiff St. Clair Intellectual Property Consultants, Inc.'s First Set Of Interrogatories; that the answers were prepared with the assistance and advice of counsel and the assistance of employees and representatives of the corporation, upon which she has relied; that the answers are subject to any inadvertent or undiscovered errors, or based on, and necessarily limited by, the records and information still in existence, presently recollected, and thus far discovered in the course of their preparation; that consequently, she reserves the right to make any changes in the answers if it appears at any time that omissions and errors have been made or that more accurate information is available; and, that subject to these limitations, the answers are true to the best of her knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 25, 2005

Joyce P. Haag
General Counsel and Senior Vice President
Eastman Kodak Company

# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY )
CONSULTANTS, INC. )
 )
   Plaintiff, )
 )   Civil Action No. 04-1436 (JJF)
   v. )
 )
SAMSUNG ELECTRONICS CO., LTD., )
SAMSUNG ELECTRONICS AMERICA, )
INC. SAMSUNG )
TELECOMMUNICATIONS AMERICA, )
L.P., MATSUSHITA ELECTRIC )
INDUSTRIAL CO., LTD., MATSUSHITA )
ELECTRIC CORPORATION OF AMERICA, )
VICTOR COMPANY OF JAPAN, LTD., JVC )
COMPANY OF AMERICA, NOKIA )
CORPORATION, NOKIA, INC., HEWLETT- )
PACKARD COMPANY, EASTMAN )
KODAK COMPANY, )
 )
   Defendants. )
_____)

## DEFENDANT EASTMAN KODAK COMPANY'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil

Rules of the United States District Court for the District of Delaware, Defendant Eastman Kodak

Company ("Kodak") hereby submits its answers to Plaintiff St. Clair Intellectual Property

Consultants, Inc.'s ("St. Clair") Second Set of Interrogatories.

### GENERAL OBJECTIONS

   Kodak incorporates by reference herein the General Objections set forth in Defendant

Eastman Kodak Company's Response to Plaintiff's Second Request for Production of

Documents, and further objects as follows:

1.    Kodak objects to these Interrogatories to the extent that they seek to impose burdens or obligations that differ from or that are in excess of those required by Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.    Kodak objects to the Interrogatories as unduly burdensome, premature and inappropriate at this time, given that the Defendants' Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc. is currently pending and the Court has not yet entered a Scheduling Order.

3.    Kodak's answers are made without waiving or intending to waive any objections as to relevancy, materiality, privilege, or admissibility of any information provided in response to St. Clair's Second Set of Interrogatories in this or in any subsequent proceeding or at the trial of this or any other action, on any ground.  A partial answer to any Interrogatory that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

4.    Kodak objects to any Interrogatory that seeks information or answers that call for the disclosure of documents or information that are protected by the attorney-client privilege, constitutes trial preparation material prepared in anticipation of, or as a result of, litigation, that otherwise is protected by the work product doctrine or any other available privilege or protection under the Federal Rules of Civil Procedure and relevant case law.

5.    These answers are made solely for the purpose of this pending action.  The specific answers below are based upon information now available to Kodak.  Kodak reserves the right, at any time, to revise, correct, add to, or clarify the specific answers.  By answering the succeeding Interrogatories, Kodak does not waive any of its defenses or admit any liability.

6.    The information provided in response to these Interrogatories shall not be construed as an admission or as a waiver as to the confidentiality of any such information.

2

7.    None of these answers is an admission relative to the existence of any documents or to the relevance or admissibility of any document.

8.    Kodak objects to the Interrogatories to the extent they seek confidential information prior to the Court's entry of a protective order governing discovery in this case.

