IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br> Plaintiff, <br> v. <br> EASTMAN KODAK COMPANY, et al., <br> Defendants. | ) <br> ) <br> ) Civil Action No. 04-1436 JJF <br> ) <br> ) <br> ) |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE UNDER SEAL A SUPPLEMENTAL BRIEF AND ATTACHMENT TO PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DEFENDANT EASTMAN KODAK COMPANY TO SUBSTANTIVELY RESPOND TO PLAINTIFF'S OUTSTANDING DISCOVERY REQUESTS AND TO MOVE FORWARD WITH OWNERSHIP-RELATED DISCOVERY IN THIS CASE

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") hereby moves this Court for permission to file under seal a supplemental brief describing and attaching the Asset Purchase Agreement ("Agreement") between Defendant Eastman Kodak Company ("Kodak") and Mirage Systems, Inc. ("Mirage") dated May 20, 2005 to St. Clair's Motion for an Order Compelling Defendant Eastman Kodak Company to Substantively Respond to Plaintiff's Outstanding Discovery Requests and to Move Forward with Ownership-Related Discovery in this Case ("Motion to Compel"). St. Clair requests such permission from the Court because the parties do not yet have a Scheduling Order in place in this case that would address the procedure for filing confidential documents under seal.

As this Court is aware, Kodak claims to have entered into an Asset Purchase Agreement with Mirage Systems, Inc. to purchase all of Mirage's alleged "rights" in the patents-in-suit on May 20, 2005. Kodak has refused, and continues to refuse, to produce this document in Delaware in response to valid and proper ownership-related discovery requests served upon Kodak by St. Clair in June 2005, claiming that the ownership discovery should only go forward in the *Mirage Systems, Inc. v. St. Clair et al.* case in California (Ca. Superior Court (Santa Clara County) 1-05-CV-039164). For months, Kodak managed to keep the document from seeing the light of day in both the California and Delaware

actions despite repeated formal and informal requests from St. Clair. Finally, two weeks after the California Court told Kodak to produce the Agreement to St. Clair, Kodak turned it over on January 13, 2006. However, the production was conditional, of course:

> [w]e are producing this to you on the condition that the Agreement and the terms therein remain confidential, and limited to use by outside counsel in [the California] action only. In other words, neither the document nor its contents should be disclosed to your clients or any third parties.

Ex. 1, 1/13/06 Ward Ltr.[1] Kodak is therefore preventing St. Clair from discussing the terms of the Agreement and from producing the Agreement to this Delaware Court, even though the document is directly responsive to long-outstanding discovery requests from St. Clair.

St. Clair accordingly filed its Motion to Compel simultaneously with this Motion today, January 26, 2006. However, since Kodak "instructed" St. Clair not to produce or use the document outside the California case, St. Clair cannot attach the Agreement to its Motion to Compel, nor can it even describe the terms of the Agreement to the Court. St. Clair's Motion to Compel rests in large part upon the Agreement itself and production of that document to the Court is imperative to the resolution of that Motion. As described in St. Clair's Motion to Compel, this document is responsive to St. Clair's discovery requests, is relevant to the ownership issues in this case, proves Kodak is hiding information and documents from this Court, and supports St. Clair's Motion to Compel in its entirety. St. Clair should be allowed to submit the Agreement along with a supplemental brief to St. Clair's Motion to Compel to fully apprise the Court of the basis for St. Clair's Motion.

Finally, Kodak would not be harmed in any way if the Agreement and any description of its terms was filed "under seal." The document and any information related to the Agreement would not be seen by third parties and would be only viewed by the Court and outside counsel to this action.[2]

---

[1] All exhibits referred to herein are attached to the Affidavit of Patricia J. McGonigle, attached to this Motion. ("McGonigle Aff.").

[2] St. Clair does not agree that the Agreement is actually worthy of "outside counsel's eyes only" protection in any event, considering it was an Agreement between two adverse parties to which no privileges or confidences apply.

Kodak cannot claim that it is harmed by giving this Court the actual truth about what is going on in this matter.

## CONCLUSION

For the foregoing reasons, St. Clair respectfully requests an Order from this Court granting St. Clair permission for leave to file "under seal" a supplemental brief to its Motion to Compel which attaches and describes the Kodak-Mirage Agreement. St. Clair also respectfully requests and Order from this Court allowing the Agreement to be attached and discussed in further pleadings to the Court as long as the pleadings are filed "under seal."

Dated: January 26, 2006.

Of Counsel:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

By: /s/ Patricia P. McGonigle
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

**Attorneys for St. Clair Intellectual Property Consultants, Inc.**

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 26th day of January 2006, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Patricia P. McGonigle

Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

51868 v1