IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY,<br><br>Defendants. | Civil Action No. 04-1436 JJF<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ST. CLAIR'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT
EASTMAN KODAK COMPANY'S MOTION FOR A PROTECTIVE ORDER**

Dated: January 26, 2006.

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

52099v1

## TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY OF THE ARGUMENT ....................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 2

STATEMENT OF THE FACTS ................................................................................................... 5

ARGUMENT ................................................................................................................................. 9

I. THIS COURT IS THE PROPER FORUM FOR RESOLVING THE OWNERSHIP DISPUTE BETWEEN ST. CLAIR AND KODAK/MIRAGE. ................... 9

    A. Kodak Should Not be Allowed to Evade its Obligation to Respond to St. Clair's Outstanding Discovery Requests by Withholding Clearly Responsive Information and Documents. ........................................................... 10

    B. Ownership of the Patents-in-Suit Should Be Resolved in this Court Because It Was First Raised in this Court, Mirage Allowed this Court to Determine Ownership, and the Issue is in Other Pending Litigation in this Court. ........................................................................................................................ 11

    C. The Attempt to Manipulate the Legal Process by Kodak and Mirage and the Interests of Sound Judicial Administration Weigh in Favor of this Court Resolving the Ownership Dispute. ........................................................... 13

CONCLUSION ............................................................................................................................ 15

## TABLE OF AUTHORITIES

Page

**Cases**

*City and Suburban Mgmt. Corp. v. First Bank of Richmond*,
959 F. Supp. 660 (D. Del. 1997) ............................................................................ 12, 13

*Corning, Inc. v. SRU Biosystems, LLC*,
No. 03-633 JJF, 2004 U.S. Dist. LEXIS 14831 (D. Del. July 7, 2004) ...................... 10

*Glenmede Trust Co. v. Hutton*,
56 F.3d 476 (3d Cir. 1995) ............................................................................................ 9

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994) ............................................................................................ 9

*Smith v. Bic Corp.*,
869 F.2d 194 (3d Cir. 1989) .......................................................................................... 9

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*,
707 F. Supp. 1429 (D. Del. 1989) ............................................................................... 11

**Statutes**

Fed. R. Civ. P. 26(a)(1) ................................................................................................... 3

Fed. R. Civ. P. 26(c) ....................................................................................................... 9

Fed. R. Civ. P. 26(f) ........................................................................................................ 3

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

The issue of ownership of the patents-in-suit[1] was first raised in this Court and should be resolved in this Court. Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") opposes Defendant Eastman Kodak Company's ("Kodak's") attempt to manipulate the legal process to prevent this Court from resolving the ownership dispute between St. Clair and Kodak. At the same time Kodak asserts an alleged ownership interest to the patents-in-suit as the apparent successor-in-interest to Mirage Systems, Inc. ("Mirage"), Kodak refuses to engage in discovery on the issue of ownership in this lawsuit. For example, without any justification, Kodak withholds from St. Clair and this Court a June 10, 2005 Asset Purchase Agreement between it and Mirage, which purportedly sold whatever rights Mirage claimed in the patents-in-suit to Kodak.

Kodak should not be permitted to stay the case or discovery in this lawsuit to avoid litigating the ownership issue in the District of Delaware. When Mirage elected to assert its alleged ownership claim to the patents-in-suit, it did so in this Court in secret cooperation with Canon. Back in the Fall of 2004, Mirage stood ready to appear at the Canon and/or Fuji trials (Case No. 03-CV-241-JJF) and to allow this Court to determine the ownership issue. Further, the non-Kodak defendants[2] in this action agreed with St. Clair that the ownership dispute can be resolved in this action and have agreed to substantively respond to St. Clair's ownership discovery. Kodak, however, is evading its discovery obligations and withholding information and documents it knows are clearly responsive to St. Clair's outstanding discovery requests in

---

[1] The patents-in-suit are U.S. Patent Nos. 5,138,459 ("the '459 patent"), 6,094,219 ("the '219 patent"), 6,233,010 ("the '010 patent"), and 6,323,899 ("the '899 patent"), and 6,496,222 ("the '222 patent"). (D.I. 1.)

