# EXHIBIT 1

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

FACSIMILE

399 PARK AVENUE
NEW YORK, NEW YORK 10022
+1 212 230 8800
+1 212 230 8888 fax
wilmerhale.com

| DATE |
|---|
| May 18, 2005 |

| TO | FAX |
|---|---|
| Kimberly G. Miller, Esq.<br>Robins, Kaplan, Miller & Ciresi LLP | fax: 612-339-4181<br>phone: 612-349-8500 |
| George H. Seitz, Esq.<br>Seitz, Van Ogrop & Green, P.A. | fax: 302-888-0606<br>phone: 302-888-0600 |
| Richard L. Horwitz, Esq.<br>Potter, Anderson & Corroon LLP | fax:  302-658-1192<br>phone:  302-984-6027 |

| FROM | NUMBER OF PAGES, INCLUDING COVER |
|---|---|
| Nora Q.E. Passamaneck<br>8821 | 15 |

**MESSAGE**

Please see the attached letter

RECEIVED

DATE 5/18/05
BY   KIMBERLY G. MILLER
     ROBINS, KAPLAN
     MILLER & CIRESI, L.L.P.

This facsimile transmission is confidential and may be privileged.  If you are not the intended recipient, please immediately call the sender or, if the sender is not available, call +1 212 230 8800 and destroy all copies of this transmission.  If the transmission is incomplete or illegible, please call the sender or, if the sender is not available, call +1 212 230 8800.  Thank you.

BALTIMORE   BEIJING   BERLIN   BOSTON   BRUSSELS   LONDON
MUNICH   NEW YORK   NORTHERN VIRGINIA   OXFORD   WALTHAM   WASHINGTON

05/18/2005 14:53 FAX  212 230 8888      WILMER CUTLER PICKERING                    002/015

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

May 18, 2005

Nora Q.E. Passamaneck

399 PARK AVENUE
NEW YORK, NY 10022
+1 212 937 7200
+1 212 230 8888 fax
nora.passamaneck@wilmerhale.com

Kimberly G. Miller, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Re:    *St. Clair Property Consultants, Inc. v. Samsung Electronics Co., Ltd. et al.,*
       Civil Action No. 04-1436 JJF

Dear Kimberly:

In response to your email message today in relation to the above-referenced matter, I wanted to provide you with some additional information. As you know, Eastman Kodak Company filed its answer to St. Clair's amended complaint on January 27, 2005. Since that time, we have learned of Mirage Systems Inc.'s claim that it owns the patents-in-suit, as evidenced in both a complaint filed on April 12, 2005 by Mirage Systems Inc. against St. Clair in the Superior Court of the State of California, County of Santa Clara, Case No. 105-CV-039164, and an action filed on May 6, 2005 by St. Clair in the District of Delaware, Civ. Action. No. 05-273. We request that St. Clair stipulate to a motion by Eastman Kodak Company to amend its answer to plead a few affirmative defenses based on this ownership issue. For your reference, enclosed is the amended answer that Kodak would like to file.

At your earliest convenience, please let me know whether St. Clair will stipulate to this motion. If you have any questions, please feel free to contact me.

Very truly yours,

Nora Q.E. Passamaneck

cc:    George Seitz, Esq.
       William DiSalvatore, Esq.
       Mark Selwyn, Esq.
       Richard Horwitz, Esq.

BALTIMORE   BEIJING   BERLIN   BOSTON   BRUSSELS   LONDON
MUNICH   NEW YORK   NORTHERN VIRGINIA   OXFORD   WALTHAM   WASHINGTON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C. A. No. 04-1436 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## DEFENDANT EASTMAN KODAK COMPANY'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure, defendant Eastman Kodak Company ("Kodak") answers the allegations of the First Amended Complaint (the "Complaint") and asserts counterclaims as follows:

1. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

05/18/2005 14:54 FAX 212 230 8888     WILMER CUTLER PICKERING     ☑ 004/015

4. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Kodak admits the allegations contained in paragraph 12.

13. Kodak admits that the Complaint purports to be an action for patent infringement, that this Court has subject matter jurisdiction, and that venue is proper in this Court. Kodak admits that it transacted business in this judicial district, but denies that such business included any acts of patent infringement. No answer is required to the

PAGE 4/15 * RCVD AT 5/18/2005 2:48:59 PM [Central Daylight Time] * SVR:MP-RIGHTFAX/0 * DNIS:812 * CSID:212 230 8888 * DURATION (mm-ss):03-10

allegations contained in paragraph 13 insofar as they are directed at defendants other than Kodak.

14. Kodak admits that, on its face, U.S. Patent No. 5,138,459 ("'459 Patent") indicates an issue date of August 11, 1992, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and lists Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and Personal Computer Cameras, Inc. as the assignee. Kodak denies that a copy of the '459 Patent is attached as Exhibit A to the Complaint as served, denies that the '459 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 14.

15. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Kodak admits that, on its face, U.S. Patent No. 6,094,219 ("'219 Patent") indicates an issue date of July 25, 2000, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and lists Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and St. Clair Intellectual Property Consultants, Inc. as the assignee. Kodak denies that a copy of the '219 Patent is attached as Exhibit B to the Complaint as served, denies that the '219 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 16.

17. Kodak admits that, on its face, U.S. Patent No. 6,233,010 ("'010 Patent") indicates an issue date of May 15, 2001, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and lists Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and St. Clair

-3-

Intellectual Property Consultants, Inc. as the assignee.  Kodak denies that a copy of the '010 Patent is attached as Exhibit C to the Complaint as served, denies that the '010 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 17.

18. Kodak admits that, on its face, U.S. Patent No. 6,323,899 ("'899 Patent") indicates an issue date of November 27, 2001, is entitled "Process For Use In Electronic Camera," and lists Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and St. Clair Intellectual Property Consultants, Inc. as the assignee.  Kodak denies that a copy of the '899 Patent is attached as Exhibit D to the Complaint as served, denies that the '899 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 18.

19. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Kodak admits that various claim terms of the patents-in-suit were construed by the Court's Memorandum Opinion and Order of September 3, 2002 in Civil Action No. 01-557-JJF, which was based on submissions as to which Kodak had no input or involvement.

21. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

-4-

23. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Kodak admits that various claim terms of the patents-in-suit were construed by the Court's Memorandum Opinion and Order of August 31, 2004 in Civil Action No. 03-241-JJF, which was based on submissions as to which Kodak had no input or involvement.

31. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

-5-

05/18/2005 14:54 FAX 212 230 8888          WILMER CUTLER PICKERING                    ☑008/015

33. Kodak denies the allegations contained in paragraph 33 insofar as they are directed to Kodak.  No answer is required to the allegations contained in paragraph 33 insofar as they are directed to defendants other than Kodak.

34. Kodak denies the allegations contained in paragraph 34 insofar as they are directed to Kodak.  No answer is required to the allegations contained in paragraph 34 insofar as they are directed to defendants other than Kodak.

35. Kodak denies the allegations contained in paragraph 35 insofar as they are directed to Kodak.  No answer is required to the allegations contained in paragraph 35 insofar as they are directed to defendants other than Kodak.

