# SEITZ, VAN OGTROP & GREEN, P.A.
## ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

(302) 888-0600
FAX: (302) 888-0606

Writer's Direct Dial: (302) 888-7605
Writer's E-Mail Address: pmcgonigle@svglaw.com

January 30, 2006

### BY ELECTRONIC FILING AND HAND DELIVERY

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street, Lock Box 27
Wilmington, DE 19801

    Re:   *St. Clair v. Samsung, et al.,*
           Civil Action No. 04-1436-JJF

Dear Judge Farnan:

    Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") submits this letter to supplement its *Answering Brief in Opposition to Defendant Eastman Kodak Company's ("Kodak's") Motion for a Protective Order* (D.I. 93) and *St. Clair's Memorandum of Law in Support of its Motion for an Order Compelling Kodak to Substantively Respond to St. Clair's Outstanding Discovery Requests and to Move Forward with Ownership-Related Discovery in this Case* (D.I. 88) (collectively, "Briefs") and to clarify its understanding of the non-Kodak defendants[1] position regarding ownership discovery in this action.

    St. Clair filed its Briefs on January 26, 2006 assuming the non-Kodak defendants maintained their position "that bifurcation and an early trial of the threshold ownership issue in this action is a reasonable way to proceed," which is in agreement with St. Clair. (D.I. 45 at 2.) St. Clair repeated this representation in its filings on January 26, 2006 with the Court. (D.I. 93 at 1, 4; D.I. 88 at 1.) However, on the same day St. Clair filed its Briefs, the non-Kodak defendants indicated by letter that, while agreeing to supplement their responses to St. Clair's

---

[1] The "non-Kodak defendants" are Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electronic Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett-Packard Company.

52154 v1

The Honorable Joseph J. Farnan, Jr.
January 30, 2006
Page 2

ownership discovery, they were aligning with Kodak on the issue of bifurcation of the ownership issue. St. Clair maintains the ownership issue should be bifurcated and expedited for resolution in this Court. *See* correspondence from non-Kodak defendants and St. Clair's response in Exhibits A and B to this letter. Accordingly, even though the non-Kodak defendants have not updated the position set forth in their June 17, 2005 filing with the Court (D.I. 45), St. Clair submits this clarification to avoid any miscommunication regarding the non-Kodak defendants' current position on this issue.

Respectfully submitted,

PATRICIA P. MCGONIGLE
(DE BAR NO.: 3126)

cc:  Clerk of Court
     Richard L. Horwitz, Esquire (via electronic filing)
     David E. Moore, Esquire (via electronic filing)
     Steven J. Balick, Esquire (via electronic filing)
     John G. Day, Esquire (via electronic filing)
     Tiffany Geyer Lydon, Esquire (via electronic filing)
     Jack B. Blumenfeld, Esquire (via electronic filing)
     Josy W. Ingersoll, Esquire (via electronic filing)
     John W. Shaw, Esquire (via electronic filing)
     Karen E. Keller, Esquire (via electronic filing)
     Paul M. Lukoff, Esquire (via electronic filing)
     David E. Brand, Esquire (via electronic filing)
     Ronald J. Schultz, Esquire (via electronic filing)
     Ms. Sharon George (via federal express)

52154 v1

# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Jordan N. Malz
To Call Writer Directly:
(212) 446-4854
jmalz@kirkland.com

212 446-4800

www.kirkland.com

Facsimile:
212 446-4900

January 26, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Carrie M. Lambert, Esq.
Robins, Kaplan, Miler & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re: *St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics Co. et al.*, C.A. No. 04-1436 (JFF) (D. Del.)

Dear Carrie:

I write on behalf of the below-named defendants[1] in response to your January 24th letter, which again misstates the Defendants' position regarding St. Clair's motion to bifurcate.

As repeatedly stated in our prior correspondence, we support the motion to stay this case pending resolution of the California law ownership dispute between St. Clair and Mirage/Kodak in *Mirage Systems, Inc. v. Jerry Speasl*, et al., Case No. 105-CV-039164 (Cal. Sup. Ct.). Furthermore, we believe that the California law ownership dispute should be determined in the *Mirage v. Speasl* case currently proceeding in California state court and that it need not be re-litigated in Delaware federal court.

While bifurcating the ownership issue is preferable to litigating all merits issues in this action simultaneously, resolution of the California law ownership dispute in California state court in a direct action between St. Clair, Mirage/Kodak and the inventors clearly presents the optimal forum for resolving this issue. Subsequent developments in *Mirage v. Speasl* and this case have confirmed our view. Among other things, we have learned from the public record about the inventors' material breaches of their California employment agreements, making a California state court with jurisdiction over these inventors the most appropriate forum in which to litigate these issues of California law. We have also learned from the public record that the California judge recently has overruled St. Clair's demurrer and that the *Mirage v. Speasl* case

---

[1] This letter is on behalf of Defendants Samsung Electronic Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America. L.P., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett-Packard Company.

Chicago        London        Los Angeles        San Francisco        Washington, D.C.

01/26/2006 16:50 FAX                                                                    ☒004/004

# KIRKLAND & ELLIS LLP

Carrie M. Lambert, Esq.
January 26, 2006
Page 2

will be proceeding in California in all respects, including discovery. Moreover, despite the fact that the above-named defendants are not parties to the ownership dispute, St. Clair has burdened each of them with dozens of discovery requests on ownership and an irrelevant surveillance issue, which was neither contemplated nor expected during defendants' briefing regarding the motions to stay and bifurcate. Overall, because the California law ownership dispute is going forward in California Superior Court with all the necessary parties, it simply makes no sense to re-litigate this issue in Delaware federal court. To do so would be wasteful of judicial resources, raise the possibility of inconsistent rulings (and resulting delay), and needlessly burden defendants that are not parties to the ownership dispute.

