**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT EASTMAN KODAK COMPANY'S REPLY BRIEF IN FURTHER**
**SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER, AND ANSWERING**
**BRIEF TO ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.'S**
**MOTION TO COMPEL AND MOTION TO FILE A SUPPLEMENTAL BRIEF**

William F. Lee
Mark D. Selwyn
Michael J. Summersgill
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Paul M. Lukoff (I.D. #96)
David E. Brand (I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE  19899
(302) 888-6500

February 2, 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................ ii

I.      INTRODUCTION ...........................................................................1

II.     ARGUMENT ...................................................................................2

        A.      Delaware Is Not The Appropriate Forum To Resolve The Ownership
                Dispute Because The Court Cannot Resolve The *Entire* Dispute. ..............2

                1.      This patent infringement action cannot fully resolve the
                        ownership dispute because necessary parties and patents are
                        missing. .................................................................................3

                2.      Even St. Clair cannot identify which of the three pending
                        Delaware actions is appropriate for resolution of ownership. .........5

        B.      The California Action, Which Is Indisputably Moving Forward, Is The
                Only Litigation That Can Resolve The Entire Ownership Dispute. ............7

        C.      St. Clair Can Identify No Harm That Would Result From
                Proceeding In California State Court. .........................................................9

        D.      St. Clair's Attempts To Smear Kodak Are Unfair, Inaccurate, And
                Immaterial To The Question of Whether Discovery Should Proceed In
                This Action ...............................................................................................11

III.    CONCLUSION ...............................................................................13

## TABLE OF AUTHORITIES

<u>Federal Cases</u>

*Brillhart v. Excess Ins. Co.*,
    316 U.S. 491 (1942) ..................................................................................... 6

*Cipollone v. Liggett Group, Inc.*,
    106 F.R.D. 573 (D. N.J. 1985) ..................................................................... 8

*Jackson Hewitt, Inc. v. J2 Financial Services, Inc.*,
    901 F. Supp. 1061 (E.D. Va. 1995) .............................................................. 5

*Pall Corp. v. Bentley Labs., Inc.*,
    523 F. Supp. 450 (D. Del. 1981) ................................................................... 8

*Rosser v. Chrysler Corp.*,
    864 F.2d 1299 (7th Cir. 1988) .................................................................. 5, 8

*Union Switch & Signal Div. American Standard Inc. v. United Electrical, Radio, and*
    *Machine Workers of America, Local 610*
    900 F.2d 608 (3d Cir. 1990) ......................................................................... 5

<u>Statutes</u>

Cal. Lab. Code § 2870 .................................................................................... 3

Cal. Civ. Pro. § 418.10(e)(3) .......................................................................... 9

# I.     INTRODUCTION

Kodak respectfully submits this brief in further support of its Motion for a

Protective Order, in response to St. Clair's Motion to Compel, and in response to St.

Clair's Motion for Leave to File a Supplemental Brief.[1]

St. Clair's response to Kodak's Motion for a Protective Order and St. Clair's

Motion to Compel discovery in this action ("St. Clair's Opposition") maintain that

discovery regarding the question of ownership of the Roberts Patents[2] should proceed in

Delaware. St. Clair's position is misguided for at least the following reasons:

First, the ownership dispute cannot be fully resolved in either this action or any of

St. Clair's other pending Delaware actions. None of the pending Delaware actions

includes all the relevant parties and all the relevant patents. Therefore, *none provides a*

*vehicle for fully resolving the entire ownership dispute*. St. Clair does not dispute that.

Indeed, although St. Clair asserts generally that Delaware is the appropriate forum to

resolve the ownership dispute, it fails to identify the particular litigation in which it

contends the issue should be resolved.

Second, in contrast to the St. Clair Delaware actions, the ownership action

pending in California Superior Court (the "California Action") includes all the relevant

parties, all the relevant patents, and, therefore, can fully resolve the ownership dispute.

Moreover, because the California Action is the only litigation in which the named

---

[1]     Kodak's Motion For a Protective Order, St. Clair's Motion to Compel, and St. Clair's Motion for
Leave to File a Supplemental Brief are all directed to the same general issue -- whether discovery should be
stayed in this action so that the *Mirage v. Speasl et al.* litigation pending in the California Superior Court
(the "California Action") can resolve the issue of the ownership of the Roberts Patents, four of which are
asserted in this action. Kodak therefore respectfully submits this single brief as a reply in support of its
Motion For a Protective Order and in response to St. Clair's two motions.

