# EXHIBIT 4

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**FROM:** Ronald J. Schutz

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

**DATE:** January 24, 2006

**TO:**

| NAME: | FACSIMILE NO.: | TELEPHONE NO.: |
|---|---|---|
| Eric J. Ward, Esq. Ward Norris Heller & Reidy LLP | 585.423.5910 | 585.454.0714 |
| Ken Nissly, Esq. Thelen Reid & Priest LLP | 408.287.8040 | 408.292.5800 |
| Lani Miller, Esq. O'Melveny & Myers LLP | 202.383.5414 | 202.383.5126 |
| Michael Summersgill, Esq. Wilmer Cutler Pickering Hale & Door LLP | 617.526.5000 | 617.526.6261 |
| Caroline McIntyre, Esq. Bergeson LLP | 408.297.6000 | 407.291.6200 |

**FILE NO.:** 121865.0012; 121865.0011

NUMBER OF PAGES INCLUDING COVER SHEET:

**If transmission problems occur, or you are not the intended recipient, please call 612-349-8730 or contact Dannah Terry at (612) 349-0972.**

MESSAGE:

ATLANTA    BOSTON    LOS ANGELES    | MINNEAPOLIS |    NAPLES    SAINT PAUL    SANTA ANA    WASHINGTON, D.C.

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

RONALD J. SCHUTZ
612-349-8435
RJSchutz@rkmc.com

January 24, 2006

**VIA FACSIMILE**

Mr. Eric J. Ward, Esq.
Ward Norris Heller & Reidy LLP
300 State Street
Rochester, New York 14614

Re: *St. Clair v. Samsung, et al.*
Case No. 04-CV-1436-JJF
Our File: 121865.0011

*Mirage Systems, Inc. v. Speasl, et al.*
Case No. 1-05-CV-039164
Our File: 121865.0012

Dear Eric:

I write in response to your letter dated January 13, 2006, which discusses Kodak's production of its Asset Purchase Agreement. St. Clair will maintain the confidentiality as requested until a protective order is entered into or there is some other agreement in place. To note, this approach is consistent with the Delaware Local Rule 26.2.

To the extent your production of the Asset Purchase Agreement is further "conditioned" on the <u>use</u> of the agreement in the California action only, we disagree. As you know, it is St. Clair's position that resolution and discovery of the ownership dispute should move forward in Delaware and that the claims against St. Clair in California stayed. The Asset Purchase Agreement you finally provided is responsive to outstanding discovery in the *St. Clair v. Samsung* matter and we are entitled to use it in other litigation involving the Roberts patents.

We should further discuss what materials you are referring to in your new request for "transcripts, declarations and any documents." Even though there was no pending document request in the *St. Clair v. Samsung* case, as a courtesy, we provided you with copies of numerous declarations back in July 2004. Further, we offered Kodak the opportunity to inspect St. Clair's initial disclosure documents over seven months ago. *See* St. Clair's Initial Disclosures Pursuant to Rule 26(a)(1) in the *St. Clair v. Samsung* litigation dated June 3, 2005. Perhaps the next step

Ward, Eric J.
January 24, 2006
Page 2

is for Kodak to set forth its January 13th request in the form of written discovery requests in the *St. Clair v. Samsung* case. Of course, please understand, St. Clair cannot disclose documents that contain confidential information of third parties without the permission of the third party or a court order allowing such disclosure.

St. Clair has repeatedly demanded Kodak's production of the Asset Purchase Agreement and other deal documents. Finally, after months of stonewalling, Judge Jacobs-May directed Kodak to produce the Asset Purchase Agreement immediately to facilitate processing Kodak's substitution in the California action. Your belated production of this agreement (which is the direct subject of our discovery in Delaware) was not part of any agreed upon document production from St. Clair in the California case. It is our position that the case should be severed and stayed and the ownership issue should proceed on an expedited basis in Delaware.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Ronald J. Schutz

RJS/ll

cc: Kenneth L. Nissly, Esq.
    Lani R. Miller, Esq.
    Michael J. Summersgill, Esq.
    Caroline McIntyre, Esq.

MP3 20164852.1

# EXHIBIT 5

# WARD NORRIS HELLER & REIDY LLP
### ATTORNEYS AT LAW

300 STATE STREET
ROCHESTER, NEW YORK 14614
585.454.0700
Fax: 585.423.5910

Eric J. Ward
(585) 454-0714
ejw@wnhr.com

January 25, 2006

**VIA FACSIMILE and U.S. MAIL**

Ronald J. Schutz, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

    Re:    *Mirage Systems, Inc. v. St. Clair, et al.*
             Ca. Superior Court (Santa Clara County) 1-05-CV-039164

Dear Ron:

    Thank you for your letter of January 24, 2006.

    Although we disagree with your assertion that Judge Jacobs-May "directed" Kodak to produce the Asset Purchase Agreement, we listened to her recommendation and produced the APA as an accommodation to you. As we noted, we produced that document for the purposes of the California litigation only.

    We moved to stay and also moved for a protective order to stay discovery in *St. Clair v. Samsung* in Delaware. In view of the pendency of these motions, we did not produce the APA in that action. So there is no confusion on the point, we do not consent to the use of the APA in any litigation other than *Mirage v. St. Clair* in California.

    We recognize that our production of the APA was not part of an agreement that St. Clair would, in return, produce certain documents. We were under the impression that, in the spirit of cooperation, and in light of Judge Jacobs-May's comments at the hearing on the demurrers, St. Clair simply would produce materials to which we clearly are entitled, such as transcripts and declarations of current and former Mirage employees, and exhibits relevant to their testimony or declarations. It sounds from your letter as though you are unwilling to provide these materials voluntarily. I am not sure I understand why, but in any event, these documents are responsive to demands we recently served in *Mirage v. St. Clair* in California. Having made the request in the

**FOUNDING PARTNERS:**
*Thomas S. D'Antonio · Meghan M. DiPasquale · Alfred M. Hallenbeck · Cheryl A. Heller · Harold A. Kurland · Michael D. Norris · Thomas E. Reidy · Eric J. Ward*

Ronald J. Schutz, Esq.
January 25, 2006
Page 2

California action, we are under no obligation, as you suggest, to make an additional request for the same documents in Delaware. Nor would such a request be appropriate in view of our position that the Delaware actions should be dismissed and/or stayed pending the resolution of the California ownership action.

      As I understand it, it is St. Clair's position that all discovery on ownership should take place in *St. Clair v. Samsung*. This seems to make *St. Clair v. Mirage* in Delaware unnecessary, and consequently, we ask that you voluntarily discontinue that case.

      Thank you for your consideration.

                              Very truly yours,

                              Eric J. Ward

EJW/mmc

cc:    Lani R. Miller, Esq.
        Kenneth L. Nissly, Esq.
        Michael Summersgill, Esq.
        Caroline McIntyre, Esq.