IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1436 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRONIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS SAMSUNG, MATSUSHITA, NOKIA AND HEWLETT-PACKARD'S
(1) RESPONSE TO ST. CLAIR'S STATEMENT OF DEFENDANTS' POSITION
REGARDING A STAY OF THIS CASE, AND
(2) OBJECTION TO ST. CLAIR'S FORM OF ORDER IN ITS MOTION TO COMPEL
AGAINST KODAK**

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Andrew A. Lundgren (#4429)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
alundgren@ycst.com

*Attorneys for Samsung Electronics Co., Ltd., Samsung
Electronics America, Inc., and Samsung
Telecommunications America, L.P and
filing on behalf of above-named Defendants.*

The below-named defendants[1] respond to Plaintiff St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair") motion to compel Defendant Eastman Kodak Company ("Kodak") for two reasons. First, contrary to statements made by St. Clair in its motion to compel, the non-Kodak defendants support a stay of this action in light of rulings in the pending reexamination proceedings before the United States Patent and Trademark Office ("USPTO") as well as recent developments in *Mirage Systems, Inc. v. Jerry Speasl*, et al., Case No. 105-CV-039164 (Cal. Sup. Ct.), where the issue of patent ownership is presently being litigated. Second, although St. Clair's motion to compel and supporting memorandum are directed against Kodak alone, St. Clair's proposed order is inconsistent with that motion and purports to seek relief against *all* defendants — not just Kodak. At least for these reasons, the non-Kodak defendants oppose St. Clair's motion to compel.

## ARGUMENT

### I. THE NON-KODAK DEFENDANTS SUPPORT A STAY OF THIS ACTION

Contrary to statements made by St. Clair in its motion to compel, the non-Kodak defendants believe this case should be stayed. Although the non-Kodak defendants did recognize in their June 17, 2005 brief that bifurcation of the ownership dispute was preferable to full discovery on all the issues, the non-Kodak defendants have made it clear that they believe that a stay is more appropriate than bifurcation. For example, in their July 13, 2005 Supplemental Brief in Support of Motion to Stay Action (D.I. 52), which St. Clair fails to cite, the non-Kodak defendants informed the Court of developments in the pending reexamination proceedings before the United States Patent and Trademark Office ("USPTO") that further

---

[1] The Defendants joining in this brief are Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett-Packard Company.

supported a stay of this action. In particular, this supplemental brief noted that certain claims of the patents-in-suit had been rejected by the USPTO as anticipated by prior art. Today, these claims remain rejected by the USPTO. For the reasons set forth in the supplemental brief, this case should be stayed at least pending the resolution of the reexamination proceedings before the USPTO.

In addition, a stay is particularly appropriate in light of developments in St. Clair's co-pending *Mirage v. Speasl* case in California Supreme Court. *Mirage v. Speasl* is an action brought by Mirage Systems, Inc. ("Mirage") (whose interests in the patents-in-suit Kodak alleges to have since acquired) against St. Clair for a declaratory judgment that Mirage owns the patents asserted by St. Clair in this action. In addition to St. Clair and Mirage — and unlike here — the California inventors whose contractual breaches underlie the ownership dispute are named parties in the California action. On December 1, 2005, St. Clair filed a demurrer to Mirage's complaint arguing that Mirage was not entitled to a declaratory judgment of ownership and other requested relief for a variety of reasons. On January 3, 2006, as a result of a hearing in California Superior Court involving all parties including St. Clair and the California inventors, Judge Jamie Jacobs-May overruled St. Clair's demurrer, permitting the case to go forward.

In view of the co-pending California state court action, discovery and subsequent litigation regarding the ownership issue should not go forward at this time in this case. The California Superior Court is uniquely qualified to exercise personal jurisdiction over the California inventors whose employment agreement breaches underlie the ownership dispute. Further, parallel litigations regarding the ownership dispute in California Superior Court and this Court raise the possibility of inconsistent rulings regarding ownership of the patents-in-suit. Moreover, going forward with potentially unnecessary discovery in this case would needlessly burden the remaining defendants. Therefore, in addition to the reexamination rejections, recent

developments in *Mirage v. Speasl* support a stay of this case and are inconsistent with the relief sought in St. Clair's motion to compel.

II. **ST. CLAIR'S MOTION TO COMPEL AGAINST KODAK IS INCONSISTENT WITH ST. CLAIR'S PROPOSED ORDER, WHICH PURPORTS TO APPLY TO ALL DEFENDANTS**

St. Clair's motion to compel and supporting memorandum are directed against only one of the defendants in this case — Kodak. Nevertheless, St. Clair's proposed order is not limited to relief against Kodak but also purports to apply to the remaining defendants:

> IT IS HEREBY ORDERED that:
> …
> 3. Defendants Eastman Kodak Company, ***along with the other Defendants in this action***, must proceed with ownership-related discovery in this case beginning as of the date of this Order.

(D.I. 87) (emphasis added)

The non-Kodak defendants object to St. Clair's proposed order — to the extent it purports to apply to them — because such an order is not supported by St. Clair's motion to compel. First, St. Clair's motion neither seeks nor sets forth the basis for any relief against the non-Kodak defendants, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(b)(1) ("An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, ***shall state with particularity the grounds therefor***, and shall set forth the relief or order sought.") (emphasis added). In addition, St. Clair's motion fails to identify any outstanding interrogatory or document request to which the non-Kodak defendants have not responded, as required by the Federal Rules of Civil Procedure for issuance of an order to compel. *See* Fed. R. Civ. P. 37(a)(2)(b) ("If a deponent fails to answer a question propounded or submitted under Rules 30 or 31…or a party fails to answer an interrogatory submitted under Rule 33…the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request.") There is no

3

pending discovery dispute between St. Clair and the non-Kodak defendants regarding St. Clair's discovery requests, as the non-Kodak defendants have responded to all such requests.

Because St. Clair's motion to compel is directed against Kodak alone and no discovery requests are presently pending against the non-Kodak defendants, no basis exists for an order that these defendants proceed with any unidentified or unserved discovery requests. Accordingly, the non-Kodak defendants oppose St. Clair's proposed order to the extent it purports to apply to them.[2]

## CONCLUSION

St. Clair's motion to compel against Kodak (i) is inconsistent with a stay of this action and (ii) improperly purports to apply to all defendants. Accordingly, the non-Kodak defendants oppose St. Clair's motion to compel.

Dated: February 2, 2006

By: _____

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Thomas D. Pease
Jordan N. Malz
Kirkland & Ellis LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Andrew A. Lundgren (#4429)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, L.P. and filing on behalf of above-named Defendants*

---

[2] Moreover, to the extent that St. Clair's motion to compel is applied to the remaining defendants, it is moot because these defendants have already responded to St. Clair's pending discovery requests.

4

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on February 2, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

George H. Seitz, III, Esquire
Seitz Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Steven J. Balick, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19801

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, Hercules Plaza
Wilmington, DE 19801

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

Paul M. Lukoff, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I further certify that on February 2, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC FILING**

Donald L. Rhoads, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Ronald J. Schutz, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Stuart Libitz, Esquire
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Sharon Barner, Esquire
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60610-4764

Bruce Kuyper, Esquire
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

William F. Lee, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

William P. DiSalvatore, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

William F. Lee, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Andrew A. Lundgren*
        _____
        Andrew A. Lundgren (No. 4429)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        (302) 571-6600
        alundgren@ycst.com

        Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecom America, L.L.P