IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | | |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO FILE
A SUPPLEMENTAL BRIEF UNDER SEAL**

Defendant Eastman Kodak Company ("Kodak") contends that the determination of Plaintiff St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair") Motion for Leave to File a Supplemental Brief (D.I. 90), and the other pending discovery motions,[1] boils down to whether the ownership dispute between St. Clair and Kodak (and its alleged predecessor-in-interest Mirage Systems, Inc. ("Mirage")) should be resolved in California—or in this Court. As St. Clair sets forth in its previous submissions to the Court, the ownership issue should proceed in the District of Delaware.[2]

---

[1] Kodak's Motion for a Protective Order (D.I. 85) and St. Clair's Motion to Compel (D.I. 87).
[2] St. Clair incorporates these submissions by reference: St. Clair's Answering Brief in Opposition to Defendants' Joint Motion to Stay Action Pending Resolution of Patent Ownership Dispute and Opening Brief in Support of Its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issue in the Present Action (D.I. 40); St. Clair's

This Reply Brief is submitted to further support St. Clair's Motion to File a Supplemental Brief Under Seal to ensure that the Court has complete information about the Asset Purchase Agreement between Kodak and Mirage (the "Agreement") in order to decide all of the pending motions. St. Clair respectfully requests that the Court grant St. Clair leave to file a supplemental brief discussing the Agreement so that the true facts and framework of the patent ownership dispute are before the Court.

## ARGUMENT

### I. St. Clair Properly Brought Its Motion for Leave to File a Supplemental Brief Under Seal.

St. Clair brought its Motion for Leave because Kodak laid out strict ground rules regarding the use of the Agreement. St. Clair explicitly stated to Kodak that the Agreement was responsive to outstanding discovery requests in this action and that it disagreed with Kodak's position that the Agreement's production was limited to use in the California state-court action. But Kodak refused to change its position. (McGonigle Aff. Exs. A-C.) As stated with absolute clarity by Kodak counsel: "So there is not confusion on this point, *we do not consent to the use of the APA in any litigation other than* Mirage v. St. Clair *in California.*" (*Id.* Ex. C (emphasis added).) St. Clair took Kodak at its word, and accordingly brought its motion in full compliance with Delaware Local Rule 7.1.1.

---

Motion for Leave to Supplement Its Answering Brief in Opposition to Defendants' Stay Motion (D.I. 42); St. Clair's Reply Briefs in Support of Its Motion to Bifurcate and Expeditiously Proceed with the Ownership Issue in the Present Action (D.I. 47 and D.I. 48); St. Clair's Reply Brief in Opposition to Non-Kodak Defendants' Supplemental Brief in Support of Their Motion to Stay Action (D.I. 54); St. Clair's Brief in Support of its Motion to Compel Kodak to Substantively Respond to Outstanding Discovery Requests and to Move Forward with Ownership-Related Discovery in this Case (D.I. 88); St. Clair's Memorandum in Support of its Motion for Leave to File Under Seal a Supplemental Brief (D.I. 91); and St. Clair's Answering Brief in Opposition to Kodak's Motion for a Protective Order (D.I. 93).

52375 v1

2

## II. Supplementation Is Required to Ensure that the Court Has All Information Regarding the Context of the Ownership Dispute Between St. Clair and Kodak/Mirage.

While it has now disclosed the Agreement to the Court, Kodak still opposes St. Clair's Motion for Leave to File a Supplemental Brief. (Kodak Mem. at 1 n.1 (D.I. 103).) Supplementation, however, is necessary to put the Agreement in context so the Court has a complete picture of the parties' positions. Specifically, St. Clair should be able to discuss the Agreement and describe how it relates to the very inconsistent positions that Kodak has taken in this Court as compared to in the California state court. Moreover, St. Clair should be able to counter Kodak's flawed argument that only the California action guarantees the swift resolution of the ownership dispute. To note, contrary to Kodak's assertion, the California action is not moving forward expeditiously. St. Clair was invited by the California court to bring a forum-non-conveniens motion, which St. Clair brought—in addition to a motion to sever St. Clair from the inventor defendants. The California court has not ruled on these motions, as the briefing was completed only yesterday.

