```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY   :
CONSULTANTS, INC.,                :
                                  :
         Plaintiff,               :
                                  :
     v.                           :Civil Action No. 04-1436-JJF
                                  :
SAMSUNG ELECTRONICS CO., LTD.,    :
SAMSUNG ELECTRONICS AMERICA, INC.,:
SAMSUNG TELECOMMUNICATIONS        :
AMERICA, L.P., MATSUSHITA ELECTRIC:
INDUSTRIAL CO., LTD., MATSUSHITA  :
ELECTRIC CORPORATION OF AMERICA,  :
VICTOR COMPANY OF JAPAN, LTD., JVC:
COMPANY OF AMERICA, NOKIA         :
CORPORATION, NOKIA, INC.,         :
HEWLETT-PACKARD COMPANY, and      :
EASTMAN KODAK COMPANY,            :
                                  :
         Defendants.              :
```

**MEMORANDUM ORDER**

Pending before the Court is Defendants' Joint Motion To Stay Action Pending Resolution Of Patent Ownership Dispute Between Plaintiff And Mirage Systems, Inc. (D.I. 30), Plaintiff's Motion To Bifurcate And Expeditiously Proceed With The Ownership Issue In The Present Action (D.I. 39), and Plaintiff's Motion For Leave To File A Supplemental Brief To Plaintiff's Answering Brief To Defendants' Joint Motion To Stay Action Pending Resolution Of Patent Ownership Dispute Between St. Clair And Mirage Systems, Inc. (D.I. 42). For the reasons discussed, Defendants' motion to stay (D.I. 30) and Plaintiff's motion for leave to file (D.I. 42) will be granted. Plaintiff's motion to bifurcate and expeditiously proceed (D.I. 39) will be denied with leave to

renew.

I.  **BACKGROUND**

On November 9, 2004, Plaintiff filed its Complaint (D.I. 1), alleging that Defendants infringed four of its patents: United States Patent Nos. 5,138,459 ("the '459 patent"), 6,094,219 ("the '219 patent"), 6,233,010 ("the '010 patent"), and 6,323,899 ("the '899 patent"). On April 12, 2005, Mirage Systems, Inc. ("Mirage") filed a lawsuit against Plaintiff in a California state court ("the California lawsuit"), alleging that it owns the patents-in-suit by way of employment agreements entered into with the inventors. In response to the California lawsuit, Plaintiff filed a declaratory judgment action against Mirage and two of its officers in this Court (05-273-JJF) ("the declaratory judgment action"), seeking a declaration of ownership of the patents-in-suit and two other patents.

On May 19, 2005, Defendants filed a motion to stay this case pending resolution of the patent ownership dispute between Plaintiff and Mirage. (D.I. 30). In response, Plaintiff filed a motion to bifurcate the ownership issue from the infringement issues and expeditiously proceed with the ownership issue in this case (D.I. 39). On June 10, 2005, Eastman Kodak Company ("Kodak"), a defendant in this case, acquired any ownership rights Mirage allegedly possesses in the patents-in-suit. Plaintiff filed a motion for leave to supplement its answering

2

brief to include this fact and arguments relating to it. (D.I. 42). Upon learning that Kodak had acquired Mirage's rights, all Defendants, with the exception of Kodak, supported Plaintiff's motion to bifurcate. (D.I. 44, 45). On June 20, 2005, the United States Patent and Trademark Office ("USPTO") issued office actions relating to a reexamination of two of the patents-in-suit. Following the USPTO's actions, all Defendants again supported a stay in this case. (D.I. 52).

## II. PARTIES' CONTENTIONS

Defendants contend that a stay is appropriate because discovery has not begun, a trial date has not been set, and Plaintiff will not be unduly prejudiced by the stay. Defendants request a stay to allow the ownership issue to be resolved and to await a decision from the patent reexaminations.

Plaintiff contends that a stay is inappropriate in this case because this case is proceeding at a faster rate than the other two cases, and, therefore, resolving the ownership dispute in this case is the most efficient way to settle the issue. Plaintiff further contends that a stay is inappropriate because the parties now involved in the ownership dispute are before the Court in this case, since Kodak now owns the patents-in-suit.

## III. DISCUSSION

The decision to grant or deny a stay is within the court's broad discretion. Bechtel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976). In determining whether a stay is appropriate, a court should "weigh the competing interests of the parties and attempt to maintain an even balance." Dentsply Int'l Inc. v. Kerr Mfg. Co., 734 F.Supp. 656, 658 (D. Del. 1990). In weighing the interests involved, courts are generally guided by such factors as (1) whether a stay will simplify the issues raised by the parties; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice the non-movant. Gioello Enters. Ltd. v. Mattel, Inc., 2001 WL 125340 (D. Del. Jan. 29, 2001); United Sweetener USA, Inc. v. Nutrasweet Co., 766 F.Supp. 212, 217 (D. Del. 1991). In balancing these factors, courts must be particularly mindful of the consequences of the stay on the other parties. Dentsply Int'l Inc., 734 F.Supp. at 658.

The Court concludes that a stay is appropriate for several reasons. First, discovery has not begun. Second, a stay will allow the ownership issue to be resolved in the declaratory judgment action without the complications of other Defendants. Finally, Plaintiff will not be unduly prejudiced by the granting of the stay. The stay may well save time and expense, not only for Defendants, but for Plaintiff. For example, if the Court did

4

not grant a stay, Plaintiff could be required to litigate the ownership issue in three different cases. Accordingly, the Court will grant Defendants' motion to stay (D.I. 30) and Plaintiff's motion for leave to file (D.I. 42). The Court, however, will deny with leave to renew Plaintiff's motion to bifurcate and expeditiously proceed (D.I. 39).

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Joint Motion To Stay Action Pending Resolution Of Patent Ownership Dispute Between Plaintiff And Mirage Systems, Inc. (D.I. 30) is **GRANTED**.

2. Plaintiff's Motion To Bifurcate And Expeditiously Proceed With The Ownership Issue In The Present Action (D.I. 39) is **DENIED WITH LEAVE TO RENEW**.

2. Plaintiff's Motion For Leave To File A Supplemental Brief To Plaintiff's Answering Brief To Defendants' Joint Motion To Stay Action Pending Resolution Of Patent Ownership Dispute Between St. Clair And Mirage Systems, Inc. (D.I. 42) is **GRANTED**.

February 14, 2006

UNITED STATES DISTRICT JUDGE