IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY,<br><br>Defendants. | Civil Action No. 04-1436 JJF |

**DEFENDANT EASTMAN KODAK COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY CASE PURSUANT TO 28 U.S.C. § 1659**

OF COUNSEL:

William F. Lee
Michael J. Summersgill
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Collins J. Seitz, Jr. (#2237)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
cseitz@cblh.com

***Attorneys for Defendant Eastman Kodak Company***

DATED:  March 16, 2007

## TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Federal Cases**

*American Honda Motor Co. v. Coast Distrib. Sys.,*
No. C. 06-04752 JSW, 2007 WL 672521 (N.D. Cal. Feb. 26, 2007)..........................3

*Fuji Photo File Co. v. Benum,*
463 F.3d 1252 (Fed. Cir. 2006)...........................................................................2, 3

*In re Princo Corp.,*
Misc. No. 841, 2007 WL 610732 (Fed. Cir. Mar. 1, 2007) ...............................2, 3, 4

**Federal Statutes**

28 U.S.C. § 1569..........................................................................................passim

I.  **NATURE AND STAGE OF PROCEEDINGS AND CONCISE STATEMENT OF THE FACTS**

On February 14, 2006, the Court stayed this patent infringement action pending resolution of the patent ownership dispute between Eastman Kodak Company ("Kodak") and St. Clair Intellectual Property Consultants, Inc. ("St. Clair") in *Eastman Kodak Company v. Speasl et al.*, Civil Action No. 05-391164 (Cal. Sup. Ct. April 12, 2005) (the "California Action"). In the California Action, discovery is proceeding and Kodak's Motion To Set A Date Certain For Trial is currently pending.

On January 19, 2007, notwithstanding this Court's stay of St. Clair's infringement action pending resolution of ownership in the California Action, St. Clair filed a complaint before the United States International Trade Commission ("ITC") under Section 337 of the Tariff Act of 1930 (Investigation No. 337-TA-593), again accusing Kodak of infringing the patents-at-issue in this action (in addition to one other patent). On February 14, 2007, the ITC issued its Notice of Investigation in which Kodak was named as a Respondent. The ITC Investigation involves the same patents and the same issues as the instant matter before the Court. Kodak moved to stay the ITC investigation, and that motion is currently pending.

II. **SUMMARY OF THE ARGUMENT**

Pursuant to this Court's February 14, 2006 Order, this action is currently stayed pending determination of the ownership of the patents-at-issue in the California Action. Pursuant to 28 U.S.C. § 1659, Kodak now moves to stay this action pending the further resolution of St. Clair's ITC action. Section 1659 requires ITC respondents to move to stay co-pending district court actions within thirty days of being named respondents in the ITC. Kodak moves for such relief now in order to preserve its rights under section 1659.

1.  Section 1659 requires a court to stay a district court action for the duration of a co-pending ITC action if: (1) the parties in the district court action are also involved in the ITC action and the issues are the same in the two actions; and (2) the defendant requests the stay within 30 days of being named a respondent in the ITC proceeding. Both requirements are met here. This action should therefore be stayed pending the further resolution of St. Clair's ITC action.

## III. ARGUMENT

Section 1659 requires a district court to stay an action where the district court action involves parties that are also before the ITC in a Section 337 proceeding and the issues in the ITC proceeding are the same:

> (a) Stay. - In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, *the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission*, but only if such request is made within -
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659. *See also In re Princo Corp*, Misc. No. 841, 2007 WL 610732 at * 7 (Fed. Cir. Mar. 1, 2007) (construing statute to require stay until the Commission proceedings are no longer subject to judicial review including appeal); *Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir. 2006) ("the stay continues until the Commission proceedings pass from a non-final state to a final state").

St. Clair's ITC suit involves the same patents-at-issue here and Kodak is filing this motion within thirty days of being named a respondent (*i.e.*, within thirty days of February 14,

2007). A stay is therefore mandatory. *See* 28 U.S.C. § 1659 ("the district court **shall stay,** until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involving in the proceeding before the Commission"); *Fuji Photo Film Co.*, 463 F.3d at 1256 (noting that section 1659 "requir[es] the district court to stay the proceedings" until final determination of the Commission); *American Honda Motor Co. v. Coast Distrib. Sys.*, No. C 06-04752 JSW, 2007 WL 672521 at *1 (N.D. Cal. Feb. 26, 2007) (recognizing that "a court must stay a civil action in favor of ITC proceedings").

Notwithstanding the mandatory nature of the requested stay, St. Clair has indicated its intent to oppose Kodak's motion. St. Clair is apparently asserting that a section 1659 stay would be duplicative of the stay already in place. St. Clair also appears to assert that Kodak's motion to stay the ITC action obviates the need for a further stay here. St. Clair is wrong on both counts.

First, the existing stay and a stay pursuant to section 1659 would not be duplicative because they will extend for different durations. The existing stay will be lifted when the California Action is resolved. The section 1659 stay, in comparison, will be lifted when the ITC action is resolved. The section 1659 stay will therefore ensure that this action and the ITC action do not proceed in parallel. *See In re Princo Corp*, 2007 WL 610732 at *7 ("[t]he purpose of § 1659 is to prevent separate proceedings on the same issues occurring at the same time.").

Second, Kodak's motion to stay the ITC proceedings does not obviate the need for a section 1659 stay here. If Kodak's motion to stay the ITC action is granted, the ITC action, like this action, will be stayed pending the determination of ownership in California. After ownership is determined, however, this action must remain stayed pending final resolution of the ITC action. *See id.* ("the stay continues until the Commission proceedings pass from a non-final state to a final state.").

3

## IV. CONCLUSION

For the foregoing reasons, Kodak respectfully requests that this Court stay this action until a final determination in the ITC proceeding.

| | |
|---|---|
| OF COUNSEL: | CONNOLLY BOVE LODGE & HUTZ LLP |
| William F. Lee<br>Michael J. Summersgill<br>Mark D. Selwyn<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>(617) 526-6000 | _/s/ Collins J. Seitz, Jr._<br>Collins J. Seitz, Jr. (#2237)<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>(302) 658-9141<br>cseitz@cblh.com |
| Nora Q.E. Passamaneck<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>399 Park Avenue<br>New York, NY  10022<br>(212) 230-8800 | *Attorneys for Defendant Eastman Kodak Company* |

DATED:  March 16, 2007

4

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on March 16, 2007, a true copy of DEFENDANT EASTMAN KODAK COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY THE CASE PURSUANT TO 28 U.S.C. § 1659 was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (#2237)
cseitz@cblh.com