IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY,<br><br>Defendants. | Civil Action No. 04-1436 JJF<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.'S
ANSWERING BRIEF IN OPPOSITION TO DEFENDANT KODAK'S
MOTION TO STAY CASE PURSUANT TO 28 U.S.C. § 1659**

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER &
 CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR
INTELLECTUAL PROPERTY
CONSULTANTS, INC.

Dated: March 30, 2007

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION AND SUMMARY OF ARGUMENT ....................................................... 1

NATURE AND STAGE OF PROCEEDINGS AND CONCISE FACTUAL STATEMENT ...... 2

I. KODAK BUYS PURPORTED RIGHTS TO PATENTS THAT IT HAS DECLARED—IN THIS COURT—ARE INVALID AND UNENFORCEABLE ............ 2

II. AS THE SUBSTITUTED PLAINTIFF, KODAK STALLS THE CALIFORNIA STATE COURT ACTION ........................................................................................ 3

III. ST. CLAIR FILES A COMPLAINT WITH THE ITC; KODAK MOVES TO STAY THE INVESTIGATION AND TRIES TO JUMP START THE CALIFORNIA STATE COURT ACTION .......................................................................................... 4

IV. KODAK MAKES CLAIM CONSTRUCTION A THRESHOLD ISSUE WITH ITS RESPONSE IN THE ITC ......................................................................................... 5

ARGUMENT ........................................................................................................................ 6

I. KODAK'S MOTION IS INAPPROPRIATE GIVEN KODAK'S PENDING MOTION TO STAY THE RELATED ITC INVESTIGATION ........................................................ 7

II. KODAK'S MOTION SHOULD BE DENIED BECAUSE THIS ACTION IS ALREADY STAYED ............................................................................................... 8

III. A SECOND STAY OF THIS ACTION UNDER § 1659 WOULD BE PREMATURE WHERE THE ITC HAS YET TO RULE ON KODAK'S STAY MOTION AND WHERE THE CALIFORNIA STATE COURT ACTION CANNOT PROCEED WITHOUT CLAIM CONSTRUCTION ...................................................................... 9

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*American Honda Motor Co. v. Coast Distrib. Sys.*,
 No. C 06-04752 JSW, 2007 WL 672521 (N.D. Cal. Feb. 26, 2007) ................................... 8

*Fuji Photo Film Co. v. Benum*,
 463 F.3d 1252 (Fed. Cir. 2006) ........................................................................................ 8

*In re Princo Corp.*,
 Misc. No. 841, 2007 WL 610732  (Fed. Cir. Mar. 1, 2007) ............................................... 8

**Statutes**

19 U.S.C. § 1337(b) ................................................................................................................ 7

28 U.S.C. § 1659 ............................................................................................... 1, 2, 6, 7, 8, 9, 10

35 U.S.C. § 261 ...................................................................................................................... 1

**Other Authorities**

H.R. Rep. 103-826(I) 140 (1994) ............................................................................................. 7

## INTRODUCTION AND SUMMARY OF ARGUMENT

While it presents itself as a simple preservation of rights under 28 U.S.C. § 1659,[1] Defendant Eastman Kodak Company's ("Kodak's") motion is best understood in the context of Kodak's infringement defense strategy spread over three forums.

In this Court, Kodak has pleaded that the Roberts patents,[2] owned by Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), are invalid and unenforceable (and it has not made claims to own those patents).

In a later California state court action, as a plaintiff, Kodak has claimed that it owns the Roberts patents, a claim based on rights allegedly purchased from a company called Mirage Systems, Inc. ("Mirage"). Mirage, as this Court knows, was a former partner of Canon's in developing an ownership defense in *St. Clair v. Canon, Inc.*, C.A. No. 03-241-JJF, although Canon subsequently abandoned the defense and settled with St. Clair. Kodak/Mirage's ownership claim arises solely from the allegation that the Inventors misappropriated a Mirage trade secret that then led to the Roberts patents. Kodak also claims in California state court that it is entitled to both the proceeds related to the successful infringement actions prosecuted in this Court by St. Clair using this Court's construction of the terms of those patents and to payments made under other licenses obtained by St. Clair.

