# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

**DEFENDANT EASTMAN KODAK COMPANY'S
REPLY BRIEF IN FURTHER SUPPORT OF ITS
<u>MOTION TO STAY THE CASE PURSUANT TO 28 U.S.C. § 1659</u>**

OF COUNSEL:

William F. Lee
Michael J. Summersgill
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Collins J. Seitz, Jr. (#2237)
Kevin F. Brady (#2248)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant Eastman Kodak Company*

DATED: April 6, 2007

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    1. The Stay Pursuant To § 1659 Is Mandatory. .......................................................................1

    2. Kodak's Motion To Stay The ITC Investigation Does Not
       Preclude The Entry Of A § 1659 Stay Here. ......................................................................2

    3. The Fact That This Action Is Stayed Pending The Resolution
       Of The California Action Does Not Preclude Entry Of A
       Further Stay Pending Resolution Of The ITC Action. .......................................................3

    4. St. Clair Is Incorrect That Claim Construction Is A Threshold
       Issue To The Determination Of Ownership. ......................................................................4

III. CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

Federal Cases

*Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*
    228 F.3d 1338 (Fed. Cir. 2000) .................................................................................5

*In re Princo*,
    478 F.3d 1345 (Fed. Cir. 2007) ............................................................................. 1, 3

*Lans v. Digital Equip. Corp.*
    252 F.3d 1320 (Fed. Cir. 2001) .................................................................................5

*Markman v. Westview Instruments, Inc.*
    52 F.3d 967 (Fed. Cir. 1995) .....................................................................................4

*RF Delaware, Inc. v. Pacific Keystone Technologies, Inc.*
    326 F.3d 1255 (Fed. Cir. 2003) .................................................................................4

Federal Statutes

28 U.S.C. § 1659................................................................................................ 1, 2, 3, 4, 6

**I.   INTRODUCTION**

St. Clair's Opposition fails to cite a single case, or reference a single authority, to support its assertion that this action should not be stayed pursuant to § 1659.  St. Clair's Opposition is instead laden with accusations that have little basis in fact and even less connection to the question at issue:  it inappropriately attempts to link Kodak to events that occurred in the earlier Canon litigation to which Kodak was not a party; it accuses Kodak of stalling the California action despite itself opposing Kodak's attempts to establish a firm schedule in that case; and it badly misrepresents the positions Kodak has taken in the ITC action.  St. Clair's invective, however, cannot mask the fundamental flaw underlying each of its arguments – *stays pursuant to § 1659 are mandatory.*  St. Clair chose to file an ITC action against Kodak in which it asserts each of the patents it asserted here.  The consequence of that decision is that this action must be stayed pursuant to § 1659.

**II.   ARGUMENT**

    **1.   The Stay Pursuant To § 1659 Is Mandatory.**

Each of St. Clair's arguments against entry of a § 1659 stay misses the critical point – *the stay of this action pending resolution of St. Clair's concurrent ITC action is mandatory*.  *See* 28 U.S.C. § 1659(a) ("the district court *shall stay*, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission…") (emphasis added).   The Federal Circuit confirmed this as recently as March 2007.  *See In re Princo*, 478 F.3d 1345, 1356 (Fed. Cir. 2007) ("The *statute requires* a stay of 'proceedings in the civil action with respect to *any claim that involves the same issues* involved in the proceeding before the Commission.'") (emphasis added).  It is undisputed that the statutory requirements for a § 1659 stay are present here.  (*See* St. Clair Opp. at 6 (conceding that Kodak's request was timely); St. Clair Opp. at 4

(conceding that the ITC action involves the Roberts Patents asserted in this action).) Kodak's motion to stay pursuant to § 1659 should therefore be granted.

### 2. Kodak's Motion To Stay The ITC Investigation Does Not Preclude The Entry Of A § 1659 Stay Here.

St. Clair's assertion that the § 1659 stay should not enter in this instance because Kodak has moved to stay the ITC action has no merit. First, Kodak's motion to stay the ITC action has not yet been granted. There is no exception to the mandatory stay rule for circumstances in which the concurrent ITC action has been stayed, let alone where a motion to stay the ITC action is simply pending. *See* 28 U.S.C. § 1659. Second, even if Kodak's motion is granted and the ITC action is stayed (as Kodak believes it should be), the ITC action will only be stayed pending resolution of ownership in the California action. (*See* Kodak's Motion to Stay ITC Investigation, at C-1.) Without a § 1659 stay in place in this action, both this action and the ITC action could proceed concurrently after the completion of the California action – precisely the parallel litigation issue that even St. Clair acknowledges § 1659 is designed to avoid.[1]

