## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## APPENDIX TO DEFENDANT EASTMAN KODAK COMPANY'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO STAY THE CASE PURSUANT TO 28 U.S.C. §1659

OF COUNSEL:

William F. Lee
Michael J. Summersgill
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Collins J. Seitz, Jr. (#2237)
Kevin F. Brady (#2248)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

***Attorneys for Defendant Eastman Kodak Company***

DATED: April 6, 2007

**TABLE OF CONTENTS**

Eastman Kodak Company's Motion to Stay
*In the Matter of Certain DigitalCameras and Component Parts Thereof*,
USITC Inv. No. 337-TA-593 ...................................................................................C-1

January 3, 2006 Hearing Transcript in
*Kodak v. Speasl et al.*, Case No. 1-05-CV-039164 (Cal. Supr.) ...............................C-8

St. Clair's Opposition to Kodak's Motion to Set a Trial Date in
*Kodak v. Speasl et al.*, Case No. 1-05-CV-039164 (Cal. Supr.) ..............................C-11

April 3, 2007 Hearing Transcript in
*Kodak v. Speasl et al.*, Case No. 1-05-CV-039164 (Cal. Supr.) .............................C-27

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

Before the Honorable Robert L. Barton, Jr.
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>CERTAIN DIGITAL CAMERAS AND<br>COMPONENT PARTS THEREOF | )<br>)<br>)<br>)  Inv. No. 337-TA-593<br>)<br>)<br>) |

## RESPONDENT EASTMAN KODAK COMPANY'S MOTION TO STAY INVESTIGATION PENDING THE CALIFORNIA STATE COURT'S DETERMINATION OF THE OWNERSHIP OF THE PATENTS-AT-ISSUE AND REQUEST FOR SHORTENED RESPONSE TIME

Pursuant to 19 C.F.R. § 210.15, Ground Rules 3.1 and 3.7, and the Administrative Law Judge's authority to stay an Investigation, Respondent Eastman Kodak Company ("Kodak") respectfully moves to stay this Investigation pending the California State Court's determination of the ownership of the patents-at-issue in this action, and requests a shortened response time. *See Certain Personal Computer/Consumer Elec. Convergent Devices, Components Thereof, and Prods. Containing Same* [hereinafter *Personal Computer*], USITC Inv. No. 337-TA-558, Order No. 6, 2006 ITC LEXIS 52, at * 12 (Feb. 7, 2006) ("the Commission and the Administrative Law Judges have the power to stay a Section 337 proceeding"); *Personal Computer,* Commission Order, 2006 ITC LEXIS 715, at * 4 (Nov. 6, 2006).

As explained in the accompanying Memorandum of Points and Authorities, the California State Court is currently determining whether Complainant St. Clair Intellectual Property Consultants, Inc. ("St. Clair") even owns the patents it has accused Kodak of infringing in this action. The California action – which the parties previously agreed will be ready for trial

C-1

by the late summer of this year – will resolve a threshold issue for this Investigation: if St. Clair does not own the patents, it cannot maintain its complaint here. Indeed, a United States District Court has already determined that St. Clair's infringement claims against Kodak should be stayed pending the California State Court's ownership determination. As detailed in the Memorandum of Points and Authorities, this Investigation should therefore be stayed because:

(1) St. Clair's attempt to bring suit in the ITC – which comes two years after it sued Kodak in District Court, nearly two years into the California state action, and only after it lost multiple dispositive motions in the California State Court – is merely an attempt to use the ITC to avoid the federal stay and usurp jurisdiction from the California State Court;

(2) As the District Court determined, the ownership dispute is most appropriately resolved in California State Court because ownership revolves around California law, all relevant actors are parties only in the California State Court, and the California action is well advanced and will be ready for trial by the late summer of this year;

(3) Proceeding with St. Clair's claims in the ITC would needlessly waste Commission, Staff and party resources because there is no need to litigate ownership twice in two separate forums and the California State Court may determine that St. Clair does not own the patents-at-issue and, therefore, does not have standing to maintain this action;

(4) St. Clair – which does not manufacture or sell any products– will not be harmed by a stay; and

(5) Each of the factors that the Commission considers when determining whether to grant a stay weighs strongly in favor of a stay of this Investigation.

Kodak is prepared to further discuss its position at oral argument if the Court would find oral argument useful in resolving this matter.

A shortened response time of seven (7) days, with responses due by March 1, 2007 is also warranted. The Investigation has just been instituted and an early decision on the motion to stay would maximize the savings in time and resources – for the Commission and all parties – that Kodak seeks with its motion. Moreover, St. Clair would not be burdened by a shortened response time of seven rather than ten days. St. Clair is already familiar with the facts and

arguments contained in this motion. More than a year ago, the parties fully briefed this issue when Kodak successfully moved to stay St. Clair's District Court infringement action. In addition, Kodak provided notice of arguments similar to those in this motion in its February 5, 2007 letter to the Commission (to which St. Clair responded in two days).

In accordance with Ground Rule 3.1, I hereby certify that undersigned counsel made reasonable, good-faith efforts to contact and resolve the matter with the other parties prior to filing this motion. Counsel for Kodak contacted the Commission Investigative Staff on February 15 and 16, 2007 regarding this motion to stay the Investigation and for a shortened response time. The Staff stated that it will take a position on Kodak's motion for a stay of the Investigation after reviewing the papers, and does not take a position on the request for a shortened response time. Kodak also contacted St. Clair on February 19 and 20, 2007. St. Clair does not consent to this motion to stay the investigation, or the request for a shortened response time.

Attached to this motion is a memorandum in support, exhibits thereto, and proposed orders granting the motions.

DATED: February 22, 2007

Respectfully submitted,

William F. Lee
Michael J. Summersgill
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

C-3

Michael D. Esch
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6420
Fax: (202) 663-6363

S. Calvin Walden
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

Eric J. Ward
WARD NORRIS HELLER & REIDY LLP
300 State Street
Rochester, NY 14614
Tel:  (585) 454-0700
Fax: (585) 423-5910

Counsel for Respondent Eastman Kodak Company

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

Before the Honorable Robert L. Barton, Jr.
Administrative Law Judge

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| | ) |
| CERTAIN DIGITAL CAMERAS AND | )    Inv. No. 337-TA-593 |
| COMPONENT PARTS THEREOF | ) |
| | ) |
| | ) |

[PROPOSED] ORDER NO._____
GRANTING MOTION OF RESPONDENT EASTMAN KODAK COMPANY TO STAY
INVESTIGATION PENDING THE CALIFORNIA STATE COURT'S
DETERMINATION OF THE OWNERSHIP OF THE PATENTS-AT-ISSUE

Having considered Respondent Eastman Kodak Company's Motion to Stay Investigation

Pending the California State Court's Determination of the Ownership of the Patents-At-Issue,

filed February 22, 2007, and the papers submitted by the papers in connection with this motion,

Respondent's motion is hereby granted.  Accordingly, this Investigation is stayed pending the

determination of the California State Court regarding the ownership of the patents-at-issue.

