IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY     )
CONSULTANTS, INC.     )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     Civil Action No. 04-1436-JJF
                                    )
SAMSUNG ELECTRONICS CO., LTD.,      )
SAMSUNG ELECTRONICS AMERICA, INC.   )
SAMSUNG TELECOMMUNICATIONS          )
AMERICA, L.P., MATSUSHITA ELECTRIC  )
INDUSTRIAL CO., LTD., MATSUSHITA    )
ELECTRONIC CORPORATION OF           )
AMERICA, VICTOR COMPANY OF          )
JAPAN, LTD., JVC COMPANY OF         )
AMERICA, NOKIA CORPORATION,         )
NOKIA, INC., HEWLETT-PACKARD        )
COMPANY, EASTMAN KODAK COMPANY, )
                                    )
            Defendants.

## NON-KODAK DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION TO LIFT STAY OF LITIGATION

### BACKGROUND

This is a patent infringement action brought by St. Clair Intellectual Property

Consultants, Inc. ("St. Clair") against the above-named defendants, alleging infringement of four

patents.[1]  The case has not progressed beyond the initial pleadings stage.  No merits-related

discovery has taken place and no trial date has been set.

On May 19, 2005, Defendants filed a joint motion to stay this action pending resolution

of a dispute over ownership of the patents-in-suit between St. Clair and Eastman Kodak

---

[1]  The patents-in-suit are United States Patent Nos. 5,138,459 (the "'459 patent"),
6,094,219 (the "'219 patent"), 6,233,010 (the "'010 patent") and 6,323,899 (the "'899 patent").

Company ("Kodak").  Kodak in turn had acquired the ownership rights to the patents-in-suit of

Mirage Systems, Inc. ("Mirage").  As noted in the motion,

> [I]f it turns out that St. Clair is not the owner of the patents-in-suit,
> then it lacks standing to bring this infringement action.  Moreover,
> the pendency of the ownership has foreclosed any possibility of
> settlement in this case (with the associated benefits to the parties
> and this Court) because St. Clair is no longer in a position to
> warrant that it has title to the patents-in-suit.

5/19/05 Br. in Supp. of Def's' Joint Mot. to Stay at 1-2 (Dkt. #31); *see also id.* at 9-13.

On February 14, 2006, this Court granted defendants' motion to stay, noting that the case

was at a very early stage, a stay would allow the ownership issue to be resolved between St. Clair

and Kodak/Mirage in the California state court declaratory judgment action, and a "stay may

well save time and expense, not only for Defendants, but for Plaintiff." 2/14/06 Order at 4 (Dkt.

#109).

On March 3, 2008, St. Clair filed a motion to lift the stay in this action against the "non-

Kodak Defendants," asserting that the California patent ownership action had "settled, and the

parties have signed a memorandum of understanding . . . [that] provides for the resolution of all

clams between St. Clair and Kodak regarding the Roberts Patents" and that "[t]he parties are now

engaged in drafting the final settlement agreements and licenses." St. Clair Mot. at 2 (Dkt.

#134). St. Clair also "ask[ed] that the litigation remain stayed as to Defendant Kodak until the

settlement and licensing documents are finalized.  Once the settlement documents are finalized,

St. Clair will make an appropriate application to this Court to dismiss Kodak from the litigation."

*Id.*

In support of its motion, St. Clair did not include any documents which show that the

California action has been dismissed or that a final judgment has been entered.  Indeed, the case

remains open and active.  Furthermore, at a March 13, 2008 hearing, the California Superior

Court declined St. Clair's request to dismiss the ownership case in view of the fact that a settlement between Kodak and St. Clair has not been reached. (*See* Ex. A, Transcript of Proceedings of the California Superior Court dated March 13, 2008.)

