## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY
CONSULTANTS, INC.

        Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG
ELECTRONICS AMERICA, L.P. SAMSUNG
TELECOMMUNICATIONS AMERICA, L.P.,
MATSUSHITA ELECTRIC INDUSTRIAL CO.,
LTD., MATSUSHITA ELECTRIC CORPORATION
OF AMERICA, VICTOR COMPANY OF JAPAN,
LTD., JVC COMPANY OF AMERICA, NOKIA
CORPORATION, NOKIA, INC., HEWLETT-
PACKARD COMPANY, EASTMAN KODAK
COMPANY,

        Defendants.

Civil Action No. 04-1436 JJF

**JURY TRIAL DEMANDED**

### PLAINTIFF ST. CLAIR'S REPLY IN SUPPORT OF ITS MOTION TO LIFT THE STAY IN LITIGATION AS TO DEFENDANTS SAMSUNG, MATSUSHITA, NOKIA, AND HEWLETT-PACKARD

The California action settled. Kodak and St. Clair have entered into a binding,

enforceable Memorandum of Understanding that resolves all claims between Kodak and St. Clair

regarding the Roberts patents. The Non-Kodak Defendants offer no basis to justify supporting

the further stay of this patent infringement case. The stay should be lifted immediately.

**I.       The Condition upon which the Court Based the Stay Has Been Satisfied.**

In 2006, this Court ordered this action stayed, and administratively closed, pending the

resolution of the ownership dispute between Kodak and St. Clair in *Eastman Kodak Company v.*

*Speasl*, Case No. 05-39164 (Cal. Sup. Ct.) (formerly styled *Mirage Sys., Inc. v. Speasl*). (D.I.

109, 110.)    As St. Clair has advised this Court and as Kodak and St. Clair's joint submission to

the International Trade Commission makes clear, all claims between Kodak and St. Clair

regarding the Roberts Patents have been resolved:

> The California Court commenced trial proceedings in the California Action in
> January 2008, the action then settled, and the parties have signed a memorandum
> of understanding, which is binding under California law.  The memorandum of
> understanding between the parties in the California Action provides for the
> resolution of all claims between the parties regarding the Roberts Patents . . . .

(Opening Mot. Ex. A.)  This Court has already acted on this information to lift the stay in the

related Fuji case.  (*St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.*, Civil Action

No. 03-241-JJF (D. Del.) (March 14, 2008 Order (no document number).) Based upon a joint

submission, this Court entered an order lifting the Fuji stay and scheduling a status conference

for April 2, 2008.  (Civil Action No. 03-241, D.I. 1020.)

Given the fact of the binding, enforceable Memorandum of Understanding, it is irrelevant

that the parties may be working on finalizing settlement and licensing documents.  *See Kelly v.*

*Greer*, 365 F.2d 669, 671 (3rd Cir. 1966) ("[A] settlement agreement or stipulation voluntarily

entered into cannot be repudiated by either party."); *Loppert v. WindsorTech, Inc.*, 865 A.2d

1282, 1285 (Del. Ch. 2004) ("[A] settlement agreement is enforceable as a contract.").  There is

also no basis for the Non-Kodak Defendants to argue that having resolved the California case,

new conditions should be imposed on St. Clair before the stay can be lifted.  The California

action has settled and the condition supporting the Court's original stay is no longer present.

Therefore, the Court should lift the stay in this case so that St. Clair's action currently pending

before the Court can finally be resolved.

II.      **The Non-Kodak Defendants' Arguments Are Not Relevant to the Question of Lifting the Stay.**

The Non-Kodak Defendants' arguments in opposing the stay are completely irrelevant to St. Clair's Motion.  Indeed, Defendants' standing argument (which St. Clair disputes) only serves to confirm that the stay should be lifted so that claims and defenses can be raised and resolved in an open case.[1]  Likewise, while the Memorandum of Understanding may be discoverable subject matter if the stay is lifted, details of the settlement are irrelevant to the pending motion.[2]  What is relevant now is that *all claims between the parties to the California action have been resolved*.  Since that has occurred, there is no basis for the stay to continue.

III.     **St. Clair Will Be Unduly Prejudiced if the Court Does Not Lift the Stay.**

In this case, a continued stay will result in significant damage, hardship, and inequities to St. Clair.  *NeoMagic Corp. v Trident Microsystems, Inc.*, No. CIV. A. 98-699, 2001 WL 1064812, at *2 (D. Del. Sept. 7, 2001) ("In determining whether to grant a stay, a district court weighs the possible damages, hardship, and inequities to the parties to the lawsuit against the possibility that a stay will conserve resources and simplify the issues in question and the trial of the case.").  Continued delay of these actions brings the Roberts patents closer to their 2010 expiration date, which unduly prejudices St. Clair's ability to enforce its intellectual property rights.

---

[1] Although irrelevant at this stage, as the assignee of record to the Roberts patents in the United States Patent and Trademark Office, St. Clair has established a prima facie case of standing.  (Am. Compl. ¶¶ 17-22, D.I. 4.)  This Court has already ruled that St. Clair has made a sufficient showing of ownership to move forward with its infringement actions.  (*St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.*, No. 03-241 (D. Del.), D.I. 812.)

[2] Kodak has not consented to any disclosure of the MOU.  In a March 20, 2008 response to correspondence from St. Clair, Kodak stated: "Voluntarily disclosing the MOU to the District of Delaware will violate the explicit terms of the MOU and therefore constitute a material breach." (Ex. A.)

**IV.    Lifting the Stay Now Will Best Conserve Resources and Serve the Interests of Justice.**

Lifting the stay will result in an efficient resolution of this case, allowing the parties to receive the "just, speedy, and inexpensive determination" of this proceeding.  Fed. R. Civ. P. 1. St. Clair's infringement action can proceed without foreclosing the Non-Kodak Defendants from working with the applicable rules and pretrial litigation processes to make discovery of the facts and resolution of the issues as efficient as possible.

CONCLUSION

St. Clair respectfully requests that the Court grant its motion to lift the stay in litigation.


Dated:  March 27, 2008                               SEITZ, VAN OGTROP & GREEN

                                                     /s/ Patricia P. McGonigle
                                                     _____
                                                     George H. Seitz, III (No. 667)
                                                     Patricia P. McGonigle, Esquire (No. 3126)
                                                     222 Delaware Avenue, Suite 1500
                                                     P.O. Box 68
                                                     Wilmington, DE 19899
                                                     (302) 888-0600

                                                     OF COUNSEL:
                                                     Ronald J. Schutz
                                                     Becky R. Thorson
                                                     Annie Huang
                                                     David B. Zucco
                                                     ROBINS, KAPLAN, MILLER & CIRESI
                                                     L.L.P.
                                                     2800 La Salle Plaza
                                                     800 LaSalle Avenue
                                                     Minneapolis, MN 55402
                                                     (612) 349-8500

                                                     **ATTORNEYS FOR PLAINTIFF**
                                                     **ST. CLAIR INTELLECTUAL PROPERTY**
                                                     **CONSULTANTS, INC.**