SEITZ, VAN OGTROP & GREEN, P.A.

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

(302) 888-0600
FAX: (302) 888-0606

WRITER'S DIRECT DIAL: 302.888.7605
WRITER'S EMAIL: pmcgonigle@svglaw.com

May 16, 2008

**VIA HAND DELIVERY AND ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re:    *St. Clair v. Samsung, et al.* **(Civil Action No. 04-1436-JJF)**
       **Our File No. 121865.0011**

Dear Judge Farnan,

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") submits this letter to inform the Court of new developments relating to St. Clair's Motion to Lift the Stay (D.I. 134) in the above referenced action and to renew its Motion to Lift the Stay. This Court ordered this action stayed pending the resolution of the ownership dispute between Eastman Kodak Company ("Kodak") and St. Clair in *Kodak v. Speasl, et al.*, Cal. Sup. Ct. Case No. 1-05-CV-039164 ("California action"). St. Clair moved to lift the stay in this action on March 3, 2008 because the parties to the California action had entered into a Memorandum of Understanding ("MOU") that resolved all claims among the parties, including ownership of the Roberts Patents. Defendants, however, opposed St. Clair's motion on the grounds that St. Clair could not produce confidential documents to establish that the California action had resolved. This Court denied St. Clair's motion with leave to renew by letter memoranda.

As the non-confidential attached final settlement documents establish, all of the pending matters among St. Clair, Kodak, Mirage Systems, Inc., and the inventors of the Roberts Patents, including the California action are resolved. There is no longer any basis for staying the case. Moreover, each of the points raised in the Defendants' opposition papers has been addressed:[1]

---

[1]    There is also no basis for the Defendants to argue that having resolved the California action, new conditions should be imposed on St .Clair before the stay can be lifted. For example, this Court should disregard comments made by a defendant during the hearing about continuing the stay pending the final

The Honorable Joseph J. Farnan, Jr.
May 16, 2008
Page -2-

- St. Clair has been the lawful owner of, and has had good and legal title to, the Roberts Patents since St. Clair's 1995 purchase of the patents from Personal Computer Cameras, Inc.

- St. Clair will be producing the settlement agreement, MOU, and other relevant non-confidential exhibits to the settlement agreement to each of the Defendants.

- The parties have signed a stipulation for the dismissal of the California action and will file it with the court today.

- Defendants can now conduct meaningful licensing discussions with the true owner of the Roberts Patents.

   With the confirmation that St. Clair has been the owner of the Roberts Patents since 1995 and the production of the settlement agreement and non-confidential exhibits, there is no basis to continue the stay. Accordingly, St. Clair respectfully requests that the Court grant its Motion to Lift the Stay.

                                        Respectfully submitted,

                                        Patricia P. McGonigle (DE3126)

Enclosure – Public Version of Settlement Agreement
cc:     All Counsel of Record (via CM/ECF with enclosure)

---

outcome of the Fuji case (*St. Clair v. Canon, et al.*, Civil Action No. 03-241-JJF), including post-judgment rulings after briefing and a potential appeal of this Court's decisions. This position is meritless. If any defendant still opposes lifting the stay for this or any other new reason, St. Clair reserves the right to fully brief its position.