**PUBLIC VERSION**

# SETTLEMENT AGREEMENT

by and among

Eastman Kodak Company;

Mirage Systems, Inc.;

St. Clair Intellectual
Property Consultants, Inc.;

Jerry A. Speasl;

Marc K. Roberts; and

Matthew A. Chikosky

US1DOCS 6670420v1

# Table of Contents

RECITALS ............................................................................. 4

ARTICLE 1.  DEFINITIONS ............................................... 5

ARTICLE 2.  RESCISSION OF MOU ................................. 7

ARTICLE 3.  KODAK LICENSE ........................................ 7

ARTICLE 4. OTHER LICENSES ....................................... 7

ARTICLE 5.  KODAK PAYMENT ...................................... 8

ARTICLE 6.  ROBERTS AND SPEASL PAYMENTS ........... 9

ARTICLE 7.  STIPULATION, CONFIRMATION, AND ASSIGNMENTS...... 9

ARTICLE 8.  DISMISSALS ................................................ 9

ARTICLE 9.  RELEASES ................................................... 10

ARTICLE 10.  NOTICE ..................................................... 12

ARTICLE 11.  CONFIDENTIAL INFORMATION ............... 13

ARTICLE 12.  WARRANTIES AND REPRESENTATIONS..... 14

ARTICLE 13.  CONTROLLING LAW AND JURISDICTION..... 16

ARTICLE 14.  MISCELLANEOUS....................................... 16

EXHIBIT A - MOU ......................................................... EXA1

EXHIBIT B - KODAK LICENSE ...................................... EXB1

EXHIBIT C - MOTOROLA LICENSE ............................... EXD1

EXHIBIT D – PERMITTED ENTITY LICENSE ................. EXC1

EXHIBIT E – STIPULATION AND CONFIRMATION ......... EXD1

EXHIBIT F - MIRAGE ASSIGNMENT ............................. EXF1

US1DOCS 6670420v1

EXHIBIT G - KODAK ASSIGNMENT ……………………………………… EXG1

EXHIBIT H – PERMITTED ENTITIES ………………...…………………… EXH1

EXHIBIT I - DISMISSAL ………………………………………… EXI1

EXHIBIT J - DISMISSAL ………………………………………… EXJ1

EXHIBIT K - DISMISSAL ………………………………………… EXK1

EXHIBIT L - DISMISSAL ………………………………………… EXL1

EXHIBIT M – DISCLOSURE……………………………………… EXM1

US1DOCS 6670420v1

# SETTLEMENT AGREEMENT

This Settlement Agreement is effective as of the Effective Date (hereinafter defined) and is made by and among Eastman Kodak Company, a New Jersey corporation, having its principal office at 343 State Street, Rochester, NY 14650 (hereinafter "Kodak"); Mirage Systems, Inc., a California corporation, having its principal office at 921 Thompson Place, Sunnyvale, CA 94085 (hereinafter "Mirage"); St. Clair Intellectual Property Consultants, Inc., a Michigan corporation, having its principal office at 16845 Kercheval Avenue, Suite 2, Grosse Pointe, MI 48230, (hereinafter "SCI"); Jerry A. Speasl, an individual, residing at 2747 Paradise Road, Suite 2003, Las Vegas, NV 89109 (hereinafter "Speasl"), Marc K. Roberts, an individual, residing at 497 Cape Allen Drive, Hendersen, NV 89052 (hereinafter "Roberts"); and Matthew A. Chikosky, an individual, residing at 481 Whippoorwill Drive, Hermitage, PA 16148 (hereinafter "Chikosky").

## RECITALS

**WHEREAS,** Speasl, Roberts, and Chikosky are the named inventors of the Roberts Patents (hereinafter defined), and in 1991 they assigned to Personal Computer Cameras, Inc. (as hereinafter more fully defined, "PCC") all right, title and interest in and to the Roberts Patents, and these respective assignments were duly recorded with the United States Patent and Trademark Office (hereinafter "USPTO") on January 9, 1992;

**WHEREAS,** on November 21, 1995, SCI acquired by assignment from PCC all right, title, and interest in and to the Roberts Patents, and SCI duly recorded this assignment with the USPTO on January 16, 1996;

**WHEREAS,** on November 9, 2004, SCI sued Kodak in the United States District Court for the District of Delaware in a matter that is styled as *St. Clair Intellectual Property Consultants, Inc. v. Samsung, et al.*, Civil Action No. 04-1436-JJF (hereinafter "Delaware Infringement Action"), alleging that Kodak had infringed certain of the Roberts Patents;

**WHEREAS,** on April 12, 2005, Mirage sued Speasl, Roberts, Chikosky and SCI in the Superior Court of California, County of Santa Clara, in a matter that was styled as *Mirage Systems, Inc. v. Speasl et al.*, Case No. 1-05-CV-039164, alleging that Mirage owned the Roberts Patents and seeking, among other relief, to quiet title to the Roberts Patents in Mirage ("California Title Action"), which action was later styled as *Eastman Kodak Co. v. Speasl et al.* with the same case number after Kodak was substituted for Mirage as the plaintiff in this action on May 24, 2006, and Speasl, Roberts, and Chikosky asserted various cross-claims against Mirage and Mirage executives Kenneth L. Ford (hereinafter "Ford") and George J. Moussally (hereinafter "Moussally") in the California

USIDOCS 6670420v1

Title Action, and SCI asserted various cross-claims against Kodak, Mirage, Ford, and Moussally, and Speasl, Roberts, and Chikosky subsequently voluntarily dismissed the cross-claims asserted against Mirage, Ford, and Moussally; and SCI subsequently voluntarily dismissed the cross-claims asserted against Mirage, Ford, and Moussally;

**WHEREAS**, on May 6, 2005, SCI sued Mirage, Ford and Moussally in the United States District Court for the District of Delaware, in a matter that is styled as *St. Clair Intellectual Property Consultants, Inc. v. Mirage Systems, Inc., et al.*, Civil Action No. 05-273-JJF (hereinafter "Delaware Declaratory Judgment Action"), and Kodak was substituted for Mirage as a defendant with respect to certain counts in this action on June 23, 2005, and defendants Moussally and Ford were dismissed on March 8, 2006;

**WHEREAS**, on January 19, 2007, St. Clair filed a Complaint against Kodak under Section 337 of the Tariff Act of 1930, as Amended, and the United States International Trade Commission (hereinafter "ITC") instituted an investigation on February 14, 2007 styled as *In the Matter of Certain Digital Cameras and Component Parts Thereof*, Inv. No. 337-TA-593 (hereinafter the "ITC Investigation");

**WHEREAS**, Kodak, Mirage, SCI, Speasl, Roberts, and Chikosky are desirous of settling all claims in the aforementioned litigation matters (hereinafter "Pending Matters") between them to avoid the inevitable costs and uncertainties associated with litigation;

**WHEREAS**, Kodak, Mirage, SCI, Speasl, Roberts, and Chikosky entered into a binding Memorandum of Understanding pursuant to California Code of Civil Procedure Section 664.6 on January 15, 2008 (hereinafter "MOU"), attached hereto as Exhibit A, in furtherance of settlement of all Pending Matters.

**NOW, THEREFORE**, in consideration of the premises and the mutual promises hereinafter recited, the Parties (hereinafter defined) hereto agree as follows:

## AGREEMENT

### ARTICLE 1. DEFINITIONS

1.1    "Current Subsidiaries" as used herein with respect to a Party shall mean all entities that were Subsidiaries of such Party as of January 15, 2008.

1.2    "Effective Date" as used herein shall mean the date on which this Settlement Agreement is executed by the last Party to sign the Settlement Agreement.

1.3    "Roberts Patents" as used herein shall mean (a) United States Letters Patent Numbers 5,138,459; 5,576,757; 6,094,219; 6,233,010; 6,323,899; and 6,496,222; (b) all current and future United States divisions, reissues, extensions, continuations, continuations-in-part, renewals and re-examinations of any of the foregoing United States

Letters Patents; and (c) all current and future patent applications filed and patents issued in any and all jurisdictions outside of the United States which claim the benefit of or priority from any of the patents or patent applications described in this subsections (a) or (b) of this paragraph 1.3.

