**PROSKAUER ROSE LLP**

One International Place
Boston, MA  02110-2600
Telephone 617.526.9600
Fax 617.526.9899

BOCA RATON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEW YORK
NEWARK
PARIS
SAO PAULO
WASHINGTON

**Steven M. Bauer**
Member of the Firm

Direct Dial 617.526.9700
sbauer@proskauer.com

May 28, 2008

**BY HAND DELIVERY AND ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE  19801

    Re: *St. Clair v. LG et al.*, C.A. No. 06-404-JJF;
      Related Cases:
      *St. Clair v. Siemens AG et al.*, C.A. No. 06-403-JJF;
      *St. Clair v. Samsung Electronics et al.*, C.A. No. 04-1436-JJF

Dear Judge Farnan:

  We write on behalf of our clients, T-Mobile USA, Inc., T-Mobile International AG & Co. KG, and Deutsche Telekom AG (defendants in Civil Action No. 06-404), and can represent that other defendants in the cases initiated by St. Clair pending as Civil Action Nos. 06-404, 06-403, and 04-1436, have reviewed this letter and authorized us to say that this letter has been submitted on their behalf as well.[1]

---

[1] Defendants in Civil Action No. 06-404 include LG Electronics Inc.*, LG Electronics USA Inc.*, LG Electronics Mobilecom USA Inc.*, Motorola Inc.*, Palm Inc.*, Sanyo Electric Co. LTD*, Sanyo North America Corporation*, Concord Camera Corp.*, Kyocera Wireless Corp., Vivitar Corp., Petters Group Worldwide LLC*, Polaroid Consumer Electronics LLC*, Polaroid Holding Company*, Polaroid Corporation*, Aiptek International Inc., Aiptek Inc., High Tech Computer Corp., HTC (BVI) Corp., HTC USA Inc., Deutsche Telekom AG*, T-Mobile International AG & Co. KG*, and T-Mobile USA Inc.*  Defendants in Civil Action No. 06-403 include Siemens AG*, Siemens Corp.*, Benq Corp.*, Benq America Corp.*, Benq Mobile GMBH & Co.*, Audiovox Communications Corp., Audiovox Electronics Corp., UTStarcom Inc., Sprint Nextel Corp., Cingular Wireless LLC*, Cingular Wireless Corp.*, New Cingular Wireless Services Inc.*, Verizon Communications Inc.*, Vodafone Group Plc*, and Cellco Partnership*.  Defendants in Civil Action No. 04-1436 include Samsung Electronics Co. Ltd.*, Samsung Electronics America Inc.*, Samsung Telecom America LLP*, Matsushita Electric Industrial Co., Ltd.*, Panasonic AVC Networks Company*, Matsushita Electrical Corporation of America*, Victor Company of Japan LTD*, JVC Americas Corp.*, JVC Company of America*, Nokia Corp.*, Nokia Mobile Phones*, Nokia Inc.*, and Hewlett-Packard Co*.  Of these 50 defendants listed here, all of those with asterisks have authorized us to submit this letter on their behalf.

**PROSKAUER ROSE LLP**

Hon. Joseph J. Farnan, Jr.
May 28, 2008
Page 2

  We write in response to St. Clair's virtually identical May 16, 2008 letters filed in these three pending cases, asking this Court to grant St. Clair's Motion to Lift the Stays in effect based on the settlement of the patent ownership dispute between St. Clair and Kodak.

  At the outset, we note that St. Clair's request that the Court act on its letter, and without further hearing on this issue, is contrary to the manner of proceeding discussed by the Court at the April 11, 2008 hearing:

> What I'm going to do is deny the motion to lift the stay with need to renew in 90 days. The date to renew is the July Motion Day. ... All you have to do is update your present papers with letter memoranda. ... I feel badly about bringing everybody back. I don't want to do it on paper either. If the motion is renewed, plan on being here so we can have further discussion.

(Transcript of April 11, 2008 hearing, p. 27 (06-404 D.I. 40; 06-403 D.I. 38; 04-1436 D.I. 139).) St. Clair should renotice its motion to lift the stay for a hearing on the Court's July Motion Day – July 11, 2008 – at which the parties can further discuss these recent developments with the Court taking into account the many moving parts of the several litigations.

  On the merits, defendants intend to oppose St. Clair's motion to lift the stay, and may file their own motion to stay these proceedings, because significant issues remain – namely, reconsideration of claim construction and St. Clair's standing to sue – which justify maintaining the stays at this time.

  Specifically, as we discussed at the April 11 hearing, the United States Patent and Trademark Office, in reexamination of the four patents-in-suit, has adopted a claim construction which everyone agrees is very different from this Court's construction of the claims of those patents. (*See* Transcript of April 11, 2008 hearing, p. 16 (06-404 D.I. 40; 06-403 D.I. 38; 04-1436 D.I. 139) ("MR. BAUER: … I read the Patent Office reexamin[ations]. The Patent Office makes it very clear they have taken a different view [on claim construction]. I don't think anybody can question what the impact is. THE COURT: That's clear.")).

  In the co-pending *St. Clair v. Fuji* action, Civil Action No. 03-241-JJF ("*Fuji* case"), Fuji has informed this Court that it intends to seek reconsideration of this Court's claim construction in light of the PTO's actions. At an April 2, 2008 hearing in the *Fuji* case, this Court noted:

> THE COURT: … Next is this question of the issues that Fuji would like to raise concerning the claim construction in this case and if it's affected by what the Patent and Trademark Office thinks.
>
> I think the best way to do that is this.

