# SEITZ, VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

(302) 888-0600
FAX: (302) 888-0606

Writer's Direct Dial: (302) 888-7605
Writer's E-Mail Address: pmcgonigle@svglaw.com

June 6, 2008

**By Hand Delivery and Electronic Filing**
The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street, Lockbox 27
Wilmington, DE 19801

    Re:    *St. Clair v. Samsung Electronics et al.*, C.A. No. 04-1436-JJF
             *St. Clair v. Siemens AG et al.*, C.A. No. 06-403-JJF

Dear Judge Farnan:

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") respectfully submits this letter to update its present papers in support of its Motion to Lift the Stay in Litigation and to respond to the new arguments raised in Defendants'[1] letter filed with the Court on May 28, 2008. St. Clair is contemporaneously re-noticing its Motion to Lift the Stay in Litigation to be heard on July 11, 2008.

I.    **The Stay Should Be Immediately Lifted: the California Action Is Resolved and Thus the Condition Supporting this Stay Has Been Satisfied.**

The sole condition for the stay is satisfied. Defendants concede that the ownership dispute between St. Clair and Eastman Kodak Company ("Kodak") pending in California state court has been resolved. Kodak has confirmed that St. Clair has been the lawful owner of, and has had good title to, the patents-in-suit[2] since St. Clair's 1995 purchase of the patents from Personal Computer Cameras, Inc.

With Kodak's admission—signed by Kodak's own Chief Intellectual Property Officer—the resolution of St. Clair's standing and ownership is final.

---

[1] "Defendants" as used herein shall mean the Defendants that joined in the letter filed with the Court on May 28, 2008.
[2] The "patents-in-suit" are: U.S. Patent Nos. 5,138,459; 6,094,219; 6,323,010; and 6,323,899.

65383 v1

The Honorable Joseph J. Farnan, Jr.
June 6, 2008
Page 2

Now, instead of properly withdrawing their opposition so the stay can be lifted, Defendants seek to further delay this action with arguments that demonstrate a scorched-earth approach to an issue that should not be controversial—the stay should be lifted immediately.[3]

**II.   A Continued Stay of this Action Pending Fuji's Possible Claim-Construction Arguments in Post-Judgment Briefing, Followed Up by a Possible Appeal to the Federal Circuit, Cannot be Justified.**

A court should exercise its discretion to deny a stay where a stay will not simplify the issues so as to promote the efficient and expeditious resolution of a matter, or where a stay will unduly prejudice one party while giving another an unfair tactical advantage. *See, e.g.*, *St. Clair v. Sony Corp.*, C.A. No. 01-557-JJF (D. Del. 2003), Mem. Order at 2 (D.I. 261). Such is the case here.

By arguing that the current stay should continue pending the outcome of post-judgment rulings and a possible appeal of this Court's claim construction in the *Fuji* case, Defendants are grasping at meritless defense straws to avoid a reckoning with their willful infringement of St. Clair's patents. A continued stay for this reason (or the other random reasons cited in Defendants' letter) should be denied.

**A.   A continued stay will not promote the efficient proceeding and resolution of this case.**

Delaying this case to await potential arguments, potential rulings, and a potential appeal on failed claim-construction arguments already considered and rejected by this Court will neither simplify nor expedite the ultimate resolution of this case.

First, without going into the full merits (which St. Clair reserves the right to do), even if this Court's claim construction is appealed, the Federal Circuit will likely affirm. Claim construction is the exclusive domain of the court. *Markman v. Westview Instruments*, 517 U.S. 370 (1996). Comments made by a Patent and Trademark Office ("PTO") examiner during reexamination proceedings (initiated by Sony) have no bearing on this Court's claim construction rulings. Further, the examiner comments relied upon by Fuji and the other Defendants were made in clear violation of the Manual of Patent Examining Procedure and well-settled law. (*See, e.g.*, Ex. 1.)

This Court properly construed the claims of the patents-in-suit in the *St. Clair v. Sony* case pursuant to the Supreme Court's mandate in *Markman*. Sony's own expert gave this Court's claim-construction ruling an "A-" in response to this direct questioning from this Court:

---

[3] St. Clair notes that Defendants have not properly moved this Court for the relief they seek.

The Honorable Joseph J. Farnan, Jr.
June 6, 2008
Page 3

> Judge Farnan:    So if you think I got it right, tell us that and why. If you think I got it wrong, tell us that and why.
>
> ...
>
> Professor Dobkin:    I'm comfortable with it, with any of these constructions. I didn't feel that your construction got in my way of thinking about. There was no point in doing my work on the case where I said if only the judge had done this rather than that, things would have been easier at this point. If you were a Princeton sophomore and wrote this definition description, I would probably give you an A minus.

(Ex. 2 at 879–81.) This Court reaffirmed its initial claim construction in a 66-page Memorandum Order in the *St. Clair v. Canon* case.

Second, in the unlikely event of new or different claim-construction rulings on terms of the patents-in-suit, Defendants are absolutely wrong that there would be no infringement arguments. Again, St. Clair believes that (if appealed) the Federal Circuit will affirm this Court's extensive, well-reasoned claim construction. Nevertheless, whatever might happen at the Federal Circuit will not be dispositive of infringement.

