# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

June 23, 2008

The Honorable Joseph J. Farnan, Jr.       VIA ELECTRONIC FILING
United States District Court
844 King Street, Lockbox 27
Wilmington, DE  19801

>       Re:   *St. Clair v. Samsung Electronics et al.*, C.A. No. 04-1436-JJF
>             *St. Clair v. Siemens AG et al.*, C.A. No. 06-403-JFF
>             <u>*St. Clair v. LG et al.*, C.A. No. 06-404-JJF</u>

Dear Judge Farnan,

      We write on behalf of the undersigned defendants in Civil Action Nos. 04-1436, 06-403 and 06-404,[1] and in reply to St. Clair's June 6, 2008 letter submission, which renewed its request to lift the stays in the pending cases.

      As discussed in defendants' May 28, 2008 letter submission, the elephant in the room in the pending *St. Clair* cases is the issue of claim construction. Although this Court applied its claim construction in the prior *Sony*, *Canon* and *Fuji* cases, the U.S. Patent and Trademark Office (PTO) has since expressly declined to follow this Court's claim construction during the reexamination of the patents-in-suit. At the April 11, 2008 hearing, this Court noted that, in light of the PTO's different view on how the claims should be construed, it was in "everybody's interest" to get the *Fuji* case in a position where the claim construction issue could be resolved by the Federal Circuit.[2]

      Because the *Fuji* case is moving forward, this Court and the parties in *Samsung*, *Siemens* and *LG* have an opportunity to obtain, relatively soon, the Federal Circuit's guidance on claim construction. Such guidance could resolve the pending cases against the *fifty* named defendants altogether or, at a minimum, avoid the enormous (and potentially unnecessary) expenditure of time and resources associated with litigating these cases now with the uncertainty created by the competing claim constructions.

      In its June 6 response, St. Clair argues that the stays in the pending cases should be lifted now. However, as discussed below, St. Clair fails to rebut defendants' arguments that:

---

[1] The names of the 39 defendants who have authorized us to say that this letter has been submitted on their behalf appear with asterisks in footnote 1 of defendants' May 28, 2008 letter.

[2] *See* May 28, 2008 Defendants' ltr. at 2, 3 (citing Apr. 11, 2008 hearing transcript).

{00225244;v1}

(a) continuing the stay will simplify the issues and promote this Court's interest in efficiently and expeditiously resolving the pending cases; (b) St. Clair is subject to no prejudice whatsoever if the stay is continued; and (c) defendants are subject to substantial and undue prejudice if the stay is lifted.

### ST. CLAIR'S MOTION TO LIFT THE STAYS IN THE *SAMSUNG*, *SIEMENS* AND *LG* CASES SHOULD BE DENIED AND THE STAYS SHOULD BE CONTINUED UNTIL THE CLAIM CONSTRUCTION ISSUE IS RESOLVED.

As a threshold matter, St. Clair asserts that the resolution of the California patent ownership dispute was the "sole condition for the stay," and that defendants are now changing the basis for their stay request by arguing that the PTO's disagreement with this Court regarding claim construction is a reason to continue the stay in the cases. *See* 6/6/08 St. Clair ltr. at 1-2. However, this is not accurate.

In briefing the original stay in the *Samsung* case, defendants relied upon the PTO's claim construction in the reexamination proceedings, which the Examiner himself characterized as "a very different interpretation than that adopted by the court." 7/13/05 Defs' Supp. Br. in *Samsung*, 04-1436 at 3 (D.I. 52); *see id.* at 4 ("Given this construction, defendants believe that St. Clair could not maintain a charge of infringement if any claims are later allowed."); 6 ("[T]he Examiners' claim construction and rejection of the '010 and '899 patents will be relevant to . . . at least some of the claims of the two other patents-in-suit. Whatever claims remain either will not be infringed or will significantly narrow the issues to be litigated."); *see also* 2/14/06 Mem. Order in *Samsung* at 3 (D.I. 109) (in order granting stay, this Court noted that: "On June 20, 2005, the [PTO] issued office actions relating to a reexamination of two of the patents-in-suit. Following the USPTO's actions, all Defendants again supported a stay in this case. (D.I. 52).").

Thus, while the original stay was not explicitly decided based on the claim construction issue, the *Samsung* defendants did raise that issue in July 2005 (based on the information then available to them), and there is no basis for St. Clair to argue that the claim construction issue is a new one or that defendants' discussion of that issue again reflects a "scorched-earth approach" to litigation. 6/6/08 St. Clair ltr. at 2.[3]

---

[3] In a footnote, St. Clair asserts that defendants have not filed a motion to continue the stays in the pending cases. 6/6/08 St. Clair ltr. at 2 n.3. However, at the April 11, 2008 hearing, defendants discussed the fact that the claim construction issue was a reason to continue the stays and, at the close of that hearing, this Court instructed the parties to file supplemental letters (rather than motions) in advance of the July 11 hearing date. Defendants addressed the issue in their May 28 letter, St. Clair responded to those points in its June 6 letter, and now this letter responds to St. Clair's June 6 letter (and its June 6 notice renewing its motion to lift the stays). Thus, St. Clair's procedural objection should be rejected.

