# SEITZ, VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

(302) 888-0600
FAX: (302) 888-0606

Writer's Direct Dial: (302) 888-7605
Writer's E-Mail Address: pmcgonigle@svglaw.com

July 3, 2008

**VIA HAND DELIVERY AND E-FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re:   *St. Clair v. Samsung, et al.* (Civil Action No. 04-1436-JJF)
      *St. Clair v. Siemens, et al.* (Civil Action No. 06-403-JJF)

Dear Judge Farnan:

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") respectfully submits this letter in response to Defendants'[1] joint June 23, 2008 letter and to Defendant UTStarcom, Inc.'s separate letter dated June 25, 2008 (but filed on June 26, 2008) and in further support of its Renewed Motion to Lift the Stays in Litigation. As Your Honor is aware, a hearing will be held on July 11, 2008 at 10:00 a.m. on St. Clair's application to lift the stay in this action.

## OWNERSHIP IS RESOLVED

Nothing raised in Defendants' June 23, 2008 letter to the Court, or their May 28, 2008 letter for that matter, changes the simple fact that the only condition for the stay has been met—ownership is resolved. The Court should, therefore, lift the stays.

In raising the new argument of claim construction as an alleged roadblock to a straightforward motion to lift the stays, the Defendants' proclaimed "elephant in the room" is a creature of Defendants' own making in an attempt to unjustifiably delay St. Clair's right to enforce its patents.[2] Defendants' repeated arguments regarding Fuji's potential appeal of this Court's claim construction does not support a continued stay. The PTO examiner's comments during reexamination proceedings do not trump this Court's well-reasoned claim construction

---

[1] "Defendants" as used herein shall mean the Defendants who joined in the letter filed with the Court on June 23, 2008, and where applicable, "Defendants" shall also include Defendant UTStarcom, Inc.

[2] The "patents-in-suit" are U.S. Patent Nos. 4,138,459; 6,094,219; 6,233,010; and 6,323,899.

The Honorable Joseph J. Farnan, Jr.
July 3, 2008
Page 2

rulings. Defendants have cited to no legal authority to support such a position. It is undisputedly the province of courts to construe claim terms.

This Court explicitly stayed the *Samsung* case pending the resolution of the patent ownership dispute in California (and the parties in *Siemens* accordingly stipulated to a stay). Defendants' claim that the stay was somehow related to the reexamination proceedings of the patents-in-suit is wrong. There is not a single mention of the PTO examiner's comments during reexamination in the Court's Order staying the *Samsung* case. D.I. 109. Thus, with ownership resolved, there is no basis to continue the stays.

## PREJUDICE TO ST. CLAIR

Defendants are wrong in claiming that there is no prejudice to St. Clair because damages are currently accruing against the Defendants or that prejudice depends on whether St. Clair can obtain injunctive relief. The prejudice that St. Clair would suffer with a continued stay is severe.

- St. Clair's business operations would suffer further injury because a continued stay would impede licensing discussions and cut off resulting revenue for St. Clair, hindering St. Clair's efforts to fund and grow its business operations.

- St. Clair would be forced to litigate expired or at least nearly expired patents. The psychological impact of trying expired patents would prejudice the jury against St. Clair and would give Defendants an unfair tactical advantage, especially given how long these cases have already been stayed.

- The *Samsung* action has already been pending for nearly four years while *Siemens* has been pending for over two years. St. Clair has not been able to obtain any discovery of the Defendants' infringing activities during this time. A further stay would prevent the discovery of crucial evidence and inevitably lead to evidentiary prejudice based on the passage of time.

- Defendants only focus on discovery that St. Clair already collected, but completely ignore the evidentiary prejudice to St. Clair related to the Defendants' preservation of evidence including, but not limited to, Defendants' respective knowledge of the patents, copying of the patented technology, and valuation of the patents that a continued stay would have on St. Clair.[3]

---

[3] Defendants wrongly claim that has been no evidentiary prejudice to St. Clair because St. Clair could have brought suit a decade earlier. St. Clair did not delay bringing suit as the majority of the Defendants did not sell infringing digital cameras until years after the first of the patents-in-suit issued in 1992. In any event, when St. Clair decided to sue the Defendants is irrelevant to the issue of lifting stays that were based solely on the resolution of the ownership dispute between St. Clair and Kodak.

The Honorable Joseph J. Farnan, Jr.
July 3, 2008
Page 3

- Defendants misconstrue St. Clair's business and the nature of St. Clair's licenses. St. Clair's licensees have all relied on the Court's previous claim construction rulings in obtaining a license from St. Clair. St. Clair's licensees are also substantially harmed because the stay provides Defendants with an unfair competitive advantage over St. Clair's licensees by allowing Defendants to continue to sell infringing digital cameras without incurring the cost of a license.

