# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| Plaintiff, | : | C.A. No. 04-1436-JJF-LPS |
| v. | : | |
| SAMSUNG ELECTRONICS CO., LTD., ET AL., | : | |
| Defendants. | : | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| Plaintiff, | : | C.A. No. 06-403-JJF-LPS |
| v. | : | |
| SIEMENS AG, ET AL., | : | |
| Defendants. | : | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| Plaintiff, | : | C.A. No. 06-404-JJF-LPS |
| v. | : | |
| LG ELECTRONICS, INC., ET AL., | : | |
| Defendants. | : | |

RLF1-3341169-1

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | C.A. No. 08-371-JJF-LPS |
| | : | |
| v. | : | |
| | : | |
| RESEARCH IN MOTION LTD., ET AL., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | C.A. No. 08-373-JJF-LPS |
| | : | |
| v. | : | |
| | : | |
| FUJIFILM HOLDINGS CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

## RULE 16 SCHEDULING ORDER

This <u>25th</u> day of <u>November</u>, 2008, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on November 19, 2008, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

For purposes of this Scheduling Order, each "Defendant Party" is defined as follows:

(1) "Aiptek" means Aiptek International Inc. and Aiptek Inc.;

(2) "AT&T Mobility" means Cingular Wireless L.L.C., Cingular Wireless Corp., and New Cingular Wireless Services, Inc.;

2

(3) "Audiovox Communications" means Audiovox Communications Corp.;

(4) "Audiovox Electronics" means Audiovox Electronics Corp.;

(5) "BenQ" means BenQ Corp. and BenQ American Corp.;

(6) "Concord" means Concord Camera Corp.;

(7) "Fujifilm" means Fujifilm Holding Corporation, Fujifilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Inc., and Fujifilm U.S.A., Inc., and Fujifilm America, Inc.;

(8) "GIC" means General Imaging Co.

(9) "HP" means Hewlett-Packard Co.;

(10) "HTC" means High Tech Computer Corp., H.T.C. (B.V.I.) Corp., and HTC USA Inc.;

(11) "Kyocera Wireless" means Kyocera Wireless Corporation;

(12) "MEI" means Matsushita Electric Industrial Co., Ltd. And Matsushita Electric Corp. of America;

(13) "Panasonic" means Panasonic AVC Networks Co. and Victor Company of Japan, Ltd.;

(14) "JVC" means JVC Americas Corp. and JVC Company of America;

(15) "Nokia" means Nokia Corp. and Nokia Inc.;

(16) "Palm" means, Palm Inc.

(17) "RIM" means Research In Motion, Ltd. and Research In Motion Corp.;

(18) "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecom America, L.L.P.;

(19) Sanyo" means Sanyo Electric Co., Ltd. and Sanyo North America Corp.;

(20) "Siemens" means Siemens AG and Siemens Corp.;

(21) "Sprint Nextel" means Sprint Nextel Corp.;

(22) "T-Mobile" means T-Mobile USA, Inc.;

(23) "Deutsche Telekom" means T-Mobile International AG & CO., KG, and Deutsche Telekom AG;

(24) "UTStarcom" means UTStarcom, Inc.;

(25) "Verizon" means Verizon Communications Inc.;

(26) "Vodafone" means Vodafone Group PLC;

(27) "Cellco Parnership" means Cellco Partnership (d/b/a Verizon Wireless);

(28) "Vivitar" means Vivitar Corp.

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before <u>December 15, 2008</u>.

The parties agree to the following procedures regarding discovery of electronic documents:

 a. <u>Electronic File Searching</u>. Each party may use reasonable keyword searching to identify electronic documents reasonably likely to have discoverable information regarding the subject matter of these lawsuits.

b. <u>Form of Production of Electronic Documents</u>.  The parties anticipate producing most documents in an electronic format such as PDF or TIFF files with a load file – specifically a form that preserves the page breaks between documents and otherwise allows separate documents to be identified.  The parties further agree that the parties do not need to perform optical character recognition (OCR) on the electronically produced files prior to their production.  The parties also reserve the right to produce certain documents in their native format and will meet and confer regarding such production as necessary and appropriate.

c. <u>Source Code Production</u>.  Where computer source code is made part of a Party's production or a third party's production of documents and things, one or more of the producing Parties or third parties may require the use of a secure facility wherein electronic copies of such source code may be searched and traced in a non-networked, protected environment, subject to the terms of an appropriate Protective Order entered by the Court.

