IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : : | Civil Action No. 04-1436-JJF-LPS |
| SAMSUNG ELECTRONICS CO., LTD et al., | : : : : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Hewlett-Packard Company's Motion For Leave To Amend Answer And Affirmative Defenses (D.I. 193). For the reasons discussed, the Court will grant the Motion.

**I.  Parties' Contentions**

By its Motion, Defendant Hewlett-Packard Company ("Hewlett-Packard") requests leave to amend its Answer and Affirmative Defenses to assert, among other things, a license defense based upon its view that Eastman Kodak Company ("Kodak") was the owner of the patents-in-suit (the "Roberts Patents") until earlier this year when Kodak executed an assignment of the Roberts Patents to Plaintiff, St. Clair Intellectual Property Consultants, Inc. ("St. Clair") in connection with the settlement of litigation between Kodak and St. Clair in the California state courts (the "California Action"). Hewlett-Packard contends that although it filed its Answer, Affirmative Defenses and Counterclaims to St. Clair's First Amended Complaint on April 15,

2005, this action was stayed for more than two and a half years pending resolution of the California Action. Because little progress had been made with respect to discovery prior to the stay and the Court has recently entered a new Scheduling Order modifying all dates in this action, including the imposition of an April 6, 2009 deadline for amending the pleadings, Hewlett-Packard contends that St. Clair will suffer no prejudice as a result of the proposed amendment.

In response, St. Clair contends that Hewlett-Packard should be denied leave to amend, because the ownership and license defense it seeks to assert by the amendments is based upon a January 2005 license agreement between Hewlett-Packard and Kodak (the "2005 License Agreement") that Hewlett-Packard improperly withheld from production in this litigation and in the California Action. St. Clair contends that it sought precisely this type of information from Hewlett-Packard in two previous discovery attempts: (1) in discovery requests served in this action on June 25, 2005,[1] and (2) through a subpoena in the California Action served on August

---

[1] The relevant discovery requests were as follows:

> Interrogatory No. 1:
> If you contend that any party, other than St. Clair, including but not limited to Mirage and/or Kodak, has any ownership rights in or owns the patents-in-suit for any reason, set forth in detail the bases for your contention, including the relevant factual and legal support, and identify with specificity all documentation and activities on which you base your contention, including without limitation, agreements, memoranda, or contracts.
>
> Request No. 2:
>
> All documents referring or relating to your knowledge of any third party's, other than St. Clair's, asserted ownership rights of the patents-in-suit.

(D.I. 204 at Ex. 3-4)

7, 2006.[2] According to St. Clair, Hewlett-Packard failed to disclose the Agreement it now relies upon, contending in response to the subpoena that it had "no non-privileged documents that are responsive to the subpoena" with the exception of a few letters and e-mails, and failing to identify any such agreement on the privilege log. (D.I. 204 at Ex. 8-9)

St. Clair also points out that it sought similar discovery from Kodak, who generically identified an agreement with Hewlett-Packard; however, Hewlett-Packard stepped in and refused to allow Kodak to produce the Agreement, claiming it was irrelevant. St. Clair also directs the Court to deposition testimony of Kodak's in-house counsel stating that Kodak never offered a license to Hewlett-Packard or anyone else because it had not yet perfected its title to the Roberts Patents. (D.I. 204 at Ex. 13 at 43:5-16, 45:2-7) According to St. Clair, it first became aware of the 2005 License Agreement relied upon by Hewlett-Packard on December 15, 2008, three and a half years after St. Clair first served discovery requests on Hewlett-Packard seeking this type of information and, to date, Hewlett-Packard has still not produced the Agreement. Based upon this discovery misconduct, Kodak's confirmation that it did not own the Roberts Patents at the time of any such license agreement, and Hewlett-Packard's substantial delay in asserting any license and ownership defense, St. Clair contends that the Court should deny Hewlett-Packard's Motion

---

[2]The subpoena requested the following:

> Request No. 12:
>
> All DOCUMENTS REFERRING OR RELATING TO any agreement between any DEFENDANT IN LITIGATION or any CAMERA MANUFACTURER regarding or relating to the ROBERTS PATENTS.

(D.I. 204 at Ex. 7)

To Amend.

In Reply, Hewlett-Packard denies any discovery misconduct in this case or the California Action. Hewlett-Packard contends that its January 2005 License Agreement with Kodak is not responsive to the June 2005 discovery requests because those requests pertained only to ownership of the patents. Hewlett-Packard also contends that it objected to the California subpoena on the grounds of overbreadth and lack of relevance and invited St. Clair to narrow the request, but St. Clair never responded. Hewlett-Packard contends that it has now produced the 2005 License Agreement in response to a third set of discovery requests made by St. Clair on October 16, 2008, as the Agreement is responsive to those requests. Hewlett-Packard acknowledges that although its production was due on December 19, 2008, it did not produce the 2005 License Agreement until January 16, 2009. Hewlett-Packard contends that this delay was justified because it was required, under the terms of the 2005 License Agreement, to obtain Kodak's consent to disclosure. Hewlett-Packard contends that it was on a "winter recess" from December 19, 2008 to January 4, 2009, it promptly contacted Kodak, and it produced the license agreement the day after obtaining Kodak's consent. Because Hewlett-Packard had no obligation to produce the 2005 License Agreement until December 2008, and St. Clair is not prejudiced in litigating this issue, Hewlett-Packard contends that its Motion To Amend should be granted.

