IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 04-1436-JJF-LPS |
| | : |
| Matsushita Electrical Industrial Co., Ltd., et al., | : |
| | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION
REGARDING HEWLETT-PACKARD COMPANY'S MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

WHEREAS, Defendant Hewlett-Packard Company ("Hewlett-Packard") has filed a Motion To Dismiss For Lack of Subject Matter Jurisdiction (D.I. 192) based on the reasons set forth in the Opening Brief in support of the Motion (1) For Jurisdictional Discovery And Hearing; and (2) To Dismiss For Lack Of Subject Matter Jurisdiction filed by Defendant Kyocera Wireless, Inc. ("Kyocera") in *St. Clair Intellectual Prop. Consultants, Inc. v. Palm, Inc.*, Civil Action No. 06-404-JJF-LPS;

WHEREAS, Plaintiff has responded to Defendant Hewlett-Packard's Motion by relying upon its Opposition Brief filed in Civil Action No. 06-404-JJF-LPS;

WHEREAS, no grounds separate from the grounds set forth in Kyocera's Motion have been raised by Hewlett-Packard, and no distinction was made at the hearing between the arguments raised by Plaintiff and Kyocera and the arguments advanced by Plaintiff and Hewlett-Packard here;

WHEREAS, I have recommended the denial of Kyocera's Motion;

NOW THEREFORE, for the reasons set forth in the Report and Recommendation Regarding Motions To Dismiss For Lack Of Subject Matter Jurisdiction And For Jurisdictional Discovery (D.I. 183 in Civil Action No. 06-404-JJF-LPS), I recommend that Defendant Hewlett Packard's Motion To Dismiss For Lack Of Subject Matter Jurisdiction (D.I. 192) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1) and D. Del. L.R. 72.1. The parties may serve and file specific written objections within ten (10) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-879 (3d Cir. 1987); *Simcavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006).

Dated: May 4, 2009

_____
The Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE