IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., :<br><br>Plaintiff, :<br><br>v. :<br><br>MATSUSHITA ELECTRONIC INDUSTRIAL CO., LTD., et al., :<br><br>Defendants. : | Civil Action No. 04-1436-JJF-LPS |

Ronald J. Schutz, Esquire; Becky R. Thorson, Esquire; Carrie M. Lambert, Esquire; Annie Huang, Esquire and Seth A. Northrop, Esquire of ROBINS, KAPLAN, MILLER & CIRESI L.L.P., Minneapolis, Minnesota.
George H. Seitz, III, Esquire and Patricia P. McGonigle, Esquire of SEITZ, VAN OGTROP & GREEN, Wilmington, Delaware.

Attorneys for Plaintiff, St. Clair Intellectual Property Consultants, Inc.

Robert F. Perry, Esquire; Allison H. Altersoh, Esquire and Susan A. Kim, Esquire of KING & SPALDING LLP, New York, New York.
Jack B. Blumenfeld, Esquire and Julia Heaney, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Defendants Nokia Corporation and Nokia Inc.

**MEMORANDUM OPINION REGARDING**
**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

June 10, 2009
Wilmington, Delaware.

Stark, Magistrate Judge.

Pending before me is a Motion For Leave To File A Second Amended Complaint (D.I. 243) filed by Plaintiff, St. Clair Intellectual Property Consultants Inc. ("St. Clair"). The Motion is opposed only by Defendants Nokia Inc. and Nokia Corporation (collectively, "Nokia"). For the reasons discussed, I will grant St. Clair's Motion For Leave To File A Second Amended Complaint.

## I. THE PARTIES' CONTENTIONS

By its Motion, St. Clair requests leave to file a Second Amended Complaint which, most significantly, adds allegations of willful infringement against Nokia. St. Clair contends that its Motion has been timely filed before the Court's April 6, 2009 deadline to amend and supplement the pleadings. St. Clair further contends that its Motion is made in good faith based upon Nokia's post-filing conduct, which is information that St. Clair did not have available to it when it first filed this action against Nokia. St. Clair further contends that Nokia will not suffer undue prejudice as a result of the amendment to the Complaint, given that the Scheduling Order expressly contemplates an amendment based on willful infringement.

In response, Nokia contends that St. Clair cannot, as a matter of law, satisfy the standard for willful infringement, and, therefore, St. Clair's Motion To Amend should be denied. According to Nokia, St. Clair cannot establish that Nokia acted despite an objectively high likelihood that its actions constituted infringement as required by the Federal Circuit's opinion in *In re Seagate*, 497 F. 3d 1360 (Fed. Cir. 2007), because the patents in this case have been subject to (1) a significant ownership dispute, and (2) a reexamination proceeding that resulted in dueling claim constructions by the Court and the United States Patent and Trademark Office

("PTO"). Nokia also contends that it did not have the requisite knowledge of its infringement, because St. Clair did not identify the accused Nokia products until October 2008 and did not serve its infringement contentions on Nokia until January 2009. Thus, Nokia contends that St. Clair's proposed amendment to add willfulness allegations against Nokia is futile.

Alternatively, Nokia contends that St. Clair has acted in bad faith and with undue delay that unduly prejudices Nokia by waiting four and a half years since the inception of this litigation and six months after the stay was lifted to amend its Complaint. Nokia contends that St. Clair's decision to add a willful infringement allegation is a "calculated ploy to incentivize settlement." (D.I. 263 at 2) Nokia contends that if the Court grants St. Clair's Motion, then it will be forced to litigate the same issues raised here in the context of a motion for summary judgment, which Nokia contends will be more costly for the parties.

## II. LEGAL STANDARDS

In pertinent part, Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the Court. Factors the Court should consider in exercising its discretion include "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend, but there is grounds to deny amendment if the delay

is coupled with either an unwarranted burden on the Court or undue prejudice to the non-moving party (as a result of the amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). A party may suffer undue prejudice if the proposed amendment causes surprise, results in additional discovery, or adds costs to the litigation in defending against the new facts or theories alleged. *See id.* "Thus, while bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that we focus on the movant's reasons for not amending sooner. . . . [Moreover,] [t]he issue of prejudice requires that we focus on the hardship to the [non-movant] if the amendment were permitted." *Id.* at 273 (internal citations omitted).

