IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LP., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., and HEWLETT-PACKARD COMPANY,<br><br>Defendants. | Civil Action No. 04-1436-JJF-LPS<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") for its cause of action against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., and Hewlett Packard Company (collectively referred to as "the Defendants"), states and alleges as follows:

1. Plaintiff, St. Clair Intellectual Property Consultants, Inc., is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Grosse Pointe, Michigan 48230-1551.

2. Defendant Samsung Electronics Co., Ltd. is a Korean corporation having its principal place of business at 250 2-ga Taepyung-ro, Jung-gu, Seoul 100-742, Korea.

3. Defendant Samsung Electronics America, Inc. is a New York Corporation having its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660.

4. Defendant Samsung Telecommunications America, L.P., is a Delaware corporation having its principal place of business at 1301 E. Lookout Drive, Richardson, TX 75082.

5. Defendant Matsushita Electric Industrial Co., Ltd. is a Japanese corporation having its principal place of business at 1006 Oaza Kadoma, Kaoma-shi, Osaka 571-8501, Japan.

6. Defendant Matsushita Electric Corporation of America is a Delaware corporation having its principal place of business at One Panasonic Way, Secaucus, NJ 07094.

7. Defendant Victor Company of Japan, Ltd. is a Japanese corporation having its principal place of business at 12 Moriaya-choi 3-chome Kanagawa-ku, Yokohama, Kanagawa 221-8528, Japan.

8. Defendant JVC Company of America is a New York corporation having its principal place of business at 1700 Valley Road, Wayne, NJ 07470.

9. Defendant Nokia Corporation is a Finnish corporation having its principal place of business at Keilalahdentie 4, P.O. Box 226, Espoo Fin-00045, Finland.

10. Defendant Nokia, Inc. is a Delaware corporation having its principal place of business at 6000 Connection Drive, Irving, TX 75039.

11. Defendant Hewlett-Packard Company is a Delaware corporation having its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304.

12. This is an action for patent infringement arising under the Acts of Congress relating to patents, including Title 35 United States Code § 271 and §§ 281-285. This Court has subject matter jurisdiction under the provisions of Title 28 United States Code § 1338(a), and

venue with respect to the defendants is properly within this district under the provisions of Title 28 United States Code § 1391(b) and (c) and § 1400(b). Personal jurisdiction over Defendants comports with the United States Constitution and 10 Del. C. § 3104 of the Delaware Code because defendants have committed and continue to commit and have contributed and continue to contribute to acts of patent infringement in this district as alleged in this complaint, and with respect to Samsung Telecommunications America, L.P., Matsushita Electric Corporation of America, Nokia, Inc., and Hewlett-Packard Company because they are citizens of this state.

13. On August 11, 1992, United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" was duly and legally issued to Personal Computer Cameras, Inc., as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl. A copy of the '459 patent is attached hereto as Exhibit A.

14. On or about November 21, 1995, plaintiff St. Clair acquired ownership of all Personal Computer Cameras, Inc.'s digital camera patents and technology, including the '459 patent, by assignment.

15. On July 25, 2000, United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" was duly and legally issued to plaintiff St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl. A copy of the '219 patent is attached hereto as Exhibit B.

16. On May 15, 2001, United States Letters Patent Na. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital

Format Output" was duly and legally issued to plaintiff St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl. A copy of the '010 patent is attached hereto as Exhibit C.

17. On November 27, 2001, United States Letters Patent No. 6,323,899 ("'899 patent') entitled "Process For Use In Electronic Camera" was duly and legally issued to plaintiff St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl. A copy of the '899 patent is attached hereto as Exhibit D.

18. Plaintiff St. Clair has been and is still the owner of the '459, '219, '010 and '899 patents, collectively the "patents-in-suit."

19. Claims of the patents-in-suit have been construed by this Court in Civil Action No. 01-557 (JJF), by the Court's Memorandum Opinion and Order of September 3, 2002.

20. By unanimous jury verdict on February 25, 2003, the jury in Civil Action No 01-557 (JJF) found 15 asserted claims of the patents-in-suit infringed by digital cameras sold in the United States by Sony Corporation and awarded damages in the amount of $25,000,000.00.

21. Sony Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

22. Nikon Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

23. Minolta Co., Ltd. has entered into an agreement with St. Clair to license the patents-in-suit.

24. Olympus Optical Co., Ltd. has entered into an agreement with St. Clair to license the patents-in-suit.

25. Seiko Epson Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

26. Casio Computer Co., Ltd. has entered into an agreement with St. Clair to license the patents-in-suit.

27. Kyocera Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

28. Pentax Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

29. Claims of the patents-in-suit have also been construed by this Court in Civil Action No. 03-241 (JJF), by the Court's Memorandum Opinion and Order of August 31, 2004.

30. By unanimous jury verdict on October 8, 2004, the jury in Civil Action No. 03-241 (JJF) found 16 asserted claims of the patents-in-suit valid and infringed by digital cameras sold in the United States by Canon Inc. and awarded damages in the amount of $34,716,482.49.

31. By majority jury verdict on October 25, 2004, the jury in Civil Action No 03-241 (JJF) found 16 asserted claims of the patents-in-suit valid and infringed by digital cameras sold in the United States by Fuji Photo Film Co., Ltd. and awarded damages in the amount of $3,003,465.00.

32. Defendants have made, offered to sell, imported, used and/or sold in this judicial district and elsewhere in the United States, digital cameras that directly, contributorily, or by inducement infringe one or more of the claims of the patents-in-suit.

33. Defendants have, by their advertising, product instruction, import and/or sale of digital cameras in the United States, induced infringement of one or more claims of the patents-in-suit.

34. The infringement by Defendants of the patents-in-suit has injured St. Clair, and will cause St. Clair added irreparable injury and damage in the future unless Defendants are enjoined from infringing said patents.

35. Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Hewlett-Packard Company, Nokia Corporation, and Nokia, Inc. have had for some time actual knowledge of the patents-in-suit and have willfully, deliberately, and intentionally infringed the Claims of said patents.

36. A jury trial is demanded on all triable issues, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff St. Clair prays for judgment as follows:

a. That Defendants have infringed the '459, '219, '010, and '899 patents;

b. That the Defendants and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be temporarily and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '459, '219, '010, and '899 patents;

c. That the Defendants be ordered to account for and pay to Plaintiff St Clair the damages to which St. Clair is entitled as a consequence of the infringement of the '459, '219, '010, and '899 patents;

d. That a post judgment equitable accounting of damages be ordered for the period of infringement of the '459, '219, '010, and '899 patents following the period of damages established by St. Clair at trial;

e.   That such damages be trebled for the willful, deliberate and intentional infringement by Defendants as alleged herein in accordance with Title 35 United States Code § 284;

f.   That Plaintiff St. Clair be awarded its costs and attorneys' fees herein in accordance with Title 35 United States Code § 285; and

g.   That Plaintiff St. Clair be awarded such other and further relief as the Court may deem just and equitable.

Dated: April 6, 2009.

*Of Counsel*:
Ronald J. Schutz, Esq.
Becky R. Thorson, Esq.
Carrie M. Lambert, Esq.
Annie Huang, Esq.
Seth A. Northrop, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

George H. Seitz, III, Esq. (No. 667)
gseitz@svglaw.com
Patricia P. McGonigle, Esq. (No. 3126)
pmcgonigle@svglaw.com
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF
ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.