IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOM AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., and HEWLETT-PACKARD COMPANY,<br><br>Defendants. | ) | Civil Action No. 04-1436-JJF<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT BY DEFENDANTS PANASONIC CORPORATION,[1] PANASONIC CORPORATION OF NORTH AMERICA,[2] VICTOR COMPANY OF JAPAN, LTD. AND JVC COMPANY OF AMERICA**

Defendants Panasonic Corporation, Panasonic Corporation of North America, Victor Company of Japan, Ltd. and JVC Company of America (collectively, the "answering defendants"), by their undersigned attorneys, hereby respond to the Second Amended Complaint filed by Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), as follows:

---

[1] Formerly Matsushita Electric Industrial Co., Ltd.
[2] Formerly Matsushita Electric Corporation of America

**GENERAL DENIAL**

Unless specifically admitted below, the answering defendants deny each and every allegation contained in the Second Amended Complaint.

**RESPONSE TO SPECIFIC ALLEGATIONS**

In answer to the separately numbered paragraphs in the Second Amended Complaint, the answering defendants state the following:

1. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis deny those allegations.

2. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and on that basis deny those allegations.

3. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis deny those allegations.

4. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and on that basis deny those allegations.

5. The answering defendants deny that Matsushita Electric Industrial Co., Ltd. is the correct name for the corporate entity. The remaining allegations in paragraph 5 are admitted.

6. The answering defendants deny that Matsushita Corporation of America is the correct name for the corporate entity. The remaining allegations in paragraph 6 are admitted.

7. The allegations of paragraph 7 are admitted.

8. The allegations of paragraph 8 are admitted.

9. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis deny those allegations.

10. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis deny those allegations.

11. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and on that basis deny those allegations.

12. The answering defendants admit that the Second Amended Complaint is an action for purported patent infringement. As to Panasonic Corporation and Victor Company of Japan, Ltd., the answering defendants deny that venue is proper and that the Court has personal jurisdiction. As to Matsushita Corporation of America (now known as Panasonic Corporation of America) and JVC Company of America, the answering defendants admit that venue is proper. As to the answering defendants, the remaining allegations in paragraph 12 are denied. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 12 and on that basis deny those allegations.

13. The answering defendants admit that U.S. Patent No. 5,138,459 (the "'459 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," issued on August 11, 1992, and names Marc K. Roberts, Matthew A Chikosky and Jerry A. Speasl as inventors. On information and belief, the answering defendants deny the remaining allegations in paragraph 13.

14. On information and belief, the allegations in paragraph 14 are denied.

15. The answering defendants admit that U.S. Patent No. 6,094,219 (the "'219 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," issued on July 25, 2000, and names Marc K. Roberts, Matthew A Chikosky and Jerry A. Speasl as inventors. On information and belief, the answering defendants deny the remaining allegations in paragraph 15.

16. The answering defendants admit that U.S. Patent No. 6,233,010 (the "'010 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," issued on May 15, 2001, and names Marc K. Roberts, Matthew A Chikosky and Jerry A. Speasl as inventors. On information and belief, the answering defendants deny the remaining allegations in paragraph 16.

17. The answering defendants admit that U.S. Patent No. 6,233,899 (the "'899 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," issued on November 27, 2001, and names Marc K. Roberts, Matthew A Chikosky and Jerry A. Speasl as inventors. On information and belief, the answering defendants deny the remaining allegations in paragraph 17.

18. On information and belief, the allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are admitted.

20. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and on that basis deny those allegations.

21. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis deny those allegations.

22. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis deny those allegations.

23. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and on that basis deny those allegations.

24. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis deny those allegations.

25. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and on that basis deny those allegations.

26. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and on that basis deny those allegations.

27. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and on that basis deny those allegations.

28. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and on that basis deny those allegations.

29. The allegations in paragraph 29 are admitted.

30. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and on that basis deny those allegations.

31. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and on that basis deny those allegations.

32. As to the answering defendants, the allegations in paragraph 32 are denied. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and on that basis deny those allegations.

33. As to the answering defendants, the allegations in paragraph 33 are denied. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and on that basis deny those allegations.

34. As to the answering defendants, the allegations in paragraph 34 are denied. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and on that basis deny those allegations.

35. As to the answering defendants, the allegations in paragraph 35 are denied. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and on that basis deny those allegations.

36. The allegations in paragraph 36 constitute a jury demand and require no answer. The answering defendants also demand trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

Further answering St. Clair's Second Amended Complaint, the answering defendants allege the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

37. As to Panasonic Corporation and Victor Company of Japan, Ltd., the court lacks personal jurisdiction.

**SECOND AFFIRMATIVE DEFENSE**

38. The answering defendants do not infringe and have not infringed any claim of the '459, '219, '010, and '899 patents (collectively, the "patents-in-suit").

