### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | C.A. No. 04-1436-JJF-LPS |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., and HEWLETT-PACKARD COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## DEFENDANT HEWLETT-PACKARD COMPANY'S
## ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant Hewlett-Packard Company ("Hewlett-Packard"), by and through its

counsel, states as follows for its Answer and Counterclaims:

1.     Plaintiff, St. Clair Intellectual Property Consultants, Inc., is a Michigan
corporation having its principal place of business as 16845 Kercheval Avenue, Suite Number
Two, Gross Pointe, Michigan 48230-1551.

**Hewlett-Packard's Answer to Paragraph #1:** Hewlett-Packard is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, on

that basis, denies same.

2.     Defendant Samsung Electronics Co., Ltd. is a Korean corporation having its
principal place of business at 250 2-ga Taepyung-ro, Jung-gu, Seoul 100-742, Korea.

**Hewlett-Packard's Answer to Paragraph #2:** Hewlett-Packard is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on

that basis, denies same.

3.      Defendant Samsung Electronics America, Inc. is a New York corporation having
its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660.

**Hewlett-Packard's Answer to Paragraph #3:** Hewlett-Packard is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, on

that basis, denies same.

4.      Defendant Samsung Telecommunications America, L.P. is a Delaware
corporation having its principal place of business at 1301 E. Lookout Drive, Richardson, TX
75082.

**Hewlett-Packard's Answer to Paragraph #4:** Hewlett-Packard is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on

that basis, denies same.

5.      Defendant Matsushita Electric Industrial Co., Ltd. is a Japanese corporation
having its principal place of business at 1006 Oaza Kadoma, Kadoma-shi, Osaka 571-8501,
Japan.

**Hewlett-Packard's Answer to Paragraph #5:** Hewlett-Packard is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on

that basis, denies same.

6.      Defendant Matsushita Electric Corporation of America is a Delaware corporation
having its principal place of business at One Panasonic Way, Secaucus, NJ 07094.

**Hewlett-Packard's Answer to Paragraph #6:** Hewlett-Packard is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on

that basis, denies same.

7.    Defendant Victor Company of Japan, Ltd. is a Japanese corporation having its principal place of business at 12 Moriaya-choi 3-chome Kanagawa-ku, Yokohama, Kanagawa 221-8528, Japan.

**Hewlett-Packard's Answer to Paragraph #7:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies same.

8.    Defendant JVC Company of America is a New York corporation having its principal place of business at 1700 Valley Road, Wayne, NJ 07470.

**Hewlett-Packard's Answer to Paragraph #8:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies same.

9.    Defendant Nokia Corporation is a Finnish corporation having its principal place of business at Keilalahdentie 4, P.O. Box 226, Espoo Fin-00045, Finland.

**Hewlett-Packard's Answer to Paragraph #9:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies same.

10.    Defendant Nokia, Inc. is a Delaware corporation having its principal place of business at 6000 Connection Drive, Irving, TX 75039.

**Hewlett-Packard's Answer to Paragraph #10:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies same.

11.    Defendant Hewlett-Packard Company is a Delaware corporation having its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304.

**Hewlett-Packard's Answer to Paragraph #11:** Hewlett-Packard admits that Hewlett-Packard

Company is a Delaware corporation having its principal place of business at 3000 Hanover

Street, Palo Alto, CA 94304.


12.     This is an action for patent infringement arising under the Acts of Congress
relating to patents, including Title 35 United States Code § 271 and §§ 281-285. This Court has
subject matter jurisdiction under the provisions of Title 28 United States Code § 1338(a), and
venue with respect to the defendants is properly within this district under the provisions of Title
28 United States Code § 1391(b) and (c) and § 1400(b). Personal jurisdiction over Defendants
comports with the United States Constitution and 10 Del. C. § 3104 of the Delaware Code
because defendants have committed and continue to commit and have contributed and continue
to contribute to acts of patent infringement in this district as alleged in this complaint, and with
respect to Samsung Telecommunications America, L.P., Matsushita Electric Corporation of
America, Nokia, Inc., and Hewlett-Packard Company because they are citizens of this state.

**Hewlett-Packard's Answer to Paragraph #12:** Hewlett-Packard admits that the Second

Amended Complaint purports to state a claim for patent infringement and that it is a citizen of

the state of Delaware and, therefore, as to Hewlett-Packard, venue is proper in this Court.

Hewlett-Packard denies that it has committed or contributed to any of the acts of infringement

complained of. Hewlett-Packard is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 12 and, on that basis, denies same.


