IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-1436 (JJF) (LPS) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., HEWLETT-PACKARD COMPANY, EASTMAN KODAK COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER OF NOKIA INC. AND NOKIA CORPORATION TO
SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
AND COUNTERCLAIMS OF NOKIA INC.**

Defendants Nokia Inc. and Nokia Corporation ("Nokia") respond as follows to the

Second Amended Complaint for Patent Infringement ("Second Amended Complaint") of

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") and assert the

following affirmative defenses.

1.      Nokia does not have sufficient information to admit or deny the

allegations in paragraph 1 of the Second Amended Complaint and, therefore, denies these

allegations.

2.      Nokia does not have sufficient information to admit or deny the

allegations in paragraph 2 of the Second Amended Complaint and, therefore, denies these

allegations.

3.      Nokia does not have sufficient information to admit or deny the allegations in paragraph 3 of the Second Amended Complaint and, therefore, denies these allegations.

4.      Nokia does not have sufficient information to admit or deny the allegations in paragraph 4 of the Second Amended Complaint and, therefore, denies these allegations.

5.      Nokia does not have sufficient information to admit or deny the allegations in paragraph 5 of the Second Amended Complaint and, therefore, denies these allegations.

6.      Nokia does not have sufficient information to admit or deny the allegations in paragraph 6 of the Second Amended Complaint and, therefore, denies these allegations.

7.      Nokia does not have sufficient information to admit or deny the allegations in paragraph 7 of the Second Amended Complaint and, therefore, denies these allegations.

8.      Nokia does not have sufficient information to admit or deny the allegations in paragraph 8 of the Second Amended Complaint and, therefore, denies these allegations.

9.      Nokia admits the allegations contained in paragraph 9 of the Second Amended Complaint.

10.      Nokia admits Nokia Inc. is a Delaware corporation but denies that Nokia Inc. has its principal place of business at 6000 Connection Drive, Irving, TX 75039.

Nokia Inc. has its principal place of business at 102 Corporate Park Drive, White Plains, New York 10604.

11.     Nokia does not have sufficient information to admit or deny the allegations in paragraph 11 of the Second Amended Complaint and, therefore, denies these allegations.

12.     Nokia admits that the Second Amended Complaint purports to be an action for patent infringement and that, as to the allegations asserted against Nokia, venue is proper in this Court.  Nokia admits that Nokia Inc. is incorporated in Delaware.  Nokia admits that Nokia Inc. has transacted business in this judicial district, but denies that such business included any acts of patent infringement and denies that this Court has subject matter jurisdiction.  As to the remaining Defendants, Nokia does not have sufficient information to admit or deny the allegations in paragraph 12 of the Second Amended Complaint and, therefore, denies these allegations.  Nokia denies any remaining allegation of paragraph 12 of the Second Amended Complaint.

13.     Nokia admits that, on its face, U.S. Patent No. 5,138,459 ("'459 Patent") indicates an issue date of August 11, 1992, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and identifies Mark K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as the inventors and Personal Computer Cameras, Inc. as the assignee.  Nokia denies that the '459 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 13 of the Second Amended Complaint.

14.     Nokia denies the allegations contained in paragraph 14 of the Second Amended Complaint.

15.     Nokia admits that, on its face, U.S. Patent No. 6,094,219 ("'219 Patent") indicates an issue date of July 25, 2000, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and identifies Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and St. Clair Intellectual Property Consultants, Inc. as the assignee.  Nokia denies that the '219 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 15 of the Second Amended Complaint.

16.     Nokia admits that, on its face, U.S. Patent No. 6,233,010 ("'010 Patent") indicates an issue date of May 15, 2001, is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," and identifies Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and St. Clair Intellectual Property Consultants, Inc. as the assignee.  Nokia denies that the '010 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 16 of the Second Amended Complaint.

17.     Nokia admits that, on its face, U.S. Patent No. 6,323,899 ("'899 Patent") indicates an issue date of November 27, 2001, is entitled "Process For Use In Electronic Camera," and identifies Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl as the inventors and St. Clair Intellectual Property Consultants, Inc. as the assignee.  Nokia denies that the '899 Patent was duly and legally issued, and denies all remaining allegations contained in paragraph 17 of the Second Amended Complaint.

18.     Nokia denies the allegations contained in paragraph 18 of the Second Amended Complaint.

19.     Nokia admits that certain claim terms of the patents-in-suit were construed by the Court's Memorandum Opinion and Order of September 3, 2002 in Civil Action No. 01-557 (JJF), which was based on submissions as to which Nokia had no input or involvement.   Except as so admitted, Nokia denies each and every allegation of paragraph 19 of the Second Amended Complaint.

