IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY         :
CONSULTANTS, INC.,                      :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 : Civil Action No. 04-1436-
                                        :    JJF-LPS
MATSUSHITA ELECTRONIC INDUSTRIAL        :
CO., LTD., et al.,                      :
                                        :
          Defendants.                   :
                                        :

George H. Seitz, III, Esquire and Patricia Pyles McGonigle, Esquire, of SEITZ, VAN OGTROP & GREEN, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Jack B. Blumenfeld, Esquire and Julia Heaney, Esquire, of MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware.

Attorneys for Defendants Nokia Corporation and Nokia, Inc.

**MEMORANDUM OPINION**

July 28, 2009
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are Objections Pursuant to Fed. R. Civ. P. 72(a) to Magistrate Judge Stark's Memorandum Opinion Regarding Motion for Leave to File a Second Amended Complaint (D.I. 323) filed by Defendants Nokia Corporation and Nokia, Inc. (collectively "Nokia"). For the reasons discussed below, the Court will overrule these Objections.

I.  BACKGROUND

On April 6, 2009, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") filed a Motion for Leave to File a Second Amended Complaint (D.I. 243) in order to, inter alia, add allegations of willful infringement against Nokia. Nokia timely filed an Opposition (D.I. 263) to St. Clair's Motion. Magistrate Judge Stark considered the parties' arguments, and on June 10, 2009, he issued a Memorandum Opinion (D.I. 305) and Order (D.I. 306) granting St. Clair's Motion for Leave to File a Second Amended Complaint. Nokia objects to Judge Stark's decision and seeks the Court's review.

In its Opposition to St. Clair's Motion, Nokia presented three arguments to Judge Stark in support of its position: (1) St. Clair's proposed amendment would be futile since certain facts not in dispute preclude the possibility of Nokia's willful infringement, (2) St. Clair unduly delayed in filing its Motion

2

and/or filed it in bad faith, and (3) allowing the amendment would prejudice Nokia.  (D.I. 263 at 3-4.)

With respect to Nokia's first argument on futility, Judge Stark noted that it was "primarily grounded in the proposition that the granting of reexamination [of the patents-in-suit] by the PTO defeats a claim of willful infringement as a matter of law."  (D.I. 305 at 3.)  He distinguished the circumstances of the present action from those in the case Nokia chiefly relied on for this proposition, Lucent Techs. v. Gateway, Inc., No. 07-CV-2000-H (CAB), 2007 U.S. Dist LEXIS 95934 (S.D. Cal. Oct. 30, 2007).  Judge Stark first pointed out that the decision in Lucent "was rendered in the context of summary judgment," not in the present context of a motion for leave to amend.  (D.I. 305 at 4.)  Second, he observed that the court in Lucent "emphasized that reexamination was one factor, among a totality of the circumstances, to consider in examining whether a party can meet the requirements of Seagate."  (Id.)

Judge Stark rejected the other grounds for Nokia's futility argument, as well as Nokia's bad faith argument.  First, he noted that reexamination certificates were issued "for each of the patents-in-suit without amendment to any of the claims."  (Id.)  Relying on Ultratech Int'l, Inc. v. Aqua-Leisure Indus., Inc. v. Swimways Corp., No. 3:05-cv-134-J-25MCR (M.D. Fla. Mar. 3, 2009), Judge Stark concluded that the issuance of reexamination

3

certificates under the circumstances did not preclude the possibility that Nokia's use of St. Clair's patents could be reasonably considered objectively reckless, pending further discovery. (Id.)  Second, relying on Federal Circuit precedent, Judge Stark concluded that although the Patent and Trademark Office ("PTO") "arguably rendered a different claim construction during reexamination than that which was rendered by the Court . . . , St. Clair has not waived its infringement arguments under the PTO's claim construction, and the Court is not bound by that construction." (Id.)  Third, relying on District Court decisions from the Third and Seventh Circuits, Judge Stark rejected the notion that St. Clair's failure to seek a preliminary injunction necessarily precludes a claim for willful infringement. (Id. at 5.)  Given these facts, together with "the PTO's ultimate granting of reexamination certificates without amendment, previous jury verdicts in favor of St. Clair, and the licenses of the patents-in-suit taken by numerous parties," Judge Stark rejected Nokia's futility and bad faith arguments. (Id.)

Judge Stark rejected Nokia's remaining arguments as well. He concluded that because St. Clair's Motion came within the time frame he set for amending the pleadings in the Scheduling Order, the Motion was not untimely. (Id. at 3.)  Judge Stark also concluded that Nokia would not suffer undue prejudice as a result of St. Clair's proposed amendment, "even if my ruling leads Nokia

4

to conclude it must file a motion for summary judgment on futility grounds." (Id. at 5.)

## II. DECISION

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, rulings made by the Magistrate Judge on referred matters are reviewed under the clearly erroneous or contrary to law standard of review. Applying this standard here, the Court finds no error in Judge Stark's Memorandum Opinion and Order in response to St. Clair's Motion for Leave to File a Second Amended Complaint.

Nokia relies heavily on Lucent Techs. v. Gateway, Inc. for its key argument that the PTO's reexamination of the patents-in-suit, as well as the resulting claim constructions it issued that differ from this Court's claim constructions, foreclose the possibility of a finding that Nokia was objectively reckless under the standard articulated in In re Seagate Tech., LLC, 497 F.3d 1360 (Fed. Cir. 2007). However, Lucent does not stand for this proposition, or at least, it does not elevate this proposition to the level of a per se rule, as Nokia attempts to style it. In pertinent part, Lucent states:

> The Court does not assume that a reexamination order will always prevent a plaintiff from meeting their burden on summary judgment regarding willful infringement, but it does consider this as one factor among the totality of the circumstances. It does appear that a reexamination order may be taken as dispositive with respect to post-filing conduct. The Seagate court observed that '[a] substantial question about invalidity or infringement is likely

5

sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct.'" Lucent Techs., 2007 U.S. Dist LEXIS 95934 at *18-*19 (emphasis added) (quoting In re Seagate, 497 F.3d at 1374). Both the Lucent court and the Seagate court clearly refrained from creating a per se rule that a reexamination order precludes the possibility of proving willful infringement on summary judgment. Judge Stark correctly rejected Nokia's reading of Lucent as support for its argument that a reexamination order must make futile any attempt to amend a complaint to include a count for willful infringement. As Judge Stark stated, this is so even where the PTO and a District Court do not agree on claim construction because "the Court is not bound by [the PTO's] construction." (D.I. 305 at 4 (citing SRAM Corp. v. AD-II Eng'g, Inc., 465 F.3d 1351, 1359 (Fed. Cir. 2006)).)

The Court also finds no error in Judge Stark's rejection of Nokia's undue delay and prejudice arguments, given that, as Judge Stark noted, St. Clair's motion was filed within the time frame set by the Scheduling Order: "[a]ll motions to amend or supplement the pleadings shall be filed on or before April 6, 2009." (D.I. 166 at 5.)

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Nokia's Objections Pursuant to Fed. R. Civ. P. 72(a) to Magistrate Judge

Stark's Memorandum Opinion Regarding Motion for Leave to File a Second Amended Complaint should be overruled.

An appropriate Order will be entered.