IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Act. No. 04-1436-JJF-LPS |
| | : | |
| MATSUSHITA ELECTRONIC INDUSTRIAL CO., LTD., et al., | : | |
| | : | |
| Defendants. | : | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-403-JJF-LPS |
| | : | |
| VERIZON COMMUNICATIONS, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-404-JJF-LPS |
| | : | |
| PALM, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Pending before the Court are Objections To Report And

Recommendation Regarding Motion To Dismiss For Lack Of Subject

Matter Jurisdiction And For Jurisdictional Discovery (D.I. 203 in Civ. Act. No. 06-404) filed by Defendant Kyocera Wireless Corp. ("Kyocera"). Objections have also been filed by Hewlett-Packard Company (D.I. 296 in Civ. Act. No. 04-1436 ) and Audiovox Communications Corporation, BenQ Corporation, BenQ America Corporation, Siemens AG, Siemens Corporation, and UTStarcom Inc. (D.I. 215 in Civ. Act. No. 06-403). All Defendants rely upon and incorporate into their Objections the arguments made by Kyocera in its Objection. For the reasons discussed, the Court will overrule Defendants' Objections in all of the above-captioned cases and adopt the Report and Recommendation Regarding Motions To Dismiss For Lack Of Subject Matter Jurisdiction And For Jurisdictional Discovery (D.I. 183 in Civ. Act. No. 06-404; D.I. 183 in Civ. Act. No. 06-403; D.I. 276 in Civ. Act. No. 04-1436).

**I.   THE PARTIES' CONTENTIONS**

Defendants contend that Magistrate Judge Stark erred in his interpretation of the inventors' employment agreements. Specifically, Defendants contend that St. Clair lacks standing to sue, because St. Clair did not own the Roberts Patents at the time it initiated these actions. According to Defendants, the Roberts Patents were automatically assigned to Mirage Systems, Inc. pursuant to the inventors' employment agreements and then subsequently transferred to Kodak by Mirage. Defendants contend that Magistrate Judge Stark (1) incorrectly concluded that the

present assignment language in Paragraph 4 does not apply to
employee made inventions; (2) incorrectly concluded that
Kyocera's construction of Paragraph 4 makes the other paragraphs
of the contract superfluous; (3) inappropriately gave the same
words different meaning in different paragraphs of the employment
agreement; (4) interpreted the employment agreement in a way that
creates unreasonable results and (5) failed to apply Federal
Circuit precedent regarding language of present assignment.  At
the very least, Defendants contend that the employment agreements
are ambiguous, and therefore, jurisdictional discovery is
required.

    In response, Plaintiff contends that Magistrate Judge Stark
correctly concluded that only Paragraphs 5 and 6 of the
employment agreements apply to the assignment of employee
"Inventions" and that these provisions lack the requisite
language of present assignment.  As to Paragraphs 3 and 4,
Plaintiff contends that these paragraphs apply only to
"Proprietary Information."  Plaintiff further contends that
Magistrate Judge Stark's interpretation of the employment
agreements is the only interpretation that does not render
Paragraphs 5 and 6 superfluous and does not result in the
unenforceability of paragraphs 3 and 4 under California Law,
which requires an employee to be noticed regarding any assignment
of employee inventive rights.

## II. STANDARD OF REVIEW

When reviewing the decision of a magistrate judge on a dispositive matter, the Court conducts a de novo review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion to dismiss is a dispositive matter. Id. The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceeding. Id.

## III. DISCUSSION

Reviewing the Report and Recommendation of Magistrate Judge Stark de novo, the Court concludes that Magistrate Judge Stark did not err in his interpretation of the employee agreements. The Court finds no ambiguity in the agreements and is further persuaded by the distinction drawn in the agreements between "Inventions" in paragraphs 5 and 6, and "inventions" as that term is used in paragraphs 3 and 4 as an example of what constitutes "Proprietary Information." In the Court's view, this interpretation gives effect to all the provisions of the Employment Agreement and avoids conflict with Section 2870 of the California Labor Code. In this regard, the Court is further persuaded that the reference to Paragraph 6 in the Paragraph 7 notice provision required by the California Labor Code further demonstrates that Paragraph 4 was not intended to cover employee-conceived inventions.

4

In sum, the Court concludes that the Magistrate Judge did not err in his interpretation of the inventors' employment agreements, and the Court fully adopts the rationale set forth by Magistrate Judge Stark in his Report and Recommendation recommending the denial of the pending Motions To Dismiss.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    The Objections To Report And Recommendation Regarding Motion To Dismiss For Lack Of Subject Matter Jurisdiction And For Jurisdictional Discovery (D.I. 203 in Civ. Act. No. 06-404) filed by Defendant Kyocera Wireless Corp. ("Kyocera") are **OVERRULED**.

2.    Defendant Hewlett-Packard Company's Objections To Report And Recommendation Regarding Motion To Dismiss For Lack Of Subject Matter Jurisdiction (D.I. 296 in Civ. Act. No. 04-1436 ) are **OVERRULED**.

3.    The Objections To Report And Recommendation Regarding Motion To Dismiss For Lack Of Subject Matter Jurisdiction And For Jurisdictional Discovery filed by Audiovox Communications Corporation, BenQ Corporation, BenQ America Corporation, Siemens AG, Siemens Corporation, and UTStarcom Inc. (D.I. 204 in Civ. Act. No. 06-403) are **OVERRULED**.

4.    The Report And Recommendation Regarding Motions To Dismiss For Lack Of Subject Matter Jurisdiction And For

Jurisdictional Discovery (D.I. 276 in 04-1436; D.I. 183 in 06-403

and D.I. 183 in 06-404) is **ADOPTED**.

December 4, 2009
DATE

UNITED STATES DISTRICT JUDGE

6