IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., : : : Plaintiff, : : v. : Civ. Act. No. 04-1436-JJF-LPS : MATSUSHITA ELECTRONIC : INDUSTRIAL CO., LTD., et al., : : Defendants. : | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., : : : Plaintiff, : : v. : Civ. Act. No. 06-403-JJF-LPS : VERIZON COMMUNICATIONS, INC., : et al., : : Defendants. : | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., : : : Plaintiff, : : v. : Civ. Act. No. 06-404-JJF-LPS : PALM, INC., et al., : : Defendants. : | |

```
ST. CLAIR INTELLECTUAL PROPERTY   :
CONSULTANTS, INC.,                :
                                  :
              Plaintiff,          :
                                  :
         v.                       :  Civ. Act. No. 08-371-JJF-LPS
                                  :
RESEARCH IN MOTION, LTD.,         :
et al.,                           :
                                  :
              Defendants.         :
_____:_____
ST. CLAIR INTELLECTUAL PROPERTY   :
CONSULTANTS, INC.,                :
                                  :
              Plaintiff,          :
                                  :
         v.                       :  Civ. Act. No. 08-373-JJF-LPS
                                  :
FUJIFILM HOLDINGS CORPORATION,    :
et al.,                           :
                                  :
              Defendants.         :
```

### MEMORANDUM ORDER

Pending before the Court are Defendants' Objections to Magistrate Judge Stark's Report And Recommendation Regarding Claim Construction (D.I. 599 in Civ. Act. No. 04-1436-JJF-LPS; D.I. 319 in Civ. Act. No. 06-403-JJF-LPS; D.I. 369 in Civ. Act. No. 06-404-JJF-LPS; D.I. 257 in 08-371-JJF-LPS; D.I. 177 in Civ. Act. No. 08-373-JJF-LPS). For the reasons discussed, the Court will overrule the Objections and adopt Magistrate Judge Stark's Report and Recommendation (D.I. 531 in Civ. Act. No. 04-1436-JJF-LPS; D.I. 299 in Civ. Act. No. 06-403-JJF-LPS; D.I. 334 in Civ. Act. No. 06-404-JJF-LPS; D.I. 229 in 08-371-JJF-LPS; D.I. 163 in Civ. Act. No. 08-373-JJF-LPS).

I.  **PARTIES' CONTENTIONS**

Defendants contend that Magistrate Judge Stark failed to properly consider new extrinsic evidence from the reexamination proceedings in considering the claim terms in dispute. In this regard, Defendants contend that Magistrate Judge Stark should have given deference to the PTO's broadest reasonable claim construction, because the PTO allowed the claims to emerge from the reexamination proceedings without amendment. In particular, Defendants object to the following terms defined by Magistrate Judge Stark in the Report and Recommendation: "plurality of different data formats;" various terms using the word "image;" "electronic camera" and "digital camera"; "storage device," digital memory" and "memory element;" and several terms which Defendants contend should be construed as means plus function terms. Defendants also contend that the steps of certain method claims must be performed in a particular order. In addition, Defendants contend that Magistrate Judge Stark failed to consider and rule upon several claim construction terms presented in Defendants' briefs, specifically "digital electronic information signals," "digital electronic signal," "digital image signal," and "digital data information signals."

In response, Plaintiff contends that Defendants' objections reiterate arguments that have already been rejected by this Court on more than one occasion. Plaintiff contends that Magistrate

Judge Stark properly considered the PTO's claim construction opinions but, in accordance with Federal Circuit precedent, properly concluded that the PTO's opinions do not limit or trump the Court's claim construction. Plaintiff also contends that Defendants' proposed claim constructions are inconsistent with the preferred embodiment and specifications of the patents in suit.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(3), the Court may accept, reject, or modify the recommendations of the magistrate judge. The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceeding. Objections to the magistrate judge's conclusions with regard to the legal issue of claim construction are reviewed de novo. 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Court has reviewed the objections raised by Defendants and concludes that Magistrate Judge Stark did not err in his claim construction decisions. In reaching this conclusion, the Court notes that it has considered and rejected many of Defendants' arguments in the context of previous litigation concerning the patents-in-suit. St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc., 2004 WL 1941340 (D. Del. Aug.

4

31, 2004); St. Clair Intellectual Property Consultants, Inc. v. Sony Corporation, 2002 WL 31051605 (D. Del. Sept. 3, 2002). However, as Magistrate Judge Stark properly noted, these constructions are not dispositive here because several Defendants were clearly not parties to the prior actions.

Nevertheless, the Court is not persuaded that its previous constructions are erroneous, and in the Court's view, Magistrate Judge Stark's proposed constructions for all the terms, regardless of whether they were considered previously by the Court, are consistent with the plain language of the claims and the specifications of the patents-in-suit. Further, the Court cannot conclude that Magistrate Judge Stark erred in his consideration of the PTO's statements during claim construction. Magistrate Judge Stark gave the PTO's statements due consideration, but correctly noted that they are not dispositive with regard to the Court's claim construction which must be rendered de novo.

As for the claim terms which Defendants contend that Magistrate Judge Stark failed to consider, the Court notes that these terms are related to the term "image," and Defendants' construction concerns for these terms implicate the issue of whether an image can comprise full motion video. Plaintiff did not propose constructions for these terms, and the Court notes that Magistrate Judge Stark adopted Plaintiff's contention that

5

the term "image" does not require construction.  Specifically, the Magistrate Judge stated, "I agree with St. Clair that no construction is necessary, and certainly not a construction that would limit the claims to 'still pictures.'" (Report & Recommendation at 20).  Given Magistrate Judge Stark's conclusion regarding the construction of the term "image," which the Court adopts, the Court is not persuaded that these additional terms require construction.

In sum, the Court agrees with Magistrate Judge Stark's conclusions and fully adopts the rationale set forth in his Report and Recommendation.  Accordingly, the Court will overrule Defendants' Objections and adopt Magistrate Judge Stark's Report and Recommendation on claim construction.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.   Defendants' Objections to Magistrate Judge Stark's Report And Recommendation Regarding Claim Construction (D.I. 599 in Civ. Act. No. 04-1436-JJF-LPS; D.I. 319 in Civ. Act. No. 06-403-JJF-LPS; D.I. 369 in Civ. Act. No. 06-404-JJF-LPS; D.I. 257 in 08-371-JJF-LPS; D.I. 177 in Civ. Act. No. 08-373-JJF-LPS) are **OVERRULED**.

2.   Magistrate Judge Stark's Report and Recommendation Regarding Claim Construction (D.I. 531 in Civ. Act. No. 04-1436-JJF-LPS; D.I.  299 in Civ. Act. No. 06-403-JJF-LPS; D.I. 334 in

Civ. Act. No. 06-404-JJF-LPS; D.I. 229 in 08-371-JJF-LPS; D.I. 163 in Civ. Act. No. 08-373-JJF-LPS) is **ADOPTED**.

February 24, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE