# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-1436-JJF-LPS |
| | : | |
| SAMSUNG ELECTRONICS CO., LTD., et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-403-JJF-LPS |
| | : | |
| SIEMENS AG, et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-404-JJF-LPS |
| | : | |
| LG ELECTRONICS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

ST. CLAIR INTELLECTUAL PROPERTY     :
CONSULTANTS, INC.,     :
    :
        Plaintiff,     :
    :
      v.     :    Civil Action No. 08-371-JJF-LPS
    :
    :
RESEARCH IN MOTION LTD., et al.,     :
    :
        Defendants.     :

ST. CLAIR INTELLECTUAL PROPERTY     :
CONSULTANTS, INC.,     :
    :
        Plaintiff,     :
    :
      v.     :    Civil Action No. 08-373-JJF-LPS
    :
    :
FUJIFILM HOLDINGS CORPORATIONS,     :
et al.,     :
    :
        Defendants.     :

## ORDER ON DEFENDANTS' MOTION TO STAY
## AND REPORT AND RECOMMENDATION ON
## <u>MOTION TO CERTIFY INTERLOCUTORY APPEAL</u>

The defendants in these patent infringement actions (collectively, "Defendants") filed a

Motion to Stay Expert Discovery and Trial Until Resolution of the Cross-Appeals in *St. Clair v.*

*Fujifilm I* and Any Interlocutory Appeal to the Federal Circuit ("Motion to Stay"). (D.I. 647)[1]

Concurrently, they filed a Motion to Certify the Claim Construction Order for Interlocutory

---

[1]Unless otherwise noted, all references to Docket Index ("D.I.") numbers are to entries in
the docket for C.A. No. 04-1436-JJF-LPS. Both pending Motions have been filed in each of the
actions listed in the case caption.

Appeal Pursuant to 28 U.S.C. § 1292(b) ("Motion to Certify").  (D.I. 645)  Plaintiff, St. Clair

Intellectual Property Consultants, Inc. ("St. Clair"), opposes both motions.  (D.I. 742; D.I. 744)

For the reasons set forth below, the Court denies the Motion to Stay and recommends that the

Court grant the Motion to Certify.


## BACKGROUND

St. Clair filed its first action alleging infringement of the patents-in-suit (hereinafter

referred to as "the Roberts patents") more than eight years ago.  This Court first construed claim

terms in the Roberts patents in September 2002, in an action from which no appeal was taken (as

the case settled).  *See* C.A. No. 01-557-JJF D.I. 112.

In February 2003, St. Clair filed a second infringement action against the various

defendants, including current Defendant Fujifilm.  *See* C.A. No. 03-241-JJF ("*Fujifilm I*").  In

*Fujifilm I*, this Court issued its order construing the disputed claim terms in the Roberts patents

on August 31, 2004.  *See Fujifilm I* D.I. 749.  Subsequently, in October 2004, two jury trials in

*Fujifilm I* ended with verdicts for St. Clair.  Final judgment in *Fujifilm I* was entered in

November 2009.  *See Fujifilm I* D.I. 1078.

In *Fujifilm I*, Defendant Fujifilm has filed an appeal in the Federal Circuit.  In its appeal,

Fujifilm challenges (among other things) this Court's construction of the Roberts patents'

"different data format" terms.  (D.I. 1079 at 1)  St. Clair has filed a cross-appeal in *Fujifilm I*.

(D.I. 1081)  The parties anticipate that briefing on the pending appeal will be completed in May

2010, oral argument will be heard in July 2010, and a decision will likely be issued by the end of

2010.  (D.I. 648 at 1; D.I. 752 at 1)

3

Meanwhile, between November 2004 and June 2008, St. Clair filed the instant infringement actions in this Court.  In these actions, St. Clair again alleges infringement of the Roberts patents.  On November 13, 2009, I provided recommended constructions of disputed claim terms, including the same "different data format" terms that Judge Farnan had construed in *Fujifilm I*.  (D.I. 531)  On February 24, 2010, Judge Farnan adopted the recommended constructions.  (D.I. 719)

