# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY
CONSULTANTS, INC.,      )
     )
     )
       Plaintiff,      )
     )
     vs.      )
     )
SAMSUNG ELECTRONICS CO., *et al.*,      )
     )
       Defendants.      )

C.A. No. 04-1436-JJF-LPS

**JURY TRIAL DEMANDED**

**PUBLIC VERSION - REDACTED**

## MEMORANDUM IN SUPPORT OF DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

OF COUNSEL:

Charlene M. Morrow
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Heather N. Mewes
David D. Schumann
Bryan A. Kohm
Jeffrey V. Lasker
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Dated: April 12, 2010

**Public Version Dated:
April 19, 2010**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Hewlett-Packard Company*

# TABLE OF CONTENTS

I.     NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II.    SUMMARY OF ARGUMENT ....................................................................................... 1

III.   STATEMENT OF UNDISPUTED FACTS ...................................................................... 2

   A.    The Asserted Claims ........................................................................................ 2

      1.    '459 Patent, Claims 16 and 17 .................................................................. 3

      2.    '219 Patent, Claims 10 and 12 .................................................................. 3

      3.    '010 Patent, Claim 1 ................................................................................ 4

      4.    '899 Patent, Claims 3 and 4 ..................................................................... 4

   B.    HP's Accused Products ..................................................................................... 4

   C.    The Evidence Demonstrates that No Single Actor Performs All of the Steps of
         the Asserted Method Claims ............................................................................. 5

IV.    LEGAL STANDARD FOR SUMMARY JUDGMENT ...................................................... 6

V.     ARGUMENT ............................................................................................................. 6

   A.    St. Clair Cannot Prevail on its Claims of Contributory Infringement Because It
         Cannot Establish that the Accused Products Lack a Substantial Non-Infringing
         Use ................................................................................................................... 6

   B.    The Asserted Method Claims Cannot Be Infringed Because No Single Actor
         Performs Every Step of the Claimed Method ..................................................... 8

   C.    St. Clair Lacks Sufficient Evidence to Prove Infringement of Any of the Asserted
         Claims .............................................................................................................. 10

VI.    CONCLUSION .......................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)...................................................................................................6

*Bayer AG v. Elan Pharm. Research Corp.*,
212 F.3d 1241 (Fed. Cir. 2000)................................................................................10

*BMC Res., Inc. v. Paymentech L.P.*,
498 F.3d 1373 (Fed. Cir. 2007)................................................................................8,9

*Celotex Corp, v. Catrett*,
477 U.S. 317 (1986)............................................................................................2, 6, 11

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
424 F.3d 1293 (Fed. Cir. 2005)................................................................................8, 9

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004)................................................................................10

*Gentry Gallery, Inc. v. Berkline Corp.*,
134 F.3d 1473 (Fed. Cir. 1998)................................................................................6

*Kemco Sales, Inc. v. Control Papers Co.*,
208 F.3d 1352 (Fed. Cir. 2000)................................................................................11

*Lockheed Martin Corp. v. Space Sys./Loral, Inc.*,
324 F.3d 1308 (Fed. Cir. 2003)................................................................................10

*Muniauction, Inc. v. Thomson Corp.*,
532 F.3d 1318 (Fed. Cir. 2008)................................................................................8, 9

*Novartis Corp. v. Ben Venue Labs., Inc.*,
271 F.3d 1043 (Fed. Cir. 2001)................................................................................6

*Universal Elecs., Inc. v. Zenith Elecs. Corp.*,
846 F. Supp. 641 (N.D. Ill. 1994)............................................................................7

*V-Formation, Inc. v. Benetton Group SpA*,
401 F.3d 1307 (Fed. Cir. 2005)................................................................................10

*Wahpeton Canvas Co. v. Frontier, Inc.*,
870 F.2d 1546 (Fed. Cir. 1989)................................................................................10

**STATUTES**

35 U.S.C. § 271(a) ....................................................................................................8, 10

35 U.S.C. § 271(c) ...........................................................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(c) ........................................................................................................6

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Fact and expert discovery have closed. This action is set for trial on September 7, 2010 before Judge Farnan, and the pretrial conference is scheduled for July 23, 2010.

Currently pending before the Court is a motion to certify an interlocutory appeal of the Court's claim construction. Magistrate Judge Stark issued a Report and Recommendation conditionally granting the requested certification for interlocutory appeal, and the parties are currently preparing the objections and responses thereto.

