## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-1436-JJF-LPS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., *et al.*, | ) ) | **PUBLIC VERSION** |
| Defendants. | ) ) | |

### DEFENDANT HEWLETT-PACKARD COMPANY'S
### MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER
### AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT

OF COUNSEL:

Charlene M. Morrow
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Heather N. Mewes
David D. Schumann
Bryan A. Kohm
Jeffrey V. Lasker
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Dated:  April 29, 2010
Public Version Dated:  May 7, 2010
965380 / 28641

Richard L. Horwitz  (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Hewlett-Packard Company*

## I.     INTRODUCTION

Defendant Hewlett-Packard Company ("HP") respectfully moves for leave to amend its

Answer to St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair") Second Amended

Complaint and Counterclaims (D.I. 328) with allegations identical to Paragraph 43 of the

Answer and Counterclaims to Second Amended Complaint by Defendants Panasonic

Corporation, Panasonic Corporation of North America, Victor Company of Japan, Ltd., and JVC

Company of America (collectively "Panasonic") (D.I. 327).[1]   In addition, to the extent that HP's

unclean hands defense is interpreted not to include a broad allegation of unclean hands that

would encompass the wrongful acts addressed in the proposed inequitable conduct allegations,

HP respectfully requests to amend that affirmative defense as well.  Because the proposed

amendment is neither futile, as it complies with Rule 12(b)(6) pleading standards, and nor will

St. Clair be prejudiced, given its long notice of the inequitable conduct and unclean hands

allegations, HP submits that grant of leave to amend is proper.  Further, good cause exists under

Rule 16(b) because HP sought leave to amend immediately after confirming the allegations

subject to amendment here through discovery in this action.

The parties met and conferred regarding the relief requested herein; St. Clair will oppose

this motion.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

Fact and expert discovery have closed.  This action is set for trial on September 7, 2010

before Judge Farnan, and the pretrial conference is scheduled for July 23, 2010.

Currently pending before the Court is a motion to certify an interlocutory appeal of the

---

[1] Pursuant to Local Rule 15.1, attached hereto are the proposed amended answer as Exhibit 1
and a black-line reflecting changes from the original answer as Exhibit 2.

Court's claim construction. Magistrate Judge Stark issued a Report and Recommendation conditionally granting the requested certification for interlocutory appeal, and St. Clair has filed its objections thereto. The parties are also in the process of briefing various dispositive and *Daubert* motions.

## III.   BACKGROUND

St. Clair initiated this action on November 9, 2004, and filed an Amended Complaint on January 3, 2005, naming HP as one of many defendants. (Complaint, D.I. 1; First Amended Complaint, D.I. 4)  HP filed its Answer and Counterclaims on April 15, 2005. (D.I. 17)  This action was stayed for over two years pending resolution of a dispute over ownership of the patents. (Order Staying Case, D.I. 112; Memorandum Order Granting Motion to Lift Stay, D.I. 157)  The Court issued a Scheduling Order on November 25, 2008 setting the deadline for amending pleadings as April 6, 2009. (D.I. 166)  HP amended its Answer on February 23, 2009. (D.I. 228)  St. Clair filed a Second Amended Complaint on June 10, 2009 (D.I. 308), which HP answered on June 29, 2009. (D.I. 328)  Accordingly, both St. Clair's Second Amended Complaint and the answer which HP now seeks leave to amend were filed after the scheduling order's deadline to amend pleadings.[2]

On December 18, 2009, immediately following the conclusion of the inventors' depositions, HP requested that St. Clair stipulate to HP's filing a First Amended Answer and Counterclaims to Second Amended Complaint to add the affirmative defense of inequitable conduct. (Declaration of David E. Moore in Support of Defendant Hewlett-Packard Company's Motion for Leave to file a First Amended Answer and Counterclaims to Second Amended

---

[2]  The fact the pleading to which the presently amended answer is responsive was filed after the April 6, 2009 deadline to amend pleadings is good cause to modify the court's scheduling order under Rule 16(b) to permit this amendment as well.

