# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA ELECTRIC CORPORATION OF AMERICA, VICTOR COMPANY OF JAPAN, LTD., JVC COMPANY OF AMERICA, NOKIA CORPORATION, NOKIA, INC., and HEWLETT-PACKARD COMPANY,<br><br>Defendants. | Civil Action No. 04-1436-JJF-LPS<br><br>JURY TRIAL DEMANDED<br><br><br><br>REDACTED<br>PUBLIC VERSION |

## PLAINTIFF ST. CLAIR'S COUNTER-STATEMENT CERTIFYING THAT GENUINE ISSUES OF MATERIAL FACT EXIST PRECLUDING DEFENDANT HEWLETT PACKARD COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES

Dated: May 6, 2010.

*Of Counsel:*
Ronald J. Schutz, Esq.
Jake M. Holdreith, Esq.
Becky R. Thorson, Esq.
Carrie M. Lambert, Esq.
Annie Huang, Esq.
Seth A. Northrop, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

George H. Seitz, III (#667)
Patricia P. McGonigle (#3126)
Jared T. Green (#5179)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
gseitz@svglaw.com
pmcgonigle@svglaw.com

*Attorneys for Plaintiff St. Clair Intellectual Property Consultants, Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION..........................................................................................1

II. PROCEDURAL BACKGROUND....................................................................2

III. GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING
WHETHER PRE-FILING DAMAGES FOR HP'S
INFRINGEMENT OF THE ROBERTS PATENTS SHOULD
BE LIMITED IN ANY WAY............................................................................2

    A. HP Had Notice Of Its Infringement Of The Patents-In-Suit
       Long Before The Complaint In This Action Was Filed..............................2

        1. [REDACTED]..............................................................................3

        2. [REDACTED]..............................................................................6

    B. Even If HP Did Not Receive Actual Notice Of Its Infringement,
       The Constructive Notice Requirement Of Section 287 Would Not
       Begin Until February, 2003, The Earliest Date When A Licensee
       Made A Product Eligible For Marking......................................................7

    C. The Possibility Of Precluding Pre-Filing Damages Could Only
       Occur In The Event That HP Is Found To Infringe Only The
       Apparatus Claims Of The '219 And '010 Patents Alone, Which
       Is An Unlikely Scenario Because HP Infringes Both Apparatus
       And Method Claims Of The Roberts Patents...........................................8

IV. CONCLUSION.............................................................................................10

# TABLE OF AUTHORITIES

## Cases

*American Medical Systems v. Medical Engineering Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)..................................................................9

## Rules

Fed. R. Civ. P.
56.................................................................................................................2, 10

## Statutes

35 U.S.C. § 287..................................................................................................1, 8, 9

## I. INTRODUCTION

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), pursuant to Paragraph 11 of this Court's Rule 16 Scheduling Order (D.I. 166) and the April 29, 2010 Order (D.I. 860), hereby submits the following Counter-Statement Certifying That Genuine Issues of Material Fact Exist Relating to Defendant Hewlett-Packard Company's ("HP's") Motion for Partial Summary Judgment on Damages. HP has failed to demonstrate that the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Genuine issues of material fact exist as to whether pre-filing damages for HP's infringement of the patents-in-suit should be limited in any way. First, a genuine issue of material fact exists as to whether St. Clair has met the notice requirements of 35 U.S.C. § 287 because HP has had notice of its potential infringement of the patents-in-suit since ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Further, even if this Court finds that St. Clair did not provide HP with actual notice of its infringement, which it did, St. Clair was not under any obligation to meet the constructive notice requirements of Section 287 until an actual product existed that could be marked with the patent numbers. St. Clair's first license was with Sony in February 2003—the earliest date that a potential product would have been subject to the constructive marking requirements of Section 287. St. Clair is therefore at least entitled to pre-filing damages from the date of HP's first infringement, August 2000, until the date that the first licensee would have been required to mark any licensed product, February 27, 2003. Finally, it is St. Clair's position (and HP's co-defendant, Nokia, agrees with this position) that Section 287 would not even apply to apparatus claims. Thus, St. Clair may still be

entitled to pre-filing damages if the jury finds that HP infringes at least one method claim. Because clear issues of genuine material fact exist regarding what claims are infringed by HP, whether HP received actual or constructive notice, and for what timeframe those notice requirements apply to reduce any damages if at all, HP's request for partial summary judgment on damages in this case is not proper and should be denied.

## II. PROCEDURAL BACKGROUND

On November 9, 2004, St. Clair filed the instant action against HP. (D.I. 1.) In the Fall of 2008, this action was consolidated with four other St. Clair patent infringement actions for the purposes of discovery and pretrial matters. (D.I. 157; D.I. 166.)[1] The parties completed fact and expert discovery, which closed on December 18, 2009 and March 12, 2010, respectively. A final pretrial conference is scheduled for July 23, 2010 and trial is scheduled to begin on September 7, 2010. (D.I. 356.)

