# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil Action No. 04-1436-JJF-LPS |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIEMENS AG, et al., <br><br> Defendants. | Civil Action No. 06-403-JJF-LPS |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PALM, INC., et al., <br><br> Defendants. | Civil Action No. 06-404-JJF-LPS |

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FUJIFILM HOLDINGS, et al., <br><br> Defendants. | Civil Action No. 08-373-JJF-LPS |

## DEFENDANTS' MOTION FOR RECUSAL

I.     **PRELIMINARY STATEMENT**

Pursuant to the Court's Orders of June 25, 2010 and July 6, 2010, Defendants HTC Corp., H.T.C. (B.V.I.) Corp., HTC America, Inc., FujiFilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film USA Inc., Fujifilm America Inc., Fujifilm Holdings Corporation, Fujifilm USA Inc, Kyocera Wireless Corp., Kyocera Communications, Inc., and Palm, Inc. (hereinafter "Defendants") respectfully move under 28 U.S.C. § 455(a) to recuse Your Honor from adjudicating dispositive motions and presiding over the trials of the pending actions. Defendants' motion arises out of the unique circumstances of this case, in which Your Honor is stepping into the role of an Article III Judge after engaging in substantive *ex parte* communications with the parties while presiding over the parties' mediations and facilitating the parties' settlement discussions as a Magistrate Judge.

In bringing this motion, Defendants do not suggest that any actual impropriety or misconduct has occurred or that the Court is actually biased or prejudiced against one or more parties. This is not the standard for recusal. The core issue is that all of the parties' mediations were conducted pursuant to the Court's Mediation Order, which expressly provided that the parties' mediation statements and communications must be candid and that they would "not be provided to the trial judge." The parties acted in reliance on the Court's Order. If the Magistrate Judge, who participated in the mediations, is then assigned to preside over the trials in these

actions, this would have the unavoidable effect of diminishing the predictability and certainty of the judicial process and the ability of litigants to invest unreserved confidence in the rules and orders of the Court, even in the face of changing circumstances.

The rationale underlying the Court's Mediation Order is properly rooted in the established law of the Third Circuit, which prohibits trial judges - even in the context of settlement proceedings - from engaging in substantive, unrecorded, *ex parte* communications with the parties. Such *ex parte* communications are prohibited in order to ensure a public record of litigation proceedings and to preserve the ability of all parties to object to any statements or misrepresentations made by other parties. These premises are indispensable to the proper functioning of – and the parties' confidence in – the adversarial judicial process of our common law system and to protecting the system from even the appearance of impropriety. It is for these reasons of public policy and the integrity of the judicial *process* that Defendants respectfully request that their motion for recusal be granted.

## II. THE COURT'S MEDIATION ORDER PROVIDED THAT THE PARTIES' STATEMENTS "SHALL NOT" BE PROVIDED TO THE TRIAL JUDGE OR BECOME PART OF THE RECORD IN THIS LITIGATION

The Court scheduled its first mediation teleconference before Your Honor on July 27, 2009. (D.I. 228, C.A. 06-cv-404-JJF-LPS.) The Court's Order directed the parties to be prepared to discuss the Court's "Form Order Governing Mediation Conferences and Mediation Statements" (hereinafter "Mediation Order"). The Court's Mediation Order in turn required that the parties submit a mediation statement to the Court. (Exhibit A.)

In particular, the Court's Mediation Order required the parties to provide a factual background, identify which material facts are not in dispute and which remain in dispute, and provide an "**honest**" discussion of the strengths and weaknesses of the party's claims and/or defenses. *Id.* at ¶6(d) (emphasis in original). The Mediation Order required the parties to set forth their attorneys' fees and costs incurred to date, as well as a good faith estimate of additional attorneys' fees and costs to be incurred if the matter is not settled. *Id.* at ¶6(g). The Mediation

Order further explained that "the Court may find it necessary and useful to communicate with one or more parties outside the presence of the other party or parties." *Id.* at ¶9.

As protection for the parties making these highly confidential disclosures, the Court's Mediation Order emphatically provided: "These statements <u>shall</u> <u>not</u> be exchanged among the parties or counsel (unless the parties so desire), <u>shall</u> <u>not</u> be provided to the trial judge, and <u>shall</u> <u>not</u> become part of the record in this matter. **Mediation statements shall NOT be electronically filed since they are not part of the Court record.**" *Id.* at ¶4 **(emphasis in original)**. This same protection is expressed on the Court's website: "This mediation statement does not become part of the Court record, is not exchanged among the parties or counsel (unless the parties so desire), and is not provided to the trial judge." (http://www.ded.uscourts.gov/LPSmain.htm.)

