## SEITZ, VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE
JARED T. GREEN

Writer's Direct Dial: (302) 888-7605
Writer's E-Mail Address: pmcgonigle@svglaw.com

(302) 888-0600
FAX: (302) 888-0606

April 14, 2011

**VIA E-FILING AND HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

RE: St. Clair v. Samsung et al., Case No. 1:04-cv-01436-LPS

Dear Judge Stark:

In accordance with the Court's Order dated April 6, 2011, the parties to the above-identified actions hereby submit a joint letter with scheduling proposals for how to proceed with the above-referenced cases.

**PLAINTIFF'S POSITION**

Plaintiff contends that the CAFC's decision dated January 10, 2011 does not adversely affect infringement of the asserted patents by the Defendants who have made and/or sold camera phones and/or smartphones before the expiration of the patents-in-suit. In fact, Plaintiff contends that the CAFC's decision provides a stronger basis for infringement with respect to such wireless devices.

**St. Clair v. Samsung et al. – D. Del. Case #1:04-cv-01436-LPS**
**St. Clair v. LG, Palm et al. – D. Del. Case # 1:06-cv-00404-LPS**
**St. Clair v. RIM et al. – D. Del. Case #1:08-cv-00371-LPS**

In view of the CAFC's new claim construction, Plaintiff proposes the following schedule for each of these three cases: discovery period of (4) months limited to damages and technical operation of Defendants' camera phones and smartphones; expert reports on topics on which the parties bear the burden of proof exchanged thirty (30) days after the close of discovery; rebuttal expert reports exchanged sixty (60) days after the close of discovery; expert depositions completed ninety (90) days after the close of discovery; any summary judgment motions filed

#80613 v1

The Honorable Leonard P. Stark
April 14, 2011
Page 2

one hundred and twenty days (120) days after the close of discovery; remaining pre-trial and trial dates to be set for the convenience of the Court.

### St. Clair v. Fujifilm et al. – D.Del. Case # 1:08-cv-00373-LPS

Counsel for Fujifilm has represented that Fujifilm has not made or sold camera phones and/or smartphones prior to the expiration of the patents-in-suit. St. Clair requests that Fujifilm certify that its representation is accurate. Upon verification, St. Clair is prepared to stipulate to a mutual dismissal of all claims (both parties' claims) in the case.

### DEFENDANTS' POSITIONS

Defendants contend that the Federal Circuit's decision in *St. Clair Intellectual Property Consultants, Inc. v. Canon Inc.*, Nos. 2009-1052, 2010-1137, 2010-1140 ("Fujifilm") is dispositive of St. Clair's claims against Defendants in the above-referenced cases.[1] Specifically, the Federal Circuit held that the "plurality of different data formats for different types of computer apparatus" term in the Roberts patents requires "[e]ach data format code [to] correspond on a one-to-one basis to a different type of computer architecture (e.g., in the way that GIFF corresponds to IBM and PICT corresponds to Apple." C.A. No. 08-371-LPS, D.I. 471, Ex. A at 6. The Federal Circuit further limited the data formats to "a single image or picture," and held that "movie formats do not satisfy the 'plurality of data formats' limitation" in the Roberts patent. *Id.* at 16. Based on these constructions of the asserted claims of the Roberts patents, the Federal Circuit found noninfringement as a matter of law and entered judgment for Fujifilm. *Id.* at 6, 10, 15.

The Federal Circuit's claim construction in *Fujifilm*, which is nearly identical to the claim construction argued by defendants in these actions, (C.A. No. 08-371-LPS, D.I. 91), is binding on St. Clair. (C.A. No. 08-371-LPS, D.I. 471 at 2-3.) St. Clair does not appear to dispute this. Instead, St. Clair baldly contends that the *Fujifilm* decision provides a "stronger basis for infringement." St. Clair makes this statement without any explanation and while at the same time seeking to re-open fact and expert discovery. Indeed, admissions made by St. Clair's own expert compel a finding that the Defendants' accused products do not meet the multiple file formats requirement. St. Clair's request is a transparent attempt to delay the inevitable outcome in these cases and should be summarily denied.

