# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS INC., <br><br> Plaintiff, <br><br> v. <br><br> MATSUSHITA ELECTRONIC INDUSTRIAL CO., LTD., et al. <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : C.A. No. 04-1436-LPS <br> : <br> : <br> : <br> : <br> : |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PALM INC., et al. <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : C.A. No. 06-404-LPS <br> : <br> : <br> : <br> : <br> : |

Frederick L. Cottrell, III, Esquire, Chad M. Shandler, Esquire, and Laura D. Hatcher, Esquire of RICHARDS, LAYTON & FINGER, Wilmington, DE.
Ronald J. Schultz, Esquire, Becky R. Thorson, Esquire, Jake M. Holdreith, Esquire, Carrie M. Lambert, Esquire, Annie Huang, Esquire, and Seth A. Northrop, Esquire of ROBINS, KAPLAN, MILLER & CIRESI LLP, Minneapolis, MN.

Attorneys for Plaintiff St. Clair Intellectual Property Consultants Inc.

John G. Day, Esquire, Tiffany Geyer Lydon, Esquire, and Caroline Hong, Esquire of ASHBY & GEDDES, P.A., Wilmington, DE.
Richard de Bodo, Esquire, Robert J. Benson, Esquire, and Huan-Yi Lin, Esquire of HOGAN LOVELLS US LLP, Los Angeles, CA.

Attorneys for Defendants HTC Corporation, H.T.C. (B.V.I.) Corporation, and HTC America, Inc.

John G. Day, Esquire, Tiffany Geyer Lydon, Esquire, and Caroline Hong, Esquire of ASHBY & GEDDES, P.A., Wilmington, DE.
Steven J. Routh, Esquire, Sten A. Jensen, Esquire, Alex V. Chachkes, Esquire, and Trevor C. Hill, Esquire of ORRICK HERRINGTON & SUTCLIFFE LLP, Washington, DC.

Attorneys for the Fujifilm Defendants.

John W. Shaw, Esquire, Karen E. Keller, Esquire, and Megan C. Haney, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE.
David C. Doyle, Esquire, M. Andrew Woodmansee, Esquire, Philip A. Morin, Esquire, Greg Reilly, Esquire, and Christian G. Andreu-von Euw, Esquire of MORRISON & FOERSTER LLP, San Diego, CA.

Attorneys for Defendants Kyocera Wireless Corporation, Kyocera Communications, Inc., and Palm, Inc.

## MEMORANDUM OPINION

June 1, 2011
Wilmington, Delaware

**Stark, U.S. District Judge:**

Pending before the Court is the request of all remaining parties to permit the withdrawal of the Motion for Recusal ("Motion") (D.I. 1046) filed by the Moving Defendants.[1] (D.I. 1062)[2] The request will be GRANTED. Accordingly, the Motion will be DENIED.

## I. BACKGROUND

### A. The Motion

These Related Cases[3] were originally assigned to the Honorable Joseph J. Farnan, Jr., who has since retired. By Order dated October 15, 2008, Judge Farnan referred these cases to me, in my capacity as a magistrate judge. (D.I. 157)[4] Judge Farnan's Order expressly referred the actions to me "for discovery and other pretrial matters that may arise." (*Id.*) It was understood that "other pretrial matters" included alternative dispute resolution. Thus, when I entered a scheduling order on November 25, 2008, I indicated that "[t]hese matters are referred to a magistrate judge to explore the possibility of alternative dispute resolution." (D.I. 166 ¶ 7)

Thereafter, between November 20, 2009 (*see* D.I. 447) and June 24, 2010 (*see* D.I. 1014),

---

[1] The "Moving Defendants" are: HTC Corp., H.T.C. (B.V.I.) Corp., HTC America, Inc., FujiFilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film USA Inc., Fujifilm America Inc., Fujifilm Holdings Corporation, Fujifilm USA Inc., Kyocera Wireless Corp., Kyocera Communications, Inc., and Palm, Inc. (D.I. 1046 at 1)

[2] Unless otherwise noted, all docket index ("D.I.") references are to Civil Action Number 04-1436. With few exceptions, he same filings can be found at other D.I. numbers in the other related actions.

[3] The various "Related Cases" are: C.A. 01-557, C.A. 03-241, C.A. 04-1436, C.A. 06-403, C.A. 06-404, C.A. 08-371, C.A. 08-373, C.A. 09-804, and C.A. 10-77.

[4] I was sworn in as a district judge on August 16, 2010. On August 17, 2010, these cases were assigned to me for all purposes.

