

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

November 18, 2011

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court
844 King Street, Room 2325
Wilmington, DE 19801

      Re:   *St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics, et al.*
              C.A. No. 04-1436-JJF-LPS

Dear Judge Stark:

      HP submits this letter brief pursuant to the Court's order of November 7, 2011, in response to St. Clair's letter brief of November 15, 2011.

**I.    HP CHALLENGED THE ONE-TO-ONE CORRESPONDENCE REQUIREMENT AS TO SMTP AND MMS IN BOTH ITS OPENING AND REPLY BRIEFS**

      St. Clair's assertion (Ltr at 2) that HP did not address the one-to-one correspondence element in either its opening or its reply brief is wrong.  HP's motion for summary judgment raised the one-to-one correspondence requirement both as to St. Clair's now-abandoned infringement theory as well as its current MMS theory.  MPA at 13, 19-20, D.I. 1073.  In its Opening Brief, HP noted St. Clair's new theory that JPEG files for email "correspond to one computer architecture, namely computers generally, while MMS files correspond to another architecture, cell phones" and argued that it would be futile for St. Clair to assert this new theory because St. Clair's expert had already admitted that the transmitted JPEG images do not contain information about what kind of computer they are to be read by because JPEG is "intended to be a universal file format."  *Id.* at 20; Gafford Depo. at 103 (Kohm Decl. Ex. 7.).  HP also appended excerpts from its iPAQ product manuals showing that both MMS and either Outlook or Internet e-mail can be sent from an iPAQ.  Kohm Decl. Ex. 12 at 10-12 (providing instructions on how to send photo either by MMS or email); Ex. 10 (iPAQ 510) (explaining text messaging functionality including how to send images in MMS messages); Ex. 11 (iPAQ 910c) (same); Ex. 12 (iPAQ hw6515) (same); Ex. 13 (iPAQ hw6925, hw6945, and hw6955) (same).  St. Clair's Opposition then took the predicted position that the one-to-one correspondence requirement was met because cell phones can receive JPEG by MMS and personal computers can receive JPEGs by SMTP.  Opp. (D.I. 1089) at 7-9.  In its Reply, HP pointed out that "St. Clair's own infringement theory is premised on the fact that HP's iPAQs can also send and receive SMTP email, so that format cannot be in one-to-one correspondence with personal computers," making its theory futile for the very reason set out in HP's moving papers.  Reply (D.I. 1097) at 11-12.  Accordingly, as was its obligation under *Celotex*, HP pointed out the deficiencies in St. Clair's

new theory in its moving papers, with reference to the record evidence from St. Clair's expert and with support from its own product manuals. Kohm Decl. Ex. 3 (Gafford Report); Ex. 8 (Gafford Deposition); Exs. 11-14 (iPAQ manuals). St. Clair then had the opportunity to respond, and had the burden of showing the Court that it had evidence sufficient to get to trial on its new theory of infringement. *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1308-09 (Fed. Cir. 2006). Contrary to St. Clair's assertions (Ltr at 2), HP's arguments in Reply regarding the insufficiency of that evidence are not improper attorney argument, nor did HP have to provide expert evidence to support its reply; the burden on this motion was on St. Clair and did not shift to HP. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). Given this record, St. Clair's supplemental submission is untimely and improper as to HP. *See Boise Tower Associates, LLC v. Washington Capital Joint Master Trust*, No. CV 03-141-SMHW, 2006 WL 1749656 at *1 (D. Id. June 22, 2006) (denying motion for leave to file supplemental brief).

## II.     ST. CLAIR'S SUPPLEMENTAL SUBMISSION IMPROPERLY RAISES YET ANOTHER A NEW THEORY OF INFRINGEMENT

It is a well-settled principle that a party cannot avoid summary judgment by submitting affidavits that contradict its own prior sworn statements. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 251-54 (3d Cir. 2007). That principle applies with yet more vigor here, where St. Clair is using the supplemental submission to raise a new infringement theory that contradicts the declarations submitted by its experts in opposition to this very summary judgment motion. St. Clair's Opposition took the position that cell phones like the accused iPAQ devices have one computer architecture, and personal computers have another. MPA at 7-9 ("Wireless phones have particular computer architectures, including processors, memory devices, input/output devices, and operating systems, that are different and distinct from the computer architectures used in personal computers."). St. Clair submitted expert declarations stating that "the accused products, including smartphones and camera phones, are different computer architecture that receive files in MMS format as compared to personal computers…." First Decl. ¶ 28; *see also id.* ¶¶ 19, 24; Drake Decl. (St. Clair Ex. 3) ¶ 27. One of St. Clair's experts further explained that "[T]he accused products employ embedded microprocessors, memory structures, and specialized operating system software that combine to form a distinct computer architecture. The MMS messaging protocol was designed precisely for use with computer architectures used in wireless phones." First Decl. ¶ 19; *see also* Drake Decl. (St. Clair Ex. 3) at ¶ 27.