9.    Unless otherwise indicated, Kodak will not provide any information encompassed by the foregoing objections.

10.    For these reasons, and without waiving its right to raise other objections at the appropriate time, Kodak objects to Plaintiff's Second Set of Interrogatories.  Kodak incorporates each of the foregoing General Objections into each and every answer below, and subject to and without waiving these General Objections, Kodak responds specifically as follows:

3

## INTERROGATORY NO. 3:

Describe in detail your knowledge of any surveillance done by PSB and/or any other investigators for any defendant (Samsung, Matsushita, Nokia, Hewlett-Packard or Kodak), any third party (Mirage, Canon or Fuji) or each defendant's or third party's respective counsel regarding St. Clair, Edmund M. Chung, Thomas W. Baumgarten, Jr., the St. Clair patents, PCC, the inventors, and/or any relatives of Edmund M. Chung and Thomas W. Baumgarten, Jr. including, but not limited to Jean Baumgarten, Kurt Baumgarten, and Chelsea Baumgarten by identifying the following information:

    a.    the date of any conversation, communication, or statement that led to the acquisition of such knowledge;

    b.    the place at which it occurred and the medium involved;

    c.    the identity of each person involved, together with his or her job title at the time of the communication; and

    d.    the subject matter and nature of the conversation, communication or statement.

## ANSWER NO. 3:

Kodak objects to this Interrogatory as overly broad, unduly burdensome and calling for information not reasonably related to or calculated to lead to any admissible evidence regarding any claim or defense in this action.

Kodak objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information in the possession of parties other than Kodak.

Kodak objects to this Interrogatory on the ground that the term "other investigators," is undefined, vague and ambiguous.

Kodak objects to this Interrogatory to the extent that it seeks information that may be subject to a claim of privilege or otherwise protected from discovery, including, without limitation, attorney-client communications and attorney work product in anticipation or defense of litigation.

4

Subject to and without waiving the General Objections and the foregoing specific objections, Kodak responds that it is not aware of any surveillance done by PSB and/or any other investigators.

Respectfully submitted,
**EASTMAN KODAK COMPANY,**

By its attorneys,

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, Delaware  19899
(302) 888-6514

Dated:  November 28, 2005

# EXHIBIT 16

ROBINS KAPLAN MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

CARRIE M. LAMBERT
612-349-8292
cmlambert@rkmc.com

January 11, 2006

**VIA FAX AND FEDERAL EXPRESS**

William F. Lee
Mark D. Selwyn
Michael J. Summersgill
Louis W. Tompros
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109

Caren K. Khoo
Nora Q.E. Passamaneck
Wilmer Cutler Pickering
  Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
Foley & Lardner LLP
321 N. Clark St., #2800
Chicago, IL 60610-4764

Naikang Tsao
Foley & Lardner LLP
150 East Gilman St.
Verex Plaza
Madison, WI 53703

Bruce D. Kuyper
Latham & Watkins LLP
633 W. Fifth St., Suite 4000
Los Angeles, CA 90071

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

Stuart Lubitz
Laurence H. Pretty
David A. Ben-Meir
Hogan & Hartson LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

MP3 20163900.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Samsung Defendants' Counsel
January 11, 2006
Page 2

Jordan N. Malz
Gregory S. Arovas
Thomas D. Pease
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10022

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
Kramer Levin Naftalis
 & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 1989

Re:     *St. Clair Intellectual Property Consultants, Inc. v.*
        *Samsung Electronics Co. et al.*
        Our File No.: 121865.0011

Dear Counsel:

I write in response to Naikang Tsao's January 10, 2006 letter which was written on behalf of Defendants Hewlett-Packard Company ("HP"), Samsung Electronic Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P. (collectively referred to as "Samsung"), Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America (collectively referred to as "MEI"), Nokia Corporation and Nokia, Inc. (collectively referred to as "Nokia").

I confirm that St. Clair, HP, Samsung, MEI and Nokia agree they will confine their discovery in this case to issues relating to the ownership of the patents-in-suit until Judge Farnan rules on the outstanding bifurcation and stay motions. We agree with your proposed date of January 30, 2006 to provide substantive responses. As to the caveats, I think we are generally on the same page. First, we understand you are not waiving any objections (such as privilege) in responding to the outstanding discovery; however, St. Clair does not waive its right to a privilege log of responsive information or documents withheld subject to any assertion of privilege or work product protection. And, we are not waiving the right to seek further supplementation if your production remains deficient. As to your second caveat, we understand you reserve the right to object to St. Clair's future ownership discovery and agree objections to new discovery are not waived through this agreement.

Please let me know if you agree with the foregoing. I look forward to hearing from you.

MP3 20163900.1

Samsung Defendants' Counsel
January 11, 2006
Page 2


Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Carrie M. Lambert

CML/scg
cc:     George H. Seitz III

MP3 20163900.1