[2] The "non-Kodak defendants" are Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electronic Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett-Packard Company.

this action. Kodak's calculated attempts to stonewall discovery and to prevent this action from moving forward in this Court unfairly prejudices St. Clair and must not be permitted.

Since 2001, this Court has expended substantial resources by presiding over three trials in which three juries rendered verdicts regarding the patents-in-suit. This Court has also issued two claims-construction opinions construing the claim terms in the patents-in-suit. No other court is as familiar as this Court is with the technology embodied in the patents-in-suit and the arguments related to the ownership dispute. In the interests of sound judicial administration, this Court is therefore in the best position to resolve the ownership dispute. Kodak has failed to demonstrate that it is entitled to a protective order, and its motion should therefore be denied.

## NATURE AND STAGE OF THE PROCEEDINGS

St. Clair filed this action on November 9, 2004 against Kodak and ten other defendants. (D.I. 1.) To accommodate settlement discussions with the defendants, St. Clair withheld service of its Complaint. (D.I. 5-6.) Kodak later chose not to participate in any further settlement discussions and instead, requested service and answered St. Clair's Complaint on January 27, 2005. In its Answer, Kodak did not allege the issue of ownership of the patents-in-suit as an affirmative defense or counterclaim. (D.I. 7.) The non-Kodak defendants were served on March 1, 2005, but were given extensions to answer or otherwise move in order to further pending settlement discussions. (D.I. 11, 12, 13, and 15.) The non-Kodak defendants answered by April 29, 2005 and St. Clair responded to all counterclaims by May 19, 2005. (D.I. 9, 17, 19, 20, 21, 24, 25, 28, and 29.)

On May 18, 2005, Kodak sought to amend its Answer to add ownership as a defense in this action and even provided St. Clair with a copy of its Amended Answer. (Ex. 1, 5/18/05

Passameneck Letter with Kodak's proposed Amended Answer.)³ St. Clair did not oppose such an amendment, but Kodak did not file its Amended Answer.

On May 19, 2005, all the defendants, including Kodak, filed a joint Motion to Stay Action Pending Resolution of the Ownership Dispute Between Plaintiff and Mirage Systems, Inc. (D.I. 31.) The very next day, on May 20, 2005, Kodak entered into an Asset Purchase Agreement with Mirage to acquire all of Mirage's alleged rights to the patents-in-suit. Kodak did not notify the Court of this agreement at that time.

The Court has not yet entered a Scheduling Order. On May 23, 2005, the parties submitted separate scheduling proposals with all the defendants proposing phasing the case and St. Clair initially proposing a unified schedule. (D.I. 33 and 34.) Even at this time, Kodak also did not notify the Court of its Asset Purchase Agreement with Mirage. Upon review of defendants' joint motion to stay (D.I. 31.), St. Clair agreed that prompt determination of St. Clair's ownership may best be served by bifurcation, but not in the specific framework defendants proposed in their Rule 26(f) report. On June 3, 2005, St. Clair filed its Answering Brief in Opposition to Defendants' Joint Motion to Stay Action and concurrently filed its Opening Brief in Support of its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issues in the Present Action. (D.I. 40.) That same day, St. Clair also filed its Initial Disclosures Pursuant to Rule 26(a)(1). (D.I. 38.)

Kodak's agreement with Mirage closed on June 10, 2005. (D.I. 44 at 1.) On that same day, Kodak filed its joint reply brief in support of the motion to stay the action with no mention of its Asset Purchase Agreement with Mirage. (D.I. 41.) On June 17, 2005, Kodak filed its Answering Brief in Opposition to St. Clair's Motion to Bifurcate and Expeditiously Proceed with

---

³ All exhibits cited herein are attached to the Affidavit of Patricia P. McGonigle in Support of St. Clair's Memorandum in Opposition to Kodak's Motion for a Protective Order.

Ownership Issues in the Present Action and finally informed the Court of its acquisition of Mirage's alleged rights to the patents-in-suit. (D.I. 44.) The non-Kodak defendants filed a joint Answering Brief and supported "bifurcating and litigating the ownership issue in this action." (D.I. 45 at 1.) On June 24, 2005, St. Clair served discovery requests relating to ownership on all the defendants. (D.I. 49.) On July 25, 2005, the defendants served objections to St. Clair's discovery requests and improperly claimed that their motion to stay allowed them to withhold any substantive responses. (D.I. 56-61.)