36. Kodak denies the allegations contained in paragraph 36 insofar as they are directed to Kodak.  No answer is required to the allegations contained in paragraph 36 insofar as they are directed to defendants other than Kodak.

37. Kodak admits that plaintiff has demanded a jury trial.

## FIRST DEFENSE

Plaintiff is not entitled to any relief against Kodak because Kodak has not infringed the patents-in-suit, has not actively induced infringement of the patents-in-suit, and has not contributed to infringement of the patents-in-suit.

## SECOND DEFENSE

The claims of the patents-in-suit are invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

-6-

### THIRD DEFENSE

Kodak has not willfully infringed and is not willfully infringing the patents-in-suit.

### FOURTH DEFENSE

The relief sought by plaintiff is barred in whole or in part by the doctrine of laches.

### FIFTH DEFENSE

Depending upon the outcome of the pending reexamination proceedings in the United States Patent and Trademark Office, plaintiff's infringement claims are or may be barred, at least in part, by Kodak's intervening rights.

### SIXTH DEFENSE

At least a portion of plaintiff's claim for damages for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

### SEVENTH DEFENSE

On information and belief, St. Clair does not own the patents-in-suit and lacks standing to bring this action.

### EIGHTH DEFENSE

On information and belief, St. Clair's claims for relief are barred in whole or in part by the doctrine of unclean hands, at least because St. Clair has alleged that Kodak and other defendants are liable to St. Clair for alleged infringement of the patents-in-suit,

-7-

although St. Clair knew or should have known of another entity's (Mirage Systems, Inc.) asserted ownership of the patents-in-suit.

## NINTH DEFENSE

On information and belief, not all owners of the patents-in-suit have been joined as plaintiffs in this action.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Kodak, for its counterclaims against St. Clair, alleges as follows:

1. These are counterclaims for declarations of non-infringement, invalidity, and unenforceability of one or more claims of U.S. Patent Nos. 5,138,459, 6,094,219, 6,233,010, and 6,323,899, collectively the "patents-in-suit."

2. The plaintiff-in-counterclaim Eastman Kodak Company is a New Jersey corporation having its principal place of business at 343 State Street, Rochester, New York 14650.

3. The defendant-in-counterclaim St. Clair Intellectual Property Consultants, Inc. ("St. Clair") alleges in its Complaint that it is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Gross Pointe, Michigan 48230-1551.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

-8-

05/18/2005 14:55 FAX  212 230 8888        WILMER CUTLER PICKERING                    ☑ 011/015

5. St. Clair has sued Kodak claiming that St. Clair is the owner of the patents-in-suit and accusing Kodak of infringing the patents-in-suit.

6. An actual case and controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in-suit, and that controversy is ripe for adjudication by this Court.

-9-

## COUNT I

### (Non-Infringement, Invalidity, and Unenforceability of '459 Patent)

7.  Paragraphs 1-6 are realleged and incorporated fully as if set forth herein.

8.  One or more claims of the '459 Patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

9.  Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '459 Patent, and that the '459 Patent is invalid.

## COUNT II

### (Non-Infringement, Invalidity, and Unenforceability of '219 Patent)

10.  Paragraphs 1-9 are realleged and incorporated fully as if set forth herein.

11.  One or more claims of the '219 Patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

12.  Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '219 Patent, and that the '219 Patent is invalid.

## COUNT III

### (Non-Infringement, Invalidity, and Unenforceability of '010 Patent)

13.  Paragraphs 1-12 are realleged and incorporated fully as if set forth herein.

-10-

14. One or more claims of the '010 Patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

15. Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '010 Patent, and that the '010 Patent is invalid.

## COUNT IV

### (Non-Infringement, Invalidity, and Unenforceability of '899 Patent)

16. Paragraphs 1-15 are realleged and incorporated fully as if set forth herein.

17. One or more claims of the '899 Patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

18. Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '899 Patent, and that the '899 Patent is invalid.

WHEREFORE, Kodak requests that the Court enter a judgment in its favor and against St. Clair as follows:

(a)    Dismiss the Complaint in its entirety, with prejudice;

(b)    Declare that Kodak has not infringed, and is not infringing, the '459 Patent;

(c)    Declare that one or more of the claims of the '459 Patent are invalid, void, and/or unenforceable;

-11-

(d)    Declare that Kodak has not infringed, and is not infringing, the '219 Patent;

(e)    Declare that one or more of the claims of the '219 Patent are invalid, void, and/or unenforceable;

(f)    Declare that Kodak has not infringed, and is not infringing, the '010 Patent;

(g)    Declare that one or more of the claims of the '010 Patent are invalid, void, and/or unenforceable;

(h)    Declare that Kodak has not infringed, and is not infringing, the '899 Patent;

(i)    Declare that one or more of the claims of the '899 Patent are invalid, void, and/or unenforceable;

(j)    Award Kodak its costs and reasonable attorneys' fees incurred in defending this action, pursuant to 35 U.S.C. § 285; and

(k)    Grant such other and further relief as the Court may deem just and proper.

-12-

05/18/2005  14:55 FAX  212 230 8888      WILMER CUTLER PICKERING                                          @015/015

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Kodak demands a trial by jury on all issues so triable.

OF COUNSEL:

William F. Lee
Donald R. Steinberg
Mark D. Selwyn
Joseph F. Haag
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William P. DiSalvatore
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  1002
(212) 230-8800

Dated:  May 18, 2005

667975

POTTER ANDERSON & CORROON LLP


By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, Delaware 19801
    Tel:  (302) 984-6000

*Attorneys for Defendant
Eastman Kodak Company*

-13-

# EXHIBIT 2

ROBINS KAPLAN MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

RONALD J. SCHUTZ
(612) 349-8435

June 13, 2005

*Via Facsimile & U.S. Mail*

Mr. William P. DiSalvatore, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Re:    *St. Clair v. Samsung, et al.*
        Our File No. 121865.0011

Dear Mr. DiSalvatore:

I had a chance to review Kodak's June 10, 2005 Reply Brief in Support of Defendants' Joint Motion to Stay in which Kodak, along with its co-Defendants, demanded that the Court stay the *St. Clair v. Samsung et al.* case because it is "preferable" that the ownership issue be resolved in a direct action between St. Clair and Mirage. I understand that on the same day Kodak filed its Reply Brief, Kodak acquired all rights, title and interest to any invention claimed by Mirage that relates to the patents-in-suit, yet Kodak made no mention of this material fact in its submission to the Court. We believe that Kodak should have notified the Court of this and that Kodak must supplement its Reply Brief with this information and the circumstances surrounding the acquisition of the Mirage rights. If Kodak refuses, St. Clair will inform the Court of Kodak's purchase and subsequent omission.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Ronald J. Schutz

RJS/CML
cc:    William F. Lee, Esq.
        Richard Horwitz, Esq.
        Sharon R. Barner, Esq.
        Bruce Kuyper, Esq.
        Stuart Lubitz, Esq.
        Steven J. Balick, Esq.