We are hopeful that our amended discovery responses, which are being made subject to the caveats set forth in our January 10th letter and without prejudice to our pending motion to stay and Kodak's motion for a protective order, will make clear that we are not a party to the ownership dispute, not the proper focus of St. Clair's discovery requests, and not necessary to determining the threshold issue of patent ownership.

Sincerely,

/s/ Jordan N. Malz

Jordan N. Malz

cc: Ronald J. Schutz
Jake M. Holdreith
Becky R. Thorson
Kimberly G. Miller
William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
William F. Lee
Mark D. Selwyn
Louis W. Tompros
Richard L. Horwitz
David E. Moore
Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
Naikang Tsao
Bruce D. Kuyper

Stuart Lubitz
Laurence H. Pretty
David A. Ben-Meir
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
John E. Daniel
Donald L. Rhoads
Vito J. DeBari
Jack B. Blumenfeld
Josy W. Ingersoll
John W. Shaw
Karen E. Keller
Paul M. Lukoff
David E. Brand
George Seitz

PAGE 4/4 * RCVD AT 1/26/2006 3:46:22 PM [Central Standard Time] * SVR:MP-RIGHTFAX/7 * DNIS:612 * CSID: * DURATION (mm-ss):01-08

# EXHIBIT B

**ROBINS KAPLAN MILLER & CIRESI** LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

CARRIE M. LAMBERT
612-349-8292
cmlambert@rkmc.com

January 30, 2006

**VIA FAX AND FEDERAL EXPRESS**

William F. Lee
Mark D. Selwyn
Michael J. Summersgill
Louis W. Tompros
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109

Caren K. Khoo
Nora Q.E. Passamaneck
Wilmer Cutler Pickering
  Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Sharon R. Barner
Sheldon Karon
Marianne C. Holzhall
Foley & Lardner LLP
321 N. Clark St., #2800
Chicago, IL 60610-4764

Naikang Tsao
Foley & Lardner LLP
150 East Gilman St.
Verex Plaza
Madison, WI 53703

Bruce D. Kuyper
Latham & Watkins LLP
633 W. Fifth St., Suite 4000
Los Angeles, CA 90071

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

Stuart Lubitz
Laurence H. Pretty
David A. Ben-Meir
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Samsung Defendants' Counsel
January 30, 2006
Page 2

Jordan N. Malz
Gregory S. Arovas
Thomas D. Pease
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10022

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

John E. Daniel
Donald L. Rhoads
Vito J. DeBari
Kramer Levin Naftalis
 & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 1989

Re:   *St. Clair Intellectual Property Consultants, Inc. v.
      Samsung Electronics Co., et al.*
      Case No. 04-CV-1436 JJF
      Our File No.: 121865.0011

Dear Counsel:

I write in response to Jordan Malz's January 26, 2006 letter which was written on behalf of Defendants Hewlett-Packard Company, Samsung Electronic Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation and Nokia, Inc. (collectively referred to as the "non-Kodak defendants").

Your rendition of the developments in the California action is deficient. While the Court in California overruled St. Clair's Demurrer, the Court also suggested that the proper procedural mechanism for St. Clair to stay the action was on the ground of forum non conveniens. And, the Court recognized that St. Clair was in a very different position than any other Defendant in that case. Indeed, in ruling on St. Clair's and the Inventor Defendants' Demurrers, the Court expressed that it had a "tougher time with St. Clair" and acknowledged St. Clair's unique position. St. Clair has since filed a Motion to Sever and to Stay Based on Forum Non Conveniens. You should not assume the proceeding in California is moving forward in all respects.

Also, your discussion of what you have learned from the "public record" relating to the inventors' employment agreements is clearly a recent concoction to justify your new alignment with Kodak. You have been fully aware of the unproven allegations against the inventors all along. The allegations are simply baseless. Issues of California law in the interpretation of the inventors' employment agreements have been before Judge Farnan in Delaware since the Canon/Fuji cases.

MP3 20165868.1

Samsung Defendants' Counsel
January 30, 2006
Page 2


The U.S. District Court for the District of Delaware is the suitable forum to resolve the ownership issue for all of the reasons set forth in our recent briefs. We intend to pursue discovery in Delaware on ownership and are entitled to it as each of the non-Kodak defendants asserted ownership as an affirmative defense. Framing ownership discovery as a "burden" is ridiculous when you have asserted lack of ownership as a defense in this litigation. If you withdraw any challenge to ownership we will reconsider the relevance of each one of our discovery requests.

The position you state in your January 26, 2006 letter is different from what you told the Court in Delaware (that this action should be bifurcated with an early trial of the ownership issue[1]) and what we understood after our meet and confer. Since your clarification letter crossed paths with our court filings on Thursday, we will inform the Court that your position has changed and that you are now aligned with Kodak on this issue.

Meanwhile, we look forward to receiving your discovery responses today.

                                        Very truly yours,

                                        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                        Carrie M. Lambert

CML/scg
cc:    George H. Seitz, III

---

[1] See Answering Brief of Defendants Samsung, Matsushita, Nokia, JVC, and Hewlett Packard in Partial Support of and Partial Opposition to Plaintiff's Motion to Bifurcate and Expeditiously Proceed with the Ownership Issues in the Present Action, filed on June 17, 2005 ("the parties necessary to resolve the ownership issue are now before this Court (and the issue has been joined) . . . [the non-Kodak defendants] believe that bifurcation and an early trial of the threshold ownership issue in this action is a reasonable way to proceed.").

MP3 20165868.1