[2]     The Roberts Patents include United States Patent Nos. 5,138,459, 6,094,219, 6,233,010, 6,323,
899, 5,576,757 and 6,496,222. St. Clair asserts only the first four of the Roberts Patents in this action ("the
patents-in-suit").

inventors are parties, the California Action will proceed regardless of whether the ownership issue is also litigated here. As a result, the only way to resolve the ownership dispute in a single forum and avoid the risk of inconsistent judgments is by staying ownership discovery here and litigating the question of ownership in California.

Third, St. Clair has identified no harm that would result from litigating the ownership issue in California. All parties to this action agree that the issue of ownership must be resolved before St. Clair's patent infringement actions can proceed. Litigating the issue of ownership in California, which is the only pending litigation that can resolve the entire ownership dispute, will be cheaper, faster, and more efficient for all involved than would be litigating the issue in multiple forums.

Finally, St. Clair's misguided attempts to smear Kodak -- including its attempts to link Kodak to the discovery problems found to have occurred in the *St. Clair v. Canon* case -- are unfair, inaccurate, and immaterial to the question of where ownership discovery should take place. St. Clair's vitriol cannot change the fact that the California state court is simply the more appropriate forum to determine the ownership issue: it includes all relevant parties and all relevant patents; California law governs the ownership determination; and most of the relevant documents and witnesses are located in California.

## II.    ARGUMENT

### A.    Delaware Is Not The Appropriate Forum To Resolve The Ownership Dispute Because The Court Cannot Resolve The *Entire* Dispute.

The ownership dispute involves six parties and the six Roberts Patents. Specifically, Kodak and Mirage, on the one hand, and the three named inventors of the patents and St. Clair, on the other, dispute the ownership of the six Roberts Patents.

Delaware is not the appropriate forum for resolution of this dispute -- and not the appropriate forum for discovery regarding this issue -- because none of the three pending Delaware actions highlighted by St. Clair includes all the relevant parties and all the relevant patents. Put simply, Delaware is not the appropriate forum for resolution of the ownership dispute because it *cannot resolve the entire dispute.*

### 1. This patent infringement action cannot fully resolve the ownership dispute because necessary parties and patents are missing.

First, this action does not include all the necessary parties. The three named inventors of the Roberts Patents -- Jerry Speasl, Marc Roberts and Matt Chikosky -- are *not* parties to this action. Indeed, St. Clair does not dispute that this Court likely does not have jurisdiction over the named inventors.

St. Clair acknowledges that its claim to own the patents-in-suit turns on the nature of the work that the three named inventors performed while they were employed by Mirage, and the circumstances under which they conceived of and reduced the invention to practice. In the *St. Clair v. Mirage* complaint, for instance, St. Clair seeks a declaration of ownership pursuant to California Labor Code Section 2870. (D.I. 86 (Exh. C, Compl. in *St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc.*, Civil Action No. 05-273-JFF (D. Del.)).) Section 2870 limits the circumstances under which an employer can require assignment of an employee's invention to exclude those where the invention is developed entirely on the employee's time without using the employer's resources and it does not (1) relate to the employer's business, or (2) result from any work performed by the employee for the employer. *See* Cal. Lab. Code § 2870. For this reason, St. Clair seeks to depose Mirage regarding, among other topics, the

"[c]ircumstances of Jerry Speasl's, Marc Roberts's and Matt Chikosky's employment with Mirage." (D.I. 84.)

Kodak's claims of ownership similarly turn on the conduct of the named inventors while they were employees of Mirage. Mirage (and now Kodak) has asserted ten specific claims against the named inventors based on their conversion of the inventions claimed in the Roberts Patents. These claims are currently pending in the California Action.

The named inventors are therefore critical to the resolution of the ownership dispute. The fact that they are not parties to this action means that the dispute cannot be fully resolved here.

Second, this action does not include all the relevant patents. The parties dispute the ownership of all *six* of the Roberts Patents and all of the interests relating to those patents, including, among other things, rights to foreign counterparts. Only *four* of those patents, however, are at issue here. As a result, this action cannot formally resolve the question of ownership as to the two remaining patents and the other ownership interests.