In opposing this Motion, Kodak is so bold as to make the argument that the Agreement is "simply a standard asset purchase Agreement negotiated at arm's length, that has no relevance to the discovery questions at issue in these motions (other than to further demonstrate that the ownership dispute is a California dispute)." (*Id.* at 10 n.8.) While it is simply ludicrous for Kodak to argue that a key document it "technically" refuses to produce in discovery is irrelevant to this discovery dispute, it is certainly prejudicial not to allow St. Clair to discuss the Agreement in detail. In sum, St. Clair should be able to put all of this in context to support its position that ownership discovery and the resolution of the ownership dispute should expeditiously proceed in Delaware. Deferring to the Court's scheduling preferences, either of the cases involving

Kodak—this instant case or the *St. Clair v. Mirage* case (No. 05-cv-1436-JJF)—could immediately proceed to resolve the dispute.

Not only is supplementation necessary for the Court to understand the complete context of the ownership dispute, it is also necessary to fully address Kodak's conduct and incomplete submissions to the Court. Kodak has kept this Court in the dark.[3] This conduct can be traced back to its purchase of Mirage's alleged rights in the patents-in-suit. Kodak entered into the Agreement with Mirage on May 20, 2005. Yet Kodak did not immediately inform the Court of this critical status change—even while motions were pending. Kodak's failure to provide this Court with complete and accurate information has continued. For example, in defending its assertion of inconsistent positions in the District of Delaware as contrasted with the positions taken in the California state court, Kodak states in its Memorandum:

> Kodak filed its Answer to St. Clair's First Amended Complaint on January 27, 2005. At the time, it did not own the Roberts Patents and *was unaware of Mirage's ownership interests in the Roberts Patents*.

(*Id.* at 12 (emphasis added).) But this is simply not true. Kodak knew of the issues surrounding ownership *as early as December 2004*, when the parties were in settlement negotiations. Follow-up correspondence after those discussions shows Kodak's keen focus on gathering ownership-related documents. This correspondence even mentions *Mirage* by name. (McGonigle Aff. Exs. D-E.) St. Clair should be allowed to supplement—while motions are still pending—to show how the Agreement fits into Kodak's strategy to avoid litigating ownership in

---

[3] St. Clair's statements in regard to Kodak's conduct are not an attempt to "smear" Kodak by "likening Kodak's actions to the conduct in the *St. Clair v. Canon* action." (*See* Kodak Mem. at 11 (D.I. 103).) St. Clair is merely providing the Court with a full history of this dispute. Kodak entered into a deal with Mirage back in May of 2005, yet has refused to bring those facts completely to light by refusing discovery and opposing St. Clair's request to supplement. The history surrounding Kodak's conduct and relationship to Mirage is relevant here.

the District of Delaware and why this Court should move forward to resolve ownership immediately.

St. Clair does not propose a voluminous submission. Rather, St. Clair proposes that the Court allow it to submit a supplemental brief to ensure that the Court has the information it requires to decide the pending motions.

## CONCLUSION

For the foregoing reasons, St. Clair again requests that the Court grant its Motion For Leave to File under Seal a Supplemental Brief and Attachment to Plaintiff's Motion for an Order Compelling Defendant Eastman Kodak Company to Substantively Respond to Plaintiff's Outstanding Discovery Requests and to Move Forward with Ownership-Related Discovery in this Case.

Dated: February 9, 2006

Of Counsel:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

SEITZ, VAN OGTROP & GREEN

/s/ Patricia P. McGonigle
By: _____
George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
**Attorneys for St. Clair Intellectual Property Consultants, Inc.**

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 9th day of February 2006, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

51868 v1