Still later, as a Respondent in an International Trade Commission ("ITC") investigation, Kodak claims that its digital cameras do not infringe the Roberts patents it claims it owns and

---

[1] As an initial matter, St. Clair notes that Kodak's motion is procedurally improper as this case is currently stayed and administratively closed. (D.I. 112.)
[2] The "Roberts patents" are U.S. Patent Nos. 5,138,459 ("the '459 patent"), 5,576,757 ("the '757 patent"), 6,094,219 ("the '219 patent"), 6,233,010 ("the '010 patent"), 6,323,899 ("the '899 patent"), and 6,496,222 ("the '222 patent"). St. Clair is the undisputed record titleholder of the Roberts patents and has been for over a decade. On January 16, 1996, St. Clair duly recorded its assignment of all right, title, and interest in and to the Roberts patents with the United States Patent and Trademark Office pursuant to 35 U.S.C. § 261. In this action (and in its other patent infringement actions in the District of Delaware), St. Clair has asserted claims from the '459, '219, '010, and '899 patents.

1

which it allegedly purchased to try to defeat St. Clair's infringement action. Further, in defending against infringement in the ITC, Kodak has asserted that this Court's claim construction is wrong. Kodak's newest position has put claim construction at issue. Construing the claims of the Roberts patents is not within a state court's jurisdiction, but Kodak has now placed the meaning of patents claims at the forefront of the California state court action.

Under these circumstances, Kodak's motion to stay pursuant to 28 U.S.C. § 1659 should be denied for at least two reasons. First, Kodak's motion is at odds with the intent of § 1659, which was enacted to give primacy to an ITC investigation when it is *proceeding concurrently* with a related district court action. Kodak has already moved for a stay in the ITC investigation, and discovery there has been stayed pending the disposition of that motion. Second, a stay under § 1659 is unnecessary because this action is *already* stayed, and this Court has the authority to continue that stay for as long as it sees fit. St. Clair respectfully requests that the Court deny Kodak's motion or, at the very least, defer ruling on Kodak's motion until the Administrative Law Judge rules on Kodak's motion to stay the ITC investigation.

### NATURE AND STAGE OF PROCEEDINGS AND CONCISE FACTUAL STATEMENT

**I. KODAK BUYS PURPORTED RIGHTS TO PATENTS THAT IT HAS DECLARED—IN THIS COURT—ARE INVALID AND UNENFORCEABLE**

Kodak is one of the named defendants in St. Clair's third patent infringement lawsuit in this Court related to the '459, '219, '010, and '899 patents. St. Clair filed its suit against Kodak on November 9, 2004. (D.I. 1.) On January 27, 2005, Kodak answered St. Clair's Complaint, alleging that the '459, '219, '010, and '899 patents were invalid and unenforceable. (D.I. 7.) Further, Kodak did not challenge St. Clair's status as owner of the patents or St. Clair's title to the patents. (*Id.*)

On May 19, 2005, Kodak and the other defendants filed a motion to stay this case, and the motion was granted, pending resolution of an ownership dispute in California state court brought on April 12, 2005, by Mirage Systems, Inc. ("Mirage"), the former employer of the inventors of the patents.[3] (D.I. 30, 109.) That ownership dispute is based on a claim that the Inventors misappropriated a trade secret belonging to Mirage, a trade secret which then led to the Roberts patents.

The day after the Defendants filed their motion to stay this case, Kodak entered into an asset purchase agreement with Mirage to purchase Mirage's purported rights to the Roberts patents—the very same patents that Kodak declared to be invalid, unenforceable and not infringed in this Court. (McGonigle Decl. Ex. A.)[4] As part of this agreement, Kodak apparently purchased rights to the California state court action, previously filed by Mirage, some five months *after* St. Clair had filed suit against Kodak in the District of Delaware. (*Id.*)

## II.   AS THE SUBSTITUTED PLAINTIFF, KODAK STALLS THE CALIFORNIA STATE COURT ACTION

Despite being filed nearly two years ago, the California state court action is still in its initial stages. Kodak refused to substitute as plaintiff in the California state court action until it was ordered to do so by the court, on May 24, 2006. There is currently no protective order, no scheduling order, and no trial date. A case management conference in the California state court action is set for April 17, 2007.