St. Clair inexplicably asserts that if the § 1659 stay is entered here, St. Clair will be "indefinitely" deprived of a forum in which to adjudicate its purported patent rights because both this action and the ITC action would then be stayed. (St. Clair Opp. at 7, 8.) The ITC action, however, assuming Kodak's motion to stay that action is granted, will only be stayed pending the resolution of the California ownership dispute. (*See* Kodak's Motion to Stay ITC Investigation, at C-1.) Upon resolution of the ownership dispute – and if St. Clair prevails in that dispute – it will have the opportunity to pursue its infringement claims in the ITC. This Court has already held that St. Clair's infringement action should be stayed pending the determination of ownership. ((D.I. 109, at 4) ("a stay will allow the ownership issue to be resolved").) Entry of

---

[1] Of course, if Kodak prevails in the California ownership action, Kodak will be the adjudicated owner of the Roberts Patents and none of St. Clair's infringement actions will proceed.

- 2 -

the § 1659 stay, therefore, will leave St. Clair in the same position it was in when this Court stayed this action pending determination of ownership. Indeed, St. Clair's ITC filing -- in which it asserts against Kodak the same four patents it asserted in this action over two years earlier -- was merely an attempt to evade this Court's proper stay pending resolution of ownership in California.

        **3.**        **The Fact That This Action Is Stayed Pending The Resolution Of The California Action Does Not Preclude Entry Of A Further Stay Pending Resolution Of The ITC Action.**

St. Clair next argues that the § 1659 stay should be denied because this action is "already stayed." (St. Clair Opp. at 8.) This argument is similarly flawed. As even St. Clair acknowledges, this action is only stayed pending resolution of the ownership dispute in the California state court. (St. Clair Opp. at 9.) The § 1659 stay, however, would extend this stay beyond the resolution of the California action, through the final resolution of St. Clair's ITC action. *See In re Princo*, 478 F.3d at 1355 (holding that § 1659 requires that the stay of district court proceedings continue until Commission proceedings are no longer subject to judicial review.) St. Clair identifies no authority – and no logical rationale – for its assertion that the existing stay should not be extended through the resolution of the ITC action as required by § 1659. *See* 28 U.S.C. § 1659. St. Clair suggests that the Court may defer this issue and decide at some later point to extend the stay in this case. (St. Clair Opp. at 9.) This again, however, simply ignores the fact that § 1659 stays are mandatory. *See In re Princo*, 478 F.3d at 1356 ("The ***statute requires*** a stay of 'proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission.'") (emphasis added); *see also* 28 U.S.C. § 1659(a).

### 4. St. Clair Is Incorrect That Claim Construction Is A Threshold Issue To The Determination Of Ownership.

Finally, St. Clair asserts that Kodak has taken the position in the ITC that "the Roberts Patents' claims must be construed before any relief can be granted," that claim construction is therefore now a threshold issue, and that claim construction must be determined in federal court before the issue of ownership can be resolved in California. (St. Clair Opp. at 9.) St. Clair is again wrong on the facts and the law.

First, even if St. Clair were correct about the positions Kodak has taken in the ITC action (which it is not), this has no bearing on whether the § 1659 stay should enter here. Because St. Clair filed a concurrent ITC action, this action must be stayed pursuant to § 1659. *See* 28 U.S.C. § 1659.

Second, the suggestion that Kodak argued in the ITC that claim construction is a necessary predicate to *any relief*, including to the determination of ownership, is incorrect. In its response to St. Clair's complaint in the ITC, Kodak merely stated its intent to challenge St. Clair's proposed claim construction in connection with its defense against St. Clair's infringement allegations. (McGonigle Decl. Ex. C at 23-25.)[2] Kodak did not suggest in any way that claim construction must precede the determination of ownership. To the contrary, it moved to stay the ITC action on the grounds that ownership is the threshold standing issue. (*See* Kodak's Motion to Stay ITC Investigation, at C-1.)