**IT IS SO ORDERED.**

Dated:_____                    _____
                                            Honorable Robert L. Barton, Jr.
                                            Administrative Law Judge

C-5

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

Before the Honorable Robert L. Barton, Jr.
Administrative Law Judge

|  |  |  |
|---|---|---|
| In the Matter of | ) ) ) | |
| CERTAIN DIGITAL CAMERAS AND COMPONENT PARTS THEREOF | ) ) ) ) | Inv. No. 337-TA-593 |

[PROPOSED] ORDER NO._____
GRANTING RESPONDENT EASTMAN KODAK COMPANY'S
REQUEST FOR SHORTENED RESPONSE TIME

On February 22, 2007, Respondent Eastman Kodak Company requested a shortened

response time on its Motion to Stay Investigation Pending the California State Court's

Determination of the Ownership of the Patents-at-Issue. Good cause having been shown, it is

therefore ORDERED that all responses to Respondent's motion shall be filed by March 1, 2007.

**IT IS SO ORDERED.**

Dated:_____                    _____
                                            Honorable Robert L. Barton, Jr.
                                            Administrative Law Judge

*In the Matter of CERTAIN DIGITAL CAMERAS AND COMPONENT PARTS THEREOF,*
Inv. No. 337-TA-593

U.S. International Trade Commission; Before the Honorable Robert L. Barton, Jr.

## CERTIFICATE OF SERVICE

I, Michael D. Esch, hereby certify that copies of the foregoing **RESPONDENT EASTMAN
KODAK COMPANY'S MOTION TO STAY INVESTIGATION PENDING THE
CALIFORNIA STATE COURT'S DETERMINATION OF THE OWNERSHIP OF THE
PATENTS-AT-ISSUE AND REQUEST FOR SHORTENED RESPONSE TIME** were filed
with the Commission Secretary and served upon the following parties as indicated below on this
22nd day of February, 2007.

The Honorable Marilyn R. Abbott
Secretary
U.S. International Trade Commission
500 E Street, S.W., Room 112
Washington, DC 20436
**(VIA HAND DELIVERY – Original + 6 copies)**

Hon. Robert L. Barton, Jr.
Administrative Law Judge
U.S. International Trade Commission
500 E Street, S.W., Suite 317
Washington, DC 20436
**(VIA HAND DELIVERY – 2 copies)**

David O. Lloyd, Esq.
Investigative Attorney
U.S. International Trade Commission
500 E Street, S.W., Room 401-M
Washington, DC 20436
**(VIA HAND DELIVERY)**

**On Behalf of Complainant:**
Ronald J. Schutz, Esq.
Becky Thorson, Esq.
Carrie Lambert, Esq.
Bruce Manning, Esq.
David Zucco, Esq.
Robins Kaplan Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
**(VIA FEDERAL EXPRESS AND
ELECTRONIC MAIL (pdf copy))**

Louis Mastriani, Esq.
Michael McManus, Esq.
S. Alex Lasher, Esq.
Ian Taronji, Esq.
Adduci, Mastriani & Schaumberg, L.L.P.
1200 Seventeenth Street, NW
Washington, DC 20036
**(VIA HAND DELIVERY AND
ELECTRONIC MAIL (pdf copy))**

*Michael D. Esch*
Michael D. Esch

C-7

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

BEFORE THE HONORABLE JAMIE JACOBS-MAY, JUDGE

DEPARTMENT NO. 4

---oOo---



MIRAGE SYSTEMS, INC.,          )
                               )
                               )
        Plaintiff,             )
                               )
        vs.                    )    Case No. 1-05-CV-039164
                               )
MATTHEW CHIKOSKY, MARC K.      )
ROBERTS, JERRY SPEASL and ST.  )
CLAIR INTELLECTUAL PROPERTY    )
CONSULTANTS, INC.,             )
                               )
        Defendants.            )
_____)

---oOo---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Tuesday, January 3, 2006

---oOo---

A-P-P-E-A-R-A-N-C-E-S:

FOR THE PLAINTIFF:              CAROLINE MCINTYRE,
                                ERIC J. WARD &
                                MICHAEL J. SUMMERSGILL,
                                Attorneys at Law


FOR DEFENDANTS SPEASL,
ROBERTS & CHIKOSKY:             LANI R. MILLER,
                                Attorney at Law


FOR DEFENDANT ST. CLAIR:        JAMES D. MOORE,
                                Attorney at Law


FOR DEFENDANT ST. CLAIR:        RONALD J. SCHUTZ,
                                Attorney at Law


OFFICIAL COURT REPORTER:        PATRICK CROWLEY, C.S.R.
                                Certificate No. 11271

17

1  simply rules on the papers.  But there has been nothing

2  that's been issued by the Court either calling for oral

3  argument or deciding that motion.  In fact, in those cases

4  in Delaware there's been virtually no activity for the last

5  year.

6           MR. SCHUTZ:  Well, there actually has been --

7  there are a lot of related cases in Delaware, and there's

8  been a ton of activity in the sanctions case against -- as

9  Your Honor may know from looking at the papers --

10          THE COURT:  Right.

11          MR. SCHUTZ:  -- against Canon and for their

12 conduct with respect to Mirage.

13          THE COURT:  I know that you've tried hard to sort

14 of smear them with the Canon issue.  To me the Canon issue

15 is -- that's not my -- that's not the problem that Mirage

16 has with me right now.  That's a problem that Canon has in

17 trying to buy off a witness.  But right now I have the party

18 before me.

19          What bugs me about Mirage -- and let me just tell

20 you -- is you take -- I mean, you make a judicial admission

21 that Mirage sold to Kodak.  You take a first amended

22 Complaint; you use the word "Kodak;" and then you cross out

23 Kodak and you initial it with a bunch of paragraphs that

24 make no sense with a crossed out name.

25          MR. WARD:  And that's because, Your Honor, when we

26 moved to substitute Kodak --

27          THE COURT:  Yeah.

28          MR. WARD:  -- and we did it on an ex parte motion,

23

1  STATE OF CALIFORNIA     )
                           )
2  COUNTY OF SANTA CLARA   )

3

4          I, PATRICK K. CROWLEY, CSR #11271, HEREBY
   CERTIFY:

5

6      That the foregoing is a full, true, and correct

7  transcript of the testimony given, of the evidence offered

8  and received, and statements of the Court, also all

9  objections of counsel and all matters to which the same

10 relate, in the proceedings had, entitled:  IN THE MATTER OF:

11 MIRAGE SYSTEMS, INC. versus MATTHEW CHIKOSKY, MARC K.

12 ROBERTS, JERRY SPEASL and ST. CLAIR INTELLECTUAL PROPERTY

13 CONSULTANTS, INC., Case number 1-05-CV-039164, taken on

14 January 3, 2006;

15     That I reported the same in stenotype to the best of my

16 ability, being the duly-appointed, qualified, and acting

17 official stenographic reporter of said court, and thereafter

18 transcribed the same into typewriting as herein appears.