Moreover, St. Clair did not provide any evidence (and thus has not made even a *prima facie* showing) that it owns, or has acquired from Kodak the rights to, the patents-in-suit. To the contrary, St. Clair <u>admits</u> that settlement and license agreements between St. Clair and Kodak have not been finalized, despite the fact that two months have already passed since the parties supposedly "settled." *Id.* The only evidentiary support for St. Clair's motion is a "Joint Status Report" that St. Clair and Kodak filed in the International Trade Commission, which merely repeats the conclusory assertions in St. Clair's motion. *See* St. Clair Mot., Ex. A (Dkt. #134-3).

<strong>ARGUMENT</strong>

**THIS ACTION SHOULD REMAIN STAYED UNTIL THE CALIFORNIA ACTION HAS BEEN RESOLVED AND ST. CLAIR PROVIDES EVIDENCE THAT IT OWNS THE PATENTS-IN-SUIT.**

**A.    St. Clair Has Failed To Establish That The Issues That Caused This Action To Be Stayed In The First Place Have Been Resolved.**

In granting Defendants' motion to stay, this Court noted: (a) there was a pending patent ownership dispute in California state court (between St. Clair and Kodak/Mirage); and (b) in light of that dispute, it was not clear who owned the patents-in-suit.

St. Clair's motion fails to establish that either of these issues has been resolved. St. Clair contends that the California action has "settled" based on a "Memorandum of Understanding"— which is not in evidence—but then <u>admits</u> that the actual settlement and license documents between St. Clair and Kodak have not been finalized. Until St. Clair shows that the California action is closed (i.e., has been dismissed or is subject to a final judgment), there is no basis to lift the stay in this action.

St. Clair also fails to make even a *prima facie* showing that it owns (or has acquired the rights to) the patents-in-suit. The yet-to-be-finalized settlement and license documents between St. Clair and Kodak may have bearing on who owns the patents-in-suit (and how, and from when), and may have bearing on whether St. Clair has standing to maintain this action.

This action has been stayed for more than two years because of the ownership dispute between St. Clair and Kodak. If, indeed the settlement of their dispute is imminent and will allow St. Clair to maintain this action, then this case can wait the few additional weeks or months until that happens. If it is not, then it would be a mistake to lift the stay now. St. Clair should not be permitted to jump the gun and lift the stay of this action (as to the non-Kodak defendants *only*) before those events come to pass.

**B.    St. Clair Should Be Required To Disclose Any Final Settlement And License Agreements With Kodak Before The Court Can Consider Lifting The Stay.**

In addition to showing that the California action is closed, St. Clair also should be required to disclose any final settlement and license agreements with Kodak before the Court can consider lifting the stay in this action.

First, if St. Clair acquires rights to the patents-in-suit from Kodak, then St. Clair may have lacked standing to bring this action against Defendants in November 2004, which would require this case to be dismissed. *See Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) ("[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*.") (emphasis in original, citations omitted); *see also Enzo APA & Sons, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092-94 (Fed. Cir. 1998) (licensee lacked standing where there was no written transfer of rights under the patent at the time infringement claims were brought); *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995) ("As a general matter, parties

should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue."); *Pfizer Inc. v. Elan Pharm. Res. Corp.*, 812 F. Supp. 1352, 1356 (D. Del. 1993) ("Federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines") (citing *FW/PBS Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). It is in the parties' and this Court's interest to have any issues related to standing resolved at the outset of this action, before the significant expenditure of time and resources. Moreover, since any St. Clair/Kodak settlement and license agreements are subject to discovery in this action in any event, production of those agreements now will not prejudice St. Clair.[2]

Second, as explained in Defendants' original motion to stay this action, the uncertainty created by the St. Clair-Mirage/Kodak patent ownership dispute made it impossible for the parties to continue meaningful settlement discussions in early 2005. Specifically, Defendants explained:

> . . . no defendant will agree to settle with an entity that may later be found not to own the patents. Failure to stay this case will force all defendants, including those that *have had settlement discussions* with St. Clair, to fully litigate this case and will result in yet a third case addressing the same ownership issues that are already the subject of both the *Mirage* and *St. Clair* ownership actions. In contrast, a stay of this case pending resolution of the ownership issue could render this litigation completely unnecessary, as . . . a finding in favor of St. Clair would allow the parties to at least consider whether to settle this case, a possibility that is now foreclosed because of the ownership dispute.