1.4    "Motorola" as used herein shall mean Motorola, Inc., a Delaware corporation, having its principal office at 1303 East Algonquin Road, Schaumburg, IL 60196.

1.5    "Permitted Entity" as used herein shall mean one (and only one) of the entities identified on Exhibit H attached hereto, and excluding any other entity not identified thereon.

1.6    "Pending Matters" as used herein shall have the meaning set forth in the Recitals herein.

1.7    "Related Litigation" as used herein shall mean any currently pending or future litigation regarding the Roberts Patents between SCI and third parties not subject to this Settlement Agreement.

1.8    "PCCLT" as used herein shall mean the Personal Computer Cameras Liquidating Trust, a trust of the state of Nevada having a registered office at P.O. Box 27740, 101 Convention Center Drive, Suite 700, Las Vegas, NV 89126.

1.9    "PCC" as used herein shall mean Personal Computer Cameras, Inc., a corporation of the state of Virginia which was dissolved to form PCCLT.

1.10    "PPA" as used herein shall mean the Patent Purchase Agreement between PCC and SCI dated November 21, 1995.

1.11    "APA" as used herein shall mean the Asset Purchase Agreement between Mirage and Kodak dated May 20, 2005.

1.12    "Subsidiary" or "Subsidiaries" as used herein shall mean any entity, company, affiliate, division, enterprise or other business unit which is owned or controlled by a party through direct or indirect ownership or control of more than fifty percent (>50.0%) of the securities entitled to vote for the election of directors (or comparable persons) of such entity, but any such entity shall be deemed to be a Subsidiary only for so long as such ownership or control continues. The obligations imposed herein on a Subsidiary shall be the obligations and responsibilities of the respective Party affiliated with such Subsidiary.

1.13    "Party" as used herein shall mean Kodak, Mirage, Speasl, Roberts, Chikosky, or SCI, individually, and "Parties" as used herein shall mean a combination of the foregoing entities and persons.

## ARTICLE 2.  RESCISSION OF MOU

2.1    The Parties agree that as of the Effective Date, the MOU attached hereto as Exhibit A is hereby superseded and replaced in its entirety by this Settlement Agreement and the exhibits attached hereto.

## ARTICLE 3.  KODAK LICENSE

3.1    Simultaneously with the execution and delivery of this Settlement Agreement, SCI and Kodak are hereby executing and delivering to each other four (4) originals of a license agreement in the same form as the document attached hereto as Exhibit B.

## ARTICLE 4.  OTHER LICENSES

4.1    Simultaneously with the execution and delivery of the Settlement Agreement, SCI is hereby executing and delivering to Kodak four (4) originals of an agreement granting a license to Motorola under the Roberts Patents in the identical form as the document attached hereto as Exhibit C and dated as of the Effective Date of the Settlement Agreement (hereinafter the "Motorola License"). The Motorola License will become effective automatically upon the satisfaction of all of the following conditions: (a) Motorola delivers to counsel for SCI at the address specified in paragraph 5.1 of the Motorola License, two (2) fully-executed originals of the Motorola License within sixty (60) days after the requirements of paragraph 9.8 of the Motorola License within sixty (60) days after the Effective Date of this Settlement Agreement; (b) within such 60-day period, Motorola confirms in writing to SCI that Motorola has executed in its own name and retained the two (2) of the four (4) originals of the Motorola License signed by SCI that are not delivered to SCI pursuant to clause (a) above, and (c) SCI timely receives the payment of all amounts due from Kodak pursuant paragraph 5.1 of this Settlement Agreement.  In the event that any of the foregoing conditions specified in this paragraph 4.1 are not satisfied within the applicable periods referenced above, the Motorola License will have no force and effect, and will be permanently null and void ab initio.  Nothing contained in this paragraph 4.1 shall prohibit or limit in any manner SCI's right to engage in discussions regarding, and to enter into a license agreement with respect to, the Roberts Patents with Motorola.

4.2.    Simultaneously with the execution and delivery of this Settlement Agreement, SCI is signing and delivering to Kodak four (4) originals of an agreement granting a license to only one (1) Permitted Entity under the Roberts Patents in the identical form as the document attached hereto as Exhibit D and dated as of the Effective Date of the Settlement Agreement (hereinafter the "Permitted Entity License").  The

US1DOCS 6670420v1

Permitted Entity License will become effective automatically upon the satisfaction of all of the following conditions: (a) the Permitted Entity delivers to counsel for SCI, at the address specified in paragraph 5.1 of the Permitted Entity License, two (2) fully-executed originals of the Permitted Entity License meeting the requirements of paragraph 9.8 of the Permitted Entity License within one hundred eighty (180) days after the Effective Date of this Settlement Agreement, (b) within such 180-day period, the Permitted Entity confirms in writing to SCI that such Permitted Entity has executed in its own name and retained the two (2) of the four (4) originals of the Permitted Entity License signed by SCI that are not delivered to SCI pursuant to clause (a) above. In the event that any of the foregoing conditions specified in this paragraph 4.2 are not satisfied within the applicable periods referenced above, the Permitted Entity License will have no force and effect, and will be permanently null and void ab initio.

For clarity, SCI is delivering multiple originals of the Permitted Entity License for the sole purpose of facilitating the receipt of two (2) fully-executed originals of the Permitted Entity License by each of SCI and the applicable Permitted Entity, and not for the purpose of facilitating delivery to, or execution by, multiple entities, which is expressly prohibited. In the event that (a) Kodak delivers the Permitted Entity License signed by SCI to more than one (1) entity (regardless of whether such entities are Permitted Entities), and/or (b) more than one (1) one entity (regardless of whether such entities are Permitted Entities) countersigns the Permitted Entity License signed by SCI, the Permitted Entity License will become null and void ab initio with no action on the part of any party hereto and effective immediately upon the occurrence of such event. Nothing contained in this paragraph 4.2 shall prohibit or limit in any manner SCI's right to engage in discussions regarding, and to enter into a license agreement with respect to, the Roberts Patents with one or more Permitted Entities.

## ARTICLE 5.  KODAK PAYMENT

5.1    Kodak irrevocably agrees to pay to SCI the sum of Seven Million U.S. Dollars ($7,000,000.00 U.S.) within thirty (30) days after the date of execution by Motorola of the Motorola License as contemplated by paragraph 4.1 above. Such payment will not be refundable for any reason.

5.2    Kodak shall make the payment provided for in paragraph 5.1 above by wire transfer to the trust account of SCI's authorized representative as follows:

| | |
|---|---|
| Bank: | US Bank N.A. |
| Bank routing number: | 091 000 022 |
| Account name: | Robins, Kaplan, Miller & Ciresi L.L.P. |
| | Incoming Trust Funds |
| Account number: | 1047 7555 9172 |

5.3    Payment in accordance with this Article 5 shall be deemed to be payment to SCI as of the date deposited in the aforementioned account. SCI may amend the above

account information from time to time by written notice to Kodak in accordance with the notice provisions of Article 10, provided that such account remains in the United States. SCI shall be solely responsible for any and all taxes and levies arising from amounts paid hereunder.

## ARTICLE 6.  ROBERTS AND SPEASL PAYMENTS

6.1    SCI shall be entitled to retain certain amounts, collectively called the "Roberts/Speasl Payments," that result from licensing the Roberts Patents and otherwise would be payable by SCI to PCCLT under the PPA. The Roberts/Speasl Payments shall equal twenty percent (20%) of the amounts that, if this Settlement Agreement were not in place, otherwise would have been distributed to Roberts and Speasl by PCCLT due to their respective beneficial interests in PCCLT's share of licensing revenue under the PPA as of the date of this Agreement.  The Roberts/Speasl Payments are capped at a maximum aggregate amount of Five Million U.S. Dollars ($5,000,000). SCI shall retain (and shall not pay to PCCLT) the Roberts/Speasl Payments.