**PROSKAUER ROSE LLP**

Hon. Joseph J. Farnan, Jr.
May 28, 2008
Page 3

>Rather than filing a new motion that isn't going to clean up everything that could be left on that part of this case, I think that that ought to be raised as a part of the post-trial motions.
>
>MR. ROUTH: Post-judgement motions?
>
>THE COURT: Yes, post-judgement.
>
>\* \* \*
>
>I might, after reading what's submitted, decide that I want to hold a hearing. But I'll know after I see what's submitted. It may be that I don't want to do that, then I think we'll get to where every[one] wants to be.
>
>*This case would be ready in one setting to be moved to the Federal Circuit, no matter what the decisions are.* …

(Transcript of April 2, 2008 hearing in *Fuji* case, pp. 16-17 (03-241 D.I. 1022) (emphasis added).)

Likewise, at the April 11, 2008 hearing in the *LG*, *Siemens* and *Samsung* cases, this Court noted:

>THE COURT: … I made up my mind in Fuji because of what the Patent Office did about claim construction. I can't resolve that. *That can only be resolved in one place, the Federal Circuit.*
>
>*I have to get that case there for everybody's interest.* If I made a mistake in claim construction, it's fine. *We have to get it where it's finally decided*. …

(Transcript of April 11, 2008 hearing, p. 15 (06-404 D.I. 40; 06-403 D.I. 38; 04-1436 D.I. 139) (emphasis added).) As recognized by this Court, an appeal — by Fuji, if the Court maintains its earlier claim construction, or by St. Clair, if the Court adopts the PTO's claim construction — is certain to follow, and it is in "everybody's interest" to have the Federal Circuit resolve the claim construction issue.

So long as there are two very different claim constructions being advocated -- one which would likely be dispositive in the defendants' favor -- discovery in the three other cases will be unusually complicated, because the parties will need to simultaneously prepare to try two entirely different cases. Depositions will be confusing, because the parties will be asking questions about the technology, where two entirely different meanings can be ascribed to the

**PROSKAUER ROSE LLP**

Hon. Joseph J. Farnan, Jr.
May 28, 2008
Page 4

claim terms. And, if the PTO's claim construction is adopted by the Federal Circuit, the entire trial preparation will be mooted and unnecessary.

St. Clair's argument that lifting the stay will permit licensing negotiations to move forward puts the cart before the horse. If the stay were to be lifted, the parties would have no guidance as to the value of the patent, because neither party would have any sense as to what the patent covers. Instead, any negotiations that would result would be motivated not by an understanding of what these patents cover, but rather through coercion of royalties from defendants solely because they are facing looming and expensive litigation costs.

Most of the defendants named in these suits are large companies with extensive operations. It would be an enormous discovery burden to impose on them all. St. Clair apparently believes that the pain of defense will force some portion of them to settle, but we submit that where there clearly is a controlling legal issue -- claim construction -- and where the issues are well-defined and in a procedural posture where the issues can be presented and resolved by the Federal Circuit in a relatively short time period, it would be an unfair and unnecessary burden on the defendants to lift the stay now.

In addition, given the number of parties and the state of the proceedings, the Court would have to manage three multi-defendant patent infringement suits which might in fact need not move forward until the claim construction issues are resolved, giving the parties then a meaningful chance at amicable resolution based on the merits.

Importantly, in its February 14, 2006 Order granting defendants' motion to stay the *Samsung* case, No. 04-1436-JJF, this Court noted that: "Plaintiff [St. Clair] will not be unduly prejudiced by the granting of the stay. The stay may well save time and expense, not only for Defendants, but for Plaintiff." (Feb. 14, 2006 Mem. Order in *Samsung* case at 4 (04-1436 D.I. 109).) The same is true here (and now).

St. Clair will suffer no prejudice whatsoever from a further stay of proceedings while the claim construction issues are resolved. Because St. Clair is a patent holding company only, there is no competitive injury to St. Clair in maintaining a stay and St. Clair has no prospect of obtaining any type of injunctive relief in the pending cases. Moreover, from an economic point of view, any damages will continue to accrue (with interest) pending this Court's reconsideration of its claim construction in the *Fuji* case and the appeal that follows. And, St. Clair does not point to any other potential licensees that it has not sued who might be waiting to license but for this litigation -- indeed, it appears that it has sued everyone it might in this case.

Finally, it is not clear that the settlement agreement submitted by St. Clair resolves all issues surrounding ownership, including whether St. Clair had standing to initiate these actions years ago. Although Kodak and Mirage have stipulated to St. Clair's claims of ownership in the settlement agreement, they also simultaneously assigned their remaining rights in the patents to

**PROSKAUER ROSE LLP**

Hon. Joseph J. Farnan, Jr.
May 28, 2008
Page 5

St. Clair as of May 12, 2008. Legal title in these patents may not have passed to St. Clair until May 12, 2008, requiring at a minimum dismissal and re-filing of the litigations. Defendants expect the Court will address this issue at the upcoming June 6, 2008 hearing on Fuji's motion to compel in Civil Action No. 03-241-JJF.

    We look forward to addressing these issues with the Court on July 11, 2008, assuming St. Clair re-notices its motion for hearing on that date as the Court suggested at the April 11, 2008 hearing. We remain at the Court's disposal to provide any further information in advance of the hearing the Court may require.

Respectfully,

Steven M. Bauer

cc: Clerk of Court (by hand)
      Counsel of record by ECF