### B.    St. Clair will be unduly prejudiced.

The overall prejudice to St. Clair that would result from a continued stay is significant. St. Clair is a business with employees and overhead and, like any other business, must generate revenue to continue and grow its operations. St. Clair's business includes the licensing of technology. Due to Kodak's meritless ownership challenge, St. Clair's licensing business has been hindered for several years now. Continued delay of this action will bring the patents-in-suit close to—or past—their 2010 expiration date. This will unduly prejudice St. Clair's ability to enforce and license its intellectual property.

Moreover, St. Clair is prejudiced because of the collateral effect on its licensees against competitors who infringe in the marketplace. Eleven digital camera companies have taken a license under the patents-in-suit. A continued stay will result in significant competitive injury to these companies.

St. Clair will also be prejudiced by the inability to develop all of the evidence *available now* to support its claims that Defendants have willfully infringed St. Clair's patents. The first of the patents-in-suit issued in 1992. Many important facts relevant to the claims in this lawsuit extend back to this time period. St. Clair should be allowed the opportunity to identify and preserve evidence of, for example, knowledge of the patents, copying of the patented technology, and valuation of the patents. Witnesses and documents may be impossible or more difficult to

The Honorable Joseph J. Farnan, Jr.
June 6, 2008
Page 4

locate. Documents may be lost or destroyed. Memories could fade. The evidentiary prejudice to St. Clair warrants lifting the stay immediately.[4]

### C. Defendants will gain an unfair tactical advantage.

Defendants' arguments for a continued stay are also made for the tactical advantages that they hope to achieve by further delaying these cases. Clearly, by "waiting in the wings," Defendants seek multiple bites at the apple on defenses that have repeatedly failed in extensive motion practice and in the three jury trials against Sony, Canon, and Fuji.

As explained above, the patents-in-suit are set to expire in 2010. A continued stay would give Defendants another extraordinary tactical advantage because trial following any appeal process (in a potential appeal that has not even materialized) would take place *after* the expiration of the patents-in-suit.

## III. Defendants' Other Arguments and Defenses Do Nothing to Support a Continued Stay.

The other arguments and defenses offered in Defendants' May 28, 2008 letter are completely irrelevant and, in fact, support lifting the stay now.

### A. Pretrial discovery can and should proceed.

Defendants' argument that a further stay is justified because "two claim constructions" are being advocated should be rejected. First, if the Defendants wish to pursue a different claim construction they even have access to the alternative arguments rejected by this Court. Second, the notion that this case is "unusually complicated" and that these "large companies with extensive operations" are unable to do discovery and pursue available arguments on claim construction at the same time is nonsensical, given the nature of typical patent litigation and the sophisticated defendant companies and law firms involved.

As to Defendants' comment about this Court managing three cases, St. Clair believes the pretrial matters can be handled efficiently if the parties meet and confer as required by Federal Rule of Civil Procedure 26 and present an appropriate proposed scheduling order. For example, the three infringement cases could easily be consolidated for discovery purposes. St. Clair and the multiple defendants in the Fuji/Canon cases, for example, prepared a workable schedule. The Defendants have already coordinated defense activities and have demonstrated that they

---

[4] The prejudice to St. Clair due to a continued stay is further illustrated by Defendants' reference to this Court's Order staying the *Samsung* case pending the resolution of the California action. Even though ownership is now resolved, Defendants argue in their letter that they still want to litigate ownership. After already suffering from the delay in the enforcement of its intellectual property rights, St. Clair is now incurring additional litigation expense on this dead issue.

The Honorable Joseph J. Farnan, Jr.
June 6, 2008
Page 5

have adequate resources in the number of attorneys and law firms that have made appearances in this case.

### B. Licensing discussions can move forward.

Contrary to the message in their letter, Defendants know well the value of the patents-in-suit. There have been jury verdicts against Sony, Canon, and Fuji. The patents-in-suit came out of reexamination with all of their claims intact. Eleven of the world's largest digital camera manufacturers have taken a license under the patents-in-suit. Accordingly, Defendants cannot seriously contend that they have no guidance as to the value of the patents-in-suit. Indeed, since the patent examiner's claim-construction comments in reexamination over three years ago, many of the Defendants joining in the May 28, 2008 letter have been in contact with St. Clair about scheduling licensing discussions.

### C. It is frivolous for Defendants to argue that St. Clair must do more to prove its standing before this case proceeds.

It is utterly frivolous for Defendants to argue that St. Clair must do more to establish standing before the current stay is lifted. As this Court held in denying Canon and Fuji's motion to dismiss for lack of subject matter jurisdiction, St. Clair established that it is the titleholder of record in the PTO. *St. Clair v. Canon*, Inc., C.A. No. 03-241-JJF (D. Del. 2004), Mem. Order at 3–4 (D.I. 812). Accordingly, St. Clair's pleading in this case sufficiently establishes standing to sue the Defendants.

If Defendants wish to challenge St. Clair's ownership or standing, St. Clair will take the position that this defense is barred as a matter of law; however, to the extent that Defendants seek to pursue this defense, they can only raise it if the stay is lifted.

Respectfully,

PATRICIA P. MCGONIGLE (DE3126)

cc:   Clerk of Court (by hand and ECF)
      Counsel of Record (by ECF)