{00225244;v1}

### A. Continuance Of The Stay Will Simplify The Cases And Promote Their Efficient Resolution Because The Federal Circuit's Guidance On Claim Construction Will Be Had In Relatively Short Order, Given The Advanced Stage Of The *Fuji* Case.

St. Clair attempts to downplay the significance of the claim construction issue, arguing in conclusory fashion that the Federal Circuit will "likely affirm" this Court's claim construction, and that the PTO's construction violated MPEP rules.[4] 6/6/08 St. Clair ltr. at 2. However, in reexamining these patents, *three separate examiners*—a Primary Examiner and two Supervisory Patent Examiners—approved the PTO's claim construction of each of the patents, which they believed was the broadest construction that was still consistent with the specification. Thus, contrary to St. Clair's view, the PTO's claim construction highlights the existence of reasonably differing views regarding the claim construction of these patents, and the critical importance of having the Federal Circuit resolve this issue.

Next, St. Clair argues that, even if the Federal Circuit adopted a different claim construction, "Defendants are absolutely wrong that there would be no infringement arguments." 6/6/08 St. Clair ltr. at 3. However, this conclusory argument has no value whatsoever, given that St. Clair *does not know* how the Federal Circuit will end up construing the claims. *See AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328 (Fed. Cir. 2007) (claim construction reviewed *de novo*). Obviously, it would only be after having reviewed the Federal Circuit's claim construction that St. Clair could determine whether it had a basis to continue to assert infringement against the fifty defendants in the pending cases.[5]

---

[4] St. Clair cites to the trial testimony of Sony's expert, Professor Dobkin, to support its argument that this Court's claim construction is correct. 6/6/08 St. Clair ltr. at 2-3 & Ex. 2. However, that testimony was given over five years ago, without the benefit of having seen the PTO's contrary claim construction, and in the context of Sony's claim construction position, which was substantially different from both this Court's and the PTO's constructions.

[5] If the Federal Circuit adopts the PTO's construction (or the similar construction proposed by Fuji), St. Clair already has conceded that it would be dispositive of non-infringement (at least as to Fuji's accused products). Specifically, at the April 2004 *Fuji Markman* hearing, Fuji's counsel remarked on St. Clair's position regarding infringement if Fuji's or Canon's claim construction were adopted:

> "St. Clair has conceded in its answering brief, and I'll read from their answering brief at Page 1, 'Under the proposed construction of Canon and Fuji, it is unsurprising that Canon and Fuji would not infringe.' And that's related to our discussion of the -- what we're referring to as the file format terms."

In response, St. Clair's counsel stated:

> "First of all, Mr. Routh, I believe in opening, said that if they win, if they win on the issue of different computer types, that issue, that they win, that we've conceded that. *That's true...*"

4/12/04 *Fuji Markman* Hearing Tr. at 59, 176 (D.I. 525) (emphasis added).

The Honorable Joseph J. Farnan, Jr.
June 23, 2008
Page 4

Thus, it is in "everybody's interest" to have the Federal Circuit resolve the claim construction issue. Given the posture of the *Fuji* case, that resolution can occur in a relatively short amount of time, and will simplify the case dramatically and avoid the enormous time and expense associated with litigating numerous patent cases involving hundreds of different accused products, where none of the parties have certainty over what the patents cover.

### B. St. Clair Will Suffer No Undue Prejudice From The Continuance Of The Stay.

In the May 28, 2008 letter, defendants noted that:

> Because St. Clair is a patent holding company only, there is no competitive injury to St. Clair in maintaining a stay and St. Clair has no prospect of obtaining any type of injunctive relief in the pending cases. Moreover, from an economic point of view, any damages will continue to accrue (with interest) pending this Court's reconsideration of its claim construction in the Fuji case and the appeal that follows. And, St. Clair does not point to any other potential licensees that it has not sued who might be waiting to license but for this litigation -- indeed, it appears that it has sued everyone it might in this case.

5/28/08 Defendants' ltr. at 4.

In its June 6 response, St. Clair does not dispute *any* of these points. Instead, St. Clair advances four other arguments relating to its alleged prejudice, none of which withstand scrutiny. First, St. Clair argues that it is subject to "significant" prejudice because it is "a business with employees and overhead" and needs to grow its "operations." 6/6/08 St. Clair ltr. at 3. However, as a patent holding company, St. Clair has no "operations" other than the licensing of patents and the collecting of royalties associated with that licensing. Because any damages are accruing (with interest) during the period of the stay, there is no prejudice to St. Clair's licensing business.