Defendants' reliance on Fuji's potential appeal of this Court's claim construction ruling is an attempt to avoid facing the consequences for the Defendants' willful infringement of the patents-in-suit. The manifest prejudice to St. Clair warrants lifting the stay of these cases.

## LITIGATION CAN PROCEED EFFICIENTLY

The other arguments raised by the Defendants also do not justify a continued stay and will not promote judicial efficiency. First, even if Fuji appeals the issue of the Court's claim construction to the Federal Circuit, it is unlikely that the Federal Circuit will arrive at a new or different claim construction. Defendants concede that they do not know how the Federal Circuit will rule on claim construction, if at all. Further, if there are substantive claim construction arguments that the Defendants want to make, they can only do so in an active case. Regardless of what Fuji may or may not do in another action with the Court's twice-construed claim construction, relying on the possible actions of another party in another litigation is not a basis for a stay, especially given the prejudice to St. Clair.

Second, Defendants also claim that they still have ownership arguments despite Kodak's confirmation that St. Clair has owned the patents-in-suit since 1995. Although St. Clair believes any ownership argument by the Defendants would be meritless and likely procedurally improper, this issue can only be addressed in an active case.

Third, Defendants are experienced in patent litigation and are represented by highly capable counsel. Patent infringement cases can and often do involve competing claim constructions.[4] This occurred in the *Sony* litigation. Despite what the Defendants may claim, there is no greater uncertainty regarding claim scope than in any other patent case. Indeed, the claim scope is actually more certain in these cases given the Court's previous claim construction orders. In later litigation after *Sony*, Canon and Fuji were able to participate in discovery while attempting to argue a different claim construction than the Court's construction in *Sony*. It is no different with these cases. Discovery can be completed independent of what happens with Fuji. Further, any concerns that Defendants have about discovery can be addressed by the parties under Fed. R. Civ. P. 26(f) once the stays are lifted.

---

[4] Defendant UTStarcom's reliance on *Medtronic Navigation, Inc. v. Brainlab Medizinische Computersystems GMBH*, No. 98-1072, 2008 U.S. Dist. LEXIS 13483 (D. Colo. Feb. 12, 2008) given the stage of these cases—where Defendants have yet to provide their positions on claim construction—makes no sense. *Medtronic* underscores the weight that should be given to a district court's claim construction.

The Honorable Joseph J. Farnan, Jr.
July 3, 2008
Page 4

      Finally, any potential Federal Circuit opinion regarding the Court's claim construction will not absolve the Defendants of their infringement. Fuji has conceded that the claims of the patents-in-suit are not limited to one-to-one correspondence with computer architectures.[5] Even in the unlikely event that the Federal Circuit were to adopt Fuji's proposed claim construction, Defendants would still infringe the patents-in-suit. Defendants rely on statements made at the *Markman* hearing in *Fuji* that are taken out of context. St. Clair has in no way conceded non-infringement if the Court were to adopt a construction similar to Fuji's proposed claim construction.[6] Accordingly, no possible efficiency is gained from a continued stay of these cases.

      St. Clair has a constitutional right to enforce its patents and will be unduly prejudiced by a continued stay. As stated in St. Clair's June 6, 2008 letter, once the stay is lifted in these actions, the parties can confer on an appropriate scheduling order that will efficiently move these cases forward. St. Clair, therefore, respectfully requests that the Court grant St. Clair's renewed motion to lift the stays in these actions.

Respectfully,

*/s/ Patricia P. McGonigle*

PATRICIA P. MCGONIGLE (DE3126)

cc: Clerk of Court (by hand and ECF)
     Counsel of Record (by ECF)

---

[5] At the *Markman* Hearing, Fuji's counsel stated: "Now, we're not here arguing it would always have to be a one-to-one correspondence, as that's not what our claim construction requires." 4/12/04 Fuji *Markman* Hearing Tr. at 76:24-77:2 (D.I. 525) (emphasis added).

[6] In quoting from the *Markman* hearing in *Fuji*, Defendants leave out a later statement by St. Clair's counsel making it clear that St. Clair does not concede non-infringement with Fuji's proposed construction:

> Now, I was glad to hear, and I'm going to keep Fuji to this if the time comes, that they are not seeking one-to-one correspondence. In other words, that if you've got one file format and it works with IBM, and you've got a separate file format and it works with Mac, for example, that would be an inappropriate construction here, clearly not supported by anything. And they admit that.
> So what you have is a situation where you can have a file format, and it can be used in an IBM-compatible computer with a software program on it, and it can be used in a Macintosh computer with a software program on it.
> And it might even fit within their definition and does nothing for them. And I think the record just needs to be clear that if [Fuji's counsel] thinks that if they win on this argument, they're off the hook on infringement, that's clearly not the case.

4/12/04 Fuji *Markman* Hearing Tr. at 178:9-179:3 (D.I. 525) (emphasis added).