To the extent that a matter is not specifically addressed above and the parties cannot reach agreement, the parties agree to be bound by the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), which is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties shall be filed on or before: <u>March 6, 2009</u>.

3. <u>Amendment of Pleadings</u>.  All motions to amend or supplement the pleadings shall be filed on or before: <u>April 6, 2009</u>.

4. <u>Discovery</u>.

    a. <u>Defendants Good Faith Efforts to Coordinate</u>. When and to the extent practicable, the Defendants may designate a single spokesperson to serve as coordinating counsel for purposes of communicating with the Court and/or Plaintiff on a particular issue or area of discovery that is common to all Defendants ("Common Discovery Issues"). Common Discovery Issues include, but are not limited to:

        (i) validity/invalidity of any asserted patent claim;

        (ii) enforceability/unenforceability of the asserted patents;

        (iii) the conception and reduction to practice of any asserted patent claim;

        (iv) the prosecution of the asserted patents;

        (v) the ownership of the asserted patents and St. Clair's standing at the time of filing suit; and

        (vi) the testing, use, development, licensing, and marketing of the alleged invention by Plaintiff and affiliated companies, consultants, or agents.

Such spokesperson need not be the same person for each issue or area of discovery that may arise. The spokesperson will make a good faith effort to coordinate activities of the Defendants to reduce duplicative communications and filings with the Court. Each Defendant reserves the right to express additional or contrary views to those expressed by the spokesperson.

    b. <u>Contention Interrogatories</u>. The Court encourages the parties to serve and respond to contention interrogatories early in the case.

Plaintiff will serve Infringement Contentions by <u>January 15, 2009</u>. Plaintiff's Infringement Contentions will specify which of its claim(s) of its patent(s) it alleges are being infringed; (2) which specific products it alleges infringe each claim; and (3) where each element of each claim listed in (1) is found in each product listed in (2), subject to reasonable and timely amendments in light of developments in case such as production of discovery.

No later than <u>April 2, 2009</u>, Defendants shall serve on Plaintiff their Invalidity Contentions listing all of the prior art on which they rely, and a complete and detailed explanation of what it alleges the prior shows and how that prior art invalidates the claim(s) asserted by Plaintiff, subject to reasonable and timely amendments in light of developments in the case such as production of discovery.

Within 20 days after Defendants serve Invalidity Contentions, Defendants shall serve on Plaintiff certified translations of any prior art provided in its Invalidity Contentions.

  c. <u>Interrogatories</u>.  Plaintiff may serve on each Defendant Party up to twenty-five (25) interrogatories.  Defendants collectively (not separated by cases) may serve on Plaintiff up to fifty (50) of the same interrogatories directed at Common Discovery Issues.  Each Defendant Party may in addition serve up to fifteen (15) individualized interrogatories on Plaintiff on any subject.  Parties may exceed these limitations by agreement and/or with prior leave of the Court.

  d. <u>Document Requests</u>.  Document requests by Plaintiff and each Defendant Party shall be unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

     (i) Each party requesting documents from a third party by subpoena shall ensure that all parties in the actions are contemporaneously notified of such request and shall promptly provide all parties access to such documents.

  e. <u>Requests for Admission</u>.  Plaintiff and each Defendant Party shall be limited to: one hundred (100) requests for admission.  Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence.  If a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

  f. <u>Limitation on Hours for Non-Expert Deposition Discovery</u>.  Recognizing that there are 28 Defendant Groups and that Plaintiff bears the burden of proof on most issues, an extensive and unequal (as between Plaintiff and Defendants) number of deposition hours are justified in the circumstances presented by these cases.

     (i) Plaintiff shall be limited to a total of eight hundred (800) hours for taking testimony by deposition upon oral examination, excluding expert depositions.

     (ii) Defendants collectively (not separated by cases) shall be limited to a total of six hundred (600) hours for taking testimony by deposition upon oral examination, excluding expert depositions.

     (iii) Plaintiff may use its deposition hours on any Defendant Party (excluding experts), provided that Plaintiff may not take more than seventy (70) hours to conduct depositions of any Defendant Party.  Defendant Parties may use their deposition hours on Plaintiff (excluding experts), provided that no Defendant Party may take more than seventy (70) hours to conduct depositions of Plaintiff.