## II.    Legal Standard

In pertinent part, Rule 15(a) of the Federal Rules of Civil Procedure, provides that after a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Fed. R. Civ. P. 15(a)*. The decision to grant or deny leave to amend lies within the discretion of

4

the Court. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). Factors the Court should consider in exercising its discretion include "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Delay alone, however, is an insufficient reason to deny leave to amend. Rather, any delay in seeking leave to amend must be coupled with either a burden on the Court or undue prejudice to the non-moving party if the amendment is allowed. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). A party suffers undue prejudice if the proposed amendment causes surprise, results in additional discovery, or adds costs to the litigation in defending against the new facts or theories alleged. *See id.* Further, if prejudice to the non-movant exists, the Court must balance the prejudice to the non-moving party against the harm to the movant if leave to amend is not granted, keeping in mind that the goal is to have cases decided on the merits. *See e.g., Amquip Corp. v. Admiral Ins. Co.*, 231 F.R.D. 197 (E.D. Pa. 2005).

## III. Analysis

Applying this legal standard to the facts and circumstances of this case, the Court concludes that leave to amend should be granted to Hewlett-Packard. In reaching this conclusion, the Court is not as troubled by Hewlett-Packard's delay in asserting these amendments as it is by Hewlett-Packard's responses to the discovery propounded on it in this case and the subpoena served on it in the California Action. This case was stayed for a significant period of time, and a new Scheduling Order has been entered. Hewlett-Packard filed its Motion For Leave To Amend two months after the stay was lifted and more than three months before the new Scheduling Order's April 6, 2009 deadline for amending pleadings. Given that

5

this case is essentially being restarted, the impact of any delay on St. Clair is *de minimis*.

Hewlett-Packard's discovery responses, however, present a more difficult situation. While the Court acknowledges that the discovery requests were technically framed around the ownership issue and not any alleged license agreements, it is clear that there is significant overlap between the two. For Hewlett-Packard to have a valid defense based upon its purported license agreement with Kodak, Kodak would necessarily have had to have ownership rights to the patents, and Hewlett-Packard would certainly have had some knowledge that Kodak at least purported to own the patents. The latter arguably falls within the scope of both the discovery requests in this case and the subpoena in the California Action, yet Hewlett-Packard, narrowly construing the discovery requests and objecting to the subpoena on grounds of overbreadth, did not disclose its purported license agreement with Kodak until January 16, 2009, in response to St. Clair's October 16, 2008 discovery requests.[3] Also troubling is that Hewlett-Packard filed this Motion To Amend on December 23, 2008, prior to disclosing the very document which is the centerpiece of the license defense it seeks to add. Hewlett-Packard contends that it was late in producing this document because it was on "winter recess" and could not obtain Kodak's consent for disclosure – as required by the 2005 License Agreement – until early January. However, the discovery requests were propounded by St. Clair on October 23 and due on December 19, prior

---

[3] Hewlett-Packard indicated in response to the 2005 discovery requests that it "will provide a further response to this interrogatory in the event Defendants' motion for a stay of this action is denied (and pursuant to a Scheduling Order by the Court)." (D.I. 204 at Ex. 5.) However, it is apparent to the Court from the argument raised by Hewlett-Packard in its Reply Brief, that its non-disclosure of the 2005 License Agreement in response to the 2005 discovery requests was not so much the result of its then-pending motion to stay as it was based on Hewlett-Packard's belief that the 2005 License Agreement was simply not responsive to the 2005 discovery request. As the Court has indicated, this position is troublesome.

to Hewlett-Packard taking its winter recess, and therefore, while the delay is not significant, Hewlett-Packard should have been able to contact Kodak for consent in a more timely fashion. In the Court's view, the aforementioned discovery conduct is certainly not exemplary, but the Court cannot conclude that it rises to the level of bad faith so as to preclude Hewlett-Packard from being able to present its defense.

Perhaps more important than the characterization of Hewlett-Packard's conduct is that the Court cannot, in the circumstances of this case, conclude that St. Clair will suffer undue prejudice if Hewlett-Packard's Motion To Amend is granted. Because of the previous stay, this case is still in its early stages, and St. Clair will have adequate opportunity to conduct discovery into and defend against Hewlett-Packard's license defense.[4] Accordingly, the Court will grant Hewlett-Packard leave to amend its Answer and Affirmative Defenses.

NOW THEREFORE, IT IS HEREBY ORDERED that Hewlett-Packard's Motion For Leave To Amend Answer And Affirmative Defenses (D.I. 193) is **GRANTED**.

Dated: February 17, 2009

_____
Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent St. Clair contends that Hewlett-Packard's defense is futile in light of, among other things, the Kodak Confirmation, the Court notes that St. Clair's argument goes to the merits of the ownership defense which is the subject of pending motions to dismiss in this case and related cases. Accordingly, the Court declines to address futility.