### III. ANALYSIS

Applying these principles to the circumstances in this case, I conclude that St. Clair has satisfied the liberal requirements of Rule 15(a) for amending the pleadings. As St. Clair points out, the Scheduling Order I entered contemplates the possibility of amendment to the pleadings to add claims of willful infringement. St. Clair's proposed amendment comes within the time frame I set for amending the pleadings. Therefore, I do not find that St. Clair's Motion is untimely.

Nokia's futility argument is primarily grounded in the proposition that the granting of reexamination by the PTO defeats a claim of willful infringement as a matter of law. Nokia finds support for such a *per se* rule in *Lucent Technologies v. Gateway, Inc.*, No. 07-CV-2000-H (CAB), 2007 U.S. Dist. LEXIS 95934 (S.D. Cal. Oct. 30, 2007), a case which is notably absent from St. Clair's Reply Brief. Despite this absence, however, I am not persuaded that this case should govern my analysis of whether leave to amend should be granted. First, the *Lucent*


decision was rendered in the context of summary judgment. Second, the court was careful not to craft a *per se* rule, stating instead only that "it does appear that a reexamination order may be taken as dispositive with respect to post-filing conduct." *Id.* at *19 (emphasis added). The *Lucent* court emphasized that reexamination was one factor, among a totality of the circumstances, to consider in examining whether a party can meet the requirements of *Seagate*. *Id.* at *18 ("The Court does not assume that a reexamination order will always prevent a plaintiff from meeting their burden on summary judgment, but it does consider this as one factor among the totality of the circumstances.").

In this regard, it is important to note that in the instant case the reexamination proceeding resulted in the issuance of reexamination certificates for each of the patents-in-suit without amendment to any of the claims. *See generally Ultratech Int'l, Inc. v. Aqua-Leisure Indus., Inc. v. Swimways Corp.*, No. 3:05-cv-134-J-25MCR (M.D. Fla. Mar. 3, 2009) (allowing amendment after PTO issued reexamination certificates and holding that "[d]efendant's continued use of the . . . [p]atent could be reasonably considered 'objectively reckless'"). Although the PTO arguably rendered a different claim construction during reexamination than that which was rendered by the Court during the course of related litigation involving these same patents, St. Clair has not waived its infringement arguments under the PTO's claim construction, and the Court is not bound by that construction. *See SRAM Corp. v. AD-II Eng'g, Inc.*, 465 F.3d 1351, 1359 (Fed. Cir. 2006).[1] Moreover, Nokia has not explained the significance of any differences between the PTO's claim construction and this Court's claim construction. Given the circumstances of this

---

[1] I do not mean by this Memorandum Opinion to in any way prejudge any of the claim construction issues the parties have put before me.

case, which include the PTO's ultimate granting of reexamination certificates without amendment, previous jury verdicts in favor of St. Clair, and the licenses of the patents-in-suit taken by numerous parties, I cannot conclude at this juncture that the addition of a willful infringement claim against Nokia is futile or that it has been asserted in bad faith without a sufficient evidentiary basis.[2]

I place little weight on Nokia's suggestion that St. Clair's failure to seek preliminary injunctive relief should lead to denial of the motion to amend. (D.I. 263 at 8) There is no *per se* rule that failure to seek a preliminary injunction precludes a claim for willful infringement. *See, e.g., Krippelz v. Ford Motor Co.*, No. 98 C 2361, 2009 WL 7994952, at *4 (N.D. Ill. Mar. 25, 2009); *Novartis Pharms. Corp. v. Teva Pharms USA, Inc.*, No. 05-CV-1887 (DMC), 2009 WL 483865, at *3 (D.N.J. Feb. 25, 2009). Likewise, I am not persuaded that Nokia would suffer undue prejudice as a result of the amendment, even if my ruling leads Nokia to conclude it must file a motion for summary judgment on futility grounds.

## IV. CONCLUSION

For the reasons discussed, I will grant St. Clair's Motion For Leave To File A Second Amended Complaint. The Clerk will be instructed to assign a separate docket entry to the proposed Second Amended Complaint For Patent Infringement attached as Exhibit 1 to the Declaration of Patricia McGonigle (D.I. 245).

An appropriate Order will be entered.

---

[2] To this extent, I also conclude that St. Clair's claim for willful infringement has been properly pled.