**THIRD AFFIRMATIVE DEFENSE**

39. The claims of the patents-in-suit are invalid for failure to meet the requirements of patentability under 35 United States Code § 101 *et seq*.

**FOURTH AFFIRMATIVE DEFENSE**

40. At least a portion of St. Clair's claim for damages is barred under the statute of limitations for any alleged infringement that occurring more than six years prior to the filing of the complaint under 35 U.S.C. § 286.

**FIFTH AFFIRMATIVE DEFENSE**

41. At least a portion of St. Clair's claim for damages is barred by failure to comply with the requirements of 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE**

42. St. Clair's claim for relief regarding the '219, '010 and '899 patents is barred by the doctrine of prosecution laches.

**SEVENTH AFFIRMATIVE DEFENSE**

43. On information and belief, the patents-in-suit, which are all closely related, are unenforceable for inequitable conduct because Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl, working with their attorneys and/or St. Clair, during the pendency of one or more of the applications for the patents-in-suit, withheld information from the U.S. Patent and Trademark Office ("PTO") with the intent to deceive the PTO. This information would have been important and material to the prosecution of the patents-in-suit. On information and belief, the withheld information included the following:

- The best mode for producing the claimed invention
- U.S. Patent No. 4,262,301 to Erlichman
- The Canon XapShot camera
- The Dycam Model 1 camera
- The following patent documents:

| | | |
|---|---|---|
| U.S. Patent No. 4,074,324 Barrett | U.S. Patent No. 4,829,383 Harase | U.S. Patent No. 5,032,927 Watanabe |
| U.S. Patent No. 4,131,919 Lloyd | U.S. Patent No. 4,837,628 Sasaki | U.S. Patent No. 5,138,459 Roberts |
| U.S. Patent No. 4,302,776 Taylor | U.S. Patent No. 4,847,677 Music | U.S. Patent No. 5,164,831 Kuchta |
| U.S. Patent No. 4,420,773 Toyoda | U.S. Patent No. 4,903,132 Yamawaki | U.S. Patent No. 5,170,262 Kinoshita |
| U.S. Patent No. 4,456,931 Toyoda | U.S. Patent No. 4,905,092 Koshiishi | U.S. Patent No. 5,231,501 Sakai |
| U.S. Patent No. 4,571,638 Schneider | U.S. Patent No. 4,943,850 Asalda | 63-284987 JP |
| U.S. Patent No. 4,614,977 Kawahara | U.S. Patent No. 4,963,986 Fukutama | 9030076.5 EPO |

| U.S. Patent No. 4,803,554 Pape | U.S. Patent No. 4,972,266 Tani | 0390421/A1 EPA |
|---|---|---|
| U.S. Patent No. 4,827,347 Bell | U.S. Patent No. 5,018,017 Sasaki | |

- The following publications:

    Robinson, Phillip, The Still Video Picture: Numerous Uses For Still Video Technology, COMPUTER GRAPHICS WORLD, vol. 13 no. 2, Feb. 1991, at 69.

    Eikonix, New Release, Atlanta GA, Sep. 29, 1988.

    Electronics World & Wireless World, Oct. 1990.

    Holland, Samuel D., Digital Electronic Still Camera, NASA TECH BRIEFS, June 30, 1993 at 39.

    How Sony Beat Digital-Camera Rivals, THE WALL STREET JOURNAL, Jan. 25, 1999, at B1

    Izawa, F. *et al*., Digital Still Video Camera Using Semiconductor Memory Card, IEEE TRANSACTIONS ON CONSUMER ELECTRONICS, Feb. 1990.

    Laser Focus World, ELECTRONIC IMAGING, Apr. 1990, at 72.

    MACINTOSH®, System Software User's Guide, ver. 6.0, 1988.

    Personal Vision™, Live Video/Frame Grabber For Macintosh II, Orange Micro, Inc., 1989.

In addition, upon information and belief, the applicants, St. Clair and their respective attorneys also engaged in inequitable conduct by submitting inventor declarations and attachments to the USPTO during reexamination proceedings that were false and/or misleading. The declarations and attachments were submitted with the intent to mislead the PTO and to obtain a date of invention that pre-dated a reference (the Kuhberger reference) that the PTO had found to be invalidating prior art. In support of this defense, the answering defendants incorporate by reference the expert report of John Sang from the action styled *St. Clair v. Canon*,

et al., No. 03-241-JJF and the letter submitted by Canon to Judge Farnan on October 4, 2004 in that same action.