13.     On August 11, 1992, United States Letters Patent No. 5,138,459 ("'459 patent")
entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital
Format Output" was duly and legally issued to Personal Computer Cameras, Inc., as assignee of
the inventors, Mark K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl. A copy of the '459
patent is attached hereto as Exhibit A.

**Hewlett-Packard's Answer to Paragraph #13:** Hewlett-Packard admits that a copy of United

States Patent No. 5,138,459 ("the '459 Patent") is attached to the Second Amended Complaint

and further states that the document is the best evidence of its contents. Hewlett-Packard denies

the remaining allegations in Paragraph 13.

14.     On or about November 21, 1995, plaintiff St. Clair acquired ownership of all Personal Computer Cameras, Inc.'s digital camera patents and technology, including the '459 patent, by assignment.

**Hewlett-Packard's Answer to Paragraph #14:** Hewlett-Packard denies the allegations in

Paragraph 14.


15.     On July 25, 2000, United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC Compatible Digital Format Output" was duly and legally issued to plaintiff St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl.  A copy of the '219 patent is attached hereto as Exhibit B.

**Hewlett-Packard's Answer to Paragraph #15:** Hewlett-Packard admits that, on its face,

United States Patent No. 6,094,219 ("the '219 Patent") is attached to the Second Amended

Complaint and further states that the document is the best evidence of its contents.  Hewlett-

Packard denies the remaining allegations in Paragraph 15.


16.     On May 15, 2001, United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" was duly and legally issued to plaintiff St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl.  A copy of the '010 patent is attached hereto as Exhibit C.

**Hewlett-Packard's Answer to Paragraph #16:** Hewlett-Packard admits that, on its face,

United States Patent No. 6,233,010 ("the '010 Patent") is attached to the Second Amended

Complaint and further states that the document is the best evidence of its contents.  Hewlett-

Packard denies the remaining allegations in Paragraph 16.


17.     On November 27, 2001, United States Letters Patent No. 6,323,899 ("'899 patent") entitled "Process For Use In Electronic Camera" was duly and legally issued to plaintiff St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl.  A copy of the '899 patent is attached hereto as Exhibit D.

**Hewlett-Packard's Answer to Paragraph #17:** Hewlett-Packard admits that, on its face,

United States Patent No. 6,323,899 ("the '899 Patent") is attached to the Second Amended

Complaint and further states that the document is the best evidence of its contents. Hewlett-

Packard denies the remaining allegations in Paragraph 17.

18.     Plaintiff St. Clair has been and is still the owner of the '459, '219, '010 and '899
patents, collectively the "patents-in-suit."

**Hewlett-Packard's Answer to Paragraph #18**: Hewlett-Packard denies that Plaintiff St. Clair

was the owner of the '459, '219, '010 and '899 patents as of the date this action was filed.

Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 18 and, on that basis, denies same.

19.     Claims of the patents-in-suit have been construed by this Court in Civil Action
No. 01-557 (JJF), by the Court's Memorandum Opinion and Order of September 3, 2002.

**Hewlett-Packard's Answer to Paragraph #19**: Hewlett-Packard admits that some of the terms

of some of the claims of the patents-in-suit were construed by the District Court in a

September 3, 2002 Memorandum Opinion and Order in Civil Action No. 01-557-JJF, a separate

proceeding between St. Clair Intellectual Property Consultants, Inc. and Sony Corporation,

which did not involve and thus cannot bind Hewlett-Packard.

20.     By unanimous jury verdict on February 25, 2003, the jury in Civil Action No. 01-
557 (JJF) found 15 asserted claims of the patents-in-suit infringed by digital cameras sold in the
United States by Sony Corporation and awarded damages in the amount of $25,000,000.00.

**Hewlett-Packard's Answer to Paragraph #20**: Hewlett-Packard is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on

that basis, denies same.

21.     Sony Corporation has entered into an agreement with St. Clair to license the
patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #21:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies same.

22.    Nikon Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #22:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies same.

23.    Minolta Co., Ltd. has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #23:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies same.

24.    Olympus Optical Co., Ltd. has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #24:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies same.

25.    Seiko Epson Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #25:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies same.

7

26.     Casio Computer Co., Ltd. has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #26:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies same.

27.     Kyocera Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #27:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies same.

28.     Pentax Corporation has entered into an agreement with St. Clair to license the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #28:** Hewlett-Packard is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies same.