20.     Nokia does not have sufficient information to admit or deny the allegations contained in paragraph 20 of the Second Amended Complaint, and therefore, denies these allegations..

21.     Nokia does not have sufficient information to admit or deny the allegations in paragraph 21 of the Second Amended Complaint and, therefore, denies these allegations.

22.     Nokia does not have sufficient information to admit or deny the allegations in paragraph 22 of the Second Amended Complaint and, therefore, denies these allegations.

23.     Nokia does not have sufficient information to admit or deny the allegations in paragraph 23 of the Second Amended Complaint and, therefore, denies these allegations.

24.     Nokia does not have sufficient information to admit or deny the allegations in paragraph 24 of the Second Amended Complaint and, therefore, denies these allegations.

25.     Nokia does not have sufficient information to admit or deny the allegations in paragraph 25 of the Second Amended Complaint and, therefore, denies these allegations.

26.     Nokia does not have sufficient information to admit or deny the allegations in paragraph 26 of the Second Amended Complaint and, therefore, denies these allegations.

27.     Nokia does not have sufficient information to admit or deny the allegations in paragraph 27 of the Second Amended Complaint and, therefore, denies these allegations.

28.     Nokia does not have sufficient information to admit or deny the allegations in paragraph 28 of the Second Amended Complaint and, therefore, denies these allegations.

29.     Nokia admits that certain claim terms of the patents-in-suit were construed by the Court's Memorandum Opinion and Order of August 31, 2004 in Civil Action No. 03-241 (JJF), which was based on submissions as to which Nokia had no input or involvement. Except as so admitted, Nokia denies each and every allegation of paragraph 29 of the Complaint.

30.     Nokia does not have sufficient information to admit or deny the allegations contained in paragraph 30 of the Second Amended Complaint, and, therefore, denies these allegations.

31.     Nokia does not have sufficient information to admit or deny the allegations contained in paragraph 31 of the Second Amended Complaint, and, therefore, denies these allegations.

32.     Nokia denies the allegations contained in paragraph 32 insofar as they are directed to Nokia.  As to the remaining Defendants, Nokia does not have sufficient information to admit or deny the allegations contained in paragraph 32 and, therefore,

denies these allegations.  Nokia denies any remaining allegation of paragraph 32 of the Second Amended Complaint.

33.     Nokia denies the allegations contained in paragraph 33 insofar as they are directed to Nokia.  As to the remaining Defendants, Nokia does not have sufficient information to admit or deny the allegations contained in paragraph 33 and, therefore, denies these allegations.  Nokia denies any remaining allegation of paragraph 33 of the Second Amended Complaint.

34.     Nokia denies the allegations contained in paragraph 34 insofar as they are directed to Nokia.  As to the remaining Defendants, Nokia does not have sufficient information to admit or deny the allegations contained in paragraph 34 and, therefore, denies these allegations.  Nokia denies any remaining allegation of paragraph 34 of the Second Amended Complaint.

35.     Nokia denies the allegations contained in paragraph 35 insofar as they are directed to Nokia.  As to the remaining Defendants, Nokia does not have sufficient information to admit or deny the allegations contained in paragraph 35 and, therefore, denies these allegations.  Nokia denies any remaining allegation of paragraph 35 of the Second Amended Complaint.

36.     Nokia admits that St. Clair has demanded a jury trial.

## **FIRST DEFENSE**

37.     St. Clair is not entitled to any relief against Nokia because Nokia has not infringed the patents-in-suit, has not actively induced infringement of the patents-in-suit, and has not contributed to infringement of the patents-in-suit.

## SECOND DEFENSE

38.     The claims of the patents-in-suit are invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

## THIRD DEFENSE

39.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

40.     St. Clair has neither ownership nor other rights in the patents-in-suit and this Court lacks subject matter jurisdiction over the subject matter of the Second Amended Complaint.

## FIFTH DEFENSE

41.     The relief sought by St. Clair is barred in whole or in part by the doctrine of prosecution history estoppel.

## SIXTH DEFENSE

42.     The relief sought by St. Clair is barred in whole or in part by the doctrine of estoppel.

## SEVENTH DEFENSE

43.     The relief sought by St. Clair is barred in whole or in part by the doctrine of laches.

## EIGHTH DEFENSE

44.     The relief sought by St. Clair is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

**NINTH DEFENSE**

45.     Based upon the re-examination proceedings in the United States Patent and Trademark Office, St. Clair's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

**TENTH DEFENSE**

46.     St. Clair's claim for damages, if any, for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

**ELEVENTH DEFENSE**

47.     The relief sought by St. Clair is barred in whole or in part by the doctrine of unclean hands.

**TWELFTH DEFENSE**

48.     St. Clair's demand in this action for relief including for injunctive relief and for damages is barred by virtue of the delay in prosecuting the '219, '010 and '899 patents.