This Court's construction of the "different data format" terms in the instant actions is the same as the construction that this Court adopted in *Fujifilm I*.  This Court's construction, however, differs from the construction endorsed by the U.S. Patent and Trademark Office ("PTO") during reexamination of the Roberts patents, proceedings that occurred between this Court's 2004 and 2010 claim construction rulings.  (D.I. 531 at 13-17; D.I. 648 at 2 (excerpting Judge Farnan transcript statement); D.I. 648 at 7 (quoting PTO Examiner stating that Examiner agreed "that in light of the disclosure a very different interpretation than that adopted by the court [in *Fujifilm I*] must be made"))

## THE PARTIES' CONTENTIONS

In support of their Motion to Stay, Defendants contend that the continued litigation of these actions will disserve the interests of judicial economy and efficiency as well as unfairly prejudice them with regards to any invalidity issues they may raise.  According to Defendants, efficiency would be best served by staying the instant case pending conclusion of the *Fujifilm I* appeal because the Federal Circuit's decision there on claim construction will control the dispositive issue of claim construction here.  Defendants submit that this will not only simplify

4

the issues for trial in the instant cases, it will also prevent the waste of resources – those of both the parties and the Court – if the Federal Circuit adopts a construction that differs from the one adopted by this Court. Defendants also contend they will be prejudiced if they are required to overcome the presumption of patent validity by clear and convincing evidence in a case in which the Court's claim construction differs markedly from the construction the PTO endorsed in permitting the patents to emerge from reexamination without amendment. Defendants further contend that St. Clair will suffer no prejudice if a stay is granted because fact discovery is completed, any delay would be brief, and St. Clair neither competes directly with any Defendant nor is it entitled to injunctive relief.

Defendants make essentially the same arguments in support of their Motion to Certify. Defendants insist that these actions clearly satisfy the requirements of 28 U.S.C. § 1292(b) ("Section 1292(b)") for certification of an interlocutory appeal. Defendants contend that the disagreement between the PTO and the Court regarding proper construction of the claims in the Roberts patents demonstrates there is reasonable ground for difference of opinion as to the proper construction of these claims and that an immediate appeal of this Court's claim construction order would materially advance these cases because the claim construction issues are controlling. Specifically, Defendants assert that they would not infringe under the claim construction endorsed by the PTO.

In opposing both motions, St. Clair contends that the balance of the equities weighs against a stay of these actions, primarily because it is likely the Federal Circuit will affirm this Court's claim construction, which has remained consistent across all St. Clair's actions alleging infringement of the Roberts patents. St. Clair emphasizes that, as a matter of settled law, this

Court's claim construction controls over a conflicting PTO construction.  St. Clair also contends that even if the Federal Circuit in the *Fujifilm I* appeal construes the claim terms differently than this Court has, that ruling will not be dispositive in the instant actions, since St. Clair may still be able to prove infringement under a different construction.  St. Clair submits that it will suffer undue prejudice and injury if this action is stayed because it will delay trial – currently scheduled for September 2010 – until sometime after the Roberts patents expire in November 2010.  St. Clair also points out that a stay will frustrate the Court's Scheduling Order and be wasteful of the significant time and resources that have been already devoted to preparing these cases for trial. Thus, St. Clair contends that denying the stay will promote judicial economy and efficiency in these actions.

With respect to the Motion to Certify, St. Clair adds that certification of this Court's claim construction order would be inappropriate because the requirements of Section 1292(b) are not satisfied.  St. Clair contends that certification by this Court of an interlocutory appeal will not materially advance this litigation because the Federal Circuit will not grant interlocutory review of a claim construction ruling absent exceptional circumstances not present here.  St. Clair further asserts that there is no controlling issue of law for which there is a substantial ground for a difference of opinion because it is well-settled that this Court's claim construction controls over the contrary PTO construction.