## II.    SUMMARY OF ARGUMENT

1.    Hewlett-Packard Company ("HP") hereby moves for summary of judgment of non-infringement because St. Clair Intellectual Property Consultants, Inc. ("St. Clair") cannot carry its burden of proof of establishing that the accused HP products practice each and every limitation of the asserted claims of the patents-in-suit.

2.    First, the Court should grant summary adjudication that St. Clair cannot succeed on its claims for contributory infringement because St. Clair cannot contest that the use of still photograph mode is a substantial non-infringing use of both the accused HP cameras and accused HP handhelds and cell phones.

3.    Second, summary judgment must also be granted as to the asserted method claims because the evidence demonstrates that no single actor performs each of the steps of the claims. St. Clair contends the selecting step of the method claims is performed by the manufacturer of the devices, while the remaining steps are performed by the end user.[1] As such, a finding that HP infringes those claims is barred as a matter of law.

---

[1] For the purpose of this motion alone, HP views the facts in a manner most favorable to St. Clair, and refers to St. Clair's version of the facts, notwithstanding obvious errors therein. By accepting St. Clair's account for this motion, HP in no way adopts this factual account nor waives any right to put on contrary evidence at trial.

4.    Finally, the evidence offered by St. Clair during fact and expert discovery reveals St. Clair is unable to prove HP's accused products infringe, either directly or indirectly, each limitation of each of the asserted claims of the patents-in-suit. St. Clair, as the patentee, carries the burden of coming forth with evidence sufficient to demonstrate that it can carry its burden of proof of establishing infringement at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). St. Clair cannot make that showing.

5.    Accordingly, HP respectfully requests the Court grant (1) summary judgment of non-infringement of the following method claims: claims 3 and 4 of the '899 patent, and claims 16 and 17 of the '459 patent; (2) summary judgment of non-infringement of the claims of the patents in suit; and (3) summary adjudication of St. Clair's claim for contributory infringement of each of the asserted claims.

## III.    STATEMENT OF UNDISPUTED FACTS

### A.    THE ASSERTED CLAIMS

St. Clair is asserting claims 16 and 17 of the '459 patent, claims 10 and 12 of the '219 patent, claim 1 of the '010 patent, and claims 3 and 4 of the '899 patent.[2] Declaration of Richard L. Horwitz In Support of Defendant Hewlett-Packard Company's Motion for Summary Judgment of Non-Infringement ("Horwitz Decl."), Ex. A (Expert Report of Thomas A. Gafford, dated January 11, 2010 ("Gafford Report")) at pp. 8-9. The asserted claims are reproduced below.

---

[2] St. Clair previously asserted additional claims, but narrowed the asserted claims to those listed here. St. Clair therefore cannot object to entry of summary judgment as to the unasserted claims. St. Clair also has not offered any evidence regarding whether HP's products allegedly infringe the patents-in-suit under the doctrine of equivalents. St. Clair thus also cannot object to the entry of summary judgment as to all patents on the doctrine of equivalents.

### 1. '459 Patent, Claims 16 and 17

16. A process for storing an electronically sensed video image comprising the steps of:

    generating an analog image signal corresponding to the imagewise pattern of radiant light incident on a plurality of light sensing pixel elements,

    converting the analog image signals into digital electronic information signals wherein a distinct digital electronic signal corresponds to the analog image signals corresponding to the intensity of radiant light falling on the light sensing pixel elements,

    temporarily storing the digital electronic information signals,

    recording in selectable addressible memory means at least one of a plurality of different digital output data format codes where each of said plurality of output data format codes corresponds respectively to one of a like plurality of different data formats for different types of computer apparatus,

    selecting from said selectable addressible memory means one of said different digital output data format codes to be associated with each said digital electronic information signals, and

    storing said digital electronic information signals in a digital memory in accordance with said selected output data format code.

17. The process of claim 16 further including steps of:

    detecting the presence at an electronic still camera of a remotely generated activating signal, and

    activating said generating of said analog signal in response to the detecting of said activating signal.

### 2. '219 Patent, Claims 10 and 12

10. An electronic camera comprising:

    means for capturing image data corresponding to a selected image;

    means for digitizing captured image data;

    removably mounted memory means for storing digitized image data;

    output data format control means for storing in said camera at least one of a plurality of different output data format codes where each of said plurality of output data format codes corresponds respectively to at least one of a plurality of different data file formats for different types of computer apparatus; and

    logic means responsive to said format control means for selectively controlling the formatting of said digitized captured image data in

accordance with a selected one of said plurality of different output data format codes.