Complaint ("Moore Decl."), Ex. C),  filed herewith) HP's proposed allegations supporting that

defense were identical to Paragraph 43 of the Answer and Counterclaims to Second Amended

Complaint by Defendant Panasonic (D.I. 327). *Id.* They are also nearly identical to Fuji's

allegations in support of its inequitable conduct defense.

St. Clair consented to HP's proposed amendment on December 30, 2009 on the condition

that HP did not seek to reopen discovery on the issue and its allegations tracked those of JVC

and Panasonic. (Moore Decl., Ex. D)  On January 4, 2010, HP provided St. Clair with a draft of

the stipulation granting HP leave to amend its answer and counterclaims, as well as the proposed

First Amended Answer and Counterclaims to Second Amended Complaint. (*Id.*, Ex. E)  After

exchanging correspondence regarding the language of the proposed stipulation, St. Clair's

counsel, Robins Kaplin Miller & Ciresi, gave its consent to file the stipulation for leave to

amend, and instructed HP's counsel to contact St. Clair's Delaware counsel to obtain

authorization to e-sign the stipulation on St. Clair's behalf. (*Id.*, Ex. F)

Just three hours later, St. Clair withdrew its consent. (*Id.*, Ex. I)  St. Clair did so on the

basis that HP had in the interim notified St. Clair that HP would not respond to hundreds of

requests for admission served by St. Clair almost a month *after* the close of fact discovery.[3] (*Id.*)

HP and St. Clair exchanged voluminous correspondence in late January regarding both St.

Clair's Second Set of Requests for Admission and HP's responses to St. Clair's First Set of

Requests for Admission.  HP agreed to supplement its responses to St. Clair's First Set of

---

[3] In November 2009, St. Clair asked HP to stipulate to an extension of time to serve Requests
for Admission. (Moore Decl., ¶¶ 2-3; Exs. A-B)  Although other defendants had agreed to the
stipulation, HP did not. (*Id.; see also* Stipulation to Modify Rule 16 Scheduling Order, D.I. 537)
St. Clair proceeded to nonetheless serve approximately 500 requests for admission on November
13.  In January, St. Clair served another 222 requests for admission.  After HP reminded St. Clair
that it had not agreed to extend discovery beyond the deadline, St. Clair revoked its consent
regarding HP's motion for leave to amend its answer.

Requests for Admission, and it served those supplemental responses on or about February 9,

2010. (*Id.*, ¶ 11) HP subsequently served objections to St. Clair's Second Set of Requests for

Admission on or about February 22, 2010. (*Id.*, ¶ 12)

On March 18, 2010, HP contacted St. Clair to inquire whether it would continue to

withhold its consent to HP's proposed amendment of its answer. (*Id.*, Ex. J) If St. Clair

continued its objection, HP requested a teleconference to further discuss the matter. *Id.* St. Clair

responded on March 19 to notify HP that it continued to stand on its objection and suggested that

the parties meet and confer on the issue the following week. (*Id.*, Ex. K) HP and St. Clair held a

teleconference on March 24. (*Id.*) During that conference, St. Clair informed HP that in light of

the upcoming deadline for dispositive motions, St. Clair believed that HP's proposed amendment

was no longer proper. (*Id.*, ¶ 15)

Subsequent to the parties' meet and confer regarding HP's proposed amendment, St.

Clair filed motions for summary judgment on numerous defendants' unclean hands and

inequitable conduct defenses. *See* D.I. 778; *St. Clair v. LG Elec., Inc.*, C.A. No. 06-404-JJF-

LPS, D.I. 554, 557; *St. Clair v. Research in Motion LTD,* C.A. No. 08-371-JJF-LPS, D.I. 350; *St.

Clair v. Fujifilm Holdings Corp.*, C.A. No. 08-373-JJF-LPS, D.I. 261. In St. Clair's summary

judgment motion addressing HP's unclean hands defense, St. Clair failed to address the

inventors' wrongful conduct as it related to their interactions with the USPTO. (D.I. 778) As

such, it appears that St. Clair might have incorrectly interpreted HP's unclean hands defense to

be limited to the falsification of documents submitted to this Court to avoid summary judgment

of invalidity during the *Sony* action. In the event that the Court also interprets HP's unclean

hands defense to be limited to the falsification of documents submitted to this Court during the

*Sony* action, HP moves to amend that defense to include the same allegations supporting the

proposed inequitable conduct defense.