## III. GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING WHETHER PRE-FILING DAMAGES FOR HP'S INFRINGEMENT OF THE ROBERTS PATENTS SHOULD BE LIMITED IN ANY WAY.

### A. HP Had Actual Notice of Its Infringement of the Patents-in-Suit Long Before the Complaint in This Action Was Filed.

1. Genuine issues of material fact exist as to when HP had actual notice of the Roberts patents beginning either ████████████████████████████████████ ████████████████████████████████████ Accordingly, HP's request for partial summary judgment on damages should be denied.

---

[1] The four other consolidated actions for discovery and pretrial matters are: *St. Clair v. Siemens, et al.* (C.A. No. 06-403-JJF-LPS); *St. Clair v. Palm, et al.* (C.A. No. 06-404-JJF-LPS); *St. Clair v. Research In Motion, et al.* (C.A. No. 08-371-JJF-LPS); and *St. Clair v. Fujifilm, et al.* (C.A. No. 08-373-JJF-LPS).

1. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

2. HP first offered a multiple file format digital camera in August 2000. (Ex. 16,[2] Wagner Report, ¶ 50.) ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

3. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■

4. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■

5. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■

---

[2] The exhibits cited to herein are attached to the Declaration of Jared Green In Support of Plaintiff St. Clair's Counter-Statement Certifying That Genuine Issues of Material Fact Exist To Preclude HP's Motion for Partial Summary Judgment on Damages.



11. ████████████████████████████████████████
████████████████████████████████████████████
████████████

12. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███

13. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

14. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████

15. ████████████████████████████████████████
███████████████ ███████████████ ████████████
████████████████████████████████

16. █████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
███████ █████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████

2. ████████████████████████████████████████

17. █████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████████████████████████ ████
█████████████████████████████████████████████████
████████████████████████████████████████████ ████
███████████████ █████████████████████████████████
█████████████████████████████████████████████████
████████████ ████████████ ████████████ ██████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████



18.

19.

20.

21.

   **B.     Even If HP Did Not Receive Actual Notice of Its Infringement, the Constructive Notice Requirement of Section 287 Would Not Begin Until February 2003, the Earliest Date When a Licensee Made a Product Eligible for Marking.**

22.    St. Clair's first patent-in-suit issued in November 1992. (Ex. 16, Wagner Report, ¶ 8.) HP began infringing the patents-in-suit in August 2000. (Ex. 16, Wagner Report, ¶ 67.) At that time, St. Clair had not sold any products eligible for marking with the numbers of the patents-in-suit, nor did St. Clair have any licensees to the patents-in-suit who would have sold digital cameras or camera phones eligible for marking under a license. (Ex. 16, Wagner Report, Fig. 1, at 13.) On February 27, 2003, Sony became the first St. Clair licensee to potentially sell a licensed product under the patents-in-suit. (Ex. 16, Wagner Report, Fig. 1, at 13.)

23.     The constructive notice requirements of Section 287, as HP stated in its brief, do not apply to restrict pre-filing damages until a patentee or a licensee of a patent have made, used or sold an actual product that could be marked with the numbers of the patents-in-suit. (D.I. 781.) Here, the constructive notice requirements of Section 287 do not even arguably apply until, at the earliest, February 27, 2003, the date of St. Clair's first license. The pre-filing damages period between the date of HP's first infringement, August 2000, to at least the earliest possible date constructive notice could have been applied to St. Clair, February 27, 2003, is therefore not subject to the marking requirement and is not proper for a partial summary judgment finding of no pre-filing damages.

### C. The Possibility of Precluding Pre-Filing Damages Could Only Occur in the Event That HP Is Found To Infringe <u>Only</u> the Apparatus Claims of the '219 and '010 Patents Alone, Which Is an Unlikely Scenario Because HP Infringes <u>Both</u> Apparatus and Method Claims of the Roberts Patents.

24.     St. Clair filed this lawsuit against HP alleging that HP has infringed four of St. Clair's patents: U.S. Patent Nos. 5,138,459 ("the '459 patent"), 6,094,219 ("the '219 patent"), 6,233,010 ("the '010 patent"), and 6,323,899 ("the '899 patent") (collectively "the patents-in-suit"). (D.I. 1.) Of these patents, three of the asserted claims are method claims (Cl. 16 of '459, Cls. 3 and 4 of '899) and three of the asserted claims are apparatus claims (Cls. 10 and 12 of '219 and Cl. 1 of '010). St. Clair has alleged that HP's infringement began in August 2000 and continues through today. (Ex. 16, Wagner Report, ¶¶ 50, 67.)

25.     On April 12, 2010, HP filed its Motion for Partial Summary Judgment on Damages and requested that St. Clair be barred from recovering pre-filing damages for infringement of all claims of the patents-in-suit. (D.I. 781.) HP claimed that because St. Clair failed to provide constructive or actual notice of infringement of the patents prior to filing suit, in

accordance with 35 U.S.C. § 287, St. Clair should not recover pre-filing damages for infringement of any of the claims, whether they are apparatus or method claims. (D.I. 781.)