In accordance with the Mediation Order, at least the HTC, Nokia, RIM and Kyocera Defendants engaged in mediation proceedings before Your Honor beginning in November, 2009 and continuing to the present. Other parties including JVC and Panasonic also engaged in mediation proceedings before the Court. The Defendants submitted mediation briefs discussing the merits of their cases, including non-infringement and invalidity. Additionally, the parties engaged in substantive in-person *ex parte* discussions with Your Honor about the case.

On June 25, 2010, the Court requested that the parties indicate whether "the fact that the undersigned magistrate judge has participated in extensive mediation efforts in these cases, involving numerous *ex parte* discussions of issues including the merits of the case, would require the undersigned magistrate judge to be recused from residing at trial in these cases." (D.I. 736, C.A. 06-cv-404-JJF-LPS, at p.3.)

On July 2, 2010, St. Clair submitted a letter to the Court stating that recusal is not necessary. (D.I. 741, C.A. 06-cv-404-JJF-LPS.) Inexplicably, St. Clair cited as primary authority a Third Circuit opinion in which the Court issued a writ of mandamus disqualifying the trial judge that engaged in *ex parte* communications. *Id., citing In re Kensington International Limited*, 368 F.3d 289 (3rd Cir. 2004).

On July 6, 2010, the Court entered an Order allowing for briefing on the issue of recusal. Defendants respectfully submit this brief in response to the Court's invitation.

### III. RECUSAL UNDER THESE UNIQUE CIRCUMSTANCES WILL ADVANCE THE INTERESTS OF THE PUBLIC AND THE JUDICIAL PROCESS

#### A. The Court's Own Rules Mandate Recusal

The plain letter of the Court's Mediation Order requires recusal. As set forth above, the Court's rules provide that the parties' mediation statements "shall not be provided to the trial judge." Now that Your Honor has had access to the parties' mediation statements and actively participated in subsequent *ex parte* communications with the parties regarding the contents of those statements, it follows that Your Honor should not become the trial judge for this matter or the plain mandate of the Court's Order – not providing mediation statements to the trial judge – would be inherently violated. If the present cases are assigned to Your Honor, recusal would be the best procedure for giving effect to the Court's Mediation Order and preserving the expectations of the parties who participated in the mediation process.

#### B. Third Circuit Law Prohibits *Ex Parte* Communications With A Trial Judge About The Substance Of A Case

Recusal is also favored under the Code of Conduct for U.S. Judges and Third Circuit law because both prohibit unrecorded *ex parte* discussions about the substance of a case, without the consent of the parties. The Code of Conduct for U.S. Judges expressly provides that "a judge should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of their lawyers." (Exhibit B, Code of Conduct for U.S. Judges Canon 3 §A(4).) A judge may "confer separately with the parties and their counsel in an effort to mediate or settle pending matters." *Id.* at §A(4)(d). However, *ex parte* communications require express "consent of the parties." *Id.* In the present litigation, such "consent" is absent since the parties participated in mediation in reliance on the Court's Order providing that the parties' mediation statements would not be provided to the trial judge in this matter.

The Third Circuit has cited and applied the Code of Conduct for U.S. Judges and required recusal of trial judges who have held *ex parte* settlement meetings, even while recognizing the merits of *ex parte* communications in facilitating settlement: "Whatever the value the *ex parte* communications may have had in moving the Five Asbestos Cases along or creating a settlement-friendly atmosphere was outweighed by the attendant risks and problems..." *In re Kensington International Limited*, 368 F.3d 289, 295-96 (3rd Cir. 2004). Thus, *ex parte* communications are particularly disfavored in the Third Circuit.

In articulating the basis for its policy against allowing *ex parte* communications, the Third Circuit has stated that the policy in favor of recusal is preventative, and protects against "all of the evils of *ex parte* communications: 'bias, prejudice, coercion, and explanation.'" *Kensington*, 368 F.3d at 310. The risks associated with *ex parte* communications do not arise by fault of the judge, but rather the nature of adversarial proceedings. Even assuming that all parties take equal advantage of the invitation to participate in *ex parte* meetings, "experience informs us that certain parties may be more aggressive than others." *Id.* There is a "probability of 'slippage' and omission in the content of the material discussed, whether procedural or substantive..." *Id.* at 311. Moreover, because there is no record of what is discussed in *ex parte* proceedings, there is no way for a party to "adequately respond to or counter facts presented by their adversaries because they had no way of knowing what was said during those unrecorded meetings." *Id.* at 310-11. As a result, *ex parte* communications "run contrary to our adversarial trial system." *Id.*

In this case, the Plaintiff and Defendants engaged in *ex parte* communications with the Magistrate Judge about the substantive merits of their respective claims and defenses and what relief they should be entitled to in this case, "the very heart of the proceedings." There is no way to know how the Plaintiff presented the case to Your Honor, and thus no way to counter its statements or correct the record. Moreover, the individual Defendants in this action have no way of knowing what the other Defendants said to Your Honor in the course of *ex parte* discussions. Some Defendants may have made factual statements that other Defendants do not agree with, but

have never had the opportunity to counter. This is precisely the type of harm that the Code of Judicial Conduct was designed to address when providing for the option of recusal. Thus, regardless of whether the Court is in fact capable of parsing the parties' respective statements in an unbiased manner, recusal is nevertheless appropriate to protect the adversarial process and avoid the risks that are inevitably inherent in such *ex parte* communications.