*First*, St. Clair has only advanced one infringement theory in this case: that the accused devices infringe the Roberts patents because they permit a user to select between still and video file formats. The Federal Circuit has already determined that this theory fails as a matter of law

---

[1] In light of the Federal Circuit's decision, which changes the posture of these actions, the Fujifilm, Kyocera, Palm, and HTC defendants are considering withdrawing their motions to recuse, and they expect to make a final decision in that regard before the April 19 conference. In any event, all defendants agree and consent to Your Honor addressing scheduling and other issues that are subjects of the April 19 conference.

80613 v1

The Honorable Leonard P. Stark
April 14, 2011
Page 3

and requires dismissal. St. Clair has not established why the result should be any different here. Accordingly, the case should be dismissed. *See Furnace Brook LLC v. Aeropostale, Inc.*, 2010 WL 3905937, at *5 (N.D. Ill. Sept. 29, 2010).

*Second*, St. Clair has not (and cannot) provide any reason—let alone good cause—for its need to re-open fact and expert discovery. Leaving aside the *Fujifilm* decision, the claim construction order in ***these cases did not issue until after the close of fact discovery***. St. Clair knowingly chose to ignore the possibility that a different claim construction could have been adopted. St. Clair made this choice despite having had access to Defendants' technical documents and source code since before the close of fact discovery in December 2009. Defendants should not be subject to the burden and expense of additional discovery because of St. Clair's *choice* to rest its entire case on a claim construction that was never guaranteed.

Indeed, St. Clair has had notice of the claim construction adopted in *Fujifilm* for **nearly seven years**, as it is nearly identical to the claim construction proffered by the defendants in the underlying district court action in 2004, (*see* C.A. No. 03-241-JJF, D.I. 425), adopted by the PTO during reexamination of the Roberts patents in 2006, and argued by the defendants in the current actions in 2009. Nevertheless, for nearly seven years, ***St. Clair has never articulated an infringement theory*** under the *Fujifilm* claim construction. If St. Clair truly believes that the claim construction it fought against for seven years somehow provides a stronger basis for infringement, it should have little difficulty articulating its theory now—given that it has had possession of Defendants' document production for at least sixteen months. Yet, despite being asked directly to provide a written basis to continue this action by at least RIM and HP, St. Clair has refused. The Court should not reward St. Clair's dilatory conduct.

**St. Clair v. Samsung et al. – D. Del. Case #1:04-cv-01436-LPS**
**St. Clair v. LG, Palm et al. – D. Del. Case # 1:06-cv-00404-LPS**
**<u>St. Clair v. RIM et al. – D. Del. Case #1:08-cv-00371-LPS</u>**

As explained above, Defendants submit that no additional discovery is necessary or warranted, and the issue of non-infringement for each of the Defendants in these cases is ripe for immediate dismissal or summary judgment. If the Court is inclined to require summary judgment briefing before dismissing the case, Defendants propose the following schedule:
- Defendants' Motions for Summary Judgment of Non-Infringement shall be filed within four weeks of the Court entering a Scheduling Order. Any responses and replies shall be filed in accordance with the local rules;
- No further discovery shall be allowed, and all other portions of the case shall remain stayed.

The Honorable Leonard P. Stark
April 14, 2011
Page 4

### St. Clair v. Fujifilm et al. – D.Del. Case # 1:08-cv-00373-LPS

    Fujifilm supports and joins in all of Defendants' positions set forth above. In addition, none of the accused products in this case are camera phones or smartphones, as made clear by the Complaint, discovery, and expert reports—all of which identify digital cameras exclusively as accused products. That is not surprising because Fujifilm has never manufactured or sold camera phones or smartphones, which St. Clair knows from our discovery responses. Moreover, many of the digital cameras accused by St. Clair in this case also were accused in the first *St. Clair v. Fujifilm* case and are subject to the Federal Circuit's holding that those cameras do not infringe the patents-in-suit. Accordingly, given these facts and St. Clair's concession that it is no longer pursuing infringement claims against digital cameras, the only appropriate further proceeding in this case is dismissal with prejudice and entry of judgment for Fujifilm.

                                        Respectfully submitted,

                                        */s/ Kevin Shuehe for*
                                        PATRICIA P. MCGONIGLE (DE3126)

cc:      Clerk of Court (via *e-filing*)
          Counsel of Record (via *e-filing*)