1

I conducted at least fifteen in-person mediation conferences, attended by Plaintiff and one or more Defendant. (*See* D.I. 1050 at 3-4) I also participated in what I estimate to be approximately 50 off-the-record ADR-related telephone conferences, usually with Plaintiff and at least one Defendant but sometimes *ex parte*. As part of these proceedings, and most especially during the mediation conferences, I spent numerous hours engaged in *ex parte* discussions, including about the merits of these cases as well as the parties' strategies, tactics, and litigation goals.

On June 25, 2010, as a magistrate judge, I entered an order (the "June 2010 Order"), noting that Judge Farnan would be retiring on July 31, 2010, the parties had not consented to the jurisdiction of a magistrate judge, and that there were pending numerous case-dispositive motions with respect to which I would only be able to issue Reports & Recommendations ("R&Rs"). (D.I. 1031) At that time there was uncertainty as to which district judge would be available to review any objections to my R&Rs and to preside at trial. Therefore, I vacated all dates in the Scheduling Order (including cancelling the trials that were then set to begin on September 7, 2010) and stayed the cases. At the same time, I directed the parties to provide the Court with their views as to how these cases should proceed, including whether there was unanimous consent to magistrate jurisdiction and "whether the fact that the undersigned magistrate judge has participated in extensive mediation efforts in these cases, including numerous *ex parte* discussions of issues including the merits of the case, would require the undersigned magistrate judge to be recused from presiding at trial in these cases." (June 2010 Order at 3) In the parties' subsequent letters, the Court learned that there was not unanimous consent to magistrate jurisdiction. (D.I. 1036, 1037) The Court was also advised that while

Plaintiff did not believe I should be recused from presiding at trial, one or more of the Defendants did feel that recusal was required. (D.I. 1036 at 1) I then entered a schedule for briefing a motion for recusal. (D.I. 1038)

Subsequently, on August 13, 2010, the Moving Defendants filed their Motion for Recusal. (D.I. 1046) The Motion was brought pursuant to 28 U.S.C. § 455(a), which provides for recusal in a situation in which "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). In the Motion, the Moving Defendants make clear that they "do not suggest that any actual impropriety or misconduct has occurred or that the Court is actually biased or prejudiced against one or more parties." (D.I. 1046 at 1; *see also* C.A. 08-373 D.I. 346 at 1 ("[T]he Moving Defendants reiterate that this motion is not based on any concerns about wrongdoing, impropriety or misconduct on Your Honor's part.")) "Instead, the Moving Defendants' motion arises out of the unique circumstances of this case, in which Your Honor is stepping into the role of an Article III Judge after engaging in substantive *ex parte* communications with the parties while presiding over mediations and facilitating the parties' settlement discussions as a Magistrate Judge." (C.A. 08-373 D.I. 346 at 1-2) The Moving Defendants insisted that, "in view of the parties' unrecorded and confidential *ex parte* communications with Your Honor regarding the substance and merits of the case," "recusal is appropriate to maintain the appearance of impartiality and the confidence of the public and litigants in the certainty of the judicial process and the adversarial nature of our system of justice." (D.I. 1046 at 9, 7)

3

## B. The *Fujifilm* Opinion

On January 10, 2011, the Federal Circuit issued its decision in *St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.*, Nos. 2009-1052, 2010-1137, 2010-1140, 2011 WL 66166 (Fed. Cir. Jan. 10, 2011) (hereinafter "*Fujifilm* Opinion"). This was an appeal from this Court's Civil Action No. 03-241. The *Fujifilm* Opinion rejected this Court's construction of disputed claim terms in the same patents that are asserted in the remaining Related Cases. The *Fujifilm* Opinion also reversed the finding of infringement against the *Fujifilm* defendants.

The parties advised the Court of the *Fujifilm* Opinion by letters dated January 20 and 26, 2011. (D.I. 1055, 1056) In their letter, all Defendants asserted that they are now entitled to a judgment of non-infringement. (D.I. 1056 at 3) Defendants suggested that "[i]f St. Clair will not concede that the Federal Circuit's claim construction is dispositive, the Court should consult with counsel for the parties to set a briefing schedule for Defendants' motions of summary judgment of non-infringement." (*Id.*) Defendants' letter made no reference to the still-pending Motion filed by the Moving Defendants.