St. Clair's "supplemental" expert declaration takes a wholly new position that "modern smart phones use cellular phone computer architecture to receive and process files in the MMS data format, and, independently, they use personal computer architecture to receive and process files in the SMTP data format," making a single device have two architectures. Second Decl. ¶ 14. Having unequivocally taken the position that smartphones constitute a single architecture, St. Clair cannot now manufacture a factual dispute by contradicting itself.

## III.     ST. CLAIR'S NEW THEORY CONTRADICTS *FUJIFILM*

St. Clair's new theory that smartphones contain two separate, distinct "computer architectures" is an improper attempt to resurrect its previous argument that each data format need only correspond to different software running on the same hardware. In the *Fujifilm* appeal, the Federal Circuit rejected the district court's claim construction. The district court had

construed the term "computer apparatus" as "a computer and any operating system or application software loaded on the computer," and thus concluded that the claim requirement of "different data formats for different types of computer apparatuses" was met where the same computer is loaded with "different application software." *St. Clair Intellectual Property Consultants, Inc. v. Canon Inc.*, No. 2009-1052, 2011 U.S. App. LEXIS 515, *3-4 (Fed. Cir. Jan. 10, 2011). The Federal Circuit overruled that construction, holding instead that "the term 'computer apparatus' refers to computer architecture." *Id.* at *6-7. The Federal Circuit explained that the patent sought to address a "computer architecture incompatability problem" posed by IBM, Apple and other computers using "***different and incompatible processors, operating systems, and memory schemes***," such that "digital images formatted for use" on one architecture could not be used on the other. *Id.* at *7-8 (emphasis added).

St. Clair's new argument, raised for the first time after HP's motion has been fully briefed and heard, that a single handheld device that admittedly has a single CPU and a single operating system, is somehow two different computer architectures when different software is run on it, flies directly in the face of the Federal Circuit's ruling. St. Clair contends that a smartphone has one architecture when it uses specialized software, running on its central processing unit, for sending and receiving MMS messages. Second Decl. ¶ 12. It contends that a smartphone also has a second architecture when it runs email application software on the same central processing unit. *Id.* ¶ 13. It tries to differentiate itself from its prior theory by contending that only part of the operating system or hardware is used by each application. However, the Federal Circuit expressly rejected a claim construction where computer apparatus could encompass "all permutations of hardware, operating systems and 'different application software.'" It would be legal error to deny summary judgment and permit St. Clair to go to trial on an infringement theory that is contrary to the controlling claim construction. *Arthur A. Collins, Inc. v. N. Telecom Ltd.*, 216 F.3d 1042, 1047 (Fed. Cir. 2000).

IV.     **ST. CLAIR'S FALL-BACK ARGUMENT FAILS AS WELL**

St. Clair also attempts to bolster the argument it did make at the recent hearing, that where an accused device can send an MMS message to an email account, that message has to be changed into email format. This argument, however, is a red herring. The point remains that there is no one-to-one correspondence between MMS and cell phones or between email and personal computers, because the handheld device can send email as well as MMS messages. *See* 10/31/2011 Hearing Tr. at 101:21-102:4 (St. Clair's counsel admitting that the Court may take judicial knowledge of the fact that smart phones can receive emails.) There is thus no need to consider any conversion between files, because the accused iPAQ smartphones, can send and receive both MMS and SMTP message formats. Thus, there can be no one-to-one correspondence between those formats and any purported computer architecture.

V.      **CONCLUSION**

As set forth above, and in HP's November 7, 2011 letter (D.I. 1109), St. Clair's supplemental submission is untimely and improper. Moreover, St. Clair's new theory that a single handheld device has multiple computer architectures fails as a matter of law. Accordingly, HP is entitled to summary judgment of non-infringement.

The Honorable Leonard P. Stark
November 18, 2011
Page 4

                                                    Respecfully,

                                                    */s/ Richard L. Horwitz*

                                                    Richard L. Horwitz

RLH/msb/1036258 / 28641

cc:    Clerk of Court (Via Hand Delivery)
        Counsel of Record (Via Electronic Mail)