It is both inaccurate and unfair for Kodak to claim that St. Clair was silent on the production of ownership-related information and documents until December 2005. St. Clair was not. First, since hearing of Kodak's pursuit of some type of deal with Mirage, St. Clair informed Kodak that it should inform this Court of the deal and requested the deal documents from Kodak. (Ex. 2-3, 6/13/05 and 6/14/05 Schutz Letters.) After discovery was served, St. Clair made numerous follow-up requests for these materials. (Ex. 4, 6/30/05 Lambert Letter; Ex. 5, 7/08/05 Miller Letter.) St. Clair has consistently taken the position that the ownership issue should be litigated in this Court. In the Summer and Fall of 2005, St. Clair focused on opposing Kodak/Mirage's attempts to avoid litigation in this Court and on the Special Master proceeding in the Canon and Fuji cases, which may impact issues related to ownership of the patents-in-suit.

Finally, after months of believing Kodak or Mirage would come forward with ownership-related documents, St. Clair once again had to make a request for materials. (Ex. 6, 12/22/05 Lambert Letter.) Recently, on January 9, 2006, the parties met and conferred regarding ownership discovery and the non-Kodak defendants agreed to supplement their discovery responses by January 30, 2006. (Ex. 7, 1/24/06 Lambert Letter; Exs. 8-9, 1/10/06 and 1/18/06 Tsao Letters.) On January 16, 2006, St. Clair issued deposition notices for Mirage and several of

52099v1

4

its current and/or former principals or shareholders. (D.I. 77-84.) On January 19, 2006, Kodak filed its Motion for a Protective Order, which St. Clair opposes. (D.I. 85.) To date, over eight months after Kodak first indicated its intent to amend with an Amended Answer prepared, Kodak has not amended its Answer in this action to allege ownership of the patents-in-suit as a defense or counterclaim.

## STATEMENT OF THE FACTS

St. Clair is the titleholder of the patents-in-suit. Mirage, and now apparently Kodak, claims an ownership interest in patents relating to, among other things, digital cameras with multiple file formats. All the rights to these patents, however, were properly assigned to St. Clair over a decade ago. Indeed, on November 1, 1995, St. Clair purchased the '459 patent and all related patents, applications, reissues, and reexaminations, which includes all the patents-in-suit, from the company formed by the inventors, Personal Computer Cameras, Inc. ("PCC"). (Ex. 10, Patent Purchase Agreement.) On January 16, 1996, St. Clair recorded PCC's assignment of the '459 patent and its progeny to St. Clair with U.S. Patent and Trademark Office ("PTO"). (Ex. 11, St. Clair Assignment.) While Kodak alleges that employment agreements with the inventors assigned the invention to Mirage, to date neither Mirage nor Kodak have recorded any interest with the PTO.

St. Clair has filed several actions in this Court to enforce its patent rights:

(1) August 14, 2001: *St. Clair v. Sony, et al*, No. 01-CV-557-JJF;

(2) February 28, 2003: *St. Clair v. Canon, et al*, No. 03-CV-241-JJF;

(3) November 4, 2004: *St. Clair v. Samsung, et al.*, No. 04-CV-1436-JJF; and

(4) May 6, 2005: *St. Clair v. Mirage, et al.*, No. 05-CV-273-JJF.

In enforcing its patent rights, St. Clair has received the following damage awards:

(1) $25,000,000.00 on February 25, 2003 in *St. Clair v. Sony, et al.*;

(2) $34,716,482.49 on October 8, 2004 in *St. Clair v. Canon, et al.*; and

(3) $3,003,465.00 on October 25, 2004 in *St. Clair v. Canon, et al.*

(D.I. 322, No. 01-CV-557-JJF; D.I. 880 and 926, No. 03-CV-241-JJF.) St. Clair has also licensed its patents to many of the largest manufacturers of digital cameras in the world, including: (1) Sony Corporation; (2) Nikon Corporation; (3) Minolta Co., Ltd.; (4) Olympus Optical Co., Ltd.; (5) Seiko Epson Corporation; (6) Casio Computer Co.; (7) Kyocera Corporation; (8) Pentax Corporation; and (9) Samsung Techwin Co. Ltd.