MP3 20138753.1

Mr. William P. DiSalvatore, Esq.
June 13, 2005
Page 2

      John E. Daniel, Esq.
      Jack B. Blumenfeld, Esq.
      John M. Desmarais, Esq.
      Josy W. Ingersoll, Esq.

# EXHIBIT 3

ROBINS · KAPLAN · MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

RONALD J. SCHUTZ
612-349-8435
RJSchutz@rkmc.com

June 14, 2005

**VIA FACSIMILE & U.S. MAIL**

William P. DiSalvatore, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY  10022

Re:    *St. Clair v. Samsung, et al*
       File No.: 121865.0011

Dear William:

I got your letter of June 13th.

I had no intention of offering any free legal advice.  I was just wondering why Kodak hadn't been forthright with the Court when it filed its brief.  Your letter has now set me straight.  I was unaware of the three hour time difference rule to the candor requirement.

Finally, would you be so kind as to send us copies of the Kodak-Mirage deal documents.  Thank you in advance.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Ronald J. Schutz

RJS/ll
cc:    William F. Lee, Esq.
       Richard Horwitz, Esq.
       Sharon R. Barner, Esq.
       Bruce Kuyper, Esq.
       Stuart Lubitz, Esq.
       Steven J. Balick, Esq.
       John E. Daniel, Esq.
       Jack B. Blumenfeld, Esq.

William P. DiSalvatore, Esq.
June 14, 2005
Page 2


      John M. Desmarais, Esq.
      Josy W. Intersoll, Esq.
      Mr. Ed Chung
      Mr. Thomas Baumgarten, Jr.

# EXHIBIT 4



2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**Carrie M. Lambert**
**612-349-8292**

June 30, 2005

**VIA FACSIMILE and U.S. Mail**

Nora Q.E. Passamaneck
WILMER CUTLER PICKERING HALE
   and DOOR L.L.P.
399 Park Avenue
New York, NY 10022

      Re:    St. Clair Intellectual Property Consultants, Inc. v. Samsung, et al.
           Our File No. 121865.0011

Dear Nora:

I write to follow up on my June 22, 2005 letter and our conversation on Friday, June 24, 2005 regarding Kodak's production of the Kodak-Mirage purchase documents. As we discussed on Friday, St. Clair cannot determine whether to oppose Kodak's Motion for Substitution in California until it knows why substitution is warranted. The production of those documents is necessary to that determination.

As I stated on the phone, St. Clair is willing to maintain the documents as "Attorneys Eyes Only" until a Protective Order is in place in this case, thereby quelling any confidentiality concerns you might have. I remind you again that the Kodak-Mirage purchase documents are discoverable, are not privileged and will be produced in this case eventually. Kodak's refusal to produce them now, when motion practice could be avoided, is unnecessarily increasing the cost and burden in this case and is not justifiable.

As this is the fourth formal request for these documents, and as St. Clair needs time to review the documents and evaluate its position on Kodak's Motion for Substitution in light of the documents, St. Clair must know immediately whether Kodak will produce the purchase documents. I look forward to hearing from you.

                Very truly yours,

                ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                Carrie M. Lambert

CML/scg

6/30/2005
Page 2

cc:     **<u>Via Facsimile only</u>**
        Kenneth L. Nissly
        William F. Lee, Esq.
        Mark D. Selwyn, Esq.
        Louis W. Tompros, Esq.
        William P. DiSalvatore, Esq.
        Caren K. Khoo, Esq.
        Eric J. Ward, Esq.
        Amy L. Fici, Esq.
        Catherine A. Corlett, Esq.
        Edward M. McNally, Esq.

# EXHIBIT 5



ROBINS·KAPLAN·MILLER·&·CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

KIMBERLY G. MILLER
612-349-0602

July 8, 2005

*VIA FACSIMILE & U.S. MAIL*

William DiSalvatore
Wilmer Cutler Pickering Hale and Dorr, LLP
399 Park Avenue
New York, NY 10022

　　　　Re:　*St. Clair v. Samsung, et al.*
　　　　　　File No.: 121865.0011

Counsel:

　　　　As you know, we have asked Canon, Fuji, and Mirage for permission to provide you a copy of the pleading requested in your July 6, 2005 letter. We will be in touch in this regard. Once again, we request you prove Kodak has bought Mirage's interests in the patents-in-suit by sending us a copy of all relevant agreements.

　　　　　　　　Very truly yours,

　　　　　　　　ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

　　　　　　　　Kimberly G. Miller

KGM/mmt

# EXHIBIT 6

ROBINS KAPLAN MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

CARRIE M. LAMBERT
612-349-8292

December 22, 2005

**VIA FACSIMILE AND MAIL**

William F. Lee
Mark D. Selwyn
Louis W. Tompros
Wilmer Cutler Pickering
 Hale and Dorr LLP
60 State Street
Boston, MA 02109

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

William P. DiSalvatore
Karen K. Khoo
Nora Q.E. Passamaneck
Wilmer Cutler Pickering
 Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Re:    *St. Clair Intellectual Property Consultants, Inc. v.*
       *Samsung Electronics Co. et. al*
       Our File No.: 121865.0011

Dear Counsel:

I am writing in regard to Kodak's failure to respond to St. Clair's discovery requests in the above-referenced action. As you know, this case was filed over a year ago, on November 8, 2004. After all Defendants finally answered St. Clair's First Amended Complaint, St. Clair served its First Set of Interrogatories and its First Set of Requests for Documents and Things on June 24, 2005. Kodak served its response to St. Clair's first sets of discovery requests on July 25, 2005. Kodak did not, however, actually respond to St. Clair's requests. Instead, Kodak improperly asserted, in addition to the litany of standard objections, that discovery was premature given Defendants' pending Motion to Stay Action Pending Resolution of Patent Ownership Dispute Between Plaintiff and Mirage Systems, Inc. (D.I. 31).

KODAK Counsel
December 22, 2005
Page 2

St. Clair's discovery requests seek relevant and discoverable information, and this information must be produced so this matter can proceed without further delay. As just one example, our first sets of requests were narrowly tailored to discover information relevant to the ownership defense, and Kodak has admitted that it has responsive information and documents in its possession and control. In fact, as the basis for its motion to substitute in both the *St. Clair v. Mirage* (05-273-JJF (D. Del.)) and *Mirage v. Speasl* (1-05-CV-039164 (Cal Sup. Ct.)) actions, for example, Kodak has represented to the Court that it is the owner of Mirage's purported "rights" to the patents-in-suit. Any agreements between Kodak and Mirage would be relevant to at least Interrogatory No. 1 and Requests for Production Nos. 1, 2, 3, 4, and 11.