Finally, this action involves ten other defendants who have no role in the resolution of the ownership dispute.[3] These defendants agree that this action is not the proper forum in which to resolve the ownership issue:

> Because the California law ownership dispute is going forward in California Superior Court with all the necessary parties, it simply makes no sense to re-litigate this issue in Delaware federal court. To do so would be wasteful of judicial resources, raise the possibility of inconsistent rulings (and resulting delay), and *needlessly burden defendants that are not parties to the ownership dispute.*

(*See* Exh. 1, January 26, 2006 Letter from Malz to Lambert) (emphasis added).)[4]

---

[3]    The other defendants in this action are Samsung Electronic Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corp. of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett-Packard Company.

- 4 -

Because this patent infringement action cannot resolve the entire ownership dispute, but at best could only resolve the dispute as to certain parties and patents, it is not an appropriate action for resolution of this issue. *See Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1307 (7th Cir. 1988) (staying federal action where "the state case was more comprehensive than the federal case, and the substantial likelihood that the state case would dispose of all the issues presented in the federal case existed"); *Jackson Hewitt, Inc. v. J2 Financial Services, Inc.*, 901 F. Supp. 1061, 1067 (E.D. Va. 1995) (when considering whether to allow a case to proceed exclusively in state court, district court should determine if "either the state or federal forum [can] resolve the entire dispute between all interested parties so that litigation in different courts will be unnecessary to conclude the conflict"); *Union Switch & Signal Div. American Standard Inc. v. United Electrical, Radio, and Machine Workers of America, Local 610*, 900 F.2d 608, 611 (3d Cir. 1990) (district court should be vigilant to avoid fragmented litigation).

### 2.    Even St. Clair cannot identify which of the three pending Delaware actions is appropriate for resolution of ownership.

St. Clair asserts generally that Delaware is the appropriate forum for resolution of the ownership dispute. In its Opposition, however, St. Clair fails to identify the particular Delaware litigation in which it contends the issue of ownership should be resolved. St. Clair cannot do so because *none* of the currently pending actions in the District of Delaware can fully resolve the ownership dispute.

This action is inappropriate for resolution of ownership because, as noted above, it does not include all the necessary parties or even all the Roberts Patents. St. Clair

---

[4]     All exhibits cited herein and numbered 1-6 are attached to the Affidavit of Nora Q.E. Passamaneck in Support of Defendant Eastman Kodak Company's Reply In Further Support Of Its Motion For A Protective Order, And Answering Brief To St. Clair Intellectual Property Consultants Inc.'s Motion To Compel And Motion To File A Supplemental Brief.

apparently agrees -- it filed its separate ownership action, *St. Clair v. Mirage*, in Delaware while this action was pending.[5]

St. Clair's other patent infringement action, *St. Clair v. Canon*, is similarly inappropriate. Like this action, *St. Clair v. Canon* only includes four of the six Roberts Patents. Moreover, besides St. Clair, it includes *none* of the necessary parties. Despite St. Clair's repeated reference to the *St. Clair v. Canon* action in its briefs, Kodak, Mirage, and the named inventors are *not* parties to that action. St. Clair attempts to suggest that Mirage was a de facto party. (*See* D.I. 93, p. 1 ("When Mirage elected to assert its alleged ownership claim to the patents-in-suit, it did so in this Court...").) The fact that Mirage responded to a subpoena from and otherwise agreed to cooperate with Canon in furtherance of Canon's affirmative defense, however, does not make it a party to that litigation. In fact, it is undisputed that Mirage filed no claims in that action. Again, St. Clair apparently agrees -- St. Clair filed its separate ownership action against Mirage while the Canon action was pending.

Finally, St. Clair's separate ownership action, *St. Clair v. Mirage,* cannot fully resolve the ownership dispute. Like the other two actions, it does not include the named inventors.[6] Moreover, it was actually filed after the California Action in reaction to Mirage's filing of the California action. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

---

[5]    (D.I. 86 (Exh. C, Compl. in *St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc.*, Civil Action No. 05-273-JFF (D. Del.)).)

[6]    The *St. Clair v. Mirage* action has not proceeded past the initial pleadings stage because Mirage, Kodak, Moussally and Ford's motion to dismiss in favor of the California Action is currently pending.

Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided").