---

[3] This case is now styled *Eastman Kodak Co. v. Speasl*, Case No. 1-05-CV-039164 (Cal. Sup. Ct.) (the "California state court action"). While it is central to the dispute, Kodak's challenge to St. Clair's ownership of the Roberts patents is but one of the over 75 claims and defenses among the eight separate and distinct parties. Kodak is also asserting various tort and contract claims against St. Clair and against Jerry Speasl, Marc Roberts, and Matthew Chikosky (the "Inventors"). Additionally, St. Clair and the Inventors have filed cross-complaints, with St. Clair seeking to quiet title and alleging that Mirage and others intentionally interfered with St. Clair's business and the licensing of its patents.

[4] The Declaration of Patricia P. McGonigle in Support of St. Clair's Answering Brief in Opposition to Kodak's Motion to Stay Pursuant to § 1659 ("McGonigle Decl.") is submitted herewith.

3

A large amount of discovery remains to be taken on the parties' 75-plus claims and defenses in the California state court action. While the parties have engaged in the exchange of some documents and written discovery, discovery has been greatly complicated by the lack of a protective order (due to Kodak's rejection of previously agreed-upon terms) and by Kodak's refusal to provide basic discovery about Mirage (despite having exclusive control of the litigation and access to Mirage's records and internal systems).

### III. ST. CLAIR FILES A COMPLAINT WITH THE ITC; KODAK MOVES TO STAY THE INVESTIGATION AND TRIES TO JUMP START THE CALIFORNIA STATE COURT ACTION

On January 19, 2007, St. Clair filed a Complaint with the ITC naming Kodak as the Respondent. (McGonigle Decl. Ex. B.) St. Clair's Complaint relates to Kodak's infringement of the '459, '219, '010, and '899 patents, as well as the '222 patent (which St. Clair has never asserted in any of its patent infringement actions before this Court), and seeks remedies unique to the ITC under Section 337 of the Tariff Act.[5] (*Id.*) The Commission voted to institute this investigation on February 14, 2007.

On February 22, 2007, before its response to St. Clair's Complaint was due, Kodak moved to stay the ITC investigation pending resolution of the California state court action. Around this time, Kodak finally began agreeing to depositions and to produce disputed discovery in the California state court action to bolster its argument to the Administrative Law Judge that the California state court action was proceeding expeditiously. Indeed, notwithstanding the fact that the parties have yet to participate in the scheduled case management conference, on March 9, 2007, Kodak filed a motion to set a date certain for trial in California in summer 2007. St.

---

[5] Specifically, St. Clair seeks (1) a permanent exclusion order to exclude the entry into the United States of Kodak's digital cameras that infringe the Roberts patents; and (2) a permanent cease-and-desist order to prohibit Kodak from, *inter alia*, engaging in the importation, sale for importation, and/or sale after importation of digital cameras that infringe the Roberts patents. (McGonigle Decl. Ex. B at 24–25.)

4

Clair has opposed Kodak's motion as premature given the current status of the California state court action, the amount of outstanding discovery, and because, as detailed below, Kodak's new position vis-à-vis claim construction has changed the course of the case.

On March 5, 2007, Kodak moved to stay discovery in the ITC and to extend the time for its Response to the complaint in the ITC pending a ruling on Kodak's motion to stay the entirety of the investigation. In a decision dated March 9, 2007, the Administrative Law Judge stayed discovery, but ordered Kodak to timely respond to St. Clair's Complaint.

**IV.   KODAK MAKES CLAIM CONSTRUCTION A THRESHOLD ISSUE WITH ITS RESPONSE IN THE ITC**

Kodak's inability to maintain inconsistent litigation positions came to a head with Kodak's Response to St. Clair's Complaint in the ITC. Kodak filed its response on March 12, 2007. (McGonigle Decl. Ex. C.) In it, Kodak alleges that the Roberts patents' claims must be construed before any relief can be granted. (*See id.* ¶¶ 5.9, 5.13–5.15; 2nd Affirmative Defense.) Specifically, Kodak has asserted that this Court's construction of the asserted claims of the Roberts patents in the *St. Clair v. Sony Corp.* and *St. Clair v. Canon* actions (C.A. Nos. 01-557-JJF and 03-241-JJF) is incorrect. (*See id.*) Kodak asserts that if this Court's claim-construction orders *are* correct, then the patents are invalid and thus worthless. (*See id.*)