Third, the mere fact that Kodak is challenging St. Clair's proposed claim construction in a patent infringement action (i.e. the ITC action) does not make claim construction a threshold

---

[2]   St. Clair's feigned surprise that Kodak does not intend to simply adopt St. Clair's proposed construction is belied by the fact that claim construction is disputed in nearly every patent infringement case filed. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (claim terms must be construed before determining whether a particular device infringes a particular claim of a patent). Kodak is, of course, not required to simply accept the construction adopted in St. Clair's earlier infringement actions where Kodak was not a party. *See RF Delaware, Inc. v. Pacific Keystone Technologies, Inc*., 326 F.3d 1255, 1261 (Fed. Cir. 2003) (noting that party against whom collateral estoppel is sought must have had full and fair opportunity to litigate the issue in earlier proceeding).

issue for the determination of ownership.  The issue in the California ownership action is whether Kodak or St. Clair owns the rights to the Roberts patents.  The precise scope of those rights (i.e. the construction of particular claim terms) is not determinative of who owns the rights.  Kodak claims to own the rights regardless of their precise scope.  Contrary to St. Clair's assertions – and, indeed, as this Court has already held – it is well settled that ownership is a threshold standing issue that necessarily precedes the infringement analysis of claim construction and comparison of the claims to the accused devices.  (D.I. 109 at 4 (staying St. Clair's infringement action pending resolution of ownership dispute)); *see also Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("If a party lacks title to a patent, that party 'has no standing to bring an infringement action' under that patent.") (internal citations omitted)); *Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1343, 1348-49 (Fed. Cir. 2000) (court addressed claim construction only after it first determined that plaintiff owned the patent).  Indeed, St. Clair itself argued to this Court less than two years ago that ownership, ***not claim construction***, is the threshold issue. (*See St. Clair v. Mirage*, C.A. No. 05-273 JJF (D.I. 26) at 1 ("[a] threshold issue to resolve all St. Clair litigations is determination of ownership of the patents-in-suit.").)[3]

---

[3] Throughout its brief, St. Clair attempts to conceal its lack of substantive argument with irrelevant and unfounded accusations about Kodak and its conduct.  St. Clair's insinuation that Kodak can somehow be linked to events that transpired in the St. Clair v. Canon litigation (St. Clair Opp. at 1) is both entirely inappropriate and wrong; Kodak was not a party to, or in any way involved with, that litigation.  Indeed, the California state court has already rebuked St. Clair for making this same suggestion.  (See January 3, 2006 Hearing Transcript in California action, at C-9 ("I know that you've tried hard to sort of smear them with the Canon issue…[R]ight now, I have the party in front of me.").)  St. Clair's further suggestion that Kodak has adopted inconsistent litigation positions with respect to the Roberts Patents is similarly incorrect and irrelevant.  Since learning of and purchasing Mirage's rights to the patents, Kodak has maintained that it is the rightful owner of the Roberts Patents and that the issue of ownership is a threshold state law issue that should be litigated in California state court.  Kodak never amended its answer in this action because this action was stayed.  (D.I. 109.)  Finally, St. Clair's suggestion that Kodak has attempted to stall the California ownership action and "refus[ed] to provide basic discovery" is again demonstrably untrue and entirely irrelevant.  By way of example only, the only motion to compel granted to date in the California action has been Kodak's.  Moreover, St. Clair, not Kodak, has been resisting the establishment of a firm schedule with a trial date in the California case.  (See St. Clair's Opposition to Kodak's Motion to Set a Trial Date in the California action, at C-11).  Notwithstanding St. Clair's objections, however, the California state court recently indicated that it would hold a trial setting conference in September 2007, leading to a likely trial date in January 2008.  (*See* April 3, 2007 Hearing Transcript in California action, at C-28-29 ("I will be planning to set this for trial in January").)

### III.   CONCLUSION

St. Clair knew (or should have known) when it filed its ITC action that § 1659 would compel a stay of this action.  St. Clair nevertheless chose to file its ITC suit.  It cannot now legitimately complain of this expected and mandatory result.  Kodak respectfully requests that the Court grant Kodak's motion to further stay this action pursuant to 28 U.S.C. § 1659.

| | |
|---|---|
| OF COUNSEL: | CONNOLLY BOVE LODGE & HUTZ LLP |
| William F. Lee<br>Michael J. Summersgill<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>(617) 526-6000<br><br>Nora Q.E. Passamaneck<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>399 Park Avenue<br>New York, NY  10022<br>(212) 230-8800<br><br>DATED:  April 6, 2007 | /s/ *Kevin F. Brady*<br>Collins J. Seitz, Jr. (#2237)<br>Kevin F. Brady (#2248)<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE  19899<br>(302) 658-9141<br>cseitz@cblh.com<br><br>***Attorneys for Defendant Eastman Kodak Company*** |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 6, 2007, a true copy of DEFENDANT EASTMAN KODAK COMPANY'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO STAY THE CASE PURSUANT TO 28 U.S.C. § 1659 was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

*/s/ Kevin F. Brady*
Kevin F. Brady (#2248)