19     I further certify that I have complied with CCP § 237

20 (a) (2) in that all personal juror-identifying information

21 has been redacted, if applicable.

22

23     DATED:  January 5, 2006

24

25

26

27     _____

28         Patrick K. Crowley, CSR  #11271

PATRICK K. CROWLEY, CSR, RPR, CRR

1    KENNETH L. NISSLY (SB# 77589)
     SUSAN van KEULEN (SB# 136060)
2    JAMES D. MOORE (SB# 218187)
     THELEN REID BROWN RAYSMAN & STEINER LLP
3    225 West Santa Clara Street, Suite 1200
     San Jose, CA  95113-1723
4    Tel. 408.292.5800
     Fax 408.287.8040
5
     OF COUNSEL:
6    RONALD J. SCHUTZ (*pro hac vice*)
     JAKE M. HOLDREITH (*pro hac vice*)
7    BECKY R. THORSON (*pro hac vice*)
     CARRIE M. LAMBERT (*pro hac vice*)
8    ANNIE HUANG (*pro hac vice*)
     ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
9    2800 LaSalle Plaza
     800 LaSalle Ave
10   Minneapolis, MN 55402-2015
     Tel. 612.349.8500
11   Fax 612.339.4181

12   Attorneys for Defendant and Cross-Complainant
     St. Clair Intellectual Property Consultants, Inc.

13               SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                        COUNTY OF SANTA CLARA

15

16   | EASTMAN KODAK COMPANY, | Case No.: 1-05-CV-039164 |
17   |                        |                          |
     |        Plaintiff,      | **DEFENDANT ST. CLAIR** |
18   |          v.            | **INTELLECTUAL PROPERTY** |
     |                        | **CONSULTANTS, INC.'S** |
19   | JERRY SPEASL, an individual; MARK K. | **MEMORANDUM OF POINTS AND** |
     | ROBERTS, an individual; and MATTHEW | **AUTHORITIES IN OPPOSITION TO** |
20   | CHIKOSKY, an individual; ST. CLAIR | **KODAK AND MIRAGE'S MOTION TO** |
     | INTELLECTUAL PROPERTY | **SET A DATE CERTAIN FOR TRIAL** |
21   | CONSULTANTS, INC., a Michigan |  |
     | corporation; and JOHN DOES 1-50, inclusive, | Date:  April 3, 2007 |
22   |        Defendants.     | Time:  9:00 a.m. |
     |                        | Dept.:  8 |
23   |                        | Judge:  Hon. Joseph Huber |
24   | AND RELATED CROSS-ACTIONS. | **Date Action Filed: April 12, 2005** |
     |                        | **Date Set for Trial: Unknown** |

25

26                          **[REDACTED PUBLIC VERSION]**

27

28

_____
DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

FACTUAL SUMMARY ...................................................................................................... 2

  I.    NATURE OF THIS DISPUTE ................................................................................ 2

  II.   BACKGROUND OF KODAK'S INCONSISTENT LITIGATION
       POSITIONS VIS-À-VIS THE ROBERT PATENTS IN FEDERAL
       COURT AND IN STATE COURT ........................................................................ 3

      A.   St. Clair's Undisputed Title to the Roberts Patents ..................................... 3

      B.   Inconsistent Litigation Positions Lead to Kodak's Recent Request
          for a Federal-Court Process Called Claim Construction............................ 3

  III.  OUTSTANDING DISCOVERY IN THIS DISPUTE............................................ 6

      A.   Kodak's Refusal to Agree to the Entry of a Protective Order.................... 6

      B.   Kodak's Attempts to Stall—then Accelerate—Depositions...................... 6

      C.   Kodak and Mirage's Deficient Document Production............................... 7

  IV.  KODAK'S MISREPRESENTATIONS THAT ST. CLAIR WOULD BE
       TRIAL READY BY SUMMER 2007 .................................................................. 8

ARGUMENT ...................................................................................................................... 8

  I.    A SUMMER 2007 TRIAL DATE IS NOT REASONABLE................................ 8

      A.   Kodak Has Made Claim Construction a Threshold Issue that Must
          Be Resolved in a Federal Forum Before Kodak Can Challenge St.
          Clair's Title to the Roberts Patents ............................................................. 8

      B.   The Volume of Outstanding Discovery and the Likelihood of
          Extensive Dispositive Motion Practice Make a Summer 2007 Trial
          Date Unworkable ......................................................................................... 9

CONCLUSION .................................................................................................................. 13

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-12

## TABLE OF AUTHORITIES

Page

**Cases**

Christianson v. Colt Indus. Operating Corp.,
486 U.S. 800 (1988) ........................................................................................ 9

Markman v. Westview Instruments, Inc.,
52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996) ............... 9

Nakash v. Marciano
(9th Cir. 1989) 882 F.2d 1411 ...................................................................... 10

Silvaco Data Systems, Inc. v. Technology Modeling Assocs.
(N.D. Cal. 1995) 896 F. Supp. 974 .............................................................. 10

**Statutes**

19 U.S.C. § 1337 (b)(1) ...................................................................................... 4

35 U.S.C. § 261 ..................................................................................... 3, 10, 12

Cal. Civ. Pro. Code § 128(a) .............................................................................. 2

Cal. Rule of Court 3.722 .................................................................................. 10

Cal. Rule of Court 3.729 .................................................................................. 10

Super. Ct. Santa Clara County Local Rule 2(a) .................................................. 2

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-13

## INTRODUCTION

Plaintiff Eastman Kodak Company ("Kodak") and Mirage Systems, Inc.'s ("Mirage") motion seeks a premature trial date that is not possible given the current status of this action, the amount of outstanding discovery, and because recent positions taken by Kodak will change the course of this case. Indeed, just days ago in defending against St. Clair's patent infringement allegations in the United States International Trade Commission ("ITC") and in objections made in this action's first deposition, Kodak has taken the position for the first time that the very invention it purports to "own" here—the invention embodied by the Roberts patents[1]—needs to be defined through a judicial process that is the exclusive domain of the federal courts. In the context of the contradictory positions it has taken here, Kodak effectively admits that this Court lacks subject matter jurisdiction to determine the metes and bounds of the intellectual property that St. Clair has had title to since 1995—a determination that must be made before Kodak can challenge St. Clair's ownership of the Roberts patents. This new and very significant development makes a summer 2007 trial impossible.