*See* 5/19/05 Br. in Supp. of Def's' Joint Mot. to Stay at 9-10 (Dkt. #31).

---

[2]  The defendants agree to treat any such settlement and license agreements as "Outside Attorneys' Eyes Only."

St. Clair acknowledged that its patent ownership dispute with Mirage and Kodak had effectively foreclosed the possibility of settlement with a number of defendants in this action. *See id.* at 7-8 (Dkt. #31). Specifically, in a separate action that St. Clair filed against Mirage in this Court, St. Clair stated:

> 44.    On April 12, 2005, St. Clair had substantially completed negotiations related to license agreements with several companies including, but not limited to, defendants in pending Civil Action No. 04-1436 (JJF) in the U.S. District Court for the District of Delaware.
>
> *    *    *
>
> 46.    Many draft agreements had been exchanged between St. Clair and prospective licensees including, but not limited to defendants in pending Civil Action No. 0[4]-1436 (JJF) in the U.S. District Court for the District of Delaware. *License agreements were on the verge of being signed.*
>
> 47.    The license agreements would have led to payments of several tens of millions of dollars to St. Clair.
>
> *    *    *
>
> 119.    The delay and failure in licensing that has resulted from the [Mirage] Defendants' dissemination of the allegations in Mirage's Complaint and/or other allegations of Mirage's claim of ownership has caused St. Clair *substantial damages* in an amount to be proven at trial. Damages include at least *St. Clair's expenses and burden of continuing litigation of cases against defendants who would have settled but for the Defendants' tortious conduct* together with lost licensing revenue in the tens of millions of dollars.

*St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc.*, Case No. 1:05-cv-00273-JJF (D. Del.), 5/6/05 Compl. ¶¶ 44, 46-47, 119 (Dkt. #1) (emphasis added).

Accordingly, St. Clair should be required to disclose any final settlement and license agreements with Kodak before the Court can consider lifting the stay in this action.

**CONCLUSION**

For the reasons stated above, St. Clair's motion to lift the stay of this action should be

denied.


ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*
_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Matsushita Electric*
*Industrial Co., Ltd., Matsushita Electronic*
*Corporation of America (now known*
*as Panasonic Corporation of America),*
*Victor Company of Japan, Ltd., and*
*JVC Company of America*

*Of Counsel:*

Stuart Lubitz
David A. Ben-Meir
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 785-4600


YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP

/s/ *Karen E. Keller*
_____

Josy W. Ingersoll (I.D. #1088)
John W. Shaw (I.D. #3362)
Karen E. Keller (I.D. #4489)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600
jingersoll@ycst.com
jshaw@ycst.com
kkeller@ycst.com

*Attorneys for Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc. and*
*Samsung Telecommunications America, L.P.*

*Of Counsel:*

John M. Desmarais
Gregory S. Arovas
Jordan N. Malz
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4675
(212) 446-4800

MORRIS NICHOLS ARSHT & TUNNELL

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (I.D. #1014)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 575-7291
jblumenfeld@mnat.com

*Attorneys for Nokia Corporation and Nokia,
Inc.*

*Of Counsel:*

Donald L. Rhoads
Vito J. DeBari
Mark A. Baghdassarian
KRAMER LEVIN NAFTALIS
    & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100


POTTER ANDERSON & CORROON, LLP

*/s/ David E. Moore*

_____
Richard L. Horwitz (I.D. #2246)
David E. Moore (I.D. #3983)
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Hewlett-Packard Company*

*Of Counsel:*

Sharon R. Barner
Sheldon Karon
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL  60610-4764
(312) 832-4500

Naikang Tsao
FOLEY & LARDNER LLP
150 East Gilman Street
Verex Plaza
Madison, WI  53703
(608) 257-5035

Dated: March 19, 2008