## ARTICLE 7.  STIPULATION, CONFIRMATION, AND ASSIGNMENTS

7.1    Kodak hereby stipulates and now confirms that SCI has been the lawful owner of, and has had good and legal title to, the Roberts Patents since SCI's 1995 purchase of the patents from PCC. Simultaneously with the execution and delivery of the Settlement Agreement, Kodak is executing and delivering to SCI the stipulation and confirmation attached hereto as Exhibit E.  Notwithstanding anything to the contrary in this Settlement Agreement, Kodak further agrees and acknowledges that such stipulation and confirmation may be disclosed by SCI to the defendants in the Related Litigation, to any   court or administrative body, to SCI's existing and prospective licensees, to prospective purchasers of the Roberts Patents or SCI, and to SCI's employees, attorneys, agents, accountants and investment bankers.  For the purpose of affirming and recording SCI's good and legal title to the Roberts Patents, simultaneously with the execution and delivery of the Settlement Agreement, Kodak and Mirage are each executing and delivering to SCI the assignments attached hereto as Exhibit F and Exhibit G respectively, for filing with the United States Patent and Trademark Office.

7.2    Kodak further stipulates that it will not challenge that St. Clair had standing to file and properly invoked the United States District Court for the District of Delaware's subject matter jurisdiction pursuant to at least Title 28 United States Code § 1338(a) in filing the Delaware Infringement Action on November 9, 2004.

## ARTICLE 8.  DISMISSALS

8.1    Simultaneously with the execution and delivery of this Settlement Agreement, SCI and Kodak are delivering to each other a stipulation, signed by their respective counsel, in the form attached to this Settlement Agreement as Exhibit 1. Within five (5) business days following the Effective Date, Kodak shall have filed with

USIDOCS 6670420v1

the United States District Court for the District of Delaware such stipulation and the Parties shall execute and file any further documents necessary to accomplish the dismissal with prejudice of Kodak from the lawsuit styled as *St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics Co., et al.*, Civil Action No. 04-1436-JJF (referred to above as "the Delaware Infringement Action").

8.2    Simultaneously with the execution and delivery of this Settlement Agreement, SCI and Kodak are delivering to each other a stipulation, signed by their respective counsel, in the form attached to this Settlement Agreement as Exhibit J. Within five (5) business days following the Effective Date, Kodak shall have filed with the United States District Court for the District of Delaware  such stipulation and the Parties shall execute and file any further documents necessary to accomplish the dismissal with prejudice of the matter styled as *St. Clair Intellectual Property Consultants, Inc. v. Mirage Systems, Inc., et al.*, Civil Action No. 05-273-JJF (referred to above as "the Delaware Declaratory Judgment Action")

8.3    Simultaneously with the execution and delivery of this Settlement Agreement, the Parties are delivering to each other a stipulation, signed by their respective counsel, in the form attached to this Settlement Agreement as Exhibit K. Within five (5) business days following the Effective Date, Kodak shall have filed with the Superior Court of California, County of Santa Clara, such stipulation and the Parties shall execute and file any further documents necessary to accomplish the dismissal with prejudice of the matter initially styled as *Mirage Systems, Inc. v. Speasl, et al.*, Case No. 1-05-CV-039164 (referred to above as the "California Title Action") and later styled as *Eastman Kodak Co. v. Speasl, et al.* with the same case number.

8.4    Simultaneously with the execution and delivery of this Settlement Agreement, SCI and Kodak are delivering to each other a joint motion for termination, signed by their respective counsel, in the form attached to this Settlement Agreement as Exhibit L.  Within five (5) business days following the Effective Date, Kodak shall have filed with the ITC such joint motion for termination and the Parties shall execute and file any further documents necessary to accomplish the dismissal with prejudice of the investigation styled as *In the Matter of Certain Digital Cameras and Component Parts Thereof*, Inv. No. 337-TA-593 (referred to above as the "ITC Investigation").

## ARTICLE 9.  RELEASES

9.1    Effective on the Effective Date, each of Speasl, Roberts and Chikosky (on behalf of themselves and their respective spouses, heirs, executors, administrators, trustees and receivers in bankruptcy) and SCI and its Current Subsidiaries (if any) hereby irrevocably releases, acquits, and discharges each of Kodak and its Current Subsidiaries and their respective directors, officers, employees, and insurers from and against any and all claims, damages and liabilities (whether known or unknown and whether at law or in equity) worldwide, arising or existing as of or prior to the Effective Date relating to the

Roberts Patents.

9.2    Effective on the Effective Date, each of Speasl, Roberts and Chikosky (on behalf of themselves and their respective spouses, heirs, executors, administrators, trustees and receivers in bankruptcy) and SCI and its Current Subsidiaries (if any) hereby irrevocably releases, acquits, and discharges Mirage and its Current Subsidiaries and their respective directors, officers (including, without limitation, Messrs. George J. Moussally and Kenneth L. Ford, each a current or former officer of Mirage), employees, and insurers from and against any and all claims, damages and liabilities (whether known or unknown and whether at law or in equity) worldwide, arising or existing as of or prior to the Effective Date relating to the Roberts Patents.

9.3    Effective on the Effective Date, each of Kodak and Mirage, on behalf of themselves and their respective Current Subsidiaries, and Messrs. George J. Moussally and Kenneth L. Ford, each a current or former officer of Mirage, each hereby irrevocably releases, acquits, and discharges each of (a) SCI and its shareholders (including, without limitation, Messrs. Thomas W. Baumgarten, Jr., and Edmund M. Chung, each a shareholder of SCI), shareholders' spouses and heirs, directors, officers, employees, and insurers, and (b) Speasl, Roberts and Chikosky, and their respective spouses, heirs, insurers, and PCCLT from and against any and all claims, damages and liabilities (whether known or unknown and whether at law or in equity) worldwide, arising or existing as of or prior to the Effective Date relating to the Roberts Patents.

9.4    Each of the Parties granting a release under this Article 9 hereby irrevocably and forever expressly waives all rights of such Party may have arising under California Civil Code Section 1542 and all similar rights under the laws of any other applicable jurisdictions with respect to the release granted by such Party under this Article 9. Each Party understands that Section 1542 provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor."

Each Party acknowledges that it has been fully informed by its counsel concerning the effect and import of this Settlement Agreement under California Civil Code Section 1542 and similar laws of any other applicable jurisdictions and knowingly waives all rights under Section 1542 and similar laws of other applicable jurisdictions.

9.5    For clarity, the releases granted by SCI under this Article 9 shall not be construed as releases from SCI, express or implied, to any defendants in any Related Litigation.

9.6    Each of Kodak and Mirage and the Current Subsidiaries of Kodak and Mirage further agree that they will not assist any third parties in pursuing claims against SCI related to the Roberts Patents, in contesting the validity, scope or enforceability of Roberts Patents or in contesting SCI's right, title, ownership or interest in or to the

US1DOCS 6670420v1

Roberts Patents, provided that, this paragraph 9.6 shall not apply to actions that Kodak or Mirage or the Current Subsidiaries of Kodak and Mirage are required to take in response to or to comply with a subpoena, court order, government directive or the equivalent.

9.7    Nothing in this Settlement Agreement shall preclude the parties from seeking to enforce the terms of this Settlement Agreement at law, equity or otherwise in any court of competent jurisdiction in accordance with Article 13 hereof.