Second, St. Clair contends that it is unfair to its licensees to have to compete "against competitors who infringe in the marketplace." *Id*. To the contrary, because St. Clair has no prospect of obtaining injunctive relief, the pending cases are royalty-only cases. Thus, if St. Clair were to prevail on its infringement claims (after the Federal Circuit's review of claim construction in *Fuji*), then St. Clair would be entitled to any accrued damages (plus interest), and the defendants and St. Clair's licensees would be on equal footing.

Third, St. Clair argues that, unless the stay is lifted, it may not be able to preserve and develop evidence dating back to 1992, when the first patent issued. *Id*. However, this argument is without basis. St. Clair contends that it was assigned the patents in 1995. Yet, St. Clair did not file the *Samsung* case until late 2004, and did not file the *LG* and *Siemens* cases until 2006. Therefore, if, as St. Clair surmises, memories have faded or documents may have been lost, then that is the result of St. Clair's delay of almost a decade in bringing the pending cases. Moreover, considerable evidence dating back to 1992 already has been preserved through the discovery in

The Honorable Joseph J. Farnan, Jr.
June 23, 2008
Page 5


*Sony*, *Canon* and *Fuji* cases, as well as the California patent ownership action involving Kodak and Mirage.

Finally, St. Clair contends that, unless the stay is lifted, defendants will have an "extraordinary tactical advantage" because any trial would occur after the 2010 expiration of the patents-in-suit. 6/6/08 St. Clair ltr. at 4. Given that the pending cases are royalty-only cases, and the fact that any damages are accruing, there is no tactical advantage to defendants (and St. Clair points to none). Moreover, as discussed above, St. Clair's lengthy delay in asserting the patents in the pending cases is the reason why those patents are close to expiration.

### C.   Defendants Are Subject To Undue Prejudice If The Stay Is Not Continued.

St. Clair argues that requiring defendants to engage in pretrial discovery is not significant because defendants are free to pursue whatever claim construction they want and, as large companies, defendants are used to engaging in discovery in patent cases. 6/6/08 St. Clair ltr. at 4. However, St. Clair greatly understates the burden of moving *fifty* defendants into discovery, with the considerable uncertainty regarding the proper claim scope (and what products and prior art may apply), an uncertainty that can be resolved in relatively short order by the Federal Circuit. For St. Clair, things are easy. It can serve the same identical set of discovery on all fifty defendants in the pending cases, and require *each* of those defendants to spend hundreds of thousands (or even millions) of dollars responding to that discovery. Defendants also will spend enormous time and expense taking discovery and preparing expert witnesses and reports in light of at least two separate claim constructions. Moreover, because the patent ownership dispute between St. Clair and Kodak was resolved through settlement rather than on the merits, there will be discovery on that issue as well.[6] Pragmatism requires that the stays remain in place.

As explained in defendants' May 28 letter—and nowhere rebutted by St. Clair—St. Clair wants the stay lifted so it can try and coerce defendants to pay licensing royalties solely because they are facing looming and expensive litigation costs, before the Federal Circuit resolves the claim construction issue. 5/28/08 Defendants' ltr. at 4. Because *Fuji* is close to being completed at the trial court level, the parties and this Court will have the Federal Circuit's guidance on claim construction in a reasonable amount of time. Balanced against St. Clair's inability to

---

[6] St. Clair argues that its settlement with Kodak in the California ownership action has resolved the issue of its standing in the pending Delaware actions. 6/6/08 St. Clair ltr. at 5. Although not relevant to the instant motion, St. Clair's assertion is contrary to settled caselaw. A plaintiff's standing to sue is determined upon the facts existing at the time the suit was filed. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1307-08 (Fed. Cir. 2003). In the context of a patent infringement dispute, the plaintiff must have possessed the rights to assert the patents at the time it filed the lawsuit. *Id.*; *see also Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) ("As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily allowed to sue."). Although Kodak stipulated that St. Clair was the owner of the patents as of 2005, the evidentiary value of that stipulation is diminished by the fact that Kodak also executed a present assignment of the patents to St. Clair in conjunction with the settlement. Moreover, setting aside Kodak's actions taken in the context of a settlement, defendants are entitled to discover whether St. Clair had standing at the time it brought the pending actions.

The Honorable Joseph J. Farnan, Jr.
June 23, 2008
Page 6

identify any undue prejudice resulting from maintaining the status quo, this Court should continue the stay of the pending cases while the *Fuji* case is resolved.

                                         Respectfully,

                                         /s/ *John G. Day*

                                         John G. Day

JGD: nml

cc:    counsel of record (via electronic filing)

{00225244;v1}