(iv) Depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness. All parties will use their best good faith efforts to coordinate scheduling of depositions and to limit the length of time any individual is deposed.

(v) Except as provided below, no non-expert deposition of any witness shall exceed one seven-hour day. Notwithstanding the foregoing, given the number of Defendant Parties in these cases, the Defendant Parties in each case shall be jointly entitled to the following depositions for non-expert witnesses:

A. Each of the named inventors (who shall be treated as third parties) may be deposed for two seven-hour (7) days;

B. Each of the prosecuting attorneys for the patents-in-suit (who shall be treated as third parties) may be deposed for two seven-hour (7) days;

C. Each Plaintiff witness providing 30(b)(6) testimony on "Common Discovery Issues" may be deposed for two seven-hour (7) days;

D. Each Plaintiff witness providing 30(b)(6) testimony with respect to a Defendant Party on an issue other than a "Common Discovery Issue" (i.e., a Defendant-specific issue) may be deposed for at least two (2) hours by that Defendant Party on that issue.

(vi) Any deponent who testifies in a language other than English will be considered for purposes of the hours limitation as giving 0.75 hours of testimony for every one hour of examination.

(vii) <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be

required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by agreement of the parties or order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    (viii) <u>Deponents Outside the U.S.</u> If a party filing a claim, counterclaim, or cross-claim will not make certain witness(es) available to be deposed in the United States, the party will cooperate with the identification of any witnesses to be deposed outside of the United States so that the Court may timely enter an order for the depositions to allow the parties time to obtain any necessary visas or to schedule time at an embassy, if necessary.

   g. <u>Discovery Cut Off</u>.  All discovery in these cases shall be initiated so that it will be completed on or before: <u>October 1, 2009</u>.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   h. <u>Disclosure of Expert Testimony</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before: <u>October 20, 2009</u>.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before: <u>November 20, 2009</u>.  Draft expert reports, any expert's personal notes and communications between any expert and counsel shall not be discoverable.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

Expert discovery, including all depositions, shall be completed by: <u>December 21, 2009</u>.

   i. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as

RLF1-3341169-1

incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

j. <u>Expert Depositions</u>. The parties will discuss limitations for expert depositions at a later date and will set forth limitations as a proposed addendum to the scheduling order to be submitted to the Court.

k. <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph. If the unresolved discovery matter relates to a Common Discovery Issue, Defendants will use their best efforts to file a single letter (seeking or opposing relief).

l. <u>Reliance Upon Advice of Counsel</u>. If Plaintiff has asserted willful infringement against a Defendant, Defendant shall inform Plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than: <u>April 2, 2009</u>. If Plaintiff amends its Complaint to assert willful infringement, Defendant will have: thirty (30)

days from Plaintiff's amendment to make the election of whether it intends to rely upon advice of counsel as a defense to the charge of willful infringement.

If Defendant elects to rely on advice of counsel as a defense to willful infringement, Defendant shall produce any such opinions on which Defendant intends to rely to Plaintiff no later than 30 days after such Defendant's election.

    m.    <u>Carrier Defendants</u>.  For purposes of this Scheduling Order, the term "Carrier Defendants" means the following Defendant Parties: AT&T Mobility, Sprint Nextel, T-Mobile, Duetsche Telekom, Verizon, Cellco Partnership, and Vodaphone.  Each Carrier Defendant shall identify in its initial disclosures required by Fed. R. Civ. P. 26(a) noted in Paragraph 1 above those entities which manufacture the accused products that Carrier Defendant makes, uses, offers for sale, sells or imports into the United States.  Notwithstanding any of the other provisions in this Scheduling Order, discovery on non-Common Discovery Issues from any Carrier Defendant shall be stayed until <u>April 6, 2009</u>, at which time St. Clair shall identify to each Carrier Defendant specific discovery which is relevant and necessary to litigation of St. Clair's claims against that Carrier Defendant, and which could not have been obtained from the manufacturers of the accused products identified by that Carrier Defendant in its initial disclosures.

5.    <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, the counsel

RLF1-3341169-1

must first follow the provisions of Paragraph 4(k) above. Until a protective order is in effect, Local Rule 26.2 shall apply.