**EIGHTH AFFIRMATIVE DEFENSE**

44. On information and belief, St. Clair does not own the patents-in-suit and lacks standing to bring this action.

**NINTH AFFIRMATIVE DEFENSE**

45. On information and belief, Plaintiff St. Clair did not own the patents-in-suit at the time this action was filed and lacked standing to bring this action.

**TENTH AFFIRMATIVE DEFENSE**

46. On information and belief, St. Clair's claims for relief are barred in whole or in part by the doctrine of unclean hands, at least because St. Clair has alleged that answering defendants and other defendants are liable to St. Clair for alleged infringement of the patents-in-suit, although St. Clair knew or should have known of another entity's (i.e., Mirage Systems Inc.'s) asserted ownership of the patents-in-suit.

**ELEVENTH AFFIERMATIVE DEFENSE**

47. The relief sought by Plaintiff is barred in whole or in part by the doctrine of prosecution history estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

48. The relief sought by Plaintiff is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

**THIRTEENTH AFFIRMATIVE DEFENSE**

50. To the extent that St. Clair has licensed third party manufacturers of the answering defendants products that are accused in this action, the patents-in-suit are exhausted as to those products.

**FOURTEENTH AFFIRMATIVE DEFENSE**

51. The relief sought by Plaintiff is barred by laches and equitable estoppel from making any claim for damages prior to the date of the complaint and is barred by estoppel from asserting the patents-in-suit against the answering defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

52. The relief sought by Plaintiff is barred by prosecution laches from asserting one or more of the patents-in-suit against the answering defendants due to Plaintiff's unreasonable delay in prosecuting the '219, '010 and '899 patents.

**SIXTEENTH AFFIRMATIVE DEFENSE**

53. The relief sought by Plaintiff is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

54. Based upon the reexamination proceedings in the PTO, Plaintiff St. Clair is or may be precluded from any relief for alleged infringement of the claims of the patents-in-suit, based on intervening rights of the answering defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

55. The answering defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at

law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

**COUNTERCLAIMS**

The answering defendants, for their counterclaims against St. Clair, allege as follows:

**GENERAL ALLEGATIONS**

1. Paragraphs 1 through 55 of the Answer and Affirmative Defenses raised by the answering defendants are incorporated by reference as though fully pleaded herein.

**JURISDICTION AND VENUE**

2. An actual controversy regarding the patent-in-suit exists between St. Clair and the answering defendants. In their counterclaims, the answering defendants seek to obtain a judgment declaring that the patents-in-suit are invalid, not infringed by the answering defendants, and are unenforceable. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, §§ 2201 and 2202, and Title 35 of the United States Code. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a) and 2201 *et seq*. Venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

**FIRST COUNTERCLAIM**

**(Declaration of Non-Infringement)**

3. The answering defendants do not directly, contributorily, or by inducement, infringe any claim of the patents-in-suit, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

## (Declaration of Invalidity)

4. The patents-in-suit, and each claim thereof, are invalid because they fail to comply with the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101 *et seq*.

## THIRD COUNTERCLAIM

## (Declaration of Unenforceability)

5. Paragraph 43 of the Answer and Affirmative Defenses raised by the answering defendants is incorporated by reference as though fully pleaded herein.

6. The patents-in-suit are unenforceable due to inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, the answering defendants pray for judgment:

A. Entering judgment against Plaintiff and in favor of the answering defendants with respect to Plaintiff's Complaint and the answering defendants' affirmative defenses;

B. Denying all remedies and relief sought by Plaintiff in its Complaint;

C. Dismissing the Complaint with prejudice;

D. Declaring that the answering defendants and their customers do not infringe and have not infringed any of the claims of the patents-in-suit;

E. Declaring that the patents-in-suit are invalid;

F. Declaring that the patents-in-suit are not enforceable.

G. Declaring that this case is an exceptional case under 35 U.S.C. § 285 and awarding the answering defendants their costs, attorneys' fees, and expenses; and

H. Awarding the answering defendants any other and further relief as the Court may deem just and proper.

**REQUEST FOR JURY TRIAL**

The answering defendants demand a trial by jury for all issues so triable.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com

*Attorneys for Panasonic Corporation, Panasonic Corporation of North America, Victor Company of Japan, Ltd., and JVC Company of America*

*Of Counsel:*

Richard de Bodo
David A. Ben-Meir
Christopher P. Broderick
HOGAN & HARTSON LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 785-4600

Dated: June 29, 2009