29.     Claims of the patents-in-suit have also been construed by this Court in Civil Action No. 03-241 (JJF), by the Court's Memorandum Opinion and Order of August 31, 2004.

**Hewlett-Packard's Answer to Paragraph #29:** Hewlett-Packard admits that some of the terms of some of the claims of the patents-in-suit were construed by the District Court in an August 31, 2004 Memorandum Opinion and Order in Civil Action No. 03-241-JJF, a separate proceeding between St. Clair Intellectual Property Consultants, Inc. and Canon Inc. and Fuji Photo Film Co., Ltd., which did not involve and thus cannot bind Hewlett-Packard.

30.     By unanimous jury verdict on October 8, 2004, the jury in Civil Action No. 03-241 (JJF) found 16 asserted claims of the patents-in-suit valid and infringed by digital cameras sold in the United States by Canon Inc. and awarded damages in the amount of $34,716,482.49.

**Hewlett-Packard's Answer to Paragraph #30:** Hewlett-Packard is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on

that basis, denies same.


31.     By majority jury verdict on October 25, 2004, the jury in Civil Action No. 03-241
(JJF) found 16 asserted claims of the patents-in-suit valid and infringed by digital cameras sold
in the United States by Fuji Photo Film, Co., Ltd. and awarded damages in the amount of
$3,003,465.00.

**Hewlett-Packard's Answer to Paragraph #31:** Hewlett-Packard is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on

that basis, denies same.


32.     Defendants have made, offered to sell, imported, used and/or sold in this judicial
district and elsewhere in the United States, digital cameras that directly, contributorily, or by
inducement infringe one or more of the claims of the patents-in-suit.

**Hewlett-Packard's Answer to Paragraph #32:** Hewlett-Packard denies the allegations in

Paragraph 32 insofar as they are directed to Hewlett-Packard.  Hewlett-Packard is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 32 and, on that basis, denies same.


33.     Defendants have, by their advertising, product instruction, import and/or sale of
digital cameras in the United States, induced infringement of one or more claims of the patents-
in-suit.

**Hewlett-Packard's Answer to Paragraph #33:** Hewlett-Packard denies the allegations in

Paragraph 33 insofar as they are directed to Hewlett-Packard.  Hewlett-Packard is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 33 and, on that basis, denies same.

34.    The infringement by Defendants of the patents-in-suit has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants are enjoined from infringing said patents.

**Hewlett-Packard's Answer to Paragraph #34:** Hewlett-Packard denies the allegations in

Paragraph 34 insofar as they are directed to Hewlett-Packard.  Hewlett-Packard is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 34 and, on that basis, denies same.


35.    Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd., Matsushita Electric Corporation of America, Victor Company of Japan, Ltd., JVC Company of America, Hewlett-Packard Company, Nokia Corporation, and Nokia, Inc. have had for some time actual knowledge of the patents-in-suit and have willfully, deliberately, and intentionally infringed the claims of said patents.

**Hewlett-Packard's Answer to Paragraph #35:** Hewlett-Packard admits that St. Clair informed

one if its representatives about the patents-in-suit prior to the date on which the complaint in this

action was filed.  Hewlett-Packard denies the remaining allegations in Paragraph 35 insofar as

they are directed to Hewlett-Packard.  Hewlett-Packard is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 35 that are not directed to

Hewlett-Packard and, on that basis, denies same.


36.    A jury trial is demanded on all triable issues, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**Hewlett-Packard's Answer to Paragraph #36:** St. Clair's request for jury trial does not state

factual allegations, and thus no response to Paragraph 36 is required.

## FIRST DEFENSE
### (Non-infringement)

Hewlett-Packard has not infringed, is not now infringing, and is not threatening to

infringe the valid scope, if any, of the patents-in-suit either literally or under the doctrine of

equivalents, or by inducing or contributing to the infringement of the patents-in-suit.

## SECOND DEFENSE
### (Invalidity and/or Unenforceability)

The patents-in-suit are invalid and/or unenforceable for failure to comply with the

requirements of the Patent Laws of the United States as set forth in Title 35, United States Code,

including in particular §§ 101, 102, 103 and 112.

## THIRD DEFENSE
### (Laches and Estoppel)

Plaintiff St. Clair is barred by laches from making any claim for damages prior to the date

of the complaint and is barred by estoppel from asserting the patents-in-suit against Hewlett-

Packard.

## FOURTH DEFENSE
### (Prosecution Laches)

Plaintiff St. Clair is barred by prosecution laches from asserting one or more of the

patents-in-suit against Hewlett-Packard due to Plaintiff's unreasonable delay in prosecution and

Hewlett-Packard's intervening adverse rights.