**THIRTEENTH DEFENSE**

49.     The relief sought by St. Clair is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Nokia Inc., for its counterclaims against St. Clair, alleges as follows:

1.     These are counterclaims for declarations of non-infringement, invalidity, and unenforceability of one or more claims of U.S. Patent Nos. 5,138,459, 6,094,219, 6,233,010, and 6,323,899, collectively the "patents-in-suit."

2.      The counterclaim-plaintiff Nokia Inc. is a Delaware corporation having its principal place of business at 102 Corporate Park Drive, White Plains, New York 10604.

3.      The counterclaim-defendant St. Clair Intellectual Property Consultants, Inc. ("St. Clair") alleges in its Second Amended Complaint that it is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Grosse Pointe, Michigan 48230-1551.

4.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5.      St. Clair has sued Nokia Inc. claiming that St. Clair is the owner of the patents-in-suit and accusing Nokia Inc. of infringing the patents-in-suit.

6.      An actual case and controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in-suit, and that controversy is ripe for adjudication by this Court.

## COUNT I
### ('459 Patent)

7.      Paragraphs 1-6 are realleged and incorporated fully as if set forth herein.

8.      One or more claims of the '459 Patent are invalid and unenforceable for failing to meet one or more conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

9.      Nokia is entitled to a declaratory judgment that it has not infringed and is not infringing the '459 Patent, and that the '459 Patent is invalid.

10.     The relief sought by St. Clair is banned in whole or in part by the doctrine of prosecution history estoppel.

11.     The relief sought by St. Clair is barred in whole or in part by the doctrine of estoppel.

12.     The relief sought by St. Clair is barred in whole or in part by the doctrine of laches.

13.     The relief sought by St. Clair is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

14.     Based upon the outcome of the re-examination proceedings in the United States Patent and Trademark Office, St. Clair's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

15.     St. Clair's claim for damages, if any, for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

16.     The relief sought by St. Clair is barred in whole or in part by the doctrine of unclean hands.

17.     The relief sought by St. Clair is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

18.     St. Clair has neither ownership nor other rights in the patents-in-suit.

## COUNT II
### ('219 Patent)

19.     Paragraphs 1-6 are realleged and incorporated fully as if set forth herein.

20.     One or more claims of the '219 Patent are invalid and unenforceable for failing to meet one or more conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

21.     Nokia is entitled to a declaratory judgment that it has not infringed and is not infringing the '219 Patent, and that the '219 is invalid.

22.     The relief sought by St. Clair is banned in whole or in part by the doctrine of prosecution history estoppel.

23.     The relief sought by St. Clair is barred in whole or in part by the doctrine of estoppel.

24.     The relief sought by St. Clair is barred in whole or in part by the doctrine of laches.

25.     The relief sought by St. Clair is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

26.     Based upon the re-examination proceedings in the United States Patent and Trademark Office, St. Clair's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

27.     St. Clair's claim for damages, if any, for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

28.     The relief sought by St. Clair is barred in whole or in part by the doctrine of unclean hands.

29.     The relief sought by St. Clair is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

30.     St. Clair's demand in this action for relief including for injunctive relief and for damages is barred by virtue of the delay in prosecuting the '219, '010 and '899 patents.

31.     St. Clair has neither ownership nor other rights in the patents-in-suit.

**COUNT III**
**('010 Patent)**

32.     Paragraphs 1-6 are realleged and incorporated fully as if set forth herein.

33.     One or more claims of the '010 Patent are invalid and unenforceable for failing to meet one or more conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

34.     Nokia is entitled to a declaratory judgment that it has not infringed and is not infringing the '010 Patent, and that the '010 Patent is invalid.