## DISCUSSION

The court's power to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket.  *See Landis v. North American Co.*, 299 U.S. 248, 254

(1936). Deciding whether to stay a case is purely a matter of discretion. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). In determining how to exercise its discretion with respect to a motion to stay, a court considers such factors as: (1) the length of the stay requested, (2) the "hardship or inequity" that the movant would face in going forward with the litigation, (3) the injury that a stay would inflict upon the non-movant, and (4) whether a stay will simplify issues and promote judicial economy. *See Landis*, 299 U.S. at 254-55. Generally, if there is a chance that a stay would damage the non-moving party, the party requesting a stay must make out a clear case of hardship or inequity in being required to go forward with the litigation. *See id.* at 255.

Weighing the circumstances of the instant actions in light of the competing interests of the parties, I conclude that a stay is not warranted at this time. Defendants assert that further proceedings in these actions should be stayed until after the Federal Circuit resolves the *Fujifilm I* appeal because the Federal Circuit's ruling there may otherwise necessitate relitigation of the instant actions. However, both the timing and outcome of the *Fujifilm I* appeal are speculative. Notwithstanding Defendants' (and the PTO's) disagreement with this Court's claim construction, it remains possible that the Federal Circuit will affirm this Court's construction of the "different data format" terms. If it does so, a stay will have accomplished nothing but delay – delay of at least six months, and perhaps significantly longer. Moreover, even if the Federal Circuit construes the claims differently than this Court has done, it is not clear that such a ruling would be case-dispositive; whether some or all of Defendants' accused devices infringe under

alternative constructions appears to be a disputed issue.[2] After the parties and the Court have invested such substantial resources in litigating these actions, and in keeping them on track for a September 2010 trial, I am not persuaded that a stay would promote judicial economy.

Defendants insist they face great potential prejudice and hardship in going forward with this litigation on the current claim construction because they may be required to overcome the presumption of patent validity by clear and convincing evidence despite the fact that, they assert, the PTO found the Roberts patents to be valid only based on a narrower construction than this Court has adopted. However, this Court has made no ruling on this issue yet, nor has it been requested to do so.[3] I am not persuaded that this unresolved question – which may or may not even be addressed in the course of the *Fujifilm I* appeal – presents a reason to stay these actions.

Although the Court declines to stay the instant actions pending the outcome of the *Fujifilm I* appeal, I do recommend that this Court certify its claim construction order in the instant cases for interlocutory appeal.[4] Certification of a district court order for an interlocutory appeal is appropriate "[w]hen a district judge ... [is] of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and

---

[2] Although Defendants argue at length that St. Clair has conceded that it cannot prove infringement under the PTO's construction, *see, e.g.*, D.I. 648 at 5; D.I. 646 at 9, St. Clair vehemently denies it has done so, *see, e.g.*, D.I. 742 at 9; D.I. 744 at 10-11 & n.13.

[3] In my claim construction recommendation, I noted that the issue had been raised and indicated that it might need to be addressed in connection with jury instructions. *See* D.I. 531 at 17 n.9.

[4] "A magistrate judge, acting pursuant to a reference under § 636(b)[], has no authority to issue a dispositive ruling on a motion to certify a district court order for interlocutory appeal under § 1292(b)." *Vitols v. Citizens Banking Company*, 984 F.2d 168, 169-170 (6th Cir. 1993). In such circumstances, a magistrate judge is limited to issuing a report and recommendation. *See id.* at 169.

that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The decision to certify an order for appeal under Section 1292(b) lies within the sound discretion of the district court." *In re Montgomery Ward & Co., Inc.,* 2006 WL 2989270 (D. Del. Oct. 18, 2006). Once certified, "[a]cceptance of such an appeal is also subject to the absolute discretion" of the Federal Circuit. *Nystrom v. Trex Co. Inc.,* 339 F.3d 1347, 1351 (Fed. Cir. 2003).