12. The device of claim 10 further comprising

image resolution determining means for selectively determining which of a plurality of compression algorithm parameters are to be applied to said digitized image data.

### 3. '010 Patent, Claim 1

1. A digital camera for taking pictures and storing them in a removable storage device in the camera, said digital camera apparatus comprising:

an image pick-up unit for generating and outputting a digital image signal photoelectrically converted from an image incident thereon, and

a digital control unit for formatting said digital image signal in one of a plurality of computer formats.

### 4. '899 Patent, Claims 3 and 4

3. For use in an electronic camera having an image pick-up unit and a storage device, a process for taking and storing digital pictures, the process comprising:

selecting one of a plurality of computer image file formats in the camera;

generating a digital image signal corresponding to an image incident on the image pick-up unit;

formatting the digital image signal in the selected computer image file format; and

storing the formatted computer image file in the storage device.

4. A process as in claim 3,

wherein the storage device is removable.

### B. HP'S ACCUSED PRODUCTS

The accused HP devices are PhotoSmart digital cameras and iPAQ handhelds. Horwitz

Decl., Ex. A (Gafford Report) at pp. 9-10. The primary function of the PhotoSmart digital

cameras is to take still pictures. *Id.*, Ex. B (Deposition of Scott D. Niedringhaus, taken on

December 7, 2009 ("Niedringhaus Dep.")) at 133:8-134:12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. While the iPAQ handhelds are smartphones and personal

digital assistants (PDAs), they also have camera functionality. *Id.*, Ex. A (Gafford Report) at

pp. 9-10; Ex. C (Deposition of Robert L. Stevenson, taken on March 10, 2010 ("Stevenson

- 4 -

Dep.")) at 32:2-15. All of the accused HP devices have the capability of capturing still images. *Id.*, Ex. B (Niedringhaus Dep.) at 133:8-134:12 ██████████████████████████

██████████ With the exception of two cameras, all of the accused devices also have the capability of capturing videos. *Id.*, Ex. D (Deposition of Thomas Gafford, taken on February 24, 2010 ("Gafford Dep.")) at 113:25-114:19; Ex. E (Expert Witness Report of Robert L. Stevenson, Ph.D., dated February 17, 2010 ("Stevenson Report")) at ¶ 35.

### C. THE EVIDENCE DEMONSTRATES THAT NO SINGLE ACTOR PERFORMS ALL OF THE STEPS OF THE ASSERTED METHOD CLAIMS

The evidence in this action demonstrates that steps of the asserted method claims are performed by multiple actors. St. Clair has asserted two independent method claims--claim 3 of the '899 patent and claim 16 of the '459 patent. *Id.*, Ex. A (Gafford Report) at p. 9. Both claims require selection of one of a plurality of formats, among other limitations. Specifically, claim 3 of the '899 patent requires "*selecting* one of a plurality of computer image file formats in the camera." *Id.*, Ex. F ('899 Patent) at 12:56-57 (emphasis added). Claim 16 of the '459 patent similarly requires "recording in *selectable* addressable memory means at least one of a plurality of different digital output data format codes" and "*selecting* from said selectable addressable memory means one of said different digital output data format codes." *Id.*, Ex. G ('459 Patent) at 15:35-36; 16:5-7 (emphasis added).

St. Clair's technical expert, Thomas Gafford, testified the selection step is performed by the manufacturer. Specifically, Mr. Gafford testified that the camera is preprogrammed to start up in a particular mode which is a default set by the camera manufacturer. *See id.,* Ex. D (Gafford Dep.) at 167:2-168:8. As such, according to Mr. Gafford, two actors—the user and the manufacturer perform the steps of the asserted method claims.

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████

## IV. LEGAL STANDARD FOR SUMMARY JUDGMENT

"Summary judgment is appropriate when, after opportunity for discovery and upon motion, there is no genuine dispute of material fact for trial and one party is entitled to judgment as a matter of law." *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001); *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998); Fed. R. Civ. P. 56(c). Where the nonmoving party bears the burden of persuasion at trial, the moving party's burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to present evidence that could permit a trier of fact to find in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-56 (1986).