## IV.    ARGUMENT

HP respectfully submits that it should be permitted to amend its answer to add the

affirmative defense of inequitable conduct because the amendment is neither futile nor will

prejudice St. Clair in any manner, and because HP has shown good cause to permit amendment

after the date set in the Court's Scheduling Order.

### A.    HP's MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED UNDER FED. R. CIV. P. 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading with the

court's leave, and encourages courts to freely grant such leave. Fed. R. Civ. P. 15(a)(2).  The

Supreme Court has reiterated the Federal Rules' emphasis on liberal amendment: if a party's

amendment is "a proper subject of relief, he ought to be afforded an opportunity to test his claim

on the merits." *Forman v. Davis*, 371 U.S. 178, 182 (1962).  In the absence of undue delay, bad

faith or dilatory motive, futility, or undue prejudice to the other party, "the leave sought should,

as the rules require, be 'freely given.'" *Id.* quoting Fed. R. Civ. P. 15(a)(2); *see also Enzo Life*

*Sci., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487 (D. Del. 2003) (granting motion to amend

answer to add a defense/counterclaim of inequitable conduct).  Liberally granting leave to amend

"ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole*

*v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).  Indeed, "[l]eave to amend must generally

be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*,

434 F.3d 196, 204 (3d Cir. 2006) (quoting *Foman*, 371 U.S. at 182).  Although a variety of

factors are relevant, "prejudice to the non-moving party is the touchstone for the denial of an

amendment." *Id.* (citations and quotation omitted).

### 1.    The Proposed Amendment Is Not Futile

HP's proposed amendment plainly is not futile. Futility of amending a pleading is governed by the Rule 12(b)(6) standard of legal sufficiency. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434-35 (3d Cir. 1997). A patent applicant's knowing or intentional failure to submit material information to the United States Patent and Trademark Office ("USPTO"), or submission of false information, renders the resulting patent and related patents unenforceable. *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1255-56 (Fed. Cir. 1997); *Enzo Life Sci.*, 270 F. Supp. 2d at 489; *see also* 37 C.F.R. § 1.56(a) (2008) ("no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct."). Thus, if it is established that the inventors of the patents-in-suit engaged in inequitable conduct by knowingly or intentionally submitting materially false information to the USPTO, or by failing to submit material information to the USPTO, St. Clair would be barred from enforcing the patents-in-suit against HP. *See Roquette Frères v. SPI Pharma, Inc.*, C.A. No. 06-540-GMS, 2009 WL 1444835, at *5 (D. Del. May 21, 2009).

Inequitable conduct is a subset of the broader doctrine of unclean hands applied to particular conduct before the PTO. *Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 812 (Fed. Cir. 1990). In order to prevail on an unclean hands defense, a defendant must show that the plaintiff has engaged in "some unconscionable act" which has "immediate and necessary relation to the equity that [the plaintiff] seeks in respect of the matter in litigation." *Id.* at 810 (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). This misconduct can take place before the court or the PTO. *Id.* Such conduct includes buying the silence of witnesses whose testimony would reveal invalidating prior art (*Keystone*, 290 U.S. at 243-44); and withholding significant information from the PTO (*Precision Instrument Mfg. Co.*

6

*v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 815 (1945); *Consol. Aluminum*, 910 F.2d at 812.

Here, the allegations of the proposed amendment assert that the inventors of the patents-in-suit knowingly or intentionally concealed material information from the USPTO and/or presented false information to the USPTO and this Court.  (Ex. 1 at 14-15).  Because these proposed allegations meet the Rule 12(b)(6) pleading standard of establishing inequitable conduct and unclean hands, the proposed amendment is not futile and should be permitted.

## 2.   HP's Delay in Seeking Leave to Amend Does Not Amount to Undue Delay Because It Will Not Prejudice St. Clair

Because the timing of HP's request for leave to amend its answer will not result in prejudice to St. Clair, HP's motion for leave to amend should be granted.