26. HP's claim rests upon an incorrect theory that the marking requirement of Section 287 applies to both apparatus claims and method claims. (D.I. 781, at 5 n.3.) HP alleges that there is a "split" in the authority on the marking requirements of Section 287 and, while HP acknowledges that some courts hold that Section 287 does not apply to method claims, HP asks the Court here to apply the marking requirement to both apparatus and method claims. (D.I. 781, at 5 n.3) HP requested that this Court follow *American Medical Systems v. Medical Engineering Corp.*, for this proposition, but that case instead states that "the law is clear that the notice provisions of section 287 do not apply where the patent is directed to a process or method." 6 F.3d 1523, 1538 (Fed. Cir. 1993) (citations omitted). The Federal Circuit in *American Medical Systems* actually held that when only method claims of a patent are asserted, the marking requirements do not apply. *Id.*

27. Even Nokia, HP's co-defendant in this case, recognized this well-known principle in its Motion for Partial Summary Judgment of No Pre-Filing Damages and did "not seek with [its] motion any determination of pre-suit damages with respect to the asserted method claims in the '459 and '899 patents since the law does not presently require patentees to provide constructive notice for patented methods/processes." (D.I. 837, Nokia's Redacted Version of Mot. for Partial Summ. J., at 2 n.2.)

28. Therefore, under the correct legal framework, the relief HP requests only potentially applies if HP is found to <u>only</u> infringe the <u>apparatus</u> claims of the patents-in-suit; however, such a scenario is not appropriate if HP is found to infringe <u>any</u> of the <u>method</u> claims of the patents-in-suit. As Nokia acknowledges, the marking requirements of 35 U.S.C. § 287 do

not apply to method claims. (D.I. 837, Nokia's Redacted Version of Mot. for Partial Summ. J., at 2.) Accordingly, if HP is found to infringe even one of the method claims of the patents-in-suit, St. Clair is entitled to both pre-filing and post-filing damages. (*See* Ex. 16, Wagner Report, ¶ 2.). HP's instant motion would accordingly be moot.

29. Since there are genuine issues of material fact regarding which claims of the patents-in-suit are infringed by HP, summary judgment on damages should be denied.[3] Further, because HP's requested relief would be rendered moot if the jury determines that HP infringes even one of St. Clair's asserted method claims, HP's Motion is premature[4] and not subject to summary judgment disposition under Rule 56 of the Federal Rules of Civil Procedure. HP's Motion should therefore be denied.

## IV. CONCLUSION

For the reasons stated above, St. Clair respectfully requests that this Court deny HP's Motion for Partial Summary Judgment on Damages.

---

[3] *See*, as filed on May 6, 2010, St. Clair's Counter-Statement Certifying That Genuine Issues of Material Fact Exist Precluding HP's Motion for Partial Summary Judgment on Willfulness and Inducement; and St. Clair's Counter-Statement Certifying That Genuine Issues of Material Fact Exist Precluding HP's Motion for Summary Judgment of Non-Infringement.

[4] The relief HP seeks is properly addressed in the post-trial accounting, not in a summary judgment motion. If the jury determines that HP only infringes the asserted apparatus claims and does not infringe any asserted method claims, removing the amount of damages from the August 2000 to November 8, 2004 pre-filing period is a simple exercise. HP provided its infringing sales data by product by month and St. Clair's damages expert, Michael Wagner, relied upon that data in arriving at his royalty base. (Ex. 16, Wagner Report, Fig. 15, at 110.) The amount of infringing sales from August 2000 to November 8, 2004 could therefore easily be subtracted from the royalty base if necessary.

Dated: May 6, 2010.                          SEITZ, VAN OGTROP & GREEN

*Of Counsel:*
                                             _____
Ronald J. Schutz, Esq.                       George H. Seitz, III (#667)
Jake M. Holdreith, Esq.                      Patricia P. McGonigle (#3126)
Becky R. Thorson, Esq.                       Jared T. Green (#5179)
Carrie M. Lambert, Esq.                      222 Delaware Avenue, Suite 1500
Annie Huang, Esq.                            P.O. Box 68
Seth A. Northrop, Esq.                       Wilmington, DE 19899
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.       (302) 888-0600
2800 LaSalle Plaza                           gseitz@svglaw.com
800 LaSalle Avenue                           pmcgonigle@svglaw.com
Minneapolis, MN 55402
(612) 349-8500                               *Attorneys for Plaintiff St. Clair Intellectual Property Consultants, Inc.*

# CERTIFICATE OF SERVICE

I, Jared T. Green, Esquire, hereby certify that on this 13th day of May 2010, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ *Jared T. Green*

Jared T. Green (ID No. 5179)
jtgreen@svglaw.com

76195 v1