Finally, recusal is appropriate for the further reason that the settlement discussions occurred at a time when the parties themselves had not yet completed development of their claims and defenses and their trial strategy. Back in November 2009 when the mediation conferences were first held, fact discovery was still ongoing, the Court had not yet construed the claims of the patents-in-suit, the parties had not yet served expert reports, and summary judgment briefing had not yet occurred. Thus, the Defendants themselves may have presented their cases in a way that does not accurately reflect their current views or positions. In other words, the Court's Mediation Order, in requiring that the parties provide a candid and honest assessment of the case at an early stage of the litigation, creates an additional prejudice to Defendants insofar as the strengths and weaknesses of the case have changed since that time.

Fundamentally, the Defendants would not have consented to *ex parte* mediation communications with Your Honor if it was known that Your Honor would later adjudicate the dispositive motions in this case and preside over the trial of these actions. Nor would the Court have conducted the mediations in this manner, had it foreseen Judge Farnan's retirement and other subsequent developments. Accordingly, in the interest of protecting the expectations of the parties who participated in the mediation process and the certainty of the Court's orders and procedures for current and future litigants, the Defendants respectfully request that Your Honor recuse himself from the trials of these actions.

C. **Recusal Protects The Public's Confidence In The Adversarial Judicial Process and Guards Against Even The Appearance Of Impropriety**

The Defendants' motion for recusal is not based on any allegations of wrongdoing, nor does it need to be. The test for disqualification under 28 U.S.C. §455(a) is not whether the judge

is in fact impartial, but rather whether "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington*, at 301; citing *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 164 (3d Cir.1993).

"A party moving for disqualification under § 455(a) need not show actual bias because § 455(a) 'concerns not only fairness to individual litigants, but, equally important, it concerns 'the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted.''" *Id., citing Alexander* at 162. "Scienter is not an element of a violation of § 455(a)" because the purpose of the provision is to "promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 859 (1988).

In *Kensington*, the Third Circuit found that the district judge abused his discretion by not recusing himself even where (1) "the record does not demonstrate that Judge Wolin has done anything wrong or unethical or biased," and (2) "the record has not revealed even the slightest hint of any actual bias or partisanship...." Similarly, the Defendants in this litigation do not intend to impugn or take any issue with the manner in which Your Honor has handled these proceedings. Nevertheless, given the procedural posture of the case, recusal is appropriate to maintain the appearance of impartiality and the confidence of the public and litigants in the certainty of the judicial process and the adversarial nature of our system of justice.

D.  **The Authorities Cited By St. Clair In Its July 2, 2010 Letter To The Court Do Not Compel A Different Result.**

The cases cited by St. Clair in its July 2, 2010 letter to the Court opposing recusal are largely inapposite, and are not controlling. In fact, one of the primary cases relied upon by St. Clair has even been reversed. (D.I. 741, C.A. 06-cv-404-JJF-LPS, at 2.)

For example, St. Clair cites *In Re Owens Corning*, 2004 U.S. Dist. LEXIS 6795, 305 B.R. 175 (D. Del. Feb. 2, 2004) for the proposition that facts learned off-the-record are not sufficiently prejudicial to warrant recusal under either Section 455(a) or Section 455(b)(1). However, the Third Circuit *expressly reversed* the decision from *In Re Owens Corning*:

> Judge Wolin issued a comprehensive written opinion and order on February 2, 2004 denying the recusal motions both on the merits and on timeliness grounds. *See generally In re Owens Corning*, 305 B.R. 175 (D.Del.2004)...
> Although the record does not demonstrate that Judge Wolin has done anything wrong or unethical or biased, he must be disqualified under 28 U.S.C. § 455(a).

*In re Kensington International Limited*, 368 F.3d 289, 294 (3rd Cir. 2004). Significantly, the *Kensington* Court ordered disqualification on a writ of mandamus in large part because of *ex parte* communications with the parties. *Id.* at 310-312. Thus, the district court opinion in *In re Corning* is no longer good law, something that St. Clair should have pointed out to the Court.

Another case relied on by St. Clair, *Biello v. Abbott Laboratories,* is equally unavailing because the general risks associated with *ex parte* communications were not present in that case. 825 F.Supp. 475 (E.D.N.Y. 1993). In *Biello*, the court held *ex parte* communications **on the record,** not off the record, so the parties were able to review the record and correct any factual misrepresentations. Indeed, the Court relied on the record in determining that recusal was unnecessary: "In May and June of 1992, this court, in its settlement role, met in chambers on four occasions, on the record... The transcript of the proceedings reveals that the court remained neutral." *Id.* at 476, 481.