On February 28, 2011, the Court held a status teleconference. The Court inquired as to the impact of the pending Motion on further proceedings. (D.I. 1058 at 9) Counsel for the Remaining Defendants[5] advised that because St. Clair's motion for rehearing in connection with the *Fujifilm* Opinion was pending, there was nothing for the Court to do at that point. (*Id.* at 9-10) On March 29, 2011, the Federal Circuit denied St. Clair's petition for rehearing and rehearing en banc. (D.I. 1061 at 2)

---

[5]The "Remaining Defendants" are: HTC Corp., H.T.C. (B.V.I.) Corp., HTC America, Inc., Kyocera Wireless Corp., Kyocera Communications, Inc., Palm, Inc., Hewlett-Packard Co., Nokia Corporation, Research In Motion LTD, and Research In Motion Corp.

4

Subsequently, on April 14, 2011, the parties filed a joint letter outlining their proposals for how these matters should proceed. (D.I. 1064) With respect to recusal, the Moving Defendants stated: "In light of the Federal Circuit's decision, which changes the posture of these actions, the Fujifilm, Kyocera, Palm and HTC defendants are considering withdrawing their motions to recuse, and they expect to make a final decision in that regard before the April 19 conference." (*Id.* at 2 n.1) On April 19, 2011, the Moving Defendants filed a "Withdrawal of Motion for Recusal." (D.I. 1065) It states:

> Given that the Federal Circuit's decision changes the posture of these cases substantially from the posture of the cases in which Your Honor was involved in mediating, Moving Defendants hereby withdraw their Motion for Recusal and consent to Your Honor's adjudication of all remaining issues in these cases. Moving Defendants believe that this will result in the most prompt and efficient resolution of these cases, which now have been pending for up to seven years.

(*Id.* at 1-2)

Later that same day, the Court held another status teleconference, and during it the Moving Defendants explained why they had withdrawn the Motion. (D.I. 1068 at 22-25) Counsel for the Moving Defendants stated:

> The claim construction has now changed. The Court is no longer, I wouldn't expect, looking at this case and saying, in any way, shape or form, why wouldn't Fujifilm see things the way another defendant might or make concessions that another defendant might because we now have a claim construction that changes fundamentally the posture of the case.

(*Id.* at 24) Counsel for Plaintiff indicated that he agreed with the Moving Defendants that they

5

could withdraw their Motion. (*Id.* 1068 at 15-16) The Court then directed the parties to "file letter briefs with respect to whether or not the recusal motion can, and should be, withdrawn in the circumstances here." (*Id.* 1068 at 28)

### C. The Withdrawal Request

Thereafter, on May 2, 2011, the parties filed a joint letter. (D.I. 1067) In it, the parties observe that the Motion was filed solely under 28 U.S.C. § 455(a) based on the contention that my participation in the mediations as a magistrate judge, followed by my presiding over these actions as a district judge, would create an appearance of impropriety. (*Id.* at 2) No actual bias or lack of impartiality or impropriety was alleged. (*Id.*) In the parties' view, the *Fujifilm* Opinion "has changed the factual circumstances underlying the Motion," making "the context of these cases ... now fundamentally different" than when I participated in the mediations. (*Id.*) It follows, in the parties' view, that my participation in the mediations no longer presents a basis for even an appearance of impropriety. (*Id.* at 5) Under these circumstances, the parties continue, the law permits a recusal motion to be withdrawn, and I am urged to allow that to be done here. (*Id.*)

## II. DISCUSSION

It is settled that a basis for recusal under § 455(a) may be waived. The recusal statute itself contains a waiver provision: 28 U.S.C. § 455(e) provides that "[w]here the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." *See also United States v. Nobel*, 696 F.2d 231, 236 (3d Cir. 1982) ("[W]here the basis of the judge's disqualification is because his impartiality might reasonably be questioned under subsection (a), a waiver is

6

permitted.") (internal quotation marks omitted). Here, I disclosed the potential grounds for recusal in the June 2010 Order. The parties thereafter fully briefed the Motion. There can be no doubt that there has been full disclosure on the record.

Courts have permitted withdrawal of recusal motions brought under § 455(a). *See Taylor v. Teledyne Techs., Inc.*, 338 F. Supp. 2d 1323, 1330-31 (N.D. Ga. 2004); *see also Marshall v. District of Columbia*, 50 F.3d 1096 (table), 1995 WL 116258, at *2 (D.C. Cir. Feb. 22, 1995) ("[I]n light of the judge's inquiry and the silence of Marshall's counsel regarding the pending recusal motion, the judge could reasonably assume that Marshall had decided not to press the issue and in effect had withdrawn the motion."). Courts have also recognized that waiver of a § 455(a) recusal can occur when a recusal motion is not brought in a timely manner. *See, e.g., In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 932 (2d Cir. 1980).