Although Mirage asserts that it first learned of the patents-in-suit in November 2003 during discovery in the *St. Clair v. Canon* case,[4] Mirage chose not to contact St. Clair, the record titleholder, to claim ownership of the patents-in-suit. In fact, instead of publicly asserting any alleged rights to the patents, Mirage worked behind the scenes with Canon under the auspices of a secret Consulting Agreement and Covenant Not to Sue ("Consulting Agreement"). (Ex. 12, Consulting Agreement.) In exchange for a $75,000 lump-sum payment and additional payments, Mirage agreed to cooperate and assist Canon in defending its litigation and to testify against St. Clair at trial. (*Id.*) Under the terms of the Consulting Agreement, Canon has paid Mirage at least $167,693.97. (D.I. 978, Special Master Report and Recommendation at 54, No. 03-CV-241-JJF.)

St. Clair learned of the Consulting Agreement for the first time in the middle of trial against Canon on September 30, 2004. (*Id.* at 17.) At the time, two of Mirage's principals, George J. Moussally and Kenneth L. Ford, were in the courtroom ready to testify on behalf of Canon. Because of the surprise disclosure of the Consulting Agreement, this Court severed

---

[4] St. Clair alleges that Mirage and/or its officers knew of the '459 patent and the patented technology long before November 2003.

Canon's ownership defense from the trial and initiated proceedings with Special Master Vincent J. Poppiti to determine whether Canon timely produced the Consulting Agreement to St. Clair and, if not, what sanctions should be recommended. Mirage was an active participant in the proceedings before Special Master Poppiti. On November 18, 2005, Special Master Poppiti issued his Report and Recommendations, which recommended several sanctions against Canon and its attorneys. In the report, Special Master Poppiti made specific mention of the "obviously questionable ethical propriety" of the substantial payments from Canon to Mirage. (*Id.* at 24-25.)

During Special Master Poppiti's investigation into the Consulting Agreement, Mirage filed an action against St. Clair and the inventors in California state court on April 12, 2005,[5] five months after this action was filed, and apparently sold any alleged rights it had to the patents-in-suit to Kodak. Mirage asserts that Kodak purchased Mirage's alleged rights to the patents-in-suit and became Mirage's successor-in-interest through an Asset Purchase Agreement it entered on May 20, 2005 that apparently closed on June 10, 2005. (D.I. 44 at 1 and 3.) Soon after selling its alleged rights, Kodak moved to be substituted in *St. Clair v. Mirage, et al.*, No. 05-CV-273-JJF, which was granted by the Court. (D.I. 23, No. 05-CV-273-JJF.) The defendants in the *St. Clair v. Mirage* litigation are now Mirage, George J. Moussally, Kenneth L. Ford, and Kodak. On June 21, 2005, the defendants in *St. Clair v. Mirage*, moved to dismiss, or, in the alternative, to stay this action. (D.I. 14, No. 05-CV-273-JJF.) Defendants Moussally and Ford also moved to dismiss based on improper venue. (D.I. 15, No. 05-CV-273-JJF.) This Court has not ruled on either of these motions and no pending litigation in this Court involving the ownership issue has been stayed.

In defending the California action, St. Clair and the Inventor Defendants removed the

---

[5] *Mirage v. Speasl, et al.*, Case No. 1-05-CV-039164, was filed in California Superior Court in the Santa Clara County ("California action").

52099v1                                   7

action to federal court on July 15, 2005 in attempt to have the action transferred to this Court. Basing its decision on the rule that removal must be exercised within 30 days of the first-served defendant, rather than the last-served defendant, the federal court remanded the case back to state court on October 19, 2005. On December 1, 2005, St. Clair filed a demurrer to Mirage's Amended and Supplemental Complaint on the grounds of statute of limitations and laches. In the alternative, St. Clair also requested in its demurrer that the Court dismiss or stay the state court action in favor of pending actions in this Court. On January 3, 2006, the Court held a hearing and overruled St. Clair's demurrer. In declining to grant St. Clair's alternative request, however, the Court stated the proper procedure for such a request is through a motion for a stay on the ground of forum non conveniens. (Ex. 13, 1/03/06 Hearing Tr. at 16:2-8; Ex. 14, 1/3/06 Order at 4.) On January 17, 2006, St. Clair filed a motion to sever and to stay the California action based on forum non conveniens. (Ex. 15.) St. Clair's pleadings in California have focused on informing the state court of the pending actions in this Court and on requesting that the state court decline jurisdiction of the ownership issue in favor of pending actions in this Court.