Kodak must immediately respond to St. Clair's discovery requests set forth in its First Set of Interrogatories and First Set of Requests for Documents and Things. A pending motion is not an excuse to ignore basic discovery rules. In the District of Delaware, "unless and until it is granted a stay, [a party] should be required to conduct discovery as if no motion had been filed at all." *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

We have made numerous requests for this information in correspondence with you. To date, our requests have been ignored. It is inexcusable that Kodak has not responded to St. Clair's repeated requests—especially in light of our very narrowly tailored discovery in this matter. St. Clair therefore asks that you submit substantive responses to its discovery requests by January 3, 2006 or St. Clair will be forced to seek appropriate relief from the Court.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Carrie M. Lambert

CML/scg

cc:  Sharon R. Barner            John M. Desmarais
     Sheldon Karon               Gregory S. Arovas
     Marianne C. Holzhall        Thomas D. Pease
     Naikang Tsao                Jordan N. Malz
     Bruce D. Kuyper             Josy W. Ingersoll
     Richard L. Horwitz          John W. Shaw
     David E. Moore              Karen E. Keller
     Stuart Lubitz               John E. Daniel
     Laurence H. Pretty          Donald L. Rhoads
     David A. Ben-Meir           Vito J. DeBari
     Steven J. Balick            Jack B. Blumenfeld
     John G. Day                 George H. Seitz III
     Tiffany Geyer Lydon

# EXHIBIT 7

ROBINS · KAPLAN · MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500  FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

CARRIE M. LAMBERT
612-349-8292
cmlambert@rkmc.com

January 24, 2006

**VIA FAX AND FEDERAL EXPRESS**

William F. Lee
Mark D. Selwyn
Michael J. Summersgill
Louis W. Tompros
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109

Caren K. Khoo
Nora Q.E. Passamaneck
Wilmer Cutler Pickering
  Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
Foley & Lardner LLP
321 N. Clark St., #2800
Chicago, IL 60610-4764

Naikang Tsao
Foley & Lardner LLP
150 East Gilman St.
Verex Plaza
Madison, WI 53703

Bruce D. Kuyper
Latham & Watkins LLP
633 W. Fifth St., Suite 4000
Los Angeles, CA 90071

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

Stuart Lubitz
Laurence H. Pretty
David A. Ben-Meir
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Samsung Defendants' Counsel
January 24, 2006
Page 2

Jordan N. Malz
Gregory S. Arovas
Thomas D. Pease
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10022

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
Kramer Levin Naftalis
 & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 1989

Re:    *St. Clair Intellectual Property Consultants, Inc. v.*
       *Samsung Electronics Co., et al.*
       Case No. 04-CV-1436 JJF
       Our File No.: 121865.0011

Dear Counsel:

I write in response to Naikang Tsao's January 18, 2006 letter which was written on behalf of Defendants Hewlett-Packard Company, Samsung Electronic Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation and Nokia, Inc. (collectively referred to as the "non-Kodak defendants").

We understand that the non-Kodak defendants will supplement their discovery to St. Clair's outstanding discovery requests relating to ownership of the patents-in-suit by January 30, 2006. As to the caveats set forth in Mr. Tsao's January 10, 2006 letter, which were referenced in his January 18, 2006 letter, St. Clair reiterates that it does not waive its right to a privilege log of responsive information or documents withheld subject to any assertion of privilege or work product protection. St. Clair also does not waive the right to seek further supplementation if the non-Kodak defendants' production remains deficient. We look forward to receiving substantive responses from the non-Kodak defendants on January 30, 2006.

St. Clair intends to pursue additional discovery on ownership, including taking depositions. This should be no surprise, as Mr. Tsao's January 10, 2005 letter acknowledges that St. Clair may pursue "future ownership discovery." Our approach to discovery is consistent with the non-Kodak defendants agreement that this action should be bifurcated with an early trial of the

Samsung Defendants' Counsel
January 24, 2006
Page 2

ownership issue in Delaware.[1]  We are concerned that the position you stake out in your January 18, 2006 correspondence is different and appears to be closely coordinated with Kodak's attempt to manipulate discovery and the course of this litigation.  To be clear, St. Clair will continue to oppose any stay of the ownership issue in Delaware in favor of the litigation in California.  We will timely file our opposition to Kodak's Motion for a Protective Order and a Motion to Compel Kodak Discovery.  We expect your full cooperation in ownership discovery as agreed upon and look forward to your responses on January 30, 2006.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Carrie M. Lambert

CML/scg
cc:    George H. Seitz III

---

[1] *See* Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC, and Hewlett Packard in Partial Support of and Partial Opposition to Plaintiff's Motion to Bifurcate and Expeditiously Proceed with the Ownership Issues in the Present Action, filed on June 17, 2005.

# EXHIBIT 8

JAN-10-06   16:21   FROM-Foley & Lardner LLP                608-2584258        T-320  P.001/004  F-382

# ■■FOLEY

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**
VEREX PLAZA
150 EAST GILMAN STREET
MADISON, WI 53703-1481
POST OFFICE BOX 1497
MADISON, WI 53701-1497
TELEPHONE: 608.257.5035
FACSIMILE: 608.258.4258
WWW.FOLEY.COM

## FACSIMILE TRANSMISSION

```
ORIGINAL WILL BE SENT BY MAIL
```

### Total # of Pages **4** (including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| Carrie M. Lambert<br>Ronald J. Schutz<br>Jake M. Holdreith<br>Becky R. Thorson<br>Kimberly G. Miller<br>Robins, Kaplan, Miller & Ciresi LLP | (612) 349-8500 | (612) 339-4181 |
| William P. DiSalvatore<br>Caren K. Khoo<br>Nora Q.E. Passamaneck<br>Wilmer Cutler Pickering Hale and Dorr LLP | (212) 937-7202 | (212) 937-7300 |
| William F. Lee<br>Mark D. Selwyn<br>Louis W. Tompros<br>Wilmer Cutler Pickering Hale & Dorr LLP | (617) 526-6556 | (617) 526-5000 |
| Richard L. Horwitz<br>Potter Anderson & Corroon LLP | (302) 658-6027 | (302) 658-1192 |
| Sharon R. Barner<br>Sheldon Karon<br>Foley & Lardner LLP | (312) 832-4500 | (312) 832-4700 |
| Bruce D. Kuyper<br>Latham & Watkins LLP | (213) 891-8001 | (213) 891-8763 |
| Stuart Lubitz<br>Laurence H. Pretty<br>David A. Ben-Meir<br>Hogan & Hartson LLP | (213) 337-6700 | (213) 337-6701 |
| Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>Ashby & Geddes | (302) 654-1888 | (302) 654-2067 |

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATE RECIPIENT NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

MADI 612981.1                              Cover Page 1 of 2                         FOLEY & LARDNER LLP

JAN-10-06  16:21    FROM-Foley & Lardner LLP              608-2584258        T-320  P.002/004  F-382