Highlighting the fact that none of the individual pending litigations in this forum can fully resolve the ownership dispute, even St. Clair cannot decide which of the three actions is the most appropriate for ownership discovery. In fact, St. Clair apparently intends to take ownership discovery *in all three actions*. Its instant Motion to Compel seeks to compel ownership discovery in this action. At the same time, it has indicated that it will pursue ownership discovery in *St. Clair v. Mirage* and in *St. Clair v. Canon*. (*See* Exh. 2, January 27, 2006 letter from Schutz to Ward, stating that St. Clair's "discovery demands in *St. Clair v. Samsung* should not be interpreted to mean [it] does not fully intend to pursue [its] claims against all of the defendants in *St. Clair v. Mirage*."); D.I. 93, p. 12 (arguing that "[r]esolution of the ownership issue [in *St. Clair v. Canon*] will be necessary for the action against Fuji to move forward toward final judgment.").) St. Clair does not and cannot explain how proceeding with the ownership issue in *three separate actions* -- none of which includes the claims filed by and against the named inventors -- is in the interests of judicial economy and efficiency.

**B.     The California Action, Which Is Indisputably Moving Forward, Is The Only Litigation That Can Resolve The Entire Ownership Dispute.**

Unlike the three pending Delaware actions, the California Action does include all the relevant parties and all the relevant patents. The California Action includes Mirage (representing Kodak's interests), the named inventors, and St. Clair. It also involves all six of the Roberts Patents. As a result, the California Action is the only litigation that *can* fully resolve the ownership dispute.

Moreover, litigating ownership in California is the only way to resolve the ownership dispute in a single forum and avoid the risk of inconsistent judgments. The California Action is the only litigation in which the named inventors are parties and, as a result, the only litigation in which Kodak's (and Mirage's) ownership claims directed to the named inventors can be resolved. Regardless of whether the ownership issue is litigated here, therefore, it must proceed in California so that the ownership claims against the named inventors can be resolved.

Staying discovery here, pending determination of the ownership issue in California, will ensure that discovery regarding ownership takes place in a single forum. It will also eliminate the risk of inconsistent judgments. Conversely, because the California Action will proceed (at least as to the named inventors) regardless of what happens here, allowing ownership discovery to go forward in this action would guarantee that the same discovery occurs in two separate forums, and it would maximize the risk of inconsistent judgments between this and the California court. Specifically, this Court could find that Kodak owns the patents-in-suit, while at the same time the California court could find that the named inventors had a legitimate ownership interest in the Roberts patents. *See Pall Corp. v. Bentley Labs., Inc.,* 523 F. Supp. 450, 453 (D. Del. 1981) (where plaintiff is not incorporated in Delaware and relevant parties and witnesses are in California, litigating only in California would avoid "duplicative litigation involving the filing of records in both courts" and "the possibility of inconsistent results"); *Rosser,* 864 F.2d at 1307 (staying federal action where state case likely to dispose of all issues); *Cipollone v. Liggett Group, Inc.,* 106 F.R.D. 573, 577 (D. N.J.

1985) (all parties benefit from "avoiding repetition of the same discovery in each and every case").

St. Clair's suggestion that the California Action might not proceed because St. Clair filed a Motion for a Stay on Ground of Forum Non Conveniens in that action is incorrect. (D.I. 93, p. 8) As an initial matter, the named inventors have *not* joined in St. Clair's motion to stay. As a result, the ownership claims relating specifically to the named inventors are in fact proceeding in California. Moreover, St. Clair's Forum Non Conveniens motion is procedurally flawed. By not moving to stay under the appropriate California procedural rule at the time it originally demurred to Mirage's complaint, St. Clair waived the right to seek a stay on forum non conveniens grounds. *See Cal. Civ. Pro.* § 418.10(e)(3) ("Failure to make a motion under this section at the time of filing a demurrer or motion to strike constitutes a waiver of the issues of…inconvenient forum."). For this and the many other substantive reasons, therefore, St. Clair's forum non conveniens motion is likely to be denied.[7] Indeed, the very discovery that St. Clair seeks in this action confirms that the evidence and witnesses relevant to the ownership dispute are focused in California. Of the eight depositions that St. Clair noticed on January 16, 2006, *six were noticed in California* and *none* was noticed for Delaware. (D.I. 77-84 (January 16, 2006 deposition notices noticed by St. Clair).)

**C.    St. Clair Can Identify No Harm That Would Result From Proceeding In California State Court.**

Other than stating its preference that this Court resolve the ownership dispute -- a preference apparently motivated by its attempt to taint Kodak with the alleged discovery

---

[7]      In the California Action, Mirage is filing a response to St. Clair's Motion to Stay on February 2, 2006, and a hearing on that Motion is scheduled for February 16, 2006.

misdeeds found to have occurred in the Canon action -- St. Clair has not identified any actual harm that would result from having the California state action, as opposed to this action, resolve the ownership issue.