Kodak's position in the ITC defending against St. Clair's patent infringement allegations does not—and cannot—square with Kodak's challenge to St. Clair's title in the California state court action. In the California state court action, Kodak claims that the Roberts invention was a misappropriated trade secret (from Mirage) and that St. Clair's patents on the invention belong to Kodak (via Mirage). Kodak has defined this alleged trade secret as "[t]he concept of a digital camera that can format data into one of a plurality of file formats which can be used in multiple applications." (McGonigle Decl. Ex. D.) When St. Clair requested that Kodak submit a

5

designation with more particularity, Kodak responded that additional definition was unnecessary because Kodak had described its purported trade secret in "precisely" the same way as St. Clair's counsel had described the Roberts invention to juries in the District of Delaware. (McGonigle Decl. Ex. E at 11.) Now, when faced with defending against St. Clair's patent infringement allegations in the ITC, Kodak places the scope of the Roberts invention in controversy. Indeed, testimony from the first and only deposition taken of a party in the California state court action confirms Kodak's new position that terms used in the Roberts patents (and in Kodak's complaint) present claim-construction issues that require a legal conclusion that can only be determined in a claim-construction proceeding in federal court. (*See* McGonigle Decl. Ex. E.)

The critical issue in the dispute between St. Clair and Kodak is now not whether Kodak can challenge St. Clair's duly-recorded title to the Roberts patents, but first, what *defines* the invention covered by the Roberts patents. Based on its allegations in the ITC, Kodak is disputing this Court's proper construction of the '459, '219, '010, and '899 patents. Kodak has placed the scope of the property rights at issue in the California state court action into controversy, and this controversy can only be resolved through a claim-construction proceeding in a federal forum.

## ARGUMENT

While Kodak's motion is timely brought under § 1659, it is nevertheless inappropriate and should be denied. Seeking relief under § 1659 while simultaneously seeking a stay in the ITC goes against the spirit of the statute. Further, a stay under § 1659 is unnecessary where this action is already stayed and where the Court retains its inherent authority to continue that stay. Finally, a stay under § 1659 would be premature where the ITC has yet to rule on Kodak's motion to stay the investigation and where Kodak recently challenged this Court's claim

construction of the Roberts patents—making claim construction a threshold issue that must be resolved before the California state court action can proceed.

## I. KODAK'S MOTION IS INAPPROPRIATE GIVEN KODAK'S PENDING MOTION TO STAY THE RELATED ITC INVESTIGATION

Kodak's motion to stay under § 1659 should be denied because Kodak simultaneously seeks a stay of the related ITC investigation. Kodak's argument for the mandatory application of § 1659 in this scenario ignores the intent behind the statute. Section 1659 was meant to give primacy to an ITC investigation when it is *proceeding concurrently* with a related district court action. Section § 1659 states, in relevant part:

> [T]he district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
> (1) 30 days after the party is named as a respondent in the proceeding before the commission.

28 U.S.C. § 1659(a). The statute was enacted to create a mechanism for efficiency and expediency, when two parallel actions were proceeding simultaneously, by staying one action in favor of the one that was likely to move along more quickly—i.e. the ITC action. *See* H.R. Rep. 103-826(I), at 140–42 (1994); 19 U.S.C. § 1337(b) (requiring completion of ITC investigations at the "earliest practicable time"). The statute was also enacted to protect defendants from the prospect of having to defend against claims in two forums at the same time. *See* H.R. Rep. 103-826(I), at 140–42 (1994). Nothing in the language or legislative history of § 1659 suggests that the statute can be used to protect from having to defend entirely.

When viewed in its proper context, § 1659 should not be applied here. The ITC investigation is *not* proceeding—discovery has been stayed, and Kodak's motion to stay the investigation remains pending. Meanwhile, this Delaware action is *already* stayed. By asking

7

this Court to tie an additional stay to an ITC investigation that Kodak also seeks to stay, Kodak essentially seeks to deny St. Clair's right to relief in either forum. This effect is at odds with a statute intended to provide fairness to both parties by guaranteeing a plaintiff's right to seek expedient relief, while simultaneously ensuring that a defendant will not have to defend itself in two forums at the same time. Indeed, if this Court grants Kodak's motion, and the ITC similarly decides to grant Kodak's stay motion, St. Clair will be left indefinitely without a forum to adjudicate its patent rights. Certainly the intent of § 1659 was not to provide a procedural loophole through which a respondent/defendant could place a complainant/plaintiff's right to relief in a state of perpetual suspension.