Further, a summer 2007 trial date is unreasonable given the volume of critical discovery that remains to be taken on the parties' claims and defenses. Despite St. Clair's best efforts to move discovery forward, discovery in this action is still in its initial stages. While the parties have engaged in the exchange of some documents and written discovery, discovery has been greatly complicated by the lack of a protective order (due to Kodak's rejection of previously agreed-upon terms) and hampered by Kodak's refusal to provide basic discovery about Mirage (despite having exclusive control of the litigation and access to Mirage's records and internal systems). Moreover, because of Kodak's and Mirage's stance in answering St. Clair's discovery requests, St. Clair may have to take over one-hundred depositions, the majority of which involve hard-to-reach third parties, and only one deposition has taken place to date. Under these circumstances, the parties cannot possibly be trial ready by summer 2007—and, contrary to Kodak's repeated misrepresentations, St. Clair has never "admitted" otherwise.

---

[1] The "Roberts patents" are U.S. Patent Nos. 5,138,459 ("the '459 patent"), 5,576,757 ("the '757 patent"), 6,094,219 ("the '219 patent"), 6,233,010 ("the '010 patent"), 6,323,899 ("the '899 patent"), and 6,496,222 ("the '222 patent").

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-14

## FACTUAL SUMMARY

I.    **NATURE OF THIS DISPUTE**

While it is central to this dispute, Kodak's challenge to St. Clair's ownership of the Roberts patents is but one of over 75 claims and defenses among the eight separate and distinct parties to this action.[2] Kodak is also asserting various tort and contract claims against St. Clair and against Jerry Speasl, Marc Roberts, and Matthew Chikosky (the "Inventors"). Additionally, St. Clair and the Inventors have filed cross-complaints, with St. Clair seeking to quiet title and alleging that Mirage and others intentionally interfered with St. Clair's business and the licensing of its patents.

The parties are required to submit case management statements to the Court on April 2, 2007. A case management conference is set for April 17, 2007. According to the California Rules of Court, at this conference the parties address, and the court takes action with respect to, various topics, including the date discovery will be completed, discovery issues, bifurcation, discussion of a trial-ready date, alternative dispute resolution, related cases, and other matters. Cal. Rule of Court 3.722. Alternative dispute resolution is mandatory before a case is set for trial in this Court, and the parties have not begun that process. Super. Ct. Santa Clara County Local Rule 2(a). Notwithstanding the fact that the parties have yet to participate in the scheduled case management conference and also to discuss alternative dispute resolution, Kodak filed the instant motion on March 9, 2007.

---

[2] *See* 2d Am. Compl. (and St. Clair's, Jerry Speasl's, Marc Roberts', and Matthew Chikosky's responses thereto); St. Clair's 1st Am. Cross-Compl. for Declaratory Relief, Damages, Disgorgement of Profits, and Injunctive Relief (and Kodak's, Mirage's, George Moussally's and Kenneth Ford's responses thereto); and Jerry Speasl's, Marc Roberts', and Matthew Chikosky's 1st Am. Cross-Compl. for Damages and Restitution (and Mirage's, George Moussally's, and Kenneth Ford's responses thereto).

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

## II.  BACKGROUND OF KODAK'S INCONSISTENT LITIGATION POSITIONS VIS-À-VIS THE ROBERT PATENTS IN FEDERAL COURT AND IN STATE COURT

### A.  St. Clair's Undisputed Title to the Roberts Patents

St. Clair is the undisputed record titleholder of the Roberts patents and has been for over a decade. On January 16, 1996, St. Clair duly recorded its assignment of all right, title, and interest in and to the Roberts patents with the United States Patent and Trademark Office ("PTO") pursuant to the patent recording statue, 35 U.S.C. § 261. (Moore Decl. Ex. 1.)[3] To date, Kodak has never attempted to record any purported competing interest in the Roberts patents.

In this action (or in any other), Kodak has not presented any evidence to challenge St. Clair's status as a bona fide purchaser of the Roberts patents under 35 U.S.C. § 261. St. Clair has submitted verified responses to Kodak interrogatories stating that St. Clair did not record its assignment of the Roberts patents with knowledge of Mirage's purported interest (Moore Decl. Ex. 2 at 8–10), and Kodak has not produced any evidence to dispute these statements. Indeed, two years into this litigation, Kodak's allegations of "ownership" remain unsupported. Kodak bases its whole ownership "theory" on the attorney argument in Kodak's Complaint. (See Kodak's Mem. in Supp. of Mot. to Set a Certain Date for Trial ("Kodak Mem.") § II.A.)

### B.  Inconsistent Litigation Positions Lead to Kodak's Recent Request for a Federal-Court Process Called Claim Construction

In November 2004, months before this action was initiated, St. Clair filed suit against Kodak in the United States District Court for the District of Delaware alleging infringement of the '459, '210, '010, and '899 patents. (Moore Decl. Ex. 3.) Kodak answered St. Clair's Complaint in Delaware in January 2005. (Moore Decl. Ex. 4.) Kodak's Answer alleges that these four patents are invalid, unenforceable, and not infringed. (Id.) Kodak has never asserted St. Clair's lack of ownership as an affirmative defense to this Delaware infringement action.

Shortly after filing its Answer in Delaware, Kodak paid Mirage to acquire alleged "rights"

---

[3] The Declaration of James D. Moore in Support of St. Clair's Memorandum of Points and Authorities in Opposition to Kodak's Motion to Set a Date Certain for Trial is submitted herewith ("Moore Decl.").

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-16

1  to the Roberts patents—the very same patents that it declared to be invalid, unenforceable, and

2  not infringed in Delaware—through an Asset Purchase Agreement (the "APA").[4]  Mirage's

3  purported "ownership rights" were manufactured by a defendant in a previous patent

4  infringement litigation in Delaware (who subsequently waived its ownership defense based on

5  them and settled with St. Clair).  (See Moore Decl. Exs. 5–7.)

6  　　　　As part of the APA, Kodak purchased the rights to this action, which was filed on April

7  12, 2005 by Mirage, over five months after St. Clair filed suit against Kodak in the District of

8  Delaware. ██████████████████  Kodak, however, refused to substitute as plaintiff

9  in this action until it was ordered to do so by the Court. (Moore Decl. Ex. 8.)