## ARTICLE 10.  NOTICE

10.1    Any notice or communication required or permitted to be given by any Party hereunder shall be in written form and shall be considered to be sufficiently given if mailed by registered or certified mail, postage prepaid, delivered in person, sent by facsimile with a hard copy of such facsimile sent by registered or certified mail, postage prepaid, or transmitted by overnight courier, addressed to the Parties hereto as follows:

| | |
|---|---|
| If to SCI: | Thomas W. Baumgarten, Jr.<br>St. Clair Intellectual Property Consultants, Inc.<br>16845 Kercheval Avenue<br>Suite Number Two<br>Grosse Pointe, MI 48230<br>United States of America<br>Telephone No: 1-313-884-8427<br>Facsimile No: 1-313-884-8457 |
| With a copy to: | Ronald J. Schutz, Esq.<br>Robins, Kaplan, Miller & Ciresi L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>United States of America<br>Telephone No: 1-612-349-8500<br>Facsimile No: 1-612-339-4181 |
| If to Kodak: | Laura Quatela, Esq.<br>Chief IP Officer<br>Eastman Kodak Company<br>343 State Street Rochester, NY 14650-0211<br>Tel: (585) 781-9072<br>Fax: (585) 724-6611 |
| With copy to: | Michael J. Summersgill, Esq.<br>Wilmer Cutler Pickering Hale and Dorr L.L.P.<br>60 State Street |

US1DOCS 6670420v1

Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

If to Mirage:        George Moussally
Chief Technical Officer
Mirage Systems, Inc.
Sunnyvale, CA 94085
Tel: (408) 524-7905
Fax: (408) 524-7903

With copy to:      Michael J. Summersgill, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

If to Speasl, Roberts or Chikosky:

Randall Edwards, Esq.
O'Melveny & Myers L.L.P.
275 Battery Street, Suite 2600
San Francisco, CA 94111
United States of America
Telephone No.: 1-415-984-8700
Facsimile No.: 1-415-984-8701

10.2     Any Party to this Settlement Agreement may amend its address by written notice to the other Parties in accordance with the provisions of this Article 10. Notice will be deemed to have been given at the time of actual delivery in person, five (5) business days after deposit in the mail as set forth herein, or one (1) business day after delivery to an overnight courier service.

## ARTICLE 11. CONFIDENTIAL INFORMATION

11.1     Each Party agrees that it will not disclose any of the terms of Exhibits B, C, D or H attached hereto (the "Confidential Exhibits"), to any person or entity other than (a) on a confidential basis to such Party's or its Subsidiaries', as applicable, attorneys, investment bankers, accountants, officers, employees or agents having a need to know, provided, however, that each Party may disclose the terms of the Confidential Exhibits to the extent necessary to respond to or comply with all applicable securities laws, tax laws, rules, governmental rules and regulations, administrative requirement or request, or subject to an appropriate protective order, pursuant to a subpoena, a request for production of documents, interrogatories, written questions or oral deposition, or otherwise in connection with a judicial or administrative proceeding; or (b) pursuant to a

US1DOCS 6670420v1

prior written agreement or consent between SCI and Kodak; or (c) to the extent necessary to enforce the terms and conditions of this Settlement Agreement or the Confidential Exhibits in a judicial or administrative proceeding.

11.2    Notwithstanding the foregoing, (a) Exhibit C may be disclosed by Kodak or SCI within 60 days of the Effective Date to Motorola on a confidential basis; and (b) Exhibit D and Exhibit H may be disclosed by Kodak or SCI within 180 days of the Effective Date to one or more prospective Permitted Entities on a confidential basis.

11.3    Notwithstanding the foregoing, (a) Kodak may disclose the terms of the Confidential Exhibits in confidence to its professional advisors or in connection with an acquisition of Kodak or divestiture of all or any part of Kodak on a confidential basis; (b) Kodak may disclose to current and former and potential suppliers, end users, distributors, manufacturers, resellers, dealers and customers of Kodak and its Subsidiaries on a confidential basis the general scope of the Confidential Exhibits; (c) SCI, Speasl, Roberts, and/or Chikosky may disclose the terms of the Confidential Exhibits on a confidential basis to PCCLT, its officers, employees, trustees and beneficiaries; and (d) SCI may disclose the Confidential Exhibits and their terms in confidence to its professional advisors or in connection with an acquisition of SCI or divestiture of all or any part of SCI or the Roberts Patents on a confidential basis.

11.4    Notwithstanding the foregoing, SCI may disclose without restriction hereunder that Kodak has stipulated and now confirms that SCI has been the lawful owner of and has had good title to the Roberts Patents since SCI's 1995 purchase of those patents, including, without limitation, (a) to current and potential licensees of the Roberts Patents and defendants in Related Litigation including, but not limited to, by producing Exhibit E attached hereto; (b) in Related Litigation, including, but not limited to, by filing Exhibit E attached hereto; and (c) to the United States Patent and Trademark Office ("USPTO"), including, but not limited to, by submitting Exhibits E, F, and G attached hereto for filing in the assignment records of the USPTO.

11.5    Notwithstanding the foregoing, either Kodak or SCI may disclose without restriction hereunder the fact that Kodak has taken a license under the Roberts Patents and the terms of the Settlement Agreement and exhibits hereto (other than the terms of the Confidential Exhibits, except as set forth in this Article 11).

11.6    Notwithstanding anything to the contrary herein, either Party shall have the right publicly to correct and respond to any misleading or unauthorized disclosure or publicity regarding the terms of the Settlement Agreement or any exhibit hereto, including, without limitation, the Confidential Exhibits.


## ARTICLE 12. WARRANTIES AND REPRESENTATIONS

12.1    Mirage. Mirage represents and warrants to SCI, Speasl, Roberts and Chikosky: (a) that any and all title and claim of ownership, whether legal or equitable,

that Mirage had or may have had in and to the Roberts Patents, was sold, conveyed, transferred and assigned to Kodak through the APA between Kodak and Mirage; (b) that Mirage has not sold, conveyed, transferred or assigned any such title or claim of ownership in the Roberts Patents to any person or entity other than Kodak; (c) that Mirage has not released or discharged any entity from claims of infringement of the Roberts Patents, has not licensed or covenanted not to sue any entity under the Roberts Patents, or has otherwise encumbered rights relating to the Roberts Patents, provided, however, that the foregoing representations and warranties in this subpart (c) of Section 12.1 shall not apply to the agreements and/or covenants not to sue identified in Exhibit M.

12.2    <u>Kodak</u>. Kodak represents and warrants to SCI, Speasl, Roberts and Chikosky: (a) that it has not sold, conveyed, transferred or assigned any title or claim of ownership, whether legal or equitable, Kodak had or may have had in or to the Roberts Patents, to any person or entity other than SCI; (b) that Kodak and its Subsidiaries have not granted any covenant not to sue under the Roberts Patents where such covenant binds or purports to bind SCI; and (c) that Kodak and its Subsidiaries do not have any agreements with any third parties under which Kodak or any of its Subsidiaries has granted or agreed to grant a license or sublicense which expressly includes or identifies the Roberts Patents (other than for purposes of excluding the Roberts Patents from any such license or sublicense). In the event any third party asserts a claim or defense that the third party has any right, title, interest, license, release or immunity in, to or under the Roberts Patents by way of sale, conveyance, transfer, assignment, grant, or otherwise from Kodak or its Subsidiaries, Kodak hereby consents to the disclosure by such third party to SCI of all documents and other information upon which such third party relies as a basis for asserting such claim or defense; provided that such disclosure is made to SCI on a confidential basis for the sole purpose of defending against such claim or defense. In the event of assertion of such claim or defense by such third party, and at the request of SCI, Kodak will inform such third party of Kodak's consent to such disclosure to SCI.

12.3    Each Party represents and warrants to the each of the other Parties that:

(a)    <u>Authority</u>. Such Party has all requisite corporate power and authority to execute and deliver this Settlement Agreement (and all exhibits hereto) and to carry out the provisions of this Settlement Agreement (and all exhibits hereto), and that the execution, delivery and performance by such Party (if an entity) of this Settlement Agreement have been approved by all requisite action on the part of such Party, and that no other corporate proceeding on the part of such Party (if an entity) is necessary to authorize this Agreement; and

(b)    <u>No Conflicts</u>. Such Party's execution, delivery and performance of this Agreement do not conflict with, violate or result in any breach of any relevant law or any provision of any license or contract (whether written or oral) to which such Party is party.

USIDOCS 6670420v1

(c)   No Prior Transfers. Prior to the Effective Date, no Party has sold, assigned, transferred, conveyed, hypothecated or otherwise disposed of any of the Roberts Patents, or any claims, demands, obligations or causes of action that it may have against another Party or its Subsidiaries relating to the Roberts Patents (including, without limitation, any claims or counterclaims asserted by a Party in connection with the Pending Matters), or otherwise structured its affairs in a manner so as to avoid the release of all such claims pursuant to Article 9 above or the grant of the license as required pursuant to Article 3 above.