> Any proposed order should include the following paragraph:
>
> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

7. ADR Process. These matters are referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8. Interim Status Report. On July 1, 2009, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

9. Status Conference. On July 8, 2009, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 11:00 a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

10. <u>Tutorial Describing the Technology and Matters in Issue</u>. On <u>May 28, 2009</u>, at 10:00 a.m., the Court will hold a hearing during which the parties will present a tutorial on the technology at issue. Each side will be allotted the same amount of time to present a tutorial. The tutorial shall not be used to argue the parties' claim construction contentions. The parties shall arrange for the in-court tutorial to be videotaped, with a copy to be provided to the Court following the hearing, with costs to be shared equally by both sides.

11. <u>Case Dispositive Motions</u>. For all case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before: <u>January 11, 2010</u>. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

Counsel for a party who files a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure shall, at the time of filing the motion, also file a Statement certifying that no genuine issues of material fact exist with regard to the facts argued in support of the motion. Any party opposing the motion may, within the time provided by Rule 56 and after reviewing the motion, opening brief, appendix and Statement, file a Counter-Statement certifying that genuine issues of material fact exist and setting forth the material facts the party contends are disputed. The Counter-Statement shall be filed in lieu of an answering brief. The movant shall file a response to the Counter-Statement within five (5) business days of service of the Counter-Statement. The parties shall file no additional papers regarding the Motion for Summary Judgment until the Court decides whether factual disputes exist that would prohibit summary disposition. If the Court decides that there are no factual disputes, an answering brief and reply brief will be ordered.

RLF1-3341169-1

12.     <u>Claim Construction Issue Identification</u>.  On <u>March 27, 2009</u>, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on: <u>April 9, 2009</u>.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

13.     <u>Claim Construction Briefing</u>.  The parties shall simultaneously file initial briefs on claim construction issues at 4:00 p.m. EST on: <u>April 23, 2009</u>.  The parties' answering/responsive briefs shall be simultaneously filed at 4:00 p.m. EST on: <u>May 7, 2009</u>.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

14.     <u>Hearing on Claim Construction</u>.  Beginning at 10:00 a.m. on: <u>May 28, 2009</u> the Court will hear evidence and argument on claim construction.  Each side will be allotted the same amount of time to present evidence and argument.

15.     <u>Service</u>.  Fed. R. Civ. P. 6(e) applies and provides for three additional days for responding to documents, including pleadings and discovery requests, filed electronically, whether or not e-mailed and/or hand-delivered as well.  This provision does not alter specific

response dates as set forth elsewhere in this Scheduling Order (E.G. ¶¶ 4, 8). Each party shall serve a copy of all pleadings and discovery requests and responses it served on an opposing party on all other parties.

16. <u>Discovery in Co-Pending Actions</u>. Any discovery response in these cases shall be deemed to have been given in each of these cases. These cases are:

 a. *St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics Co., Ltd., et al.*, Civil Action No. 04-1436-JJF-LPS (D. Del.);

 b. *St. Clair Intellectual Property Consultants, Inc. v. Siemens AG, et al.*, Civil Action No. 06-403-JJF-LPS (D. Del.);

 c. *St. Clair Intellectual Property Consultants, Inc. v. LG Electronics, Inc., et al.*, Civil Action No. 06-404-JJF-LPS (D. Del.);

 d. *St. Clair Intellectual Property Consultants, Inc. v. Research In Motion, Ltd., et al.*, Civil Action No. 08-371-JJF-LPS (D. Del.);

 e. *St. Clair Intellectual Property Consultants, Inc. v. Fujifilm Holdings Corp.*, et al., Civil Action No. 08-373-JJF-LPS (D. Del.).

17. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18. <u>Pretrial Conference</u>. On <u>May 3, 2010</u>, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the

joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before: April 1, 2010.

    19.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial orders. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

    20.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

21.   <u>Trial</u>.  Depending on the number of Defendants that remain at the time of trial in these matters, the number of days these trials will be scheduled for and the allocated time for parties to present their cases, as well as the number of trials (if more than one), will be determined at a time closer to trial, no later than at the pre-trial conference.

Trial will begin at 9:30 a.m. on: <u>June 14, 2010</u> before Judge Farnan.  Subsequent trial days will begin at 9:00 a.m.

_____
UNITED STATES MAGISTRATE JUDGE