## FIFTH DEFENSE
### (Intervening Rights)

Based upon the reexamination proceedings in the United States Patent and Trademark

Office, Plaintiff St. Clair is or may be precluded from any relief for alleged infringement of the

claims of the patents-in-suit, based on intervening rights of Hewlett-Packard.

## SIXTH DEFENSE
### (Limitations on Damages)

Plaintiff St. Clair is precluded from recovering damages from Hewlett-Packard under the

statute of limitations for any alleged infringement committed more than six years prior to the

filing of the complaint under 35 U.S.C. § 286.

## SEVENTH DEFENSE
### (Marking and Notice)

Plaintiff St. Clair is precluded from recovering at least a portion the Plaintiff's claimed

damages by its failure to comply with the requirements under 35 U.S.C. § 287.

## EIGHTH DEFENSE
### (Lack of Ownership and Standing)

On information and belief, Plaintiff St. Clair did not own the patents-in-suit at the time

this action was filed and lacked standing to bring this action.

## NINTH DEFENSE
### (Unclean Hands)

On information and belief, St. Clair's claims for relief are barred in whole or in part by

the doctrine of unclean hands.  St. Clair has alleged that Hewlett-Packard and other defendants

are liable to St. Clair for alleged infringement of the patents-in-suit, although St. Clair knew or

should have known of another entity's (i.e., Mirage Systems Inc.'s) asserted ownership of the

patents-in-suit.  In addition, upon information and belief, St. Clair relied on documents in prior

litigations that were false and/or misleading. The documents were relied upon with the intent to corroborate St. Clair's allegation that the conception of the alleged invention of the patents-in-suit pre-dated certain prior art. In support of this defense, Hewlett-Packard incorporates by reference the expert report of John Sang and the October 4, 2004 letter submitted by Canon to the Court in the case of *St. Clair Intellectual Property Consultants, Inc. v. Canon Inc., et al.* (C.A. No. 03-241-JJF) in the United States District Court for the District of Delaware.

## TENTH DEFENSE
### (Prosecution History Estoppel)

The relief sought by Plaintiff is barred in whole or in part by the doctrine of prosecution history estoppel.

## ELEVENTH DEFENSE
### (Dedication to the Public)

The relief sought by Plaintiff is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

## TWELFTH DEFENSE
### (License Defense)

By virtue of a license agreement between Hewlett-Packard and Eastman Kodak Company, Hewlett-Packard has a license to the patents-in-suit, which precludes St. Clair from obtaining any relief against Hewlett-Packard in this action.

## THIRTEENTH DEFENSE
### (Patent Exhaustion)

To the extent that St. Clair has licensed third party manufacturers of Hewlett-Packard products that are accused in this action, the patents-in-suit are exhausted as to those products.

## FOURTEENTH DEFENSE
### (Other Defenses Based on Later Discovered Evidence)

Hewlett-Packard reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Defendant Hewlett-Packard Company ("Hewlett-Packard"), counterclaims as follows:

## PARTIES, JURISDICTION AND VENUE

1.      This is a counterclaim for declaratory judgment of non-infringement and invalidity of United States Patent Nos. 5,138,459 ("the '459 patent"); 6,094,219 ("the '219 patent"); 6,233,010 ("the '010 patent"); and 6,323,899 ("the '899 patent) (collectively, "the patents-in-suit").

2.      This counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

3.      This Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 1338(a), 2201 and 2202.

4.      Counterclaim defendant St. Clair Intellectual Property Consultants, Inc. ("St. Clair") is subject to personal jurisdiction in this judicial district.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

6.      Counterclaim defendant St. Clair alleges in its Second Amended Complaint that it is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Gross Pointe, Michigan 48230-1551.

14

7.    Counterclaim plaintiff Hewlett-Packard is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, CA 94304.

8.    St.Clair claims to be the owner of the patents-in-suit and has sued Hewlett-Packard alleging that it infringes these patents.

9.    Hewlett-Packard does not make, use, sell or offer for sale any products that infringe any valid claims of the patents-in-suit, either literally or under the doctrine of equivalents, and Hewlett-Packard does not induce or contribute to the infringement of the patents-in-suit.

10.    By reason of the commencement of this action, an actual controversy exists between Hewlett-Packard and St. Clair with respect to the validity, enforceability and/or alleged infringement of the patents-in-suit.