35.     The relief sought by St. Clair is barred in whole or in part by the doctrine of prosecution history estoppel.

36.     The relief sought by St. Clair is barred in whole or in part by the doctrine of estoppel.

37.     The relief sought by St. Clair is barred in whole or in part by the doctrine of laches.

38.     The relief sought by St. Clair is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

39.     Based upon the outcome of the re-examination proceedings in the United States Patent and Trademark Office, St. Clair's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

40.     St. Clair's claim for damages, if any, for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

41.     The relief sought by St. Clair is barred in whole or in part by the doctrine of unclean hands.

42.     The relief sought by St. Clair is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

43.     St. Clair's demand in this action for relief including for injunctive relief and for damages is barred by virtue of the delay in prosecuting the '219, '010 and '899 patents.

44.     St. Clair has neither ownership nor other rights in the patents-in-suit.

## COUNT IV
## ('899 Patent)

45.     Paragraphs 1-6 are realleged and incorporated fully as set forth herein.

46.     One or more claims of the '899 Patent are invalid and unenforceable for failing to meet one or more conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

47.     Nokia is entitled to a declaratory judgment that it has not infringed and is not infringing the '899 Patent, and that the '899 Patent is invalid.

48.     The relief sought by St. Clair is barred in whole or in part by the doctrine of prosecution history estoppel.

49.     The relief sought by St. Clair is barred in whole or in part by the doctrine of estoppel.

50.     The relief sought by St. Clair is barred in whole or in part by the doctrine of laches.

51.     The relief sought by St. Clair is barred in whole or in part because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

52.     Based upon the outcome of the re-examination proceedings in the United States Patent and Trademark Office, St. Clair's infringement claims are or may be barred at least in part, by Nokia's intervening rights.

53.     St. Clair's claim for damages, if any, for alleged infringement of the patents-in-suit is barred by its failure to comply with the requirements of 35 U.S.C § 287.

54.     The relief sought by St. Clair is barred in whole or in part by the doctrine of unclean hands.

55.     The relief sought by St. Clair is barred in whole or in part, since, upon information and belief, St. Clair filed this lawsuit knowing that each of the patents-in-suit was invalid, unenforceable, and/or not infringed by any act of Nokia.

56.     St. Clair's demand in this action for relief including for injunctive relief and for damages is barred by virtue of the delay in prosecuting the '219, '010 and '899 patents.

57.     St. Clair has neither ownership nor other rights in the patents-in-suit.

WHEREFORE, Nokia Inc. requests that the Court enter a judgment in its favor and against St. Clair as follows:

(a)     Dismiss the Second Amended Complaint in its entirety, with prejudice;

(b)     Declare that St. Clair take nothing by this action, St. Clair is not entitled to an injunction and St. Clair is otherwise barred from obtaining any of the relief it has requested;

(c)     Declare that Nokia Inc. has not infringed, and is not infringing, the '459 Patent;

(d)      Declare that one or more of the claims of the '459 Patent are invalid, void, and/or unenforceable;

(e)      Declare that Nokia Inc. has not infringed, and is not infringing, the '219 Patent;

(f)      Declare that one or more of the claims of the '219 Patent are invalid, void, and/or unenforceable;

(g)      Declare that Nokia Inc. has not infringed, and is not infringing, the '010 Patent;

(h)      Declare that one or more of the claims of the '010 Patent are invalid, void, and/or unenforceable;

(i)      Declare that Nokia Inc. has not infringed, and is not infringing, the '899 Patent;

(j)      Declare that one or more of the claims of the '899 Patent are invalid, void, and/or unenforceable;

(k)      Declare that St. Clair is estopped from asserting its patents against Nokia Inc.;

(l)      Declare that St. Clair has acted with unclean hands and is entitled to no equitable relief;

(m)      Declare that St. Clair has misused its patents in asserting them against Nokia Inc.;

(n)      Award Nokia Inc. its costs and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285;

(o)    Award Nokia Inc. all its costs; expenses and attorney's fees in this action;

and

(p)    Grant such other further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Nokia Inc. demands a trial by jury on issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

_____
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendants Nokia Corporation*
   *and Nokia Inc.*

OF COUNSEL:

Robert F. Perry
Allison H. Altersohn
Susan A. Kim
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036-4003
(212) 556-2100

June 29, 2009
2972480

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 29, 2009, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on June 29, 2009 upon the following parties:

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS INC.<br><br>C.A. No. 04-1436<br>C.A. No. 06-403<br>C.A. No. 06-404<br>C.A. No. 08-371<br>C.A. No. 08-373 | SEITZ, VAN OGTROP & GREEN, P.A.<br>**Patricia Pyles McGonigle**–pmcgonigle@svglaw.com<br>**George H. Seitz, III**–gseitz@svglaw.com<br>**James S. Green**–jgreen@svglaw.com<br><br>ROBINS, KAPLAN, MILLER & CIRESI LLP<br>**Ronald J. Schutz**–rjschutz@rkmc.com<br>**Jake M. Holdreith**–jmholdreith@rkmc.com |
| AIPTEK INTERNATIONAL, AIPTEK INC., HIGH TECH COMPUTER CORP., HTC (BVI) CORP. AND HTC USA INC.<br><br>C.A. No. 06-404 | ASHBY & GEDDES<br>**John G. Day**–jday@ashby-geddes.com<br>**Steven J. Balick**–sbalick@ashby-geddes.com<br><br>HOGAN & HARTSON LLP<br>**Richard de Bodo**–rdebodo@hhlaw.com<br>**Huan-Yi Lin**–hlin@hhlaw.com |
| AUDIOVOX COMMUNICATIONS CORPORATION, AUDIOVOX ELECTRONICS CORPORATION<br><br>C.A. No. 06-403 | DUANE MORRIS LLP<br>**Matt Neiderman**–mneiderman@duanemorris.com<br>**Aimee Czachorowski**–amczachorowski@duanemorris.com |
| BENQ AMERICA CORPORATION, BENQ CORPORATION<br><br>C.A. No. 06-403 | WOMBLE CARLYLE SANDRIDGE & RICE<br>**Gerard O'Rourke**–gorourke@wcsr.com<br>**Stephen James Mackenzie**–smackenzie@wcsr.com |

| | |
|---|---|
| AT&T MOBILITY LLC (F/K/A CINGULAR WIRELESS L.L.C.), AT&T MOBILITY CORPORATION (F/K/A CINGULAR WIRELESS CORPORATION), NEW CINGULAR WIRELESS SERVICES INC.<br><br>C.A. No. 06-403 | **PROCTOR HEYMAN LLP**<br>**Dominick T. Gattuso**–dgattuso@proctorheyman.com<br>**Kurt M. Heyman**–kheyman@proctorheyman.com<br><br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>**William P. Atkins**–william.atkins@pillsburylaw.com<br>**Benjamin Kiersz**–benjamin.kiersz@pillsburylaw.com |
| CONCORD CAMERA CORPORATION<br><br>C.A. No. 06-404 | **WOMBLE CARLYLE SANDRIDGE & RICE**<br>**Gerard O'Rourke**–gorourke@wcsr.com<br>**Stephen James Mackenzie**–smackenzie@wcsr.com<br><br>**CONCORD CAMERA CORPORATION**<br>**Scott L. Lampert**–scott_lampert@concord-camera.com |
| FUJIFILM HOLDINGS CORP., FUJIFILM CORP., FUJI PHOTO FILM CO. LTD., FUJI PHOTO FILM USA INC., FUJIFILM USA INC., FUJIFILM AMERICA INC.<br><br>C.A. No. 08-373 | **ASHBY & GEDDES**<br>**John G. Day**–jday@ashby-geddes.com<br>**Steven J. Balick**–sbalick@ashby-geddes.com<br><br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>**Steven Routh**-srouth@orrick.com<br>**Sten Jensen**-sjensen@orrick.com |
| GENERAL IMAGING CO.<br><br>C.A. No. 08-371 | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br>**Jack B. Blumenfeld**–jblumenfeld@mnat.com<br><br>**KNOBBE MARTENS OLSON & BEAR LLP**<br>**J. David Evered**–devered@kmob.com<br>**Jon Gurka**–jgurka@kmob.com |
| HEWLETT-PACKARD CO.<br><br>C.A. No. 04-1436 | **POTTER ANDERSON & CORROON, LLP**<br>**Richard L. Horwitz**–rhorwitz@potteranderson.com<br>**David E. Moore**–dmoore@potteranderson.com<br><br>**FOLEY & LARDNER LLP**<br>**Sharon R. Barner**–sbarner@foley.com<br>**Naikang Tsao**–ntsao@foley.com |