The proper construction of the disputed claim terms in the Roberts patents is a controlling question of law as to which there is substantial ground for difference of opinion. This is particularly true of the question of the appropriate construction of the "different data format" terms. The construction of these terms may not be fully dispositive – that is, as already noted, St. Clair may be able to prove infringement even under a construction that differs from the construction adopted by this Court – but a definitive, appellate ruling on the meaning of these terms will certainly have, at minimum, a substantial impact on the remaining proceedings in the instant cases. That there is substantial ground for difference of opinion on the proper construction of these terms is evident from the competing views of this Court and the PTO. Finally, immediate appellate review of claim construction in the unique circumstances of the instant cases may materially advance the ultimate termination of the litigation.

St. Clair contends an interlocutory appeal will not advance the litigation because the Federal Circuit will not grant the appeal. As other district courts have recognized, "the Federal Circuit rarely grants interlocutory review of claim construction orders." *Thomas & Betts Power Solutions, L.L.C. v. Power Distrib., Inc.,* 2008 WL 779518, at *2 (E.D. Va. Mar. 21, 2008); *see also Canon, Inc. v. GCC Int'l Ltd.,* 263 Fed. Appx. 57, 61 (Fed. Cir. 2006) ("This court does not

encourage interlocutory appeal from claim construction decisions."); *Nystrom*, 339 F.3d at 1351 (stating that interlocutory appeals are "rarely granted").  In the unusual circumstances presented here, this is not an argument against certifying an interlocutory appeal; rather, it is an argument against staying these cases, unless and until an interlocutory appeal is accepted by the Federal Circuit.

While there are certainly characteristics of the claim construction order in the instant cases that distinguish it from the typical claim construction order, there remains a substantial possibility that the Federal Circuit will adhere to its standard practice and refuse to accept an interlocutory appeal.  Given this, I do not find a basis to stay these cases at this point.  The interests of judicial economy and efficiency will be best served by certification of the claim construction order for an immediate interlocutory appeal <u>and</u>, in the meantime, continued litigation of these actions.

Thus, I recommend certification of an interlocutory appeal from this Court's claim construction order in the instant cases.  I further recommend that <u>if</u> Judge Farnan adopts my recommendation to certify <u>and if</u> the Federal Circuit accepts this appeal, then these actions should be stayed.  Unless and until that time, however, the balance of equities favors proceeding with this litigation on the current schedule, for all the reasons already discussed.

## **ORDER AND RECOMMENDED DISPOSITION**

For the reasons discussed above:

1.      **IT IS HEREBY ORDERED THAT** Defendants' Motion to Stay (C.A. 04-1436-JJF-LPS D.I. 647; C.A. 06-403-JJF-LPS D.I. 333; C.A. 06-404-JJF-LPS D.I. 415; C.A. 08-371-

JJF-LPS D.I. 271; C.A. 08-373-JJF-LPS D.I. 189) is **DENIED**.

      2.      **IT IS FURTHER RECOMMENDED** that Defendants' Motion to Certify (C.A.

04-1436-JJF-LPS D.I. 645; C.A. 06-403-JJF-LPS D.I. 331; C.A. 06-404-JJF-LPS D.I. 413; C.A.

08-371-JJF-LPS D.I. 269; C.A. 08-373-JJF-LPS D.I. 187) be **GRANTED**.

      This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections

**of no longer than ten (10) pages within ten (10) days after being served with a copy of this**

**Report and Recommendation**.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal

conclusions may result in the loss of the right to de novo review in the district court.  *See*

*Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed.

Appx. 924, 925 n.1 (3d Cir. 2006).  **A party responding to objections may do so within ten**

**(10) days after being served with a copy of objections; such response shall not exceed ten**

**(10) pages.  No further briefing shall be permitted with respect to objections without leave**

**of the Court.**

      The parties are directed to the Court's Standing Order In Non-*Pro Se* Matters For

Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is

available on the Court's website, www.ded.uscourts.gov/StandingOrdersMain.htm.


Dated: March 28, 2010                  Hon. Leonard P. Stark
Wilmington, Delaware             UNITED STATES MAGISTRATE JUDGE