## V. ARGUMENT

### A. ST. CLAIR CANNOT PREVAIL ON ITS CLAIMS OF CONTRIBUTORY INFRINGEMENT BECAUSE IT CANNOT ESTABLISH THAT THE ACCUSED PRODUCTS LACK A SUBSTANTIAL NON-INFRINGING USE

St. Clair cannot prove the accused devices lack a substantial non-infringing use, and therefore partial summary judgment is proper as to its claim for contributory infringement of the asserted claims. For St. Clair to prove contributory infringement, it must prove there is not any "substantial noninfringing use" for the accused products. 35 U.S.C. § 271(c). "[T]he Federal Circuit [has] made clear that the relevant inquiry is whether there are substantial non-infringing uses for a device, not whether a device is designed so as to allow infringement of a patented

process." *Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F. Supp. 641, 651 (N.D. Ill. 1994) (citing *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 674 (Fed. Cir. 1990). Absent such a showing by the patentee, summary judgment must be entered. *Universal*, 846 F. Supp. at 652.

There is no genuine dispute of fact that the HP accused products have substantial non-infringing uses. HP's digital cameras and iPAQ handhelds are able to function exclusively in the still image mode, and indeed there is no need or requirement that the video mode (or alternate still image format mode, as applicable to two cameras) ever be used. Horwitz Decl., Ex. D (Gafford Dep.) at 167:16-168:17; *see also id.*, Ex. E (Stevenson Report) at ¶ 80. Indeed, similar to the television remote controllers in *Universal*, which were alleged to infringe only when in a certain mode directed toward controlling Zenith televisions, HP's accused products are alleged to infringe only when switching between capture modes. *See Universal*, 846 F. Supp. at 651.

In addition, some of the asserted claims also require the use of removable memory. *See supra* at III.A.2. – II.A.4 ('219 patent, claims 10, 12; '010 patent, claim 1; '899 patent claim 4.) With regard to those claims, there is no dispute that HP's cameras and iPAQs not sold with removable memory do not need removable memory to operate. *See* Horwitz Decl., Ex. E (Stevenson Report) at ¶ 93; *see also id.*, Ex. I (PhotoSmart 430 series User Guide) at HPSTC0001079; Ex. J (PhotoSmart E427 User Guide) at HPSTC0002842; Ex. K (PhotoSmart M437/M537 User Guide) at HPSTC0003763; Ex. L (PhotoSmart R817/R818 User's Manual) at HPSTC0004752, HPSTC0004769-70; Ex. M (iPAQ 510 Product Guide) at HPSTC0000048. As such, both the digital cameras and iPAQ handhelds sold by HP are capable of substantial non-infringing uses.

Because St. Clair cannot carry its burden of proving that the HP accused products lack

substantial non-infringing uses, partial summary adjudication as to St. Clair's claim for contributory infringement of each of the asserted claims must be granted.

### B. THE ASSERTED METHOD CLAIMS CANNOT BE INFRINGED BECAUSE NO SINGLE ACTOR PERFORMS EVERY STEP OF THE CLAIMED METHOD

Summary judgment must be granted as to the asserted method claims because no single actor performs all of the steps of the patented method.

The statute governing direct infringement expressly requires that *a single actor* make, use, sell, offer to sell in the United States, or import into the United States, a claimed invention. 35 U.S.C. § 271(a). Controlling Federal Circuit precedent reinforces this single actor requirement. *See BMC Res., Inc. v. Paymentech L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007); *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005).

In *BMC*, the Federal Circuit analyzed the issue of joint infringement by multiple parties. In a unanimous opinion, the Court quoted § 271(a) and stated that "[d]irect infringement requires *a* party to perform or use *each and every step or element* of a claimed method or product." 498 F.3d at 1378 (emphasis added). The Federal Circuit expressly distinguished activities by an alleged infringer that do not entail performing or use of every step or element of a patent claim:

> When a defendant participates in or encourages infringement but does not directly infringe a patent, the normal recourse under the law is for the court to apply the standards for liability under indirect infringement. Indirect infringement requires, as a *predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement.*

*Id.* at 1379 (emphasis added). Thus, pursuant to *BMC*, the predicate act of direct infringement "requires, as it always has, a showing that *a defendant* [singular] has practiced each and every element of the claimed invention." *Id.* at 1380 (emphasis added). This means that "liability for infringement requires *a party* [singular] to make, use, sell, or offer to sell the patented invention,

meaning the *entire* patented invention." *Id.* (emphasis added).

BMC illustrates the single actor requirement with two examples, one of a method claim and one of an apparatus claim:

> Two such cases that have found that a party cannot be liable for direct infringement because the party did not perform all the steps are *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 1568 (Fed. Cir. 1983) (finding no direct infringement by manufacturer who performed the first step of a process claim even where its customer performed the other step of the claim) and *Cross Med. Prods.*, 424 F.3d at 1311 (rejecting patentees' efforts to combine the acts of surgeons with those of a medical device manufacturer to find direct infringement of an apparatus claim).