"Delay alone is not sufficient to justify denial of leave to amend." *Arthur*, 434 F.3d at 204.  Leave to amend should be granted unless the delay has become "'undue,' placing an unwarranted burden on the court, or [has] become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F. 2d 858, 868 (3d Cir. 1984).  Indeed, as this Court has held, a "party's delay in moving to amend a pleading generally is an insufficient ground to deny an amendment, unless that delay unduly prejudices an opposing party." *Hill v. Equitable Bank, N.A.*, 109 F.R.D. 109, 112 (D. Del. 1985) (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  It is especially appropriate to allow a patent defendant to add allegations of inequitable conduct because it may be "required to confirm the factual allegations through discovery."[4]   *Enzo Life Sci.*, 270 F.Supp.2d at 488-89; *Roquette Frères*, 2009 WL 1444835, at *5.  A party's bare claim of prejudice is insufficient to

---

[4] *Cf.* Fed. R. Civ. P. 15(b)(2) (allowing parties to move at any time to conform the pleadings to the evidence presented at trial).

bar leave to amend; rather, the party must instead show that the amendment would unfairly

deprive it of the opportunity to present facts or evidence which it would have offered had the

amended pleading been timely. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal

quotation omitted). A party is unduly prejudiced if amendment "would result in additional

discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l*

*Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). In addition, requiring the moving

party to "supply a compelling reason for the delay even if there is no prejudice... would certainly

run counter to the well-established rule that amendments should be liberally allowed." *Long v.*

*Wilson*, 393 F.3d 390, 401 (3d Cir. 2004).

This Court has routinely granted leave to amend in circumstances similar to those here.

For example, in *Hill*, the plaintiffs had delayed in bringing a motion for leave to amend the

complaint for three years. *Id.* at 111. Despite that delay, this Court granted the plaintiffs'

motion, noting that the defendant had "been on notice all along to defend against that claim"

because a party in a consolidated case had also brought a RICO claim against it. *Id.* at 112. In

granting leave to amend, this Court explained that the defendant would not be prejudiced

because it would not be required to respond to new facts or theories, nor would it be required to

respond to substantial new discovery. *Id.*

Similarly, in *Nelson v. Wilson*, the plaintiff sought to amend his complaint to add a

second incident of assault after the close of discovery and after summary judgment motions had

been filed, despite the fact that he possessed all the necessary facts about the second assault

when he filed the original complaint. C.A. No. 08-369-GMS, 2010 WL 307951, at *2-4 (D. Del.

Jan. 27, 2010). Despite the long delay, this Court allowed the amendment over the defendants'

objections. *Id.* This Court explained that the defendants were aware of the second incident and

8

questioned the plaintiff about it at his deposition, and the "defendants were in control of the documents related to the events in question, and conducted discovery with both incidents in mind." *Id.* at *4. As such, this Court held that the defendants had not been prejudiced the plaintiff's delay, despite the plaintiff's waiting until a month-and-a-half after the close of discovery, and two weeks after defendants filed motions for summary judgment. *Id.*

St. Clair stands in the shoes of the *Hill* and *Nelson* defendants, and thus amendment is proper. It cannot point to any prejudice it will suffer by this amendment, as it has had notice of the inequitable conduct and unclean hands allegations since 2008. The Court's November 2008 scheduling order designates inequitable conduct as a common issue in the case; all defendants were required to conduct discovery jointly on this issue. St. Clair and HP have conducted discovery with these claims in mind, and the relevant documents were within St. Clair's control. *See Nelson*, 2010 WL 307951, at *4. Because HP's proposed amendment adds allegations identical to Paragraph 43 of Panasonic's Answer and Counterclaims to Second Amended Complaint (D.I. 327), as well as the allegations supporting Nokia's inequitable conduct defense and Research in Motion's unclean hands defense, St. Clair has had notice of, and has defended against, the exact allegations HP now seeks to add. Demonstrating that St. Clair has had sufficient notice and opportunity to litigate those claims, it presently has filed motions for partial summary judgment on precisely the defenses at issue here. As such, it is indisputable that St. Clair will not be deprived of the opportunity to prepare a defense or to present facts and evidence. St. Clair, therefore, will not be prejudiced by HP's proposed amendment. *See Hill*, 109 F.R.D. at 112-114; *Nelson*, 2010 WL 307951, at *2-4; *see Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450 (D. Del. 1984) (permitting defendant to amend seven months after the close of discovery, where amendment did not introduce new or unforeseen issues and plaintiff did not

explain how it would lead to additional discovery or postponement).