In *SEC v. Sunwest Management, Inc.*, 2009 WL 1065053 (D. Or. 2009), yet another case relied on by St. Clair, the judge had served as a mediator in ***a separate proceeding, not*** the one at issue. Although they were invited to attend the mediation, the parties moving for recusal chose not to attend. *Id.* at *3. There was no discussion of *ex parte* meetings with the judge in the decision at all, and the case certainly does not stand for the proposition that *ex parte* communications about the substance of an action while it is pending are appropriate.

Likewise, in *United States v. Bailey*, 175 F.3d 966 (11th Cir. 1999), there was no discussion of *ex parte* communications, and many of the alleged instances of bias were recorded on the record. The Court's decision in *Deputy v. Williams*, 2008 WL 2853877 (D. Del. 2008) is

also inapposite, where the plaintiff simply disagreed with the Judge's prior rulings on its habeas corpus petitions and thought that should be sufficient to disqualify the judge.

In *Black v. Kendig* and *Omega Engineering, Inc.*, also cited by St. Clair, the courts were dealing with actions to enforce settlements. The focus was on the meaning of the settlements, not the substance of the underlying cases, and the Judge's knowledge was gained exclusively in his role overseeing the settlement discussions themselves. For example, in *Omega Engineering*, the court noted that the judge "was not involved in the actual negotiations, but simply observed them and provided facilities to support the settlement." *Omega Engineering, Inc. v. Omega S.A.*, 432 F.3d 437, 448 (2nd Cir. 2005). Thus, the factors creating the appearance of impartiality based on *ex parte* proceedings were not present there.

Finally, in *Lac de Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249 (7th Cir. 1993), the court deemed the issue of disqualification under Section 455(a) waived and did not address it at all. With respect to Section 455(b)(1), the court was unimpressed by the fact that the alleged extrajudicial knowledge came from a different case between different parties.

In the present situation, unlike the cases cited by St. Clair, the specific factors warranting recusal as articulated in *In re Kensington* **are** present in view of the parties' unrecorded and confidential *ex parte* communications with Your Honor regarding the substance and merits of the case. Neither the Plaintiff, the Defendants, nor the public at-large have knowledge of what happened in the context of the mediation discussions in this case. As a result, Defendants are incapable of addressing any misrepresentations that may have occurred during those mediations. As such, recusal is the only way to put the record in-order, and it is the only resolution that fully comports with this Court's own policies, Orders, and Third Circuit precedent.

## IV. CONCLUSION

In view of the foregoing, Defendants respectfully request that Your Honor recuse yourself from adjudicating the parties' dispositive motions and presiding as the trial judge in this related actions.

ASHBY & GEDDES, P.A.

/s/ Caroline Hong

John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
Caroline Hong (#5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com

Of Counsel:

Richard de Bodo
Robert J. Benson
Huan-Yi Lin
Hogan Lovells US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 785-4600

Attorneys for Defendants HTC Corporation, H.T.C. (B.V.I.) Corporation, and HTC America, Inc.

ASHBY & GEDDES, P.A.

/s/ Caroline Hong

John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
Caroline Hong (#5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com

Of Counsel:

Steven J. Routh
Sten A. Jensen
Alex V. Chachkes
Trevor C. Hill
Orrick Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005

Attorneys for the Fujifilm Defendants

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Megan C. Haney* | */s/ Megan C. Haney* |
| John W. Shaw (#3362)<br>Karen E. Keller (#4489)<br>Megan C. Haney (#5016)<br>100 West Street<br>Brandywine Building, 17th Floor<br>Wilmington, DE 19801<br>Tel: (302) 571-6600<br>kkeller@ycst.com | John W. Shaw (#3362)<br>Karen E. Keller (#4489)<br>Megan C. Haney (#5016)<br>100 West Street<br>Brandywine Building, 17th Floor<br>Wilmington, DE 19801<br>Tel: (302) 571-6600<br>kkeller@ycst.com |
| *Of Counsel:* | *Of Counsel:* |
| David C. Doyle<br>M. Andrew Woodmansee<br>Philip A. Morin<br>Greg Reilly Christian Andeu-von Euw<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 921130<br>(858) 720-5100 | David C. Doyle<br>M. Andrew Woodmansee<br>Philip A. Morin<br>Greg Reilly Christian Andeu-von Euw<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 921130<br>(858) 720-5100 |
| *Attorneys for Defendants Kyocera Wireless Corporation, and Kyocera Communications, Inc.* | *Attorneys for Defendant Palm, Inc.* |

Dated: August 13, 2010