The circumstances presented here make withdrawal of the Motion appropriate. All parties recognize that in the *Fujifilm* Opinion, the Federal Circuit vacated portions of this Court's claim construction ruling. (D.I. 1067 at 4) I agree with this observation offered by the parties:

> Regardless of what the Court ultimately finds is the effect of the Federal Circuit's *Fujifilm* decision, there is no dispute that it significantly altered the context of these proceedings. No reasonable person knowing all of the facts could question Your Honor's impartiality based on mediations that occurred in a very different factual and legal environment.

(D.I. 1067 at 4-5)

It is also worth noting that the earliest of these related cases has been pending since 2004. Some judicial officer needs to address the impact of the *Fujifilm* Opinion on these cases and

should do so in a timely manner. *See generally* Fed. R. Civ. Proc. 1 (noting that Rules should be applied to promote "just, speedy, and inexpensive determination" of matters); *see also United States v. York*, 888 F.2d 1050, 1055 (5th Cir. 1989) ("[T]he waiver provision in section 455(e) relating to section 455(a) is justified by concern for judicial economy."). The Moving Defendants have agreed that their request to withdraw the Motion is with prejudice and that they will not file the Motion again even if I disagree with their interpretation of the impact of the *Fujifilm* Opinion. (D.I. 1067 at 4) Plainly, then, judicial economy would be best served by permitting withdrawal of the Motion.[6]

Finally, a judge's duty to not recuse when he or she need not do so is as strong an imperative as a judge's duty to recuse in those limited circumstances in which recusal is warranted. *See Svindland v. Nemours Found.*, 2009 WL 2603183, at *2 (E.D. Pa. Aug. 21, 2009) ("Judicial recusal is not to be undertaken lightly, and, as courts in this circuit and in other circuits acknowledge, there is as much obligation upon a judge not to recuse herself when there is no occasion to do so as there is for her to recuse when there is."); *U.S. v. Wecht*, 2008 WL 1773928, at *4 (W.D. Pa. Apr. 16, 2008) ("Because granting a motion to recuse necessarily results in a waste of the judicial resources which have already been invested in the proceeding, . . . a judge is as much obliged not to recuse himself when it is not called for as he is obligated to when it is.") (internal citations and quotation marks omitted); *Thompson v. Eva's Vill. & Sheltering Program*, 2005 WL 2474930, at *4 (D.N.J. Oct. 5, 2005) ("Just as a district court has a duty to recuse itself

---

[6]After receiving the parties' proposal, I entered a briefing schedule for cross-motions for summary judgment. Such briefing, which will address the parties' competing views as to the impact of the *Fujifilm* Opinion on these cases, will be completed by the end of July. (*See* D.I. 1066)

8

under the appropriate circumstances, it has a corollary duty not to recuse itself when there is no obligation to do so under 28 U.S.C. §§ 144 and 455."); *see also Brody v. President & Fellows of Harvard Coll.*, 664 F.2d 10, 12 (1st Cir. 1981) ("We would add, especially at a time when the judiciary is responsible for handling an ever mounting sea of litigation, that [t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is.") (internal quotations marks and other punctuation omitted). Here, I agree with the parties that recusal is not necessary. My obligation, then, is to continue to preside over these cases.[7]

## III. CONCLUSION

Accordingly, the Court accepts the Moving Parties' withdrawal of their Motion. The Motion is DENIED WITH PREJUDICE due to waiver.

---

[7]This imperative, while always strong, is heightened in the situation currently prevailing in this Court. The District of Delaware has four authorized judgeships; since December 15, 2006, no more than three of these judicial seats have been filled (and at one point we had only two active district judges). Over this same period, our caseload has grown significantly, to the point where, for instance, I currently have more than 450 civil cases on my docket. We also have the highest number of patent cases per judgeship in the country (for instance, I currently have well over 100 patent cases). *See generally* James Pistarino, *Concentration of Patent Cases in Eastern District of Texas Increases in 2010*, 81 BNA's Pat., Trademark & Copyright J. 803, tbl.2 (2011) (showing that 255 new patent cases were filed in District of Delaware in 2010). The Court has had to rely on the generous service of approximately 15 visiting judges – from the Eastern District of Pennsylvania and the District of New Jersey – to help it through this extended period of judicial vacancies. Under these circumstances, even were there doubt about whether I should permit the Motion to be withdrawn, I would resolve those doubts if favor of withdrawal.