Mirage also moved to substitute Kodak into the California action after Mirage allegedly sold its claimed rights to the patents-in-suit to Kodak. In light of St. Clair's experience with the concealment of Mirage's Consulting Agreement with Canon, St. Clair's stipulation requested production of the Asset Purchase Agreement to understand the nature and extent of Kodak's true interest before St. Clair could agree to substitution of Kodak for Mirage. Previously, St. Clair sent numerous requests to Kodak seeking production of its agreement with Mirage. (*See, e.g.*, Ex. 3, 6/14/05 Schutz Letter; Ex. 4, 6/30/05 Lambert Letter; Ex. 5, 7/08/05 Miller Letter.) During the hearing on January 3, 2006, the Court in California agreed that St. Clair is entitled to receive the Asset Purchase Agreement and directed Mirage to produce it to St. Clair so the

parties could discuss an appropriate stipulation for Kodak's substitution. (Ex. 13, 1/03/06 Hearing at 18:26-29.) After St. Clair sent another two letters to counsel for Mirage and Kodak requesting the agreement, St. Clair finally received the agreement on January 17, 2006. (Exs. 16-17, 1/04/06 and 1/13/06 Schutz Letters.) Even though the agreement is directly responsive to outstanding discovery requests since June 2005 in this litigation, however, Kodak produced the agreement on the condition that it could only be used in the California action. (Ex. 18, 1/24/06 Schutz Letter; Ex. 19, 1/13/06 Ward Letter.)  St. Clair is concurrently filing a Motion to Compel Kodak to Substantively Respond to Ownership-related Discovery.

## ARGUMENT

### I.   THIS COURT IS THE PROPER FORUM FOR RESOLVING THE OWNERSHIP DISPUTE BETWEEN ST. CLAIR AND KODAK/MIRAGE.

St. Clair has always maintained that the ownership dispute should be resolved in this Court. Kodak has failed to demonstrate that it is entitled to a protective order to stay ownership discovery in this action, particularly in light of the non-Kodak defendants' willingness to move forward with ownership discovery in this action. "A party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for such a protective order." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citing Fed. R. Civ. P. 26(c)); *Smith v. Bic Corp.*, 869 F.2d 194, 199 (3d Cir. 1989). "Good cause" requires a specific showing that disclosure will "cause a clearly defined and serious injury." *Id.; see also Glenmede Trust Co. v. Hutton,* 56 F.3d 476, 483 (3d Cir. 1995). "Broad allegations of harm, unsubstantiated by specific examples" will not suffice. *Id.* Here, if Kodak were required to move forward with ownership discovery in this action, Kodak has not shown that it would suffer any legitimate "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). Kodak prefers to respond to discovery in the California action only, even though there are

no discovery requests from St. Clair pending in that action. The balancing of equities of St. Clair's needs for the discovery against Kodak's hallow assertions of harm weigh in favor of denying Kodak's request for a protective order. *See Corning, Inc. v. SRU Biosystems, LLC*, No. 03-633 JJF, 2004 U.S. Dist. LEXIS 14831, *6 (D. Del. July 7, 2004) (Farnan, J.) (Ex. 22).

  A. **Kodak Should Not be Allowed to Evade its Obligation to Respond to St. Clair's Outstanding Discovery Requests by Withholding Clearly Responsive Information and Documents.**

For over six months now, Kodak has improperly withheld responsive information to St. Clair's discovery requests in this action because Kodak has only been willing to produce responsive information under the caption of the California state court action. For example, Kodak executed the Asset Purchase Agreement on June 10, 2005, but has refused to produce the agreement in this action even after St. Clair's numerous letter requests and document requests. *See, e.g.*, Ex. 20, Request No. 11 of St. Clair's First Set of Requests for Documents and Things to Kodak ("All documents referring or relating to Defendants' statement that 'Defendant Kodak's recent acquisition of Mirage's interests, if any, in the patents-in-suit . . .'"); Ex. 3, 6/14/05 Schutz Letter; Ex. 4, 6/30/05 Lambert Letter; Ex. 5, 7/08/05 Miller Letter. St. Clair even produced, as a courtesy in this action (since no discovery requests were served by defendants), numerous declarations regarding the ownership issue back in July 2005 while St. Clair continued to press Kodak regarding its deal documents with Mirage. (Ex. 5, 7/08/05 Miller Letter.) In response, Kodak refused to produce the documents related to its Asset Purchase Agreement.