# ▮FOLEY

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

## FACSIMILE TRANSMISSION

| | | |
|---|---|---|
| John E. Daniel<br>Donald L. Rhoads<br>Vito J. DeBari<br>Kramer Levin Naftalis & Frankel LLP | (212) 715-9195 | (212) 715-8195 |
| Jack B. Blumenfeld<br>Morris, Nichols, Arsht & Tunnell | (302) 658-9200 | (302) 658-3989 |
| Jordan N. Malz<br>Gregory S. Arovas<br>Thomas D. Pease<br>Kirkland & Ellis LLP | (212) 446-4739 | (212) 446-4900 |
| Josy W. Ingersoll<br>John W. Shaw<br>Karen E. Keller<br>Young Conaway Stargatt & Taylor, LLP | (302) 571-6600 | (302) 576-3301 |
| Paul M. Lukoff<br>David E. Brand<br>Prickett, Jones & Elliott, P.A. | (302) 888-6500 | (302) 658-8111 |
| George H. Seitz, III<br>Seitz, Van Ogtrop & Green, P.A. | (302) 888-0600 | (302) 888-0606 |

| | |
|---|---|
| **From :** | Naikang Tsao |
| **Email Address :** | ntsao@foley.com |
| **Sender's Direct Dial :** | 608.258.4250 |
| **Date :** | January 10, 2006 |
| **Client/Matter No :** | 069014-0113 |
| **User ID No :** | 0561 |

**MESSAGE:**

If there are any problems with this transmission or if you have not
received all of the pages, please call 608.258.4252.

| Operator: | Time Sent: | Return Original To:<br>Ann L. Rake |
|---|---|---|

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

JAN-10-06   16:21    FROM-Foley & Lardner LLP                608-2584258          T-320  P.003/004  F-362

 **FOLEY**

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
VEREX PLAZA
150 EAST GILMAN STREET
MADISON, WI 53703-1481
POST OFFICE BOX 1497
MADISON, WI 53701-1497
608.257.5035 TEL
608.258.4258 FAX
www.foley.com

WRITER'S DIRECT LINE
608.258.4250
ntsac@foley.com EMAIL

CLIENT/MATTER NUMBER
069014-0113

January 10, 2006

<u>VIA FACSIMILE AND U.S. MAIL</u>

Carrie M. Lambert, Esq.
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

      Re:   *St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics Co. et al.*, C.A. No. 04-1436 (JFF) (D. Del.)

Dear Carrie:

      This is in response to your January 9, 2006 letter, which was sent as a follow-up to our meet and confer conference yesterday. This letter represents the views of Defendant Hewlett-Packard Company, which we represent, and also the Defendants listed below.[1]

      We agree with your statement that discovery in this case should "be confined to issues relating to the ownership of the patents-in-suit until Judge Farnan rules on the outstanding bifurcation and stay motions." We also agree to supplement our responses to St. Clair's outstanding discovery requests, subject to the following two caveats.

      First, in some instances, St. Clair's document requests are sufficiently broad to cover attorney-client communications. For example, one request asks for: "All documents referring or relating to your review, evaluations and discussions regarding any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit." Thus, we agree to supplement our responses to the extent that our prior objection to that discovery was based on Defendants' pending motion to stay. However, in cases where there are other objections (such as privilege), and no non-privileged documents exist, we intend to reassert those objections.

      Second, we reserve the right to object to St. Clair's future ownership discovery, which we have yet to see. In other words, we are agreeing to provide substantive supplemental responses to St. Clair's outstanding discovery, subject to the assertion of core privileges, but are not

---

[1]   Counsel for Defendants Samsung Electronic Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation and Nokia, Inc. have indicated that their clients join in the positions expressed in this letter.

BOSTON          JACKSONVILLE     NEW YORK        SAN DIEGO/DEL MAR    TAMPA
BRUSSELS         LOS ANGELES      ORLANDO         SAN FRANCISCO        TOKYO
CHICAGO          MADISON          SACRAMENTO      SILICON VALLEY       WASHINGTON, D.C.
DETROIT          MILWAUKEE        SAN DIEGO       TALLAHASSEE          WEST PALM BEACH

MADI_612926.1

JAN-10-06   16:21    FROM-Foley & Lardner LLP              608-2584258        T-320  P.004/004  F-382

# ▪FOLEY

January 10, 2006
Page 2

waiving our right to make objections (only) to improper ownership discovery that may come
later (before the Court rules on the pending motions).

Please let us know whether you are agreeable to this approach. If so, we propose that
Hewlett-Packard, Samsung, Nokia and MEI would supplement their initial discovery responses
by January 30, 2006.

Sincerely,

Naikang Tsao

NT:nt

cc:    Ronald J. Schutz               Steven J. Balick
       Jake M. Holdreith              John G. Day
       Becky R. Thorson               Tiffany Geyer Lydon
       Kimberly G. Miller             John E. Daniel
       William P. DiSalvatore         Donald L. Rhoads
       Caren K. Khoo                  Vito J. DeBari
       Nora Q.E. Passamaneck          Jack B. Blumenfeld
       William F. Lee                 Josy W. Ingersoll
       Mark D. Selwyn                 John W. Shaw
       Louis W. Tompros               Karen E. Keller
       Richard L. Horwitz             Paul M. Lukoff
       Sharon R. Barner               David E. Brand
       Sheldon Karon                  George H. Seitz III
       Bruce D. Kuyper                Jordan N. Malz
       Stuart Lubitz                  Gregory S. Arovas
       Laurence H. Pretty             Thomas D. Pease
       David A. Ben-Meir

MADI_612826.1

# EXHIBIT 9

# ∎∎FOLEY

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
VEREX PLAZA
150 EAST GILMAN STREET
MADISON, WI 53703-1481
POST OFFICE BOX 1497
MADISON, WI 53701-1497
TELEPHONE: 608.257.5035
FACSIMILE: 608.258.4258
WWW.FOLEY.COM

## FACSIMILE TRANSMISSION

> ORIGINAL WILL BE SENT BY MAIL

### Total # of Pages  4  (Including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| Carrie M. Lambert<br>Ronald J. Schutz<br>Jake M. Holdreith<br>Becky R. Thorson<br>Kimberly G. Miller<br>Robins, Kaplan, Miller & Ciresi LLP | (612) 349-8500 | (612) 339-4181 |
| Caren K. Khoo<br>Nora Q.E. Passamaneck<br>WilmerHale LLP | (212) 937-7202 | (212) 937-7300 |
| William F. Lee<br>Mark D. Selwyn<br>Michael J. Summersgill<br>Louis W. Tompros<br>WilmerHale LLP | (617) 526-6556 | (617) 526-5000 |
| Richard L. Horwitz<br>Potter Anderson & Corroon LLP | (302) 658-6027 | (302) 658-1192 |
| Sharon R. Barner<br>Sheldon Karon<br>Foley & Lardner LLP | (312) 832-4500 | (312) 832-4700 |
| Bruce D. Kuyper<br>Latham & Watkins LLP | (213) 891-8001 | (213) 891-8763 |
| Stuart Lubitz<br>Laurence H. Pretty<br>David A. Ben-Meir<br>Hogan & Hartson LLP | (213) 337-6700 | (213) 337-6701 |
| Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>Ashby & Geddes | (302) 654-1888 | (302) 654-2067 |