First, St. Clair's suggestion that the issuance of a protective order would somehow deprive St. Clair of relevant discovery is incorrect.  The California Action will provide St. Clair the same ownership discovery it seeks in this action.  In fact, St. Clair has already started to receive such discovery in California, including the Asset Purchase Agreement between Kodak and Mirage (the "APA") that St. Clair contends has been withheld.[8]  (D.I. 88, pp. 1-2 (arguing that Kodak has withheld the APA from St. Clair).)  Kodak and Mirage have served discovery requests in the California Action.  St. Clair is free to do so as well.

Second, St. Clair does not (and cannot) contend that it would receive anything other than a fair and expeditious adjudication of the ownership issue from the California Court.

Third, St. Clair has not shown that litigating the ownership dispute in the California Action would cause St. Clair to incur any additional expense or further delay the resolution of its patent infringement actions.  St. Clair has conceded that the ownership issue must be resolved first, regardless of where it is resolved.  Because the California Action is the only pending litigation that can fully resolve the entire ownership dispute, proceeding in California will likely be cheaper, faster, and more efficient for all involved -- including St. Clair.

---

[8]     As discussed later, St. Clair's accusations that Kodak has attempted to hide the APA from this Court are unfounded.  St. Clair never even requested permission from Kodak to use the APA as an exhibit to its motion.  Kodak attaches the APA as a confidential exhibit to this brief so that the Court has full access to the entire document.  As will be evident, it is simply a standard asset purchase agreement, negotiated at arm's length, that has no relevance to the discovery questions at issue in these motions (other than to further demonstrate that the ownership dispute is a California dispute).

Kodak, in contrast, has identified the specific harm that would result should ownership discovery proceed in this forum. Specifically, because the California Action will proceed regardless of what happens here, allowing ownership discovery to proceed in this action would require Kodak to conduct the same discovery in at least two separate litigations, it would burden two Courts with the same discovery disputes, it would risk inconsistent judgments, and it would unnecessarily burden the ten other defendants in this action who have no role in the resolution of the ownership dispute.

**D.    St. Clair's Attempts To Smear Kodak Are Unfair, Inaccurate, and Immaterial to the Question of Whether Discovery Should Proceed in this Action.**

Lacking any substantive bases for its arguments, St. Clair resorts to unfounded and misleading attempts to smear Kodak. As the California Court recognized, St. Clair has "tried hard" to "smear" Kodak with the "Canon issue." (*See* Exh. 3, January 3, 2006 California Action transcript, pg. 17 (the California court stating "I know that *you've tried hard to sort of smear them with the Canon issue*").) (emphasis added).

St. Clair repeatedly refers to the discovery misdeeds found to have occurred in the *St. Clair v. Canon* action and the resulting Special Master's Report in its Opposition briefs. Kodak, however, is not a party to that action and indisputably had nothing to do with the conduct found to have occurred in that action. As a result, the discovery issues in that case have no bearing on whether Kodak's request for a protective order in this action is justified.

In an apparent attempt to liken Kodak's actions to the conduct in the *St. Clair v. Canon* action, St. Clair irresponsibly accuses Kodak of attempting to "keep this Court . . . in the dark" by "refus[ing] to allow St. Clair to even inform this Court" of the terms of the APA between Kodak and Mirage. (D.I. 88, pg. 2.) *St. Clair fails to mention,*

- 11 -

*however, that in violation of Delaware Rule 7.1.1, it never asked Kodak whether it could*

*attach the APA to any of its briefs as a confidential exhibit.*[9]  Although Kodak maintains

that the APA is simply a standard asset purchase agreement, and irrelevant to the

question of where discovery should take place, it would have allowed St. Clair to do so

had St. Clair ever asked.  Kodak attaches the APA to this brief under seal as Exhibit 6 so

that the Court may fully inspect the APA.[10]

        St. Clair also accuses Kodak of "attempting to manipulate the legal process" by

claiming it owns the Roberts Patents while its Answer in this action alleges that the

Roberts Patents are invalid.  (D.I. 93, pp. 13-14.)  There is no basis for St. Clair's

assertions.  Kodak filed its Answer to St. Clair's complaint on January 27, 2005.  At the

time, it did not own the Roberts Patents and was unaware of Mirage's ownership interests

in the Roberts Patents.  Five months later, based on the information in Mirage's April 12,