In its brief, Kodak relies on the letter of the statute along with three cases that fail to support its request. (*See* Kodak Br. at 2-3 (citing § 1659(a); *In re Princo Corp.*, Misc. No. 841, 2007 WL 610732 at *7 (Fed. Cir. Mar. 1, 2007); *Fuji Photo Film Co. v. Benum*, 463 F.3d 1252, 1256 (Fed. Cir. 2006); *American Honda Motor Co. v. Coast Distrib. Sys.*, No. C 06-04752 JSW, 2007 WL 672521 at *1 (N.D. Cal. Feb. 26, 2007)).) These cases involve nothing more than a straightforward application of the statute. *See id.* Kodak does not, and cannot, cite any case that involves circumstances even remotely similar to the instant scenario—*i.e.*, where a defendant/respondent seeks a stay in both forums at the same time or, more pertinently, where a defendant/respondent seeks a stay in both forums at the same time *and* the district court action is already stayed. Accordingly, Kodak's motion should be denied.

## II.    KODAK'S MOTION SHOULD BE DENIED BECAUSE THIS ACTION IS ALREADY STAYED

Kodak's unsupported argument that a second, concurrent stay would not be duplicative because the two stays would extend for "different durations" is unavailing. (Kodak Br. at 3.) Kodak ignores the fact that this Court controls the disposition of the current stay. While this

8

Court may have originally stayed this action pending resolution of the ownership dispute in California state court, it may continue to stay this action as it sees fit. If the ITC action proceeds, this Court may decide—consistent with the intent of § 1659—to continue its stay in deference to an investigation that is mandated to proceed on an expedited basis. Therefore, a stay of this action under § 1659 at the present moment is duplicative and completely unnecessary.

### III. A SECOND STAY OF THIS ACTION UNDER § 1659 WOULD BE PREMATURE WHERE THE ITC HAS YET TO RULE ON KODAK'S STAY MOTION AND WHERE THE CALIFORNIA STATE COURT ACTION CANNOT PROCEED WITHOUT CLAIM CONSTRUCTION

Kodak's inconsistent litigation positions have made claim construction a threshold issue that must be resolved before Kodak can challenge St. Clair's ownership of the Roberts patents. A ruling on Kodak's § 1659 motion should therefore, at the very least, be deferred until a ruling on Kodak's motion to stay the ITC investigation. The threshold issue of claim construction must be adjudicated by a forum that actually has jurisdiction to hear it—either the ITC or a Federal district court. If the ITC stays its investigation, and this Court has hinged its stay on the resolution of the ITC proceeding, St. Clair will then be left without a proper forum in which to proceed. Accordingly, depending on the disposition of the Kodak's motion to stay the ITC investigation, it may be proper for this Court to lift the current stay in this action.

### CONCLUSION

For the foregoing reasons, St. Clair respectfully requests that the Court deny Kodak's Motion to Stay Case Pursuant to 28 U.S.C. § 1659.

|  |  |
|---|---|
| | SEITZ, VAN OGTROP & GREEN |
| OF COUNSEL:<br>Ronald J. Schutz, Esquire<br>Jake M. Holdreith, Esquire<br>Becky R. Thorson, Esquire<br>Carrie M. Lambert, Esquire<br>Kimberly G. Miller, Esquire<br>ROBINS, KAPLAN, MILLER &<br>  CIRESI L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>(612) 349-8500 | /s/ *Patricia P. McGonigle*<br>By:_____<br>George H. Seitz, III, Esquire (No. 667)<br>James S. Green, Esquire (No. 481)<br>Patricia P. McGonigle, Esquire (No. 3126)<br>222 Delaware Avenue, Suite 1500<br>P.O. Box 68<br>Wilmington, DE 19899<br>(302) 888-0600<br><br>ATTORNEYS FOR PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. |

Dated: March 30, 2007

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on March 30, 2007, I caused the foregoing *Plaintiff St. Clair Intellectual Property Consultant, Inc.'s Answering Brief in Opposition to Defendant Kodak's Motion to Stay Case Pursuant to 28 U.S.C. §1659* to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to all counsel of record.

                                               Patricia P. McGonigle (ID No. 3126)
                                               pmcgonigle@svglaw.com

58598 v1