10  　　　　On January 19, 2007, St. Clair filed a Complaint with the ITC naming Kodak as a

11  Respondent. (Moore Decl. Ex. 9.)  St. Clair's Complaint seeks remedies unique to the ITC under

12  Section 337 of the Tariff Act.[5]  (Id.)  By statutory mandate, the ITC must expeditiously resolve

13  the issues presented by St. Clair's Complaint (19 U.S.C. § 1337 (b)(1)), and the Administrative

14  Law Judge has set a target date in May 2008 to conclude its investigation. (Moore Decl. Ex. 10.)

15  　　　　After three futile attempts to avoid doing so,[6] Kodak responded to St. Clair's Complaint in

16  the ITC this past week, on March 12, 2007. (Moore Decl. Ex. 13.)  In its Response, Kodak

17  alleges that the Roberts patents' claims must be construed before any relief can be granted. (See

18  id. ¶¶ 5.9, 5.13–5.15; 2nd Affirmative Defense.)  Specifically, Kodak has asserted that the District

19  of Delaware's construction of the asserted claims of the '459, '219, '010, and '899 patents (upon

20  which three jury verdicts have been based) is incorrect—and that if it is correct, then the '459,

21  '219, '010, and '899 patents are invalid (and thus worthless). (See id.)

22

23  [4] This Court previously granted St. Clair's motion to file the APA under seal on January 22, 2007, which was
submitted in connection with St. Clair's Memorandum of Points and Authorities in Support of St. Clair's Motion for
Summary Judgment of Declaration of Title on September 29, 2006.  See Declaration of James D. Moore in Support of
24  St. Clair Intellectual Property Consultants, Inc.'s Motion for Summary Judgment of Declaration of Title at Ex. 41.
[5] Specifically, St. Clair seeks: (1) a permanent exclusion order to exclude the entry into the United States of digital
25  cameras that infringe the Roberts patents; and (2) a permanent cease-and-desist order to prohibit Kodak from, inter
alia, engaging in the importation, sale for importation, and/or sale after importation of digital cameras that infringe
26  the Roberts patents. (Moore Decl. Ex. 9 at 24–25.)
[6] First, Kodak improperly wrote the ITC to argue against the institution of the Investigation. Second, Kodak moved
27  to stay the instituted investigation. Finally, Kodak moved to stay discovery and to extend its deadline to respond to
St. Clair's Complaint pending Kodak's motion to stay. (See Moore Decl. Ex. 11 at 5–6).)  In an order dated March 9,
28  2007, the Administrated Law Judge ordered Kodak to respond to St. Clair's Complaint. (Moore Decl. Ex. 12.)

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-17

1    Kodak's position in the ITC is diametrically opposed to Kodak's claims in this Court.

2   Here, Kodak claims that the Roberts patents are valuable. Kodak also claims in this Court that

3   the Roberts patents (and the supposed "trade secret" that allegedly begat them) speak for

4   themselves and require no interpretation. For example, Kodak defined its purported trade secret

5   as "[t]he concept of a digital camera that can format data into one of a plurality of file formats

6   which can be used in multiple applications." (Moore Decl. Ex. 14.) When St. Clair requested

7   that Kodak submit a designation with more particularity, Kodak responded that additional

8   definition was unnecessary because Kodak's had described its purported trade secret in

9   "precisely" the same way as St. Clair counsel had described the Roberts invention to juries in the

10  District of Delaware. (Moore Decl. Ex. 15 at 11.) This is no longer the case.

11    Further contradicting Kodak's previous claims in this action, testimony from the first and

12  only deposition taken in this action confirms Kodak's new position that terms used in the Roberts

13  patents (and in Kodak's Complaint) present claim-construction issues that require a legal

14  conclusion that can only be determined in a federal-court proceeding called claim construction.



DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-18



1

2

3

4

5

6   ### III.   OUTSTANDING DISCOVERY IN THIS DISPUTE

7        Despite St. Clair's best efforts to advance discovery, discovery is still in its initial stages.

8   Notably, there is still no protective order in place and only one deposition—which was noticed

9   nearly five months ago by St. Clair—has been taken.  This first deposition confirmed that St.

10  Clair may need to depose scores of additional witnesses and that there are many important

11  documents that Kodak and Mirage[7] have yet to produce.

12       ### A.    Kodak's Refusal to Agree to the Entry of a Protective Order

13       The lack of a protective order in this action has put a significant amount of discovery on

14  hold.  Nearly a year ago, St. Clair initiated the process of negotiating a protective order among the

15  parties.  (Moore Decl. Ex. 17.)  By late September 2006, after months of negotiations, the parties

16  reached an agreement as to all provisions.  In early October 2006, however, Kodak sought an

17  extra provision to give its in-house counsel special access to certain financial information of St.

18  Clair and Kodak's competitors.  (Moore Decl. Ex. 18.)  For months, St. Clair urged Kodak to

19  jointly seek entry of the proposed protective order and to separately take up the issue of special

20  access for its in-house counsel with the Court so that discovery awaiting the entry of a protective

21  order could be produced, but Kodak refused.  (Moore Decl. Exs. 19–23.)  Because of this refusal,

22  critical discovery from all parties remains outstanding.  (Moore Decl. Exs. 24–25.)  Once

23  discovery awaiting the entry of a protective order is produced, these documents will undoubtedly

24  require the parties to seek additional discovery.

25       ### B.    Kodak's Attempts to Stall—then Accelerate—Depositions

26       Kodak has only recently tried to cooperate in the scheduling of depositions.  In the fall of

27

28  7

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-19

1  2006, St. Clair noticed the first depositions in this action—depositions of Mirage and of five

2  current/former employees of Mirage. Although Mirage's counsel represented to St. Clair that

3  they were trying to obtain the availability of the noticed witnesses, several weeks after St. Clair

4  noticed the depositions, Mirage unilaterally took these depositions off calendar. (Moore Decl.

5  Exs. 18, 26–28.) Then, after St. Clair filed its Complaint in the ITC on January 19, 2006, Kodak

6  decided to jump start the taking of depositions. In addition to the six depositions that St. Clair

7  noticed last fall, Kodak has since noticed thirteen other depositions of parties and non-parties.

8      There are numerous other witnesses to be deposed in this action. St. Clair and/or the

9  Individual Defendants intend to notice the depositions of at least the following: Kodak, Heidi

10  Martinez, Timothy Lynch, Willy Shih, Mount & Stoelker, Daniel Mount, Ronald Finley, William

11  DiSalvatore, Daniel Wiener, Gary Dorff, Karim Moussally, Bill Plaskey and certain defendants in

12  St. Clair's patent infringement actions in the District of Delaware. In addition, there are over 100

13  former employees that Mirage has identified in its discovery responses as having "had the

14  knowledge, background and/or qualifications to work with digital camera technology" and/or

15  who were "responsible for enforcing Mirage's employment agreements." (Moore Decl. Ex. 29 at

16  10–11, 13–14.) St. Clair will likely depose at least a subset of these former employees who

17  Mirage has identified as having information relevant to this action, especially in light of Mirage's

18  stance that St. Clair is not entitled basic discovery regarding these employees. (*See infra*.)