## ARTICLE 13.  CONTROLLING LAW AND JURISDICTION

13.1   The Parties hereto agree that this Settlement Agreement shall be considered to have been made in, and construed and interpreted in accordance with, the substantive laws of the State of Delaware without reference to conflicts of laws principles.

13.2   Any dispute arising out of this Settlement Agreement shall be brought in, and the Parties hereto irrevocably consent to the exclusive jurisdiction and the exclusive venue of, the United States District Court for the District of Delaware to enforce the terms of this Settlement Agreement and to resolve all such disputes hereunder.

## ARTICLE 14.  MISCELLANEOUS

14.1   This Settlement Agreement and the releases and discharges and rights hereunder may not be assigned by Kodak, Mirage, Speasl, Roberts, or Chikosky.

14.2   SCI covenants and agrees that if SCI divests itself, or agrees to divest itself (whether by sale, assignment or exclusive license) of any of the Roberts Patents, SCI will ensure that the transferee or exclusive licensee, as applicable, is bound by the grant of the releases and license rights under the Roberts Patents contained in this Settlement Agreement and applicable Exhibits hereto.  Notwithstanding anything to the contrary in this Agreement, and in furtherance of SCI's obligations under this paragraph 14.2, SCI may, on a confidential basis, disclose the terms of the Confidential Exhibits to any prospective transferee or exclusive licensee of any of the Roberts Patents.  Subject to the first sentence of this paragraph 14.2, SCI may, in its sole discretion, assign any or all of its rights under this Settlement Agreement and/or its rights, title and interest in any or all of the Roberts Patents.

14.3   This Settlement Agreement is entered into in order to compromise and settle disputed claims and proceedings, without any concession or admission, except as expressly set forth in Article 7 of this Settlement Agreement and in Exhibit E attached hereto.

14.4  This Settlement Agreement shall be executed in six counterparts and each such counterpart shall be deemed an original thereof.  This Settlement Agreement and the Exhibits attached hereto collectively constitute the entire agreement by and between the Parties concerning the subject matter hereof and supersedes all written and oral prior agreements and understandings with respect thereto.  No variation or modification of the terms of this Settlement Agreement nor any waiver of any of the terms or provisions hereof shall be valid unless in writing and signed by an authorized representative of each Party.

14.5  If any term or provision of this Settlement Agreement is held invalid, illegal or unenforceable in any respect for any reason, that invalidity, illegality or unenforceability shall not affect any other term or provision hereof, and this Settlement Agreement shall be interpreted and construed as if such term or provision, to the extent the same shall have been held to be invalid, illegal or unenforceable, had never been contained herein, provided, however, the Parties shall endeavor in good faith to agree to amendments that will preserve, as far as possible, the intentions expressed in this Settlement Agreement.

14.6  Failure by any Party to enforce any rights under this Settlement Agreement shall not be construed as a waiver of such rights nor shall a waiver by any Party in one or more instances be construed as constituting a continuing waiver in other instances.

14.7  Titles of the Articles herein are for the convenience of reference only and shall not affect the construction of the Settlement Agreement.

14.8  This Settlement Agreement is the result of negotiations between the Parties and accordingly shall not be construed for or against a Party merely because such Party drafted this Settlement Agreement or any portion thereof.

14.9  Each Party shall pay its own legal fees and costs associated with the Pending Matters and this Settlement Agreement.

US1DOES 6670420v1

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed in six counterparts by their duly authorized representatives.

St. Clair Intellectual Property
Consultants, Inc.

By:_____
        Edmund M. Chung, President
Date:___May 12, 2008_____

Eastman Kodak Company

By:_____

Date:_____


Mirage Systems, Inc.

By:_____

Date:_____


_____

Jerry A. Speasl, signed as of _____

_____

Marc K. Roberts, signed as of _____

_____

Matthew A. Chikosky, signed as of _____

USIDOCS 6670420v1

**IN WITNESS WHEREOF,** the Parties hereto have caused this Settlement Agreement to be executed in six counterparts by their duly authorized representatives.

St. Clair Intellectual Property
Consultants, Inc.

By:_____

Date:_____


Eastman Kodak Company

By: _____ TML

Date: 5/12/08


Mirage Systems, Inc.

By:_____

Date:_____


_____

Jerry A. Speasl, signed as of _____

_____

Marc K. Roberts, signed as of _____

_____

Matthew A. Chikosky, signed as of _____


Page 18 of 19

US1DOCS 6670420v1

**IN WITNESS WHEREOF,** the Parties hereto have caused this Settlement Agreement to be executed in six counterparts by their duly authorized representatives.

St. Clair Intellectual Property
Consultants, Inc.

By:_____

Date:_____


Eastman Kodak Company

By:_____

Date:_____


Mirage Systems, Inc.

By: _George J. Normann_

Date: _5/12/08_


_____

Jerry A. Speasl, signed as of _____


_____

Marc K. Roberts, signed as of _____


_____

Matthew A. Chikosky, signed as of _____

USIDOCS 6670420v1

**IN WITNESS WHEREOF,** the Parties hereto have caused this Settlement Agreement to be executed in six counterparts by their duly authorized representatives.

St. Clair Intellectual Property
Consultants, Inc.

By:_____

Date:_____


Eastman Kodak Company

By:_____

Date:_____


Mirage Systems, Inc.

By:_____

Date:_____


_____

Jerry A. Speasl, signed as of *May 12, 2008*

_____
Marc K. Roberts, signed as of _____


_____

Matthew A. Chikosky, signed as of _____

**IN WITNESS WHEREOF,** the Parties hereto have caused this Settlement Agreement to be executed in six counterparts by their duly authorized representatives.

St. Clair Intellectual Property
Consultants, Inc.

By:_____

Date:_____

Eastman Kodak Company

By:_____

Date:_____

Mirage Systems, Inc.

By:_____

Date:_____

_____

Jerry A. Speasl, signed as of _____

*Marc K. Roberts*
Marc K. Roberts, signed as of *12 May 08*

_____

Matthew A. Chikosky, signed as of _____

# SETTLEMENT AGREEMENT

This Settlement Agreement is effective as of the Effective Date (hereinafter defined) and is made by and among Eastman Kodak Company, a New Jersey corporation, having its principal office at 343 State Street, Rochester, NY 14650 (hereinafter "Kodak"); Mirage Systems, Inc., a California corporation, having its principal office at 921 Thompson Place, Sunnyvale, CA 94085 (hereinafter "Mirage"); St. Clair Intellectual Property Consultants, Inc., a Michigan corporation, having its principal office at 16845 Kercheval Avenue, Suite 2, Grosse Pointe, MI 48230, (hereinafter "SCI"); Jerry A. Speasl, an individual, residing at 2747 Paradise Road, Suite 2003, Las Vegas, NV 89109 (hereinafter "Speasl"), Marc K. Roberts, an individual, residing at 497 Cape Allen Drive, Hendersen, NV 89052 (hereinafter "Roberts"); and Matthew A. Chikosky, an individual, residing at 481 Whippoorwill Drive, Hermitage, PA 16148 (hereinafter "Chikosky").

*4381 MAC*

## RECITALS

**WHEREAS,** Speasl, Roberts, and Chikosky are the named inventors of the Roberts Patents (hereinafter defined), and in 1991 they assigned to Personal Computer Cameras, Inc. (as hereinafter more fully defined, "PCC") all right, title and interest in and to the Roberts Patents, and these respective assignments were duly recorded with the United States Patent and Trademark Office (hereinafter "USPTO") on January 9, 1992;

**WHEREAS,** on November 21, 1995, SCI acquired by assignment from PCC all right, title, and interest in and to the Roberts Patents, and SCI duly recorded this assignment with the USPTO on January 16, 1996;

**WHEREAS,** on November 9, 2004, SCI sued Kodak in the United States District Court for the District of Delaware in a matter that is styled as *St. Clair Intellectual Property Consultants, Inc. v. Samsung, et al.*, Civil Action No. 04-1436-JJF (hereinafter "Delaware Infringement Action"), alleging that Kodak had infringed certain of the Roberts Patents;

**WHEREAS,** on April 12, 2005, Mirage sued Speasl, Roberts, Chikosky and SCI in the Superior Court of California, County of Santa Clara, in a matter that was styled as *Mirage Systems, Inc. v. Speasl et al.*, Case No. 1-05-CV-039164, alleging that Mirage owned the Roberts Patents and seeking, among other relief, to quiet title to the Roberts Patents in Mirage ("California Title Action"), which action was later styled as *Eastman Kodak Co. v. Speasl et al.* with the same case number after Kodak was substituted for Mirage as the plaintiff in this action on May 24, 2006, and Speasl, Roberts, and Chikosky asserted various cross-claims against Mirage and Mirage executives Kenneth L. Ford (hereinafter "Ford") and George J. Moussally (hereinafter "Moussally") in the California

Page 4 of 19

US1DOCS 6670426v1

05/14/2008 WED 17:02   FAX 8147646375                                    ✷003/004

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed in six counterparts by their duly authorized representatives.