**COUNT I**

**(Non-Infringement, Invalidity, and Unenforceability of '459 Patent)**

11.    Hewlett-Packard realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1-10 of this counterclaim.

12.    Hewlett-Packard does not infringe, contribute to the infringement, or induce the infringement of the valid scope of any claim of the '459 patent, nor has it ever done so.

13.    One or more claims of the '459 are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112.

## COUNT II

### (Non-Infringement, Invalidity and Unenforceability of '219 Patent)

14.     Hewlett-Packard realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1-13 of this counterclaim.

15.     Hewlett-Packard does not infringe, contribute to the infringement, or induce the infringement of the valid scope of any claim of the '219 patent, nor has it ever done so.

16.     One or more claims of the '219 are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112.

## COUNT III

### (Non-Infringement, Invalidity and Unenforceability of '010 Patent)

17.     Hewlett-Packard realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1-16 of this counterclaim.

18.     Hewlett-Packard does not infringe, contribute to the infringement, or induce the infringement of the valid scope of any claim of the '010 patent, nor has it ever done so.

19.     One or more claims of the '010 are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112.

## COUNT IV

### (Non-Infringement, Invalidity and Unenforceability of '899 Patent)

20.     Hewlett-Packard realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1-19 of this counterclaim.

21.     Hewlett-Packard does not infringe, contribute to the infringement, or induce the infringement of the valid scope of any claim of the '899 patent, nor has it ever done so.

22.     One or more claims of the '899 are invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Hewlett-Packard demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Hewlett-Packard respectfully requests this Court to dismiss the Second Amended Complaint of the Plaintiff with prejudice and with costs and attorneys fees to Defendant; and

WHEREFORE, Hewlett-Packard asks that the Court enter judgment for Defendant Hewlett-Packard and against Plaintiff St. Clair as follows:

A.     Declaring that Hewlett-Packard does not infringe any claim of the patents-in-suit, or contribute to, or induce such infringement;

B.     Declaring that the claims of the patents-in-suit are, as to each of the claims asserted against Hewlett-Packard, invalid, unenforceable and void in law;

C.     Declaring this to be an exceptional case and awarding Hewlett-Packard its costs and attorneys fees pursuant to 35 U.S.C. § 285;

D.     Granting such additional relief as the Court may deem appropriate.

OF COUNSEL:

Sharon R. Barner
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610-4764
Tel:  (312) 832-4500

Naikang Tsao
FOLEY & LARDNER LLP
150 East Gilman Street
Verex Plaza
Madison, WI 53703
Tel:  (608) 257-5035

Dated:  June 29, 2009
922881 / 28641

POTTER ANDERSON & CORROON LLP

By:   */s/ David E. Moore*
      Richard L. Horwitz  (#2246)
      David E. Moore (#3983)
      D. Fon Muttamara-Walker (#4646)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19899-0951
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      fmuttamara-walker@potteranderson.com

*Attorneys for Defendant*
*Hewlett-Packard Company*

18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 29, 2009, the attached document was
electronically filed with the Clerk of the Court using CM/ECF which will send notification to the
registered attorney(s) of record that the document has been filed and is available for viewing and
downloading.

I hereby certify that on June 29, 2009, the attached document was electronically mailed to
the following person(s)

George H. Seitz, III
James S. Green
Patricia Pyles McGonigle
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
gseitz@svglaw.com
jgreen@svglaw.com
pmcgonigle@svglaw.com

Ronald J. Schutz
Jake M. Holdreith
Becky R. Thorson
Annie Huang
Busola A. Akinwale
Seth A. Northrop
Carrie M. Lambert
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
rjschutz@rkmc.com
jmholdreith@rkmc.com
brthorson@rkmc.com
ahuang@rkmc.com
baakinwale@rkmc.com
sanorthrop@rkmc.com
cmlambert@rkmc.com

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Richard de Bodo
Christopher P. Broderick
Andrew V. Devkar
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
rdebodo@hhlaw.com
cpbroderick@hhlaw.com
adevkar@hhlaw.com

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
jheaney@mnat.com

Josy W. Ingersoll
Andrew A. Lundgren
Megan C. Haney
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899
jingersoll@ycst.com
jshaw@ycst.com
alundgren@ycst.com
mhaney@ycst.com

Susan A. Kim
King & Spalding LLP
1185 Avenue of the Americas
New York, NY  10036-4003
skim@kslaw.com

Todd M. Friedman
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611
tfriedman@kirkland.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranders.com

678366 / 28641