| | |
|---|---|
| JVC COMPANY OF AMERICA, MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD. MATSUSHITA CORPORATION OF AMERICA (NOW KNOWN AS PANASONIC CORPORATION OF AMERICA), AND VICTOR COMPANY OF JAPAN LTD. | ASHBY & GEDDES<br>**John G. Day**–jday@ashby-geddes.com<br>**Steven J. Balick**–sbalick@ashby-geddes.com<br><br>HOGAN & HARTSON LLP<br>**Richard de Bodo**–rdebodo@hhlaw.com<br>**David H. Ben-Meir**–dhben-meir@hhlaw.com |
| C.A. No. 04-1436 | |
| KYOCERA WIRELESS CORP., PALM INC. | YOUNG CONAWAY STARGATT & TAYLOR LLP<br>**Karen E. Keller**–kkeller@ycst.com |
| C.A. No. 06-404 | MORRISON & FOERSTER LLP<br>**Gregory W. Reilly**–greilly@mofo.com<br>**David C. Doyle**–ddoyle@mofo.com |
| PERSONAL COMMUNICATIONS DEVICES, LLC | GIBBONS P.C.<br>**William R. Firth,III**-wfirth@gibbonslaw.com<br>**Carrie A. Longstaff**-clongstaff@gibbonslaw.com |
| C.A. No. 06-403 | |
| PETTERS GROUP WORLDWIDE, POLAROID CONSUMER ELECTRONICS LLC, POLAROID HOLDING CO., POLAROID CORPORATION | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**Jack B. Blumenfeld**–jblumenfeld@mnat.com<br>KIRKLAND & ELLIS LLP<br>**Russell E. Levine, P.C.**–rlevine@kirkland.com<br>**Melody Drummond-Hansen**–mdrummond@kirkland.com |
| C.A. No. 06-404 | |
| RESEARCH IN MOTION LTD., RESEARCH IN MOTION CORP. | CONNOLLY, BOVE, LODGE & HUTZ LLP<br>**Collins J. Seitz, Jr.**–cseitz@cblh.com<br>**Kevin F. Brady**–kbrady@cblh.com<br>WILMER HALE<br>**Michael Summersgill**–michael.summersgill@wilmerhale.com<br>**Dominic E. Massa**–dominic.massa@wilmerhale.com |
| C.A. No. 08-371 | |

| | |
|---|---|
| SANYO ELECTRIC CO., LTD., SANYO NORTH AMERICA CORPORATION<br><br>C.A. No. 06-404 | **ASHBY & GEDDES**<br>**John G. Day**–jday@ashby-geddes.com<br>**Steven J. Balick**–sbalick@ashby-geddes.com<br><br>**HOGAN & HARTSON LLP**<br>**Richard de Bodo**–rdebodo@hhlaw.com<br>**David H. Ben-Meir**–dhben-meir@hhlaw.com |
| SIEMENS AG, SIEMENS CORPORATION<br><br>C.A. No. 06-403 | **WOMBLE CARLYLE SANDRIDGE & RICE**<br>**Gerard O'Rourke**–gorourke@wcsr.com<br>**Stephen James Mackenzie**–smackenzie@wcsr.com |
| SPRINT-NEXTEL CORPORATION<br><br>C.A. No. 06-403 | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br>**Mary Graham**–mgraham@mnat.com;<br>mbgeservice@mnat.com<br>**James W. Parrett, Jr.**–jparrett@mnat.com<br><br>**CROWELL & MORING LLP**<br>**Kathryn L. Clune**–kclune@crowell.com<br>**Clyde E. Findley**–cfindley@crowell.com |
| T-MOBILE USA INC.<br><br>C.A. No. 06-404 | **YOUNG CONAWAY STARGATT & TAYLOR LLP**<br>**Melanie K. Sharp**–msharp@ycst.com<br>**James L. Higgins**–jhiggins@ycst.com<br><br>**PROSKAUER ROSE LLP**<br>**Steven M. Bauer**–sbauer@proskauer.com<br>**Kimberly A. Mottley**–kmottley@proskauer.com |
| UTSTARCOM INC.<br><br>C.A. No. 06-403 | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br>**Julie Heaney**–jheaney@mnat.com<br><br>**VENABLE LLP**<br>**JoAnna M. Esty**–jmesty@venable.com<br>**Tamany J. Vinson Bentz**–tjbentz@venable.com |
| VERIZON COMMUNICATIONS INC., VODAFONE GROUP PLC, CELLCO PARTNERSHIP<br><br>C.A. No. 06-403 | **ASHBY & GEDDES**<br>**Steven J. Balick**–sbalick@ashby-geddes.com<br>**John G. Day**–jday@ashby-geddes.com<br><br>**SIMPSON THACHER & BARTLETT LLP**<br>**Henry B. Gutman**–hgutman@stblaw.com<br>**Victor Cole**–vcole@stblaw.com |

VIVITAR CORPORATION                    SYNTAX-BRILLIAN
C.A. No. 06-404                        **Michael Miller**–michael.miller@syntaxbrillian.com


                                       */s/ Julia Heaney*
                                       Julia Heaney (#3052)