*Id.* Thus, under *BMC*, analysis of joint infringement allegations begins with the basic proposition that direct infringement of a claim requires that a *single* party practice the *entire* invention, *i.e.*, each and every claim element.

Here, St. Clair cannot carry its burden to prove that every step of the asserted method claims is performed by a single actor. ███████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████

Given the steps of the asserted method claims are performed by multiple actors, and that the selection step is performed abroad, St. Clair's claim for direct infringement as to those claims fails on that basis as well. *See BMC*, 498 F.3d at 1378-79; *Muniauction*, 532 F.3d at 1329; *Cross Med. Prods.*, 424 F.3d at 1311.

Indirect infringement of the asserted method claims necessarily fails because there is no direct infringement. *See BMC*, 498 F.3d at 1379 ("Indirect infringement requires, as a predicate,

a finding that some party amongst the accused actors has committed the entire act of direct infringement."); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement[.]"). St. Clair's inability to establish direct infringement by a single actor under 35 U.S.C. § 271(a) dooms its claims of indirect infringement as well.

Because no single actor performs the selection step of the asserted method claims, summary judgment as to St. Clair's method claims is proper.

### C. ST. CLAIR LACKS SUFFICIENT EVIDENCE TO PROVE INFRINGEMENT OF ANY OF THE ASSERTED CLAIMS

St. Clair cannot carry its burden of establishing that HP has infringed any of the asserted claims. HP's accused products can only be found to infringe the claims of the patents if they embody each and every claim limitation. *V-Formation, Inc. v. Benetton Group SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005). If any one limitation is absent, "there is no literal infringement as a matter of law." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000). If the limitations of the independent claims are not met and those claims are not infringed, there can be no infringement of any dependent claims, as a dependent claim incorporates all of the limitations of the independent claim from which it depends. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989) ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim."). Literal infringement of a means-plus-function claim limitation requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification. *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1320 (Fed. Cir. 2003). Once the

relevant structure in the accused device has been identified, a party may prove it is equivalent to the disclosed structure by showing that the two perform the identical function in substantially the same way, with substantially the same result. *Kemco Sales, Inc. v. Control Papers Co.*, 208 F.3d 1352, 1364 (Fed. Cir. 2000).

St. Clair lacks evidence sufficient to carry its burden of proving infringement of every limitation of the asserted claims, either literally or under the doctrine of equivalents. Specifically, St. Clair cannot show that HP practices the following limitations:

- '459 patent, claim 16: "generating," "converting," "recording," "selecting," "storing," "electronic camera" (as to iPAQs), or "plurality of different data formats for different types of computer apparatus" (as to iPAQs); claim 17:[3] "detecting" or "activating"

- '219 patent, claim 10: "removably mounted memory means for storing digitized image data," "output data format control means…," "logic means…" or "electronic camera" (as to iPAQs); claim 12: "image resolution determining means…"

- '010 patent, claim 1: "for taking pictures and storing them in removable storage device in the camera," "image pick-up unit," "digital control unit," "digital camera" (as to iPAQs)

- '899 patent, claim 3: "selecting," "generating," "formatting," "use in an electronic camera" (as to iPAQs); claim 4: "storage device [that] is removable"

St. Clair also is unable to carry its burden of proving that the accused products perform the steps of claim 3 of the '899 patent and claim 16 of the '459 patent in the proper order.

Because St. Clair is unable to come forward with evidence sufficient to demonstrate that a genuine issue of material fact exists regarding infringement of the patents-in-suit, summary judgment of non-infringement is proper. *Celotex*, 477 U.S. at 327.

---

[3] St. Clair has asserted this claim only against two digital cameras that do not capture video.

## VI. CONCLUSION

For the reasons stated above, St. Clair cannot show that HP directly or indirectly infringes any asserted claim of the patents-in-suit. Accordingly, HP respectfully requests that this Court grant summary judgment of non-infringement.

OF COUNSEL:

Charlene M. Morrow
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Heather N. Mewes
David D. Schumann
Bryan A. Kohm
Jeffrey V. Lasker
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Dated: April 12, 2010

**Public Version Dated:
April 19, 2010**

POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE 19899-0951
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendant
Hewlett-Packard Company*