Because the St. Clair cannot point to any prejudice that it will suffer from the proposed amendment, HP's motion for leave should be granted.

### B.   HP MEETS THE GOOD CAUSE STANDARD UNDER FED. R. CIV. P. 16(b)

Rule 16(b) requires "good cause" to amend a pleading after the date set in a Scheduling Order. Fed. R. Civ. P. 16(b). This Court has previously allowed a defendant to amend its pleading under circumstances very similar to those present here. In *Enzo Life Sciences*, the defendant moved six months after the deadline for leave to allege inequitable conduct as a new legal theory altogether. 270 F. Supp. 2d 484. The defendant sought to add allegations concerning the withholding and mischaracterization of material prior art. *Id.* at 488. In opposing the motion for leave to amend, the plaintiff argued leave to amend should be denied because the facts underlying the defendant's new inequitable conduct allegations were available to the defendant long before the deadline to amend pleadings. *Id.* at 488-489. Although the Court agreed that the facts were available to the defendant before the deadline, the Court rejected the plaintiff's position and concluded that the defendant properly took the time to confirm its factual allegations through discovery. *Id.*

The circumstances here present equally compelling reasons to grant HP leave to amend its answer. First, significantly, the amended complaint to which this answer is responsive was itself not filed until after the deadline to amend pleadings. D.I. 308 (Second Amended Complaint). Second, HP sought to amend its answer immediately after the inventors' depositions confirmed the facts subject to the amended allegations. (Moore Decl., ¶ 16, Ex. C.) Following the depositions, HP attempted in good faith to negotiate a stipulation with St. Clair. (*Id.*, Ex. C, D, E, F.) Indeed, HP and St. Clair actually reached agreement about the amendment, only to have St. Clair revoke its consent because of an unrelated discovery disagreement. (*Id.*,

Ex. G, I.) Finally, as shown above, there is no dilatory motive which would preclude a finding of "good cause." And, as in *Enzo Life Sciences*, HP filed its motion promptly after St. Clair ultimately refused consent. *See id.* at 489.

## V.     CONCLUSION

For the foregoing reasons, HP respectfully requests this Court to grant its Motion for Leave to File a First Amended Answer and Counterclaims to Second Amended Complaint.

OF COUNSEL:

Charlene M. Morrow
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Heather N. Mewes
David D. Schumann
Bryan A. Kohm
Jeffrey V. Lasker
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Dated: April 29, 2010
Public Version Dated: May 7, 2010
964260 / 28641

POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore*
        Richard L. Horwitz  (#2246)
        David E. Moore (#3983)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE 19899-0951
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

*Attorneys for Defendant*
*Hewlett-Packard Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 7, 2010, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on May 7, 2010, the attached document was electronically mailed to

the following person(s)

George H. Seitz, III
James S. Green
Patricia Pyles McGonigle
Jared T. Green
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
gseitz@svglaw.com
jgreen@svglaw.com
pmcgonigle@svglaw.com
jtgreen@svglaw.com

Ronald J. Schutz
Jake M. Holdreith
Becky R. Thorson
Annie Huang
Seth A. Northrop
Carrie M. Lambert
Andrea L. Gothing
Tara F. Harkins
Trevor J. Foster
Brock J. Specht
Lars P. Taavola
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
StClairServiceList@rkmc.com

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Richard de Bodo
Christopher P. Broderick
Andrew V. Devkar
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
rdebodo@hhlaw.com
cpbroderick@hhlaw.com
adevkar@hhlaw.com

Jack B. Blumenfeld
Julia Heaney
Andrew C. Mayo
MORRIS, NICHOLS, ARSHT &
TUNNELL
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
jheaney@mnat.com
amayo@mnat.com

Robert F. Perry
Alexas D. Skucas
Allison H. Altersohn
Susan A. Kim
Daniel C. Miller
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036-4003
rperry@kslaw.com
askucas@kslaw.com
aaltersohn@kslaw.com
skim@kslaw.com
dmiller@kslaw.com


/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

678366 / 28641