When Kodak finally produced the Asset Purchase Agreement, after it was directed to do so by the Court in California, Kodak confined the use of the agreement to the California action without any justification. Even though Kodak would prefer to only produce responsive information in California, the Asset Purchase Agreement and related documents are clearly

52099v1             10

responsive to St. Clair's discovery requests that have been outstanding since June 24, 2005 in this Court. (Ex. 20, St. Clair's First Set of Requests for Documents and Things to Kodak; Ex. 21, St. Clair's First Set of Interrogatories to Kodak.) The defendants' pending motion to stay was not an excuse to ignore basic discovery rules. *See Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989). Kodak has relevant information and documents and should not be allowed to evade its obligation under the discovery rules to respond to St. Clair's discovery requests in this Court.

### B. Ownership of the Patents-in-Suit Should Be Resolved in this Court Because It Was First Raised in this Court, Mirage Allowed this Court to Determine Ownership, and the Issue is in Other Pending Litigation in this Court.

Kodak and/or Mirage cannot escape the fact that when Mirage elected to assert its alleged ownership claim to the patents-in-suit, it did so in this Court. Mirage spent several months negotiating the Consulting Agreement with Canon, and then collaborated, as a third party, with Canon on Canon's Motion to Dismiss for Lack of Standing and Subject Matter Jurisdiction. (D.I. 612, No. 03-CV-241-JJF.) For example, Mirage principals George J. Moussally and Kenneth L. Ford crafted lengthy declarations in support of Canon's Motion to Dismiss. Messrs. Moussally and Ford also traveled to Delaware during the *St. Clair v. Canon* trial and were prepared to testify regarding Mirage's alleged ownership claims in this Court. Through its voluntary actions back in 2004, Mirage allowed this Court to decide the ownership issue and recognized that this Court afforded Mirage a remedy. Now that Mirage has apparently sold its alleged rights to the patents-in-suit to a defendant in this action, Kodak, this Court is in an even better position to determine the ownership dispute.

Further, Mirage and/or Kodak have demonstrated that they are prepared to provide access to proof in this Court. Kodak apparently intends to file an Amended Answer challenging

ownership of the patents-in-suit. By Mirage's past conduct, Mirage has shown that it is more than willing to assist and cooperate with an accused infringer in litigation against St. Clair in this Court. Indeed, when trial began against Canon in *St. Clair v. Canon* on September 27, 2004, Canon was ready to put on its ownership defense because of the cooperation and assistance provided by Mirage. Mirage's principals, Messrs. Moussally and Ford, were in the courtroom and were prepared to testify for Canon. Mirage also provided any proof it needed to support its alleged ownership claim through documents it produced and declarations submitted from five of Mirage's current or former principals detailing Mirage's alleged ownership claim. (D.I. 614-16, 656-659, 752, No. 03-CV-241-JJF.) The only reason the ownership defense did not go forward in the Canon trial was because of the wrongful concealment of the Consulting Agreement. Over one year after the proceeding before Special Master Poppiti began, Special Master Poppiti recommended several sanctions that include striking Canon's ownership defense due to the concealment of Mirage's agreement with Canon. (D.I. 978 at 65.) Special Master Poppiti, however, recommended allowing the defense to go forward for co-defendant Fuji. (D.I. 979.) Resolution of the ownership issue will be necessary for the action against Fuji to move forward toward final judgment.

Because this Court was ready to have the ownership issue tried in the Canon and Fuji trials in September and October 2004, it demonstrates that this Court was ready to deal with any analysis of California law that may have arisen from Mirage's employment agreements. The briefing of Canon's Motion to Dismiss included analysis of California contract and employment law from both Canon and St. Clair. In fact, it is not unusual for a federal court in Delaware to apply California law, when necessary, in interpreting contracts. *See City and Suburban Mgmt. Corp. v. First Bank of Richmond*, 959 F. Supp. 660, 664-666 (D. Del. 1997) (applying California

contract law to a loan sale agreement). Combined with this Court's extensive knowledge of the technology embodied in the patents-in-suit,[6] this Court is in a much better position to resolve the ownership dispute.