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

JAN-18-2006  09:18AM   FROM-FOLEY & LARDNER LLP        6082584258           T-620  P.002/004  F-574

# ☰FOLEY

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

## FACSIMILE TRANSMISSION

| | | |
|---|---|---|
| John E. Daniel<br>Donald L. Rhoads<br>Vito J. DeBari<br>Kramer Levin Naftalis & Frankel LLP | (212) 715-9195 | (212) 715-8195 |
| Jack B. Blumenfeld<br>Morris, Nichols, Arsht & Tunnell | (302) 658-9200 | (302) 658-3989 |
| Jordan N. Malz<br>Gregory S. Arovas<br>Thomas D. Pease<br>Kirkland & Ellis LLP | (212) 446-4739 | (212) 446-4900 |
| Josy W. Ingersoll<br>John W. Shaw<br>Karen E. Keller<br>Young Conaway Stargatt & Taylor, LLP | (302) 571-6600 | (302) 576-3301 |
| Paul M. Lukoff<br>David E. Brand<br>Prickett, Jones & Elliott, P.A. | (302) 888-6500 | (302) 658-8111 |
| George H. Seitz, III<br>Seitz, Van Ogtrop & Green, P.A. | (302) 888-0600 | (302) 888-0606 |

| | |
|---|---|
| **From :** | Naikang Tsao |
| **Email Address :** | ntsao@foley.com |
| **Sender's Direct Dial :** | 608.258.4250 |
| **Date :** | January 10, 2006 |
| **Client/Matter No :** | 069014-0113 |
| **User ID No :** | 0561 |

**MESSAGE:**

If there are any problems with this transmission or if you have not
received all of the pages, please call 608.258.4252.

| Operator: | Time Sent: | Return Original To:<br>Ann L. Rake |
|---|---|---|

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

MADI_612951.1                                    Cover Page 2 of 2                          FOLEY & LARDNER LLP

JAN-18-2006  09:18AM  FROM-FOLEY & LARDNER LLP          6082584258          T-620  P.003/004  F-574

**FOLEY**

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

VEREX PLAZA
150 EAST GILMAN STREET
MADISON, WI 53703-1481
POST OFFICE BOX 1497
MADISON, WI  53701-1497
608.257.5035 TEL
608.258.4258 FAX
www.foley.com

WRITER'S DIRECT LINE
608.258.4250
mtsao@foley.com EMAIL

CLIENT/MATTER NUMBER
069014-0113

January 18, 2006

<u>Via Facsimile and U.S. Mail</u>

Carrie M. Lambert, Esq.
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re:    *St. Clair Intellectual Property Consultants, Inc. v. Samsung
       Electronics Co. et al.*, C.A. No. 04-1436 (JFF) (D. Del.)

Dear Carrie:

  This is in response to your January 11, 2006 letter.  This letter again represents the views of Defendant Hewlett-Packard Company, which we represent, and also the Defendants listed below.[1]

  As a threshold matter, we want to make clear our position in this case.  We maintain that:

  (a) this action should be stayed, for the reasons set forth in our pending motion to stay;

  (b) consistent with St. Clair's own pending motion to bifurcate, the patent ownership dispute between St. Clair and Mirage/Kodak should be decided before any other issue in this case; and

  (c) the ownership dispute should be resolved in the California state court action because, among other reasons, the Court in Delaware may lack personal jurisdiction over some of the parties to the ownership dispute, and because the dispute appears on its face to be a contract dispute

---

[1]  Counsel for Defendants Samsung Electronic Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation and Nokia, Inc. have indicated that their clients join in the positions expressed in this letter.

BOSTON          JACKSONVILLE      NEW YORK        SAN DIEGO/DEL MAR    TAMPA
BRUSSELS        LOS ANGELES       ORLANDO         SAN FRANCISCO        TOKYO
CHICAGO         MADISON           SACRAMENTO      SILICON VALLEY       WASHINGTON, D.C.
DETROIT         MILWAUKEE         SAN DIEGO       TALLAHASSEE          WEST PALM BEACH

MADI_613697.1

JAN-18-2006  09:19AM  FROM-FOLEY & LARDNER LLP                6082584258        T-620  P.004/004  F-574



January 18, 2006
Page 2

    (involving employment contracts), which is governed by California law.

       That being said, we see little point in having a discovery fight with St. Clair over alleged "ownership" discovery, given the extremely limited nature of the documents and information in our (i.e., the non-Kodak defendants') possession. Thus, to avoid the time and expense associated with such a fight—and to highlight that the patent ownership issue is a dispute between St. Clair and Mirage/Kodak, which should be litigated in California—we are willing to supplement our responses to St. Clair's outstanding discovery by January 30, 2006, subject to the caveats set forth in our January 10th letter. However, that compromise is made without prejudice to our pending motion to stay, which we continue to believe is the most efficient and logical way for the ownership dispute to be resolved.

                   Sincerely,

                   Naikang Tsao

NT:nt

cc:    Ronald J. Schutz         Steven J. Balick
       Jake M. Holdreith       John G. Day
       Becky R. Thorson       Tiffany Geyer Lydon
       Kimberly G. Miller      John E. Daniel
       Michael J. Summersgill   Donald L. Rhoads
       Caren K. Khoo        Vito J. DeBari
       Nora Q.E. Passamaneck   Jack B. Blumenfeld
       William F. Lee        Josy W. Ingersoll
       Mark D. Selwyn       John W. Shaw
       Louis W. Tompros      Karen E. Keller
       Richard L. Horwitz     Paul M. Lukoff
       Sharon R. Barner      David E. Brand
       Sheldon Karon       George H. Seitz III
       Bruce D. Kuyper      Jordan N. Malz
       Stuart Lubitz        Gregory S. Arovas
       Laurence H. Pretty     Thomas D. Pease
       David A. Ben-Meir

MADI_613697.1

PAGE 4/4 * RCVD AT 1/18/2006 9:15:58 AM [Central Standard Time] * SVR:MP-RIGHTFAX/1 * DNIS:612 * CSID:6082584258 * DURATION (mm-ss):01-34

# EXHIBIT 10

101695

# PATENT PURCHASE AGREEMENT

This Patent Purchase Agreement is made by and between St. Clair Intellectual Property Consultants, Inc., a corporation of the State of Michigan having offices at Suite Two, 16845 Kercheval Avenue, Grosse Pointe, Michigan (SCI) and Personal Computer Cameras, Inc. a corporation of the Commonwealth of Virginia, having offices at 10497 Chace Drive, Cupertino, California (PCC).

WHEREAS, PCC is the owner by assignment and otherwise of certain PCC PROPERTY (hereinafter defined);

WHEREAS, SCI desires to purchase said PCC PROPERTY from PCC; and

WHEREAS, PCC desires to sell and assign all right, title and interest in and to said PCC PROPERTY to SCI under the terms and conditions set forth below;

NOW, THEREFORE, in consideration of the premises and the mutual promises hereinafter recited, the parties hereto agree as follows:

1.    DEFINITIONS

1.1  "PCC PROPERTY" as used herein shall mean:

   A.  United States Patent No. 5,138,459 ('459 patent), together with all divisions, continuations, continuations-in-part and reissues of the '459 patent, whether issued, pending, to be filed or to be issued, and all foreign counterpart patents, patent applications and utility models of the foregoing United States patents and patent applications (hereinafter collectively referred to as "PCC PATENTS"); and

Page 1 of 10

DEPOSITION
EXHIBIT
50
Defendants

CONFIDENTIAL

stclair13251

PLAINTIFF
Trial Exhibit
STX 296
St. Clair v. Canon et. al.
03-cv-241

B. All trade secrets, know-how, copyrights, maskworks inventions, other intellectual property rights and proprietary technologies related to the PCC PATENTS, which trade secrets, know-how, copyrights, maskworks, inventions, other intellectual property rights and proprietary technologies are owned, assigned or licensed, in whole or in part, by or to PCC.