2005 complaint in the California Action, the defendants in this action moved to stay this

action pending resolution of the California Action.  (D.I. 30.)  Shortly thereafter, Kodak

purchased Mirage's interest in the Roberts Patents.  Since that time, Kodak has made no

secret of its claim of ownership.  (*See* D.I. 44 (announcing Kodak's ownership interest

and explaining why a stay of this action is appropriate).)  The fact that Kodak has not yet

---

[9]        Counsel for St. Clair asked counsel for Kodak whether the APA was produced for use in this action as well. (*See* Exh. 4, January 24, 2006 letter from Schutz to Ward.) Consistent with its position here, *i.e.* that ownership discovery should be conducted in the California action only, Kodak responded that the APA was produced "for purposes of the California litigation only." (*See* Exh. 5, January 25, 2006 letter from Ward to Schutz).) St. Clair, however, never asked, in writing or otherwise, whether it could attach the APA as an exhibit to its briefs or discuss the APA in its briefs.

[10]        Because St. Clair never asked to use the APA as an exhibit for either its motion to compel or response to Kodak's motion for a protective order, and because there APA has no relevance to the discovery questions at issue in these motions, there is no justification for St. Clair's stated need for a supplemental brief. Kodak, therefore, opposes St. Clair's request to file such a brief.

amended its complaint to reflect its ownership claim, particularly given its pending motion to stay, is hardly evidence of an attempt to manipulate the legal process.[11]

In any event, St. Clair's multiple attempts to smear Kodak are immaterial to the question of which forum is the appropriate forum for ownership discovery. St. Clair's adjective laden invective cannot change the fact that the California state court is simply the more appropriate forum to determine the ownership issue: it includes all relevant parties and all relevant patents; California law governs the ownership determination; and most of the relevant documents and witnesses are located in California. As a result, a protective order staying discovery in this action is appropriate.

### III.     CONCLUSION

For all of the reasons set forth in its Opening Brief, and for the reasons stated above, Kodak respectfully requests that this Court grant its request for a protective order pending the resolution of the ownership dispute in the California Action. Kodak also respectfully submits that St Clair's motion to compel Kodak to proceed with discovery in this action, and St. Clair's motion for leave to file supplemental brief, should be denied.

---

[11]     St. Clair also argues that Kodak inaccurately accused it of waiting to respond to Kodak's objections to discovery until December 2005. St. Clair argues that it made "numerous follow-up requests" for materials responsive to its discovery requests. Each of these so-called "follow-up" requests referenced by St. Clair, however, were actually sent *before* Kodak objected to the discovery. (D.I. 93, p. 4, citing to a June 30, 2005 Lambert letter, and July 8, 2005 Miller letter.) Kodak's objections were served on July 25, 2005, St. Clair's purported follow-up requests were served June 30, 2005, and July 8, 2005, nearly three weeks before Kodak's responses were served. (*Id.*) As Kodak indicated in its Opening Brief, therefore, *after* St. Clair received Kodak's July 25, 2005 discovery responses, St. Clair sat silent for five months. (D.I. 86 (Exh. E, Eastman Kodak Company's Response to Plaintiff's First Set Of Requests For Documents And Things (stating that Kodak would provide non-privileged, responsive information if the Court denied defendants' motion to stay).); (D.I. 86 (Exh, F, December 22, 2005 letter of Ms. Lambert to Counsel for Kodak)).)

William F. Lee
Mark D. Selwyn
Michael J. Summersgill
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

*Attorneys for Defendant*
*Eastman Kodak Company*


Date:  February 2, 2006

PRICKETT, JONES & ELLIOTT, P.A.


By: _____
   PAUL M. LUKOFF (I.D. #96)
   DAVID E. BRAND (I.D. #201)
   1310 King Street
   Wilmington, Delaware  19899
   (302) 888-6500

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2006, I electronically filed **DEFENDANT EASTMAN KODAK COMPANY'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER AND ANSWERING BRIEF IN RESPONSE TO ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.'S MOTION TO COMPEL AND ST. CLAIR'S MOTION TO FILE A SUPPLEMENTAL BRIEF** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

Richard L. Horwitz, Esquire
Potter, Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor
1000 West Street
P. O. Box 391
Wilmington, DE 19899

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE 19899

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

PAUL M. LUKOFF (Bar I.D. #96)
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE  19899-1328
TEL: 302-888-6500
E-MAILS:  PMLukoff@prickett.com
          DEBrand@prickett.com

19660.2\296417v1