19      **C.    Kodak and Mirage's Deficient Document Production**

20      Kodak and Mirage have yet to produce many documents relevant to St. Clair's discovery

21  requests. Kenneth Ford's testimony in the one deposition that just took place on March 13-14,

22  2007, highlights the significant deficiencies in Mirage's document production—including, but not

23  limited to, documents related to financial business records, security policies and employment

24  agreements. (Moore Decl. Ex. 30.) Further, St. Clair's discovery of Mirage has been stalled by

25  Mirage's refusal to provide basic discovery regarding its employees with employment agreements

26  and its employees with "the knowledge, background and/or qualifications to work with digital

27  camera technology." (Moore Decl. Ex. 31.)

28

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-20

IV.    **KODAK'S MISREPRESENTATIONS THAT ST. CLAIR WOULD BE TRIAL READY BY SUMMER 2007**

St. Clair has never said that it would be ready for trial by summer 2007 on Kodak's causes of action.  In a Case Management Statement filed on December 22, 2006, St. Clair made the following submission concerning its trial readiness:

> *If* the court grants St. Clair's Motion for Summary Judgment and/or the Defendants' Joint Motion for Judgment on the Pleadings, trial of Kodak's causes of action against St. Clair will not be necessary, but St. Clair's causes of action in its First Amended Cross-Complaint against Cross-Defendants Mirage Systems, Inc., George J. Moussally, and Kenneth L. Ford will remain. *If there are issues to be tried*, St. Clair expects to be trial ready by late summer of 2007.

(Moore Decl. Ex. 32 at 2 (emphasis added).)  St. Clair's suggestion of a "late summer 2007" trial date was plainly contingent on this Court granting either St. Clair's summary judgment motion or the Inventors' motion for judgment on the pleadings—which would have left a limited trial in "late summer 2007" on St. Clair's cross claims only.

Kodak has misrepresented this statement several times in both this Court and in the ITC. (Kodak Mem. at 1–2, 4, 6, 9; *see, e.g.*, Moore Decl. Exs. 33–35.)  Kodak's assertion that St. Clair has "retracted" a statement that it would be trial ready by summer 2007 is simply false.  (Kodak Mem. at 6.)  St. Clair has never "admitted" that it would be ready for trial in summer 2007 under these circumstances.

## ARGUMENT

I.    **A SUMMER 2007 TRIAL DATE IS NOT REASONABLE**

A.    **Kodak Has Made Claim Construction a Threshold Issue that Must Be Resolved in a Federal Forum Before Kodak Can Challenge St. Clair's Title to the Roberts Patents**

The parties will not be trial ready by August 2007 in light of Kodak's new position that the Roberts invention must be judicially construed.  By alleging in the ITC that the Roberts patents are valid (and thus valuable) if and only if they are construed in a certain way, Kodak has made the construction of the Roberts patents' claims a threshold issue that must be resolved before any right to relief can determined here. Kodak's appeal for claim construction is

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-21

underscored by the first and only deposition taken in this action, where

[redacted]

The "critical" issue in this case is now not who *owns* the Roberts patents, as Kodak contends (Kodak Mem. at 1), but rather, what *defines* the invention covered by the Roberts patents. Kodak alleges that it is the owner of certain property—the Roberts patents. A patent gives its owner the right to exclude others from practicing what is claimed and therefore, a patent's claims define the property right. Based on its allegations in the ITC, Kodak is disputing the District of Delaware's proper construction of the '459, '219, '010, and '899 patents' claims— thus, Kodak has placed the scope of the property rights at issue in this action into controversy. Claim construction is exclusively a federal question, *see, e.g., Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988), and patent claims are construed in federal claim-construction proceedings, *see, e.g., Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996).

St. Clair is in the process of drafting a dispositive motion based on this Court's lack of subject matter jurisdiction regarding construction of the Roberts patents' claims. Nevertheless, because a claim-construction proceeding must take place before this Court can adjudicate Kodak's challenge to St. Clair's title to the Roberts patents, a summer 2007 trial is impossible.

**B.    The Volume of Outstanding Discovery and the Likelihood of Extensive Dispositive Motion Practice Make a Summer 2007 Trial Date Unworkable**

Kodak's motion is at odds with its own actions and the lack of progress in this litigation. This case involves eight separate parties, and there are over 75 claims and defenses among them to be tried by this Court. Discovery on these causes of action is just beginning, and there are multiple dispositive motions on the horizon. Under the circumstances, the parties will not—and cannot—be prepared for trial by this coming summer.

Trial courts have the inherent power to control the proceedings before them. Cal. Civ. Pro. Code § 128(a). Nevertheless, a trial court "*must* consider all of the relevant facts and

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-22

1   circumstances in setting a case for trial." Cal. Rule of Court 3.729 (emphasis added).  In its

2   memorandum of points and authorities, Kodak ignores the fact that California Rule of Court

3   3.729 provides twenty-five factors that should be evaluated before setting a trial date.[8]  Applying

4   the relevant factors to the circumstances here, it is evident that a summer 2007 trial date is

5   unreasonable.  A summary of the arguments that militate against a summer 2007 trial date follow:

| CRC 3.729 Factor | St. Clair's Argument |
|---|---|
| (1) the type and subject matter of the action to be tried | This case concerns certain patents owned by St. Clair. The over 75 claims and defenses at issue in this action present issues of patent law, tort law, and contract law. The issues of patent law must be resolved before this Court can reach the other claims and defenses before it; Kodak has raised an issue of claim construction that must be resolved in a federal claim-construction proceeding.  This case also involves the patent recording statute, 35 U.S.C. § 261.  Only after these patent-law issues are resolved can this court turn to the separate and distinct tort and contract issues. |
| (3) the number of causes of action, cross-actions, and affirmative defenses that will be tried | In its memorandum of points and authorities, Kodak suggests that Kodak's challenge to St. Clair's title to the Roberts patents is the sole issue to be resolved at trial. (Kodak Mem. at 1, 6.)  But this is but one of the many claims before this Court.  Kodak presently maintains eight causes of action against St. Clair and/or the Inventors.  St. Clair and the Inventors have asserted 35 affirmative defenses in response to Kodak's Complaint. Moreover, St. Clair and the Inventors have filed cross-complaints with multiple causes of action.  In total, contrary to Kodak's suggestion that there is just one critical issue, there are over 75 claims and defenses that will need to be tried. |

---

[8] Kodak instead tries to bolster its position by citing to *Silvaco Data Systems, Inc. v. Technology Modeling Assocs.* (N.D. Cal. 1995) 896 F. Supp. 974, and *Nakash v. Marciano* (9th Cir. 1989) 882 F.2d 1411, for the proposition that St. Clair is improperly "forum shopping" by filing its complaint in the ITC. (Kodak Mem. at 8.)  These cases, however, are inapposite.  First, they both have nothing to do with the setting of a trial date. *Nakash*, 882 F.2d at 1413; *Silvaco*, 896 F.Supp at 975.  Second, these two cases deal with parties trying to avoid the original forum for the claims they themselves brought by bringing substantially similar claims elsewhere. *Nakash*, 882 F.3d at 1413; *Silvaco*, 896 F.Supp at 978.  St. Clair is a *defendant* in this action and, as the undisputed record titleholder of the Roberts patents, cannot be said to be "forum shopping" by seeking unique remedies in the ITC.