St. Clair Intellectual Property
Consultants, Inc.

By: _____

Date: _____


Eastman Kodak Company

By: _____

Date: _____


Mirage Systems, Inc.

By: _____

Date: _____


_____

Jerry A. Speasl, signed as of _____


_____

Marc K. Roberts, signed as of _____

_____

Matthew A. Chikosky, signed as of _14 MAY 08_


Page 18 of 19

US1DOCS 6670420v1

**EXHIBIT M**

**DISCLOSURE**

For purposes of paragraph 12.1(c), the following agreement is hereby disclosed:

Consulting Agreement And Covenant Not To Sue dated April 30, 2004 by and between Mirage and Canon U.S.A., Inc.

US1DOCS 6670420v1

– EXHIBIT A –

MEMORANDUM OF UNDERSTANDING BETWEEN
EASTMAN KODAK COMPANY; MIRAGE SYSTEMS, INC.; ST. CLAIR
INTELLECTUAL PROPERTY CONSULTANTS, INC.; JERRY SPEASL; MARC
ROBERTS AND MATTHEW CHIKOSKY

This case having come before Hon. Edward A. Infante (Ret.) for mediation, and the parties having conferred, it is hereby stipulated that all pending matters between the parties are deemed settled pursuant to the following terms and conditions:

1.    St. Clair will grant to Kodak a fully paid up, non-exclusive, worldwide license under the Roberts Patents.

2.    St. Clair will grant to Kodak the right to sublicense Motorola (without further right for Motorola to sublicense) under the same terms and conditions as set forth in paragraph 1; upon execution of the sublicense Kodak will pay to St. Clair the sum of $7 million.

3.    Kodak will have the right within one hundred and eighty (180) days of execution of a Settlement Agreement between the parties in accordance with paragraph 8 to direct St. Clair to grant one fully paid up, non-exclusive, worldwide license under the Roberts patents to one third party (without further right for that third party to sublicense), excluding Nokia, Matsushita, Samsung and Fuji.

4.    Mr. Speasl and Mr. Roberts will assign twenty (20) percent of their interests in future revenues resulting from the licensing of the Roberts Patents to St. Clair, subject to a cap of $5 million.

5.    Kodak will assign to St. Clair any and all rights in the Roberts Patents that it received from Mirage and will confirm that St. Clair has been the lawful owner of and has had good title to the Roberts Patents since St. Clair's 1995 purchase of those patents from PCC.

6.    All parties shall dismiss all claims in all cases pending against each other, including in the California State Court, United States District Court for the District of Delaware, and the United States International Trade Commission.

7.    The parties shall grant broad, mutual releases designed to achieve permanent peace between the parties regarding the Roberts Patents.

8.    The parties will execute full Settlement and License Agreements consistent with the terms set forth in this Memorandum of Understanding.

9.    The parties agree that the terms of this Memorandum of Understanding shall be confidential and shall not be disclosed except to Motorola, as required by law or

1

by consent of the parties. Notwithstanding the foregoing, the fact of a settlement is not confidential.

10.    Any provisions of the Evidence Code §§ 1115 – 1128 notwithstanding, this Memorandum of Understanding is binding and may be enforced by a motion under Code of Civil Procedure § 664.6 or by any other procedure permitted by law in the applicable state or federal court.

11.    This Memorandum of Understanding is admissible and subject to disclosure for purposes of enforcing this Memorandum of Understanding pursuant to CCP § 664.6 or any other procedure permitted by law and the provisions of the confidentiality agreement signed by the parties relative to this mediation are waived with respect to this Memorandum of Understanding. The parties intend this to be a binding agreement.

Date: January 15, 2008

For Eastman Kodak Company and
Mirage Systems, Inc.

_____
William F. Lee, Esq.
Wilmer, Cutler, Pickering, Hale & Dorr, LLP

For St. Clair Intellectual Property Consultants, Inc.

_____
Ronald J. Schutz, Esq.
Robins, Kaplan, Miller & Ciresi, LLP

For Jerry Speasl, Marc Roberts and Mathew Chikosky

_____
Darin Snyder, Esq.
O'Melveny & Myers, LLP

2

PUBLIC VERSION

- EXHIBIT B -

# REDACTED

PUBLIC VERSION

- EXHIBIT C -

# REDACTED

PUBLIC VERSION

- EXHIBIT D -

# REDACTED

EXHIBIT E

## STIPULATION AND CONFIRMATION

This Stipulation and Confirmation is being executed by Eastman Kodak Company, a New Jersey corporation, having its principal office at 343 State Street, Rochester, NY 14650 (hereinafter "Kodak").

Kodak hereby stipulates and now confirms that St. Clair Intellectual Property Consultants, Inc., having its principal office at 16845 Kercheval Avenue, Suite 2, Grosse Pointe, MI 48230, has been the lawful owner of and has had good title to the Roberts Patents since St. Clair's 1995 purchase of those patents from Personal Computer Cameras, Inc. ("PCC").

"Roberts Patents" as used herein shall mean (a) United States Letters Patent Numbers 5,138,459; 5,576,757; 6,094,219; 6,233,010; 6,323,899; and 6,496,222; (b) all current and future United States divisions, reissues, extensions, continuations, continuations-in-part, renewals and re-examinations of any of the foregoing United States Letters Patents; and (c) all current and future patent applications filed and patents issued in any and all jurisdictions outside of the United States worldwide claiming the benefit of or priority from any of the patents and patent applications in subsections (a) or (b) of this paragraph.


Eastman Kodak Company

By: _James P. Quattro_

Its: _Vice President_


State of _New York_ )
County of _Monroe_   )

Signed before me this _May 12_ , 2008.

_Jane N. Doerrer_

Notary Public

JANE N. DOERRER
Notary Public, State of New York
Qualified in Monroe County
Commission Expires Dec. 14, 20 _10_


EXE1

**EXHIBIT F**

**ASSIGNMENT**

This Assignment is being executed by Mirage Systems, Inc., a California corporation, having its principal office at 921 Thompson Place, Sunnyvale, CA 94085 (hereinafter "Mirage").

WHEREAS Mirage has alleged that it had rights to United States Letters Patent Numbers 5,138,459; 5,576,757; 6,094,219; 6,233,010; 6,323,899; and 6,496,222; (b) all current and future United States divisions, reissues, extensions, continuations, continuations-in-part, renewals and re-examinations of any of the foregoing United States Letters Patents; and (c) all current and future patent applications filed and patents issued in any and all jurisdictions outside of the United States worldwide claiming the benefit of or priority from any of the patents and patent applications in subsections (a) or (b) of this paragraph (hereinafter the "Roberts Patents");

WHEREAS on May 20, 2005, Mirage and Eastman Kodak Company, a New Jersey corporation, having its principal office at 343 State Street, Rochester, NY 14650 (hereinafter "Kodak"), entered into an asset purchase agreement, wherein Mirage purported to assign to Kodak any of Mirage's right, title, and interest in and to the Roberts Patents, if any, including the right to sue for past infringement, and Mirage did subsequently assign to Kodak any such right, title, and interest of Mirage in the Roberts Patents, if any, including the right to sue for past infringement;

WHEREAS St. Clair Intellectual Property Consultants, Inc., a Michigan Corporation having its principal office at 16845 Kercheval Avenue, Suite Two, Grosse Pointe, MI 48230 (hereinafter "SCI") contested Mirage's and Kodak's allegations that either Mirage or Kodak had any rights to the Roberts Patents; and

WHEREAS Kodak has stipulated and now confirms that SCI has been the lawful owner of and has had good title to the Roberts Patents since St. Clair's 1995 purchase of those patents from Personal Computer Cameras, Inc.;

NOW, THEREFORE, in consideration of the good and valuable consideration set forth in the Settlement Agreement dated [ *12 May 2005* ] among SCI, Kodak, and Mirage, the receipt and adequacy of which is hereby acknowledged, to the extent that Mirage has or may have had any right, title, and interest in the Roberts Patents, Mirage hereby sells, assigns, transfers and conveys to SCI any and all such right, title, and interest, including the right to sue for past infringement.