### C. The Attempt to Manipulate the Legal Process by Kodak and Mirage and the Interests of Sound Judicial Administration Weigh in Favor of this Court Resolving the Ownership Dispute.

The California state court and St. Clair should never have been burdened with the ownership dispute in California because Mirage first chose to litigate the ownership dispute in this Court by cooperating with Canon. Mirage, however, apparently decided it no longer wanted this Court to decide the ownership dispute after the Court denied Canon's Motion to Dismiss for Lack of Standing and a jury awarded St. Clair a $34.7 million verdict against Canon. Mirage chose a new forum and filed its action in California only after this Court denied Canon's motion and initiated the Special Master proceeding over the Mirage/Canon Consulting Agreement. Mirage's conduct created the possibility of conflicting outcomes and is harassing to St. Clair by forcing St. Clair to defend the ownership claim in California when it has been properly before this Court since July 2004. This Court is where St. Clair chose to litigate its patents rights and it has spent substantial resources doing so over the last four years. The granting of a protective order will only serve to further unfairly prejudice St. Clair.

In pleadings submitted in the California action, St. Clair has informed the California Court of the pending actions in this Court and has requested that the Court decline jurisdiction of the matter in favor of this Court. Because the Court in California has expressed that courts "don't like to have two cases going at the same time that cover the same subject matter," St.

---

[6] This Court has held two claims construction hearings and issued two claims construction opinions and orders in the *St. Clair v. Sony, et al.* and *St. Clair v. Canon, et al.* cases. (D.I. 748-49, No. 03-CV-241-JJF; D.I. 111-12, No. 01-CV-557-JJF).

Clair filed a currently pending motion to sever and to stay the California action based on forum non conveniens. (Ex. 13, 1/3/06 Hearing at 20:5-7; Ex. 15, Motion to Sever and to Stay.)

In this action, Kodak has alleged that the patents-in-suit are invalid and unenforceable and has claimed that a patentable invention never existed. (D.I. 7.) In California, however, Kodak has alleged through Mirage, that the patents-in-suit are very valuable. Strangely, as the alleged owner of the patents-in-suit, Kodak has not alleged ownership of the patents-in-suit as a defense or counterclaim. Kodak even stated its intention to do so over eight months ago and prepared an Amended Answer challenging ownership. (Ex. 1, 5/18/05 Passamaneck Letter with Kodak's proposed Amended Answer.) St. Clair agreed to Kodak's request for a stipulation to file its Amended Answer, but oddly, Kodak has yet to file it. By refusing to add ownership as a defense and by refusing to respond to St. Clair's outstanding discovery requests, Kodak is attempting to manipulate the legal process to try and convince this Court that it should not resolve an issue that has been directly before this Court since July 2004—long before the California action was ever initiated.

Based on the history of Mirage's and Kodak's conduct in this Court and the positions Kodak has asserted in this action, Kodak should be required to participate in discovery regarding its own actions, those of its predecessor-in-interest, and its contradictory positions regarding the patents-in-suit before this Court. Since 2001, this Court has expended substantial resources by presiding over three trials in which three juries have rendered verdicts regarding the patents-in-suit. This Court has also issued two claims-construction opinions. No other court has a better understanding of the technology embodied in the patents-in-suit or is in a better position to determine the ownership dispute than this Court. Thus, the interests of sound judicial

administration and conservation of judicial resources weigh in favor of this Court. Kodak's motion, therefore, should be denied and ownership discovery should move forward in this action.

## CONCLUSION

For the foregoing reasons, St. Clair requests that the Court deny Defendant Kodak's Motion for a Protective Order and order Kodak to move forward with ownership discovery in this action.

Dated: January 26, 2006.

SEITZ, VAN OGTROP & GREEN

By: /s/ Patricia P. McGonigle
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
  CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

ATTORNEYS FOR PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 26th day of January 2006, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Patricia P. McGonigle

Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

51868 v1