2.    SALE AND ASSIGNMENT

2.1 Subject to the provisions of paragraphs 2.2, 2.3 and 3.1 below, PCC hereby sells, assigns, transfers and conveys unto SCI, its successors and assigns, all right, title and interest in and to the PCC PROPERTY, together with all claims, demands, or causes of action that PCC has or might have by reason of any infringement of the PCC PROPERTY prior to the Effective Date of this assignment, including the right to collect damages for such past infringement in the name of SCI.

2.2 Certain portions of the PCC PROPERTY have been licensed to some third parties prior to the Effective Date of this Agreement. The sale and assignment provided for in paragraph 2.1 above shall thus be subject to any existing license rights or releases granted under the PCC PROPERTY prior to the Effective Date of this Agreement, which existing license rights and releases shall be retained by the respective parties to whom such license rights and releases have been granted.

2.3 The assignment provided for in paragraph 2.1 above shall become effective on the Effective Date of this Agreement.

2.4 PCC shall execute all documents prepared and submitted by SCI to PCC which SCI reasonably deems necessary to effectuate fully the sale and assignment provided for in paragraph 2.1 above and to permit SCI to be duly recorded as the owner of the PCC PROPERTY.

2.5 SCI shall reimburse PCC for all out of pocket disbursements incurred by PCC in the handling and execution of any documents submitted to PCC for execution pursuant to paragraph 2.4 above.

2.6 Upon the Effective Date of this Agreement, SCI shall undertake full responsibility and shall pay all costs including without limitation, attorneys' fees and expenses for all preparation and filing of applications, prosecution, renewal, reissue and maintenance of the PCC PROPERTY. PCC shall cooperate with SCI in

Page 2 of 10

CONFIDENTIAL
stclair13252

the prosecution of the PCC PROPERTY as reasonably necessary, and PCC will provide SCI with copies of all invention disclosures, notebook entries or other documents evidencing the dates of conception of the inventions covered by the claims of the PCC PROPERTY.

3.  **PAYMENT**

3.1  In partial consideration for the sale and assignment to SCI of PCC PROPERTY, and subject to the provisions of paragraph 7.1 herein, SCI agrees to do the following:

A.  Pay to PCC the sum of Forty Thousand Dollars ($40,000.00) within forty-five (45) days after the Effective Date of this Agreement;

B.  Assume full responsibility for the payment of an aggregate total of up to Twenty Thousand Dollars ($20,000.00) of fees, charges and costs billed to PCC by Christie, Parker and Hale for prosecution of the PCC PATENTS by Christie, Parker and Hale prior to Effective Date of this Agreement; and

C.  Pay PCC, within thirty (30) days after SCI's receipt, fifty percent (50%) of all revenue received by SCI from the licensing or sale of any part or all of PCC PROPERTY to third parties, and fifty percent (50%) of all damages or settlements received by SCI in connection with enforcement of the PCC PROPERTY, after deducting:

i.  Any reasonable outside legal fees, contingent fees, and litigation expenses incurred and paid by SCI in enforcing the PCC PATENTS after the Effective Date of this Agreement;

ii.  Any fees or expenses incurred and paid by SCI for prosecution of the PCC PATENTS after the Effective Date of this Agreement;

iii.  Any sums paid by SCI to Christie, Parker and Hale pursuant to paragraph 3.1(B) above;

iv.  Any maintenance or annuity fees for the PCC PATENTS paid by SCI after the Effective Date of this Agreement; and

Page 3 of 10

CONFIDENTIAL

stclair13253

v.  Any foreign withholding taxes associated with the licensing or sale of any part of all of PCC PROPERTY from which the respective revenue was collected by SCI.

3.2  PCC shall have the right upon notice, to examine or have examined from time to time, at PCC's expense, the applicable books, records and agreements relating to such transactions in order to verify the accuracy of such reports.  If it is determined under generally accepted accounting principles (GAAP) that SCI's payments to PCC are less than 95% of the amount that should have been paid, SCI will pay the expenses of the examination.  If it is determined under GAAP that SCI's payments to PCC are equal to or greater than 95% of the amount that should have been paid, PCC will reimburse SCI for all costs and expenses incurred by SCI in participating in the examination.

4.  LICENSE GRANT

4.1  As further partial consideration for the sale and assignment of the PCC PROPERTY to SCI, SCI hereby grants PCC a perpetual, irrevocable, personal, non-exclusive, non-transferable, fully-paid up, worldwide license under the PCC PROPERTY to:

A.  Sell or lease any product, part, component or device;

B.  Make, have made, and import any product, part, component or device for sales and;

C.  Sublicense the United States Government to make, have made, import and use any product, part, component or device for government purposes.

4.2  The license grant under the PCC PROPERTY as provided for in paragraph 4.1 above shall be deemed to not include any right to grant sublicenses, except as specifically stated in subparagraph 4.1(C) above.

5.  WARRANTIES AND DISCLAIMERS

5.1  Subject to the provisions of paragraphs 2.2 above and 5.2 below, PCC represents and warrants that it is the owner of all right, title and interest in and to the PCC PROPERTY, and PCC has the right to sell and assign to SCI such right, title and interest therein.

Page 4 of 10

CONFIDENTIAL

stclair13254

5.2  The PCC PROPERTY is being sold "AS IS" to SCI, and PCC makes no warranty or representation, express or implied, with respect to the validity, enforceability or infringement of any part or all of the PCC PROPERTY, except as otherwise provided in paragraph 5.4 below.

5.3  PCC further represents and warrants that:

    A.   There are no licenses, releases or other rights granted to third parties under part or all of the PCC PROPERTY, except for those specified in Exhibit A attached hereto (EXISTING LICENSES);

    B.   The EXISTING LICENSES are non-transferable and without the right to grant sub-licenses; and

    C.   PCC will timely provide SCI with copies of all agreements, memoranda, understandings, and other documents which contain, memorialize, evidence, mention or otherwise relate to the EXISTING LICENSES, such that SCI can fully evaluate the EXISTING LICENSES during the due diligence period provided for in paragraph 7.1 below.

5.4  PCC represents and warrants that it has no knowledge of any information, facts or circumstances that render any patent or patent application included in the PCC PROPERTY invalid or unenforceable, and that the patents and patent applications included in the PCC PROPERTY were not procured from the U.S. Patent and Trademark Office through violation of 37 C.F.R. 1.56.