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-23

| CRC 3.729 Factor | St. Clair's Argument |
|---|---|
| (6) the number of parties with separate interests who will be involved in the trial | This dispute is not just between St. Clair and Kodak. There are, in fact, at least eight parties with separate and distinct interests who will be involved in the trial and who still need to take discovery of the other parties in this action. Kodak has asserted claims against St. Clair and also against the Inventors individually (Marc Roberts, Jerry Speasl, and Matthew Chikosky), in addition to naming 50 John Does. St. Clair and the Inventors have, in turn, asserted claims against Kodak and Mirage and against Mirage principles George Moussally and Kenneth Ford. |
| (7) the complexity of the issues to be tried, including issues of first impressions | This case involves over 75 claims and defenses and presents issues of patent law, tort law, and contract law. There is a long involved history to the issues to be tried—information relevant to many claims go back to the late 1980s, and related litigation has been ongoing since 2001. Additionally, there are a number of issues that will be "of first impression," as this court does not commonly hear questions of patent law. |
| (8) any difficulties in identifying, locating, or serving parties | Many of the claims in this action stem from events that took place in the late 1980s. Therefore, identifying and locating third parties with relevant information is particularly challenging. Additionally, most potential deponents for St. Clair are hard-to-reach former Mirage employees. In its response to St. Clair's Special Interrogatory No. 3 (regarding current or former Mirage employees responsible for enforcing Mirage's employment agreements) and No. 7 (regarding current or former Mirage employees with knowledge of Mirage's alleged work with digital cameras), for example, Mirage identified over 100 people. (Moore Decl. Ex. 29 at 10–11,13–14.) Because Kodak has refused to provide even basic discovery on these over 100 people, St. Clair must notice their depositions. The vast majority of these employees are no longer employed by Mirage and will need to be located and subpoenaed. |

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-24

| CRC 3.729 Factor | St. Clair's Argument |
| --- | --- |
| (12) the trial date or dates proposed by the parties and their attorneys | St. Clair has repeatedly stated that a summer 2007 trial date is not possible for any party, given the claims that remain at issue and the outstanding discovery that must be sought and produced. |
| (14) the amount of discovery, if any, that remains to be conducted in the case | As detailed above, despite St. Clair's best efforts, discovery has not progressed significantly and is still in its initial stages. Critically, there is no protective order; only one deposition has taken place (out of over 100 potential deponents identified); St. Clair's Motion to Compel Further Discovery Responses from Mirage remains pending; and there is significant number of documents that must still be produced due to Kodak's and Mirage's deficiencies in responding to St. Clair's document requests and due to the lack of a protective order. Completion of this discovery in and of itself will take months, even putting aside related motion practice and scheduling concerns. |
| (15) the nature and extent of law and motion proceedings anticipated, including whether any motions for summary judgment will be filed | St. Clair's Motion to Compel Further Discovery Responses from Mirage and St. Clair's Motion for the Entry of a Protective Order (both heard on January 19, 2007) remain pending. In terms of summary judgment motions, St. Clair will file at least a motion related to the lack of this Court's subject matter jurisdiction to construe the Roberts' patents claims (see below) and a motion for summary declaration of title based on 35 U.S.C. § 261. |
| (16) whether any other actions or proceedings that are pending may affect the case | The ITC initiated an investigation related to the Roberts patents on February 14, 2007. As detailed above, Kodak has placed the validity and construction of the Roberts' patents claims in controversy with its Response to St. Clair's Complaint in the ITC. Therefore, this investigation will affect the issues in this case. |

Indeed, the first and only deposition in this action proves that the many issues presented in this case will not be ready for adjudication by summer 2007. This initial deposition uncovered significant deficiencies in Mirage's and Kodak's document productions to date (hundreds of

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-25

1  documents were specifically noted).  (Moore Decl. Ex. 30.)  This follow-up discovery is

2  significant.  To be sure, discovery *alone* in this action will extend through at least summer 2007.

3  **CONCLUSION**

4       For the reasons set forth above, St. Clair respectfully requests that the Court deny Kodak

5  and Mirage's Motion to Set a Certain Date for Trial.

6

7  DATED: **3 | 20 | 2007**

8

9  KENNETH L. NISSLY (SB# 77589)
   SUSAN van KEULEN (SB# 136060)
10 JAMES D. MOORE (SB# 218187)
   THELEN REID BROWN RAYSMAN
11 & STEINER LLP
   225 West Santa Clara Street, Suite 1200
12 San Jose, CA 95113-1723
   Tel. 408.292.5800
13 Fax 408.287.8040

14

15 ATTORNEYS FOR DEFENDANT
   AND CROSS-COMPLAINANT
16 ST. CLAIR INTELLECTUAL PROPERTY
   CONSULTANTS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ST. CLAIR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
KODAK'S MOTION TO SET A DATE CERTAIN FOR TRIAL
CASE NO. 1-05-CV-039164

C-26

COPY

1

2          SUPERIOR COURT OF THE STATE OF CALIFORNIA

3            SANTA CLARA COUNTY JUDICIAL DISTRICT

4            THE HONORABLE JOSEPH HUBER, JUDGE

5                      DEPARTMENT 8

6                      ---oOo---

7

8   MIRAGE SYSTEMS, INC.,        )
                                 )
9             PLAINTIFF,         )
                                 )
10      -VS-                     )    CASE NO. 1-05-CV039164
                                 )
11  JERRY A. SPEASL, AN          )
    INDIVIDUAL, ET AL.,          )
12                               )
              DEFENDANTS.        )
13  ─────────────────────────────)

14
                            MOTIONS
15
                        APRIL 3, 2007
16

17

18

19

20  A-P-P-E-A-R-A-N-C-E-S:

21  FOR THE PLAINTIFFS:          ERIC WARD,
                                 ATTORNEY AT LAW
22

23  FOR DEFT. ST. CLAIR:         BECKY THORSON,
                                 JAMES MOORE,
24                               ATTORNEYS AT LAW