IN WITNESS WHEREOF, this Assignment has been executed by the duly authorized representative of Mirage on the date stated below.

EXF1

US1DOCS 6670430v1

Mirage Systems, Inc.

By: _____

Its: _____

State of _____ )
County of _____ )

Signed before me this _____, 2008.

_____
Notary Public

EXF2

US1DOCS 6670430v1

Sent By: MIRAGE SYSTEMS INC;                408 524 7903;          May-12-08 11:41AM;          Page 4/4

# ACKNOWLEDGMENT

State of California
County of *SANTA CLARA*                )

On *MAY 12, 2008* before me, *NEIL LIEB NOTARY PUBLIC*
(insert name and title of the officer)

personally appeared *GEORGE MOUSSALLY*
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____          (Seal)

NEIL LIEB
COMM. #1761141
Notary Public-California
SANTA CLARA COUNTY
My Comm. Exp. July 13, 2011

## EXHIBIT G

## ASSIGNMENT

This Assignment is being executed by Eastman Kodak Company, a New Jersey corporation, having its principal office at 343 State Street, Rochester, NY 14650 (hereinafter "Kodak").

WHEREAS Mirage Systems, Inc., a California corporation, having its principal office at 921 Thompson Place, Sunnyvale, CA 94085 (hereinafter "Mirage") has alleged that it had rights to United States Letters Patent Numbers 5,138,459; 5,576,757; 6,094,219; 6,233,010; 6,323,899; and 6,496,222; (b) all current and future United States divisions, reissues, extensions, continuations, continuations-in-part, renewals and re-examinations of any of the foregoing United States Letters Patents; and (c) all current and future patent applications filed and patents issued in any and all jurisdictions outside of the United States worldwide claiming the benefit of or priority from any of the patents and patent applications in subsections (a) or (b) of this paragraph (hereinafter the "Roberts Patents");

WHEREAS on May 20, 2005, Mirage and Kodak entered into an asset purchase agreement, wherein Mirage purported to assign to Kodak any of Mirage's right, title, and interest in and to the Roberts Patents, if any, including the right to sue for past infringement, and Mirage did subsequently assign to Kodak any such right, title, and interest of Mirage in the Roberts Patents, if any, including the right to sue for past infringement;

WHEREAS St. Clair Intellectual Property Consultants, Inc., a Michigan Corporation having its principal office at 16845 Kercheval Avenue, Suite Two, Grosse Pointe, MI 48230 (hereinafter "SCI") contested Mirage's and Kodak's allegations that either Mirage or Kodak had any rights to the Roberts Patents; and

WHEREAS Kodak has stipulated and now confirms that SCI has been the lawful owner of and has had good title to the Roberts Patents since St. Clair's 1995 purchase of those patents from Personal Computer Cameras, Inc.;

NOW, THEREFORE, in consideration of the good and valuable consideration set forth in the Settlement Agreement dated [ 5/12/08 ] among SCI, Kodak, and Mirage, the receipt and adequacy of which is hereby acknowledged, to the extent that Kodak has or may have had any right, title, and interest in the Roberts Patents, including the right to sue for past infringement, and further including any and all right title or interest in the Roberts Patents that Kodak received from Mirage, Kodak hereby sells, assigns, transfers and conveys to SCI any and all such right, title, and interest.

IN WITNESS WHEREOF, this Assignment has been executed by the duly authorized representative of Kodak on the date stated below

US1DOCS 6670431v1

Eastman Kodak Company

By: _Jawal Quadr_    TNL

Its: _Vice President_

State of _New York_ )
County of _Monroe_ )

Signed before me this _May 12_, 2008.    _Jane N. Doerrer_
                                           Notary Public
                                           JANE N. DOERRER
                                    Notary Public, State of New York
                                      Qualified in Monroe County
                                 Commission Expires Dec. 14, 20 _10_

EXG2

PUBLIC VERSION

- EXHIBIT H -

# REDACTED

EXHIBIT I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1436 JJF |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## STIPULATION AND ORDER

Pursuant to Fed. R. Civ. P. 41(a), Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") and Defendant Eastman Kodak Company ("Kodak"), having entered into a settlement agreement and each having executed it and the exhibits thereto, hereby stipulate to:

(1) Dismissal with prejudice of all of St. Clair's claims against Kodak in this action; and

(2) Dismissal with prejudice of all of Kodak's counterclaims in this action.

Each party will bear its own costs and attorneys' fees.

1

Dated: _____, 2008                    Dated: _____, 2008

---

George H. Seitz, III (No. 667)             Collins J. Seitz, Jr. (#2237)
Patricia P. McGonigle, Esquire (No. 3126)  CONNOLLY BOVE LODGE & HUTZ LLP
SEITZ, VAN OGTROP & GREEN                  1007 North Orange Street
222 Delaware Avenue, Suite 1500            P.O. Box 2207
P.O. Box 68                                Wilmington, DE 19899
Wilmington, DE 19899                       (302) 658-9141
(302) 888-0600                             cseitz@cblh.com

OF COUNSEL:                                OF COUNSEL:
Ronald J. Schutz                           Michael J. Summersgill
Jake M. Holdreith                          WILMER CUTLER PICKERING
Becky R. Thorson                             HALE AND DORR LLP
Carrie M. Lambert                          60 State Street
Kimberly G. Miller                         Boston, MA  02109
ROBINS,  KAPLAN,  MILLER  &  CIRESI        (617) 526-6000
L.L.P.
2800 La Salle Plaza                        **ATTORNEYS FOR DEFENDANT**
800 LaSalle Avenue                         **EASTMAN KODAK COMPANY**
Minneapolis, MN 55402
(612) 349-8500

**ATTORNEYS FOR PLAINTIFF**
**ST. CLAIR INTELLECTUAL PROPERTY**
**CONSULTANTS, INC.**


SO ORDERED this ____ day of _____, 2008


---

United States District Judge

US1DOCS 6670439v1

EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-273 JJF |
| MIRAGE SYSTEMS, INC. *et al.*, | ) ) | |
| Defendant. | ) ) ) | |

## STIPULATION AND ORDER

Pursuant to Fed. R. Civ. P. 41(a), Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), Defendant Eastman Kodak Company ("Kodak"), and Defendant Mirage Systems, Inc. ("Mirage"), having entered into a settlement agreement and each having executed it and the exhibits thereto, hereby stipulate to:

(1) Dismissal with prejudice of all of St. Clair's claims against Kodak and Mirage in this action; and

(2) Dismissal with prejudice of all of Kodak's and Mirage's counterclaims in this action.

Each party will bear its own costs and attorneys' fees.