6.   NOTICES

6.1  All notices, requests, demands and other communications under this Agreement or in connection herewith shall be given to the respective parties hereto in writing, shall be served by facsimile transmission confirmed by mail, and shall be deemed to have been given when deposited in the mail with postage prepaid and addressed as follows:

If to PCC:              Mr. Byron Rovegno
                        10497 Chace Drive
                        Cupertino, California  95014

CONFIDENTIAL

stclair13255

Facsimile No.: (408) 735-1171

If to SCI:                    Mr. Thomas W. Baumgarten, Jr.
                              Vice President
                              St. Clair Intellectual
                              Property Consultants, Inc.
                              Suite No. Two
                              16845 Kercheval Ave.
                              Grosse Pointe, MI  48230  USA

                              Facsimile No.:  (313) 884-8457

Either party may change the above designated recipients and
addresses for such notice by providing the appropriate information
in writing to the other party.

7.   DUE DILIGENCE

7.1  Upon execution of this Agreement by both parties, SCI will
have a thirty (30) day period to perform due diligence with regard
to the PCC PROPERTY.  During this due diligence period, SCI shall
have the unconditional right, without having to provide comment or
reason, to terminate this Agreement and all obligations and rights
of the parties under this Agreement, without resulting in any
claims or liability between the parties hereto.

7.2  At any time prior to the expiration of the thirty (30) day due
diligence period specified in paragraph 7.1 above, SCI may waive,
by written affirmation, SCI's right to perform due diligence under
paragraph 7.1.  In the event of such waiver by SCI, said due
diligence period will be immediately deemed to have expired.

8.   RIGHT OF FIRST REFUSAL

8.1  In the event SCI proposes to enter into a firm agreement with
a third party for the sale of the PCC PROPERTY or any portion
thereof to the third party, SCI shall give PCC notice of such
proposed sale.  PCC shall then have thirty (30) days from the date
of such notice by SCI to provide SCI with notice that PCC wishes to
purchase the PCC PROPERTY on the same terms and conditions as those
negotiated by SCI for the sale of the PCC PROPERTY to said third
party.

Page 6 of 10

CONFIDENTIAL
stclair13256

8.2  In the event PCC provides SCI with notice that PCC desires to purchase the PCC PROPERTY or any portion thereof as provided for in paragraph 8.1 above, SCI shall submit to PCC a purchase agreement providing for the sale of the PCC PROPERTY to PCC on the same terms and conditions as the third party sale proposed by SCI.  PCC shall then fully execute  said purchase agreement and return the same to SCI within fourteen (14) days after receiving said purchase agreement from SCI.

8.3  In the event PCC does not provide SCI with notice of PCC's intent to purchase the PCC PROPERTY as provided for in paragraph 8.1 above, or PCC does not provide SCI with a fully executed purchase agreement as provided for in paragraph 8.2 above, PCC shall be deemed to have waived its rights to purchase the PCC PROPERTY under paragraphs 8.1 and 8.2 above, and SCI may proceed with the proposed sale of the PCC PROPERTY to a third party without any recourse by PCC.

8.4  Notwithstanding anything to the contrary in this Agreement, the filing of any patent application, issuance of any patent, maintenance of any patent or patent application, or abandonment of any patent or patent application included in or related to the PCC PROPERTY shall be solely within the discretion of SCI without notice to PCC.

8.5  Notwithstanding anything to the contrary in this Agreement, the granting to third parties of any licenses, releases or other rights under any part or all of the PCC PROPERTY shall be within the sole discretion of SCI without notice to PCC.

9.    MISCELLANEOUS

9.1  Upon expiration of the due diligence period specified in Paragraph 7.1 above, the Effective Date of this Agreement shall be deemed to be the date this Agreement was executed by both parties hereto.

9.2  This Agreement sets forth the entire agreement and understanding by and between the parties hereto and merges all prior discussions and agreements previously entered into regarding the subject matter hereof, and neither party shall be bound by any addition to or modification of this Agreement with respect to the subject matter of this Agreement or waiver of any provision of this Agreement, other than as is expressly provided in writing and signed by a duly authorized representative of the party to be bound thereby.

Page 7 of 10

CONFIDENTIAL
stclair13257

9.3  The parties agree that execution of this Agreement by facsimile shall have the same force and effect as execution of an original Agreement.

9.4  Headings and captions are for convenience only and are not to be used in the interpretation of this Agreement.

9.5  If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

9.6  SCI shall not assign or transfer this Agreement or any of its rights, duties or obligations hereunder without the prior written consent of PCC.

9.7  PCC shall not assign or transfer this Agreement or any of its rights, licenses, duties or obligations hereunder without the prior written consent of SCI.

10.  TERMINATION

10.1  This Agreement may be terminated by PCC for cause immediately by written notice in the event:

    A.  SCI ceases to do business, or otherwise terminates its business operations; or

    B.  SCI materially breaches this Agreement and fails to cure such breach within 30 days (10 days in the case of a failure to pay) of written notice by PCC describing the breach; or

    C.  SCI becomes insolvent or seeks protection under any bankruptcy, receivership, trust deed, creditors arrangement, composition or comparable proceeding, or if any such proceeding is instituted against SCI (and not dismissed within 90 days).

10.2  In the event of any termination under Paragraph 10.1 above, all of SCI's rights, title and interest in and to the PCC PROPERTY shall immediately revert to PCC.  SCI agrees to perform all acts including, without limitation, execution of documents upon PCC's request, necessary to evidence, perfect, and obtain such reversion.

Page 8 of 10

CONFIDENTIAL

10.3  In the event SCI sells the PCC PROPERTY, or any portion thereof, to a third party in accordance with Paragraphs 8.1 through 8.5 of this Agreement, all rights and interests of PCC under Paragraphs 10.1 and 10.2 above shall immediately terminate.

10.4  This Agreement may be terminated by SCI for cause immediately by written notice in the event:

    A.  PCC ceases to do business, or otherwise terminates its business operations; or

    B.  PCC materially breaches this Agreement and fails to cure such breach within 30 days of written notice by PCC describing the breach;

    C.  PCC becomes insolvent or seeks protection under bankruptcy, receivership, trust deed, creditors arrangement, composition or comparable proceeding, or if any such proceeding is instituted against PCC (and not dismissed within 90 days).


IN WITNESS WHEREOF, the duly authorized representatives of the parties hereto have caused this Agreement to be executed.

Personal Computer Camera, Inc.    St. Clair Intellectual
                                     Property Consultants, Inc.

By: _____    By: _____
                                      Edward M. Chung
                                      President

Date: Nov 1, 1995    Date: November 21, 1995

CONFIDENTIAL

stclair13259

# EXHIBIT A

## EXISTING LICENSES

Agreement dated November 24, 1993 by and between Personal Computer Cameras, Inc. and Aura Associates.

Agreement dated June 13, 1954 by and between Personal Computer Cameras, Inc. and Aura Associates.

Agreement dated September 19, 1994 by and between NEC Corporation, a Japanese corporation having its principal place of business at 7-1, Shiba 5-Chome, Minato-ku, Tokyo 109-01, Japan (NEC) and Aura Associates Inc., a California corporation having its principal place of business at 2605 South Winchester Boulevard, Campbell, CA 95008, and Personal Computer Cameras, Inc., a Virginia corporation having its principal place of business at 2605 South Winchester Boulevard, Campbell, CA 95008.

Page 10 of 10

CONFIDENTIAL

stclair13260