25  FOR DEFT. INVENTORS:         RANDALL EDWARDS,
                                 ATTORNEY AT LAW
26

27  OFFICIAL COURT REPORTER:     CATHY L. JAMELLO, C.S.R.
                                 CERTIFICATE NO. 5653
28

3

1      WE HAVE TWO THINGS HERE.  ONE IS A MOTION TO SEAL;

2  ANYBODY HAVE ANY OBJECTION TO THAT?

3      MR. WARD:  NO OBJECTIONS TO ANY MOTION TO SEAL.

4      THE COURT:  I'LL GRANT THAT.

5      DO YOU HAVE AN ORDER?

6      MR. MOORE:  I SUBMITTED ONE, BUT I DO HAVE ONE.

7      THE COURT:  WAIT A MINUTE.  YES, YOU DID AND HERE IT

8  IS.  MORE EFFICIENT THAN I THOUGHT.

9      SYLVIA, I'VE SIGNED THE ORDER.

10      NEXT, WE HAVE BASICALLY A MOTION TO SET THE CASE FOR

11  TRIAL.  I'VE READ ALL OF THESE PAPERS, BOTH FOR AND AGAINST.

12  HERE IS WHAT I PROPOSE TO DO -- YOU'RE FREE TO ARGUE IF YOU

13  WANT, BUT HERE IS WHAT I PROPOSE TO DO.  I PROPOSE TO SET A

14  TRIALSETTING CONFERENCE IN THE MIDDLE OF SEPTEMBER AND THAT

15  WILL GIVE YOU A TRIAL DATE EARLY NEXT YEAR.  I PROPOSE TO HOLD

16  CASE MANAGEMENT CONFERENCES MONTHLY TO FIND OUT WHAT'S GOING

17  ON WITH YOUR DISCOVERY SCHEDULE, INCLUDING THE FIRST ONE TO BE

18  CONTINUED FROM APRIL 17TH TO MAY 1ST, BECAUSE I'M GOING TO BE

19  GONE ON THE 17TH.  ON THE ONE FOR MAY 1ST I WANT A COMPLETE

20  LIST OF THE PEOPLE YOU THINK NEED TO BE DEPOSED AND WHEN THEY

21  WILL BE DEPOSED FILED WITH THE COURT AS WELL AS CHAMBER

22  COPIES, SO I HAVE SOMETHING TO LOOK AT.  THAT'S WHAT I PROPOSE

23  TO DO.  I'M NOT GOING TO GRANT THE MOTION TO SET IT AS EARLY

24  AS YOU WANTED, BUT I THINK IT'S TIME TO MOVE IT ALONG.

25      MR. WARD:  WELL, YOUR HONOR --

26      THE COURT:  I DON'T WANT TO TAKE THE BITE OUT OF ANY

27  OF YOUR ARGUMENT.

28      MR. WARD:  I'M SPEECHLESS, YOUR HONOR.  NO, I THINK

4

1  THAT ON BEHALF OF KODAK, WE CERTAINLY WOULD AGREE TO WHAT

2  YOU'VE SUGGESTED.

3           THE COURT:  LET ME SAY SOMETHING ELSE WHILE I'M

4  DOING THIS THAT BY GIVING YOU THIS TIME FRAME, WHEN IT COMES

5  UP TO TRIALSETTING TIME, I WILL PAY NO ATTENTION TO YOUR

6  REQUESTS FOR SUMMARY JUDGMENT BECAUSE I WILL BE PLANNING TO

7  SET THIS FOR TRIAL IN JANUARY.  IT'S MARCH OR EARLY APRIL.  IF

8  YOU'RE GOING TO FILE SUMMARY JUDGMENT MOTIONS, THEY NEED TO

9  GET IN, BECAUSE I WON'T LISTEN TO THE PLEA IN SEPTEMBER.

10          MR. WARD:  THAT'S ONE OF THE QUESTIONS I HAD.  UNDER

11 THOSE CIRCUMSTANCES, WE WOULD, WE AGREE WITH THAT.  I WOULD

12 ASK FOR THE COURT, IF AT ALL POSSIBLE, TO SET THE TRIALSETTING

13 CONFERENCE RELATIVELY EARLY IN SEPTEMBER; BUT AGAIN, IF YOU'RE

14 GOING TO BE SEEING US MONTHLY --

15          THE COURT:  THE REASON I LOOKED AT THAT IS THE

16 REALITY IS YOU'RE NOT GOING TO TAKE A CASE LIKE THIS OUT TO

17 TRIAL IN DECEMBER, AND SO IT REALLY NEEDS TO BE IN THE EARLY

18 PART OF NEXT YEAR, AND BY SEPTEMBER 18, I CAN EASILY SET THAT.

19 SO THAT'S, ANY OBJECTIONS?

20          MR. WARD:  I UNDERSTAND, YOUR HONOR.  ON BEHALF OF

21 KODAK, WE CERTAINLY WOULD AGREE TO THAT.

22          MS. THORSON:  YOUR HONOR, WE HAVE NO OBJECTION.  THE

23 ONLY OBJECTION I WOULD LIKE TO RAISE AND I NOTED IN OUR

24 PAPERS, BY KODAK'S FILING IN THE I.T.C. THEY'VE RAISED THE

25 QUESTION OF WHAT IS THE INVENTION, AND THAT CERTAINLY RELATES

26 TO THE WHOLE OWNERSHIP ISSUE.  THERE MAY BE A REASON THAT WE

27 NEED TO COME BACK TO COURT AND TALK ABOUT WHAT THAT MEANS TO

28 THIS CASE.

6

1

2

3

4    STATE OF CALIFORNIA    )
                             )
5    COUNTY OF SANTA CLARA )

6

7              I, CATHY L. JAMELLO, DO HEREBY CERTIFY:  THAT I

8    WAS APPOINTED BY THE COURT TO ACT AS COURT REPORTER IN THE

9    ABOVE-ENTITLED ACTION; THAT I REPORTED THE SAME IN STENOTYPE

10   AND THEREAFTER TRANSCRIBED THE SAME INTO TYPEWRITING AS

11   APPEARS BY THE FOREGOING TRANSCRIPTION; THAT SAID TRANSCRIPT

12   IS A FULL, TRUE, AND CORRECT STATEMENT OF THE PROCEEDINGS, TO

13   THE BEST OF MY ABILITY.

14              I FURTHER CERTIFY THAT I HAVE COMPLIED WITH

15   CCP 237(A)(2) IN THAT ALL PERSONAL JUROR IDENTIFYING

16   INFORMATION HAS BEEN REDACTED IF APPLICABLE.

17

18              DATED THIS ___4th___ DAY OF _April_ 2007

19   .

20                         CATHY JAMELLO

21                         _____

22                         CATHY JAMELLO,
                            OFFICIAL COURT REPORTER
23                         C.S.R. NO. 5653

24

25

26

27              ---oOo---

28

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 6, 2007, a true copy of

APPENDIX TO DEFENDANT EASTMAN KODAK COMPANY'S REPLY BRIEF IN

FURTHER SUPPORT OF ITS MOTION TO STAY THE CASE PURSUANT TO 28

U.S.C. §1659 was electronically filed with the Clerk of the Court using CM/ECF which

will send notification of such filing to counsel of record.

*/s/ Kevin F. Brady*
Kevin F. Brady (#2248)