Dated: _____, 2008                     Dated: _____, 2008

_____            _____
George H. Seitz, III (No. 667)               Collins J. Seitz, Jr. (#2237)
Patricia P. McGonigle, Esquire (No. 3126)    CONNOLLY BOVE LODGE & HUTZ LLP
SEITZ, VAN OGTROP & GREEN                     1007 North Orange Street
222 Delaware Avenue, Suite 1500              P.O. Box 2207

1

P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Becky R. Thorson
Carrie M. Lambert
Kimberly G. Miller
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
2800 La Salle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

**ATTORNEYS FOR PLAINTIFF
ST. CLAIR INTELLECTUAL PROPERTY
CONSULTANTS, INC.**

Wilmington, DE 19899
(302) 658-9141
cseitz@cblh.com

OF COUNSEL:
Michael J. Summersgill
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

**ATTORNEYS FOR DEFENDANTS
EASTMAN KODAK COMPANY AND
MIRAGE SYSTEMS, INC.**

SO ORDERED this ____ day of _____, 2008

_____
United States District Judge

US1DOCS 6670441v1

EXHIBIT K

1  KENNETH L. NISSLY (SB# 77589)
   SUSAN van KEULEN (SB# 136060)
2  JAMES D. MOORE (SB# 218187)
   THELEN REID BROWN RAYSMAN & STEINER LLP
3  225 West Santa Clara Street, Suite 1200
   San Jose, CA 95113-1723
4  Tel. 408.292.5800
   Fax 408.287.8040
5  OF COUNSEL:
   RONALD J. SCHUTZ (*pro hac vice*)
6  JAKE M. HOLDREITH (*pro hac vice*)
   BECKY R. THORSON (*pro hac vice*)
7  CARRIE M. LAMBERT (*pro hac vice*)
   ANNIE HUANG (*pro hac vice*)
8  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
   2800 LaSalle Plaza
9  800 LaSalle Ave
   Minneapolis, MN 55402-2015
10 Tel. 612.349.8500
   Fax 612.339.4181
11 Attorneys for ST. CLAIR INTELLECTUAL
   PROPERTY CONSULTANTS, INC.
12
13          SUPERIOR COURT OF THE STATE OF CALIFORNIA
14                  COUNTY OF SANTA CLARA
15
16
17 EASTMAN KODAK COMPANY,            Case No.: 1-05-CV-039164
18          Plaintiff,
        v.
19                                   STIPULATION FOR DISMISSAL OF
   JERRY SPEASL, an individual; MARK K.   KODAK'S SECOND AMENDED
20 ROBERTS, an individual; and MATTHEW    COMPLAINT AND ST. CLAIR'S
   CHIKOSKY, an individual; ST. CLAIR     SECOND AMENDED CROSS-
21 INTELLECTUAL PROPERTY                  COMPLAINT
   CONSULTANTS, INC., a Michigan
22 corporation; and JOHN DOES 1-50, inclusive,
                                     Complaint Filed: April 12, 2005
23          Defendants.             Trial Date: January 7, 2008
   _____
24 AND RELATED CROSS-ACTIONS.
25
26
27
28

─────────────────────────────────────────────

**STIPULATION FOR DISMISSAL OF KODAK'S SECOND AMENDED COMPLAINT AND ST. CLAIR'S SECOND AMENDED CROSS-COMPLAINT**

1.    Plaintiff Eastman Kodak Company ("Kodak"), Cross-Defendant Mirage Systems, Inc. ("Mirage"), and Defendants Jerry Speasl, Marc Roberts, and Matthew Chikosky (collectively, the "Inventors") and Defendant St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), having entered into a settlement agreement and each having executed it and the exhibits thereto, hereby stipulate to:

(a)    Dismissal with prejudice of all of Kodak's claims against the Inventors and St. Clair in this action; and

(b)    Dismissal with prejudice of all of St. Clair's counterclaims against Kodak in this action.

(c)    Dismissal with prejudice of all of St. Clair's counterclaims against Mirage Systems, Inc. in this action.

2.    Each party will bear its own costs and attorney's fees.

3.    Attached to this Stipulation is the Request for Dismissal (form CIV-110) and Notice of Entry of Dismissal (form CIV-120) to be filed with the Court.

4.    This Stipulation may be executed in counterparts.

Dated: _____, 2008        **HELLER EHRMAN L.L.P.**


By:_____

AARON JACOBS

**ATTORNEYS FOR PLAINTIFF AND CROSS-DEFENDANT EASTMAN KODAK COMPANY AND CROSS DEFENDANT MIRAGE SYSTEMS, INC.**

Dated: _____, 2008        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


By:_____

- 2 -

STIPULATION FOR DISMISSAL OF KODAK'S SECOND AMENDED COMPLAINT AND
ST. CLAIR'S SECOND AMENDED CROSS-COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BECKY R. THORSON

**ATTORNEYS FOR DEFENDANT AND CROSS-PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.**

Dated: _____, 2008    **O'MELVENY & MYERS LLP**

By:_____

RANDALL W. EDWARDS

**ATTORNEYS FOR DEFENDANTS JERRY SPEASL, MARC ROBERTS, AND MATTHEW CHIKOSKSY**

- 3 -

STIPULATION FOR DISMISSAL OF KODAK'S SECOND AMENDED COMPLAINT AND
ST. CLAIR'S SECOND AMENDED CROSS-COMPLAINT

EXHIBIT L

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### WASHINGTON, D.C.

**Before the Honorable Paul J. Luckern, Jr.**
Administrative Law Judge

| | |
|---|---|
| In the Matter Of       ) | |
| ) | |
| CERTAIN DIGITAL CAMERAS AND  ) | Inv. No. 337-TA-593 |
| COMPONENT PARTS THEREOF  ) | |
| ) | |
| ) | |

## JOINT MOTION TO TERMINATE INVESTIGATION BASED ON A SETTLEMENT

Pursuant to Commission Rule of Practice and Procedure 210.21(b) (19 C.F.R. § 210.21(b)), Complainant St. Clair Intellectual Property Consultants, Inc. ("St. Clair") and Respondent Eastman Kodak Company ("Kodak") hereby jointly move to terminate this Investigation based on a Settlement.

On May 12, 2008, St. Clair and Kodak executed a Settlement Agreement and the exhibits thereto ("Agreement"), a true and correct copy of which is attached as Exhibit A.  The Agreement resolves St. Clair's claims that Kodak violated Section 337.  There are no other agreements, written or oral, express or implied, between Complainant and Respondent concerning the subject matter of this Investigation.  Termination of this Investigation is in the interest of the public and administrative economy.

Exhibits B, C, D, and H to the Settlement Agreement contain information that is confidential to St. Clair, Kodak, and third parties within the meaning of 19 C.F.R. § 201.6.  St. Clair and Kodak request that these Exhibits be treated as containing Confidential Business

USIDOCS 6670516v1

Information under the Protective Order in this Investigation.    Pursuant to 19 C.F.R. § 210.21(b)(2), the parties also submit a public version of these Exhibits.

Complainant and Respondent have consulted with the Commission Investigative Attorney regarding this Motion.   The Commission Investigative Attorney will provide the position of the Office of Unfair Import Investigations after reviewing the attached papers in more detail.

For the foregoing reasons, Complainant and Respondent respectfully request that the Administrative Law Judge issue an initial determination terminating this Investigation on the basis of a Settlement Agreement.


Respectfully submitted,

Dated: _____, 2008                    Dated: _____, 2008


_____            _____
Louis S. Mastriani                           William F. Lee
Michael G. McManus                           Michael J. Summersgill
Andrea B. Miller                             WILMER CUTLER PICKERING HALE AND DORR LLP
Adducci Mastriani & Schaumberg LLP           60 State Street
1200 Seventeenth Street, N.W., Fifth Floor   Boston, Massachusetts 02109
Washington, D.C. 20036                       (617) 526-6000
(202) 467-6300
                                             Michael D. Esch
Ronald J. Schutz (PTO No. 32491; MN Bar      Todd C. Zubler
No. 4130849)                                 WILMER CUTLER PICKERING HALE AND DORR LLP
Becky R. Thorson (MN Bar No. 254861)         1875 Pennsylvania Avenue N.W.
Carrie M. Lambert (MN Bar No. 314067)        Washington, D.C. 20006
Bruce D. Manning (MN Bar No. 0312289)        (202) 663-6420
David B. Zucco (MN Bar No. 0339799)
ROBINS, KAPLAN, MILLER & CIRESI              *ATTORNEYS FOR RESPONDENT EASTMAN*
L.L.P.                                       *KODAK COMPANY*
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402

Telephone: (612) 349-8500

*ATTORNEYS FOR ST. CLAIR*
*INTELLECTUAL PROPERTY*
*CONSULTANTS, INC.*